1   JULIE A. TOTTEN (STATE BAR NO. 166470)      LEE D. WINSTON
    jatotten@orrick.com          lwinston@winstoncooks.com
2   ERIN M. CONNELL (STATE BAR NO. 223355)    RODERICK T. COOKS
    econnell@orrick.com          rcooks@winstoncooks.com
3   KAYLA D. GRUNDY (STATE BAR NO. 300513)    WINSTON COOKS, LLC
    kgrundy@orrick.com          420 20th Street North
4   ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)   Suite#2200
    aelliottt@orrick.com          Birmingham, AL 35203
5   ORRICK, HERRINGTON & SUTCLIFFE LLP    Telephone:   (205) 502-0970
    The Orrick Building          Facsimile:    (205) 278-5876
6   405 Howard Street
    San Francisco, CA  94105-2669      Attorneys for Plaintiff and the Proposed
7   Telephone:   (415) 773-5700      Class
    Facsimile:    (415) 773-5759
8
    JUSTIN M. WASHINGTON (SBN 334389)
9   justin.washington@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
10   355 S. Grand Avenue, Suite 2700
    Los Angeles, CA, 90071
11   Telephone:   (213) 629-2020
    Facsimile:    (213) 612-2499
12
    Attorneys for Defendant
13   WORKDAY, INC.

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17   DEREK L. MOBLEY, for and on behalf of      Case No. 3:23-cv-770-TSH
    himself and other persons similarly situated;

18                           **STIPULATION AND [PROPOSED]**
                   Plaintiff,      **ORDER TO CONTINUE THE CASE**
19                             **MANAGEMENT CONFERENCE**
            v.
20                             Date Filed: February 21, 2023
    WORKDAY, INC.               Trial Date: None Set
21                             Judge: Hon. Thomas S. Hixson
                   Defendant.
22

23

24

25

26

27

28

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Derek Mobley ("Plaintiff") and Defendant Workday, Inc. ("Defendant" or "Workday") (collectively, the "Parties"), by and through their respective attorneys of record, hereby stipulate as follows:

1. Plaintiff filed *Mobley v. Workday, Inc.*, Case No. 3:23-cv-770-TSH, in the United States District Court for the Northern District of California on February 21, 2023. ECF No. 1 as a putative class action with subclasses.

2. On February 23, 2023, the Court entered an Order Setting Initial Case Management Conference and ADR Deadlines. ECF No. 5.

3. Two months later, on April 26, 2023, Plaintiff served the Summons and Complaint on Defendant. ECF No. 8.

4. Defendant's deadline to respond to Plaintiff's Complaint is May 17, 2023, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

5. Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, the Case Management Conference is scheduled for May 25, 2023, at 10:00 a.m.

6. On May 1, 2023, Defendant requested, and Plaintiff thereafter agreed, to extend Defendant's deadline to respond to the Complaint by 60 days, to July 17, 2023.

7. The Parties also agreed to seek a continuance of the Case Management Conference until late September 2023 to allow the Parties the opportunity to fully brief Defendant's anticipated Motion to Dismiss and obtain a ruling on that Motion.

8. The Court may grant an extension of time for good cause shown. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause is a non-rigorous standard" that "focuses on the diligence of the part[ies] seeking to amend the scheduling order and the reasons for seeking modification." *Yaghouti v. Standard Ins. Co.*, No. 321CV01621 AJBAHG, 2022 WL 1493265, at *1 (S.D. Cal. Apr. 22, 2022) (citing *Ahanchian v. Xenon Pictures, Inc.*,

1  624 F.3d 1253, 1259 (9th Cir. 2010) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

2  604, 609 (9th Cir. 1992)).

3  9.  There is good cause for the requested continuance of the Case Management Conference

4  because the Parties acted diligently in seeking an extension following service of the

5  Complaint on Defendant. Additionally, this action presents what the Defendant contends

6  are novel legal issues. Plaintiff alleges that Workday is an "employment agency" under

7  Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and

8  the Americans with Disabilities Amendments Act, and further alleges that "artificial

9  intelligence systems" within Workday's software solutions discriminate against black,

10  disabled and over-the-age-of-forty applicants who seek to obtain employment with

11  Workday's customers. Workday will respond by filing a Motion to Dismiss asserting,

12  among other arguments, that Plaintiff has not adequately plead that Workday is an

13  "employment agency" under these statutes and thus, Plaintiff's claims should not be

14  permitted to proceed. The Parties anticipate an extended briefing schedule and extensive

15  briefing before this matter will be ready for full discovery.  However, Plaintiff reserves

16  the right to request early discovery on the narrow issues raised in Defendant's motion.

17  Defendant reserves all objections to any such discovery, and the parties will confer in

18  good faith as necessary prior to seeking the Court's assistance to resolve any disputes

19  concerning such early discovery.

20  10. Thus, the Parties agree that a continuance of the Case Management Conference preserves

21  the Parties' and the Court's resources and promotes efficiency. If the Case Management

22  Conference is continued, the Parties will have greater ability to fully discuss the required

23  Case Management Conference components and adequately conduct a Rule 26(f)

24  conference after Defendant's Motion to Dismiss is resolved.

25  11. The Parties hereby stipulate and request that the Court continue the Case Management

26  Conference to September 28, 2023, or as soon thereafter as the Court's calendar permits,

27  to allow sufficient time for full briefing and hearing on Defendant's Motion to Dismiss.

28

STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE

1    **IT IS SO STIPULATED.**

2    //

3    //

4    //

5    Dated: May 11, 2023                              ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                                     By: _____

8                                                             JULIE A. TOTTEN
                                                             ERIN M. CONNELL
9                                                            KAYLA D. GRUNDY
                                                         ALEXANDRIA R. ELLIOTT
10                                                        JUSTIN M. WASHINGTON
                                                          Attorneys for Defendant
11                                                            WORKDAY, INC.

12   Dated: May 11, 2023                              WINSTON COOKS, LLC

13

14                                                    By: _____

15                                                            LEE D. WINSTON
                                                            RODERICK T. COOKS
16                                                         Attorneys for Plaintiff
                                                            DEREK MOBLEY

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE

1
2
3
4

## **[PROPOSED] ORDER**

5

   Pursuant to the Parties' stipulation, and for good cause shown, the Court hereby continues

6

the Case Management Conference to September 28, 2023, or as soon thereafter as the Court's

7

calendar permits.

8

   **IT IS SO ORDERED.**

9
10

Dated:  May __, 2023

11

                _____
                   THOMAS S. HIXSON
               UNITED STATES DISTRICT JUDGE

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE