JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

JUSTIN M. WASHINGTON (SBN 334389)
justin.washington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA, 90071
Telephone:    (213) 629-2020
Facsimile:    (213) 612-2499

Attorneys for Defendant
WORKDAY, INC.

LEE D. WINSTON
lwinston@winstoncooks.com
RODERICK T. COOKS
rcooks@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:    (205) 502-0970
Facsimile:    (205) 278-5876

Attorneys for Plaintiff and the Proposed Class

**FILED**

May 11 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-770-TSH<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE**<br><br>Date Filed: February 21, 2023<br>Trial Date: None Set<br>Judge: Hon. Thomas S. Hixson |

STIPULATION AND [PROPOSED] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Derek Mobley ("Plaintiff") and Defendant Workday, Inc. ("Defendant" or "Workday") (collectively, the "Parties"), by and through their respective attorneys of record, hereby stipulate as follows:

1. Plaintiff filed *Mobley v. Workday, Inc.*, Case No. 3:23-cv-770-TSH, in the United States District Court for the Northern District of California on February 21, 2023. ECF No. 1 as a putative class action with subclasses.
2. On February 23, 2023, the Court entered an Order Setting Initial Case Management Conference and ADR Deadlines. ECF No. 5.
3. Two months later, on April 26, 2023, Plaintiff served the Summons and Complaint on Defendant. ECF No. 8.
4. Defendant's deadline to respond to Plaintiff's Complaint is May 17, 2023, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.
5. Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines, the Case Management Conference is scheduled for May 25, 2023, at 10:00 a.m.
6. On May 1, 2023, Defendant requested, and Plaintiff thereafter agreed, to extend Defendant's deadline to respond to the Complaint by 60 days, to July 17, 2023.
7. The Parties also agreed to seek a continuance of the Case Management Conference until late September 2023 to allow the Parties the opportunity to fully brief Defendant's anticipated Motion to Dismiss and obtain a ruling on that Motion.
8. The Court may grant an extension of time for good cause shown. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause is a non-rigorous standard" that "focuses on the diligence of the part[ies] seeking to amend the scheduling order and the reasons for seeking modification." *Yaghouti v. Standard Ins. Co.*, No. 321CV01621 AJBAHG, 2022 WL 1493265, at *1 (S.D. Cal. Apr. 22, 2022) (citing *Ahanchian v. Xenon Pictures, Inc.*,

624 F.3d 1253, 1259 (9th Cir. 2010) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

9. There is good cause for the requested continuance of the Case Management Conference because the Parties acted diligently in seeking an extension following service of the Complaint on Defendant. Additionally, this action presents what the Defendant contends are novel legal issues. Plaintiff alleges that Workday is an "employment agency" under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Amendments Act, and further alleges that "artificial intelligence systems" within Workday's software solutions discriminate against black, disabled and over-the-age-of-forty applicants who seek to obtain employment with Workday's customers. Workday will respond by filing a Motion to Dismiss asserting, among other arguments, that Plaintiff has not adequately plead that Workday is an "employment agency" under these statutes and thus, Plaintiff's claims should not be permitted to proceed. The Parties anticipate an extended briefing schedule and extensive briefing before this matter will be ready for full discovery. However, Plaintiff reserves the right to request early discovery on the narrow issues raised in Defendant's motion. Defendant reserves all objections to any such discovery, and the parties will confer in good faith as necessary prior to seeking the Court's assistance to resolve any disputes concerning such early discovery.

10. Thus, the Parties agree that a continuance of the Case Management Conference preserves the Parties' and the Court's resources and promotes efficiency. If the Case Management Conference is continued, the Parties will have greater ability to fully discuss the required Case Management Conference components and adequately conduct a Rule 26(f) conference after Defendant's Motion to Dismiss is resolved.

11. The Parties hereby stipulate and request that the Court continue the Case Management Conference to September 28, 2023, or as soon thereafter as the Court's calendar permits, to allow sufficient time for full briefing and hearing on Defendant's Motion to Dismiss.

1   **IT IS SO STIPULATED.**

2   //

3   //

4   //

5   Dated: May 11, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By: _____
                                                   JULIE A. TOTTEN
                                                   ERIN M. CONNELL
                                                   KAYLA D. GRUNDY
                                                   ALEXANDRIA R. ELLIOTT
                                                   JUSTIN M. WASHINGTON
                                                   Attorneys for Defendant
                                                   WORKDAY, INC.

12  Dated: May 11, 2023                    WINSTON COOKS, LLC

                                            By: _____
                                                   LEE D. WINSTON
                                                   RODERICK T. COOKS
                                                   Attorneys for Plaintiff
                                                   DEREK MOBLEY

- 3 -

STIPULATION AND [~~PROPOSED~~] ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE

### [PROPOSED] ORDER

Pursuant to the Parties' stipulation, and for good cause shown, the Court hereby continues the Case Management Conference to September 28, 2023, or as soon thereafter as the Court's calendar permits.

**IT IS SO ORDERED.**

Dated:  May 11, 2023

_____
THOMAS S. HIXSON
UNITED STATES DISTRICT JUDGE