JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

JUSTIN M. WASHINGTON (STATE BAR NO. 334389)
justin.washington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA, 90071
Telephone:    (213) 629-2020
Facsimile:    (213) 612-2499

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 4:23-cv-00770-YGR<br><br>**DEFENDANT WORKDAY, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:         September 12, 2023<br>Time:        2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge:       Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed:  February 21, 2023 |

1      Pursuant to Federal Rule of Evidence 201, Defendant Workday, Inc. ("Workday")
2  requests that the Court take judicial notice of the following document in connection with its
3  Motion to Dismiss the Plaintiff's Complaint, which is attached as an exhibit hereto:

4  - **Exhibit A:** Plaintiff Derek Mobley's Amended Equal Employment Opportunity
5    Commission ("EEOC") charge filed against Workday on July 21, 2021. Plaintiff's
6    Charge was dual filed with California's Department of Fair Employment and
7    Housing ("DFEH").

8      A court shall take judicial notice if requested by a party and supplied with the necessary
9  information. Fed. R. Evid. 201(c)(2). Here, judicial notice is proper because administrative
10 agency documents, such as administrative charges and right to sue notices, are matters of public
11 record, capable of accurate and ready determination from sources whose accuracy cannot be
12 reasonably questioned. Fed. R. Evid. 201(b)(2). The charge is a record of state and federal
13 agencies, and therefore the appropriate subject of judicial notice. *See Minor v. FedEx Office &*
14 *Print Servs.., Inc.*, 78 F. Supp. 3d 1021, 1027-1028 (N.D. Cal., 2015) *citing U.S. v. 14.02 Acres of*
15 *Land More or Less in Fresno Cnty.*, 547 F. 3d 943, 955 (9th Cir. 2008) ("Judicial notice is
16 appropriate for records and reports of administrative bodies."); *see also Adetuyi v. City & Cnt. of*
17 *San Francisco*, 63 F. Supp. 3d 1073, 1080-1081 (N.D. Cal. 2014) (taking judicial notice of EEOC
18 Intake Questionnaire, DFEH Charge, and DFEH right to sue letter).

19     The Court should also consider Plaintiff's Charge because it is incorporated by reference
20 in the Complaint. Indeed, the Ninth Circuit has confirmed that courts may take judicial notice of
21 records referenced and relied upon in the Complaint where such records are relevant. *See Coto*
22 *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (court "may consider materials
23 incorporated into the complaint" in considering Rule 12(b)(6) motion); *Kneivel v. ESPN*, 393
24 F.3d 1068, 1076 (9th Cir. 2005) (court may consider documents "whose contents are alleged in a
25 complaint" but were not physically attached to the pleading); *U.S. v. Ritchie*, 342 F.3d 903, 908
26 (9th Cir. 2003) (court may consider documents incorporated by reference in complaint without
27 converting motion to dismiss into motion for summary judgment); *see also Tellabs, Inc. v. Makor*
28 *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its

entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Here, Plaintiff directly references his Charge in his Complaint. *See* Complaint ¶ 6. Furthermore, Plaintiff's Charge is an integral part of Workday's failure to exhaust argument. *See Minor*, 78 F. Supp. 3d at 1028 (granting judicial notice of administrative complaints where administrative exhaustion was at issue). Thus, the incorporation by reference doctrine applies and the Court may take judicial notice.

Defendant respectfully requests that the Court grant its request for judicial notice and consider Exhibit A when deciding Defendant's Motion to Dismiss the Plaintiff's Complaint.

Dated: July 17, 2023.                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Julie A. Totten_____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
JUSTIN M. WASHINGTON
Attorneys for Defendant
WORKDAY, INC.

