JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

JUSTIN M. WASHINGTON (STATE BAR NO. 334389)
justin.washington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA, 90071
Telephone:   (213) 629-2020
Facsimile:   (213) 612-2499

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 4:23-cv-00770-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT WORKDAY INC.'S MOTION TO DISMISS**<br><br>Date:        September 12, 2023<br>Time:        2:00 p.m.<br>Courtroom:   1, 4th Floor<br>Judge:       Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: February 21, 2023 |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On July 17, 2023, Defendant Workday, Inc. ("Workday") filed a Motion to Dismiss Plaintiff's Complaint as to all counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After considering the Motion, Workday's supporting Memorandum and other documentation, any response and replies, oral argument, and the record herein, the Court hereby **GRANTS** Workday's Motion to Dismiss for the following reasons.

<u>Applicability of Title VII of the Civil Rights Act of 1964, the ADA Amendments Act of 2008, and the Age Discrimination in Employment Act.</u>

Plaintiff alleges claims under three employment discrimination statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), the ADA Amendments Act of 2008 (the "ADA"), and the Age Discrimination in Employment Act ("ADEA"). By their own terms these statutes apply to employers, employment agencies, and labor organizations. 42 U.S.C. § 2000e-2; 42 U.S.C. § 12111; 29 U.S.C. § 623. Accordingly, to state a claim for relief against Workday under these statutes, Plaintiff was required to plead facts demonstrating that Workday was an employer, a labor organization, or an employment agency. Plaintiff has not done so. *See Brush v. San Francisco Newspaper Printing Co.*, 315 F. Supp. 577, 580 (N.D. Cal. 1970), *aff'd*, 469 F.2d 89 (9th Cir. 1972). Accordingly, his claims are dismissed:

☐ with leave to amend; or

☐ without leave to amend.

<u>Count One – Intentional Discrimination on the Basis of Race in Violation of Title VII and 42 U.S.C. § 1981.</u>

Plaintiff's intentional discrimination claim must be dismissed because his charge of discrimination before the EEOC did not allege disparate treatment discrimination; therefore, Plaintiff failed to exhaust his intentional discrimination claim. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1).

Notwithstanding that procedural deficiency, Plaintiff's intentional discrimination claim on the basis of race must also be dismissed because his Complaint is deficient on its face. Indeed, Plaintiff did not plead facts giving rise to an inference that Workday intended to discriminate

against him or his protected class. *See Liu v. Uber Techs. Inc.*, 551 F. Supp. 3d 988, 992 (N.D. Cal. 2021); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case."). Plaintiff's bare assertion that Workday's alleged conduct was intentional is not enough to meet the pleading standard. Compl. ¶ 32; *Blackman-Baham v. Kelly*, No. 16-cv-03487-JCS, 2017 WL 679514, at *17 (N.D. Cal. Feb. 21, 2017). Accordingly, the Court dismisses Plaintiff's First Cause of Action for intentional discrimination on the basis of race under Title VII of the Civil Rights Act of 1964:

☐ with leave to amend; or

☐ without leave to amend

and under and 42 U.S.C. Section 1981:

☐ with leave to amend; or

☐ without leave to amend.

Count Two – Disparate Impact Discrimination on the Basis of Race and Disability in Violation of Title VII and the ADA.

Although it appears to be a matter of first impression, the Court is compelled to dismiss Plaintiff's disparate impact claims under Title VII because Title VII does not authorize such claims against employment agencies. The plain text of the statute and the analysis of the Supreme Court in *Smith v. City of Jackson*, 544 U.S. 228 (2005) and *Tex. Dep't of Housing & Cmty. Aff. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015) require this conclusion. As it relates to employment agencies, the prohibitions of Title VII do not implicate the "*effects* of [an] action on the employee" as distinguished from the "motivation for the action of the employer." *Tex. Dep't of Housing & Cmty. Aff.*, 576 U.S. at 533.

