Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:   (205) 502-0970
Facsimile:    (205) 278-5876

Attorneys for the Plaintiff and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WORKDAY, INC.<br><br>      Defendant. | **CLASS ACTION**<br><br>MOTION TO CHANGE DUE DATE FOR RESPONSIVE PLEADING AND PROPOSED ORDER [OPPOSED]<br>[N.D. Cal. LR 6-3] |

**MOTION TO CHANGE DUE DATE**
**FOR RESPONSIVE PLEADING**

**Comes now**, Plaintiff Derek Mobley and the putative class and move for a thirty-day extension of time up to and including August 30, 2023, to respond to Defendant Workday Inc.'s Motion to Dismiss.

As grounds for this motion the plaintiff states as follows:

1. On July 17, 2023, the Defendant filed a Motion to Dismiss. ECF No. 17. The Plaintiff's response is due by July 31, 2023. Id.

2. Due to previous commitments, and on-going other deadlines, Plaintiff and putative class counsel requests a 30-day extension up to and including August 30, 2023 to file his response to the Defendant's Motion to Dismiss.

### A. Compliance with Local 6-3(a)(2)-Mobley Unsuccessfully Sought A Stipulation To The Time Change

3. Previously, Plaintiff's counsel stipulated to the Defendant's request for sixty days to respond to the complaint. ECF No. 10

4. The Parties further stipulated stated there was a "good cause" for the extension of the Case Management Conference stemming from the nascent Defendant's Motion to Dismiss. ECF No. 11, pg. 2-3, ¶'s 8-9. At the time good cause reasons included:

> "….Additionally, this action presents what the Defendant contends are novel legal issues. Plaintiff alleges that Workday is an "employment agency" under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Amendments Act, and further alleges that "artificial intelligence systems" within Workday's software solutions discriminate against black, disabled and over-the-age-of-forty applicants who seek to obtain employment with Workday's customers. Workday will respond by filing a Motion to Dismiss asserting, among other arguments, that Plaintiff has not adequately plead that Workday is an "employment agency" under these statutes and thus, Plaintiff's claims should not be permitted to proceed. **The Parties anticipate an extended briefing schedule and extensive briefing before this matter will be ready for full discovery. (emphasis added)** Id at ¶9."

5. In receipt of the Defendant's Motion, Plaintiff's counsel requested that the Defendant stipulate to thirty days for a response to be filed.

6. The Defendant parses the request and will not stipulate to the requested extension of time to file any opposition.

7. The Defendant's opposition seemingly stems from insufficient "good reasons". Apparently, the prior good cause and an anticipated extend briefing schedule no longer rise to the level of a stipulation (Plaintiff seeks one-half the time defendant received).[1]

8. As a consolation offer, Defendant agreed not to oppose a Motion to the Court for an extension of time but requested a draft to be circulated for a 30-day extension of time motion so that they can carve out time to review the non-stipulation.

B. **Substantial Harm or Prejudice Will Occur If Court Does Not Change the Response Time**

9. The harm and prejudice in not granting the extension would be substantial and deny the Plaintiff the chance to fully brief the Defendant's July 17, 2023, Motion to Dismiss. As that motion seeks to dismiss the action in its entirety with prejudice, the Plaintiff and the putative class would be denied an opportunity to litigate their case under the stipulated need for an extended briefing schedule as previously agreed too. The Defendant now seeks to have the Court review whether the Plaintiff really does need that extension.

10. Furthermore, Plaintiff's counsel must travel this week to a mandatory conference in the Northern District of Illinois in *EEOC et al. v. DHL Express,* 10-06139 which will keep counsel out of the office this week.

11. Additionally, in August, Plaintiff's counsel has a previously planned vacation, discovery depositions and pre-trial deadlines, including preparation of pre-trial order and conference in *Fitzpatrick v. Koch Foods of Alabama*, LLC 2:19-cv-00553 pending in the Middle District of Alabama.

---

[1] Plaintiff's counsel is not going to occupy additional Court time supplying emails for it to review. The Defendant has them and they can be provided upon request.

12. With Plaintiff's counsel's travel schedule, work commitments and the impending July 31, 2023, deadline to file the opposition in this case, Plaintiff is filing his motion for extension of time.

**Wherefore premises considered**, Plaintiff requests a 30-day extension up to and including Wednesday August 30, 2023, to file any Opposition to the Defendant's Motion to Dismiss.

Dated: **July 25, 2023**

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Attorney for the Plaintiff and the
Proposed Classes *(pro hac pending)*

**OF COUNSEL:**
Lee D. Winston
lwinston@winstoncooks.com
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:	(205) 502-0970
Facsimile:	(205) 278-5876

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on all persons listed below via the Court's ECF filing system:

Julie A. Totten
Kayla Delgado Grundy
Orrick
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
T +1-916-329-4908
M +1-916-835-1880
jatotten@orrick.com
kgrundy@orrick.com

Done this the **25th** day of July, 2023.

                s/Roderick T. Cooks
                Of Counsel

5

Motion to Change Due Date
For Responsive Pleading             Case No. 4:23-cv-00770-YGR