JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

JUSTIN M. WASHINGTON (STATE BAR NO. 334389)
justin.washington@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA, 90071
Telephone:   (213) 629-2020
Facsimile:    (213) 612-2499

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 4:23-cv-00770-YGR<br><br>**DEFENDANT WORKDAY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:         October 10, 2023<br>Time:        2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge:       Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: February 21, 2023 |

DEFENDANT WORKDAY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of excerpts of Workday's 10-K, excerpts of Workday's website, and a self-made chart of cases. Workday objects to the Court's noticing and/or considering these documents.

Generally, a court is limited to reviewing the allegations of the complaint when ruling on a 12(b)(6) motion. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [plaintiff's] opposition motion [] are irrelevant for 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). For that reason, in deciding a motion to dismiss, courts routinely decline to take judicial notice of facts not otherwise alleged in the complaint. *See Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1021-22, 1033 n.93 (C.D. Cal. 2015) (explaining that "[c]ourts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint" and declining defendant's request to take judicial notice because "[t]he only relevant question . . . is whether plaintiff's allegations, taken as true, plausibly state a claim"); *Gonzalez v. Cnty. of Merced*, 289 F. Supp. 3d 1094, 1105 n.3 (E.D. Cal. 2017) ("Factual allegations not made in the complaint cannot be considered for purposes of a 12(b)(6) motion to dismiss, and therefore, the Court will not take judicial notice of [the documents]."); *Gray v. Romero*, No. 113CV01473DADGSAPC, 2017 WL 220238, at *7 (E.D. Cal. Jan. 18, 2017), report and recommendation adopted, No. 113CV01473DADGSAPC, 2017 WL 1166287 (E.D. Cal. Mar. 28, 2017) ("Here, evidence outside of the Fourth Amended Complaint submitted by Plaintiff and Defendant Rebel is unnecessary to resolve Defendant Rebel's motion [to dismiss]. Therefore, the Court declines to take judicial notice of materials outside of the complaint."). One exception to this rule is that, where appropriate and relevant to the matter at hand, a court may consider matters of which the court may take judicial notice. *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018).

Federal Rule of Civil Procedure 201 permits the court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). Parties are permitted to object to the "propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Civ. P. 201(e). Here, Plaintiff's requests for judicial notice are neither appropriate nor relevant for the reasons discussed below.

<u>Exhibits 1 and 3: Workday's 10-K Filings.</u> Workday does not dispute that, as public records, its SEC filings may be subject to judicial notice. However, Workday's motion to dismiss challenges deficiencies in Plaintiff's Complaint. Those deficiencies are not—and indeed cannot—be cured with extraneous evidence from Workday's 10-K. *See Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) ("Because the documents are SEC filings, they are proper subjects of judicial notice . . . [but] [p]laintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss."). Said differently, Plaintiff cannot "rel[y] on the facts contained in the [10-K] to supplement the allegations in [his] complaint." *Gerritsen*, 112 F. Supp. 3d at 1033 n.93; *see also In re Turbodyne Technologies, Inc.*, No. CV 99-00697 MMM (BQRx), 2000 WL 33961193, *10 (C.D. Cal. Mar. 13, 2000) ("The complaint lacks any allegations regarding Turbodyne's daily trading volume, however, and plaintiffs clearly seek to have the court take judicial notice of Exhibit Q to cure this omission. In deciding a motion to dismiss, courts may not take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a). The effect of plaintiffs' request that the court take judicial notice of Exhibit Q is the same, and the court declines to do so for that reason." (internal quotations and citations omitted)). Because Plaintiff cannot use the excerpts of Workday's 10-K to "cure" omissions in his Complaint, the Court should decline to take judicial notice of Workday's 10-K, as it is irrelevant to the determination that the Court must make on Workday's Motion to Dismiss. *In re Turbodyne Technologies, Inc.*, 2000 WL 33961193, *10.[1]

<u>Exhibits 2, 4, 5, and 6: Workday's Website and/or Blog.</u> Workday's website is not judicially

---

[1] Plaintiff's excerpts of Workday's 10-K are also irrelevant because, in part, they fail to actually include the language Plaintiff cites in his brief. The language Plaintiff quotes on page 5 of his response brief is found on pages excluded from Plaintiff's proposed exhibit and accordingly, even if the Court could consider the documents, it is deprived of the relevant context.

