1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  KAYLA D. GRUNDY (STATE BAR NO. 300513)
   kgrundy@orrick.com
4  ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
   aelliottt@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:   (415) 773-5700
   Facsimile:   (415) 773-5759
8
   JUSTIN M. WASHINGTON (SBN 334389)
9  justin.washington@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
10 355 S. Grand Avenue, Suite 2700
   Los Angeles, CA, 90071
11 Telephone:   (213) 629-2020
   Facsimile:   (213) 612-2499
12
   Attorneys for Defendant
13 WORKDAY, INC.

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17 | DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated; | Case No. 4:23-cv-00770-RFL
18 | | **JOINT CASE MANAGEMENT STATEMENT**
19 | Plaintiff, |
20 | v. | Courtroom: 15, 18th Floor
   | | Judge: Hon. Rita F. Lin
21 | WORKDAY, INC. |
   | | Complaint Filed: February 21, 2023
22 | Defendant. |

Plaintiff Derek Mobley ("Plaintiff") and Defendant Workday, Inc. ("Defendant") (collectively, "the Parties"), by and through their respective counsel of record, hereby file the following Joint Case Management Statement pursuant to the Court's Order Reassigning Case. *See* ECF No. 38.

### A. DATE FILED

The Complaint in this action was filed on February 21, 2023.

### B. PARTIES

Plaintiff Derek Mobley is an African-American male job applicant, over the age of 40, who alleges he has anxiety and depression. Defendant Workday, Inc. is a leading provider of enterprise cloud applications for finance and human resources based in Pleasanton, California.

### C. CLAIMS

Plaintiff alleges four causes of action against Defendant: (1) intentional discrimination on the basis of race under Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981; (2) disparate impact discrimination on the basis of race and disability under Title VII and the Americans with Disabilities Act ("ADA"); (3) intentional discrimination under the Age Discrimination in Employment Act ("ADEA"); and (4) disparate impact discrimination under the ADEA. Plaintiff seeks to represent three subclasses:

- All African-American applicants or former applicants who, from June 3, 2019 to the present, have not been referred and/or permanently hired for employment as a result of the challenged discriminatory screening process.
- All applicants or former applicants over the age of forty (40) who, from June 3, 2019 to the present, have not been referred and/or permanently hired for employment as a result of the challenged discriminatory screening process.
- All disabled applicants or former applicants who, from June 3, 2019 to present, have not been referred and/or permanently hired for employment as a result of the challenged discriminatory screening process.

There are no pending crossclaims, counterclaims, or third-party claims.

//

**D. FACTS**

Plaintiff alleges that Defendant is an employment agency that offers a screening tool to its customers, which its customers can configure to review applicants for employment. He further alleges that Defendant offers its customers artificial intelligence systems, algorithm-based applicant screening systems, and selection tools or tests, all of which aid customers in evaluating applicants for employment. Plaintiff claims that, since 2018, he has applied for at least 80-100 positions that use Defendant's screening tool for talent acquisition and/or hiring, and in each case, he has been denied employment. In July 2021, Plaintiff brought a Charge of Discrimination before the Equal Employment Opportunity Commission.

Defendant denies that it is an employment agency. It further denies that any of its screening tools have an unlawful disparate impact on applicants from any protected class. It further denies that it has intentionally discriminated against any applicants from any protected class. Defendant believes the Complaint is devoid of sufficient information to identify other factual disputes between the Parties.

The Parties have not yet engaged in discovery and the nature and extent of any additional factual disputes is unknown.

**E. LEGAL ISSUES**

The legal issue currently pending before the Court is the sufficiency of Plaintiff's Complaint, as described in the Parties' briefing on Defendant's Motion to Dismiss. ECF Nos. 17, 32, 35. The legal questions include:

1. Whether Defendant is an employment agency;

2. Whether Plaintiff exhausted his intentional discrimination claims under Title VII and the ADEA;

3. Whether Plaintiff raises a plausible inference of intentional discrimination on the basis of race or age;

4. Whether Plaintiff's allegations of discrimination based on "terms and conditions of employment" should be dismissed or struck;

5. Whether Title VII and the ADEA recognize a disparate impact claim against

employment agencies; and

      6. Whether Plaintiff sufficiently pled a disparate impact claim in his Complaint.

The Parties anticipate that there will be additional legal disputes should this matter proceed past the pleadings.

### F. RELIEF SOUGHT

Plaintiff seeks certification of his alleged class action, as well as declaratory and injunctive relief, damages (including punitive damages), and costs and fees. Defendant denies Plaintiff can represent a class and/or is entitled to damages.

### G. DISCOVERY

The Parties have not yet engaged in discovery.

### H. RELATED CASES

The Parties are not aware of any related cases.

### I. PROCEDURAL HISTORY

Plaintiff filed his complaint on February 21, 2023. ECF No. 1. On July 17, 2023, Defendant filed its Motion to Dismiss. ECF No. 17. Plaintiff opposed Defendant's Motion on September 13, 2023. ECF No. 32. Defendant filed a Reply on September 25, 2023. ECF No. 35. On September 27, 2023, Judge Yvonne Gonzalez Rogers vacated the hearing date and informed the parties it would be reset if necessary. ECF No. 37. Consistent with the November 27, 2023 Order Reassigning Case, and in consultation with Plaintiff, Defendant re-noticed the hearing on its Motion to Dismiss for January 9, 2024, at 10:00 a.m. ECF No. 39. There have been no settlement conferences or ADR proceedings. There have been no referrals to a magistrate judge and no appellate proceedings.

### J. DEADLINES

There are no pending deadlines. On September 13, 2023, the Court granted the Parties' Stipulation to Continue Case Management Conference and Related Deadlines. ECF No. 34. Therein, the Court stayed the initial case management conference and all related deadlines, including those imposed by Federal Rule of Civil Procedure 26, until 30 days following the filing of Defendant's answer. *Id.* at 3.

1  The hearing on Defendant's Motion to Dismiss has been noticed for January 9, 2024, at 10:00 a.m. ECF No. 39.

### K. MODIFICATION OF DEADLINES

The Parties request that, pursuant to their previous stipulation and the Court's order granting the same, that this Court stay the initial case management conference and all related deadlines, including those imposed by Federal Rule of Civil Procedure 26, until 30 days following the filing of Defendant's answer.

### L. CONSENT TO MAGISTRATE

The Parties do not consent to a magistrate judge for trial.

### M. NEED FOR CASE MANAGEMENT CONFERENCE

The Parties do not believe there is an immediate need for a case management conference and would request that the case management conference not be scheduled until 30 days after Defendant files its answer.

Dated: December 8, 2023                    WINSTON COOKS LLC

By: _____/s/ *Lee D. Winston*_____
LEE D. WINSTON
RODERICK T. COOKS
Attorneys for Plaintiff
DEREK MOBLEY

*ADMITTED PRO HAC VICE*

Dated: December 8, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
JUSTIN M. WASHINGTON
Attorneys for Defendant
WORKDAY, INC.