UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 17 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Workday, Inc.'s motion to dismiss, set for January 9, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Imagine a company hires an outside consulting firm to screen resumes received from local college students to recommend the candidates to be interviewed on campus. Unbeknownst to the company, the outside consulting firm intentionally discriminates by checking students' social media and eliminating students of color from the list of recommended interviewees. Would the college students have a Title VII claim for intentional discrimination against the consulting firm, on the basis that the consulting firm is an indirect employer and/or an employment agency? If not, would the students have a claim against the company, if the company could not have been expected to know of the consultant's discriminatory practices?

2. Imagine a company enters job applicants into a spreadsheet, and then uses the spreadsheet to sort by birthdate, preferentially interviewing only the youngest applicants. Would the software vendor that created the spreadsheet software be liable under the ADEA as an indirect employer or an employment agency? Does Mobley

|   |   |
|---|---|
|   | allege that Workday's software does more than simply implement the hiring requirements set by the employers? If so, which paragraphs in the complaint contain those allegations? |
| 3. | Workday argues that Title VII does not recognize disparate impact liability for employment agencies, based on textual differences between 42 U.S.C. § 2000e-2(a) (the "employer liability provision") and 42 U.S.C. § 2000e-2(b) (the "employment agency liability provision"). Do the parties agree that indirect employers fall within the employer liability provision and are therefore subject to disparate impact claims? |
| 4. | The employer liability provision has two subsections, with subsection one addressing intentional discrimination and subsection two addressing disparate impact discrimination. The employment agency liability provision similarly has two clauses, with the first one mirroring the intentional discrimination prong of the employer liability provision and the second one mirroring the disparate impact prong. If employment agencies are prohibited only from engaging in intentional discrimination, why would the second clause of the employment agency liability provision be necessary? Is it surplusage? |
| 5. | The complaint does not allege the types of jobs to which Mobley was applying, the minimum qualifications for those jobs, or Mobley's qualifications other than his education. Does Mobley allege sufficient facts about his applications to state a plausible claim under either an intentional discrimination or disparate impact theory? |
| 6. | Workday contends that Mobley's disparate impact claims do not sufficiently allege a causal connection between its screening software and disparate outcomes based on race, age, or disability. Causation may be inferred based on a sufficiently substantial disparity in outcomes. Is statistical evidence the only way to allege a disparity substantial enough to infer causation? What examples are there in the case law of other types of factual allegations that would be sufficient to support an inference of causation based on disparity? |

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they shall read those citations into the record at the hearing and email rflcrd@cand.uscourts.gov with a courtesy copy of the list of those citations (**not** the actual cases, just the citations) immediately after the hearing.

**IT IS SO ORDERED.**

Dated: January 3, 2024

RITA F. LIN
United States District Judge