1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  KAYLA D. GRUNDY (STATE BAR NO. 300513)
   kgrundy@orrick.com
4  ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
   aelliott@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5759
8

9  Attorneys for Defendant
   WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WORKDAY, INC.<br><br>　　　　　Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DEFENDANT WORKDAY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED PAGE LIMITATIONS FOR PLAINTIFF'S OPPOSITION TO WORKDAY, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

1   Defendant Workday, Inc. hereby submits its opposition to Plaintiff Derek L. Mobley's
2   Motion for Additional Nine (9) Pages To Respond To Defendant's Motion to Dismiss Plaintiff's
3   First Amended Complaint, ECF 54 ("Motion"), because it fails to comply with this Court's
4   Standing Order for Civil Cases and Local Rule 7-11 for Motions for Administrative Relief and
5   would result in prejudice to Workday.

6   First, Plaintiff's Motion fails to comply with this Court's Standing Order for Civil Cases
7   because it (1) ignores that this Court's page limit for oppositions to motions to dismiss is 15
8   pages, not the 25 pages permitted by local rules; and (2) is untimely. Pursuant to this Court's
9   Standing Order, briefs in support of and opposition to any motion (other than summary judgment
10  motions) must not to exceed 15 pages. Standing Order at 5. Workday complied with this Court's
11  Standing Order by confining its Motion to Dismiss to 15 pages. ECF 50. Yet in his motion,
12  Plaintiff seeks to file a 34-page opposition, which he improperly characterizes as a 9-page
13  extension. ECF 54 at ¶¶ 1-2. Plaintiff offers no good cause for his request for a 19-page extension
14  from the limits imposed by this Court's Standing Order (as opposed to the Local Rule). Indeed, as
15  counsel for Workday explained to counsel for Plaintiff, moving and opposition papers are subject
16  to the same page limits. Permitting Plaintiff more than twice the number of pages on Opposition
17  would prejudice Workday for adhering to this Court's limits.

18  Second, this Court's Standing Order requires a party seeking to increase page limits to file
19  a request for relief "no later than two court days before the brief is due." Standing Order at 5. As
20  stipulated by the parties and ordered by this Court on March 19, 2024, Plaintiff's opposition to
21  Workday's Motion to Dismiss Plaintiff's Amended Complaint is due today, on April 2, 2024.
22  ECF 53. Thus, Plaintiff's Motion seeking permission to exceed the page limitations was due on or
23  before March 29, 2024. Because Plaintiff failed to file his Motion on or before March 29, 2024,
24  his Motion is untimely.

25  Third, Local Rule 7-11 requires a moving party to set forth specifically the reasons
26  supporting his request to exceed otherwise applicable page limits. L.R. 7-11(a). Plaintiff fails to
27  do so. He simply claims that the additional pages are "needed to frame a response" "due to the

28

- 1 -
DEFENDANT'S OPP. TO PLAINTIFF'S MOT. TO EXCEED PAGE LIMITATIONS
CASE NO. 3:23-CV-00770-RFL

1  Issues raised." ECF 54 at ¶ 2. But Plaintiff does not identify the particular "Issues" or why he
2  believes he needs more than twice the length of Workday's Motion to "frame a response." *Id*.
3      Finally, Plaintiff's reference to "previously stipulated" additional time for Workday to file
4  its Motion to Dismiss is not relevant to Plaintiff's instant Motion. And while Plaintiff's offer not
5  to object to Workday "receiving as many pages as it needs for its reply" is noted, it does not
6  address the prejudice Workday faces by having complied with the Court's page limits in the first
7  instance. Indeed, Workday is cabined on Reply to addressing arguments Plaintiff makes in his
8  Opposition. The same was not true when Workday filed its Motion. With twice as many pages,
9  Workday could have made additional arguments attacking Plaintiff's Complaint. The benefit is
10 simply not the same on Reply.
11     For the foregoing reasons, Workday respectfully requests that this Court deny Plaintiff's
12 Motion for additional pages to respond to Workday's Motion to Dismiss.

Dated: April 2, 2024                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ Kayla D. Grundy_____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
Attorneys for Defendant
WORKDAY, INC.

- 2 -
DEFENDANT'S OPP. TO PLAINTIFF'S MOT. TO EXCEED PAGE LIMITATIONS
CASE NO. 3:23-CV-00770-RFL