KARLA GILBRIDE, SBN 264118 (CA)
JENNIFER S. GOLDSTEIN, SBN 147791 (CA)
DARA S. SMITH, SBN 1027046 (DC)
STEVEN WINKELMAN, SBN 1048481 (DC)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of General Counsel
131 M Street N.E., 5th Floor
Washington, D.C. 20507
Telephone (202) 921-2564
steven.winkelman@eeoc.gov

*Attorneys for EEOC as Amicus Curiae*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**NOTICE OF MOTION AND MOTION OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION FOR LEAVE TO FILE ACCOMPANYING BRIEF AS AMICUS CURIAE**<br><br>Date:      May 7, 2024<br>Time:      10:00 a.m.<br>Judge:     Hon. Rita F. Lin<br>Courtroom: 15, 18th Floor |

**PLEASE TAKE NOTICE** that on May 7, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 15, 18th Floor, of the Phillip Burton Federal Building & United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Rita F. Lin, the Equal Employment Opportunity Commission (EEOC) will and hereby does move this Court for leave to file the accompanying brief as amicus curiae in this action.

The EEOC seeks an order granting it leave to file the accompanying brief as amicus curiae. To support this motion, the EEOC states:

1.  Congress charged the EEOC with administering and enforcing federal statutes that prohibit employment discrimination, including Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e *et seq.* (Title VII), the Americans with Disabilities Act, *id.* §§ 12101 *et seq.* (ADA), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (ADEA).

2.  This case implicates whether Title VII, the ADA, and the ADEA cover entities that—as alleged in the operative Complaint—offer algorithmic tools that screen and refer applicants and make automated hiring decisions on behalf of employers. More precisely, the issues presented are whether Plaintiff Derek Mobley has plausibly alleged facts sufficient to support an inference that Defendant Workday, Inc. is a covered entity because it is an (i) employment agency, (ii) indirect employer, and/or (iii) agent of employers.

3.  The EEOC has a strong interest in the proper interpretation and application of these longstanding theories to the novel factual circumstances presented in this case. Indeed, consistent with the statutory text and judicial decisions, the EEOC has long recognized these theories of coverage and provided guidance on the proper standards for determining when and how they apply. *See, e.g.*, EEOC Compliance Manual § 2-III(B)(1)(b), (B)(2)(b), (B)(3)(a) (Aug. 2009)[1] (addressing coverage for employment agencies, agents of employers, and indirect employers); EEOC, *Policy Guidance: What constitutes an employment agency under Title VII, how should charges against employment agencies be investigated, and what remedies can be obtained for employment agency violations of the Act?*, No. N-917-002, §§ I-II (Sept. 20, 1991)[2] (describing types of employment agencies and employment agency discrimination); EEOC, *CM-631: Employment Agencies*, § 631.4 (Feb. 15, 1990)[3] (describing covered activities of an employment agency); EEOC, *Policy Statement on control by third parties over the employment relationship between an individual and his/her direct employer* (May 20, 1987)[4] (discussing indirect employer theory, which is also known as third-party interference).

4.  Accordingly, the EEOC seeks to offer its views to this Court by means of the

---

[1] Available at https://www.eeoc.gov/laws/guidance/section-2-threshold-issues.

[2] Available at https://www.eeoc.gov/laws/guidance/policy-guidance-what-constitutes-employment-agency-under-title-vii-how-should-charges.

[3] Available at https://www.eeoc.gov/laws/guidance/cm-631-employment-agencies.

[4] Available at https://www.eeoc.gov/laws/guidance/policy-statement-control-third-parties-over-employment-relationship-between.

accompanying amicus curiae brief. The EEOC believes that its view may assist the Court in deciding these legal issues. The EEOC takes no position on any other issues, including the accuracy of Mobley's characterizations of the functions Workday performs or the merits of Mobley's claims.

5. The EEOC contacted counsel for both parties concerning its intent to file this motion and the accompanying brief. Counsel for Plaintiff has consented to the filing of this motion. Counsel for Defendant does not consent to the filing of this motion, and states: "Workday's position is that it does not have sufficient information about the positions that EEOC will be taking in any brief(s) it would file, nor the basis for EEOC seeking leave to participate in our case."

WHEREFORE, the EEOC respectfully moves the Court for leave to file the accompanying brief as amicus curiae.

Dated: April 9, 2024

        KARLA GILBRIDE
        General Counsel

        JENNIFER S. GOLDSTEIN
        Associate General Counsel

        DARA S. SMITH
        Assistant General Counsel

BY: */s/ Steven Winkelman*
      STEVEN WINKELMAN
      Attorney
      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      Office of General Counsel
      131 M Street N.E., 5th Floor
      Washington, D.C. 20507
      Telephone (202) 921-2564
      steven.winkelman@eeoc.gov

*Attorneys for EEOC as Amicus Curiae*