Lee D. Winston
lwinston@winstoncooks.com
State of Alabama Bar No.:6407O72L
Roderick T. Cooks
rcooks@winstoncooks.com
State of Alabama Bar No.:  5819O78R
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:      (205) 278-5876

Attorneys for the Plaintiff and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 4:23-cv-00770-RFL<br><br>**PLAINTIFF'S STATEMENT IN SUPPORT OF EEOC'S AMICUS CURIAE FILING** |

# STATEMENT IN SUPPORT OF EEOC'S AMICUS CURIAE FILING

Derick Mobley and the putative class(es) support the United States Equal Employment Opportunity Commission ["EEOC"] in filing an Amicus Curiae Brief:

Workday argues that Mobley advances novel theories to challenge alleged hiring discrimination. Workday contends that, "…Plaintiff has not and cannot allege that Workday is an entity covered by Title VII, the ADA, or the ADEA". ECF No. 61, pg. 6.   Blanket immunity from our nation's civil rights laws.   The federal government itself does not enjoy such privilege.

Whether Workday's unique artificial intelligence and machine learning creations enjoy absolute immunity in the hiring arena requires that the United States Equal Opportunity Commission ("EEOC"), the primary federal agency charged with enforcement of employment discrimination statutes, weigh-in.

EEOC's opinion is critical as Workday has rapidly scaled their business model to dominate the hiring of job applicants in the United States.  Founded in 2005, Workday reports that, "In May of 2023, the Bureau of Labor Statistics reported more than 9.8 million job openings in the U.S. Workday Recruiting

processed 2.2 million U.S. job requisition transactions in May, representing nearly 22% of all U.S. job openings that month."[1]

## LEGAL STANDARD

"District courts frequently welcome amicus briefs from non-parties ... if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.,* 272 F.Supp.2d 919, 925 (N.D.Cal.2003*)" Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, No. CVF10-163 LJO DLB, 2010 WL 2228471, at *1 (E.D. Cal. June 3, 2010).

The standard to permit such a filing is a liberal one. "As this Court has previously recognized, "[w]hether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have 'exercised great liberality' " in permitting amicus briefs. *Woodfin Suite Hotels, LLC v. City of Emeryville, No.* C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (citations omitted, alterations in orig.)." *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019)

---

[1] https://blog.workday.com/en-us/2023/first-half-2023-hiring-trends-slowdown-stagnation.html (last accessed April 18, 2023). Mobley's Support of the EEOC's amicus filing is limited to whether EEOC should be permitted to offer an opinion on the relevant legal issues. No inferences on Workday's Motion To Dismiss are sought on whether Workday Recruiting's activity described in the above quotation refutes Workday's litigation posture that their software is uninvolved in recruiting and/or hiring of job applicants for their customers.

District courts can look to Rule 29 of the Federal Rules of Appellate Procedure for guidance on whether to grant the filing.

In the appellate courts, "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace. Fed.R.App. P. 29(a)." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). In the *NOW* case, Judge Posner explains in affirming a denial of an amicus filing, "Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal." *Id.* at 617. However, an exception exists when, "…(3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Id.* (cleaned up). The EEOC is not a member supported trade association, nor did Mobley request their assistance. Rather, the EEOC is the government agency mandated to enforce the civil rights laws related to employment.

Workday's exemption defense from federal discrimination laws needs to be considered against the reality that the company processed (as of May of 2023) 22% of all job openings in the United States.

Moreover, allowing the EEOC to comment as to the application of federal laws to their AI is significant as Workday is simultaneously seeking state law

immunity as well. This year Workday has held "active" discussions in at least five state capitals regarding draft legislation prepared by it which contains language closely resembling central elements of AI bills introduced in California on February 15; Illinois on February 8; Rhode Island on February 7; Connecticut on February 7; New York on January 8 and Washington state on January 8.[2] Troubling is the draft legislation's wording suggesting that "the bill's regulations would only apply to an automated decision tool that has been 'specifically developed and marketed to, or specifically modified to be the controlling factor in making a consequential decision." Id.  Whether the federal anti-discrimination laws also have to defer to Workday's immunity view of their software that are the controlling, or dominant factor, in employment decisions requires input from the EEOC for laws they enforce including Title VII of The Civil Rights Act of 1964 (Title VII), Title I of the Americans with Disabilities Act (ADA), and The Age Discrimination in Employment Act(ADEA).[3]

