1  KARLA GILBRIDE, SBN 264118 (CA)
   JENNIFER S. GOLDSTEIN, SBN 147791 (CA)
2  DARA S. SMITH, SBN 1027046 (DC)
   STEVEN WINKELMAN, SBN 1048481 (DC)
3  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   Office of General Counsel
4  131 M Street N.E., 5th Floor
   Washington, D.C. 20507
5  Telephone (202) 921-2564
   steven.winkelman@eeoc.gov
6
   *Attorneys for EEOC as Amicus Curiae*
7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  DEREK L. MOBLEY, for and on behalf of       Case No. 3:23-cv-00770-RFL
    himself and other persons similarly situated,
12                                               **REPLY IN SUPPORT OF THE EQUAL**
                 Plaintiff,                      **EMPLOYMENT OPPORTUNITY**
13                                               **COMMISSION'S MOTION FOR LEAVE**
          vs.                                    **TO FILE BRIEF AS AMICUS CURIAE**
14
15  WORKDAY, INC.,                               Date:        May 7, 2024
                                                 Time:        10:00 a.m.
16               Defendant.                      Judge:       Hon. Rita F. Lin
                                                 Courtroom:   15, 18th Floor
17

18

19

20         The Equal Employment Opportunity Commission (EEOC) requested this Court's leave to

21  file an amicus brief in this case to address important issues concerning federal anti-discrimination

22  laws that the EEOC enforces—namely, whether and how Title VII, the ADA, and the ADEA cover

23  entities that allegedly use algorithmic tools to screen and refer candidates and make automated hiring

24  decisions on behalf of employers. [ECF 60.] In opposing that request [ECF 65], Workday, Inc. does

25  not dispute that the EEOC has a significant interest in these issues. Nor does it question the EEOC's

26  experience in interpreting the statutes it enforces. Workday nonetheless asks this Court to deny the

27  EEOC's request on several grounds. None has merit.

28

1

**A.     The EEOC's proposed brief comports with the proper role of amicus curiae and may be useful to the Court.**

2      Contrary to Workday's arguments, the EEOC's proposed brief is entirely consistent with the

3   proper role of amicus curiae. "District courts frequently welcome amicus briefs from non-parties

4   concerning legal issues that have potential ramifications beyond the parties directly involved or if the

5   amicus has 'unique information or perspective that can help the court beyond the help that the

6   lawyers for the parties are able to provide.'" *Sonoma Falls Devs., LLC v. Nev. Gold & Casinos, Inc.*,

7   272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell v. Norton*, 246 F. Supp. 59, 62

8   (D.D.C. 2003)). Indeed, "[t]he 'classic role' of amicus curiae is to assist a court in a case of public

9   interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that

10  escaped consideration.'" *Cal. ex rel. Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153,

11  1163-64 (N.D. Cal. 2019) (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus., State of Mont.*, 694

12  F.2d 203, 204 (9th Cir. 1982)). In short, "[a]mici need show only that their participation is useful to

13  the court." *NetChoice, LLC v. Bonta*, No. 22-cv-08861, 2023 WL 6131619, at *1 (N.D. Cal. Sept.

14  18, 2023); *see also Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-01254, 2007 WL

15  81911, at *3 (N.D. Cal. Jan. 9, 2007) (noting that "[w]hether to allow Amici to file a brief is solely

16  within the Court's discretion, and generally courts have 'exercised great liberality'" in allowing

17  amicus briefs (citation omitted)).

18      Here, Mobley's operative complaint [ECF 47] and Workday's motion to dismiss [ECF 50]

19  invite this Court to decide as a matter of first impression whether and how federal anti-

20  discrimination laws cover entities that allegedly use algorithmic tools to screen and refer candidates

21  and make automated hiring decisions on behalf of employers. To the EEOC's knowledge, this

22  Court's decision may be the first to address these issues and thus may have considerable

23  ramifications beyond the parties in this case. The EEOC's proposed brief seeks to supplement the

24  parties' efforts by drawing the Court's attention to additional authority—including the EEOC's own

25  guidance documents—and offering additional arguments. Furthermore, as the federal agency tasked

26  with enforcing the relevant statutes, the EEOC is well situated to provide a unique perspective on

27  these issues. *See Operating Eng'rs' Loc. No. 428 Pension Tr. Fund v. Zamborsky*, 650 F.2d 196, 200

28  (9th Cir. 1981) ("[T]he amicus curiae position of an agency charged with the principal enforcement

of an act should be carefully considered."). Accordingly, the EEOC believes that its proposed brief may assist this Court in deciding how longstanding legal theories of coverage under Title VII, the ADA, and the ADEA apply to the novel circumstances presented in this case.

