# EXHIBIT A

# PART THREE OF FIVE

18. <u>On July 28, 2025, K.D. shared with her therapist that her father (Petitioner, Varadarajan Dwarakanath), had also sexually abused her as child</u>. I am informed that K.D. shared specific details of the abuse and that her therapist made a report to California CWS. Despite the emotional pain and embarrassment of making this revelation, K.D. was brave enough to do it. I promised to help K.D. and keep her safe as well

19. These incidents of abuse have been reported to CWS in California and to Department of Family and Protective Services in Texas (Case #. [redacted]). They have also been reported to Los Altos, CA Police Department (Case #. [redacted]) and Houston Police Department (Case #. [redacted])

20. Both our daughters have expressed that they want to remain in California and continue living and going to school here. They have also expressed that they do not want any further contact with their father at this time given the abuse. I understand and support them in this decision.

21. On June 27, 2025, Father through his Texas attorney requested that I agree the children not be unenrolled from their current school placements. At the time the children were already enrolled in California schools.

22. On August 11, 2025, Father changed his tactics and asked the court to remove the children from California and return them to Texas. My Texas attorney objected to this.

23. The current order in Texas is that the children should NOT be unenrolled from their current placement, which is in California by not only the prior agreement of the parents, as well as the court's previous order that the children not be unenrolled. No other orders have been signed by a Judge in Texas, which in Texas is required to make an enforceable order.

24. On August 11, 2025, the Texas oral ruling to return the children to Texas was made by an associate judge. However a ruling alone is not an enforceable order in Texas, until the presiding Judge signs the order, which never happened. Additionally, my Texas attorney filed a request for de novo review to the presiding judge, which stays any rulings or actions from the associate judge. Furthermore, Father's Texas attorney failed to file a motion to modify the temporary injunction, therefore the issue should not have been before the court that day at all.

Doc ID: a02727e9739d88f9e9a2360ffc553198787414d6

25. K.D. is enrolled with UC Davis, and M.D. has been enrolled with VCHD since March 30, 2025, and M.D. has been attending VCHD since August 13, 2025. During the hearing Father made many false statements including repeatedly saying that he had no contact with M.D. since June 6. The truth is that M.D. and Father were exchanging brief text messages in late July and early August. (**Exhibit E**).

26. On August 13, 2025, K.D. and M.D. both filed Domestic Violence Temporary Restraining Orders (DVTRO), as self-represented litigants against Father. (See DV-100 Request for Domestic Violence Restraining Order by K.D. filed Aug. 13, 2025 ; and DV-100 by M.D. K.D. filed Aug. 13, 2025, ),

27. Both the girls' temporary restraining orders were denied, possibly due to the jurisdictional issues raised in Father's ex parte application to this court. A "prove up" hearing has been set for September 3, 2025, for both DVTROs.

28. K.D. and M.D. have informed me that they wish to speak directly to the California judge. Given they are of ages 17 (K.D.) and 14 (M.D.), I am informed that they have a statutory right to do so in California.

29. M.D. has repeatedly told Father that she wants to stay in California. After Father reached out to her to wish her a happy birthday in July 2025, she shared once again that it is her dream to go to school at VCHS in California. (See **Exhibit E**).

**C. Safety Concerns and the Children's Disclosures**

30. I have very serious safety concerns for our daughters with regards to any contact with Father, given what they have shared about his sexual abuse. The girls shared that they recall numerous times when Father would masturbate in front of them. M.D. recalls Father painfully twisting her nipples. Much of the abuse occurred when I was travelling for family related reasons to India.

31. The abuse suffered by the children points to why Father is taking his aggressive approach to our divorce litigation in both Texas and California. He made untruthful claims that I "kidnapped" our children, when it is plainly apparent that I did not. He further made even more outlandish claims that I had joined a "cult" and somehow "brainwashed" our children, which is

also not true.

32. None of Father's "cult claims" hold any validity. I have been receiving preventive wellness treatment, (including meditation) from AUM Ayurveda since February 2021. (See **Exhibit F**). Father knew about this very well and supported my taking K.D. to these treatments since December 2021. M.D. also started receiving these holistic treatments in March 2022. Both our children benefited immensely from this treatment, which Father has repeatedly acknowledged. Father even started receiving this holistic treatment himself in August 2023 and has acknowledged his positive experiences. Everyone receiving these treatments signs a disclaimer stating that they understand the scope of it. My signed disclaimer is attached here. Father's "cult claims" are therefore baseless and an unconstitutional assault on my First Amendment Rights, amounting to nothing more than a "Red Herring."

