UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 50 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Workday, Inc.'s motion to dismiss, set for May 7, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. Imagine a scenario in which a software vendor intentionally provides employers a tool that the vendor knows automatically screens out all applicants who previously attended historically black colleges when recommending candidates to be considered for interviews. The employers have no idea that the software contains this functionality. According to Workday's interpretation of Title VII, would any entity be liable for this act of intentional discrimination?

2. The parties agree that a defendant would be liable as an employer's agent if the defendant "exercised an administrative function traditionally exercised by the employer." *Raines v. U.S. Healthworks Med. Grp.*, 15 Cal. 5th 268, 288 (2023) (collecting federal cases). (*See* Dkt. No. 50 at 15 (citing *Raines*).)[1] Is the decision to reject a job candidate rather than invite them for an interview an

---

[1] Page numbers refer to the ECF pagination.

1

"administrative function traditionally exercised by the employer" in its hiring process?

3. Mobley alleges that "Workday embeds artificial intelligence ('AI') and machine learning ('ML') into its algorithmic decision-making tools, enabling these applications to make hiring decisions." (FAC ¶ 99.) He alleges that the "Workday Assessment Connector" screens applicants using algorithms that incorporate "pymetrics" that are "trained on incumbent employees," and that this process injects bias into the hiring process. (FAC ¶¶ 100–02.) Are those allegations sufficient to state a claim that Workday has designed its tools to actively participate in the decisionmaking process, rather than simply automating criteria preset by employers?

4. Do the parties agree that a claim against an "agent" of an employer would proceed under the "employer" prong of Title VII and the ADA, rather than under the "employment agency" prong? Accordingly, do the parties agree that a disparate impact claim would be available against such an "agent"?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: May 2, 2024

RITA F. LIN
United States District Judge