1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  KAYLA D. GRUNDY (STATE BAR NO. 300513)
   kgrundy@orrick.com
4  ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
   aelliott@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5759
8

9  Attorneys for Defendant
   WORKDAY, INC.
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  DEREK L. MOBLEY, for and on behalf of          Case No. 3:23-cv-00770-RFL
    himself and other persons similarly situated;
15                                                 **DEFENDANT WORKDAY, INC.'S**
              Plaintiff,                           **ANSWER TO PLAINTIFF'S FIRST**
16                                                 **AMENDED COMPLAINT**
         v.
17
    WORKDAY, INC.
18
              Defendant.
19

20

21

22

23

24

25

26

27

28

Defendant Workday, Inc. ("Workday") hereby answers Plaintiff Derek L. Mobley's ("Plaintiff") First Amended Class Action Complaint ("FAC") as follows:

## NATURE OF COMPLAINT

As to the paragraphs contained in the section of the FAC entitled "Nature of Complaint," Workday admits that it provides human resource management services to its customers which include medium and large organizations that span a diverse array of industries, including those referenced in the FAC. Workday admits that its customers may purchase a subscription to Workday's services and that Workday's software was used to process 2.2 million job requisition transactions in May 2023, representing nearly 22% of all U.S. job openings that month. As to the remainder of the allegations in the "Nature of Complaint," Workday denies the allegations, or lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies the allegations.

## JURISDICTION AND VENUE

1.      As to paragraph 1 of the FAC, Workday admits that this Court has jurisdiction over Plaintiff's claims, but denies that Workday is a covered entity under 42 U.S.C §§ 2000d-2, 2000e-5(f) and 29 U.S.C. § 621. Because this Court has already dismissed Plaintiff's state law claims, Plaintiff's allegations concerning supplemental jurisdiction are irrelevant and do not require a response.

2.      As to paragraph 2 of the FAC, Workday admits that Congress has passed anti-discrimination laws. Workday denies that these laws govern Plaintiff's claims against it based on the allegations set forth in the FAC because Workday is not an entity to which the statutes cited in paragraph 2 applies.

3.      As to paragraph 3 of the FAC, Workday admits that it is located in the Northern District of California. Workday lacks information sufficient to form a belief about the truth of the allegation that the acts complained of occurred in the Northern District of California, and on that basis, Workday denies these allegations.

/ / /

1

**PARTIES**

2       4.      As to paragraph 4 of the FAC, Workday lacks information sufficient to form a

3   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

4       5.      As to paragraph 5 of the FAC, Workday admits that its headquarters is located at

5   6110 Stoneridge Mall Road, Pleasanton, California. The Court dismissed Plaintiff's allegations

6   that Workday is an employment agency. *See* Dkt No. 80. Therefore, these allegations are

7   irrelevant. Nevertheless, except as expressly admitted, Workday denies each and every allegation

8   in paragraph 5.

9            **CONDITIONS PRECEDENT TO SUIT UNDER**

10              **TITLE VII, THE ADEA AND THE ADAAA**

11      6.      As to paragraph 6 of the FAC, Workday admits Plaintiff satisfied the

12  administrative prerequisites to bring a disparate impact claim. Except as expressly admitted,

13  Workday denies each and every allegation in paragraph 6.

14      7.      As to paragraph 7 of the FAC, the Court dismissed Plaintiff's 42 U.S.C. § 1981

15  claim. *See* Dkt No. 80. Therefore, this allegation is irrelevant. Nevertheless, the allegations

16  contain only legal conclusions to which no response is required, and on that basis, Workday

17  denies them.

18              **CLASS ACTION ALLEGATIONS**

19      8.      As to paragraph 8 of the FAC, the allegations concerning the federal rules under

20  which Plaintiff brings his claim, the subclasses of individuals he seeks to represent, and the legal

21  theories underlying his claim are legal conclusions to which no response is required, and on that

22  basis, Workday denies them. Workday further denies each and every other allegation in paragraph

23  8.

