JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Courtroom:  15, 18th Floor<br>Judge:         Hon. Rita F. Lin<br><br>Complaint Filed: February 21, 2023 |

Pursuant to Northern District Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and this Court's Standing Order, the parties hereby submit the following Joint Initial Case Management Statement:

1. JURISDICTION AND SERVICE:

Federal district courts have original jurisdiction in the district courts over all actions brought under federal laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq. See* 28 U.S.C § 1331.

2. FACTS:

Plaintiff's First Amended Complaint asserts that Defendant operates as an employment agency, acts as an agent of employers, and serves as an indirect employer and is liable to Plaintiff, an applicant, and applicant putative class members for disparate treatment and disparate impact discrimination under Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act. The Court dismissed portions of Plaintiff's claims, leaving only Plaintiff's disparate impact claims on a theory that Defendant is either an agent of employers or an indirect employer.

Plaintiff alleges that Defendant offers its customers artificial intelligence systems, algorithm-based applicant screening systems, and selection tools or tests, which make hiring decisions on behalf of its customers which are seeking to fill job positions within their organizations. Plaintiff claims that, since 2018, he applied for more than 100 positions at companies that use Defendant's software for talent acquisition, and in each case, he was denied employment, allegedly because Workday's purported artificial intelligence tools screened him out.

Defendant denies Plaintiff's allegations. Defendant denies that any customer delegated its recruiting or hiring function, or any related decisionmaking or control to Defendant by purchasing and utilizing Defendant's product(s). Defendant further denies that it determines required or preferred qualifications for any of its customers' open roles or that its software determines which applicant Defendant's customers will hire via artificial intelligence or any other means. Defendant

further denies that its software—or any features of its software—disparately impacts applicants based on age, race, or disability.

The Parties have not yet engaged in discovery and the nature and extent of any additional factual disputes is unknown.

3. <u>LEGAL ISSUES:</u>

**Coverage**

a) Whether Workday's customers delegated traditional hiring functions to algorithmic decision-making tools provided by Workday;

b) Whether Workday exerted "peculiar control" over an employment relationship between its customers and Plaintiff or members of the putative class;

c) Whether job applicants have standing to bring disparate impact claims under the ADEA. The plaintiff contends that issue has been ruled upon.

**Class or Collective Certification**

d) Whether there are questions of law or fact common to the putative class;

e) Whether Plaintiff's claims are typical of claims of the putative class;

f) Whether Workday's defenses to Plaintiff's claims are typical of the putative class;

g) Whether Plaintiff and his counsel will fairly and adequately protect the interests of the putative class;

h) Whether Plaintiff is similarly situated to the putative class;

i) Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

j) Whether Plaintiff can demonstrate he and those he seeks to represent were the victims of a single decision, policy or plan;

k) Whether Plaintiff can demonstrate he is generally comparable to those he seeks to represent;

l) Whether the putative class is ascertainable; and

m) Whether Plaintiff can meet his burden to present a trial plan that will allow the case to be tried manageable on a class basis.

n) Whether conditional certification is appropriate under the ADEA for other persons (a) similarly situated and (b) subject to Defendant's AI screening tools which the plaintiff contends are discriminatory.

**Merits**

o) Whether Workday maintains a policy or practice that consistently applies to Plaintiff and the putative class;

p) Whether the alleged Workday policy or practice has a disproportionate adverse effect on applicants, as a group, who are Black, over-40, and/or disabled;

q) Whether Plaintiff can prove the policy or practice in question caused adverse employment action because of membership in a protected group;

r) Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

s) Whether Workday can demonstrate the alleged policy or practice is job related and consistent with business necessity for each position in question;

t) Whether Plaintiff can show an equally effective practice without a disparate impact exists; and

u) Whether the failure to hire Plaintiff and/or the putative class was justified by a reasonable factor other than age.

The parties reserve the right to assert additional legal issues that arise if and when this litigation proceeds.

4. <u>MOTIONS</u>:

Plaintiff intends to seek conditional certification of its proposed ADEA class and Rule 23 certification of its Title VII and ADA classes. Workday intends to oppose Plaintiff's motions on the grounds that neither collective nor class certification are appropriate given the myriad of individualized issues that are presented here and because Plaintiff is not similarly situated to those individuals he seeks to represent.

Workday does not intend to seek early summary judgment on the issue of liability with respect to Plaintiff. However, Workday reserves the right to do so to the extent that through discovery it believes there are no disputes of material fact on the question of liability. Workday

1 similarly reserves the right to file discovery motions, as necessary.

