JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Courtroom:    15, 18th Floor<br>Judge:    Hon. Rita F. Lin<br><br>Complaint Filed:  February 21, 2023 |

Pursuant to Northern District Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and this Court's Standing Order, the parties hereby submit the following Joint Case Management Statement for the further Case Management Conference scheduled for October 23, 2024:

1.  JURISDICTION AND SERVICE:

Federal district courts have original jurisdiction in the district courts over all actions brought under federal laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.  See* 28 U.S.C § 1331.

2.  FACTS:

Limiting Plaintiff's First Amended Complaint to those allegations that survive following the Court's July 12, 2024 Order, he asserts that Workday operates as an agent of employers and/or serves as an indirect employer and is liable to Plaintiff, an applicant, and applicant putative class members for disparate impact discrimination under Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

Plaintiff alleges that Workday offers its customers artificial intelligence systems, algorithm-based applicant screening systems, and selection tools or tests, which make hiring decisions on behalf of its customers which are seeking to fill job positions within their organizations. Plaintiff claims that, since 2017, he applied for more than 100 positions at companies that use Workday's software for talent acquisition, and in each case, he was denied employment, allegedly because Workday's purported artificial intelligence tools screened him out.

Workday denies Plaintiff's allegations. Workday denies that any customer delegated its recruiting or hiring function, or any related decision making or control to Workday by purchasing and utilizing Workday's product(s). Workday further denies that it determines required or preferred qualifications for any of its customers' open roles or that its software determines which applicant Workday's customers will hire via artificial intelligence or any other means. Workday further denies that its software—or any features of its software—disparately impacts applicants

1    based on age, race, or disability.

2        Discovery is ongoing and the nature and extent of any additional factual disputes is
3    unknown.

4    3.  LEGAL ISSUES:

5    **Coverage**

6    a)  Whether Workday's customers delegated traditional hiring functions to algorithmic
7        decision-making tools provided by Workday;

8    b)  Whether Workday exerted "peculiar control" over an employment relationship between its
9        customers and Plaintiff or members of the putative class;

10   c)  Whether job applicants have standing to bring disparate impact claims under the ADEA.
11       The Plaintiff contends that issue has been ruled upon.

12   **Class or Collective Certification**

13   d)  Whether there are questions of law or fact common to the putative class;

14   e)  Whether Plaintiff's claims are typical of claims of the putative class;

15   f)  Whether Workday's defenses to Plaintiff's claims are typical of the putative class;

16   g)  Whether Plaintiff and his counsel will fairly and adequately protect the interests of the
17       putative class;

18   h)  Whether Plaintiff is similarly situated to the putative class;

19   i)  Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

20   j)  Whether Plaintiff can demonstrate he and those he seeks to represent were the victims of a
21       single decision, policy or plan;

22   k)  Whether Plaintiff can demonstrate he is generally comparable to those he seeks to
23       represent;

24   l)  Whether the putative class is ascertainable;

25   m)  Whether Plaintiff can meet his burden to present a trial plan that will allow the case to be
26       tried manageable on a class basis; and

27   n)  Whether conditional certification is appropriate under the ADEA for other persons (a)
28       similarly situated and (b) subject to Workday's AI screening tools which the plaintiff

-2-

1    contends are discriminatory.

2    **Merits**

3    o)  Whether Workday maintains a policy or practice that consistently applies to Plaintiff and
4        the putative class;

5    p)  Whether the alleged Workday policy or practice has a disproportionate adverse effect on
6        applicants, as a group, who are Black, over-40, and/or disabled;

7    q)  Whether Plaintiff can prove the policy or practice in question caused an adverse
8        employment action because of membership in a protected group;

9    r)  Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

10   s)  Whether Workday can demonstrate the alleged policy or practice is job related and
11       consistent with business necessity for each position in question;

12   t)  Whether Plaintiff can show an equally effective practice without a disparate impact exists;
13       and

14   u)  Whether the failure to hire Plaintiff and/or the putative class was justified by a reasonable
15       factor other than age.

16        The parties reserve the right to assert additional legal issues that arise if and when this
17   litigation proceeds.

18   4.  <u>MOTIONS:</u>

19        Plaintiff intends to seek conditional certification of its proposed ADEA class and Rule 23
20   certification of its Title VII and ADA classes. Workday intends to oppose Plaintiff's motions on
21   the grounds that neither collective nor class certification are appropriate given the myriad
22   individualized issues that are presented here and because Plaintiff is not similarly situated to those
23   individuals he seeks to represent.

24        Workday does not intend to seek early summary judgment on the issue of liability with
25   respect to Plaintiff. However, Workday reserves the right to do so to the extent that through
26   discovery it believes there are no disputes of material fact on the question of liability. Workday
27   similarly reserves the right to file discovery motions, as necessary. Workday reasonably
28   anticipates the Parties will engage in discovery motion practice.

