JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> WORKDAY, INC. <br><br> Defendant. | Case No. 3:23-cv-00770-RFL <br><br> **JOINT FURTHER CASE MANAGEMENT STATEMENT** <br><br> Courtroom:  15, 18th Floor <br> Judge:  Hon. Rita F. Lin <br><br> Complaint Filed: February 21, 2023 |

Pursuant to Northern District Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and this Court's Standing Order, the parties hereby submit the following Joint Case Management Statement for the further Case Management Conference scheduled for January 8, 2025:

1. JURISDICTION AND SERVICE:

Federal district courts have original jurisdiction in the district courts over all actions brought under federal laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq. See* 28 U.S.C § 1331.

2. FACTS:

Limiting Plaintiff's First Amended Complaint to those allegations that survive following the Court's July 12, 2024 Order, he asserts that Workday operates as an agent of employers and/or serves as an indirect employer and is liable to Plaintiff, an applicant, and applicant putative class members for disparate impact discrimination under Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act.

Plaintiff alleges that Workday offers its customers artificial intelligence systems, algorithm-based applicant screening systems, and selection tools or tests, which make hiring decisions on behalf of its customers which are seeking to fill job positions within their organizations. Plaintiff claims that, since 2017, he applied for more than 100 positions at companies that use Workday's software for talent acquisition, and in each case, he was denied employment, allegedly because Workday's purported artificial intelligence tools screened him out.

Workday denies Plaintiff's allegations. Workday denies that any customer delegated its recruiting or hiring function, or any related decisionmaking or control to Workday by purchasing and utilizing Workday's product(s). Workday further denies that it determines required or preferred qualifications for any of its customers' open roles or that its software determines which applicant Workday's customers will hire via artificial intelligence or any other means. Workday further denies that its software—or any features of its software—disparately impacts applicants

-1-

based on age, race, or disability. Workday further denies that Plaintiff has applied for more than 100 positions at companies that use Workday's software for talent acquisition or that, in any case, he was denied employment because Workday's purported artificial intelligence tools screened him out.

Discovery is ongoing and the nature and extent of any additional factual disputes is unknown.

3. <u>LEGAL ISSUES:</u>

At present, the parties are aware of the following legal issues in this case, although additional legal issues may arise as the litigation proceeds:

**Coverage**

a) Whether Workday's customers delegated traditional hiring functions to Workday by using algorithmic decision-making tools provided by Workday;

b) Whether Workday exerted "peculiar control" over an employment relationship between its customers and Plaintiff or members of the putative class;

c) Whether the ADEA authorizes a disparate impact claim for job applicants. Plaintiff contends that issue has been ruled upon.

**Class or Collective Certification**

d) Whether common issues predominate over individualized issues with respect to the putative class;

e) Whether Plaintiff's claims are typical of claims of the putative class;

f) Whether Workday's defenses to Plaintiff's claims are typical of the putative class;

g) Whether Plaintiff and his counsel will fairly and adequately protect the interests of the putative class;

h) Whether Plaintiff is similarly situated to the putative class;

i) Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

j) Whether Plaintiff can demonstrate he and those he seeks to represent were the victims of a single decision, policy or plan;

k) Whether Plaintiff can demonstrate he is generally comparable to those he seeks to

represent;

l) Whether the putative class is ascertainable;

m) Whether Plaintiff can meet his burden to present a trial plan that will allow the case to be tried manageable on a class basis; and

n) Whether conditional certification is appropriate under the ADEA for other persons (a) similarly situated and (b) subject to Workday's AI screening tools which the plaintiff contends are discriminatory.

**Merits**

o) Whether Workday maintains a common policy or practice that was consistently applied to Plaintiff and the putative class;

p) Whether the alleged common policy or practice has an unlawful disparate impact on applicants, as a group, who are Black, age 40 or older, or disabled;

q) Whether Plaintiff can prove the alleged common policy or practice caused an unlawful disparate impact against applicants who are Black, age 40 or older, or disabled;

r) Whether Plaintiff and the putative class were qualified for the jobs to which they applied;

s) Whether Workday can demonstrate the alleged common policy or practice is job related and consistent with business necessity;

t) Whether Plaintiff can show an equally effective practice without a disparate impact exists; and

u) Whether the failure to hire Plaintiff and/or the putative class was justified by a reasonable factor other than age.

The parties reserve the right to assert additional legal issues that arise if and when this litigation proceeds.

4. <u>MOTIONS</u>:

Plaintiff intends to seek conditional certification of its proposed ADEA class and Rule 23 certification of its Title VII and ADA classes. Workday intends to oppose Plaintiff's motions on the grounds that neither collective nor class certification are appropriate given the myriad individualized issues that are presented here and because Plaintiff is not similarly situated to those

individuals he seeks to represent. Additionally, although Workday believes that conditional certification must be denied, including because putative collective members are not similarly situated, Workday will move for decertification if Plaintiff's proposed collective is certified.

At this point in time, Workday does not intend to seek early summary judgment on the issue of liability with respect to Plaintiff. Workday reserves the right to do so, however, at an appropriate time, as the litigation proceeds. Workday similarly reserves the right to file discovery motions, as necessary.

5. AMENDMENT OF PLEADINGS:

Plaintiff's time to amend the FAC expired on October 21, 2024.

6. EVIDENCE PRESERVATION:

The parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable steps to preserve evidence. The parties conferred on an appropriate ESI stipulation and submitted a proposed ESI protocol to the Court for approval. The Court entered the parties' proposed ESI protocol on December 2, 2024.

