1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
2  ERIN M. CONNELL (STATE BAR NO. 223355)
   econnell@orrick.com
3  KAYLA D. GRUNDY (STATE BAR NO. 300513)
   kgrundy@orrick.com
4  ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
   aelliott@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5759
8

9  Attorneys for Defendant
   WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.<br><br>        Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**[PROPOSED] ORDER ON JOINT LETTER REGARDING DISCOVERY DISPUTE** |

[PROPOSED] ORDER ON JOINT LETTER REGARDING DISCOVERY DISPUTE

**[PROPOSED] ORDER**

On May 8, 2024, Plaintiff Derek Mobley ("Mobley") and Defendant Workday, Inc. ("Workday") submitted a joint letter to the Court (the "Letter") to compel the production of documents pursuant to Plaintiff's Requests for Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25. Having read and considered the Letter, the Court hereby **ORDERS** that Plaintiff's request to compel documents be **DENIED,** as follows:

Plaintiff's request to compel the production of documents pursuant to Request for Production No. 3 is **DENIED** because the evaluation data Plaintiff seeks does not exist. *See Acosta v. JY Harvesting, Inc.*, No. 17-CV-1225-CAB-WVG, 2017 WL 3437654, at *3 (S.D. Cal. Aug. 10, 2017) ("The Court cannot compel production of that which does not exist or is not in the possession and control of Respondents.").

Plaintiff's request to compel the production of documents pursuant to Request for Production Nos. 9, 13, and 14 is **DENIED** because any testing Workday conducted of CSM was done at the direction of counsel and is protected by the attorney-client privilege and attorney work product doctrine. The Court finds that the documents and information Plaintiff requires may be obtained by other non-privileged means.

Plaintiff's request to compel the production of documents pursuant to Request for Production No. 17 is **DENIED** because Workday is not in possession, custody, or control of its customer's applicant data, nor must Workday bear the burden of obtaining third-party discovery on Plaintiff's behalf. *See, e.g.*, *Heilman v. Vojkufka*, 2011 WL 677877, at *13 (E.D. Cal. Feb. 17, 2011), report and recommendation adopted, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011) ("[D]efendant is not obliged to discover information from third parties on plaintiff's behalf."); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain . . . We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents."). The Court further **DENIES** Plaintiff's request to the extent it would require the Court to issue an order requiring Workday to violate the Stored Communications Act, 18 U.S.C. §§2701 *et seq.* In

denying Plaintiff's requested relief for applicant data, the Court reminds Plaintiff that Federal Rule of Civil Procedure 45 remains available for seeking such information.

Plaintiff's request to compel the production of documents pursuant to Request for Production Nos. 1, 4-8, 10-13, 16, 19-25 is **DENIED** because Plaintiff has not specifically identified the documents he seeks to be compelled nor satisfied his burden to show these documents should be produced.

**IT IS SO ORDERED.**

Dated: _____     _____
                                                                                    Hon. Rita F. Lin
                                                                                    United States District Court Judge