UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 124 |

    The plaintiff in this employment-discrimination case and putative class action is suing Workday, Inc., for utilizing an AI screening system that is more likely to deny applicants who are African American, suffer from disabilities, or are over 40 years old.[1] The parties have discovery disputes. The court can decide them without oral argument. Civil L.R. 7-1(b). The court denies the discovery and orders supplemental briefing about the disputes for requests for production 9, 14, 15, and 17.

    Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

---

[1] First Am. Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-00770-RFL (LB)

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

## ANALYSIS

**1. Request for Production 3**

The plaintiff seeks production of Workday's "[g]roup membership data for the evaluation data . . . that was used to evaluate bias and demographic disparities for the model(s) in question."[2] Workday represents that "no such data exists."[3] The court accepts this representation. Thus, there is no dispute, and the court denies the plaintiff's request.

**2. Requests for Production 9, 14–15**

The plaintiff seeks Workday's internal data and audit documents and contends that even if a privilege applies, it extends only to communications about the data, not the underlying facts.[4] Workday asserts attorney-client privilege and counters that even the underlying data is attorney work product because they had to curate the data.[5] The court directs the parties to submit supplemental briefing, either on the schedule provided below or by stipulating to a schedule.

---

[2] Disc. Letter Br. – ECF No. 124 at 2.

[3] *Id.* at 4.

[4] *Id.* at 3.

[5] *Id.* at 5 (citing *Suboh v. Bellsouth Bus. Sys. Inc.*, No. 03-cv-996, 2004 WL 5550100, at *9 (N.D. Ga. Nov. 17, 2004)).

### 3. Request for Production 17

The plaintiff seeks "[a]ll applicant flow data" for several corporate entities that plaintiff asserts is in Workday's control.[6] Workday contends that it does not own the requested information and that producing the data may violate privacy laws. Workday requests the opportunity to fully brief this issue.[7] The court orders the parties to brief the issues for this dispute.

### 4. Requests for Production 1, 4–8, 10–13, 16, 19–25

The plaintiff seeks production of documents related to how Workday's services are used and developed. The parties disagree about whether they have met and conferred about the requests.[8] Thus, this dispute is not ripe.

## CONCLUSION

The court denies the discovery and orders supplemental briefing about the disputes for requests for production 9, 14, 15, and 17. The plaintiff's brief is due May 30, 2025. Workday's response is due June 13, 2025. The plaintiff's reply is due June 20, 2025. The parties will notice the hearing for a subsequent Thursday at 9:30 a.m. at least two weeks after June 20 or full briefing (but not on July 3). The parties may stipulate to a different briefing scheduling.

The court also directs the parties to the court's standing order (attached) for any future discovery disputes.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] *Id.* at 3–4.

[7] *Id.* at 5–6.

[8] *Id.* at 4, 6.