**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**Northern District of California**

**CIVIL MINUTES**

**Date:** July 9, 2025          **Time:** 34 minutes          **Judge:** RITA F. LIN

**Case No.:** 23-cv-00770-RFL          **Case Name:**  Mobley v. Workday, Inc.

**Attorney for Plaintiff:** Robert Wiggins, Lee Wintson, and Roderick Cooks
**Attorney for Defendant:** Julie Totten and Kayla Grundy

**Deputy Clerk:** Melinda K. Lock          **Digital Recording Time:** 10:11-10:45

**PROCEEDINGS**

Further Case Management Conference – held (by Zoom).

**SUMMARY**

The Court provided the following guidance on the issues raised in the parties' case management
statement:

1. **The process for permitting individuals to opt-in to the litigation should be staged:**
   a. Stage 1.  Individuals submit a pre-opt-in form online.  The form should include
      the following information/features:
      i.   Allow individuals to select the employers they applied to out of a universe
           of employers who have used Workday's services since September 24,
           2020.  This list should not be limited to the customers who enabled
           Workday AI features.
      ii.  Include the questionnaire and release described in the Parties' case
           management statement.
      iii. Advise individuals that they will be screened by a third-party
           administrator to determine whether they applied to any employer who
           enabled Workday AI features.
   b. Stage 2.  Third-party administrator screens pre-opt-in forms using list (provided
      by Workday) of employers who enabled AI features since September 24, 2020.
      i.   Individuals who did not apply to an employer on the list will be informed
           that they are not presently eligible to join the lawsuit.
           1. Individuals should be advised that they may dispute this
              determination with the third-party administrator, and that they may

> seek Plaintiffs' Counsel's assistance in raising the issue to the Court if necessary.

  ii. Individuals who did apply to an employer on the list will be advised that they may opt in to the lawsuit.

    1. Eligible individuals will be informed that they will be contacted by Plaintiffs' Counsel about filing their Notice of Consent to Join.

    2. Individuals who have opted out of representation will be provided with a Notice of Consent to Join form and instructed on how to file.

  iii. Notice to qualified individuals should advise:

    1. That their name will be disclosed to the employer(s) they applied to.

    2. That no collective has been finally certified, and they may still be dismissed from the case.

 c. <u>Stage 3</u>. Parties conduct discovery from Workday's customers on the "recommendation" status of all plaintiffs who have opted in.

  i. It will be Plaintiffs' burden at final certification stage to show that the Plaintiffs in the collective were not recommended for hire by Workday's AI features.

2. **The following disclosures should be included in the long form publication notice:**

 a. The complete class definition.

 b. An explanation of the three-stage process for identifying potential collective members. For example:

  i. To submit a form, you only need to know that you were over 40 years old at the time you applied for job opportunities using Workday, Inc.'s job application platform.

  ii. A third-party administrator will then screen your form to determine whether the employer(s) you applied to had enabled Workday AI features. You should receive notice of your status within 30 days of [the end of publication notice period].

  iii. If you are screened and choose to opt in, your name will then be disclosed to the employer(s) you applied to, to determine whether you were denied an employment recommendation. This process could take up to [____].

 c. If you opt in you may ultimately be bound by a judgment. If you do not to opt in, you will be precluded from future participation in the class.

 d. If you do not want to be represented by Plaintiffs' Counsel, you have the right to hire a different attorney or represent yourself. Contact the third-party administrator at any point to advise them if you do not want to be represented by Plaintiffs' Counsel.

3. **Other Logistical Considerations:**

 a. A third-party administrator is necessary to ensure confidentiality of sensitive information provided by opt-ins and employers.

  i. The cost will be split between Plaintiffs and Workday because Workday requested a third-party administrator.

b.  The publication period (which is also the pre-opt-in period) shall be 60 days from the date notice is finalized.
c.  Discovery will proceed in parallel to notice, no further delay for discovery is necessary.
d.  Workday shall further consider whether it is technologically feasible to configure its portal to provide notice.
e.  The parties should meet and confer and propose a streamlined mechanism for bulk filing of Notice of Consent to Join forms.

The parties expressed agreement with the Court's proposal.

Parties to submit a joint discovery letter brief by 7/16/2025 on the scope of the list of customers who enabled the AI features that Defendants must produce, and the appropriate timeline for producing that information.  Based on the letter brief, the Court will determine whether it should be referred to Judge Beeler.

The further case management conference set for 8/13/2025 is continued to 8/27/2025 at 10:00 AM. An updated case management statement, including an updated notice plan based on the Court's guidance, is due by 8/20/2025.