UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK MOBLEY,

           Plaintiff,

    v.

WORKDAY, INC.,

           Defendant.

Case No.  23-cv-00770-RFL

**NOTICE OF TENTATIVE RULING**

Re: Dkt. No. 160

       The Court has reviewed the parties Joint Case Management Statement.  (Dkt. No. 160.) To enable an efficient discussion, a tentative ruling on the outstanding disputes and revised guidance for the opt-in process is outlined below.  The Court acknowledges the potential prejudice to Workday from disclosing its general customer list, even if it does not disclose which employers have enabled AI features.  Therefore, the revised proposal described below will require individuals to manually input employer names.  However, this change—which Workday alone is requesting, to accommodate its clients—will increase the processing cost for the third-party administrator.  Therefore, the Court is tentatively of the view that Workday must pay this portion of the cost alone.  The Court remains open to hearing any further objections the parties have at the Case Management Conference.

1. **The process for permitting individuals to opt-in to the litigation should be staged:**
   a. <u>Stage 1.</u> Individuals submit a pre-opt-in form online. The form should include the following information/features:
      i. Allow individuals to list each employer to whom they have submitted an application using Workday's job application platform since September 24, 2020.
      ii. Include the questionnaire and release described in the parties' prior case management statement (Dkt. No. 149), including an option for consent to have such employer(s) disclose to Workday and Plaintiffs' counsel, for purposes of this litigation only, all the information they have about the opt-in plaintiff's application.
      iii. Advise individuals that they will be screened by a third-party administrator to determine whether they applied to any employer who enabled Workday AI features.
   b. <u>Stage 2.</u> Third-party administrator screens pre-opt-in forms using list provided by Workday of employers who enabled Workday AI features (including CSM, Spotlight and Fetch) since September 24, 2020.
      i. Individuals who did not apply to an employer on the list will be informed that they are not presently eligible to join the lawsuit and that they may seek the advice of Plaintiffs' counsel to raise the issue with the court if they disagree.
         1. The parties shall meet and confer about any such individuals to see if they can reach agreement as to whether the individual applied to an employer who enabled AI features. If necessary, the parties may request that the Court resolve the dispute.
      ii. Individuals who did apply to an employer on the list will be advised that they may opt in to the lawsuit.
         1. Eligible individuals will be informed that they will be contacted by Plaintiffs' Counsel about filing their Notice of Consent to Join.
         2. Individuals who have opted out of representation will be provided with a Notice of Consent to Join form and instructed on how to file.
      iii. Notice to qualified individuals should advise:
         1. That their name will be disclosed to the employer(s) they applied to in order to obtain information about their application.
         2. The determination that they are eligible to join the lawsuit is preliminary and that they may still be dismissed from the case if it is later determined that they are not in fact eligible.
   c. <u>Stage 3</u>. Parties conduct discovery from Workday's customers on the "recommendation" status of all plaintiffs who have opted in.

      i.   It will be Plaintiffs' burden at final certification stage to show that the Plaintiffs in the collective were not recommended for hire by Workday's AI features.

2. **The following disclosures should be included in the long form publication notice:**
   a. The complete collective definition.
   b. An explanation of the three-stage process for identifying potential collective members.  For example:
      i. To submit a form, you only need to know that you were over 40 years old at the time you applied for job opportunities using Workday, Inc.'s job application platform.
      ii. A third-party administrator will then screen your form to determine whether the employer(s) you applied to had enabled Workday AI features. You should receive notice of your status within 30 days of [the end of publication notice period].
      iii. If you are screened and choose to opt in, your name will then be disclosed to the employer(s) you applied to, to determine whether you were denied an employment recommendation.  This process could take up to [____].
   c. If you opt in you may ultimately be bound by a judgment.  If you do not to opt in, you will be precluded from future participation in the class.
   d. If you do not want to be represented by Plaintiffs' Counsel, you have the right to hire a different attorney or represent yourself.  Contact the third-party administrator at any point to advise them if you do not want to be represented by Plaintiffs' Counsel.

3. **Third-Party Administrator:**
   a. A third-party administrator is necessary to ensure confidentiality of sensitive information provided by opt-ins and employers.
      i. Because the administrator was Workday's request, Workday shall obtain bids and propose three options for third-party administrators to Plaintiffs by **September 10, 2025.**
      ii. The cost will be split between Plaintiffs and Workday, except that Workday will pay the cost of the manual portion of the administrator's review to determine which employer is referenced in the pre-opt-in form.
   b. Workday will provide the third-party administrator with a list of the employers who enabled Workday AI features (including CSM, Spotlight and Fetch) since September 24, 2020, and a list of common misspellings and abbreviations of the names of said employers.
      i. These lists shall be provided by Workday by **September 10, 2025.**

3

      ii.  If discovery reveals that the list of employers provided by Workday was incomplete, Workday shall pay the cost of the third-party administrator's re-review to determine if any of the individuals who were previously determined ineligible are now eligible with the updated list.

     iii.  Workday's list of employers who have enabled AI features will not be "controlling."  If there is a dispute regarding whether a customer enabled AI features, and the parties are unable to resolve it, that dispute will be for the Court to decide.  On the flip side, if a proposed collective member has not applied to an employer who enabled AI features, they are not potentially within the collective definition.

c.  The third-party administrator will provide the parties with updates confirming the number of opt-ins deemed eligible and ineligible based on their eligibility form on a weekly basis.  Within 5 business days after the close of the opt-in period, the third-party administrator will provide the parties a final list of all eligible opt-ins and their eligibility forms (which shall be treated as confidential under the Protective Order in this case).  Within 14 days of the third-party administrator's provision of the final list, Plaintiffs' counsel shall provide Workday with a list of all opt-ins represented by Plaintiffs' counsel.  Plaintiffs will then file a single compilation of all Notice of Consent to Join forms on the docket together at the close of the opt-in period.

4.  **Notice:**

a.  The publication period (which is also the pre-opt-in period) shall be 60 days from the date notice is finalized.

b.  Notice shall be paid for by Plaintiffs, and shall be disseminated via social media, and not on the Workday platform.

c.  Plaintiffs must provide a proposed long form notice, short form notice to be distributed via social media ads, and a dissemination plan.  It is Plaintiffs' burden to prepare the documents and the plan.  However, the parties should meet and confer to try to reach agreement prior to presenting the forms and plan to the Court for review.

5

A further Case Management Conference is set for **October 1, 2025 at 10:00 a.m.**  The parties shall file a Case Management Statement ("CMS") by **September 24, 2025**.  The CMS shall advise the Court of the third-party administrator selected by the parties, shall describe Plaintiffs' proposed distribution plan, and shall attach Plaintiffs' proposed long form notice and short form notice.

**IT IS SO ORDERED.**

Dated:  August 26, 2025

RITA F. LIN
United States District Judge