UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER RE OPT-IN PLAN**<br><br>Re: Dkt. No. 160 |

Having reviewed the parties Joint Case Management Statement (Dkt. No. 160) and heard further argument at the Case Management Conference, the Court enters the following order regarding the opt-in plan:

1. **The process for permitting individuals to opt-in to the litigation shall be staged:**
    a. <u>Stage 1.</u>  Individuals submit a pre-opt-in form online.  The form should include the following information/features:
        i. Allow individuals to list each employer to whom they have submitted an application using Workday's job application platform since September 24, 2020.
        ii. Include the questionnaire and release described in the parties' prior case management statement (Dkt. No. 149), including an option for consent to have such employer(s) disclose to Workday and Plaintiffs' counsel, for purposes of this litigation only, all the information they have about the opt-in plaintiff's application.
        iii. Advise individuals that they will be screened by a third-party administrator to determine whether they applied to any employer who used Workday AI features.
    b. <u>Stage 2.</u>  Third-party administrator screens pre-opt-in forms using list provided by Workday of employers who used Workday AI features (including CSM, Spotlight and Fetch) since September 24, 2020.

1

    i. Individuals who did not apply to an employer on the list will be informed that they are not presently eligible to join the lawsuit and that they may seek the advice of Plaintiffs' counsel to raise the issue with the court if they disagree.
    ii. Individuals who did apply to an employer on the list will be advised that they may opt in to the lawsuit.
      1. Eligible individuals will be informed that they will be contacted by Plaintiffs' Counsel about filing their Notice of Consent to Join.
      2. Individuals who have opted out of representation will be provided with a Notice of Consent to Join form and instructed on how to file.
    iii. Notice to qualified individuals should advise:
      1. That their name will be disclosed to the employer(s) they applied to in order to obtain information about their application.
      2. The determination that they are eligible to join the lawsuit is preliminary and that they may still be dismissed from the case if it is later determined that they are not in fact eligible.
  c. <u>Stage 3</u>.  Parties conduct discovery from Workday's customers on the "recommendation" status of all plaintiffs who have opted in.
    i. It will be Plaintiffs' burden at final certification stage to show that the Plaintiffs in the collective were not recommended for hire by Workday's AI features.

2. **The following disclosures should be included in the long form publication notice:**
  a. The complete collective definition.
  b. An explanation of the three-stage process for identifying potential collective members.  For example:
    i. To submit a form, you only need to know that you were over 40 years old at the time you applied for job opportunities using Workday, Inc.'s job application platform.
    ii. A third-party administrator will then screen your form to determine whether the employer(s) you applied to had used Workday AI features.  You should receive notice of your status within 30 days of [the end of publication notice period].
    iii. If you are screened and choose to opt in, your name will then be disclosed to the employer(s) you applied to, to determine whether you were denied an employment recommendation.  This process may be lengthy.
  c. If you opt in you may ultimately be bound by a judgment.  If you do not opt in, you will be precluded from future participation in the class.

    d. If you do not want to be represented by Plaintiffs' Counsel, you have the right to hire a different attorney or represent yourself. Contact the third-party administrator at any point to advise them if you do not want to be represented by Plaintiffs' Counsel.

3. **Third-Party Administrator:**
   a. A third-party administrator is necessary to ensure confidentiality of sensitive information provided by opt-ins and employers.
      i. Because the administrator was Workday's request, Workday shall obtain preliminary bids and propose three options for third-party administrators to Plaintiffs by **September 10, 2025.**
      ii. The cost will be split between Plaintiffs and Workday, except that Workday will pay the cost of the manual portion of the administrator's review to determine which employer is referenced in the pre-opt-in form.
   b. Plaintiffs' counsel shall instruct the individuals who have already filed Notice of Consent to Join forms in this action to submit the pre-opt-in form online, so that the third-party administrator may ensure their eligibility to opt in.
      i. Individuals who have not been found to be eligible by the third-party administrator (or via the dispute process discussed below) will be dismissed from the litigation after the close of the opt-in period.
      ii. The parties shall meet and confer regarding whether Workday intends to challenge opt-ins based on statute of limitations, or whether Mobley's filing date controls the statute of limitations analysis for the opt-ins.
   c. Workday will provide the third-party administrator with a list of the employers who used Workday AI features (including CSM, Spotlight and Fetch) from **September 24, 2020 to September 9, 2025**, and a list of common misspellings and abbreviations of the names of said employers.
      i. If Workday intends to provide employers with notice that they will be included on the list, it must do so by **September 10, 2025**.
         1. The parties shall meet and confer regarding (1) the setting of a reasonable deadline by which employers must object to the inclusion of their name on the list, and (2) whether the list must be produced to Plaintiffs. The parties shall provide the Court with their proposal(s) as to those topics in their next case management statement.
      ii. These lists shall be provided by Workday to the third-party administrator within **7 days** after a third-party administrator has been retained.
      iii. If discovery reveals that the list of employers provided by Workday was incomplete, Workday shall pay the cost of the third-party administrator's

    re-review to determine if any of the individuals who were previously determined ineligible are now eligible with the updated list.
    iv. Workday's list of employers who have used AI features will not be "controlling." If there is a dispute regarding whether a customer used AI features, and the parties are unable to resolve it, that dispute will be for the Court to decide. On the flip side, if a proposed collective member has not applied to an employer who used AI features, they are not potentially within the collective definition.

 d. The third-party administrator will provide the parties with updates confirming the number of opt-ins deemed eligible and ineligible based on their eligibility form on a weekly basis. Within **7 days** after the close of the opt-in period, the third-party administrator will provide the parties a final list of all eligible opt-ins and their eligibility forms (which shall be treated as confidential under the Protective Order in this case).

 e. Within **14 days** of the third-party administrator's provision of the final list, Plaintiffs' counsel shall provide Workday with a list of all opt-ins represented by Plaintiffs' counsel.

 f. Plaintiffs will then file a single compilation of all Notice of Consent to Join forms on the docket together at the close of the opt-in period (which may later be supplemented at the conclusion of the dispute process discussed below).

 g. Also within **14 days** of the third-party administrator's provision of the final list, Plaintiffs shall provide Workday with a list of all individuals who they believe were improperly deemed ineligible.

 h. Thereafter, the parties shall have **14 days** to meet and confer regarding the eligibility determination. At the conclusion of the meet and confer period, the parties shall submit to the Court a single list of the individuals whose eligibility remains in dispute. The parties shall meet and confer regarding the best method for efficiently seeking the Court's guidance regarding disputes around eligibility.

**4. Notice:**
 a. The publication period (which is also the pre-opt-in period) shall be 60 days from the date notice is finalized.
 b. Notice shall be paid for by Plaintiffs, and shall be disseminated via social media, and not on the Workday platform.
 c. Plaintiffs shall prepare a proposed long form notice, short form notice to be distributed via social media ads, and a dissemination plan. The documents and plan must be produced to Workday by **September 10, 2025**, after which the parties are ordered to meet and confer regarding this topic prior to the next case management conference.

A further Case Management Conference is set for **October 1, 2025 at 10:00 a.m.**  The parties shall file a Case Management Statement ("CMS") by **September 24, 2025**.  The CMS shall advise the Court of the third-party administrator preliminarily selected by the parties, the administrator's experience particularly with respect to confidentiality and similar types of case administration, describe Plaintiffs' proposed distribution plan, and shall attach Plaintiffs' proposed long form notice and short form notice.  The CMS shall also advise the Court of any disputes regarding these topics.

**IT IS SO ORDERED.**

Dated:  August 28, 2025

RITA F. LIN
United States District Judge