UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**NOTICE OF TENTATIVE RULING & QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 170 |

    The Court has reviewed the parties' Joint Case Management Statement. (Dkt. No. 170.) To enable an efficient discussion, a tentative ruling and notice of questions on the outstanding disputes is below.

1. Regarding the necessity of a third-party administrator and the cost allocation of the screening and notice process, the Court has already ruled on these issues. The third-party administrator is needed to ensure the security of sensitive information about employment applications submitted by opt-in plaintiffs. Furthermore, it does not appear that Plaintiffs' counsel has explored whether other, more cost-effective options are available. If Plaintiffs' counsel is unable to cover Plaintiffs' share of the cost of the screening and notice process, their obligation is to associate counsel who can adequately represent the collective.

2. Plaintiffs' notice dissemination plan (Dkt. No. 170 at 68) is too vague for the Court to determine whether it can be approved. This appears to be because Plaintiffs have not hired a social media outreach specialist, due to the cost. (*Id.* at 14.) The dissemination plan cannot be approved until Plaintiffs prepare a specific proposal, which they should provide—after giving Workday an opportunity to comment—in the parties' next case management statement.

3. Does Workday have any objections to Plaintiffs' proposed Short Form Notice language: "Applied for a job through Workday after September 24, 2020 and got

1

rejected? Are you over the age of 40 and believe your resume was screened out by AI due to your age? You might be eligible to challenge those decisions in a lawsuit. Visit the following web site: _____."?

4. The Court has reviewed the parties' proposed language for the Long Form Notice and Pre-Opt-in Form, and will provide proposed revised forms to which the parties may object in advance of the next case management conference, which will be set at the conclusion of the October 1, 2025 case management conference.

5. Workday was previously instructed that if it can "determine definitively that certain customers who enabled the AI features did not receive any scores or rankings, or did not score or screen candidates based on those AI features, Workday may exclude those customers from the list" of employers it provides to the Third-Party Administrator. (Dkt. No. 158 at 2.) Unless Workday can make that *definitive* determination, all employers who enabled AI features must be included on the list for this stage of the screening process. (*Id.*) Workday's clients' representations that they did not use a particular feature that was enabled does not constitute a definitive determination that the AI feature was not used. Workday must prepare the list based on the information that it currently has in its possession, and provide it to the Third-Party Administrator and to Plaintiffs' counsel by the deadline that the Court previously set. (Dkt. No. 166 § 3.c.ii.) The list may be designated "Attorneys' Eyes Only" in order to ensure that information about which particular employers are on the list remains confidential.

6. As Workday has stipulated, the statute of limitations for any particular opt-in plaintiff shall, at minimum, be tolled from the date they submit their Pre-Opt-in Form. (*Id.* at 21.) Whether further tolling is appropriate can be determined, if necessary, at the decertification stage.

At the hearing, Workday will be asked to answer to Question 3, and then each side will have an opportunity to voice any objections to the above tentative and raise any additional

disputes that need to be addressed.  The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: September 29, 2025

_____
RITA F. LIN
United States District Judge