UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>        Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER RE PROPOSED NOTICE FORMS**<br><br>Re: Dkt. No. 170 |

The Court proposes the following Long Form Notice and Opt-In Eligibility and Authorization Form. The parties should meet and confer regarding the proposed forms, and submit any edits or objections to the forms in their joint case management statement.

**IT IS SO ORDERED.**

Dated: **October 3, 2025**

RITA F. LIN
United States District Judge

1

**Exhibit A – Long Form Notice**

**TO:** All individuals 40 years of age or older who, at any time from September 24, 2020 to the present, applied for job opportunities using Workday, Inc.'s job application platform.

**Re:** Collective action lawsuit against Workday for alleged violations of the Age Discrimination in Employment Act ("ADEA").

## I. INTRODUCTION

This notice and its contents have been authorized by the United States District Court for the Northern District of California. The Court has taken no position in this case regarding the merits of Plaintiffs 'claims or of Workday's defenses. This notice is intended to provide information about whether you may be eligible to join the lawsuit as a party and, if so, the steps you may take to join.

If you wish to have your eligibility assessed and to join the lawsuit if found eligible, you must submit an Opt-In Eligibility and Authorization Form, which you can find on the official case webpage, _____. That form must be submitted by **[60 days from the date notice is finalized].**

## II. DESCRIPTION OF THE LAWSUIT

Derek Mobley ("Plaintiff") filed this action against Workday, Inc. in the Northern District of California, Case No. 3:23-0770-RFL ("Lawsuit"), on behalf of himself and all others similarly situated. His allegations include that Workday, Inc., through its use of certain Artificial Intelligence ("AI") features on its job application platform, violated the Age Discrimination in Employment Act ("ADEA"). Workday denies these allegations. The Court has not made any findings about whether Plaintiff's claims or Workday's denial of liability have any merit.

The Court has provisionally certified an ADEA collective, which includes: "All individuals aged 40 and over who, from September 24, 2020, through the present, applied for job opportunities using Workday, Inc.'s job application platform and were denied employment recommendations." In this context, being "denied" an "employment recommendation" means that (i) the individual's application was scored, sorted, ranked, or screened by Workday's AI; (ii) the result of the AI scoring, sorting, ranking, or screening was not a recommendation to hire; and (iii) that result was communicated to the prospective employer, or the result was an automatic rejection by Workday.

For you to join this Lawsuit as a party to the certified ADEA collective, the Court will ultimately need to determine that you meet all the requirements described in the above paragraph. The eligibility determination process is described below. **However, all you need to know, right now, to request an eligibility determination is that, on or after September 24, 2020, you applied for employment opportunities using Workday's application platform while you were 40 or more years old.**

## III. HOW TO JOIN THIS LAWSUIT

If you would like to join this Lawsuit, you must:

2

1) Have applied for employment opportunities using Workday's application platform since September 24, 2020, while you were 40 or more years old.

2) Fill out and electronically sign the Opt-In Eligibility and Authorization Form ("Form") located on the official case webpage at _____.

3) Wait while your Form is reviewed by a Court-approved third-party administrator, who will determine whether the employer(s) you applied to may have used Workday AI features.  You should receive notice of your status within 30 days of [the end of publication notice period].  If the third-party administrator determines that you are eligible to join the Lawsuit, you will be opted in to the Lawsuit.  Otherwise, you will receive an ineligibility notice, and instructions on how you can dispute your status.

4) If you are opted in to the Lawsuit, wait while counsel for the parties investigate whether you were denied an employment recommendation.  This process may be lengthy.

5) If you are determined to satisfy all the conditions for membership in the ADEA collective certified by the Court, you will remain a party to the Lawsuit.  If you do not satisfy the conditions for membership, you will be dismissed from the Lawsuit by the Court.  That means you will be removed as a party from this Lawsuit, though you may still be able to pursue your own separate lawsuit, depending on your situation.

### A.    Effect of Submitting the Opt-In Eligibility and Authorization Form

The Form requires you to identify the employers to whom you remember submitting an application for employment through Workday's job application platform since September 24, 2020.  **Please be sure to identify *all* employers that you remember applying to during the relevant time period, because this may affect your eligibility to join this Lawsuit.**  You may, but do not have to, upload documentation of your job applications submitted through Workday's job application platform, to assist the third-party administrator in evaluating your eligibility.  However, even if you upload documentation, you must still describe each one of your applications by manually entering information about each application in the Form fields.

The information you submit in your Form will be reviewed by a court-approved third-party administrator, who will decide if you may be eligible to join this Lawsuit as an ADEA class member.  The third-party administrator's review is limited to determining whether any of the employers you listed on your Form are employers who enabled Workday's AI features during the time period in question.

The third-party administrator will treat the information you submit in your Form as confidential.  It can only be shared for the reasons described below:

> Only if you are found to be eligible to join the Lawsuit, the Form authorizes the third-party administrator to disclose to counsel for the parties in this Lawsuit (1) your name, birth date, and contact information; (2) the details (including documents) you have provided about your applications to employers who have enabled Workday's AI features ("Qualifying Applications").

