UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>       Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>       Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER RE PROPOSED NOTICE FORMS**<br><br>Re: Dkt. No. 180 |

Having reviewed the parties' Joint Case Management Statement (Dkt. No. 180) and heard further argument at the Case Management Conference, the following order is entered:

1. Plaintiffs' proposed dissemination plan is approved, including the proposed possible reallocation and retargeting.

    a. The notice period shall be limited to 60 days, which will commence on the first day that the third-party administrator website goes live. In their next case management statement, the parties shall provide a proposed timeline for when the notice period will start.

    b. Comments will not be disabled, but the profile(s) that post the notices should not be permitted to comment their own posts.

    c. The parties should meet and confer regarding the appearance and content of the profile(s) that will post the notices, and notify the Court regarding the plan in their next case management statement.

2. The parties shall meet and confer regarding the proposed short form notice

language, and shall provide updated proposed language in the next case management statement. To the extent any disputes remain, the parties must provide a redlines indicating the alternative proposals to the disputed language. As the Court stated in the case management conference:

    a. The notices should not state that the "Court is providing notice," as this language may result in confusion. The parties should consider replacing such language with "the Court has authorized notice" or "the Court is requiring the sending of this notice."

    b. References to an "applicant class" should not be used, as it is inaccurate.

    c. The Court does not find any of the remaining language identified by Workday at the case management conference to be misleading or inaccurate.

3. All notices shall direct individuals to the third-party administrator's website, which will host the Long Form Notice, the Eligibility Form, and the Consent Form. This ensures that individuals' employment application history and other sensitive information will be maintained in a secure, confidential manner until it is determined through the matching process, on a preliminary basis, that they fall within the definition of the collective. Those who meet the preliminary eligibility criteria, or who contest the opt-in eligibility determination from the matching process, will have their information provided to the parties. The remainder will not. Nothing prohibits Plaintiffs' social media coordinator from discussing the mechanics of the notice plan with the third-party administrator.

4. The parties shall meet and confer regarding the Long Form Notice proposed by the Court. If the parties reach agreement on all outstanding issues, they should file an updated proposed Long Form notice and a redline identifying the agreed-upon changes in the next case management statement. If disputes remain, the

parties should instead each provide a redline identifying any further proposed edits to the proposed Long Form Notice in the next case management statement.

5. Workday is responsible for the entire cost associated with the third-party administrator's matching of the employers listed on each opt-in eligibility form with the list provided by Workday and the associated communication of which individuals are determined to be on the eligible list, to the extent that cost exceeds the cost of the same service if a drop-down menu had been used. The costs associated with the third-party administrator's services, including the website hosting services, will otherwise be shared equally by the parties. Workday shall propose a cost allocation mechanism in the next joint case management statement.

6. Individuals who complete the Eligibility Form are not restricted from contacting Plaintiffs' counsel. The Long-Form Notice provides Plaintiffs' counsel's contact information. Plaintiffs may propose a more prominent placement of their contact information in the Long-Form Notice.

7. Pursuant to *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1099 (9th Cir. 2018), the Court should not play a gatekeeping role with respect to an individual's ability to opt-in to this action. Therefore, the proposed Long-Form Notice was updated to better reflect that individuals are not precluded from separately filing a consent to join form outside of eligibility determination process. At the same time, the proposed notice process is designed to accurately notify those who are potentially within the collective definition of their right to opt-in, and it is likely that individuals who fail to make use of the eligibility process will be dismissed at the decertification stage because they are ineligible and/or because the parties lack sufficient information to determine their eligibility. The parties should meet and confer as to whether the language in the Long Form Notice contains a sufficiently clear warning that failure to submit to the eligibility process could result in an

individual's dismissal at the decertification stage.  The Court also remains open to hearing further proposals on this issue.

8. Because the Consent Form will be publicly filed, the proposed Consent Form removes unnecessary personal identifying information.  However, the parties should consider whether, upon submission to the third-party administrator, the Consent Forms should be automatically stamped with an identification number that is associated with the Eligibility Form, to avoid confusion, and shall make a proposal in the next case management statement.

**IT IS SO ORDERED.**

Dated: October 23, 2025

RITA F. LIN
United States District Judge