UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEREK MOBLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>WORKDAY, INC.,<br><br>    Defendant. | Case No.  23-cv-00770-RFL<br><br>**ORDER REGARDING COLLECTIVE NOTICE PLAN**<br><br>Re: Dkt. No. 193 |

Having reviewed the parties' joint case management statement (Dkt. No. 193), the Court accepts the parties' agreement to proceed without any form of pre-opt-in eligibility determination.  Given that development, Workday's request to have opt-in plaintiffs complete the eligibility information is better framed as a discovery request.  The parties may wish to adopt a form of streamlined discovery involving opt-in plaintiffs and third-party employers to reduce costs, and both sides may benefit from an agreement to do so—in light of Plaintiffs' burden of proof at decertification.  However, the Court declines to order that process or otherwise supervise it.  If the parties cannot agree, they may simply use the traditional forms of discovery under the Federal Rules.  Since no pre-opt-in eligibility process is necessary anymore, no third-party administrator is needed anymore either, as discovery will be taken only as to those individuals who have elected to join the litigation as opt-in plaintiffs.  The long-form notice may be hosted on a website maintained by Plaintiffs' counsel, and Plaintiffs' counsel may receive the opt-in forms directly.

A short form notice must still be disseminated via social media.  Workday's revisions to the short form notices are approved, except for the addition of "are preliminarily eligible" to

Variation 6.  The existing sentence in Variation 6 is accurate, and Workday's proposed addition is confusing without additional information.  Plaintiffs shall submit the proposed profile information that pertains to the social media account(s) that will circulate the Short Form Notice by **November 14, 2025**.  Plaintiffs' social media proposal is otherwise approved.

The parties shall meet and confer regarding a revised long form notice and revised timeline reflecting the plan above, and submit a proposed long form notice by **November 14, 2025**.  If there are remaining disputes, the submission shall include a redline showing the differences between the competing proposals, and each party may submit an explanation of no longer than 5 pages concerning any disputes and may attach supporting exemplar notices from other collective actions.  The long form notice shall inform opt-in plaintiffs of any fee arrangement that may affect their recovery, and shall explain that they have the right to join the lawsuit now, but that there will be a later stage in which the Court will determine whether they have the right to stay in the lawsuit.  The long form notice shall also explain that, if they become a party to the lawsuit, they may be required to provide certain information to Workday, Workday may be required to provide certain information to them, and the Court will have a mechanism for ordering sensitive information to be kept confidential.  The notice shall not attempt to provide a broader overview of the litigation process or confidentiality.  The notice shall also include language explaining that the opt-in form will be part of the public Court record.

The case management conference scheduled for November 12, 2025, is hereby **VACATED** and reset for **November 19, 2025**.

**IT IS SO ORDERED.**

Dated: November 7, 2025

RITA F. LIN
United States District Judge

2