Lee Winston (admitted pro hac vice)
lwinston@winstoncooks.com
State of Alabama Bar No.:6407O72L
Roderick T. Cooks (admitted pro hac vice)
rcooks@winstoncooks.com
State of Alabama Bar No.:5819O78R
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone: (205) 482-3551
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr. (admitted pro hac vice)
rwigginns@wigginschilds.com
Ann K. Wiggins (admitted pro hac vice)
awiggins@wigginschilds.com
Jennifer Wiggins-Smith
jsmith@wigginschilds.com
The Kress Building
301 19th Street North
Birmingham, Al 35203
Telephone:  (205) 314-0500
Facsimile:   (205) 254-1500

**LOCAL COUNSEL**:
Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215
greeneattorney@gmail.com

Attorneys for the Plaintiff, Collective and Proposed Classes

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY, and on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>    Defendant | Case No. 4:23-cv-00770-RFL<br><br>OPPOSED<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Hon. Rita F. Lin<br>Date:   January 6, 2026<br>Time:  10:00 AM.<br>Courtroom 15, 18th Floor |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on January 6, 2025 at 10:00 a.m., or as soon as they may be heard, in Courtroom 15 of this Court, located at Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. Plaintiff Derek L. Mobley through his undersigned counsel, will and hereby do move this Court for an Order pursuant to Federal Rule of Civil Procedure 15(a)(2) granting Plaintiff leave to file a Second Amended Complaint: (1) adding as additional Class Representatives Jill E. Hughes, Sheilah Johnson-Rocha, and Faithlinh Rowe and, (2) adding Title VII (sex and race), ADEA, and ADAAA claims on behalf of these proposed Class Representatives who have received their Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") following the filing of the First Amended Complaint (Dkt. 47); and, adding race, gender, and age claims under California Fair Employment and Housing Act (FEHA) Gov. Code § 12940 et seq. [Exs. A-C: EEOC Charges and Notice of Right to Sue].

Leave to amend is warranted under Rule 15(a)(2)'s liberal standard, as Plaintiff is seeking leave to amend after the Proposed Class Representatives' receipt of their Notice of Right to Sue from the EEOC, within the 90 days allowed for them to file their Title VII claims in federal court and within the one-year allotted by Government Code section 12965. [Ex. C & D, Cooks Decl. ¶¶3-6]. In addition, the proposed amendments are not being brought in bad faith, there has been no repeated failure to cure with respect to Plaintiffs' claims, the added parties (and their claims) will cause no undue prejudice to Defendants, as the allowance of these claims will not hamper or impede discovery and Plaintiffs are not seeking to add claims that would change the landscape of this lawsuit, and the claims are not futile.

Pursuant to Local Rule 10-1, a copy of the proposed Second Amended Complaint is attached as Exhibit E.

i

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

This motion is based upon this Notice of Motion, the supporting memorandum and points of authority, the proposed Second Amended Complaint, and such argument as the Court may allow.

**DATED:** November 12, 2025

                                                Respectfully submitted,

                                                */s/Roderick T. Cooks*
                                                Roderick T. Cooks
                                                One of the Attorneys for the
                                                Plaintiff and the Putative Class

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………………..iii

TABLE OF AUTHORITIES …………………………………………………………………..iv

MEMORANDUM OF POINTS AND AUTHORITIES …………………………………………1

I.      BACKGROUND ……………………………………………………………………1

II.     LEGAL STANDARD ………………………………………………………………3

III.    ARGUMENT ………………………………………………………………………3

    A.    Amendment is Timely and Will Cause No Undue Delay. ………………………4

    B.    Plaintiff's Motion is Not Brought in Bad Faith or For Any Dilatory Motive. ……………………………………………………………..5

    C.    Amendment Will Not Prejudice Workday. ……………………………………6

    D.    Plaintiff Has Not Repeatedly Failed to Cure Deficiencies by Amendment. …………………………………………………………………...8

    E.    The Proposed Amendment is Not Futile. ……………………………………..8

IV.    CONCLUSION …………………………………………………………………...9

# TABLE OF AUTHORITIES

*Bratton v. Bethlehem Steel Corp.*,
649 F.2d 658 (9th Cir. 1980) ………………………………………………………………….5

