JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**WORKDAY'S PROPOSED LONG FORM NOTICE**<br><br>Courtroom:    15, 18th Floor<br>Judge:           Hon. Rita F. Lin<br><br>Complaint Filed: February 21, 2023 |

1  Consistent with the Court's November 7, 2025 Order Regarding Collective Notice Plan, the Parties met and conferred on a revised long form notice. The Parties were unable to reach agreement. Attached as **Exhibit A** to this statement is Workday's proposed notice. Attached as **Exhibit B** to this statement is a redline between Workday's proposed notice and Plaintiffs' proposed notice. Attached as **Exhibit C** is an example notice Plaintiffs provided to Workday along with their proposed revised notice on November 11, 2025.[1]

Although Workday submits this statement and Exhibits A-C consistent with the Court's Order, Workday generally objects to Plaintiffs' notice plan, including publication notice of Plaintiffs' proposed long form that does not sufficiently seek to ensure that individuals to whom the notice is directed are eligible to join this lawsuit. After the parties spent approximately six months constructing a plan to permit notice of Plaintiffs' claims through publication and submission of preliminary information to weed out individuals who are "not, in fact, eligible to join the suit," *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1010 (6th Cir. 2023), at Plaintiffs' request, the Court has declined to require any such process at all. Plaintiffs now argue against any limiting language in the notice requiring that potential plaintiffs believe they meet the Court's collective definition and also expressly concede they view the notice as their own advertisement. Indeed, Plaintiffs argue the Court should not modify their preferred language of their "advertisements" because "lawyer advertising is in the category of constitutionally protected commercial speech." Pltf's. Br. at 4-5. As Workday argued in its Opposition to Plaintiffs' Motion for Conditional Certification, ECF 107, Supreme Court precedent "flatly forbids" sending notice where notice recipients are not eligible to join the lawsuit. ECF 107 at 26-27; *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 442 (5th Cir. 2021). Plaintiffs' concession that their proposed notice is their own advertisement places it outside the scope of a permissible notice used for the purpose of case management and into the prohibited realm of a solicitation of claims. *See id.*; *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

---

[1] In a meet and confer call on November 13, 2025, Plaintiffs' counsel said inclusion of this additional notice was inadvertent. It appears Plaintiffs began modifying notice from another case, before abandoning the template. Workday has added select language from that template that is consistent with this Court's order to its proposal.

1   Without waiving its standing objection to Plaintiffs' notice process in its totality, the Parties
2   have four specific disputes concerning the long form notice.

3   First, Plaintiffs do not agree to informing potential plaintiffs that they have the right to opt
4   in to the lawsuit if (1) they applied for a job through Workday's "application platform" in the
5   relevant time period while 40 or over *and* (2) that they believe they were harmed through artificial
6   intelligence. Plaintiffs state such an addition is confusing. Workday disagrees that its proposed
7   language is confusing. To the contrary, particularly because there will be no screening process prior
8   to opting-in, it is important that potential plaintiffs understand from the outset that this case is about
9   the use of artificial intelligence in application screening, sorting, ranking, or scoring. If a potential
10  plaintiff does not believe they were subject to such AI decisionmaking, they are not proper plaintiffs
11  in this lawsuit. In response to this explanation on a November 13, 2025 meet and confer call,
12  Plaintiffs argue this case is not so limited and use of the "platform" itself is sufficient, regardless
13  of AI use. The Court has already rejected Plaintiffs' argument in connection with the motion for
14  conditional certification and cabined Plaintiffs' claims to the use of AI. ECF No. 128. Additionally,
15  Workday is not suggesting that potential plaintiffs need to certify that they were in fact screened,
16  sorted, ranked, or scored by AI as Plaintiffs suggest. It is not "asking too much" to inform potential
17  plaintiffs that they must *believe* they meet the collective definition to opt-in.

18  Second, Workday has stricken reference to a confidentiality authorization form and
19  Plaintiffs' proposed detailed assurances of confidentiality as misleading and contrary to the Court's
20  directive that the notice not attempt to provide a broader overview of confidentiality. At Plaintiffs'
21  request and over Workday's objection, the Court has reconsidered its prior orders and declined to
22  order an eligibility process administered through a third party in favor of a direct opt-in process
23  directed by Plaintiffs' counsel. Plaintiffs' counsel may obtain whatever releases are necessary from
24  their clients in order to affect the discovery they need to prosecute their claims. Reference to a
25  confidentiality authorization form in the context of a notice intended to provide information about
26  opting-in to the lawsuit and where the parties are not navigating through a third party is unnecessary
27  and may improperly suggest to potential plaintiffs that they may not opt in without submitting the
28  authorization form, that their information cannot or will not be collected or disclosed without such

1   an authorization, or that Plaintiffs' counsel can obtain and not share such information with
2   Workday. Any authorization Plaintiffs' counsel seeks is more properly handled separate from the
3   notice process now that the Parties are not navigating through a third party administrator. Indeed,
4   Plaintiffs provided the proposed text of such a confidentiality authorization form to Workday on
5   the morning of November 14, 2025. That language confuses the separate issues of (1) opting in to
6   the litigation as a plaintiff; (2) providing authorization for Plaintiffs' counsel to act on behalf of the
7   opt-in plaintiffs; and (3) the discovery obligations of any opt-in plaintiffs. By appending this
8   authorization to a notice that Plaintiffs repeatedly emphasize is "Court approved" extends beyond
9   informing Plaintiffs of their rights and risks the public misunderstanding that the Court has
10  endorsed the validity of Plaintiffs' claims.

11  Separate from the authorization form, Plaintiffs' proposed notice contains substantial detail
12  concerning confidentiality that is contrary to the Court's Order that the notice not do so. It is also
13  likely to confuse potential opt-ins who may review the language and believe that their information
14  may be withheld from Workday or not disclosed in the regular course of litigation. While Workday
15  agrees that there may be applicant confidential information that is covered by the protective order,
16  the confidentiality Plaintiffs refer to throughout the notice is undefined and not expressly tied to
17  the protective order; nor is the protective order a document lay individuals are likely to readily
18  understand without guidance from counsel.

19  Third, Plaintiffs propose language that counsel will help opt-ins in "obtaining the
20  documents, testimony and other evidence that [they] need to show that [they] meet all the
21  requirements necessary to litigate" and similar language. This is inappropriate. Contrary to
22  Plaintiffs' assertions otherwise, the notice is not an advertisement for Plaintiffs' counsel, but a
23  Court-authorized notice to inform potential plaintiffs of their ability to join the lawsuit. Not all
24  interested individuals will be eligible to join the lawsuit, and opt-ins will be subject to discovery
25  from Workday, too. Workday's proposal includes neutral language that was taken from Plaintiffs'
26  template. *See* Exhibit C.

27  Fourth, and finally, the Court's Order required that the long form notice inform potential
28  opt-in plaintiffs of "any fee arrangement that may affect their recovery." Although the parties

narrowed their dispute through the meet and confer process, Workday believes its proposed language more clearly explains the likely contingency arrangement (and Plaintiffs' counsel has not told Workday otherwise). Workday's description was taken from Plaintiffs' template they provided during the meet and confer process. *See* Exhibit C.

Workday cannot specify a timeline for notice because it still needs to review any final proposed profile information for the social media advertisements (neither of which were provided in advance of the filing). Workday also requests the opportunity to review the content of Plaintiffs' website before it becomes generally available. Workday has no reason to believe that once the Court finally approves the long form notice and any related collateral documents or information, that the process can begin promptly.

Dated: November 14, 2025

JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Julie A. Totten_____
JULIE A. TOTTEN
Attorneys for Defendant