# EXHIBIT A

## **NOTICE OF COLLECTIVE ACTION LAWSUIT AGAINST WORKDAY, INC.**

**TO:** All individuals 40 years of age or older who, at any time from September 24, 2020 to the present, applied for job opportunities using Workday, Inc.'s job application platform.

**Re:** *Mobley v. Workday, Inc.  Case No. 3:23-0770-RFL, Northern District of California*

## I.     INTRODUCTION

This notice and its contents have been authorized by the United States District Court for the Northern District of California. The Court has taken no position in this case regarding the merits of Plaintiffs' claims or of Workday's defenses.

The purpose of this notice is to provide notification of your following rights under the Age Discrimination in Employment Act ("ADEA"):

- You have the right to join this lawsuit if you applied for employment opportunities using Workday's application platform since September 24, 2020, while you were 40 or more years old and believe you were harmed through the use of artificial intelligence ("AI"). See § __ ¶ __ of this Notice;

- To join this lawsuit you must fill out and electronically sign and send in the Opt-In Consent To Join Form at this link on or before January __, 2026. How to do that is explained more fully in § __ ¶ __ of this Notice;

- You have the right to have the Plaintiffs' attorneys represent you in connection with this case and to contact them for advice or assistance regarding such Opt-In Form at this link or at the email addresses and phone numbers listed below in  § __ ¶ __ of this Notice.

## II. WHAT IS THIS LAWSUIT ABOUT?

Derek Mobley ("Plaintiff") filed this action against Workday, Inc. in the Northern District of California, Case No. 3:23-0770-RFL ("Lawsuit"), on behalf of himself and all others similarly situated. His allegations include that Workday, Inc., through its use of certain Artificial Intelligence ("AI") features on its job application platform, violated the Age Discrimination in Employment Act ("ADEA"). Workday denies these allegations. The Court has not made any findings about whether Plaintiff's claims or Workday's denial of liability have any merit.

The Court has provisionally certified an ADEA collective, which includes: "All individuals aged 40 and over who, from September 24, 2020, through the present, applied for job opportunities using Workday, Inc.'s job application platform and were denied employment recommendations." In this context, being "denied" an "employment recommendation" means that (i) the individual's application was scored, sorted, ranked, or screened by Workday's AI; (ii) the result of the AI scoring, sorting, ranking, or screening was not a recommendation to hire; and (iii) that result was communicated to the prospective employer, or the result was an automatic rejection by Workday.

Once you submit your Opt-In Consent to Join Form, the Court will subsequently need to determine that you meet the requirements described in the above paragraph in order for you to have the right to stay in the lawsuit. However, all you need to know right now to opt-in to this case is that, on or after September 24, 2020, you applied for employment opportunities using Workday's application platform while you were 40 or more years old and believe you were harmed through the use of AI.

**III. HOW TO JOIN THIS LAWSUIT**

To join this case, please complete, sign and return the Opt-In Consent To Join Form. If you have questions, you may contact the Plaintiffs' attorneys at this link or the addresses and phone numbers provided below in § __ ¶ __ of this Notice.

If you are unable to sign and return the Opt-In Consent To Join Form electronically through this link, you may obtain a paper copy of such forms to sign and return by mail, email, text or other delivery on or before January __, 2026. A paper copy can be downloaded and printed from this link or by contacting Plaintiffs' attorneys to request such Forms by calling, emailing, texting or mailing them at the addresses or phone numbers provided below in § __ ¶ __ of this Notice. To join this case you must submit your Opt-In Consent To Join Form on or before January __, 2026.

The Opt-In Consent To Join Form requires that you sign page one and that you list your contact information and birthday on page two. Only page one will be publicly filed with the Court. Your contact information and birthday on page two will not filed with the Court as part of your initial opt-in to the case.

**IV. HOW WILL YOUR CLAIM BE HANDLED AND PROVEN?**

After you submit your Opt-In Consent To Join Form to the Plaintiffs' attorneys for filing, and unless and until you decide otherwise, they will continue to represent you as your counsel in this matter.

If you choose to join this case, you may be required, with the help of Plaintiffs' lawyers, to answer written questions, produce documents related to your job application process, attend a deposition, and/or testify in court. Workday may also be required to answer written questions or produce documents related to its products to you.

The Court has procedures that will protect confidential information from public disclosure as appropriate.

**III. LEGAL EFFECT OF OPTING IN TO JOIN THIS CASE**

If you opt in to the Lawsuit, you will be bound by a favorable or unfavorable judgment on Plaintiffs' ADEA claim. If you do not opt in, you will be precluded from future participation in this case, including participation in any settlement related to the ADEA claim, but you may still bring your own separate lawsuit, depending on your situation.

No ADEA collective has been finally certified, and you may still be dismissed from the case.

## IV. NO RETALIATION PERMITTED

Federal law prohibits Workday from retaliating against you for "opting-in" to this Lawsuit or otherwise exercising your rights.

## V. YOUR LEGAL REPRESENTATION IF YOU JOIN

When you join this lawsuit by electronically completing and sending the Opt-In Consent To Join Form, unless you decide otherwise, the lawyers representing you will be:

[Plaintiffs' Counsel's information]

You will not be responsible for paying any lawyers' fees. Plaintiffs' lawyers are being paid on contingency, which means that if Plaintiffs do not receive a recovery in this case, no lawyer fees will be owed. If Plaintiffs obtain a recovery, either by settlement or judgment, Plaintiffs' lawyers may file a request with the Court to receive part of the recovery as compensation for their services.

If you want to join the Lawsuit, but prefer to retain your own attorney to represent you, you have the right to do so. You also have the right to represent yourself. To join this case you must submit your Opt-In Consent To Join Form on or before January __, 2026.


**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS LAWSUIT.**