UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MOBLEY,<br><br>   Plaintiff,<br><br> v.<br><br>WORKDAY, INC.,<br><br>   Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER APPROVING LONG FORM NOTICE** |

  Having considered the parties' statements (Dkt. Nos. 200, 201), the Long Form Notice and Opt-in Consent to Join Form attached to this order are approved.

  Plaintiffs' proposal would have attached a confidentiality authorization form and included a lengthy explanation of the purpose of that form and counsel's role in the discovery process. However, the purpose of court-approved notice is to inform potential plaintiffs of their ability to opt in to the lawsuit, and the confidentiality authorization form and related discussion is confusing and does not further this goal. Those references have been removed from the Long Form Notice.[1] However, consistent with the model provided by Workday (Dkt. No. 201-3), the Long Form Notice allows potential plaintiffs to provide Plaintiffs' counsel with their date of birth and contact information, as reflected on page 2 of the Opt-in Consent to Join Form. The form also provides Plaintiffs' counsel's information, so that prospective opt-ins may contact

---

[1] Plaintiffs' authority regarding "constitutionally protected commercial speech" is inapplicable. This is a court-approved notice of a lawsuit, not a law firm advertisement. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173–74 (1989) (holding that courts have "considerable authority" to facilitate notice, and must be "scrupulous to respect judicial neutrality"). Of course, Plaintiffs' counsel is free to share whatever information they wish with individuals who submit Opt-in Consent to Join Forms to them.

counsel for additional guidance on confidentiality and other legal procedures.

Workday generally objects to the notice plan as overbroad. However, the parties mutually agreed to abandon the Court's proposed method for narrowing the notice to a smaller group. Workday also proposes that the Long Form Notice inform potential plaintiffs that they must "believe they were harmed through artificial intelligence." (Dkt. No. 201 at 3.) But, at this stage, there is no way for an individual to form an objective belief as to this issue, because they do not have access to the information necessary to inform that belief. The Long Form Notice accurately explains that "the Court will subsequently need to determine that [all plaintiffs] meet the requirements" to remain in the case.

The Court adopts Workday's description of Plaintiffs' counsel's fee arrangement because it is easier for a lay person to understand.

Finally, the revised timeline for the notice plan that the parties are required to provide (*see* Dkt. No. 202) shall include a deadline for Plaintiffs to provide Workday with access to review Plaintiffs' webpage before it becomes generally available, and for the parties to meet and confer regarding any disputes related to the content of the website. However, for avoidance of doubt, the webpage's purpose should be limited to (1) hosting the Long Form Notice and Opt-in Consent to Join Form, and (2) providing basic instructions for how to fill out the Opt-in Consent to Join Form and how to contact Plaintiffs' counsel with questions.

**IT IS SO ORDERED.**

Dated: November 18, 2025

_____
RITA F. LIN
United States District Judge

**NOTICE OF COLLECTIVE ACTION LAWSUIT AGAINST WORKDAY, INC.**

**TO:** All individuals 40 years of age or older who, at any time from September 24, 2020 to the present, applied for job opportunities using Workday, Inc.'s job application platform.

**Re:** *Mobley v. Workday, Inc.  Case No. 3:23-0770-RFL, Northern District of California*.

**I.   INTRODUCTION**

This notice and its contents have been authorized by the United States District Court for the Northern District of California.  The Court has taken no position in this case regarding the merits of Plaintiffs' claims or of Workday's defenses.

The purpose of this notice is to provide notification of your following rights under the Age Discrimination in Employment Act ("ADEA"):

- You have the right to join this lawsuit if you applied for employment opportunities using Workday's application platform since September 24, 2020, while you were 40 or more years old. See § _ ¶ _ of this Notice;

- To join this lawsuit you must fill out and electronically sign and send in the Opt-In Consent To Join Form at this link on or before January  _, 2026.  How to do that is explained more fully in § _ ¶ _ of this Notice;

- You have the right to have the Plaintiffs' attorneys represent you in connection with this case, and to contact them for advice or assistance regarding the Opt-In Form or regarding the case, at this link or via the email addresses and phone numbers listed below in  § _ ¶ _ of this Notice.

**II. WHAT IS THIS LAWSUIT ABOUT?**

Derek Mobley ("Plaintiff") filed this action against Workday, Inc. in the Northern District of California, Case No. 3:23-0770-RFL ("Lawsuit"), on behalf of himself and all others similarly situated. His allegations include that Workday, Inc., through its use of certain Artificial Intelligence ("AI") features on its job application platform, violated the Age Discrimination in Employment Act ("ADEA").  Workday denies these allegations.  The Court has not made any findings about whether Plaintiff's claims or Workday's denial of liability have any merit.

