JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
LAUREN M. GOLDSMITH (STATE BAR NO. 293269)
lgoldsmith@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,

Plaintiff,

v.

WORKDAY, INC.,

Defendant.

Case No. 3:23-cv-00770-RFL

**DEFENDANT WORKDAY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Date: January 6, 2026
Time: 10:00 a.m.
Courtroom: 15, 18th Floor
Judge: Hon. Rita F. Lin

Amended Complaint: February 20, 2024

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1

II. PLAINTIFFS' CLAIMS HAVE BEEN HEAVILY LITIGATED FOR YEARS ........ 2

III. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT ........ 4

A. Federal Rule Of Civil Procedure 16 Governs Plaintiffs' Motion ........ 4

B. Plaintiffs Cannot Meet The "Good Cause" Standard To Amend Under Rule 16 ........ 5

1. Plaintiffs Did Not Diligently Seek To Bring Their Claims ........ 5

2. Plaintiffs' Right To Sue Letters Do Not Excuse Lack of Diligence ........ 7

C. Plaintiffs Cannot Meet The Rule 15 Standard to Amend ........ 9

1. Plaintiffs Have Unduly Delayed Seeking Amendment ........ 9

2. Plaintiffs' Proposed Amendments Would Prejudice Workday ........ 10

3. Plaintiffs' Proposed Amendments Are In Bad Faith ........ 12

4. Plaintiffs' Proposed Amendments Are Futile ........ 13

IV. CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
781 F.2d 1393 (9th Cir. 1986)........................................ 9, 12

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990)........................................ 9

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006)........................................ 5, 9

*In re ARRIS Cable Modem Consumer Litig.*,
No. 17-cv-01834-LHK, 2019 WL 4242666 (N.D. Cal. Sept. 6, 2019)........................................ 7, 9

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989)........................................ 11

*Campbell v. Arco Marine, Inc.*,
42 Cal. App. 4th 1850 (1996)........................................ 14

*Castle v. Knowles*,
No. CV 1-08-01267-JAT, 2010 WL 2232394 (E.D. Cal. June 3, 2010), *aff'd*,
442 F. App'x 263 (9th Cir. 2011) ........................................ 12

*Chowning v. Nationwide Ins. Co. of Am.*,
No. 2:22-CV-00798-CDS-EJY, 2023 WL 2971435 (D. Nev. Jan. 12, 2023) ........................................ 13

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000)........................................ 5

*Deitz v. Comcast Corp.*,
No. 06-cv-06352 WHA, 2007 WL 9728929 (N.D. Cal. July 11, 2007)........................................ 4

*Diamond Multimedia Sys., Inc. v. Superior Ct.*,
19 Cal. 4th 1036 (1999) ........................................ 14

*Edwards v. Occidental Chem. Corp.*,
892 F.2d 1442 (9th Cir. 1990)........................................ 7

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003)........................................ 10

*English v. Gen. Dynamics Mission Sys., Inc.*,
No. EDCV-18-908 JGB, 2019 WL 2619658 (C.D. Cal. May 8, 2019), *aff'd*,
808 F. App'x 529 (9th Cir. 2020) ........................................ 13

*Foman v. Davis*,
371 U.S. 178 (1962) ........ 9

*Gastroceuticals, LLC v. Diamond Water, LLC*,
No. CV 13-8073 DMG, 2014 WL 13130414 (C.D. Cal. June 24, 2014) ........ 11

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) ........ 12

*Inland Concrete Enters., Inc. v. Kraft*,
318 F.R.D. 383 (C.D. Cal. 2016) ........ 5

*Jackson v. Bank of Haw.*,
902 F.2d 1385 (9th Cir. 1990) ........ 10, 11

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ........ 4, 5

*Kamal v. Eden Creamery, LLC*,
88 F.4th 1268 (9th Cir. 2023) ........ 4, 9

*Keener v. Antinoro*,
No. 3:17-CV-00498-RCJ-CBC, 2019 WL 2192121 (D. Nev. May 21, 2019) ........ 8

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ........ 11

*Merritt v. Countrywide Fin. Corp.*,
No. 09-cv-01179-BLF, 2016 WL 6573989 (N.D. Cal. June 29, 2016), *aff'd* 783 F. App'x 717 (9th Cir. 2019) ........ 11, 12

*Morris v. Sutton*,
No. 1:17-CV-01488-AWI-SAB, 2019 WL 2994291 (E.D. Cal. July 9, 2019) ........ 11

