```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3       Before The Honorable Rita F. Lin, District Judge
 4
 5  MOBLEY,                        )
                                   )
 6          Plaintiff,             )
                                   )
 7  vs.                            )  Case No. C 23-00770-RFL
                                   )
 8  WORKDAY, INC.,                 )
                                   )
 9          Defendant.             )
    _____)
10
                                      San Francisco, California
11                                    Wednesday, October 22, 2025
12
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13              RECORDING 10:30 - 11:15 = 45 MINUTES
14  APPEARANCES:
15  For Plaintiff:
                                   Winton Cooks, LLC
16                                 351 24th Street North
                                   Box 122
17                                 Birmingham, Alabama 35203
                              BY:  LEE D. WINSTON, ESQ.
18                            BY:  RODERICK T. COOKS, ESQ.
19                                 Wiggins Childs Pantazis Fisher
                                     & Goldfarb
20                                 301 19th Street North
                                   Birmingham, Alabama 35203
21                            BY:  ROBERT L. WIGGINS, JR., ESQ.
                              BY:  JENNIFER W. SMITH, ESQ.
22
23
24
25           (APPEARANCES CONTINUED ON NEXT PAGE)
```

```
                                                                    2
 1  For Defendant:
                              Orrick, Herrington &
 2                              Sutcliffe, LLP
                              The Orrick Building
 3                            405 Howard Street
                              San Francisco, California
 4                              94105
                         BY:  ERIN M. CONNELL, ESQ.
 5                       BY:  KAYLA D. GRUNDY, ESQ.
                         BY:  JULIE A. TOTTEN, ESQ.
 6
 7  Transcribed by:          Echo Reporting, Inc.
                             Contracted Court Reporter/
 8                           Transcriber
                             echoreporting@yahoo.com
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

10

1  not part of the collective.
2          MR. WIGGINS:  All right.  We'll work on that from
3  that standpoint then.
4          THE COURT:  Right.  So, are you said that --
5          MR. WIGGINS:  And the second -- I had -- I'm
6  sorry.
7          THE COURT:  -- you had some issues about notice.
8          MR. WIGGINS:  I had a second issue, two -- two
9  second issues, notice issues.
10      One is the -- when -- when you -- when we plug -- when
11 the tentative plugs in the concept of someone can violate
12 notice of opt-in and not go through the third party process.
13 We're fine with the way that -- that's worded and -- and
14 expressed, but there are some other parts in the -- the
15 notice currently that contradict that, and -- and we need
16 time -- we wanted to have time to bring those -- get those
17 contradictions smoothed out.
18      And since the parties are going to have to be talking
19 with the -- getting this website set up, we -- we want to
20 propose that during that same period we -- we smooth out
21 some of these glitches, these -- they're really artifacts I
22 think from the old -- from the old notice.
23         THE COURT:  (Zoom glitch) -- that's giving
24 heartburn that you think contradicts the -- we tried to
25 excise all the language that contradicts any suggestion that

1  people can file opt-in forms, but if there's particular
2  language that you think needs to be excised, I'm happy to
3  talk about it.
4          MR. WIGGINS:  Yeah.  We'll identify those.  Some
5  of them are just -- look like straight up contradictions,
6  but others are just -- are implicit, and we wanted to get
7  both of those types cleaned up if we could because --
8          THE COURT:  You do not have that --
9          MR. WIGGINS:  -- these are --
10         THE COURT:  Do you not have that now because the
11 whole point of putting out these notices a couple of days
12 ago was so that you could tell me the problems with the
13 language?
14         MR. WIGGINS:  Sure.  In -- in the paragraph on
15 page three that -- where you -- where you tell the -- the
16 reader that you can file an opt-in form and not go through
17 the third party process, right above there, there is a --
18 there is a paragraph that tends to say the opposite, tends
19 to say that you have to be eligible to file.  And when you
20 go back to page one and -- and then trace through each time
21 the -- the filing issue comes up, it -- it's saying you file
22 the eligibility form and the opt-in form and then it takes
23 the reader into the process on the eligibility form.  So,
24 that it appears when you read it to -- and even more for a
25 layman -- that you've got to do both.  You've got to go

12

1 through the eligibility process and file a -- an opt-in form
2 when, in fact, you can do either or.
3     THE COURT:  Okay.  I thought it would be more
4 productive to talk about on this call, but as I'm listening
5 to you, it's -- what you're telling me isn't specific enough
6 for me to be able to understand what your counterproposal
7 is.  So, I think I'm going to need to have a process where
8 you propose a redline and the parties meet and confer about
9 it and then -- and then give the Court your competing
10 redlines if you need to, but -- and I'll probably just rule
11 on the papers, honestly, because --
12     MR. WIGGINS:  Yep.
13     THE COURT:  -- we've been up, back and around
14 about this enough times.
15     MR. WIGGINS:  Yes.  Well, that -- we agree with
16 that.
17     THE COURT:  How long --
18     MR. WIGGINS:  The -- the other -- I'm sorry.
19     THE COURT:  How long would you need for that
20 process?  My thought was that -- to set seven days or 14
21 days for you all to meet -- meet and confer.
22     MR. WIGGINS:  We could do it in three -- we could
23 do it in three days I think, but seven's plenty.
24     THE COURT:  Okay.  I'll set a deadline of -- or I
25 can hear from Workday about whether they think that makes

```
                                                                    34
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by
 6 the U.S. District Court, Northern District of California, of
 7 the proceedings taken on the date and time previously stated
 8 in the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14            [signature]
15
16            Echo Reporting, Inc., Transcriber
17               Tuesday, October 28, 2025
```