JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA DELGADO GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814-4497
Telephone:    +1 916 447 9200
Facsimile:     +1 916 329 4900

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DECLARATION OF ERIN M. CONNELL IN SUPPORT OF DEFENDANT WORKDAY, INC.'S EMERGENCY ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND A HEARING ON WORKDAY, INC.'S PENDING MOTION TO STAY THE NOTICE PROCESS AND REQUEST TO CONFIRM AND CLARIFY THAT NOTICE CANNOT ISSUE UNTIL THE COURT RULES UPON WORKDAY, INC.'S PENDING MOTION**<br><br>Courtroom:    15, 18th Floor<br>Judge:           Hon. Rita F. Lin |

I, Erin M. Connell, declare as follows:

1. I am an attorney admitted to practice law in the state of California. I am a partner at Orrick, Herrington & Sutcliffe LLP, and I am counsel for Defendant Workday, Inc. ("Defendant" or "Workday") in the above-captioned action. I submit this declaration in support of Defendant's Emergency Administrative Motion to Shorten Time for Briefing and a Hearing on Workday, Inc.'s Motion to Stay Notice Process and Request to Confirm and Clarify that Notice Cannot Issue Until the Court Rules Upon Workday, Inc.'s Pending Motion ("Motion"). I have personal knowledge as to the facts set forth in this declaration. If called as a witness, I could and would testify competently thereto.

2. On December 1, 2025, Workday filed a Motion to Stay Collective Action Notice Process in light of two petitions for certiorari currently pending before the United States Supreme Court. A hearing on Workday's motion is currently scheduled for January 6, 2026, at 10:00 a.m.

3. On December 2, 2025, the Court issued an Order Approving Notice Plan, which permits the notice process to commence on January 6, 2026—the same day on which the Court is scheduled to hear Workday's pending Motion to Stay Collective Action Notice Process.

4. Absent expedited consideration (and/or the additional relief Workday has requested), the notice process could begin before the Court considers and rules upon Workday's pending Motion to Stay Collective Action Notice Process (and potentially just a few short hours before, given the hearing takes place at 10:00 a.m.), effectively denying Workday's Motion to Stay Collective Action Notice before considering it on the merits.

5. Shortly after receiving the Court's Order Approving the Notice Plan, ECF No. 211, Workday attempted to obtain a stipulation from Plaintiffs consistent with the alternative relief requested in Workday's Motion. On December 2, 2025, at 4:30 p.m., less than two hours after the Court issued its Order, Workday emailed Plaintiffs' counsel to ask whether they will stipulate that notice will not be disseminated prior to the Court's ruling on Workday's pending Motion to Stay Collective Action Notice Process. Attached as Exhibit A is a true and correct copy of Workday's December 2, 2025 e-mail to Plaintiffs' counsel.

6. In the same December 2 e-mail, attached as Exhibit A, counsel for Workday also asked Plaintiffs to confirm whether, in the event they will not stipulate, they would oppose this Motion. Workday requested a response by 12:00 p.m. CT (Plaintiffs' counsel's time zone) on December 3, 2025, given the time-sensitive nature of Workday's request.

7. On December 3, 2025, I attempted to contact Plaintiffs' counsel by telephone to ascertain Plaintiffs' position regarding Workday's proposed stipulation or this Motion.

8. On December 3, 2025, Plaintiffs' counsel responded by e-mail asking Workday to provide a copy of the proposed stipulation. Workday provided a draft stipulation and offered a call to discuss. *See* Exhibit A.

9. On December 4, 2025, the Parties engaged in additional meet and confer emails. I asked Plaintiffs' counsel if they would agree not to issue Notice before the Court ruled on Workday's pending Motion to Stay Notice, including on the morning of January 6, 2026, before our 10:00 a.m. hearing. Plaintiffs' counsel did not respond to my email. *See* Exhibit A.

10. Following the Parties' email exchanges, the Parties met and conferred by Zoom on December 4, 2025. During the call, I again asked Plaintiffs' counsel if they would agree not to issue Notice before the Court ruled on Workday's pending Motion to Stay Notice, including on the morning of January 6, 2026, before our 10:00 a.m. hearing. Plaintiffs' counsel would not agree to do so. I then asked whether Plaintiffs would agree to an expedited briefing schedule. Plaintiffs would not agree and stated that Workday should file this motion.

11. The request to shorten time would not affect any deadlines in the case, other than the current schedule for briefing and hearing Workday's pending Motion to Stay Collective Action Notice Process.

12. The parties have previously stipulated, and the Court has granted, numerous extensions of time in this case. *See* ECF Nos. 10, 12, 24, 34, 49, 53, 73, 85, 111, 138, 189.

I certify under penalty of perjury and pursuant to the laws of the United States that the foregoing is true and correct.

Executed December 4, 2025 in San Francisco, California.

- 2 -

1  Dated:  December 4, 2025                         */s/ Erin M. Connell*
                                                    Erin M. Connell
2                                                   Attorneys for Defendant Workday, Inc.