# EXHIBIT A

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Thursday, December 4, 2025 10:36 AM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday

<span style="background-color:red;color:white">**[EXTERNAL]**</span>

Thanks, i'll be there.

On Dec 4, 2025, at 11:16 AM, Connell, Erin M. <econnell@orrick.com> wrote:

 Bob,
We have now rearranged our schedules so we can speak with you at 11:30. I will send an invite for that time shortly.
Erin
Sent from my iPhone

On Dec 4, 2025, at 9:01 AM, Connell, Erin M. <econnell@orrick.com> wrote:

Bob,

We are working on rearranging our schedules to accommodate you at 11:30, given you cancelled our scheduled call at 10 this morning. In the meantime, please let us know what you would like to discuss. The issues are clear and simple: we intend to ask Judge Lin to **both** (1) expedite the hearing and briefing schedule on Workday's pending Motion to Stay Notice, currently calendared for January 6 at 10:00 am, **and** (2) confirm and clarify that Notice will not issue until she rules on Workday's pending motion.

We're concerned Plaintiffs are going to issue notice on the morning of January 6, before our 10 am hearing, and before she rules on our motion. We want to know if you'll agree ***not*** to do that . We want to know if you'll agree not to issue notice before the parties receive a written ruling on our pending motion, which under the current schedule, would likely be on or shortly after January 6. Will you agree not to issue notice before she rules on our pending Motion to Stay Notice?

Please let us know if you still need clarification. We will circle back shortly to confirm whether we can speak at 11:30.

Thanks,
Erin


**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Thursday, December 4, 2025 8:05 AM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday


**[EXTERNAL]**

We can discuss your two conditions below, but we aren't prepared to agree to them before we've had a chance to clarify and discuss them with your group later today.


On Dec 4, 2025, at 9:36 AM, Connell, Erin M. <econnell@orrick.com> wrote:

Bob,

Thanks for sending the attached proposal for extending the Rule 23 and decertification briefing. Please confirm whether Plaintiffs will agree to stipulate to **both** (1) a request that Judge Lin expedite the hearing and briefing schedule on Workday's pending Motion to Stay Notice, currently calendared for January 6 at 10:00 am, **and** (2) a request that she confirm and clarify that Notice will not issue until she rules on Workday's pending motion.

The second part of the request is needed, whether she expedites the hearing and briefing schedule or not. Also, her calendar reflects that she is away from Court from December 22 through January 2, so realistically, she may not be able to expedite the hearing and briefing schedule.

If you are not available for our scheduled call this morning at 10:00 am PT, please confirm by email if you'll agree to both of the requests below. If we don't hear from you, we will interpret the lack of response to indicate you do not agree.

Thanks,
Erin

**From:** Connell, Erin M.
**Sent:** Thursday, December 4, 2025 7:24 AM
**To:** Bob Wiggins <rwiggins@wigginschilds.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** RE: Mobley v. Workday

Bob,
Also, you committed to sending us your proposal for extending the Rule 23 briefing schedule this morning. Can you please send it for our consideration, and consideration by Workday?
Thanks,
Erin

**From:** Connell, Erin M.
**Sent:** Thursday, December 4, 2025 7:21 AM
**To:** 'Bob Wiggins' <rwiggins@wigginschilds.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** RE: Mobley v. Workday

Bob – no, noon PT does not work, as I have a conflict I cannot move. Is there any time before 11:30 PT/1:30 CT that your team can be available?

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Thursday, December 4, 2025 6:43 AM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday

**[EXTERNAL]**

Good morning, Erin,
Unfortunately I overlooked a conflicting obligation and need to move our meeting today to noon PT rather than 10 am. Is that ok for your folks?
Bob

On Dec 3, 2025, at 5:58 PM, Connell, Erin M. <econnell@orrick.com> wrote:

Thank you. I'll send an invite for 10 PT.

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Wednesday, December 3, 2025 2:57 PM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday

**[EXTERNAL]**

Anytime between 10-12 PT is ok. We'll send Rule 23 proposal beforehand.

On Dec 3, 2025, at 4:52 PM, Connell, Erin M. <econnell@orrick.com> wrote:

Bob,
We are available tomorrow from 10-12 PT. Please let us know if that window works for you. Regarding your parallel motion, can you please let us know what you are proposing in terms of the Rule 23 schedule so we can consider it in advance of our call?
Thanks,
Erin

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Wednesday, December 3, 2025 2:27 PM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday

**[EXTERNAL]**

Hey Erin,
We can meet and discuss first thing tomorrow morning. We're probably only interested in a briefing schedule rather than the stipulation. And on the briefing schedule we want to discuss the parallel motion we plan to file on the Rule 23 schedule that I mentioned on Monday. Let us know what time you prefer to meet tomorrow.

