JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliottt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**WORKDAY'S STATEMENT REGARDING WEBSITE DISPUTES**<br><br>Courtroom:      15, 18th Floor<br>Judge:             Hon. Rita F. Lin<br><br>Complaint Filed: February 21, 2023 |

Consistent with the Court's December 2, 2025 Order, the Parties met and conferred regarding Plaintiffs' proposed notice website. The Parties were unable to reach agreement. While Workday understands the Court requested that the Parties file a joint statement regarding any remaining disputes, as described below, Plaintiffs did not provide Workday with their portion of the joint statement prior to the filing deadline. Accordingly, Workday submits this statement in its individual capacity.

**Meet and Confer Efforts.** On Tuesday, December 16, at 2:30 PM, Workday requested that Plaintiffs provide Workday with an estimated time that Workday could expect to obtain access to Plaintiffs' proposed website the following day, given the tight timeframe for raising any concerns with the website. Workday also requested Plaintiffs' availability for a meet-and-confer call on Thursday. Plaintiffs did not respond to Workday's email, and Workday followed up on Wednesday at 8:15 AM. At 1 PM, Plaintiffs provided access to the website. The Parties met and conferred regarding deficiencies with the webpage on Thursday, December 18, at 12 PM. Following that meeting, and understanding that Plaintiffs did not intend to revise the website in accordance with Workday's concerns, Workday prepared a draft statement for the Court. It provided Plaintiffs with its draft statement at 8:40 AM today, December 19. Workday requested that Plaintiffs advise when they anticipated being able to add their portion of the statement. Plaintiffs responded that they were "not sure how long it will take, but will do [their] best to get [Workday] their responsive position before 5 PM PT." Workday reminded Plaintiffs that the statement was due at 5 PM. It requested that Plaintiffs provide a draft statement by 3:30 PM so that Workday could incorporate Plaintiffs' statement into the joint statement and briefly respond to any of Plaintiffs' positions. At 3:40 PM, Plaintiffs' counsel emailed Workday and stated, "Before we send you a rough draft, please give me a time for your response, if any." Workday again informed Plaintiffs' counsel that the statement was due at 5 PM and that, not having had the opportunity to review Plaintiffs' statement, Workday could not predict whether it would make any additional edits or provide a response time. Plaintiffs sent a draft statement at 4:19 PM but stated that they would not commit to a 5 PM filing because they were still proofreading their statement. Workday requested Plaintiffs provide a final statement

1  no later than 4:50 PM. Plaintiffs did not do so. Workday has not had the opportunity to review or
2  respond to Plaintiffs' statement given the timing and submits its position on Plaintiffs' webpage
3  below.
4        **Format of the Webpage.** The parties do not agree to the form of the proposed webpage.
5  Notwithstanding that the Court's Order (ECF No. 203) repeatedly references the Consent to Join
6  form as being accessible via a link from the notice itself and that similar language existed in
7  Plaintiffs' own proposal (ECF No. 200), in the actual proposed webpage Plaintiffs have inserted
8  the Consent to Join form such that it is at the very top of and side-by-side the long form notice.
9  Indeed, in order to review the long form notice, a user has to scroll past the Consent to Join form
10 and, if the browser window is not maximized, the Consent to Join form appears as though it is part
11 of the long form notice, placed immediately after Plaintiffs' inserted table of contents and before
12 the text of the notice begins.
13       The Court should order Plaintiffs to set up the webpage consistent with the Court's prior
14 orders and the Parties' prior proposals, which state that the Consent to Join form would be
15 accessible on the website via a separate link. It is not burdensome or difficult to add another page
16 to the existing website for this purpose. Plaintiffs' current structure may confuse potential opt-ins
17 and does not encourage the review or consideration of the text of the long form notice. During the
18 meet and confer process, Workday offered a compromise where the Consent to Join form would
19 not be a separate page but would follow the long form notice at the bottom of the page. Plaintiffs
20 declined this compromise.
21       **Images.** Plaintiffs' proposed website and social media profiles contain images that this
22 Court has not approved and to which Workday objects. On November 25, 2025, Plaintiffs submitted
23 their proposed social media profiles, which included a "Photo Library" seeking the Court's
24 approval of intended images that would be used during the notice process. ECF No. 204. On
25 December 2, 2025, the Court approved those images for use. ECF No. 211. Rather than use the
26 images the Court has already approved, Plaintiffs created two images, one of which appears on the
27 proposed webpage and both of which appear on Plaintiffs' social media profiles. The Court should
28

1  deny Plaintiffs the use of these images as they are inconsistent with the Court's prior order.
2  Furthermore, the images are misleading and potentially confusing to viewers as they resemble a
3  court seal and emphasize this Court's approval, suggesting this notice and the corresponding social
4  media are driven by the Court and not Plaintiffs' counsel. In response to Workday's concerns,
5  Plaintiffs refer to the seal as a "logo" and view it as harmless. However, this Court never approved
6  or authorized Plaintiffs to utilize a Court seal among the images that the Court expressly permitted.
7  Plaintiffs' second image, appearing on the social media profiles after clicking through the notice,
8  is a shaded box with the text "Court Authorized Notice/Workday Applicants 40+/Visit
9  workdaycase.com for the full notice and forms." The Court has now repeatedly approved the exact
10 text Plaintiffs are permitted to use as part of the notice process and this language was not approved.
11 Plaintiffs cannot end run around the Court's order by applying the text to an image.

12 **Consent to Join Form Signature.** Despite this Court's Order (which adopted Plaintiffs'
13 proposed Consent to Join form) requiring a signature or DocuSign, Plaintiffs have instead
14 constructed their electronic consent to join form to not require a signature. Rather, the form requests
15 that the potential opt-in "click here" and mark a checkbox to indicate a signature. This is improper.
16 First, the Court's Order clearly contemplates a signature, and Plaintiffs did not seek relief from that
17 aspect of the Court's Order. ECF No. 203. Second, a checkbox is not sufficient to constitute written
18 consent to opt-in. While Workday has not found a case that directly addresses the issue of
19 "checkboxes," the question of whether electronic signatures (as opposed to manual signatures) are
20 sufficient to constitute written consent to opt in has been litigated, and courts routinely emphasize
21 that "sufficient safeguards" must be in place to "ensure that the electronic signatures will be
22 obtained in a way that minimizes any disputes regarding authenticity." *Woods v. Vector Mktg.*
23 *Corp.*, 2015 WL 1198593, at *6 (N.D. Cal. Mar. 16, 2015); *Knight v. Concentrix Corp.*, 2019 WL
24 3503052, at *6 (N.D. Cal. Aug. 1, 2019) ("Plaintiffs' proposed safeguards to verify that the identity
25 of individuals signing his or her Consent to Sue form is the same without regard to whether the
26 form is submitted by U.S. Mail or electronically."); *Douglas v. Xerox Bus. Servs., LLC*, 2015 WL
27 12930486, at *3 (W.D. Wash. Feb. 9, 2015) ("The added verification of the last four digits of a
28

social security number or an employee ID number creates an electronic signature sufficient for written consent."). Instead of proposing sufficient safeguards to verify the identity of potential opt-ins, Plaintiffs take the opposite position and instead lower the bar for verification by requiring a check-of-a-box that is vulnerable to fraud, including readily available access for non-human bots to submit opt-in forms.

Dated: December 19, 2025

JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _/s/ Julie A. Totten_
JULIE A. TOTTEN
Attorneys for Defendant