Lee Winston *(admitted pro hac vice)*
lwinston@winstoncooks.com
Roderick T. Cooks *(admitted pro hac vice)*
rcooks@winstoncooks.com
Bethany M. Logan *(admitted pro hac vice)*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone: (205) 482-3551
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr.  *(admitted pro hac vice)*
rwiggins@wigginschilds.com
Ann K. Wiggins *(admitted pro hac vice)*
awiggins@wigginschilds.com
Jennifer Wiggins-Smith *(admitted pro hac vice)*
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher Goldfarb, LLC
The Kress Building,
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215
greeneattorney@gmail.com
Attorneys for the Plaintiff, Collective and Proposed Classes

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>         Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>         Defendant. | Case No.: 3:23-cv-0770-RFL<br><br>**PLAINTIFFS' STATEMENT REGARDING WEBSITE DISPUTES**<br><br>Courtroom 15, 18th Floor<br><br>Judge: Hon. Rita F. Lin |

- 1 -

PLAINTIFFS' STATEMENT REGARDING WEBSITE DISPUTES

Consistent with the Court's December 2, 2025 Order, the Parties met and conferred regarding Plaintiffs' proposed notice website. Workday states it did not include the Plaintiffs' section in its filing because "the Plaintiff did not provide [it] with their portion of the joint statement prior to the filing deadline." That is untrue. Workday had Plaintiffs' section before 5 p.m. PT and before it chose to file without including the Plaintiffs' section. It also admits that it understood that the Parties were supposed to file a joint statement.

**Plaintiffs' Position**

The content of the required website speaks for itself. See Exhibit A attached.

**Form of Signature**

"The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.'" *Adkinson v. Tiger Eye Pizza, LLC*, 2019 US LEXIS 178897 *27-28, 2019 WL 5213957 (W.D. Ark. October 16, 2019) (quoting 29 U.S.C. § 216(b)). "A 'symbol'—such as, here, a **checkmark**—may constitute an electronic signature." *Ngo v. PMGI Financial*, 2018 U.S. Dist. LEXIS 213044 *12-13 2018 WL 6618316 (N.D. Cal. December 18, 2018) (citing e.g., 15 U.S.C. § 7006(5); emphasis added). "Under California law, an 'electronic signature is attributable to a person if it was **the act** of the person. The act of the person **may be shown in any manner**, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable. Cal. Civ. Code § 1633.9(a)." *Ngo, supra* at 213044 *12-13 (emphasis added).

Electronic signatures have the same "legal effect, validity, and enforceability," 15 U.S.C. § 7001(a)(1), as paper signatures and "commercial transactions are routinely cemented by electronic submission." *Mraz v. Aetna Life Ins. Co.,* 2014 U.S. Dist. LEXIS 142923, 2014 WL 5018862, at *5 (M.D. Pa. Oct. 7, 2014). "[R]ecent technological advances . . . have made electronic signatures trustworthy, valid, and enforceable." *Wade v. Furmanite Am., Inc.,* 2018 U.S. Dist. LEXIS 75624,

2018 WL 2088011, at *8 (S.D Tex. May 4, 2018); *Macias v. Catapult Painting, LLC*, 2020 U.S. Dist. LEXIS 196290 *15-16 ; 2020 WL 6253589 (S.D. Tex., Oct. 22, 2020) ("Courts routinely allow potential class members to opt in to FLSA collective actions with an electronic signature."); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 517 (W.D. Tex. 2015) ("[W]e live in a time when all manner of . . . transactions are routinely cemented by electronic submission."); *id.* at 518 (approving "electronic signature method for execution of consent forms."); *White v. Integrated Elec. Tech., Inc.*, 2013 U.S. Dist. LEXIS 83298, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) (approving class members executing electronic consent forms, noting that "courts have also approved the use of online, electronic signature opt-in forms.").

Plaintiffs' *Opt-In Consent To Join Form* also facilitates follow-up email verification. Email verification is the process in which execution of the consent form triggers an email being sent with instructions to "click here if you submitted an opt-in form on WorkdayCase.com" or words to that effect before their form is processed for court submission.

