Lee D. Winston (admitted pro hac vice)
lwinston@winstoncooks.com
Roderick T. Cooks (admitted pro hac vice)
rcooks@winstoncooks.com
Bethany M. Logan (admitted pro hac vice)
Winston Cooks, LLC
420 20th Street North, Suite#2200
Birmingham, AL 35203
Telephone:    (205) 482-5174
Facsimile:    (205) 278-5876

Jay Greene
greeneattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215

Robert L. Wiggins, Jr. (admitted pro hac vice)
rwiggins@wigginschilds.com
Ann K. Wiggins (admitted pro hac vice)
awiggins@wigginschilds.com
Jennifer Wiggins Smith (admitted pro hac vice)
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone:    (205) 314-0500
Facsimile:    (205) 254-1500

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated,<br>*Plaintiff,*<br><br>V<br><br>WORKDAY, INC.,<br>*Defendant.* | Case No. 4:23-cv-00770-RFL<br><br>**PLAINTIFFS' MOTION TO CHANGE TIME PURSUANT TO LOCAL RULE 6-3(a) AND EXTEND CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION SCHEDULE AND PENDING DISCOVERY AND DOCUMENT PRODUCTION**<br><br>**OPPOSED** |

Plaintiffs move for entry of an Order extending the class certification and collective decertification schedule ("Schedule") (ECF 138). As grounds, Plaintiffs state the following:

1.   The Court's current Schedule sets the following deadlines for such class certification and collective decertification proceedings:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Class certification motion and motion to decertify | January 16, 2026 | July 16, 2026 |
| Last day to depose expert(s) | February 6, 2026 | August 6, 2026 |
| Opposition to class certification motion and motion to decertify | March 13, 2026 | September 13, 2026 |
| Last day to depose expert(s) | March 31, 2026 | September 31 2026 |
| Reply to class certification motion and opposition to motion to decertify | April 10, 2026 | October 10, 2026 |
| Last day to depose expert(s) | April 24, 2026 | October 24, 2026 |
| Reply to motion to decertify | May 12, 2026 | November 12, 2026 |
| Class certification hearing | June 2, 2026 | On or after December 2, 2026 |

ECF 138.

2. The Parties stipulated that they agreed to that Schedule "[b]ecause of the unique challenges related to notice in this case [and] the discovery issues that must be resolved before notice can issue." Joint Case Management Statement at 12 (ECF 131, p.14); *see also* Hearing Tr., at 11:19-13:9 (ECF 148) (Parties' and Court's consensus that "it makes sense to get the notice issue handled and then deal with the discovery issue and extending the hearing schedule [after that].").

3. The existing Schedule was based on the understanding that Workday's document and data production would be completed sufficiently in advance of January 16, 2026 to make the schedule viable by that date. *Id.* That has not occurred, however. Workday admits that it did not produce many of the documents and data requested on September 3, 2024 until more than a year later in mid-to-late December 2025. *See e.g.,* Exh. 1, Workday's Second Supplemental Responses and Objections served December 19, 2025 for RFP no. 6 (a, b, c, g, j, k ) and nos. 10, 11, 14.

4. For example, Workday stated it "will produce" or "make available" documents and data requested in RFP no. 6 (a, b, c, g, j, k ) in its initial answer on November 11, 2024 and its Supplemental Responses served on July 2, 2024, but Workday admits it did not produce or make any such documents available until three weeks ago (Exh. 1 at RFP no. 6) served notwithstanding its commitment on July 3, 2025 to produce such documents. *See* Exh. 1 at pp. 18-19 (quoting Supplemental Response served on July 3, 2025).

5. The same problem occurred with RFP nos. 10, 11 and 14. *Id.* at pp. 24-27. Request no. 10 sought "documents . . . created during the development of the AI and ML utilized in recruiting, screening, and/or recommending applicants . . . including . . .the software code development process;" Request no. 11 sought "all inputs into any software code designed for the recruitment, evaluation, analysis and/or recommendation of applicants to Workday customers," and Request no.

14 sought the audit documents and data "performed by an independent auditor for bias regarding Workday's AI and/or ML." *Id.* at pp. 24-27, 30-31. Workday responded that it "will produce" such documents in its initial and supplemental responses served on November 11, 2024 and July 2, 2025 respectively, but again the promised production was not forthcoming for the next six months and is incomplete even today. *Id.* at pp. 24-27, 30-31.

6. While Workday's response to RFP #14 committed to produce the bias audit documents and data "performed by an independent auditor for bias regarding Workday's AI and/or ML," it has only identified such independent auditor data and analysis listed in an article on its website, and has not actually produced such bias audit documents, data and analysis itself. *Id.* at pp. 30-31.

7. Throughout the past year, Plaintiffs have made persistent efforts to obtain such documents and data. *See e.g.,* ECF 124; ECF 127 ECF 131 at 12; ECF 148, Hearing Tr., at 11:19-13:9; Exh. 2.

8. Workday has also extended production of the documents requested in Plaintiffs' First Document Production Requests By Plaintiff Opt-Ins For Workday Employment for 30 days to **February 2, 2026,** which is well after Plaintiffs' class certification motion is due on January 16, 2026. *See* Exh. 3; Exh. 2. Workday, however, opposed submitting such extension to the Court for approval as required under F. R. Civ. P. Rule 29 and F. R. Civ. P. Rule 34(b)(2)(A) for stipulations that may interfere with scheduled proceedings. Exh.3; *see also* F. R. Civ. P. Rule 34(b)(2)(C) (requiring that objections "specify the part [objected to] and permit inspection of the rest.").