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>555-2021-01092 |
|---|---|---|

**California Department Of Fair Employment & Housing** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Derek L. Mobley | Home Phone (Incl. Area Code)<br>(706) 201-7275 | Date of Birth<br>1974 |
|---|---|---|

Street Address: 105 Greystone Court, Winder, GA 30680

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>WORKDAY, INC. | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(877) 967-5329 |
|---|---|---|

Street Address: 6110 Stoneridge Mall Road, Pleasanton, CA 94588

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2018    Latest: 04-06-2021
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: **Jul 21, 2021**    *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

EXHIBIT A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[X] EEOC | CHARGE NUMBER |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Derek Leon Mobley | HOME TELEPHONE (Include Area Code)<br>(706) 201-7275 |
|---|---|
| STREET ADDRESS<br>105 Greystone Court | CITY, STATE AND ZIP CODE<br>Winder, GA 30680 | DATE OF BIRTH<br>06/26/1974 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Workday, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>Over 1000+ | TELEPHONE (Include Area Code)<br>(925) 951-9000 |
|---|---|---|
| STREET ADDRESS<br>6110 Stoneridge Mall Road | CITY, STATE AND ZIP CODE<br>Pleasanton, CA 94588 | COUNTY<br>Alameda |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] AGE<br>[ ] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] OTHER | DATE DISCRIMINATION TOOK PLACE<br>April 6, 2021<br>[X] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

[Amendment to Earlier Filed Charge]

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

7/19/2021
Date

DocuSigned by:
*Derek Mobley*
11437FD7EB31415...
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EXHIBIT A

## Charging Party's Averments

1. The Charging Party, Derek L. Mobley, is an African-American Male. Mr. Mobley has Bachelor of Arts in Finance from Morehouse College, and an Associates Degree in Network Systems Administration, from ITT Technical Institute.

2. Since 2018, Mr. Mobley has applied for at least 80-100 hundred of positions that use Workday, Inc. as a screening
tool for talent acquisition and/or hiring. He has been denied employment each and every time.

3. Upon information and belief, Workday, Inc. uses (1) personality tests and integrity tests to assess the degree to which a person has certain traits or dispositions or aim to predict the likelihood that a person will engage in certain conduct; and, (2) cognitive tests to assess reasoning, memory, perceptual speed and accuracy, and skills in arithmetic and reading comprehension, as well as knowledge of a particular function or job.

4. If an individual does not make it past these Workday, Inc. tests, he/she will not advance in the hiring process. Workday, Inc. provides this service for hundreds if not thousands of companies, including numerous Fortune 500 firms. Individuals impacted the same way by these processes number in the thousands if not tens of thousands.

5. The selection tools and/or tests utilized by Workday, Inc. in making selection decisions-to include screening and hiring applicants discriminate on the basis of race in violation of §703(k) of Title VII, 42 U.S.C. §2000e-2(k). Upon information and belief, these processes disparately impact African-American applicants because the tests have the effect of disproportionately excluding African-Americans. Furthermore, the tests or selection procedures are not job-related, nor are they consistent with any business necessity.

6. Title VII prohibits discrimination by employment agencies. Section 703(b) of the Act, 42 U.S.C. § 2000e-2(b), reads:

    "it shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin. Section 701(c) of the Act, 42 U.S.C. § 2000e(c), defines the term "employment agency" as: any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person. Workday, Inc. Is an employment agency under Title VII.

7. Upon information and belief, the Charging Party and other African-Americans have been discriminated against because of their race (African-American), in violation of the Civil Rights Act of 1964, as amended.



2
EXHIBIT A

8. Furthermore, the selection tools and/or tests utilized by Workday, Inc. in making selection decisions-to include screening and hiring applicants discriminate on the basis of disability in violation of the ADA Amendments Act of 2008 (ADAAA). Upon information and belief, these processes disparately impact disabled applicants because the tests have the effect of disproportionately excluding individuals with disabilities. Furthermore, the tests or selection procedures are not job-related, nor are they consistent with any business necessity.

9. Finally, the selection tools and/or tests utilized by Workday, Inc. in making selection decisions-to include screening and hiring applicants discriminate on the basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Upon information and belief, these processes disparately impact applicants over the age of 40 because the tests have the effect of disproportionately excluding them. Furthermore, the tests or selection procedures are not job-related, nor are they consistent with any business necessity.

| 7/19/2021 | DocuSigned by: Derek Mobley  11437FD7EB31415... |
|---|---|
| Date | Name |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EXHIBIT A