Insofar as the ADA permits a disparate impact cause of action against employment agencies, that claim is dismissed because Plaintiff did not plead sufficient facts to state a claim, and Plaintiff's failure also serves as an independent basis for dismissing disparate impact claims under Title VII. The Complaint fails to allege any statistical disparity, the specific employment practice or set of practices that Plaintiff is challenging, or how any such practice or practices

could have *caused* a statistical disparity. *Liu*, 551 F. Supp. 3d at 990 (citing *Freyd v. University of Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021)); *Lopez v. Pac. Mar. Ass'n*, 2009 WL 10680881, at *5 (C.D. Cal. Apr. 3, 2009), *aff'd*, 636 F.3d 1197 (9th Cir. 2011). Although Plaintiff need not state the basis for his claim with great precision, Plaintiff is required to make a "sophisticated effort" and must do more than "merely describe[] his own experience." *Liu*, 551 F. Supp. 3d at 991. Accordingly, the Court dismisses Plaintiff's Second Cause of Action for disparate impact discrimination on the basis of race and disability in violation of Title VII of the Civil Rights Act of 1964:

☐ with leave to amend; or

☐ without leave to amend

and in violation of the Americans with Disabilities Act Amendments Act of 2008:

☐ with leave to amend; or

☐ without leave to amend.

Count Three – Intentional Discrimination under the ADEA

Like Count One, Plaintiff's intentional discrimination claim on the basis of age must be dismissed because Plaintiff's charge of discrimination before the EEOC did not allege disparate treatment discrimination; therefore, Plaintiff failed to exhaust his intentional discrimination claim. *See* 29 U.S.C. § 626(d)(1).

Even had Plaintiff exhausted such a claim, however, his claim must still be dismissed for the same reasons as Count One. Plaintiff did not plead facts giving rise to an inference that Workday intended to discriminate against him or his protected class. *See Liu*, 551 F. Supp. 3d at 992. Plaintiff's bare assertion that Workday's alleged conduct was intentional is not enough to meet the pleading standard. Compl. ¶ 32; *Blackman-Baham v. Kelly*, No. 16-cv-03487-JCS, 2017 WL 679514, at *17 (N.D. Cal. Feb. 21, 2017). Accordingly, the Court dismisses Plaintiff's Third Cause of Action for intentional discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967 under 29 U.S.C. Section 623(a)(1):

☐ with leave to amend; or

☐ without leave to amend.

1    Count Four – Disparate Impact Discrimination under the ADEA

2    As with Title VII, the ADEA does not authorize disparate impact claims against
3    employment agencies. The plain text of the statute and the analysis of the Supreme Court in *Smith*
4    *v. City of Jackson*, 544 U.S. 228 (2005) and *Tex. Dep't of Housing & Cmty. Aff. v. Inclusive*
5    *Cmtys. Project, Inc.*, 576 U.S. 519 (2015) require this conclusion. As it relates to employment
6    agencies, the prohibitions of the ADEA do not implicate the "*effects* of [an] action on the
7    employee" as distinguished from the "motivation for the action of the employer. *Tex. Dep't of*
8    *Housing & Cmty. Aff.*, 576 U.S. at 533.
9    Yet even if a disparate impact claim was available against employment agencies, Plaintiff
10   fails to plead facts showing a statistical disparity, identify a specific employment practice or set of
11   practices that he is challenging, or explain how any such practice or practices could have caused a
12   statistical disparity. *Katz v. Regents of the Univ. of California*, 229 F.3d 831, 835-36 (9th Cir.
13   2000). Accordingly, the Court dismisses Plaintiff's Fourth Cause of Action for disparate impact
14   discrimination on the basis of age in violation of the Age Discrimination in Employment Act of
15   1967 under 29 U.S.C. Section 623(a)(2):

16    ☐ with leave to amend; or
17    ☐ without leave to amend.

18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    Punitive Damages

2    Plaintiff fails to plead facts sufficient to support his allegation that Workday acted with
3    malice or reckless indifference, particularly where, as here, Plaintiff has not stated a claim for
4    intentional discrimination. Accordingly, the Court dismisses Plaintiff's prayer for punitive
5    damages:

6    ☐ with leave to amend; or

7    ☐ without leave to amend.

8    **IT IS SO ORDERED**.

10   Dated: _____     _____
                                                Hon. Yvonne Gonzalez Rogers
11                                              UNITED STATES DISTRICT COURT
                                                        DISTRICT JUDGE
12