- 2 -

1   noticeable. California district courts often decline to notice corporate websites on the grounds that
2   they "generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *See*
3   *Whitaker v. Pharmavite LLC*, No. CV2204732DMGMARX, 2023 WL 3370729, at *1 (C.D. Cal.
4   May 9, 2023) ("Although Defendant is correct that factual information contained on the internet
5   may be a proper subject of judicial notice, private corporate websites, particularly when describing
6   their own business, generally are not the sorts of sources whose accuracy cannot reasonably be
7   questioned."); *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022)
8   (denying "all requests for judicial notice of [corporate entity's] website"); *Gerritsen v. Warner*
9   *Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) ("Federal courts considering the issue
10  have expressed skepticism as to whether it is appropriate to take judicial notice of information or
11  documents appearing on websites that are created and maintained by a party to the litigation.").
12  Moreover, even if Workday's website was judicially noticeable, Plaintiff cannot rely on the website
13  to bolster (or otherwise amend) non-existent or conclusory allegations contained in his Complaint.
14  *See Okla. Firefighters Pension & Ret. Sys.*, 50 F. Supp. 3d at 1350; *Gerritsen*, 112 F. Supp. 3d at
15  1033 n.93; *In re Turbodyne Technologies, Inc.*, 2000 WL 33961193, *10. The Court should
16  therefore decline to take judicial notice of the excerpts of Workday's website.

17  <u>Exhibit 7: Table of Non-Motion to Dismiss Cases.</u> While the Court may be able to
18  adequately and readily determine the accuracy of the case law cited in Plaintiff's Exhibit 7 to his
19  Request for Judicial Notice, Plaintiff's reliance on it nevertheless constitutes an improper use of a
20  request for judicial notice because cases are not facts. *See Jimenez v. Blades*, No. 1:15-CV-00484-
21  CWD, 2018 WL 6591918, at *1 (D. Idaho Dec. 14, 2018) ("Petitioner asks the Court to take judicial
22  notice of the law governing Brady claims. That subject is not the proper object of a judicial notice
23  request because published court cases are not facts."); *Villanueva v. Maxim Healthcare Servs.*, Inc.,
24  No. 23-CV-03403-JSC, 2023 WL 5917403, at *7 (N.D. Cal. Sept. 11, 2023) ("The Court declines
25  to take judicial notice of these cases because both can be found in widely available online legal
26  research services and caselaw is ordinarily not a proper use of judicial notice."); *United States v.*
27  *Murillo*, No. CR16-0113JLR, 2020 WL 6701004, at *2 (W.D. Wash. Nov. 13, 2020) ("[A]sk[ing]
28  the court to take judicial notice of caselaw . . . is not a proper use of judicial notice."); *U.S. v.*

1  *Schiefen*, 926 F. Supp. 877, 883 n.12 (D.S.D. 1995) ("The Court declines to take judicial notice of
2  these items as case law is subject [to] interpretation and not an appropriate item for judicial
3  notice."); *Hyde v. Paskett*, 383 F. Supp. 2d 1256, 1262 (D. Idaho 2005) ("Bringing case law to a
4  court's attention is not an appropriate topic for judicial notice."). The Court should therefore decline
5  to take notice of Plaintiff's table of cases.

6      Ultimately, even if the Court takes judicial notice of Plaintiff's extraneous evidence, the
7  documents cannot save Plaintiff's Complaint from dismissal because they are irrelevant to the
8  Court's analysis. The relevant question is whether Plaintiff's pleading is adequate; whether
9  Workday made certain statements in its 10-K or on its website has no bearing on that determination,
10  nor does the procedural posture of the cases on which Workday relied matter, when Workday did
11  not cite them as authority on the relevant procedural standard. *See Gerritsen*, 112 F. Supp. 3d at
12  1021-22, 1033 n.93; *Gonzalez*, 289 F. Supp. 3d at 1105 n.3; *Gray*, 2017 WL 220238, at *7. The
13  Court should therefore deny Plaintiff's request for judicial notice and base its decision on the
14  allegations—or lack thereof—in Plaintiff's Complaint.

16  Dated: September 25, 2023          ORRICK, HERRINGTON & SUTCLIFFE LLP

18  By: _____
19          JULIE A. TOTTEN
        ERIN M. CONNELL
20          KAYLA D. GRUNDY
        ALEXANDRIA R. ELLIOTT
21          JUSTIN M. WASHINGTON
        Attorneys for Defendant
22          WORKDAY, INC.