       Existing Federal Laws Apply to AI.   EEOC's Amicus brief confirms the federal government's position that AI's alleged predatory discriminatory behavior is subject to challenge.  On April 4, 2024, the Department of Justice (DOJ) announced that five additional cabinet-level federal agencies have joined a pledge

---

[2] https://therecord.media/human-resources-artificial-intelligence-state-legislation-workday
[3] https://www.eeoc.gov/youth/what-laws-does-eeoc-enforce

to investigate unfair or discriminatory conduct involving artificial intelligence (AI). The joint statement—which was initially released in April 2023 by DOJ's Civil Rights Division, the Consumer Financial Protection Bureau, the Equal Employment Opportunity Commission, and the Federal Trade Commission—now includes the Department of Education, the Department of Health and Human Services, the Department of Homeland Security, the Department of Housing and Urban Development, and the Department of Labor. DOJ's Consumer Protection Branch also joined the pledge.[4]

The joint statement emphasizes the initial April 2023 statement that the federal government believes that regulation of AI falls squarely within existing federal laws and the agencies' collective authority to enforce civil rights, non-discrimination, fair competition, and consumer protection.

The DOJ in announcing the pledge highlights that:

"Federal agencies are sending a clear message: we will use our collective authority and power to protect individual rights in the wake of increased reliance on artificial intelligence in various aspects of American life. As social media platforms, banks, landlords, employers and other businesses choose to rely on artificial intelligence, algorithms, and automated systems to conduct business, we stand ready to hold

---

[4] https://www.justice.gov/opa/pr/five-new-federal-agencies-join-justice-department-pledge-enforce-civil-rights-laws

accountable those entities that fail to address the unfair and discriminatory outcomes that may result."[5]

EEOC's brief is consistent with DOJ's announcement on particular issues of governmental concern with AI systems:

"1.   Data and Datasets—The agency signers of the pledge note that automated system outcomes can be skewed by unrepresentative or imbalanced datasets, datasets that incorporate historical bias, or datasets that contain other types of errors. Making it clear that avoiding the use of protected characteristics as inputs is not enough, they also express concern that automated systems may correlate data with protected classes, which could lead to discriminatory outcomes.

2.   Model Opacity and Access—The agencies also worry that many automated systems are "black boxes" whose internal workings may not be clear even to the developer of the system. This lack of transparency, the agencies assert, could makes it more difficult for developers, businesses, and individuals to know whether an automated system is fair.

3.   Design and Use—Developers do not always understand or account for the contexts in which private or public entities will use their automated systems, the agencies state. Developers, they explain, may design a system on the basis of

---

[5] Id.

flawed assumptions about its users, relevant context, or the underlying practices or procedures it may replace."

Mobley, even as a putative class representative, cannot speak for the United States on these issues, the EEOC can.[6]

**Conclusion**

The EEOC's Motion for Leave to File an Amicus Curiae brief is due to be granted.

**Dated: April 23, 2024**

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks *(admitted pro hac vice)*
Lee Winston *(admitted pro hac vice)*
Attorney for the Plaintiff and the Proposed Classes

**OF COUNSEL**:
Lee D. Winston
lwinston@winstoncooks.com
State of Alabama Bar No.:6407O72L
Roderick T. Cooks
rcooks@winstoncooks.com
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:     (205) 278-5876

**LOCAL COUNSEL**:
Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108

---

[6] https://www.justice.gov/crt/media/1346821/dl?inline

Phone 415-905-0215
greeneattorney@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document on all persons listed below via the Court's ECF filing system:

Julie A. Totten
Kayla Delgado Grundy
Orrick
405 Howard Street
San Francisco, CA 94105
jatotten@orrick.com
kgrundy@orrick.com

Done this the **23rd** day of April 2024.

                                                s/Roderick T. Cooks
                                                Of Counsel