In urging a different outcome, Workday appears to take issue with the fact that the EEOC's proposed brief supports Mobley and opposes Workday's motion to dismiss, which it describes as "inappropriately partisan." [ECF 60 at 2-4.] But supporting a particular party—or a particular result—falls well within the scope of appropriate amicus participation. *E.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 264 F. Supp. 3d 1040, 1046 (N.D. Cal. 2017) (considering "amicus briefs in support of [plaintiff's] opposition to [defendant's] motion to dismiss").[1] Indeed, Federal Rule of Appellate Procedure 29(a)(4) requires amicus to "identify the party or parties supported and indicate whether the brief supports affirmance or reversal." Although that rule does not govern here, district courts regularly "rely on Federal Rule of Appellate Procedure 29 in addressing [amicus] requests." *Earth Island Inst. v. Nash*, No. 1:19-cv-01420, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019).[2]

---

[1] To the extent Workday suggests that this type of amicus participation is unusual, that too is inaccurate. The EEOC regularly files amicus briefs supporting a given party and urging a particular result, including in district courts. *See, e.g.*, Br. of EEOC as Amicus Curiae at 14, *Robinson v. Dignity Health*, No. 4:16-cv-03035 (N.D. Cal. Sept. 7, 2016), ECF No. 49-1 (urging district court to "hold that the complaint is sufficient to withstand Defendant's motion [to dismiss]"); Br. of EEOC as Amicus Curiae at 19, *Karmid v. Midwest Reg'l Med. Ctr., LLC*, No. 5:17-cv-00929 (W.D. Okla. Aug. 1, 2018), ECF No. 17 (urging district court to grant plaintiff's motion for reconsideration); Br. of EEOC as Amicus Curiae at 9, *Toney v. New Kensington-Arnold Sch. Dist.*, No. 2:17-cv-01285 (W.D. Pa. Feb. 20, 2018), ECF No. 30 (urging district court to deny defendant's motion to dismiss); Br. of EEOC as Amicus Curiae at 13, *Saling v. Royal*, No. 2:13-cv-1039 (E.D. Cal. May 11, 2015), ECF No. 66 (urging district court to deny defendant's motion to dismiss on timeliness grounds); Br. of EEOC as Amicus Curiae at 15, *Jamal v. Saks & Co.*, No. 4:14-cv-02782 (S.D. Tex. Jan. 22, 2015), ECF No. 17-1 (urging district court to deny defendant's motion to dismiss); Br. of EEOC as Amicus Curiae at 10, *Lewis v. High Point Reg'l Health Sys.*, No. 5:13-cv-00838 (E.D.N.C. Oct. 2, 2014), ECF No. 25 (urging district court to deny defendant's motion to dismiss); Br. of EEOC as Amicus Curiae at 15, *Chandler v. City of Lawton*, No. 5:13-cv-01082 (W.D. Okla. Dec. 23, 2013), ECF No. 15-1 (urging district court to deny defendant's motion to dismiss on certain claims).

For additional examples, *see* EEOC, Commission Appellate and Amicus Briefs, https://www.eeoc.gov/commission-appellate-and-amicus-briefs (searchable database of EEOC amicus briefs); *see also* EEOC, Amicus Curiae Program, https://www.eeoc.gov/amicus-curiae-program ("EEOC's amicus program … will consider filing an amicus brief in district court or state court if the case presents a particularly important issue that falls within EEOC's expertise.").

[2] It also bears mention that the EEOC's proposed brief does not support Mobley's opposition to Workday's motion to dismiss in its entirety. Rather, the brief addresses only Mobley's asserted theories of coverage, and it takes no position on any other issue in this case. [ECF 60 at 3.]

1    The cases on which Workday relies do not suggest otherwise. In *United States v. Michigan*,

2    940 F.2d 143, 147, 164-67 (6th Cir. 1991), for example, the Sixth Circuit held that it was improper

3    for a district court to confer "litigating amicus curiae" status, which endowed the amicus with "all of

4    the participating rights of a named party in interest to the instant controversy, including the right to

5    file pleadings, to compel discovery, to initiate contempt proceedings, to formulate and join issues, to

6    issue and enforce subpoenas, to compel attendance at compliance hearings, and to file motions to

7    modify and amend the consent decree between the named parties in interest." Similarly, in *Ashker v.*

8    *Pfeiffer*, No. 1:21-cv-00423, 2023 WL 4906766, at *1-3 (E.D. Cal. Aug. 1, 2023), the proposed

9    amicus sought to support a pro se litigant by submitting briefing *and evidence* at summary judgment,

10   and the case implicated "mostly settled legal standards." And in *Twitch Interactive, Inc. v.*

11   *Fishwoodco GmbH*, No. 22-cv-03218, 2023 WL 3751798, at *6 (N.D. Cal. May 31, 2023) (R&R),

12   the proposed amici sought to vacate arbitration awards, "arguing that they should not be bound by

13   those awards that directly affect their interests." Here, the EEOC does not seek—or desire—the

14   extraordinary powers to participate as a named party, the EEOC does not seek to submit evidence or

15   vacate some award in which it has an interest, and the issues that the EEOC seeks to address are far

16   from settled.

17   Workday's remaining arguments on this front are similarly unavailing. Workday asserts that

18   the EEOC's participation is "superfluous" because the parties are represented by counsel. [ECF 65 at

19   4.] But district courts regularly allow amicus participation when the parties are represented by

20   counsel—as noted above, amicus briefs may help courts by "*supplementing* the efforts of counsel."