33. Father knew he abused our children and I think he feared that when K.D. spoke out against Grandfather, she would also speak out against him. It is my assessment that Father is using his false claims against AUM Ayurveda to unfairly and falsely discredit me and silence our children. His "scorch the earth" tactics now make sense; he was trying to "pregame" a defense because he knew what he did to our daughters. This is litigation gamesmanship at the expense of our children, and abhorrent legal conduct.

**D. Related Texas Proceedings and Jurisdictional Complications**

34. As I stated above, there is a Texas family-law action filed in Harris County. (Please take judicial notice of Petitioner's Texas Petition for Divorce filed June 6, 2025).

35. On Aug. 5, 2025, Father and I agreed through our counsel to mediate, but were unsuccessful.

36. On August 11, 2025, Father and I appeared before a Texas Associate Judge. The associate judge made interim oral orders for the children to be returned to Texas, but I believe did so without knowledge of the children's sexual abuse allegations against Father, and without knowledge of the fact that M.D. has been enrolled at VCHS since March 30, 2025, and was scheduled to start school in California on August 13, 2025.

///

37. On August 12, 2025, my Texas family law attorney filed an Emergency Motion to Stay/Suspend Enforcement of the Associate Judge's Temporary Orders and Request for Temporary Protective Order and a Request for De Novo Hearing and to Abate Further Proceedings.

38. On August 15, 2025, my Texas family law attorney further filed my response to Petitioner's Motion to Confer with Children, as well as my response to Petitioner's Motion to Enter Band Aid Order, both requesting de novo review by the Texas presiding Judge.

39. I respectfully request this court take judicial notice of the Texas court filings, as they indicate that the Texas order for the return of the children to Texas remains in dispute and has not been actualized into an enforceable final order by the Texas Court at this time. Attached is a letter written by my Texas attorney to VCHS explaining the stay of the outcome of hearing on August 11, 2025 (**See Exhibit G**)

40. Furthermore, I am informed that the Texas Court will hold a UCCJEA hearing on the issue of child custody jurisdiction given the complex fact pattern in this case.

**E. Respondent- Mother's Requests for Ex Parte Orders**

31. I respectfully request this court:

(i) Immediately exercise California's emergency jurisdiction over our M.D. and allow her to remain in California and attending VCHS, where she is safe and thriving in her ongoing school placement; (ii) Appoint the Children's aunt Suchitra Subrahmanyan as their Guardian Ad Litem for the children; (iii) Appoint Minor's Counsel for the children; (iv) Allow the children to speak directly to the Court in chambers, without the presence of either parent; (v) Confer with the Texas court with regard to the UCCJEA jurisdictional issue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08 / 18 / 2025

S.S.,
Respondent- Mother

## Ayurvedic Disclaimer

This is a disclaimer that I am warranted to have every client sign by law.

Name: S.S.

Date of Bi REDACT REDACT

Address:

Tel No:

Email:

Date of commencement of treatment:

**Notice, Information, and Disclaimer**

This is with regard to the Ayurvedic treatment and consultation that you have with Vaidya Priyanka. "Califon State law allows any person to provide nutritional advice concerning proper nutrition - which is the giving of advice as to the role of food and food ingredients, including Dietary Supplements. This State Law does NOT confer authority to practice medicine or to undertake the diagnosis, prevention, treatment or cure of any disease, pain, deformity, injury, or physical or mental condition and specifically does not authorize any persc other than one who is a licensed health practitioner to state that any product might cure any disease, disorde or condition." Vaidya Priyanka is a resident of the State of California.

Please note that Vaidya Priyanka is not medically trained and does not wish to make any representations otherwise. She is from a 700 year old lineage of women Ayurvedic healers and is trained in the ancient systen of Ayurveda from Kerala, India. She is not a licensed health care practitioner in the State of California.

Please note that in the Ayurvedic Wellness consultation, the Ayurvedic consultant offers holistic life style guidance and nutritional modifications and suggestions, based upon the ancient wisdom of Ayurveda. The various body treatments, aromatic, herbal and body and skin treatments performed on the client (with the explicit request of the client) are not intended to diagnose, cure, treat or prevent any disease. All the treatments are relaxation inducing and fostering of well being and calm.