24      9.      As to paragraph 9 of the FAC, the allegations contain only legal conclusions to

25  which no response is required, and on that basis, Workday denies them.

26      10.     As to paragraph 10 of the FAC, the allegations contain only legal conclusions to

27  which no response is required, and on that basis, Workday denies them.

28

11.     As to paragraph 11 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

12.     As to paragraph 12 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

13.     As to paragraph 13 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

14.     As to paragraph 14 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

15.     As to paragraph 15 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

16.     As to paragraph 16 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

17.     As to paragraph 17 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

18.     As to paragraph 18 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**CLAIMS OF REPRESENTATIVE PLAINTIFF**

19.     As to paragraph 19 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

20.     As to paragraph 20 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

21.     As to paragraph 21 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

22.     As to paragraph 22 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

23.     As to paragraph 23 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

24.     As to paragraph 24 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

25.     As to paragraph 25 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

26.     As to paragraph 26 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

27.     As to paragraph 27 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

28.     As to paragraph 28 of the FAC, Workday denies the allegations contained therein.

29.     As to paragraph 29 of the FAC, Workday denies that discrimination is perpetuated by any algorithmic model that it offers. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis, Workday denies these allegations.

30.     As to paragraph 30 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

31.     As to paragraph 31 of the FAC, Workday admits that an applicant tracking system is software that can enable employers to manage their recruiting and that employers may have the option to integrate external services, such as job boards, with their applicant tracking system. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations in paragraph 31, and on that basis, Workday denies these allegations.

32.     As to paragraph 32 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

33.     As to paragraph 33 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

34.     As to paragraph 34 of the FAC, Workday denies that any of its products have a discriminatory effect. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations in paragraph 34, and on that basis, Workday denies these allegations.

35.     As to paragraph 35 of the FAC, Workday denies that any of its products have a discriminatory effect. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations in paragraph 35, and on that basis, Workday denies these allegations.

36.     As to paragraph 36 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

37.     As to paragraph 37 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

38.     As to paragraph 38 of the FAC, Workday denies the allegations contained therein.

39.     As to paragraph 39 of the FAC, Workday denies the allegations contained therein.

40.     As to paragraph 40 of the FAC, Workday denies that any of its products reinforce or exacerbate discrimination. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

41.     As to paragraph 41 of the FAC, Workday admits that a 2019 study assessed algorithmic bias in healthcare settings. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

42.     As to paragraph 42 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, including the source of the quote contained in paragraph 42, and on that basis, Workday denies these allegations.

43.     As to paragraph 43 of the FAC, Workday admits Kelly Slaughter was quoted as having made the alleged statement contained therein. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

44.     As to paragraph 44 of the FAC, Workday admits that the California Department of Insurance released the bulletin described in paragraph 44 which included the quote attributed therein. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

45.     As to paragraph 45 of the FAC, Workday denies the allegations contained therein.

46.     As to paragraph 46 of the FAC, Workday admits that the quoted language appears in the internet article Plaintiff references in footnote 2. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

47.     As to paragraph 47 of the FAC, Workday admits that the quote and image in paragraph 47 is accurately transcribed from the cited source. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

48.     As to paragraph 48 of the FAC, Workday admits that the quote in paragraph 48 is accurately transcribed from the cited source. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

49.     As to paragraph 49 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

50.     As to paragraph 50 of the FAC, Workday admits the allegations contained therein.

51.     As to paragraph 51 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

52.     As to paragraph 52 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

53.     As to paragraph 53 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

54.     As to paragraph 54 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

55.     As to paragraph 55 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

56.     As to paragraph 56 of the FAC, Workday denies that it offers or administers any assessments and/or personality tests. As to the remaining allegations, Workday lacks information

1    sufficient to form a belief about the truth of the allegations.