2     5.  AMENDMENT OF PLEADINGS:

3 **Plaintiff's position**: The plaintiff proposes the deadline for any amendments to the pleadings be set following rulings on class certification.

5 **Defendant's position:** Consistent with this Court's standing order, Defendant requests the last day to amend the pleadings be October 21, 2024.

7     6.  EVIDENCE PRESERVATION:

8 The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable steps to preserve evidence. The parties will confer on an appropriate ESI stipulation and submit to the Court for approval.

12     7.  DISCLOSURES:

13 The parties met and conferred consistent with Rule 26(f) on August 6, 2024. Disclosures are due to be exchanged on August 20, 2024.

15     8.  DISCOVERY:

16 The parties do not believe any deviation from the Federal Rules of Civil Procedure is required here, but reserve the right to suggest changes if and as needed as litigation proceeds. The parties will confer concerning the terms of a stipulated protective order and electronically stored information protocol. Workday does not intend to seek to formally bifurcate discovery between class certification and merits discovery. However, to the extent Plaintiff propounds requests that are particularly burdensome and not relevant to the question of class certification, Workday reserves the right to object to production of such information and to defer such production until after class certification has been decided. Workday anticipates substantial third party discovery in light of Plaintiff's allegations.

25 On August 7, 2024, Workday served its first set of Requests for Production and its first set of Special Interrogatories on Plaintiff. Workday also noticed Plaintiff's deposition for October 28, 2024.

28 / / /

9. <u>CLASS ACTIONS:</u>

Counsel for all parties have reviewed the Procedural Guidance for Class Action Settlements. Plaintiff seeks to move for class certification consistent with the proposed case schedule enclosed herewith. Workday denies that class certification is appropriate here.

10. <u>RELATED CASES:</u>

The parties are not aware of any related cases.

11. <u>RELIEF:</u>

Plaintiff seeks declaratory and injunctive relief, damages, and costs and fees. Defendant denies Plaintiff is entitled to any such relief.

12. <u>SETTLEMENT AND ADR:</u>

The parties believe it is too early in the case to meaningfully engage in ADR. The parties intend to revisit the question of appropriate ADR at a later date after some discovery has been exchanged and consistent with the proposed case schedule enclosed herewith.

13. <u>OTHER REFERENCES:</u>

This matter is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>NARROWING OF ISSUES:</u>

The parties have met and conferred and are not able to narrow any issues at this time.

15. <u>SCHEDULING:</u>

The parties propose the following case schedule through class certification:

| | |
|---|---|
| October 21, 2024 | Last date to amend pleadings |
| October 23, 2024 | Case Management Conference |
| January 8, 2025 | Case Management Conference |
| March 7, 2025 | Deadline to file joint letter update on ADR |
| April 10, 2025 | Conditional Certification Motion |
| May 8, 2025 | Opposition to Conditional Certification |

| | |
|---|---|
| May 22, 2025 | Reply to Conditional Certification |
| June 10, 2025 | Conditional Certification Hearing |
| August 13, 2025 | Case Management Conference |
| November 5, 2025 | Case Management Conference |
| February 13, 2026 | Class Certification Motion |
| March 13, 2026 | Last day to depose Plaintiff's expert(s) |
| April 10, 2026 | Opposition to Class Certification Motion |
| May 1, 2026 | Last day to depose Defendant's expert(s) |
| May 8, 2026 | Reply to Class Certification Motion |
| June 2, 2026 | Class Certification Hearing |

16. TRIAL:

The parties are unable to reasonably estimate a length of trial at this time given the uncertainty about the size of the putative class and the number of employers at issue, among other things. The parties submit it would be best to estimate trial after the question of class certification has been determined.

17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

All parties have filed a Certification of Interested Entities or Persons.

Workday is not yet aware of any non-party persons or entities that have a financial or non-financial interest in this proceeding. However, Workday expects such entities exist and will update it Certification as appropriate.

18. PROFESSIONAL CONDUCT:

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. OTHER MATTERS

The parties request that the Court modify its standing order with respect to the page limits for briefing on Plaintiff's motion for conditional certification and motion for class certification.

The parties request 35-pages each for the moving papers and opposition, and 20-pages for reply given the novel and nuanced matters at issue.

Dated: August 14, 2024         WINSTON COOKS LLC

By: _____*/s/ Lee D. Winston*_____
LEE D. WINSTON
RODERICK T. COOKS
Attorneys for Plaintiff
DEREK MOBLEY

*ADMITTED PRO HAC VICE*

Dated: August 14, 2024         ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Kayla D. Grundy*_____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
Attorneys for Defendant
WORKDAY, INC.