5.  <u>AMENDMENT OF PLEADINGS:</u>

The Court set October 21, 2024 as the date by which Plaintiff must amend the FAC.

6.  <u>EVIDENCE PRESERVATION:</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable steps to preserve evidence. The parties will confer on an appropriate ESI stipulation and submit to the Court for approval.

7.  <u>DISCLOSURES:</u>

The parties met and conferred consistent with Rule 26(f) on August 6, 2024. Disclosures were exchanged on August 20, 2024.

8.  <u>DISCOVERY:</u>

The parties do not believe any deviation from the Federal Rules of Civil Procedure is required here but reserve the right to suggest changes if and as needed as litigation proceeds. Workday does not intend to seek to formally bifurcate discovery between class certification and merits discovery. However, to the extent Plaintiff propounds requests that are particularly burdensome and not relevant to the question of class certification, Workday reserves the right to object to production of such information and to defer such production until after class certification has been decided. Workday anticipates substantial third-party discovery in light of Plaintiff's allegations.

On August 7, 2024, Workday served its first set of Requests for Production and its first set of Special Interrogatories on Plaintiff. Plaintiff served responses and objections to Workday's discovery requests on September 6, 2024. The parties are continuing to meet and confer on Plaintiff's responses and objections, which Workday believes were deficient. Workday also noticed Plaintiff's deposition for October 28, 2024. Plaintiff is unable to appear on October 28, 2024, and the parties are negotiating a mutually agreeable date for Plaintiff's deposition. Workday also subpoenaed—with Plaintiff's consent—Plaintiff's medical providers. One such provider has asserted privacy objections and Mr. Mobley signed a release. Workday sought to subpoena Plaintiff's employer, but Plaintiff objected to the subpoena. The parties are currently

1 negotiating the subpoena to Plaintiff's employer.

2      Plaintiff served a combined first set of Interrogatories and Requests for Production on

3 Workday on September 3, 2024. According to Workday, the requests were voluminous and far

4 exceed the statutory number of interrogatories a party is permitted to serve. The parties agreed to

5 extend Workday's response deadline to November 18, 2024, and the parties intend to meet and

6 confer as appropriate following service of those responses. On October 11, 2024, Plaintiff also

7 served a notice of intent to subpoena Workday's purported customers. Workday is reviewing

8 Plaintiff's notice and expects the Parties will meet and confer about the subpoenas prior to service

9 by Plaintiff.

10      The parties have conferred concerning the terms of a stipulated protective order and

11 electronically stored information protocol, exchanged drafts and hopefully will reach an

12 agreement shortly.

13     9. <u>CLASS ACTIONS:</u>

14      Counsel for all parties have reviewed the Procedural Guidance for Class Action

15 Settlements. Plaintiff seeks to move for class certification consistent with the Court's Order

16 regarding Case Schedule. Workday denies that class certification is appropriate here.

17     10. <u>RELATED CASES:</u>

18      The parties are not aware of any related cases.

19     11. <u>RELIEF:</u>

20      Plaintiff seeks declaratory and injunctive relief, damages, and costs and fees. Workday

21 denies Plaintiff is entitled to any such relief.

22     12. <u>SETTLEMENT AND ADR:</u>

23      The parties continue to believe it is too early in the case to meaningfully engage in ADR.

24 The parties intend to revisit the question of appropriate ADR at a later date after some discovery

25 has been exchanged and consistent with the Court's Order regarding Case Schedule.

26     13. <u>OTHER REFERENCES:</u>

27      This matter is not suitable for binding arbitration, a special master, or the Judicial Panel on

28 Multidistrict Litigation.

14. NARROWING OF ISSUES:

The parties have met and conferred and are not able to narrow any issues at this time.

15. SCHEDULING:

The schedule is reflected in ECF No. 93, Court's Order regarding Case Schedule. The Parties are not presently aware of any matters regarding the schedule that the Court should address at this time. The next case management conference is scheduled for January 8, 2025.

16. TRIAL:

The parties are unable to reasonably estimate a length of trial at this time given the uncertainty about the size of the putative class and the number of employers at issue, among other things. The parties submit it would be best to estimate trial after the question of class certification has been determined.

17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

All parties have filed a Certification of Interested Entities or Persons.

Workday is not yet aware of any non-party persons or entities that have a financial or non-financial interest in this proceeding. However, Workday expects such entities exist and will update it Certification as appropriate.

18. PROFESSIONAL CONDUCT:

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. OTHER MATTERS

The Parties have no additional standing orders to address at this time.

Dated: October 16, 2024                WINSTON COOKS LLC


By: _____*/s/ Lee D. Winston*_____
LEE D. WINSTON
RODERICK T. COOKS
Attorneys for Plaintiff
DEREK MOBLEY

*ADMITTED PRO HAC VICE*

Dated:  October 16, 2024               ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
Attorneys for Defendant
WORKDAY, INC.