7. DISCLOSURES:

The parties met and conferred consistent with Rule 26(f) on August 6, 2024. Disclosures were exchanged on August 20, 2024. Workday served supplemental disclosures on December 9, 2024.

8. DISCOVERY:

The parties do not believe any deviation from the Federal Rules of Civil Procedure is required in this case but reserve the right to suggest changes if and as needed as litigation proceeds. Workday does not intend to seek to formally bifurcate discovery between class certification and merits discovery. However, to the extent Plaintiff propounds requests that are particularly burdensome and not relevant to the question of class certification, Workday reserves the right to object to production of such information and to defer such production until after class certification has been decided. Workday anticipates substantial third-party discovery in light of Plaintiff's allegations.

On August 7, 2024, Workday served its first set of Requests for Production and its first set of Special Interrogatories on Plaintiff. Plaintiff served responses and objections to Workday's discovery requests on September 6, 2024. The parties met and conferred on Plaintiff's responses and objections, which Workday believes were deficient. At this time, Workday does not intend to file a motion to compel further responses from Plaintiff. Workday also noticed Plaintiff's deposition for October 28, 2024. Plaintiff was unable to appear on October 28, 2024. Workday instead took Plaintiff's deposition on December 4, 2024. Workday also subpoenaed—with Plaintiff's consent—Plaintiff's medical providers. Workday sought to subpoena Plaintiff's employer, but Plaintiff objected to the subpoena. Although Workday does not agree that Plaintiff's objection is sufficient to prevent Workday from proceeding, in the interest of compromise, Workday has agreed not to subpoena Plaintiff's employer at this time, though it reserves the right to do so in the future. Workday served discovery requests and deposition notices to opt-in party plaintiffs Sheilah Johnson-Rocha, Vanessa Knight-Bell, Jill Hughes, and Richard Lieb.

Plaintiff served a combined first set of Interrogatories and Requests for Production on Workday on September 3, 2024. Workday contends the requests were voluminous and far exceeded the statutory number of interrogatories a party is permitted to serve. The parties agreed to extend Workday's response deadline to November 18, 2024. Workday served Responses and Objections to the Interrogatories and Requests for Production on November 18, 2024 as anticipated. Workday produced an initial set of documents on December 23, 2024 and intends to make rolling productions consistent with its Responses and Objections to Plaintiff's Requests for Production. On October 11, 2024, Plaintiff also served a notice of intent to subpoena Workday's purported customers. To date, Plaintiff has not served those subpoenas.

Plaintiff contends that Workday's December 23, 2024 document production is insufficient and intends to engage in the meet and confer process.

The parties conferred concerning the terms of a stipulated protective order and submitted a proposed stipulation to the Court. The Court entered the parties' proposed stipulated protective order on November 27, 2024.

9. CLASS ACTIONS:

Counsel for all parties have reviewed the Procedural Guidance for Class Action Settlements. Plaintiff seeks to move for class certification consistent with the Court's Order regarding Case Schedule. Workday denies that class certification is appropriate here.

10. RELATED CASES:

The parties are not aware of any related cases.

11. RELIEF:

Plaintiff seeks declaratory and injunctive relief, damages, and costs and fees. Workday denies Plaintiff is entitled to any such relief.

12. SETTLEMENT AND ADR:

The parties continue to believe it is too early in the case to meaningfully engage in ADR. The parties intend to revisit the question of appropriate ADR at a later date after some discovery has been exchanged and consistent with the Court's Order regarding Case Schedule.

13. OTHER REFERENCES:

This matter is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. NARROWING OF ISSUES:

The parties have met and conferred and are not able to narrow any issues at this time.

15. SCHEDULING:

The schedule is reflected in ECF No. 93, Court's Order regarding Case Schedule. The Parties are not presently aware of any matters regarding the schedule that the Court should address at this time. Plaintiff's motion for conditional certification is due February 6, 2025, Workday's opposition is due March 6, 2025, and Plaintiff's reply is due March 20, 2025. The hearing on Plaintiff's motion for conditional certification is April 8, 2025.

16. TRIAL:

The parties are unable to reasonably estimate a length of trial at this time given the uncertainty about the size of the putative class and the number of employers at issue, among other things. The parties submit it would be best to estimate trial after the question of class certification

has been determined.

17. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:</u>

All parties have filed a Certification of Interested Entities or Persons.

Workday is not yet aware of any non-party persons or entities that have a financial or non-financial interest in this proceeding. However, Workday expects such entities exist and will update its Certification as appropriate.

18. <u>PROFESSIONAL CONDUCT:</u>

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. <u>OTHER MATTERS</u>

The Parties have no additional matters to address at this time. Having no particular matters to address with the Court, the Parties would not oppose the Court vacating the January 8, 2025 case management conference.

Dated: December 31, 2024                             WINSTON COOKS LLC

                                                     By: _____*/s/ Lee D. Winston*_____
                                                         LEE D. WINSTON
                                                         RODERICK T. COOKS
                                                         Attorneys for Plaintiff
                                                         DEREK MOBLEY

                                                         *ADMITTED PRO HAC VICE*

Dated: December 31, 2024                             ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                     By: _____*/s/ Kayla D. Grundy*_____
                                                         JULIE A. TOTTEN
                                                         ERIN M. CONNELL
                                                         KAYLA D. GRUNDY
                                                         ALEXANDRIA R. ELLIOTT
                                                         Attorneys for Defendant
                                                         WORKDAY, INC.