3

>Only if you are found to be eligible to join the Lawsuit, the Form authorizes counsel for the parties to this Lawsuit to (1) contact the employers who received your Qualifying Applications, and (2) receive from the employers all information and documentation regarding your Qualifying Applications, including personal identifying information, only for use in this Lawsuit. Authorizing the disclosure of your documents and information is necessary to determine whether you satisfy all the conditions for membership in the collective certified by the Court, so that you may remain a party to the Lawsuit.
>
>If you are found ineligible to join the Lawsuit, and you wish to dispute this determination with the help of Plaintiffs' counsel, the Form authorizes Plaintiffs' counsel to receive your complete Opt-In Eligibility and Authorization Form.

By signing and submitting the Form, you consent to opt in and join the Lawsuit if you are deemed eligible. If you are found eligible, you will be automatically opted into the Lawsuit and will become a party without needing to take any further action.

If you do not complete and submit the Form by [60 days from the date notice is finalized], you will not be permitted to join the Lawsuit in the future.

### B.     Legal Effect of Opting In

If you are found eligible and are opted in to the Lawsuit, you will be bound by a favorable or unfavorable judgment on Plaintiffs' ADEA claim. If you do not opt in, you will be precluded from future participation in this case, including participation in any settlement related to the ADEA claim, but you may still bring your own separate lawsuit, depending on your situation.

No ADEA collective has been finally certified, and regardless of your initial eligibility recommendation, you may still be dismissed from the case.

## IV.     NO RETALIATION PERMITTED

Federal law prohibits Workday from retaliating against you for "opting-in" to this Lawsuit or otherwise exercising your rights.

## V.     YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiffs in this case are represented by:

>[Plaintiffs' counsel's names and addresses]

If you have questions about this Notice or the Opt-In Eligibility and Authorization Form, you may contact the third-party administrator at _____, or the attorneys listed above ("Plaintiffs' Counsel") at [EMAIL ADDRESSES].

If you want to join the Lawsuit, but you do not want to be represented by Plaintiffs' Counsel, you have the right to hire a different attorney or represent yourself. Contact the third-party administrator at any point to advise them if you do not want to be represented by Plaintiffs' Counsel.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS LAWSUIT.**

**Exhibit B – Opt-In Eligibility Form**

**OPT-IN ELIGIBILITY AND AUTHORIZATION FORM**
**(The Age Discrimination in Employment Act of 1967)**

By submitting this form, I am requesting an assessment of my eligibility to join the collective action Mobley v. Workday, Inc., case number 3:23-cv-0770-RFL ("Lawsuit"), pending in the Northern District of California Federal Court, which includes claims under the Age Discrimination in Employment Act of 1967 ("ADEA"). I understand and agree that whether I am eligible to join the Lawsuit will be determined based on my responses to the questions below and any supplemental information that I may be asked to provide.

By submitting this form, I am also consenting to formally opt in to join the Lawsuit as a member of the ADEA collective, if I am found to be eligible to do so. If I am eligible to join, I understand that I will be automatically opted in to the Lawsuit as a party without providing any further authorization.

My name is: _____
My birthdate is: _____
My address is: _____
My telephone number is: _____
My e-mail address is: _____

[ ] By checking this box, I confirm that since September 24, 2020, I applied for at least one job using Workday, Inc.'s job application platform and believe I may be been denied an employment recommendation.

Within the relevant time frame, I applied to the following job through the Workday, Inc. platform and believe that I was denied an employment recommendation [identify employer applied to, the job title, and date of application]:
_____.
[Select add additional job to complete the information for each job you applied to
and believe meets the criteria stated above.]

 [ ] [Optional] I have uploaded the resume and/or job application with which I applied to these jobs to this Form. I understand that even though I have uploaded documentation of application(s), I must still describe the application(s) by manually entering the information in the Form.

[ ] If I am found to be eligible to join the Lawsuit, I consent to have [third-party administrator]

6

disclose to counsel for the parties to this Lawsuit (1) my name, birth date, and contact information; and (2) the details (including documents) I have provided about my applications to employers who have enabled Workday's AI features ("Qualifying Applications").

[ ] If I am found to be eligible to join the Lawsuit, I consent to have counsel for the parties to this Lawsuit (1) contact the employers who received my Qualifying Applications, and (2) receive all information and documentation regarding my Qualifying Applications, including personal identifying information, only for use in this Lawsuit. I authorize the employers to release this information to counsel for the parties to this Lawsuit.

[ ] I consent to opt in and join the collective action Mobley v. Workday, Inc., case number 3:23-0770-RFL in the California Northern District Federal Court, which includes claims under The Age Discrimination in Employment Act of 1967 ("ADEA"). I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action. By submitting this form, I attest that I have fully and completely answered each of the questions posed herein to the best of my ability.

[ ] If I am found ineligible to join the Lawsuit, and I wish to dispute this determination with the help of Plaintiffs' counsel, I authorize Plaintiffs' counsel to receive my complete Opt-In Eligibility and Authorization Form.

My signature: _____

Date on which I signed this Notice: _____(today's date)