*Brown v. Continental Can Co.*,
765 F.2d 810 (9th Cir. 1985) ……………………………………………………………….4, 5

*Clifford v. Trump*,
2019 WL 6879751 (C.D. Cal. Feb. 4, 2019) …………………………………………………...5

*Dauth v. Convenience Retailers, LLC*,
2013 WL 12440997 (N.D. Cal. July 31, 2013) ………………………………………………...5

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ……………………………………………………………..3, 4, 6

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ………………………………………………………………….6

*Foman v. Davis*, 371 U.S. 178 (1962) ……………………………………………………………3

*Genentech, Inc. v. Abbott Lab'ys*,
127 F.R.D. 529 (N.D. Cal. 1989) ………………………………………………………………3

*Gifford v. Atchinson Topeka and Santa Fe Ry. Co.*,
685 F.2d 1149 (9th Cir. 1982) ………………………………………………………………….5

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) …………………………………………………………………..3, 6

*Imblum v. Code Corp.*,
2017 WL 3594569 (S.D. Cal. Aug. 21, 2017) ………………………………………………...6

*James v. UMG Recordings, Inc.*,
2012 WL 4859069 (N.D. Cal. Oct. 11, 2012) ………………………………………………6, 7

*Jara v. Aurora Loan Servs. LLC*,
2011 WL 4536898 (N.D. Cal. Sep. 29, 2011) ………………………………………………….8

*Johnson v. Nyaco, LLC,*
2015 WL 1540646 (E.D. Cal. Apr. 6, 2015) …………………………………………………...6

*Netbula, LLC v. Distinct Corp.,*
212 F.R.D. 534 (N.D. Cal. 2003) ……………………………………………………………….9

*Redwood Christian Sch. v. Cnty. of Alameda,*
2007 WL 164743 (N.D. Cal. Jan. 19, 2007) …………………………………………………...8

*Rieve v. Coventry Health Care, Inc.,*
2012 WL 929737 (C.D. Cal. Mar. 19, 2012) …………………………………………..5, 6, 7

*Scott v. Gino Morena Enterprises, LLC,*
888 F.3d 1101 (9th Cir. 2018) …………………………………………………………………4

*Serpa v. SBC Telecomms., Inc.,*
318 F. Supp. 2d 865 (N.D. Cal. 2004) …………………………………………………………7

*Slavkov v. Fast Water Heater I, LP,*
2015 WL 5071933 (N.D. Cal. Aug. 27, 2015) ………………………………………………...8

*Sommatino v. United States,*
255 F.3d 704 (9th Cir. 2001) ………………………………………………………………….4

*Stephens v. United Parcel Serv., Inc.,*
2024 WL 1974548 (N.D. Cal. May 3, 2024) …………………………………………………..4

*Stone v. Jaguar Land Rover N. Am., LLC,*
2025 WL 458828 (N.D. Cal. Feb. 11, 2025) …………………………………………………..3

*Tian-Rui Si v. CSM Inv. Corp.,*
2007 WL 2601098 (N.D. Cal. Sep. 6, 2007) …………………………………………………..8

*Todd v. Tempur-Sealy Int'l, Inc.,*
2015 WL 5064076 (N.D. Cal. Aug. 26, 2015) ………………………………………………...7

*United States v. Webb,*
655 F.2d 977 (9th Cir. 1981) ………………………………………………………………….4

*Zoe Mktg., Inc. v. Impressions, LLC,*
2015 WL 12216340 (S.D. Cal. Apr. 9, 2015) ………………………………………………….5

**Statutes**

42 U.S.C. § 2000e-5(e)(1) ……………………………………………………………….4

**Rules**

Fed. R. Civ. P. 15(a)(2) …………………………………………………………………...1, 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs move for leave to file a Second Amended Complaint (1) adding as additional Class Representatives Jill E. Hughes, Sheilah Johnson-Rocha, and Faithlinh Rowe, (2) adding Title VII, ADEA, and ADAAA claims on behalf of proposed additional Class Representatives Hughes, Johnson-Rocha, and Rowe who have received their Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") following the filing of the First Amended Complaint (Dkt. 47), and adding race, sex, and age claims under California Fair Employment and Housing Act (FEHA) Gov. Code § 12940 et seq. for Class Representative Rowe.  [Exs. A-C: EEOC Charges and Notices of Right to Sue].