The Court has provisionally certified an ADEA collective, which includes: "All individuals aged 40 and over who, from September 24, 2020, through the present, applied for job opportunities using Workday, Inc.'s job application platform and were denied employment recommendations."  In this context, being "denied" an "employment recommendation" means that (i) the individual's application was scored, sorted, ranked, or screened by Workday's AI; (ii) the result of the AI scoring, sorting, ranking, or screening was not a recommendation to hire; and (iii) that result was communicated to the prospective employer, or the result was an automatic rejection by Workday.

Once you submit your <u>Opt-In Consent to Join Form,</u> the Court will subsequently need to determine that you meet the requirements described in the above paragraph in order for you to have the right to stay in the Lawsuit. However, all you need to know right now to opt-in to this case is that, on or after September 24, 2020, you applied for employment opportunities using Workday's application platform while you were 40 or more years old.

### III. HOW TO JOIN THIS LAWSUIT

To join this case, please complete, sign and return the <u>Opt-In Consent To Join Form</u>. If you have questions, you may contact the Plaintiffs' attorneys at this <u>link</u> or at the addresses and phone numbers provided below in § __ ¶ __ of this Notice.

If you are unable to sign and return the <u>Opt-In Consent To Join Form</u> electronically through this <u>link</u>, you may obtain a paper copy of such forms to sign and return by mail, email, text or other delivery on or before January __, 2026. A paper copy can be downloaded and printed from this <u>link</u> or you can contact Plaintiffs' attorneys to request such Forms by calling, emailing, texting or mailing them at the addresses or phone numbers provided below in § __ ¶ __ of this Notice. To join this case you must submit your <u>Opt-In Consent To Join Form</u> on or before January __, 2026.

The <u>Opt-In Consent To Join Form</u> requires that you sign page one and that you list your contact information and birthday on page two. Only page one will be publicly filed with the Court. Your contact information and birthday on page two will not be filed with the Court as part of your initial opt-in to the case.

### IV. HOW WILL YOUR CLAIM BE HANDLED AND PROVEN?

After you submit your <u>Opt-In Consent To Join Form</u> to the Plaintiffs' attorneys for filing, and unless and until you decide otherwise, they will continue to represent you as your counsel in this matter. As your legal representative, Plaintiffs' attorneys can help you obtain the documents, testimony, and other evidence that you may need to show that you meet all the requirements necessary to litigate your claim as a party to this Lawsuit.

If you choose to join this case, you may be required, with the help of Plaintiffs' attorneys, to answer written questions, produce documents related to your job application process, attend a deposition, and/or testify in court. Workday may also be required to answer written questions or produce documents related to its products to you.

The Court has procedures that will protect your confidential information from public disclosure, including the information on page 2 of your <u>Opt-In Consent To Join Form</u>.

### III. LEGAL EFFECT OF OPTING IN TO JOIN THIS CASE

If you opt in to the Lawsuit, you will be bound by a favorable or unfavorable judgment on Plaintiffs' ADEA claim. If you do not opt in, you will be precluded from future participation in the ADEA collective, including participation in any settlement related to the ADEA claim, but you may still bring your own separate lawsuit, depending on your situation.

No ADEA collective has been finally certified, and you may still be dismissed from the case.

**IV. NO RETALIATION PERMITTED**

Federal law prohibits Workday from retaliating against you for opting in to this Lawsuit or otherwise exercising your rights.

**V. YOUR LEGAL REPRESENTATION IF YOU JOIN**

When you join this Lawsuit by electronically completing and sending the Opt-In Consent To Join Form, unless you decide otherwise, the lawyers representing you will be:

[Plaintiffs' Counsel's information]

You will not be responsible for paying any lawyers' fees. Plaintiffs' attorneys are being paid on contingency, which means that if Plaintiffs do not receive a recovery in this case, no lawyer fees will be owed. If Plaintiffs obtain a recovery, either by settlement or judgment, Plaintiffs' attorneys may file a request with the Court to receive part of the recovery as compensation for their services.

If you want to join the Lawsuit, but prefer to retain your own attorney to represent you, you have the right to do so. You also have the right to represent yourself. To join this case you must file **only page 1** of the Opt-In Consent To Join Form with the Court on or before January __, 2026.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS LAWSUIT.**

## **OPT-IN CONSENT TO JOIN FORM**
(The Age Discrimination in Employment Act of 1967)

By submitting this form, I am consenting to: join the collective action Mobley v. Workday, Inc., case number 3:23-cv-0770-RFL ("Lawsuit"), pending in the Northern District of California Federal Court, which includes claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), and to be bound by the judgment of the Court.

By submitting this form, I confirm that on or after September 24, 2020, I applied for at least one employment opportunity using Workday's application platform while I was 40 or more years old.

My full name:
My signature or Docusign:
Date on which I signed this Notice: (today's date)

**[END of p. 1 of Opt-In Consent To Join Form]**

**PAGE 2 of my Opt-In Consent to Join Form:**

My name is:
My birthdate is:
My address is:
My telephone number is:
My e-mail address is:

**[END of Opt-In Consent To Join Form]**