*N. Alaska Salmon Co. v. Pillsbury*,
174 Cal. 1 (1916) ........ 14

*Rieve v. Coventry Health Care, Inc.*,
No. SACV 11-1032 DOC, 2012 WL 929737 (C.D. Cal. Mar. 19, 2012) ........ 9

*Rezentes v. Sears, Roebuck & Co.*,
No. CIV. 10-00054 SOMKSC, 2010 WL 1905011 (D. Haw. May 10, 2010) ........ 7

*Richardson v. Fluor Corp.*,
No. C 13-1908 SBA, 2014 WL 492344 (N.D. Cal. Feb. 5, 2014) ........ 12

*Scognamillo v. Credit Suisse First Boston, LLC*,
587 F. Supp. 2d 1149 (N.D. Cal. 2008) ........ 10, 11

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) ........ 13

*Thompson v. Nat'l R.R. Passenger Corp.*,
No. C 08-03280 CRB, 2008 WL 11398932 (N.D. Cal. Dec. 17, 2008) ........ 14

*Thornton v. McClatchy Newspapers, Inc.*,
261 F.3d 789 (9th Cir. 2001), *opinion clarified*, 292 F.3d 1045 (9th Cir. 2002) ........ 12

*Turner v. Sheriff of Sacramento*,
No. 09-cv-0117 WBS KNJ, 2011 WL 1811028 (E.D. Cal. May 10, 2011), *aff'd sub nom.*, *Turner v. Sacramento Cnty. Jail*, 498 F. App'x 698 (9th Cir. 2012) ........ 4

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020) ........ 5

*Utterkar v. Ebix, Inc.*,
No. 14-CV-02250-LHK, 2015 WL 5027986 (N.D. Cal. Aug. 25, 2015) ........ 10

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013) ........ 7

**Statutes**

Age Discrimination in Employment Act ("ADEA") ........ 2, 3

Americans with Disabilities Act ........ 2

California's Fair Employment and Housing Act ("FEHA") ........ *passim*

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ........ 2, 7, 12

**Other Authorities**

29 C.F.R. § 1601.28 ........ 8

Fed. R. Civ. P. 12(b)(6) ........ 13

Fed. R. Civ. P. 15 ........ *passim*

Fed. R. Civ. P. 15(a) ........ 1, 4, 5

Fed. R. Civ. P. 15(a)(1) ........ 4

Fed. R. Civ. P. 15(a)(2) ........ 4

Fed. R. Civ. P. 16 ........ *passim*

Fed. R. Civ. P. 16(b) ........ 1, 4, 5

Fed. R. Civ. P. 16(b)(1) ........ 4

Fed. R. Civ. P. 16(b)(4) ..... 5

## I. INTRODUCTION

The Court should deny Plaintiffs' motion for leave to file a Second Amended Complaint. Brought more than a year after the Court's deadline to amend the pleadings and less than two months before the class certification deadline—and long after Plaintiffs knew of the proposed claims—the motion seeks to add four new causes of action and three new plaintiffs. Plaintiffs base their entire motion on the wrong legal standard, completely ignoring Rule 16(b)'s "good cause" standard which governs requests to modify a scheduling order, not Rule 15's liberal amendment standards. Plaintiffs do not even try to demonstrate the diligence required to justify their belated amendment under Rule 16—nor can they. And in any event, Plaintiffs' lack of diligence and undue delay, prejudice to Workday, and the futility of Plaintiffs' claims warrant denial even under Rule 15.

Plaintiffs' dilatory prosecution is fatal to their request under Rule 16(b)'s "good cause" standard for modifying a scheduling order. Although Plaintiffs wholly ignore the requirements of Rule 16, there is no doubt that Rule 16 applies, and to succeed on their Motion, Plaintiffs must first obtain relief from the Court's September 4, 2024 Scheduling Order. ECF No. 93. Plaintiffs are not entitled to relief from the Scheduling Order, primarily because they have not requested that the Court modify the Scheduling Order at all. And even if they had, this Court would be obligated to deny their request. While Plaintiffs suggest they acted diligently upon receiving their right-to-sue letters, that assertion is untrue. To the contrary, half of the claims they seek to add existed at the outset of this action, and the other half have been ripe for more than a year. The timing of the EEOC's right-to-sue letters has no bearing on whether Plaintiffs acted diligently in prosecuting their claims.