Bob

On Dec 3, 2025, at 3:51 PM, Connell, Erin M. <econnell@orrick.com> wrote:

Hi Bob,
I'm following up on the emails below, and the draft stipulation attached. Can you please let us know your position?
Thanks,
Erin

**From:** Connell, Erin M.
**Sent:** Wednesday, December 3, 2025 10:08 AM
**To:** Bob Wiggins <rwiggins@wigginschilds.com>; Grundy, Kayla Delgado <kgrundy@orrick.com>
**Cc:** Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>; Connell, Erin M. <econnell@orrick.com>
**Subject:** RE: Mobley v. Workday

Hi Bob,

Thanks for your email. A proposed draft stipulation is attached. Because the hearing on our pending Motion to Stay Notice is literally on the exact same day (January 6) as the start of time period when Judge Lin authorized the dissemination of Notice, our proposal is to simply agree that notice won't disseminate until she rules on our pending motion, which could actually be on January 6 (and if not, it likely would be shortly thereafter). The hearing is scheduled for 10 a.m. PT on January 6. This proposal would require no change to the hearing date or briefing schedule. If you agree to the concept, please let us know if you have edits to the attached stipulation (and proposed order).

The other alternative is to ask for an expedited briefing schedule and hearing date for our pending motion. When we filed on December 1, January 6 was the first available date. Given the uncertainty, and because of the upcoming holidays, our proposal would be to request that the Court accelerate the hearing date on our pending motion to any day *before* January 6 that the Court can be available (and for the briefing schedule, we would ask that Court set an appropriate expedited briefing schedule, based on whatever hearing date the Court can give us). Although it would be up to the Court to determine a schedule that best fits the Court's availability, we would suggest the Court set Plaintiffs' Opposition date as December 11, 2025, Workday's Reply as December 15, 2025, and a hearing any time the week of December 15 that works for the Court.

Please let us know if you have questions. Please also let us know if a phone call would be useful.

Thanks,
Erin

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Wednesday, December 3, 2025 9:33 AM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Cc:** Smith, Jenny <jsmith@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>
**Subject:** Re: Mobley v. Workday

**[EXTERNAL]**

Kayla,
We're willing to meet to discuss your proposed stipulation and shortened briefing schedule if you'll send us the stipulation you mentioned so we can first go over it internally.
Bob

On Dec 2, 2025, at 6:34 PM, Grundy, Kayla Delgado <kgrundy@orrick.com> wrote:

Counsel,

As you know, yesterday Workday filed a Motion to Stay the Collective Action Notice Process pending a response from the Supreme Court on two writ petitions. That hearing is scheduled for January 6, 2025. The Court's Order today approves notice dissemination starting the same day as the hearing, January 6, 2025. Will Plaintiffs stipulate that notice will not be disseminated prior to the Court's ruling on Workday's pending motion? If so, we will send over a stipulation for your review.

If Plaintiffs do not agree to stipulate, Workday intends to file an Emergency Administrative Motion to shorten time on its pending Motion to Stay, including a request that the Court accelerate the hearing date on our pending motion to any day before January 6 that the Court can be available (and for the briefing schedule, we would ask that Court set an appropriate expedited briefing schedule, based on whatever hearing date the Court can give us). Although it would be up to the Court to determine a schedule that best fits the Court's availability, we would suggest the Court set Plaintiffs' Opposition date as December 11, 2025, Workday's Reply as December 15, 2025, and a hearing any time the week of December 15 that works for the Court.

In the alternative, we would ask the Court to rule that Notice cannot issue until Judge Lin has the opportunity to consider and rule on our pending Motion to Stay Notice (which again, is currently calendared for January 6).

Please provide your response by 10am PT tomorrow, December 3, 2025 given Workday will need to promptly file its Motion absent agreement. Consistent with the Court's procedures, we plan to call and email the clerk to inform the Court of the emergency relief requested, if necessary, upon receiving your response or if we have not heard back from you.

If Plaintiffs do not agree to the above stipulation, please also let us know whether you intend to oppose Workday's Emergency Administrative Motion.

Thank you,
Kayla

**Kayla Delgado Grundy**
Attorney at Law

Pronouns: she/her/hers

Orrick
San Francisco   <image001.jpg>

T 415-773-5537
kgrundy@orrick.com

<image002.png>

<image003.png>

<image004.gif>

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

<Mobley_Workday - Stipulation Regarding Dissemination of Notice 4142-1936-7266 2.docx>

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly

prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

<Proposed Age Decert & Rule 23 Class Cert Rescheduling.docx>

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.