Local Rule 5.1(i)(3) provides a similar means for Plaintiffs' counsel to file such opt-in consents on behalf of persons and/or clients without by counsel attesting that such persons "have concurred in the filing of the document, which shall serve **in lieu of their signature** on the document." Local Rule 5.1(i)(3) (emphasis added). The instant *Opt-In Consent To Join Form* provides that means of joining "in writing" "I am checking this box **as my signature** for the Opt-In Consent To Join and **as my authorization for it to be filed** in the Northern District of California Federal Court on my behalf." Opt-In Consent To Join Form (attached as Exh. A; emphasis added). The Local Rule only requires that "the filer shall **maintain** records that supports this concurrence for **subsequent** production." Local Rule 5.1(i)(3). *See generally, In Re Sponhouse*, 477 B.R. 147; 2012 *Bankr.* LEXIS 4080 (D. Nev. 2012).

Plaintiffs disagree with Workday's argument that the Court's Order approving their Consent to Join form requires a manual "signature or DocuSign." Def. Position. Both such references were to *electronic signatures*, not manual signatures. DocuSign is nothing more than an electronic signifier of consent that functions in exactly the same way as checking the box stating "I am checking this box as my signature", not an actual signature. *Opt-In Consent To Join Form* (Exh. A) Plaintiffs have not "constructed their electronic consent to join form to not require a signature" because, as already shown, "[a] checkmark may constitute an electronic signature." *Ngo, supra* at 213044 *12-13. Workday concedes that "the form requests that the potential opt-in . . . mark a checkbox to indicate a signature." Def. Position.

Contrary to Workday's argument, Plaintiffs have not "lower[ed] the bar for verification by requiring a check-of-a-box that is vulnerable to fraud, including readily available access for non-human bots to submit opt-in forms." Def. Position. Workday's argument for a manual signature adds no greater prevention against pretending to be someone else than the electronic signature and follow-up email verification described above.

**Format of the Webpage**

Workday argues that "the Court's Order (ECF No. 203) **repeatedly references** the Consent to Join form as being accessible via a link from the notice itself," but Plaintiffs have not found even a single such reference in the entire Order.

Workday also argues that "[t]he Court should order Plaintiffs to set up the webpage consistent with the Court's prior orders . . . which state that the Consent to Join form would be accessible on the website via a separate link." But it cites no such Order. At the point that matters, the Court entered no such instruction and instead ordered that "for avoidance of doubt, the webpage's purpose should be limited to (1) hosting the Long Form Notice **and** Opt-in Consent to Join Form, and (2) providing basic instructions for how to fill out the Opt-in Consent to Join Form and how to contact Plaintiffs'

counsel with questions." The extremely short, and easily missed *Opt-in Consent to Join Form* is put adjacent to the similarly short Table of Contents of the Notice with a command to "Read" so that **neither** is buried or obscured by the other one. That fully complies with the Court's instruction that "for avoidance of doubt, the webpage's purpose should be limited to (1) hosting the Long Form Notice and Opt-in Consent to Join Form, and (2) providing basic instructions for how to fill out the Opt-in Consent to Join Form and how to contact Plaintiffs' counsel with questions." Order, ECF 203.

There is also no support for the argument that "in order to review the long form notice, a user has to scroll past the Consent to Join form and, if the browser window is not maximized, the Consent to Join form appears as though it is part of the long form notice."

**Images**

The "social media profiles" are a separate issue that was previously decided and is now moot. The website logo is no way misleading or potentially confusing as a "court seal" or "court approval." Nor does it violate any prior Order. There is no such Order.

Dated: December 19, 2025

/s/*Robert L. Wiggins, Jr.*
Robert L. Wiggins, Jr.
Ann K. Wiggins
Jennifer Smith-Wiggins
Roderick T. Cooks
Lee D. Winston
Bethany M. Logan

Attorneys for the Plaintiff Derek L. Mobley