9. Workday also impaired and delayed document production and resolution of its pending privilege objections by not producing the Privilege Log in compliance with Judge Beeler's standing order until more than six months had passed and after Workday committed to producing such Log July 10, 2025 (Exh. 8). Workday withheld producing the required Log until a few days ago on December 31, 2025. *Compare* Exh. 8 *with* Exh. 4 (Workday's Privilege Log produced December 31, 2025).

- 3 -
PLAINTIFFS' MOTION TO CHANGE TIME PURSUANT TO LOCAL RULE 6-3(a) AND EXTEND CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION SCHEDULE AND PENDING DISCOVERY AND DOCUMENT PRODUCTION

10. Because of such truncated and incomplete discovery, Plaintiffs have had to postpone virtually all depositions of defendant's officials until Plaintiffs' pending proceedings to compel such production are resolved and the requested documents are produced.

11. The Court has previously held that decertification of a collective action occurs "on or after the close of relevant discovery." Order, ECF 128 at 6 (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109-1110 (9th Cir. 2018)). But here Workday seeks to pursue such decertification while it continues to withhold **_all_** of its statistical data, bias audits, AI /Ml "training data" and other documents related to the disparate impact of its AI screening and process for hiring *its own employees* and its Customers' screening and hiring of their employees. Exh. 2; ECF 124 (Parties' Joint Letter Brief seeking to compel production).

12. In granting conditional collective certification, the Court found that "disputes remain" which must be resolved at the decertification phase "regarding . . . the parameters of the 'court order exception' in Workday's customer contracts," Order, ECF 128 at 19; *see also* Order, ECF 158 at 2 (finding "that the HiredScore AI features are part of 'Workday, Inc.'s job application platform'" and that this "is best addressed at the decertification stage.") (citing Order*,* Dkt. No. 128 at 6–7).

13. Such discovery disputes have not yet been resolved because Judge Beeler advised the Parties to table such issues until the Court first resolved the ongoing disputes about notice. *See* Order, ECF 136, June 2025 (advising the Parties on June 2, 2025 that in light of the fact that "the parties are litigating the notice plan for the collective action [which] seemingly implicates [the] discovery at issue," everyone "may want to adjust their briefing schedule to allow resolution of the merits issue" because "[i]f they stick to the existing schedule, it may be that the court will require new briefing if the merits order affects the dispute."). The Parties agreed to that postponement at the hearing two days later on June 4, 2025. ECF 148 at 11:19-13:9 (June 4, 2025). When the notice issue continued to be litigated over the next six months, the pending discovery disputes remained in

abeyance throughout that period as reflected in the following events. ECF 155; Exh. 5. Workday "confirmed" that fact in the following email recapping the Parties meet-and-confer discussion:

14. Thank you for speaking with us yesterday. We are reaching out to summarize our discussion and confirm next steps. * * * Workday confirmed that Judge Beeler has not yet signed the parties' stipulation and there is nothing currently on calendar before her, although neither party has further insight into why. * * * Workday questioned the viability of the current class certification briefing schedule, given the current state of the case. Plaintiffs indicated they may want to move their January filing deadline. Exh. 5 (Workday's email to Plaintiffs August 4, 2025).

15. Workday acted upon the basis of all the foregoing events and discussions by continuing to withhold all of its bias audit and disparate impact statistical data. *See* Exh. 1 and 2.

*Respectfully submitted,*

| | |
|---|---|
| *s/Roderick T. Cooks* | *s/Robert L. Wiggins, Jr.* |
| Lee D. Winston (ASB: 6407O72L) | Robert L. Wiggins, Jr. (ASB: 1754G63R) |
| *Admitted pro hac vice* | *Admitted Pro Hac Vice* |
| lwinston@winstoncooks.com | rwiggins@wigginschilds.com |
| Roderick T. Cooks (ASB: 5819O78R) | Ann K. Wiggins (ASB: 7006i61a) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| rcooks@winstoncooks.com | awiggins@wigginschilds.com |
| Bethany Mae Logan (ASB: 1360X15Z) | Jennifer Wiggins Smith (ASB:9622E53S) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| bneal@winstoncooks.com | jsmith@wigginschilds.com |
| Winston Cooks, LLC | Wiggins Childs Pantazis Fisher and Goldfarb |
| 420 20th Street North, Suite 2200 | |
| Birmingham, AL 35203 | 301 North 19th Street |
| Telephone: (205) 502-0970 | Birmingham, Alabama 35203 |
| Facsimile: (205) 278-5876 | Telephone: (205) 314-0500 |
| | Facsimile: 205) 254-1500 |

**Local counsel**:
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108

- 5 -
PLAINTIFFS' MOTION TO CHANGE TIME PURSUANT TO LOCAL RULE 6-3(a) AND EXTEND CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION SCHEDULE AND PENDING DISCOVERY AND DOCUMENT PRODUCTION

Telephone: (415) 905-0215

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 8, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

        Jay Patrick Greene   jay@ greenelawfirm.com
        Julie Ann Totten       Jtotten@orrick.com, jponce@orrick.com
        Erin M. Connell       econnell@orrick.com
        Kyla Delgado Grundy  kgrundy@ orrick.com
        Alexandria R. Elliott (aelliott@orrick.com)

                                      *s/Roderick T. Cooks.*
                                      Of Counsel