21   *Cal. ex rel. Becerra*, 381 F. Supp. 3d at 1163-64 (emphasis added) (quoting *Miller-Wohl Co.*, 694

22   F.2d at 204); *see also NetChoice, LLC*, 2023 WL 6131619, at *1 (accepting amicus briefs that

23   "rounded out the arguments presented by the parties," who were represented by counsel). Workday

24   asserts that "the EEOC's brief merely repeats the arguments made by [Mobley's] counsel." [ECF 65

25   at 2.] But a review of the briefs reveals that the EEOC seeks to offer a unique perspective on the

26   issues it addresses. *Compare* ECF 59, *with* ECF 60-1; *see also California v. Bureau of Land Mgmt.*,

27   612 F. Supp. 3d 925, 951 n.15 (N.D. Cal. 2020) (appeals filed) (granting motion for leave to file

28

1    amicus brief that "present[ed] unique arguments regarding" issue raised by parties).[3] And Workday

2    does not explain how allowing the EEOC to participate as amicus would allow Mobley to

3    improperly circumvent page limitations. *Cf. Duronslet v. Cnty. of Los Angeles*, No. 2:16-cv-08933,

4    2017 WL 5643144, at *2 (C.D. Cal. Jan. 23, 2017) ("Absent a showing that Plaintiff and Lambda

5    Legal are coordinating with each other for an improper purpose (e.g., to evade page limits on briefs,

6    etc.), the Court sees no reason why this should prevent Lambda Legal's participation as an

7    amicus.").

8           **B.      Workday fails to show that the EEOC's participation as amicus curiae would**
             **prejudice the parties or cause delay.**
9

10          The EEOC's participation as amicus will not prejudice Workday, notwithstanding its claims

11   to the contrary. [ECF 65 at 6.] The EEOC's participation would not alter the briefing schedule or the

12   hearing date on Workday's motion to dismiss, nor would it delay any other event in this case. And

13   although Workday argues that it did not have sufficient time to address the EEOC's arguments in its

14   reply brief, Workday has now submitted a full response to the proposed amicus brief. [ECF 65 at 8-

15   28.] The EEOC does not oppose Workday's request that this Court consider Workday's response to

16   the EEOC's brief. Under these circumstances, Workday cannot credibly maintain that it will be

17   prejudiced by the EEOC's proposed amicus brief.

18          Workday suggests that the timing of the EEOC's motion was "suspicious." [ECF 65 at 6.]

19   But the EEOC filed its motion in accordance with the timeframe set forth in Federal Rule of

20   Appellate Procedure 29(a)(6), which provides that "[a]n amicus curiae must file its brief,

21   accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of

22   the party being supported is filed." Where, as here, the local rules do not set a deadline for amicus

23   briefs, district courts often look to Rule 29 in assessing the timeliness of amicus requests. *See, e.g.*,

24   *United States v. State Water Res. Control Bd.*, No. 2:19-cv-000547, 2020 WL 9144006, at *3 (E.D.

25   Cal. Apr. 23, 2020) (motion for leave to file amicus brief was timely when it was filed one week

26

27   [3] As just one example, while Mobley appears to argue that Workday recruits or "sources" job
     candidates for its employer-clients [ECF 59 at 15-16], the EEOC's amicus brief explains that an
     entity need not engage in recruitment activities to qualify as an employment agency [ECF 60-1 at
28   13-14].

1   after supplemental brief supported by amicus); *Wagafe v. Biden*, No. 17-cv-00094, 2022 WL

2   457983, at *2 (W.D. Wash. Feb. 15, 2022) (rejecting defendants' "quasi-timeliness argument" where

3   proposed amicus brief "was submitted seven days after Plaintiff's principal brief in opposition to

4   Defendants' cross motion for summary judgment").

5        Here, Mobley filed his opposition to Workday's motion to dismiss on April 2 [ECF 59], and

6   the EEOC filed its motion for leave and accompanying brief seven days later on April 9 [ECF 60].

7   The timing of the EEOC's motion was thus appropriate.

8                          *        *        *

9        For the foregoing reasons and those stated in the EEOC's motion for leave to file a brief as

10   amicus curiae, the EEOC respectfully requests that this Court grant its motion for leave and accept

11   its proposed amicus brief for filing.

12

13   Dated: April 30, 2024

14                             KARLA GILBRIDE
                              General Counsel

15

16                             JENNIFER S. GOLDSTEIN
                              Associate General Counsel

17                             DARA S. SMITH
                              Assistant General Counsel

18

19                           BY:  */s/ Steven Winkelman*

20                              STEVEN WINKELMAN
                              Attorney

21                              U.S. EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION

22                              Office of General Counsel
                              131 M Street N.E., 5th Floor

23                              Washington, D.C. 20507
                              Telephone (202) 921-2564

24                              steven.winkelman@eeoc.gov

25                     *Attorneys for EEOC as Amicus Curiae*

26

27

28