Vaidya Priyanka heals through foods, oils, aromatherapy, Marma therapy and meditation. She also uses Ayurvedic herbs in her treatment. Please note that certain un-foreseeable side effects and anomalies can occı during and after treatment.

Vaidya Priyanka cannot be held responsible for any complications that may arise.

Please consult your physician if you are pregnant, nursing, have sensitive skin, known allergies or implants.

Ayurveda is not a substitute for medical advice but only to apprise the client of Ayurveda healing modality anc its varied applications. The advice of a qualified health care professional is recommended.

Vaidya Priyanka cannot be held responsible in case of any emergency or condition of medical nature. All information discussed during the consultation and the period of treatment will remain confidential unless your permission is given (verbal and written) to be used as a case study. This Ayurvedic disclaimer is valid in North America, South America, Europe, Asia, and Africa.

Thank you,

Vaidya Priyanka

Signature of Client:

Print Name: S.S.

Date: 2/20/21

000021


Hoover ♦ Krepelka, LLP
TRAVIS I. KREPELKA, SBN 238180
*Certified Family Law Specialist*
JESSIE J. SMITH, SBN 341071
WENDY CHAO, SBN 351560
1520 The Alameda, Suite 200
San Jose, California 95126
(408) 947-7600

**Counsel for Petitioner,**
**VARADARAJAN DWARAKANATH**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| Matter of:<br><br>VARADARAJAN DWARAKANATH,<br><br>Petitioner,<br><br>and<br><br>S.S.,<br><br>Respondent. | Case No.: [redacted]<br><br>**Petitioner / Father's Update and Hearing Brief**<br><br>Date: 8/19/2025<br>Time: 10:00 a.m.<br>APJ: Hon. Johnene Stebbins<br>Dept: 64 |

I, VARADARAJAN DWARAKANATH, do declare as follows:

1. I am the Petitioner/Father in the matter herein and if called to testify would competently do so as follows from my personal knowledge, or upon information available to me and my belief in the veracity thereof.

2. I respectfully submit the following *Update and Hearing Brief* in advance of the hearing on my *ex parte Request for Order* filed on 7/14/2025, which was continued to 8/19/2025 at 10:00 a.m. for a status update on service of Respondent S.S. S.S. (hereinafter "Mother"). On 8/04/2025, the process server successfully personally served Respondent at an address associated with AUM Ayurveda, the cult aforementioned and discussed in my *ex parte RFO*, which has destroyed our family and kidnapped our children, in Los Altos, California. [See Exhibit 1 – *Proof of Personal Service of Summons* filed 8/05/2025].

3. ***On 8/11/2025, the Harris County, Texas Court in Houston heard my emergency motion and, citing serious concerns for the minor children's (K.D. (d.o.b. 11/26/2007, age 17) and M.D. (d.o.b. 07/21/2011, age 14)) health and safety in Mother's care, ordered that both children be returned to me in Harris County, Texas, by 5:00 p.m. on 8/12/2025. Mother was represented by counsel, appeared, and participated in this hearing***. [See Exhibit 2 – *Harris County Docket Sheet Entries*].

4. The Texas Court exercised temporary emergency jurisdiction over our older child (K.D.) and granted me the exclusive right to determine the children's primary residence (restricted to Harris County) and to make educational, medical, psychiatric, and psychological decisions. The Court further prohibited any communication between the children and Vaidyaji Priyanka (the aforementioned cult leader – please see my 7/14/2025 *ex parte RFO* for further details) or her associates, and scheduled the children to be interviewed on 8/18/2025.

5. These orders, issued under the Texas Court's home state jurisdiction over M.D. and temporary emergency jurisdiction over K.D. pursuant to the UCCJEA, were made in direct response to the immediate threats to the children's safety. Given that the Texas Court has assumed jurisdiction, conducted a hearing, and entered temporary orders to protect the children, it is that much more obviously the best court positioned to address all issues involving the minor children going forward.

6. *Mother did not comply with these orders*. The children remain in California – I do not know precisely where or under whose care.

**RELIEF REQUESTED**

7. In light of the Texas Court's 8/11/2025 orders, I respectfully request that this Court:

   a. **TAKE JUDICIAL NOTICE** that Harris County, Texas, has jurisdiction over the custody and visitation of both children pursuant to the UCCJEA (in California, Family Code Section 3421), as *both* children are ordered to return to and reside in