2    57.    As to paragraph 57 of the FAC, Workday denies that it offers or administers any

3    assessments and/or personality tests. Workday otherwise lacks information sufficient to form a

4    belief about the truth of the allegations, and on that basis, Workday denies these allegations.

5    58.    As to paragraph 58 of the FAC, Workday denies that it offers or administers any

6    assessment or personality tests. Workday otherwise lacks information sufficient to form a belief

7    about the truth of the allegations, and on that basis, Workday denies these allegations.

8    59.    As to paragraph 59 of the FAC, Workday denies that it offers or administers any

9    assessments or tests. Workday otherwise lacks information sufficient to form a belief about the

10   truth of the allegations, and on that basis, Workday denies these allegations.

11   60.    As to paragraph 60 of the FAC, Workday denies that it offers or administers any

12   assessments or tests. Workday otherwise lacks information sufficient to form a belief about the

13   truth of the allegations, and on that basis, Workday denies these allegations.

14   61.    As to paragraph 61 of the FAC, Workday lacks information sufficient to form a

15   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

16   62.    As to paragraph 62 of the FAC, Workday lacks information sufficient to form a

17   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

18   63.    As to paragraph 63 of the FAC, Workday lacks information sufficient to form a

19   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

20   64.    As to paragraph 64 of the FAC, Workday lacks information sufficient to form a

21   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

22   65.    As to paragraph 65 of the FAC, Workday lacks information sufficient to form a

23   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

24   66.    As to paragraph 66 of the FAC, Workday lacks information sufficient to form a

25   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

26   67.    As to paragraph 67 of the FAC, Workday lacks information sufficient to form a

27   belief about the truth of the allegations, and on that basis, Workday denies these allegations.

28

68.     As to paragraph 68 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

69.     As to paragraph 69 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

70.     As to paragraph 70 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

71.     As to paragraph 71 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

72.     As to paragraph 72 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

73.     As to paragraph 73 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

74.     As to paragraph 74 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

75.     As to paragraph 75 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

76.     As to paragraph 76 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

77.     As to paragraph 77 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

78.     As to paragraph 78 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

79.     As to paragraph 79 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

80.     As to paragraph 80 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

81.     As to paragraph 81 of the FAC, Workday lacks information sufficient to form a

belief about the truth of the allegations, and on that basis, Workday denies these allegations.

82.     As to paragraph 82 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

83.     As to paragraph 83 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

84.     As to paragraph 84 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

85.     As to paragraph 85 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

86.     As to paragraph 86 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

87.     As to paragraph 87 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

88.     As to paragraph 88 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

89.     As to paragraph 89 of the FAC, Workday admits that its customers include medium-sized and large, global organizations across numerous industries including those industries described in paragraph 89. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

90.     As to paragraph 90 of the FAC, Workday admits that customers can purchase subscriptions to its software offerings and related services. Workday otherwise denies these allegations, including that the software offerings enable companies to delegate their human resource hiring functions to Workday.

91.     As to paragraph 91 of the FAC, Workday denies the allegations contained therein.

92.     As to paragraph 92 of the FAC, Workday denies that Workday denied Plaintiff or any putative class member employment at an employer unless they "participated in the Workday platform." Workday otherwise lacks information sufficient to form a belief about the truth of the

1    allegations, and on that basis, Workday denies these allegations.

2        93.    As to paragraph 93 of the FAC, Workday admits that it has ongoing relationships

3    with its customers but denies that it has significantly engaged in its customers' process of hiring

4    employees.

5        94.    As to paragraph 94 of the FAC, Workday admits the quoted statement can be

6    found within a product-specific document accessible via its website.

7        95.    As to paragraph 95 of the FAC, Workday denies the allegations therein.

8        96.    As to paragraph 96 of the FAC, Workday admits that the quoted language appears

9    in Workday's 2023 Annual Report Pursuant to the Securities and Exchange Act of 1934.