Because there is no undue delay, bad faith, prejudice, failure to cure, or futility of amendment, leave to amend should be "freely give[n]" in accord with Rule 15's liberal standard. Fed. R. Civ. P. 15(a)(2).

## I.      BACKGROUND

Plaintiff Derek L. Mobley filed this class action lawsuit on February 21, 2023, on behalf of himself and similarly situated individuals to remedy pervasive and ongoing discrimination by Defendant Workday, Inc. ("Workday").  See Dkt. 1. Workday moved to dismiss the initial complaint on July 17, 2023, and the Court granted the motion with leave to amend on January 19, 2024, setting a deadline for an amended complaint by February 20, 2024. See Dkt. 45 at 13. On February 20, 2024, Plaintiff Mobley filed a First Amended Complaint ("FAC"), adding details regarding Workday's algorithmic screening tools and their discriminatory impact on African American applicants, individuals over the age of forty, and those with disabilities. See Dkt. 47. Workday moved to dismiss the FAC for failure to state a claim on March 12, 2024. See Dkt. 50. On July 12, 2024, the Court granted the motion in part and denied it in part, dismissing without leave to amend the Title VII, ADEA, and ADA claims to the extent they were based on

an employment agency theory, as well as the intentional discrimination claims under Title VII and the ADEA; dismissing with leave to amend the FEHA claim; and otherwise denying the motion, thereby allowing the disparate impact claims under Title VII, the ADEA, and the ADA to proceed. See Dkt. 80 at 20. No Second Amended Complaint was filed, and Workday filed its answer to the FAC on August 2, 2024. See Dkt. 86. On August 21, 2024, the Court set the deadline to amend the pleadings as October 21, 2024.

In the operative FAC, Plaintiff asserts that Workday, a leading provider of human resource management services, engages in a pattern or practice of race, age, and disability discrimination through its AI-based automated recruitment, hiring, promoting, retention and screening and scoring tools. These tools, which process millions of job applications annually for Workday's clients across industries such as professional and business services, financial services, healthcare, education, government, technology, media, retail, and hospitality, disproportionately disqualify African Americans, applicants over forty, and those with disabilities from securing employment. Dkt. 47 at 1–4. Plaintiff brings the following class claims against Workday: (1) disparate impact on the basis of race under Title VII; (2) disparate impact on the basis of age under the ADEA; and (3) disparate impact on the basis of disability under the ADA.

The Class Representative in this case and the proposed Class Representative Plaintiffs were all victims of Workday's discriminatory practices. Dkt. 47 ¶¶ 49–89. Mr. Mobley's claims in the operative First Amended Complaint (FAC) and the proposed claims of the proposed Class Representatives (Jill E. Hughes, Sheilah Johnson-Rocha, and FaithLinh Rowe) in their respective EEOC charges are substantially the same or similar, as they all allege systemic employment discrimination resulting from Workday's use of artificial intelligence (AI) and machine learning (ML) tools in its automated recruitment, hiring, promoting, retention and screening and scoring tools. Their claims arise from the same core practice: Workday's deployment of algorithmic

decision-making systems that allegedly embed and perpetuate bias, leading to the disproportionate rejection of qualified applicants based on protected characteristics.

## II. LEGAL STANDARD

Under Rule 15(a)(2), the Court should "freely give" leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality,'" and "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999) (noting that "this determination should be performed with all inferences in favor of granting the motion"). "A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Stone v. Jaguar Land Rover N. Am., LLC*, No. 5:24-cv-08579-BLF, 2025 WL 458828, *1 (N.D. Cal. Feb. 11, 2025); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Under Rule 15 the "nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Lab'ys,* 127 F.R.D. 529, 530 (N.D. Cal. 1989). Absent such grounds, it is an "abuse of . . . discretion and inconsistent with the spirit of the Federal Rules" to deny leave to amend. *Foman,* 371 U.S. at 182.