Even if the Court were to *sua sponte* modify its scheduling order to accommodate Plaintiffs' request, Plaintiffs also fail to meet the Rule 15(a) standard to amend a pleading. Indeed, every factor courts consider in deciding whether to permit amendment under Rule 15 weighs in favor of denying Plaintiffs' Motion. Plaintiffs knew of the claims they now seek to add when they filed their First Amended Complaint but chose not to bring them. Plaintiffs' counsel represented the proposed new plaintiffs when they filed their EEOC charges over the course of the past year but never informed

the Court (or Workday) that they intended to add these individuals as Plaintiffs to this action. Workday will suffer prejudice if after nearly three years of litigation, and less than two months before the class certification deadline, Plaintiffs are permitted to modify the scope of the case, despite no change in the facts and circumstances. Further, Plaintiffs' argument that they seek to add only "one new claim" demonstrably mischaracterizes the amended pleading and amounts to bad faith. ECF No. 198 at 6. They cannot meet the Rule 15 standard.

Workday's opportunity to demonstrate that Plaintiffs' unfounded allegations cannot proceed on a classwide basis is finally on the horizon. To rewind the clock and permit Plaintiffs to expand the scope of this case is contrary to judicial efficiency and the interests of justice. It also unfairly prejudices Workday. For these reasons, and as set forth more fully below, Plaintiffs' Motion for leave to file a Second Amended Complaint should be denied.

## II. PLAINTIFFS' CLAIMS HAVE BEEN HEAVILY LITIGATED FOR YEARS

Plaintiff Derek Mobley ("Mobley") filed his initial complaint nearly three years ago, on February 21, 2023. ECF No. 1. Workday successfully moved to dismiss the complaint, and Mobley filed an amended complaint on February 20, 2024. ECF No. 47. In his amended complaint, Mobley alleged race discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act ("ADEA"), and disability discrimination under the Americans with Disabilities Act ("ADA"). He also alleged a claim under California's Fair Employment and Housing Act ("FEHA") for aiding and abetting discrimination. *Id.* Notably absent from his complaint were claims for race and age discrimination under FEHA.

On July 12, 2024, the Court granted Workday's motion to dismiss in part and dismissed Mobley's intentional discrimination claims and FEHA claim. ECF No. 80. The Court granted Mobley leave to file a second amended complaint, ordering the complaint be filed by August 2, 2024. *Id.* Mobley did not file a second amended complaint, and Workday answered the first amended complaint on August 2, 2024. ECF No. 86.

Thereafter, on August 14, 2024, the parties submitted an initial case management statement addressing the proposed case schedule. ECF No. 87. By that time, Plaintiffs' counsel had been representing proposed plaintiff Jill Hughes for nearly four months and had filed a charge of

discrimination on her behalf. Yet Plaintiffs' counsel did not suggest they would seek to amend the complaint to add Hughes or her gender discrimination claim. Nor did they request that the amended pleading deadline be set for after Hughes received her right to sue letter. Following the initial case management conference, the Court entered a scheduling order that required any amended pleadings to be filed by October 21, 2024.

By October 21, 2024, Plaintiffs' counsel represented both Hughes ***and*** proposed plaintiff Sheilah Johnson-Rocha. Still, Plaintiffs' counsel neither amended the pleading to add Hughes and Johnson-Rocha's claims, nor did they provide any indication to the Court or Workday that they would do so upon receipt of the right-to-sue letters. Notably, Plaintiffs' counsel could have amended the complaint before receiving the right-to-sue letters, could have requested a stay of the litigation pending the EEOC's investigation if they believed the claims should proceed together, or could have requested the right-to-sue letters at any time, but chose not to do so.

With the pleadings finalized, the parties began to engage in substantial discovery. Workday began producing documents in response to Mobley's September 2024 document requests in December 2024 and anticipates completing all productions within the next month following the Court's expansion of the litigation in May 2025 to include newly acquired products. Workday also deposed Mobley, Hughes, and Johnson-Rocha. At the time of their deposition, Hughes and Johnson-Rocha had opted in to the ADEA collective, but Workday had no notice that Mobley intended to add Hughes or Johnson-Rocha as plaintiffs to this action and therefore did not inquire about their proposed gender discrimination claims.

Most recently, the parties have been working toward a January class certification deadline and have been in near constant communication to finalize the notice plan for Mobley's age discrimination claim. Despite the numerous meet-and-confers the parties have had, and the handful of times the parties have appeared before the Court in the last three months, Plaintiffs' counsel never told Workday they planned to amend the complaint until two days before the November 12 filing when Plaintiffs' counsel asked whether Workday would oppose their amendment. At that time, Workday requested a copy of the amended pleading. Counsel did not provide a copy of the amended pleading until 3 PM on the day of filing.