10   Workday denies that this quoted language appears in its marketing materials.

11       97.    As to paragraph 97 of the FAC, Workday admits that it has ongoing relationships

12   with its customers. Workday otherwise denies the allegations contained in paragraph 97.

13       98.    As to paragraph 98 of the FAC, Workday denies that Workday screens prospective

14   employees for its customers. Workday otherwise lacks information sufficient to form a belief

15   about the truth of the allegations, and on that basis, Workday denies these allegations.

16       99.    As to paragraph 99 of the FAC, Workday admits that some of its tools include

17   components that use artificial intelligence and/or machine learning. Workday denies that any of

18   its tools make hiring decisions.

19       100.   As to paragraph 100 of the FAC, Workday admits that employers can use some of

20   its products to permit incumbent employees to make referrals or recommendations. As to the

21   remaining allegations in paragraph 100, Workday denies them.

22       101.   As to paragraph 101 of the FAC, Workday admits that employers can purchase

23   third-party features, such as the Workday Assessment Connector, which is marketed as allowing

24   customers, with configuration, to make predictive, bias-free hiring assessments. Workday

25   otherwise lacks information sufficient to form a belief about the truth of the allegations, and on

26   that basis, Workday denies these allegations.

27       102.   As to paragraph 102 of the FAC, Workday lacks information sufficient to form a

28

1    belief about the truth of the allegations, and on that basis, Workday denies these allegations.

2          103.    As to paragraph 103 of the FAC, Workday denies the allegations therein.

3          104.    As to paragraph 104 of the FAC, Workday denies the allegations therein.

4          105.    As to paragraph 105 of the FAC, Workday admits that algorithmic decision

5    making and potential bias have been the subject of literature. Workday otherwise lacks

6    information sufficient to form a belief about the truth of the allegations, and on that basis,

7    Workday denies these allegations.

8          106.    As to paragraph 106 of the FAC, Workday lacks information sufficient to form a

9    belief about the truth of the allegations, and on that basis, Workday denies these allegations.

10         107.    As to paragraph 107 of the FAC, Workday denies the allegations therein.

11         108.    As to paragraph 108 of the FAC, Workday denies the allegations therein.

12         109.    As to paragraph 109 of the FAC, Workday denies the allegations therein.

13         110.    As to paragraph 110 of the FAC, Workday denies the allegations therein.

14         111.    As to paragraph 111, of the FAC, Workday admits that the quoted statement

15    appears on its website.

16         112.    As to paragraph 112 of the FAC, Workday denies the allegations therein.

17         113.    As to paragraph 113 of the FAC, Workday lacks information sufficient to form a

18    belief about the truth of the allegations, and on that basis, Workday denies these allegations.

19         114.    As to paragraph 114 of the FAC, Workday denies the allegations therein.

20         115.    As to paragraph 115 of the FAC, Workday denies the allegations therein.

21         116.    As to paragraph 116 of the FAC, Workday denies the allegations therein.

22         117.    As to paragraph 117 of the FAC, Workday denies the allegations therein.

23         118.    As to paragraph 118 of the FAC, the allegations contain only legal conclusions to

24    which no response is required, and on that basis, Workday denies them.

25         119.    As to paragraph 119 of the FAC, Workday denies that any individual has been

26    subjected to an unlawfully discriminatory process by Workday. Workday otherwise lacks

27    information sufficient to form a belief about the truth of the allegations and on that basis,

28

- 12 -

Workday denies these allegations.

120.    As to paragraph 120 of the FAC, Workday denies the allegations therein.

121.    As to paragraph 121 of the FAC, Workday denies the allegations therein.

122.    As to paragraph 122 of the FAC, Workday denies the allegations therein.

123.    As to paragraph 123 of the FAC, the allegations contain only legal conclusions and quotations to which no response is required.

124.    As to paragraph 124 of the FAC, the Court dismissed Plaintiff's allegations that Workday is an employment agency. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies them.