## III. ARGUMENT

Because Workday cannot show unfair delay, bad faith, prejudice, repeated failure to cure, or futility of amendment, leave to amend should be granted in all respects.

A. **Amendment is Timely and Will Cause No Undue Delay**.

While the Ninth Circuit has unequivocally held that undue delay alone is insufficient to deny leave to amend, Workday has no credible basis whatsoever to allege that Plaintiff delayed in seeking to file a Second Amended Complaint. See *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend.").

Before filing a Title VII claim in federal district court, a "claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency ... and receiving a right-to-sue letter." *Scott v. Gino Morena Enterprises, LLC,* 888 F.3d 1101, 1106 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)); see also *Stephens v. United Parcel Serv., Inc.,* No. 3:23-cv-06081-JSC, 2024 WL 1974548, at *2 (N.D. Cal. May 3, 2024) ("Before bringing a Title VII claim, a plaintiff must exhaust available administrative remedies by filing a timely complaint with the EEOC or an authorized state agency.") (citing *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir. 2001)).

Proposed Class Representatives Hughes, Johnson-Rocha, and Rowe filed timely charges of discrimination on May 3, 2024, September 3, 2024, and May 9, 2025, respectively. They each received a Notice of Right to Sue from the EEOC on August 13, 2025. Workday is aware of what the charges allege and the claims asserted. The proposed Class Representatives had no control over the timing of the agency's investigation. The 9th Circuit has recognized that "EEOC delays are not to be charged against private plaintiffs and that complainants are not required to terminate the administrative process by requesting a notice of right-to-sue. . . "Ordinarily, if the EEOC retains control over a charge, a private plaintiff will not be charged with its mistakes.'" *Brown v. Continental Can Co.,* 765 F.2d 810, 815 (9th Cir. 1985). Further, the proposed Class Representatives have already appeared in this case as Plaintiffs having filed Consents to Joint on

December 9, 2024 (Hughes and Johnson-Rocha) and May 2, 2025 (Rowe) and have already been deposed. [See, Dkt. 103-1 and 122-1]. Moreover, upon receipt of the Notices of Right to Sue, Plaintiff's counsel investigated whether Hughes, Johnson-Rocha, and Rowe were suitable class representatives. *Rieve v. Coventry Health Care, Inc.,* 2012 WL 929737, *3 (C.D. Cal. Mar. 19, 2012) ("[t]wo [to three] months is a reasonable time frame in which to both investigate potential new class representatives and draft a motion to amend."). Plaintiffs Hughes, Johnson-Rocha, and Rowe could not have brought their claims sooner, because the agency had not yet issued them Notices of Right to Sue. *Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 667 (9th Cir. 1980) (four-year delay was not inexcusable where plaintiffs did not delay in requesting right to sue letters and no prejudice to defendant shown); *Gifford v. Atchinson Topeka and Santa Fe Ry. Co.,* 685 F.2d 1149 (9th Cir.1982) (ordinarily, if the EEOC retains control over a charge, a private plaintiff will not be charged with its mistakes); *Brown v. Continental Can Co.,* 765 F.2d 810 (9th Cir.1985) (EEOC delays are not to be charged against private plaintiffs and complainants are not required to terminate the administrative process by requesting a notice of right to sue).

Nevertheless, discovery is ongoing and "courts have found that undue delay cannot exist where discovery has not ended." *Dauth v. Convenience Retailers, LLC,* 2013 WL 12440997, *3 (N.D. Cal. July 31, 2013) (collecting cases); See *Zoe Mktg., Inc. v. Impressions, LLC,* 2015 WL 12216340, at *2 (S.D. Cal. Apr. 9, 2015) ("undue delay will not result from granting Defendant leave to amend given that the case remains in the early stages of discovery.").