## III. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT

Plaintiffs bring their motion under the wrong standard. Federal Rule of Civil Procedure 16—not Rule 15—governs their request. Regardless of the standard, however, Plaintiffs' motion should be denied.

### A. Federal Rule Of Civil Procedure 16 Governs Plaintiffs' Motion

Once a party has served its pleading, there is a short period of time when the party may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). Once a district court enters a scheduling order establishing a deadline for amending the pleadings, a motion to amend is governed by Rule 16(b). *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). "Under Rule 16(b)(1), the purpose of a scheduling order limiting the period for amending the pleadings is to assure that at some point both the parties and the pleadings become fixed." *Turner v. Sheriff of Sacramento*, No. 09-cv-0117 WBS KNJ, 2011 WL 1811028, at *4 (E.D. Cal. May 10, 2011), *aff'd sub nom.*, *Turner v. Sacramento Cnty. Jail*, 498 F. App'x 698 (9th Cir. 2012); *see also Deitz v. Comcast Corp.*, No. 06-cv-06352 WHA, 2007 WL 9728929, at *2 (N.D. Cal. July 11, 2007) ("The rules do not permit [Plaintiff] to unilaterally decide to amend the pleadings at any time he so chooses.").

The Court entered a scheduling order on September 4, 2024. ECF No. 93. The scheduling order required amendments to the complaint to be filed by October 21, 2024. *Id.* In June 2025, the Court modified the scheduling order at the parties' request to extend the briefing schedule for class certification and decertification of the collective. ECF No. 138. The Court's June 4 Order did not continue the deadline to amend the complaint. By that time, the opportunity to amend had long expired, and Plaintiffs did not request that the Court enter a new deadline.

Plaintiffs' motion is fatally flawed at the outset because despite the plain text of Rule 16

and numerous court decisions confirming that post-scheduling order requests to amend a complaint are governed by Rule 16, Plaintiffs do not even attempt to make the required showing of "good cause." Instead, they suggest that the Court should "freely grant" leave to amend under Rule 15. Plaintiffs are wrong. When the deadline for amending the pleadings has passed, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; [the] tardy motion [must] satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Because Plaintiffs do not even attempt to argue that they are entitled to alter the Court's scheduling order under Rule 16, this argument is waived and the Court should summarily deny Plaintiffs' motion. *See, e.g.*, *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (courts must decide the issues as presented by the parties because counsel is "responsible for advancing the facts and argument entitling them to relief"); *Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 421–22 (C.D. Cal. 2016) ("With the exception of subject-matter jurisdiction, the court is obligated and authorized to address only those claims and issues that have been expressly pled.").

**B. <u>Plaintiffs Cannot Meet The "Good Cause" Standard To Amend Under Rule 16</u>**

Under Rule 16(b)(4), a plaintiff "must show good cause" for failing to amend the complaint "before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." *Id.* at 609. A court may consider whether amendment under Rule 15 is proper only after a party shows good cause under Rule 16(b) to amend a pleading following the deadline specified in the scheduling order. *Id.* at 608.

**1. <u>Plaintiffs Did Not Diligently Seek To Bring Their Claims</u>**

Plaintiffs' clear lack of diligence is fatal to their motion. This litigation has been pending

for nearly three years and Plaintiffs were aware of the claims they seek to bring now for most of that time.

In July 2024, the Court dismissed Mobley's aiding and abetting claim under FEHA, but granted Mobley leave to file a second amended complaint by August 2, 2024. Mobley made a strategic decision not to replead his FEHA claim or to try to bring any other FEHA claims, and accordingly, FEHA has not been at issue in this case since July 2024. Plaintiffs offer no explanation for their lack of diligence in pursuing their FEHA claims and identify no changed circumstances that could excuse their counsel's informed and considered choice not to plead these claims by the Court's deadline over a year ago.

Indeed, no excuse or explanation could be sufficient. By the August 2, 2024 deadline to amend their pleading, Plaintiffs' counsel had been representing proposed plaintiff Jill Hughes for nearly four months. They had filed a charge of discrimination on her behalf alleging age, disability, and gender discrimination. And yet, they chose not to amend the complaint to add Hughes or her gender discrimination claim, nor did they inform the Court or Workday that they were waiting to do so until Hughes received a right-to-sue letter.