125.    As to paragraph 125 of the FAC, Workday denies the allegations therein.

126.    As to paragraph 126 of the FAC, Workday denies the allegations therein.

127.    As to paragraph 127 of the FAC, Workday denies the allegations therein.

128.    As to paragraph 128 of the FAC, Workday denies the allegations therein.

129.    As to paragraph 129 of the FAC, Workday denies the allegations therein.

**CLASS CLAIMS**

**COUNT ONE**

**Intentional Employment Discrimination in**

**Violation of Title VII of the Civil Rights Act of 1964**

130.    As to paragraph 130 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant.  Nevertheless, Workday incorporates its responses to the paragraphs referenced in paragraph 130.

131.    As to paragraph 131 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

132.    As to paragraph 132 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

133.     As to paragraph 133 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

134.     As to paragraph 134 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

135.     As to paragraph 135 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

136.     As to paragraph 136 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

137.     As to paragraph 137 of the FAC the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

## COUNT TWO

**Disparate Impact Discrimination on the**

**Basis of Race and Disability in Violation of Title VII**

**of the Civil Rights Act of 1964, and the ADA Amendments Act of 2008**

138.     As to paragraph 138 of the FAC, Workday incorporates its responses to the paragraphs referenced in paragraph 138.

139.     As to paragraph 139 of the FAC, Workday denies the allegations therein.

140.     As to paragraph 140 of the FAC, Workday denies the allegations therein.

141.     As to paragraph 141 of the FAC, Workday denies the allegations therein.

142.     As to paragraph 142 of the FAC, Workday denies the allegations therein.

143.     As to paragraph 143 of the FAC, Workday denies the allegations therein.

144.     As to paragraph 144 of the FAC, Workday denies the allegations therein.

145.    As to paragraph 145 of the FAC, Workday denies the allegations therein.

**COUNT THREE**

**Intentional Discrimination**

**Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(1)**

146.    As to paragraph 146 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday incorporates its responses to the paragraphs referenced in paragraph 146.

147.    As to paragraph 147 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Additionally, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

148.    As to paragraph 148 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

149.    As to paragraph 149 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

150.    As to paragraph 150 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

151.    As to paragraph 151 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

152.    As to paragraph 152 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

/ / /

1

## **<u>COUNT FOUR</u>**

2

### **Disparate Impact Discrimination**

3

### **Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(2)**

4        153.    As to paragraph 153 of the FAC, Workday incorporates its responses to the

5   paragraphs referenced in paragraph 153.

6        154.    As to paragraph 154 of the FAC, Workday denies the allegations therein.

7        155.    As to paragraph 155 of the FAC, Workday denies the allegations therein.

8        156.    As to paragraph 156 of the FAC, Workday denies the allegations therein.

9        157.    As to paragraph 157 of the FAC, Workday denies the allegations therein.

10        158.    As to paragraph 158 of the FAC, Workday denies the allegations therein.

11

## **<u>COUNT FIVE</u>**

12

### **Intentional Discrimination**

13

### **42 U.S.C. § 1981**

14        159.    As to paragraph 159 of the FAC, the Court dismissed Plaintiff's intentional

15   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

16   Workday incorporates its responses to the paragraphs referenced in paragraph 159.

17        160.    As to paragraph 160 of the FAC, the Court dismissed Plaintiff's intentional

18   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

19   Workday denies the allegations.

20        161.    As to paragraph 161 of the FAC, the Court dismissed Plaintiff's intentional

21   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

22   Workday denies the allegations.

23        162.    As to paragraph 162 of the FAC, the Court dismissed Plaintiff's intentional

24   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

25   Workday denies the allegations.

26        163.    As to paragraph 163 of the FAC, the Court dismissed Plaintiff's intentional

27   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

28

1   Workday denies the allegations.

2       164.      As to paragraph 164 of the FAC, the Court dismissed Plaintiff's intentional