### B. Plaintiff's Motion is Not Brought in Bad Faith or For Any Dilatory Motive.

Workday cannot show that Plaintiff's proposed Second Amended Complaint is motivated by bad faith, dilatory motive, or other improper purpose. See *Clifford v. Trump,* 2019 WL 6879751, *4 (C.D. Cal. Feb. 4, 2019) ("Defendants bear the burden of showing that a plaintiff acted in bad faith."). Bad faith "is illustrated when the moving party seeks to amend 'to prolong

the litigation by adding new but baseless legal theories[,]' . . . [a]mendments . . . are frivolous in nature or filed for an improper purpose," or "claims . . . are brought simply to harass the opposing party." *Imblum v. Code Corp.,* 2017 WL 3594569, *2 (S.D. Cal. Aug. 21, 2017) (quoting *Griggs,* 170 F.3d at 881).

Here, Plaintiff is not seeking to add baseless claims and is only moving to add one new Title VII claim (sex) after receipt of the Notice of Right to Sue and to add Class Representatives (with well-founded claims) who are challenging the same discriminatory practice under the same theory (disparate impact) already at issue in this litigation. *Johnson v. Nyaco, LLC,* 2015 WL 1540646, *3 (E.D. Cal. Apr. 6, 2015) (finding "[t]his factor weighs in favor of amendment" when "[t]here is no evidence before the court indicating plaintiff seeks leave to prolong litigation or to save a meritless case"). Notably, the allegations supporting the proposed sex claim mirror those already in the operative Complaint, which this Court has already approved. Because there is "no evidence in the record which would indicate a wrongful motive, there is no cause to . . . den[y] . . . leave to amend." *DCD Programs, Ltd.,* 833 F.2d at 187 (no bad faith where "th[e] suit [wa]s still in its early stages, and appellants . . . offered a satisfactory explanation for their delay in naming [a new party]").

C.  **Amendment Will Not Prejudice Workday**.

Because "'[p]rejudice is the touchstone of the inquiry under [R]ule 15(a)[,]' [i]f a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial." *James v. UMG Recordings, Inc.,* 2012 WL 4859069, *2 (N.D. Cal. Oct. 11, 2012) (quoting *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)). "'[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Rieve,* WL929737, at *2 (quotation omitted). As the non-

6

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

moving party, Workday bears the burden of showing that it will be "substantially prejudiced by the proposed amendment." *Todd v. Tempur-Sealy Int'l, Inc.,* 2015 WL 5064076, *3 (N.D. Cal. Aug. 26, 2015) (granting leave to amend class action complaint where defendant failed to satisfy its burden).

Again, here discovery in this case is ongoing, and no schedule has been set beyond the hearing on Plaintiff's motion for class certification and the motion for decertification. While, the Defendant may incur additional expense responding to the new complaint, they will not have to radically change their litigation strategy to defend against a nearly identical sex discrimination claim based on the same challenged conduct. See *James,* 2012 WL 4859069, at *2 (finding no substantial prejudice where the three new plaintiffs did not have different claims or a substantially different set of facts as the other plaintiffs and "the nature of the litigation and the course of defense will not be substantially altered"); *Serpa v. SBC Telecomms., Inc.,* 318 F.Supp.2d 865, 872 (N.D. Cal. 2004) (finding no substantial prejudice where "defendants need not radically change their litigation strategy in order to accommodate the proposed [ ] claims").

The specter of additional expense responding to the new complaint or in conducting additional discovery does not constitute undue prejudice warranting denial of leave to amend. See *Wang v. Zymergen Inc.,* 2024 WL 773603, *3 (N.D. Cal. 2024) ("the fact that adding new claims to a complaint will require the defendants to defend against those claims on the merits does not constitute undue prejudice."); *Todd v. Tempur-Sealy Int'l, Inc.,* 2015 WL 5064076, *3 (N.D. Cal. Aug. 26, 2015) (granting leave to amend); *James v. UMG Recordings, Inc.,* 2012 WL 4859069, *2 (N.D. Cal. Oct. 11, 2012) (finding defendant's argument that "the addition of three new plaintiffs will add time and expense because [defendant] will need to conduct discovery and depositions regarding their claims" insufficient to demonstrate substantial prejudice warranting denial of leave to file a consolidated amended complaint); *Rieve v. Coventry Health Care, Inc.,*

2012 WL 929737, *3 (C.D. Cal. Mar. 19, 2012);, (holding "[t]he mere fact that amendment will necessitate some amount of additional discovery is not, in itself, a per se reason to deny the motion to amend" and finding defendants would not be "unduly prejudiced by the addition of . . . a class representative").