Plaintiffs had another opportunity to amend just two months later, on October 21, 2024. Prior to that amendment deadline, Plaintiffs' counsel began representing proposed plaintiff Sheilah Johnson-Rocha (and also filed a charge of discrimination on her behalf). Still, they did not amend their complaint to add Johnson-Rocha or her claims. And continued to adhere to their decision not to amend the complaint to allege claims by Hughes.

Even after the Court's deadline passed, Plaintiffs have not acted diligently to bring their claims. Both Hughes and Johnson-Rocha submitted Opt-In Consent to Join forms on December 9, 2024. Knowing that Hughes and Johnson-Rocha both intended to raise an age discrimination claim, Plaintiffs chose not to seek leave to amend the complaint at that time or to indicate to the Court or Workday that was their later intention. More than six months ago, Plaintiffs' counsel began representing proposed representative plaintiff Faithlinh Rowe. Rowe opted into the collective in this case by submitting an Opt-In Consent to Join form on May 2, 2025. Plaintiffs continued to adhere to their decision not to amend the complaint.

Only now, with document discovery largely completed, depositions taken, and less than two months until class certification, do Plaintiffs move to amend their complaint. To be clear, Plaintiffs' proposed amendment is not to conform to the evidence or to address new facts or issues uncovered during discovery. Every claim Plaintiffs now seek to bring was available to them from the start (or at the very least, prior to the expiration of Plaintiffs' deadline to amend). Their informed, considered, and repeated choice not to bring these claims eviscerates any cause—much less good cause—to amend the complaint.

**2. <u>Plaintiffs' Right To Sue Letters Do Not Excuse Lack of Diligence</u>**

Plaintiffs err in arguing that the EEOC's right-to-sue letters control the timeline for amending the complaint. Those letters do not control Plaintiffs' ability to amend the complaint to bring their FEHA claims, and thus, waiting until the EEOC issued a right-to-sue letter is not diligent. The FEHA claims Plaintiffs seek to add existed from the outset of this action. Indeed, Mobley pled and then abandoned the FEHA claim he brought in his First Amended Complaint. And "the Ninth Circuit has made clear that '[t]he good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action.'" *In re ARRIS Cable Modem Consumer Litig.*, No. 17-cv-01834-LHK, 2019 WL 4242666, at *4 (N.D. Cal. Sept. 6, 2019) (alterations in original) (citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)).

As to the new gender discrimination claims under Title VII, Plaintiffs could have brought these claims much earlier, and their ability to do so did not depend on the EEOC's timeliness in issuing a right-to-sue letter. *See Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.1 (9th Cir. 1990) ("A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing."). Proposed plaintiff Jill Hughes filed her charge of discrimination on May 3, 2024. While she could have requested a right-to-sue immediately, she was entitled to one upon request 180 days later (October 30, 2024), and could have asserted her claims then. *See Rezentes v. Sears, Roebuck & Co.*, No. CIV. 10-00054 SOMKSC, 2010 WL 1905011, at *4 (D. Haw. May 10, 2010) ("A plaintiff may

also file suit before receiving a Right–To–Sue letter if she is entitled to such a letter. A plaintiff is entitled to a letter if the EEOC fails to take action within 180 days of a plaintiff's filing of an EEOC charge."); 29 C.F.R. § 1601.28.

Even if Plaintiffs incorrectly believed the right-to-sue letter prevented them from bringing their gender discrimination claims on time, they still "could have moved to stay the proceedings pending the receipt of the right-to-sue letter, requested a right-to-sue letter from the EEOC to receive it earlier, or simply waited for the letter before bringing [their own] action" instead of seeking to join this one. *Keener v. Antinoro*, No. 3:17-CV-00498-RCJ-CBC, 2019 WL 2192121, at *3 (D. Nev. May 21, 2019) (denying motion to amend where Plaintiff never informed the court she would need to amend the pleadings upon receipt of her right-to-sue letter, did not stay the proceedings, and did not request a right-to-sue letter from the EEOC to receive it earlier) (collecting cases). Plaintiffs did none of the above. Though Plaintiffs argue they had no obligation to request a right-to-sue letter, ECF No. 198 at 4, they cannot sit idly, permit litigation to unfold, then seek to join this lawsuit and add new claims at this late stage.