3   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

4   Workday denies the allegations.

5       165.      As to paragraph 165 of the FAC, the Court dismissed Plaintiff's intentional

6   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

7   Workday denies the allegations.

8       166.      As to paragraph 166 of the FAC, the Court dismissed Plaintiff's intentional

9   discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

10  Workday denies the allegations.

11                              **<u>COUNT SIX</u>**

12          **Aiding and Abetting Race, Disability, and Age Discrimination**

13                        **Cal. Gov. Code § 12940(I)**

14      167.      As to paragraph 167 of the FAC, the Court dismissed Plaintiff's aiding and

15  abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

16  Workday incorporates its responses to the paragraphs referenced in paragraph 167.

17      168.      As to paragraph 168 of the FAC, the Court dismissed Plaintiff's aiding and

18  abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

19  Workday denies the allegations.

20      169.      As to paragraph 169 of the FAC, the Court dismissed Plaintiff's aiding and

21  abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

22  Workday denies the allegations.

23      170.      As to paragraph 170 of the FAC, the Court dismissed Plaintiff's aiding and

24  abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

25  Workday denies the allegations.

26      171.      As to paragraph 171 of the FAC, the Court dismissed Plaintiff's aiding and

27  abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

28

- 17 -

1   Workday denies the allegations.

2   **AFFIRMATIVE DEFENSES**

3   Workday alleges the below affirmative defenses to the FAC, without conceding that it

4   bears the burden of proof or persuasion as to any one of them. Furthermore, all such defenses are

5   pleaded in the alternative, are based upon information and belief, and do not constitute an

6   admission of liability, or that Plaintiff is entitled to any relief whatsoever.

7   **FIRST AFFIRMATIVE DEFENSE**

8   1.      As to the FAC and to each cause of action therein, Workday alleges that the FAC,

9   and each purported cause of action therein, fail to state facts sufficient to constitute a cause of

10  action against Workday upon which relief may be granted.

11  **SECOND AFFIRMATIVE DEFENSE**

12  2.      As to the FAC and to each cause of action therein, Workday alleges that the FAC,

13  and each purported cause of action therein, is barred, in whole or in part, by the applicable

14  statutes of limitations.

15  **THIRD AFFIRMATIVE DEFENSE**

16  3.      As to the FAC and to each cause of action therein, Workday alleges that the FAC,

17  and each purported cause of action therein, are barred, in whole or in part, because Plaintiff

18  and/or members of the putative class, failed to exercise reasonable care and diligence to mitigate

19  any damages, and to the extent of such failure, any damages awarded should be reduced

20  accordingly.

21  **FOURTH AFFIRMATIVE DEFENSE**

22  4.      As to the FAC and each cause of action therein, Workday alleges that the FAC

23  and each purported cause of action therein, is barred, in whole or in part, by the equitable

24  doctrines of estoppel, laches, and/or unclean hands.

25  **FIFTH AFFIRMATIVE DEFENSE**

26  5.      As to the FAC and each cause of action therein, Workday alleges that the FAC,

27  and each purported cause of action therein, are barred in that no conduct by or attributable to

28

- 18 -

Defendant was either the cause in fact, legal cause, or the proximate cause of any injury or damages allegedly suffered by Plaintiff and/or the putative class.

**SIXTH AFFIRMATIVE DEFENSE**

6. As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are barred because allowing this matter to proceed as a class and/or representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights under both the United States and California Constitutions.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are not proper for treatment as a class action because Plaintiff cannot satisfy the requirements for a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, fails because Workday is not an agent of any employer or an indirect employer.

**NINTH AFFIRMATIVE DEFENSE**

9. As to the FAC and to each cause of action therein, Workday alleges that to the extent that discrimination was a motivating factor in the decisions affecting employment for Plaintiff and/or the putative class, Workday alleges that legitimate reasons, standing alone, would have resulted in the same employment decisions.