### D. Plaintiff Has Not Repeatedly Failed to Cure Deficiencies by Amendment.

In analyzing this factor, "'district courts look for a plaintiff's repeated failure to cure deficiencies by previous amendments.'" *Slavkov v. Fast Water Heater I, LP,* 2015 WL 5071933, *3 (N.D. Cal. Aug. 27, 2015) (quoting *Jara v. Aurora Loan Servs. LLC,* 2011 WL 4536898, at *5 (N.D. Cal. Sep. 29, 2011). Here, Plaintiffs are not moving to amend to cure deficiencies but rather to add additional Class Representatives, who are already parties, and to add Title VII and state law claims for existing Plaintiffs following administrative exhaustion. Nor has Plaintiff previously failed to cure deficiencies as he has only amended his complaint once at the Court's direction. Accordingly, Plaintiffs have not repeatedly failed to cure deficiencies by previous amendments. See *Tian-Rui Si v. CSM Inv. Corp.,* 2007 WL 2601098, *2 (N.D. Cal. Sep. 6, 2007) (no repeated failure to cure deficiencies where plaintiffs "previously filed a First Amended Complaint" that was "not substantially different from the original Complaint and successfully withstood a motion to dismiss."); *Slavkov,* 2015 WL 5071933, *3 (no repeated failure to cure deficiencies where "Plaintiffs have previously amended their complaint only once, before an answer had been filed").

### E. The Proposed Amendment is Not Futile.

A proposed amendment is futile "only if it appears beyond doubt" that no set of facts can be proved under the amendment that would constitute a valid claim. See *Redwood Christian Sch. v. Cnty. of Alameda,* 2007 WL 164743, at *2 (N.D. Cal. Jan. 19, 2007). Further, "ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until

after leave to amend is granted and the amended pleading is filed.'" *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Here, the Court has already held that the disparate impact theory pleaded in the FAC may go forward. As such, the Defendant cannot show that the proposed Class Representatives claims based on that theory are futile.

## V.  CONCLUSION

Because no ground exists to deny amendment under Rule 15's liberal standard, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

*/s/Roderick T. Cooks*
Roderick T. Cooks (admitted pro hac vice)
Lee Winston (admitted pro hac vice)
Robert L. Wiggins, Jr. (admitted pro hac vice)
Ann K. Wiggins (admitted pro hac vice)
Jennifer Wiggins-Smith (admitted pro hac vice)
Attorney for the Plaintiff and the Proposed Classes and the Collective

**OF COUNSEL:**
Roderick T. Cooks (admitted pro hac vice)
Lee Winston (admitted pro hac vice)
lwinston@winstoncooks.com
State of Alabama Bar No.:6407O72L
Roderick T. Cooks
rcooks@winstoncooks.com
State of Alabama Bar No.:5819O78R
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone: (205) 482-3551
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr.
rwiggins@wigginschilds.com

Ann K. Wiggins
awiggins@wigginschilds.com
Jennifer Wiggins-Smith
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher Goldfarb, LLC
The Kress Building,
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**LOCAL COUNSEL**:
Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215
greeneattorney@gmail.com
Attorneys for the Plaintiff, Collective and Proposed Classes

**Certificate of Service**

    I hereby certify that on November 12, 2025, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system which notifies:

Erin M. Connell econnell@orrick.com

Julie Ann Totten jtotten@orrick.com

Kayla Delgado Grundy kgrundy@orrick.com

                                                 *s/Roderick T. Cooks*
                                                 Of Counsel