Finally, Plaintiffs further demonstrated a lack of diligence based on the delay between the EEOC's issuance of right-to-sue letters and this Motion. Plaintiffs did not immediately file their Motion or even inform Workday and the Court that was their intention. Plaintiffs' counsel rationalizes this months-long delay by saying they were "investigat[ing] whether Hughes, Johnson-Rocha, and Rowe were suitable class representatives" following receipt of their right-to-sue letters. This justification falls flat given that Plaintiffs' counsel has represented Hughes since May of 2024, Johnson-Rocha since September of 2024, and Rowe since May of 2025. Plaintiffs' explanation also undermines their claim that adding these three proposed plaintiffs would not prejudice Workday. Plaintiffs' counsel took months to decide whether Hughes, Johnson-Rocha, and Rowe are "suitable class representatives." By contrast, Workday must compress the same inquiry into the two months before class certification and pursue it through formal discovery to obtain information Plaintiffs already had from their own clients. Additionally, an assessment of whether Hughes, Johnson-Rocha, and Rowe are "suitable class representatives" has no bearing on their ability to bring claims on their own behalf. Plaintiffs' explanation confirms that Plaintiffs did not seek to diligently assert

their claims. *See In re ARRIS Cable Modem Consumer Litig.*, 2019 WL 4242666, at *4 ("Courts in this circuit have consistently found a lack of diligence when plaintiffs delayed even just a few months.") (collecting cases); *see also Kamal*, 88 F.4th at 1278 (plaintiffs were not diligent in moving to amend the complaint where plaintiffs had possessed the "key documents" forming the basis of their new theory of fraud five months earlier). While Plaintiffs cite *Rieve v. Coventry Health Care, Inc.* for the proposition that "[t]wo [to three] months is a reasonable time frame in which to both investigate potential new class representatives and draft a motion to amend," ECF No. 198 at 5, Plaintiffs misrepresent this quote. The *Rieve* court stated that "***[t]wo months*** is a reasonable time frame"—Plaintiffs added an additional month to the court's conclusion. *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012) (emphasis added).

At bottom, Plaintiffs' extensive delay and lack of diligence dooms their motion to amend under Rule 16 and the Court's analysis should end here.

### C. Plaintiffs Cannot Meet The Rule 15 Standard to Amend

Plaintiff also cannot meet the Rule 15 standard for amendment. Courts consider five factors in determining whether leave to amend is warranted under Rule 15: (i) undue delay; (ii) prejudice to the opposing party; (iii) futility of the amendment; (iv) bad faith; and (v) whether the moving party has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). All of these factors weigh in favor of denying Plaintiffs' motion for leave to amend.

#### 1. Plaintiffs Have Unduly Delayed Seeking Amendment

In determining whether there was undue delay, courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen*, 465 F.3d at 953 (quotation marks omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986), especially when the party "provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). Courts have found that delays of

as short as eight months between obtaining a relevant fact and seeking leave to amend to be unreasonable. *See, e.g.*, *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).

As discussed *supra*, half of the claims Plaintiffs seek to add—namely, the FEHA claims for race discrimination and age discrimination—existed from the inception of this litigation nearly three years ago. *See Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *7 (N.D. Cal. Aug. 25, 2015) (Plaintiff unduly delayed in bringing the causes of action where Plaintiff "knew of the facts underlying the causes of action from the inception of the litigation . . . over ten months before Plaintiff filed the instant motion for leave to amend"). The other two claims Plaintiffs seek to add (the claims for gender discrimination under FEHA and Title VII) have been ripe for more than a year. Plaintiffs have unreasonably delayed seeking this amendment.

**2. <u>Plaintiffs' Proposed Amendments Would Prejudice Workday</u>**

Plaintiffs' proposed amendments at this late stage would also prejudice Workday. "[C]onsideration of prejudice to the opposing party [] carries the greatest weight" across the *Foman* factors. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice is acute where, as here, Plaintiffs seek sweeping amendments on the eve of class certification and collective decertification. *See Scognamillo v. Credit Suisse First Boston, LLC*, 587 F. Supp. 2d 1149, 1155 (N.D. Cal. 2008). ("Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation."). For months, Workday has relied on the Court's schedule and the operative pleadings to allocate resources, devise legal strategy, conduct discovery, defend the existing claims, and prepare for the impending class certification briefing. Plaintiffs' attempt to triple the number of named plaintiffs and more than double the causes of action would upend that reliance and require Workday to expend substantial resources to engage in new factual and expert discovery, additional depositions, and motion practice, all on compressed timelines.