**TENTH AFFIRMATIVE DEFENSE**

10. As to the FAC and to each cause of action therein, Workday alleges that all employment decisions made regarding Plaintiff and/or the putative class were made for non-discriminatory reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As to the FAC and to each cause of action therein, Workday alleges that any

1   alleged action that it took with respect to Plaintiff and/or the putative class was privileged and

2   justified and protected by the doctrine of business necessity.

3                              **TWELFTH AFFIRMATIVE DEFENSE**

4          12.     As to the FAC and to each cause of action therein, Workday alleges that it at all

5   times acted without malice, in good faith, and with reasonable grounds for believing its actions

6   did not violate the law.

7                             **THIRTEENTH AFFIRMATIVE DEFENSE**

8          13.     As to the FAC and to each cause of action therein, Workday alleges Plaintiff fails

9   to state facts sufficient to support an award of exemplary, punitive, and/or liquidated damages

10  against Workday. Moreover, any award of punitive damages in this case would violate the due

11  process, equal protection, and excessive fines provisions of the California and United States

12  Constitutions.

13                            **FOURTEENTH AFFIRMATIVE DEFENSE**

14         14.     As to the FAC and to each cause of action therein, Workday alleges that Plaintiff

15  and/or the putative class are not entitled to equitable relief because they failed to avail

16  themselves of or exhaust plain, adequate, or complete remedies of law available to them.

17                            **FIFTEENTH AFFIRMATIVE DEFENSE**

18         15.     As to the FAC and to each cause of action therein, Workday alleges that Plaintiff

19  lacks standing to seek injunctive relief.

20                            **SIXTEENTH AFFIRMATIVE DEFENSE**

21         16.     As to the FAC and to each cause of action therein, Workday alleges Plaintiff lacks

22  standing to assert the legal rights or interests of others.

23                           **SEVENTEENTH AFFIRMATIVE DEFENSE**

24         17.     As to the FAC and to each cause of action therein, Workday alleges that Plaintiff

25  and/or the putative class members have failed, in whole or in part, to exhaust their administrative

26  remedies in a timely manner.

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As to the FAC and each cause of action therein, Workday asserts that the claims of Plaintiff and/or the putative class members may be subject to arbitration agreement(s), meaning the claims must proceed on an individual basis through arbitration and not on a class basis.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     As to the FAC and each cause of action therein, Workday asserts that the claims of Plaintiff and/or the putative class members are barred by payment, setoff, and/or accord and satisfaction.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     As to the FAC and each cause of action therein, Workday alleges that the claims of Plaintiff and/or the putative class members are barred by the doctrine of settlement and release.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As to the FAC and each cause of action therein, Workday alleges that the FAC is barred by the doctrines of *res judicata* and/or collateral estoppel.

## RIGHT TO ASSERT ADDITIONAL DEFENSES AS DISCOVERED

22.     Workday alleges that the FAC does not describe the claims or facts being alleged with sufficient particularity to permit Workday to ascertain which other defenses may exist. Workday will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE,** Workday respectfully requests that:

1.     The FAC be dismissed with prejudice and that Plaintiff and the putative class members take nothing thereby;

2.     Judgment be entered in favor of Workday and against Plaintiff on all causes of

- 21 -

1    action;

2       3.    Plaintiff not be permitted to represent the putative class members;

3       4.    Workday be awarded attorneys' fees and costs of suit; and

4       5.    For such other and further relief as the Court deems just and proper.

5

6    Dated: August 2, 2024                              ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                                       By:    /s/ Erin M. Connell
9                                                              JULIE A. TOTTEN
                                                               ERIN M. CONNELL
                                                               KAYLA D. GRUNDY
10                                                             ALEXANDRIA R. ELLIOTT

11                                                       Attorneys for Defendant
                                                         WORKDAY, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:23-CV-00770-RFL