The prejudice to Workday in these circumstances is evident. Workday has nearly completed its document collection and review tailored to the existing claims. Plaintiffs' new claims would require duplicating this expensive and time-consuming process, and would necessitate a renewed collection, a re-review of prior collections for new issues, and supplemental productions. The amendments also would require that Workday conduct a second round of depositions for proposed

Plaintiffs Hughes and Johnson-Rocha, and depose proposed Plaintiff Faithlinh Rowe for the first time before the upcoming deadlines for class certification and collective decertification. While this discovery would be substantial in any event, the prejudice is compounded by the fact that Workday would need to complete this discovery prior to class certification, which is scheduled to begin in two months. *Gastroceuticals, LLC v. Diamond Water, LLC*, No. CV 13-8073 DMG (AJWX), 2014 WL 13130414, at *2 (C.D. Cal. June 24, 2014) (defendant sufficiently asserted prejudice where it would "incur additional costs and expenses in dealing with discovery and motion practice" two months before the discovery cut-off and where plaintiff's decision to file its motion to amend was at the last possible moment). Courts routinely find such late-stage disruption—requiring extensive new discovery, altered expert analyses, and retooled briefing—sufficiently prejudicial to deny leave. *See, e.g.*, *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) ("To put [the defendant] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice") (quotation marks omitted); *Scognamillo*, 587 F. Supp. 2d at 1156 (finding prejudice where plaintiffs "sought leave to amend late in litigation, approximately twelve weeks before the . . . discovery cutoff" and where "[g]ranting leave to amend at this point would require extensive additional discovery on entirely new topics"); *Jackson*, 902 F.2d at 1387-88 (prejudice found where additional discovery would have to be undertaken on appellants' new claims).

To the extent Plaintiffs suggest a continuance of the schedule on class certification and collective decertification would be appropriate, Workday would be prejudiced by yet another delay in this litigation as it is entitled to finality on this longstanding dispute. *See, e.g.*, *Morris v. Sutton*, No. 1:17-CV-01488-AWI-SAB, 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) ("Delaying the proceedings, especially the trial date, can constitute prejudice to the non-moving party."). This Court has already explained that in considering prejudice, "[t]he rights of the defendants to be free from costly and harassing litigation must be considered." *Merritt v. Countrywide Fin. Corp.*, No. 09-cv-01179-BLF, 2016 WL 6573989, at *14 (N.D. Cal. June 29, 2016) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)), *aff'd*, 783 F. App'x 717 (9th Cir. 2019). "While responding to pleadings is the burden of every defendant," where a plaintiff submits "shifting

pleadings," it "result[s] in an unusual burden" on the defendant, which is sufficiently prejudicial to justify denying leave to amend. *Id*. That is because "[e]ach time," the defendants have "to sift through Plaintiffs' lengthy pleadings, identify the new claims and theories, and expend time and money on filing motions to dismiss." *Id*.; *see also Castle v. Knowles*, No. CV 1-08-01267-JAT, 2010 WL 2232394, at *4 (E.D. Cal. June 3, 2010) ("Defendants will suffer prejudice from this undue delay, and they will also be prejudiced by having to file yet another round of motions to dismiss"), *aff'd*, 442 F. App'x 263 (9th Cir. 2011). Workday has already dealt with lengthy pleadings and strained legal theories through two rounds of successful motions to dismiss. It should not be forced to do so again at this late stage, particularly as the parties begin briefing class certification.

**3. <u>Plaintiffs' Proposed Amendments Are In Bad Faith</u>**

Plaintiffs' belated amendment fails for the additional reason that it gives rise to an inference of bad faith or dilatory motives. *Thornton v. McClatchy Newspapers, Inc*., 261 F.3d 789, 799 (9th Cir. 2001), *opinion clarified*, 292 F.3d 1045 (9th Cir. 2002). Bad faith exists where the plaintiff seems to be "merely . . . seeking to prolong the litigation," *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 881 (9th Cir. 1999), or when a party attempts "to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage." *Richardson v. Fluor Corp*., No. C 13-1908 SBA, 2014 WL 492344, at *3 (N.D. Cal. Feb. 5, 2014). Plaintiffs' actions meet this standard for at least two independent reasons.

First, as discussed *supra*, Plaintiffs could have brought their proposed new claims from the outset of this litigation, and at the latest, a year ago. Despite having this knowledge, Plaintiffs did nothing to notify Workday that they intended to amend the complaint at this late stage. Instead, they waited until two days before the filing to tell Workday they planned to amend the complaint, and they did not provide a copy of the proposed amendment until 3 PM on the day of filing. That Plaintiffs waited until document discovery was nearing a close and two months before the class certification deadline to raise claims that they could have asserted before should not be viewed favorably by this Court. *Acri*, 781 F.2d at 1398.

Second, Plaintiffs make multiple misleading statements throughout their motion. First,

when Plaintiffs argue that their motion is not brought in bad faith or for any dilatory motive, they claim that they are "only moving to add one new Title VII claim (sex)." ECF No. 198 at 6. They say nothing to justify the addition of three new FEHA claims, two of which they could have brought at the outset of this case. *Id.* Plaintiffs also say they could not immediately add the proposed plaintiffs upon receipt of their right-to-sue letters because they had to "investigate[] whether Hughes, Johnson-Rocha, and Rowe were suitable class representatives." *Id.* at 5. This pretext makes no sense because it has nothing to do with Plaintiffs' individual claims, and Plaintiffs' counsel has represented these individuals for between 6 and 18 months and has defended both Hughes and Johnson-Rocha in depositions in this case. Finally, Plaintiffs suggest that the case schedule will not be disrupted because no deadlines have been set aside from class certification. *See* ECF No. 198 at 7. But Plaintiffs do not explain how the parties are going to brief class certification when the pleadings will not yet be finalized. Moreover, although Plaintiffs have not yet sought to continue the class certification briefing, Workday would oppose any such request in order to accommodate their belated attempt to amend their complaint.

For each of these reasons, Plaintiffs' pretextual arguments amount to bad faith and should be rejected by this Court.

**4. <u>Plaintiffs' Proposed Amendments Are Futile</u>**

Finally, Plaintiffs' motion should be denied for the independent reason that the claims they seek to add are futile. "[I]f the amendment sought by Plaintiff[s] is futile, no other basis for denying Plaintiff[s'] motion seeking amendment need be considered. Futility is decided under Federal Rule of Civil Procedure 12(b)(6) that is applicable to motions to dismiss." *Chowning v. Nationwide Ins. Co. of Am.*, No. 2:22-CV-00798-CDS-EJY, 2023 WL 2971435, at *4 (D. Nev. Jan. 12, 2023). In this case, Plaintiffs' proposed amendments are futile for multiple reasons.

For example, Plaintiffs raise claims under FEHA but do not allege any connection to the State of California. Absent that nexus, Plaintiffs cannot avail themselves of California law. "California courts have acknowledged a general presumption against the extraterritorial application of state laws." *See English v. Gen. Dynamics Mission Sys., Inc.*, No. EDCV-18-908 JGB (SHKX), 2019 WL 2619658, at *5 (C.D. Cal. May 8, 2019) (citing *Sullivan v. Oracle Corp.*, 51 Cal. 4th

1191, 1207 (2011)), *aff'd*, 808 F. App'x 529 (9th Cir. 2020); *see also N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916) ("Ordinarily, the statutes of a state have no force beyond its boundaries."). In other words, California courts disfavor the application of California law to "conduct occurring in a foreign jurisdiction." *See Thompson v. Nat'l R.R. Passenger Corp.*, No. C 08-03280 CRB, 2008 WL 11398932, at * 3 (N.D. Cal. Dec. 17, 2008) (citing *Diamond Multimedia Sys., Inc. v. Superior Ct.*, 19 Cal. 4th 1036, 1059–60 & n.20 (1999)). And California courts have correctly rejected the view that a California "employer" is subject to California law universally, regardless of the location of the allegedly aggrieved "employee." *See Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996).

Here, Jill Hughes's home address is in Arlington Heights, Illinois. ECF No. 198-1 at 8. Sheilah Johnson-Rocha lives in Boca Raton, Florida. *Id.* at 18. And Faithlinh Rowe lives in Rockwall, Texas. *Id.* at 31. None of the three proposed Plaintiffs alleges any facts suggesting they applied for employment in California. Absent such a factual basis, Plaintiffs are not entitled to avail themselves of California law, and their FEHA claims fail.

## IV. CONCLUSION

Plaintiffs cannot meet the standard to amend their complaint under either Rule 16 or Rule 15. In light of the foregoing, Workday respectfully requests that the Court deny Plaintiffs' motion.

Dated: November 26, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *\/s/ Julie A. Totten*
JULIE A. TOTTEN
Attorneys for Defendant
WORKDAY, INC.