# PLAINTIFFS' EXHIBIT 1

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
WORKDAY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DEFENDANT WORKDAY, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Amended Complaint:  February 20, 2024<br>Trial Date:              None Set |

PROPOUNDING PARTY:    Plaintiff DEREK MOBLEY

RESPONDING PARTY:     Defendant WORKDAY, INC.

SET NUMBER:               ONE (1)

1    In accordance with Rule 34 of the Federal Rules of Civil Procedure and consistent with

2    the Parties' meet and confer efforts, Defendant Workday, Inc. provides the following second

3    supplemental responses to Plaintiff Derek Mobley's First Set of Requests for Production dated

4    September 3, 2024.

5    **GENERAL OBJECTIONS**

6    These General Objections are incorporated by reference into each Response below as

7    though fully set forth therein.

8    1.    Workday responds to Plaintiff's Requests based on the information and documents

9    currently available to it, given that discovery in this case is ongoing. Nothing contained in these

10   responses shall in any way limit Workday's ability to make all uses at trial or otherwise of the

11   information or documents referenced herein or of any information, documents or other evidence

12   that may be discovered in the future. Workday reserves the right to amend its objections and

13   responses upon completion of its factual investigation and search for responsive documents.

14   2.    Workday objects to Plaintiff's Requests to the extent that they seek information

15   protected from disclosure by the attorney-client privilege, the work-product doctrine, the common

16   interest doctrine, and/or any other applicable privilege or protection. If supplying any of the

17   requested information and/or documents would result in waiving any applicable privilege or

18   objection based on any such privilege, Workday objects to providing the information and/or

19   documents and will not do so. If Workday inadvertently produces any documents falling within

20   any applicable privilege or protection, Workday does not intend to waive the applicable privilege

21   or protection.

22   3.    Workday objects to Plaintiff's Requests to the extent they are vague, ambiguous,

23   overbroad in scope, unduly burdensome, oppressive, or seek information that is not relevant to the

24   subject matter of this litigation or not proportional to the needs of the case.

25   4.    Workday objects to Plaintiff's Requests to the extent that they seek documents

26   and/or information that is protected from disclosure by the privacy rights of third party non-

27   litigants, or seek disclosure of information subject to confidentiality agreements or protective

28   orders outside this litigation.

- 1 -

5.      Workday objects to Plaintiff's Requests to the extent that they purport to require Workday to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure and any applicable rule or statute.

6.      Workday objects to Plaintiff's Requests to the extent they call for confidential and/or proprietary information.

7.      Workday objects to Plaintiff's Requests to the extent they seek information beyond the applicable statute of limitations.

8.      Workday objects to Plaintiff's definition of "Artificial Intelligence" as overbroad, vague, and ambiguous. Workday objects to the use of the terms "Artificial Intelligence" and "Machine Learning" interchangeably. Workday's responses to Plaintiff's requests including the term "Artificial Intelligence" are not generalizable but instead are specific to the products or features at issue in any such response.

9.      Workday objects to Plaintiff's definition of "Algorithmic Tool" as overbroad, vague, and ambiguous. Workday's responses to Plaintiff's requests including the term "Algorithmic Tool" are not generalizable but instead are specific to the products or features at issue in any such response.

10.      Workday objects to Plaintiff's definition of "Machine Learning" as overbroad, vague, and ambiguous. Workday objects to the use of the terms "Artificial Intelligence" and "Machine Learning" interchangeably. Workday's responses to Plaintiff's requests including the term "Machine Learning" are not generalizable but instead are specific to the products or features at issue in any such response.

11.      Workday objects to Plaintiff's definition of the term "communication" as overbroad and unduly burdensome to the extent it requires Workday to produce documents that necessarily do not exist concerning "oral contacts."

12.      Workday objects to Plaintiff's definition of "Workday" or "Defendant" as overbroad. Workday's responses herein are made only on behalf of itself.

13. As used herein, "Fetch" refers collectively to the Fetch Feature and Dynamic Fetch Feature. "Fetch Feature" and "Dynamic Fetch Feature" refer individually to two features offered

1    in the Fetch suite.

2        The General Objections and the limitations set forth above are incorporated by reference

3    into each Response below, as set for in full therein. No response to any individual Requests for

4    Production shall be deemed a waiver of any of Workday's objections.

5            **SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

6    **REQUEST FOR PRODUCTION NO. 1:**

7        For Workday's Algorithmic tools utilized in applicant screening process, a representative

8    sample of evaluation data (both features and ground-truth labels).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10        Workday incorporates each of its General Objections herein by reference. Workday

11    objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

12    "algorithmic tools," "applicant screening process," "representative sample," "evaluation data,"

13    "features," and "ground-truth labels." Workday objects to this Request as vague as to time.

14    Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary

15    information or documentation. Workday further objects to this Request to the extent it seeks

16    information or documentation that is not relevant to the subject matter of the instant suit and is

17    not reasonably calculated to lead to the discovery of admissible evidence. Workday further

18    objects to this Request on the grounds that it is overbroad, unduly burdensome, and not

19    proportional to the needs of the case. Workday further objects to this Request to the extent that it

20    seeks information or documentation protected by the attorney-client privilege, work product

21    doctrine, common interest doctrine, or any other applicable privilege or immunity.

22        Subject to and without waiving the foregoing objections, and construing "algorithmic

23    tools" to mean Candidate Skills Match ("CSM"), which is the only software feature available at

24    the time of the filing of Plaintiff's complaint that could be characterized as "algorithmic" and

25    used by employers to categorize applicants, and construing "evaluation data" as a data set used to

26    determine whether predicted results of a model are accurate, Workday responds as follows: It is

27    not typical that algorithms (as opposed to models) would have evaluation data. Accordingly,

28    because CSM is an algorithm and not a model, no "evaluation data" exists for CSM. CSM

- 3 -

1    delivers insights to customers by comparing the skills extracted from a job requisition with skills

2    extracted from job applications or resumes submitted in connection with a particular job

3    requisition, but CSM does not make any decisions on behalf of customers.

4    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5            Workday incorporates each of its General Objections herein by reference. Workday

6    objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

7    "algorithmic tools," "applicant screening process," "representative sample," "evaluation data,"

8    "features," and "ground-truth labels." Workday objects to this Request to the extent it seeks

9    sensitive, confidential, or proprietary information or documentation, including that of third

10   parties. Workday further objects to this Request to the extent it seeks information or

11   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

12   calculated to lead to the discovery of admissible evidence. Workday further objects to this

13   Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs

14   of the case. Workday further objects to this Request to the extent that it seeks information or

15   documentation protected by the attorney-client privilege, work product doctrine, common interest

16   doctrine, or any other applicable privilege or immunity. Workday objects to Plaintiff's Requests

17   to the extent that they seek documents and/or information that is protected from disclosure by the

18   privacy rights of third party non-litigants, or seek disclosure of information subject to

19   confidentiality agreements or protective orders outside this litigation.

20           Subject to and without waiving the foregoing objections, and construing "algorithmic

21   tools" to mean Candidate Skills Match ("CSM"), Spotlight, and Fetch, which are the only

22   software features at issue in this lawsuit that could be characterized as "algorithmic" or

23   containing an "algorithmic" components and are used by employers to categorize applicants, and

24   construing "evaluation data" as a data set used to determine whether predicted results of a model

25   are accurate, Workday responds as follows: It is not typical that algorithms (as opposed to

26   models) would have evaluation data. Accordingly, because CSM is an algorithm and not a model,

27   no "evaluation data" exists for CSM. CSM delivers insights to customers by comparing the skills

28   extracted from a job requisition with skills extracted from job applications or resumes submitted

- 4 -

in connection with a particular job requisition, but CSM does not make any decisions on behalf of customers. With respect to Fetch and Spotlight, which utilize both algorithmic and model components, Workday has no evaluation data for the model components in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

Metadata about each feature and label, including general descriptions and definitions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the undefined terms "metadata," "feature," and "label." Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Workday responds: In light of Workday's response to Request No. 1, there are no features and labels that apply to CSM. Accordingly, no such metadata exists.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the undefined terms "metadata," "feature," and "label." Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably

- 5 -

calculated to lead to the discovery of admissible evidence. Workday further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Workday responds: In light of Workday's response to Request No. 1, there are no features and labels that apply to CSM. Accordingly, no such metadata exists. With respect to Spotlight and Fetch, Workday has no evaluation data for the model components in its possession, custody, or control. Accordingly, Workday has no such metadata to produce.

**REQUEST FOR PRODUCTION NO. 3:**

Group membership data for the evaluation data (i.e., knowledge of which demographic group(s) each example in the evaluation data belongs to) that was used to evaluate bias and demographic disparities for the model(s) in question.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the undefined terms "group membership," "evaluation data," "bias," and "model(s)." Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

1   Subject to and without waiving the foregoing objections, Workday responds: In light of

2   Workday's response to Request No. 1, there is no evaluation data for CSM. Accordingly, data

3   responsive to this Request does not exist.

4   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5   Workday incorporates each of its General Objections herein by reference. Workday

6   objects that this Request is vague and ambiguous, particularly with respect to its use of the

7   undefined terms "group membership," "evaluation data," "bias," and "model(s)." Workday

8   objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

9   documentation, including that of third parties. Workday further objects to this Request to the

10  extent it seeks information or documentation that is not relevant to the subject matter of the

11  instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

12  Workday further objects to this Request as overbroad, unduly burdensome, and not proportional

13  to the needs of the case. Workday further objects to this Request to the extent that it seeks

14  information or documentation protected by the attorney-client privilege, work product doctrine,

15  common interest doctrine, or any other applicable privilege or immunity.

16  Subject to and without waiving the foregoing objections, Workday responds: In light of

17  Workday's response to Request No. 1, there is no evaluation data for CSM. Accordingly, data

18  responsive to this Request does not exist. With respect to Spotlight and Fetch, Workday has no

19  evaluation data for the model components in its possession, custody, or control. Accordingly,

20  Workday has no data responsive to this Request to produce.

21  **REQUEST FOR PRODUCTION NO. 4:**

22  Predictions (model outputs) for each example in the evaluation data.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24  Workday incorporates each of its General Objections herein by reference. Workday

25  objects that this Request is vague and ambiguous, particularly with respect to its use of the

26  undefined terms "predictions," "model outputs" and "evaluation data." Workday objects to this

27  Request to the extent it seeks sensitive, confidential, or proprietary information or documentation,

28  including that of third parties. Workday further objects to this Request to the extent it seeks

- 7 -

1    information or documentation that is not relevant to the subject matter of the instant suit and is

2    not reasonably calculated to lead to the discovery of admissible evidence. Workday further

3    objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

4    case. Workday further objects to this Request to the extent that it seeks information or

5    documentation protected by the attorney-client privilege, work product doctrine, common interest

6    doctrine, or any other applicable privilege or immunity.

7          Subject to and without waiving the foregoing objections, Workday responds: In light of

8    Workday's response to Request No. 1, there is no evaluation data for CSM. Accordingly,

9    documents responsive to this Request do not exist.

10   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

11         Workday incorporates each of its General Objections herein by reference. Workday

12   objects that this Request is vague and ambiguous, particularly with respect to its use of the

13   undefined terms "predictions," "model outputs" and "evaluation data." Workday objects to this

14   Request to the extent it seeks sensitive, confidential, or proprietary information or documentation,

15   including that of third parties. Workday further objects to this Request to the extent it seeks

16   information or documentation that is not relevant to the subject matter of the instant suit and is

17   not reasonably calculated to lead to the discovery of admissible evidence. Workday further

18   objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the

19   case. Workday further objects to this Request to the extent that it seeks information or

20   documentation protected by the attorney-client privilege, work product doctrine, common interest

21   doctrine, or any other applicable privilege or immunity.

22         Subject to and without waiving the foregoing objections, Workday responds: In light of

23   Workday's response to Request No. 1, there is no evaluation data for CSM. Accordingly,

24   documents responsive to this Request do not exist. With respect to Spotlight and Fetch, Workday

25   has no evaluation data for the model components in its possession, custody, or control.

26   Accordingly, Workday has no documents responsive to this Request to produce.

27   **REQUEST FOR PRODUCTION No. 5:**

28         All Documents, Communications, and Information identifying each Algorithmic Tool

utilized by Workday customers in connection with review of applicants for employment, including but not limited to all Documents, Communications, and Information concerning:

      a.     The source, content, quantity, quality, and/or validity of all data on which each Algorithmic Tool was trained.

      b.     Any efforts to review, analyze, audit, assess, clean, correct, and/or supplement any data on which each Algorithmic Tool was trained.

      c.     All summary statistics considered, generated, and reviewed in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

      d.     All inputs, fields, features, parameters, variables, modes, and/or specifications used in connection with each Algorithmic Tool, along with any data dictionaries, definitions, and/or descriptions of the inputs, fields, features, parameters, variables, modes, and/or specifications.

      e.     and/or [sic] results, along with any data dictionaries, definitions, and/or descriptions of the predictive goals, outputs, outcome variables, and/or results.

      f.     Each algorithmic or machine learning method, model, approach, and/or paradigm used in connection with each Algorithmic Tool.

      g.     All descriptions, codes, programs, and/or summaries concerning how the Algorithmic Tool maps the described input data [*sic*]

      h.     Any tests, validations, and/or assessments conducted in connection with the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool (including but not limited to bias testing or auditing), including the sources and content of any data used in the assessment, validation, or testing and the results of the assessment, validation, or testing.

      i.     Any updates, tuning, feature selection, or modifications that were considered, implemented, and/or rejected during the development, use, supplementation, recalibration, and/or adjustment of each Algorithmic Tool.

      j.     All efforts to deploy, scale, operationalize each Algorithmic Tool for, or practices,

- 9 -

1    procedures, and/or protocols for processing, investigating, handling, adjusting, reviewing

2    applicant's suitability for hire.

3        k.      How Workday uses each Algorithmic Tool in connection with the applicant

4    screening process.

5        l.      Whether and how each Algorithmic Tool interacts with any other Algorithmic

6    Tool(s).

7        m.      Any category or type of decision in connection with the employment screening

8    process that Workday's AI made in full or partial reliance on any Algorithmic Tool,

9    including the Algorithmic Tool involved with each such decision and the extent to which

10   the Tool influenced the decision.

11   **RESPONSE TO REQUEST FOR PRODUCTION No. 5:**

12       Workday incorporates each of its General Objections herein by reference. Workday

13   objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

14   "algorithmic tool," "validity," "data," "trained," "summary statistics," "considered,"

15   "adjustment," "modes," "results," "algorithmic or machine learning method," "paradigm,"

16   "maps," "bias," "updates," "tuning," "suitability for hire," "screening process," "interacts," and

17   "decision." Workday objects to this Request to the extent it seeks sensitive, confidential, or

18   proprietary information or documentation, including that of third parties. Workday objects to this

19   Request as unduly burdensome and oppressive to the extent it represents at least 13 different

20   requests combined into one for no other reason than to make responding to the Request difficult

21   for Workday. Workday further objects to this Request to the extent it seeks information or

22   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

23   calculated to lead to the discovery of admissible evidence. Workday further objects to this

24   Request on the grounds that it seeks "[a]ll documents, communications and information" and is,

25   on its face, overbroad, unduly burdensome, and not proportional to the needs of the case.

26   Workday further objects to this Request to the extent that it seeks information or documentation

27   protected by the attorney-client privilege, work product doctrine, common interest doctrine, or

28   any other applicable privilege or immunity. Finally, Workday objects to this Request to the extent

1  that it seeks information or documentation that is in the possession, custody, or control of entities

2  other than Workday, including information or documentation that is equally available to Plaintiff

3  via third-party discovery.

4       Subject to and without waiving the foregoing objections, and construing "Algorithmic

5  Tool" to mean CSM, Workday responds as follows:

6       Subject to entry of a protective order, Workday will produce documents sufficient to

7  identify the inputs and outputs considered by CSM, and describe those inputs and outputs,

8  functionality of CSM, and assessments of the early functionality of CSM by customers.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10      Workday incorporates each of its General Objections herein by reference. Workday

11 objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

12 "algorithmic tool," "validity," "data," "trained," "summary statistics," "considered,"

13 "adjustment," "modes," "results," "algorithmic or machine learning method," "paradigm,"

14 "maps," "bias," "updates," "tuning," "suitability for hire," "screening process," "interacts," and

15 "decision." Workday objects to this Request to the extent it seeks sensitive, confidential, or

16 proprietary information or documentation, including that of third parties. Workday objects to this

17 Request as unduly burdensome and oppressive to the extent it represents at least 13 different

18 requests combined into one for no other reason than to make responding to the Request difficult

19 for Workday. Workday further objects to this Request to the extent it seeks information or

20 documentation that is not relevant to the subject matter of the instant suit and is not reasonably

21 calculated to lead to the discovery of admissible evidence. Workday further objects to this

22 Request on the grounds that it seeks "[a]ll documents, communications and information" and is,

23 on its face, overbroad, unduly burdensome, and not proportional to the needs of the case.

24 Workday further objects to this Request to the extent that it seeks information or documentation

25 protected by the attorney-client privilege, work product doctrine, common interest doctrine, or

26 any other applicable privilege or immunity. Finally, Workday objects to this Request to the extent

27 that it seeks information or documentation that is in the possession, custody, or control of entities

28 other than Workday, including information or documentation that is equally available to Plaintiff

- 11 -

1    via third-party discovery.

2         Subject to and without waiving the foregoing objections, and construing "Algorithmic

3    Tool" to mean CSM, Workday responses as follows:

4         a.    CSM is an algorithm, not a model, and accordingly no "training" data exists.

5         b.    CSM is an algorithm, not a model, and accordingly no "training" data exists.

6         c.    Based on Workday's understanding of the Request, no such "summary statistics"

7    exist.

8         d.    Workday has produced documents sufficient to show the inputs CSM considers,

9    which includes skills derived from job and applicant information.

10        e.    Part (e) of Plaintiffs' Request is unintelligible as drafted.

11        f.    Workday has produced documents describing the algorithms including CSM,

12   Text2Skills, and Expansion.

13        g.    Construing "maps" to mean converts raw text or source fields into other fields,

14   CSM does not map input data and accordingly, no responsive documents exist.

15        h.    Workday's bias testing of CSM was conducted at the direction of counsel and is

16   protected by attorney-client privilege and the attorney work product doctrine.

17        i.    Workday has produced documents sufficient to show changes made to CSM

18   between its initial development and the final, released product.

19        j.    Workday does not assess—through CSM or otherwise—an applicant's suitability

20   for hire. Accordingly, no responsive documents exist.

21        k.    Workday does not use CSM on behalf of its customers. Rather, for customers who

22   choose to enable and use the feature, it compares a candidate's skills determined from

23   their application materials to the skills required for the job (as stated in the job requisition)

24   and generates a score to indicate how well those skills match. Workday does not review

25   the applications, job requisitions, skills, or scores. Nor does Workday know whether

26   customers review the scores and, if so, how they choose to consider the scores as part of

27   their hiring process. Accordingly, no responsive documents exist.

28        l.    Workday has produced documents describing how CSM works.

m.      CSM does not make—and is not capable of making—any decisions as part of the employment screening process or the hiring process. Accordingly, no responsive documents exist.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the terms "algorithmic tool," "validity," "data," "trained," "summary statistics," "considered," "adjustment," "modes," "results," "algorithmic or machine learning method," "paradigm," "maps," "bias," "updates," "tuning," "suitability for hire," "screening process," "interacts," and "decision." Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday objects to this Request as unduly burdensome and oppressive to the extent it represents at least 13 different requests combined into one for no other reason than to make responding to the Request difficult for Workday. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request on the grounds that it seeks "[a]ll documents, communications and information" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it seeks information or documentation that is in the possession, custody, or control of entities other than Workday, including information or documentation that is equally available to Plaintiff via third-party discovery.

Subject to and without waiving the foregoing objections, and construing "Algorithmic Tool" to mean CSM, Spotlight, and Fetch, Workday responds as follows:

DEFENDANT'S SECOND SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPs, SET ONE

a. CSM is an algorithm, not a model, and accordingly no training data exists. Spotlight and Fetch have both algorithmic and model components. With respect to Spotlight and Fetch, Workday has no data used to train the models in its possession, custody, or control.

b. CSM is an algorithm, not a model, and accordingly no "training" data exists. Spotlight and Fetch have both algorithmic and model components. With respect to Spotlight and Fetch, Workday has no data used to train the models in its possession, custody, or control.

c. Based on Workday's understanding of the Request, no such "summary statistics" exist.

d. Workday has produced documents sufficient to show the inputs CSM, Spotlight, and Fetch consider.

e. Part (e) of Plaintiffs' Request is unintelligible as drafted.

f. Workday has produced documents describing the algorithms including CSM, Text2Skills, and Expansion. Workday has also produced documents describing the algorithms and models comprising Spotlight and Fetch.

g. Workday has produced documents sufficient to show how CSM (using underlying skills extraction and skills standardization services) and Spotlight and Fetch (using underlying skills parsing and matching components) transform input fields into structured fields and embeddings.

h. Workday's bias testing of CSM was conducted at the direction of counsel and is protected by attorney-client privilege and the attorney work product doctrine. Workday has produced documents sufficient to show Workday's responsible AI program with respect to CSM, Spotlight, and Fetch, including documents that describe non-privileged analyses with respect to CSM, Spotlight and Fetch.

i. Workday has produced documents sufficient to show changes made to CSM, Spotlight, and Fetch between its initial development and the final, released product.

j. Workday does not assess—through CSM, Spotlight, Fetch, or otherwise—an applicant's suitability for hire. Accordingly, no responsive documents exist.

k. Workday does not use CSM, Spotlight, or Fetch on behalf of its customers. Rather, for customers who choose to enable and use the features, it compares a candidate's skills determined

- 14 -

1  from their application materials to the skills required for the job (as stated in the job requisition)

2  and generates a score to indicate how well those skills match; Spotlight compares a candidate's

3  application to the job requisition to generate a grade category indicating the degree of overlap

4  between the candidate's qualifications and the job requisition; and Fetch surfaces passive

5  candidates whose previous application materials overlap with the current requisition so that a

6  customer can decide whether to invite the passive candidate to apply. Workday does not review

7  customers' applications, job requisitions, skills, or scores. Nor does Workday know whether

8  customers review the scores and, if so, how they choose to consider the scores as part of their

9  hiring process. Accordingly, no responsive documents exist.

10      l. Workday has produced documents describing how CSM, Spotlight and Fetch work.

11      m. CSM, Spotlight, and Fetch do not make—and are not capable of making—any

12  decisions as part of the employment screening process or the hiring process. Accordingly, no

13  responsive documents exist.

14  **REQUEST FOR PRODUCTION No. 6:**

15      All documents containing a technical description and software code of the model training,

16  including:

17      a.    A technical specification for the model itself, including the intended goal of the

18      model, the sources of data that were considered when performing research related to the

19      building of the model

20      b.    A complete description of how the training data was sampled

21      c.    An explanation of, and the code used to perform, any bias measurements and

22      mitigation techniques used in training, tuning, or adjusting the model

23      d.    A plain English description of features or data sources that were technically

24      available for inclusion in the model at research time, and explanations for why they were

25      or weren't included in the final model.

26      e.    Metadata for the dataset [*sic*]

27      f.    A plain English description of each feature and label

28      g.    Any code used to calculate, extract, or encode the features and labels.

- 15 -

h.    Technical description of any feature engineering including how empty values (missing data) were handled

i.    Evaluation of the model

j.    Description and any code used to evaluate the model during the development phase, and the output of that evaluation

k.    Description and code for ongoing evaluation while the model was in production

l.    Description and code used for bias evaluation of the model including explanation of what subgroups (e.g. demographic attributes, population definitions) were measured during the bias evaluation

m.    Explanation of how subgroup membership was determined, and coverage of subgroup membership data (e.g., direct survey, human labelers, 1st or 3rd party inference, etc.)

n.    Definitions of which bias metrics were used

o.    Code used to mitigate bias in the model

p.    From January 1, 2018 to present, logs of all changes to the software code utilized by Workday customers to screen applicants

**RESPONSE TO REQUEST FOR PRODUCTION No. 6:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly to the extent the request is for a "technical description" and then identifies numerous categories of information that are not technical descriptions. Workday objects to the terms and phrases "technical description," "model training," "model," "building," "bias," "mitigation techniques," "adjusting," "inclusion," "research time," "feature," "label," "calculate," "extract," "encode," "feature engineering," and "evaluation," "subgroups," "evaluation," "coverage," "bias metrics," and "mitigate." Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday objects to this Request as unduly burdensome and oppressive to the extent it represents at least 16 different requests combined into one for no other reason than to make responding to the Request difficult for Workday. Workday

1   further objects to this Request to the extent it seeks information or documentation that is not

2   relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

3   discovery of admissible evidence. Workday further objects to this Request on the grounds that it

4   seeks "[a]ll documents" and is, on its face, overbroad, unduly burdensome, harassing, and not

5   proportional to the needs of the case. Workday further objects to this Request to the extent that it

6   seeks information or documentation protected by the attorney-client privilege, work product

7   doctrine, common interest doctrine or any other applicable privilege or immunity. Finally,

8   Workday objects to this Request to the extent that it seeks information or documentation that is in

9   the possession, custody, or control of entities other than Workday, including information or

10  documentation that is equally available to Plaintiff via third-party discovery.

11       Subject to and without waiving the foregoing objections, and construing the "model" to be

12  referring to the Skills Embedding Model, Workday responds as follows:

13       Subject to entry of a protective order, Workday will produce documents sufficient to show

14  a description of how the model works and was trained.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16       Workday incorporates each of its General Objections herein by reference. Workday

17  objects that this Request is vague and ambiguous, particularly to the extent the request is for a

18  "technical description" and then identifies numerous categories of information that are not

19  technical descriptions. Workday objects to the terms and phrases "technical description," "model

20  training," "model," "building," "bias," "mitigation techniques," "adjusting," "inclusion,"

21  "research time," "feature," "label," "calculate," "extract," "encode," "feature engineering," and

22  "evaluation," "subgroups," "evaluation," "coverage," "bias metrics," and "mitigate." Workday

23  objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

24  documentation, including that of third parties. Workday objects to this Request as unduly

25  burdensome and oppressive to the extent it represents at least 16 different requests combined into

26  one for no other reason than to make responding to the Request difficult for Workday. Workday

27  further objects to this Request to the extent it seeks information or documentation that is not

28  relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

1    discovery of admissible evidence. Workday further objects to this Request on the grounds that it

2    seeks "[a]ll documents" and is, on its face, overbroad, unduly burdensome, harassing, and not

3    proportional to the needs of the case. Workday further objects to this Request to the extent that it

4    seeks information or documentation protected by the attorney-client privilege, work product

5    doctrine, common interest doctrine or any other applicable privilege or immunity. Finally,

6    Workday objects to this Request to the extent that it seeks information or documentation that is in

7    the possession, custody, or control of entities other than Workday, including information or

8    documentation that is equally available to Plaintiff via third-party discovery.

9          Subject to and without waiving the foregoing objections, and construing the "model" to be

10   referring to the Skills Embedding Model, Workday responds as follows:

11          a.      Workday will produce documents sufficient to show the training and operation of

12                  the Skills Embedding Model.

13          b.      Workday will make available for inspection the source code used to sample

14                  training data of the Skills Embedding Model.

15          c.      Workday will make available for inspection the source code used to evaluate

16                  adequate skill family representation in the Skills Embedding Tool and will produce

17                  documents sufficient to show the evaluation of the Skills Embedding Model.

18          d.      Workday has produced training data, which is sufficient to show data sources

19                  available at the time the Skills Embedding Model was developed.

20          e.      To the extent the metadata fields reflected in the ESI Order exist, they were

21                  produced with the training data.

22          f.      Workday has produced training data, which is sufficient to show JSON field

23                  names (to the extent they exist) within the training data.

24          g.      Workday will make available for inspection the source code sufficient to show the

25                  training and operation of the Skills Embedding Model.

26          h.      No responsive documents exist, as feature engineering was not applicable to the

27                  training of the Skills Embedding Model.

28          i.      Workday has already produced documents sufficient to show Workday's

- 18 -

1    evaluation of the Skills Embedding Model, including WORKDAY_MOB_00003746-

2    00003749 and WORKDAY_MOB_00003753-00003772. Workday's productions are

3    ongoing and Workday will continue to produce responsive documents to the extent they

4    are identified after a reasonable and diligent search.

5    j.    Workday will make available for inspection source code sufficient to show the

6    evaluation of the Skills Embedding Model.

7    k.    Workday will make available for inspection source code sufficient to show the

8    evaluation of the Skills Embedding Model.

9    l.    Workday's bias testing was conducted at the direction of counsel for the purpose

10    of informing legal advice and is protected by the attorney-client privilege and attorney

11    work product doctrines.

12    m.    Construing this Request to be related to part (l), Workday's bias testing was

13    conducted at the direction of counsel for the purpose of informing legal advice and is

14    protected by the attorney-client privilege and attorney work product doctrines.

15    n.    Construing this Request to be related to part (l), Workday's bias testing was

16    conducted at the direction of counsel for the purpose of informing legal advice and is

17    protected by the attorney-client privilege and attorney work product doctrines.

18    o.    This Request is unintelligible as drafted. Construing "bias" to mean differing

19    results based on the protected characteristics at issue in this lawsuit, there is no

20    mechanism in the model to introduce such bias, or correct for it. It is only considering the

21    co-occurrence of skills. Accordingly, no responsive documents exist.

22    p.    Construing "software code" to mean CSM, CSM did not become available for use

23    in production until September 11, 2021. No changes have been made to the algorithm

24    since that time. Accordingly, no responsive documents exist.

25    **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26    Workday incorporates each of its General Objections herein by reference. Workday

27    objects that this Request is vague and ambiguous, particularly to the extent the request is for a

28    "technical description" and then identifies numerous categories of information that are not

- 19 -

1   technical descriptions. Workday objects to the terms and phrases "technical description," "model

2   training," "model," "building," "bias," "mitigation techniques," "adjusting," "inclusion,"

3   "research time," "feature," "label," "calculate," "extract," "encode," "feature engineering," and

4   "evaluation," "subgroups," "evaluation," "coverage," "bias metrics," and "mitigate." Workday

5   objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

6   documentation, including that of third parties. Workday objects to this Request as unduly

7   burdensome and oppressive to the extent it represents at least 16 different requests combined into

8   one for no other reason than to make responding to the Request difficult for Workday. Workday

9   further objects to this Request to the extent it seeks information or documentation that is not

10  relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

11  discovery of admissible evidence. Workday further objects to this Request on the grounds that it

12  seeks "[a]ll documents" and is, on its face, overbroad, unduly burdensome, harassing, and not

13  proportional to the needs of the case. Workday further objects to this Request to the extent that it

14  seeks information or documentation protected by the attorney-client privilege, work product

15  doctrine, common interest doctrine or any other applicable privilege or immunity. Finally,

16  Workday objects to this Request to the extent that it seeks information or documentation that is in

17  the possession, custody, or control of entities other than Workday, including information or

18  documentation that is equally available to Plaintiff via third-party discovery.

19          Subject to and without waiving the foregoing objections, and construing the "model" to be

20  referring to the Skills Embedding Model (with respect to CSM), the Hire Likelihood model (with

21  respect to Spotlight),  and the Apply Likelihood model (with respect to Fetch), for the avoidance

22  of doubt, Workday will also construe the "model" as referring to the parsing model and BERT-

23  based "Deep Experience" model that generate structured fields and embeddings used as inputs to

24  the Hire Likelihood and Apply Likelihood models with respect to both Spotlight and Fetch,

25  Workday responds as follows:

26          a. Workday will produce documents sufficient to show the training and operation of the

27  Skills Embedding Model and Spotlight and Fetch's model components.

28

b. Workday will make available for inspection the source code used to sample training data of the Skills Embedding Model and Spotlight and Fetch's model components.

c. Workday will make available for inspection the source code used to evaluate adequate skill family representation in the Skills Embedding Tool and Skills Embedding Model. Workday will also make available for inspection the source code used in Spotlight and Fetch's model components.

d. With respect to CSM, Workday has produced training data, which is sufficient to show data sources available at the time the Skills Embedding Model was developed. With respect to Spotlight and Fetch, Workday does not have training data in its possession, custody or control.

e. To the extent the metadata fields reflected in the ESI Order exist, they were produced with the CSM training data.

f. Workday has produced training data, which is sufficient to show JSON field names (to the extent they exist) within the training data with respect to CSM. With respect to Spotlight and Fetch, Workday does not have training data in its possession, custody, or control.

g. Workday will make available for inspection the source code sufficient to show the training and operation of the Skills Embedding Model as well as Spotlight and Fetch's model components.

h. Workday has produced documents sufficient to show how CSM (using underlying skills extraction and skills standardization services) and Spotlight and Fetch (using underlying skills parsing and matching components) transform input fields into structured fields and embeddings.

i. Workday has already produced documents sufficient to show Workday's evaluation of the Skills Embedding Model, including WORKDAY_MOB_00003746-00003749 and WORKDAY_MOB_00003753-00003772.With respect to Spotlight and Fetch, Workday does not have responsive documents in its possession, custody, or control. Workday's productions are ongoing and Workday will continue to produce responsive documents to the extent they are identified after a reasonable and diligent search.

j. Workday will make available for inspection source code sufficient to show the evaluation of the Skills Embedding Model and Spotlight and Fetch model components.

k. Workday will make available for inspection source code sufficient to show the evaluation of the Skills Embedding Model and Spotlight and Fetch model components.

l. Workday's bias testing was conducted at the direction of counsel for the purpose of informing legal advice and is protected by the attorney-client privilege and attorney work product doctrines. Workday has produced documents sufficient to show Workday's responsible AI program with respect to CSM, Spotlight, and Fetch, including documents that describe non-privileged analyses with respect to CSM, Spotlight and Fetch.

m. Construing this Request to be related to part (l), Workday's bias testing was conducted at the direction of counsel for the purpose of informing legal advice and is protected by the attorney-client privilege and attorney work product doctrines. Workday has produced documents sufficient to show Workday's responsible AI program with respect to CSM, Spotlight, and Fetch, including documents that describe non-privileged analyses with respect to CSM, Spotlight and Fetch.

n. Construing this Request to be related to part (l), Workday's bias testing was conducted at the direction of counsel for the purpose of informing legal advice and is protected by the attorney-client privilege and attorney work product doctrines. Workday has produced documents sufficient to show Workday's responsible AI program with respect to CSM, Spotlight, and Fetch, including documents that describe non-privileged analyses with respect to CSM, Spotlight and Fetch.

o. This Request is unintelligible as drafted. Construing "bias" to mean differing results based on the protected characteristics at issue in this lawsuit, there is no mechanism in CSM, Spotlight or Fetch to introduce such bias, or correct for it. Accordingly, no responsive documents exist.

p. Workday will construe "software code utilized by Workday customers to screen applicants" to mean software code underlying CSM, Spotlight, and Fetch, notwithstanding that

1    none of these features screen applicants on their own. Workday has produced documents

2    sufficient to show changes to CSM, Spotlight, and Fetch over time.

3    **REQUEST FOR PRODUCTION NO. 9:**

4          Workday's internal data regarding the impact of AI or ML deployed on applicants of

5    color, and if available, on age, and/or applicants with disabilities.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7          Workday incorporates each of its General Objections herein by reference. Workday

8    objects that this Request is vague and ambiguous, particularly with respect to its use of the

9    undefined terms "internal data," "impact," "AI," "ML," and "deployed on." Workday objects to

10   this Request as vague as to time. Workday objects to this Request to the extent it seeks sensitive,

11   confidential, or proprietary information or documentation. Workday further objects to this

12   Request to the extent it seeks information or documentation that is not relevant to the subject

13   matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible

14   evidence. Workday further objects to this Request as overbroad, unduly burdensome, and not

15   proportional to the needs of the case. Workday further objects to this Request to the extent that it

16   seeks information or documentation protected by the attorney-client privilege, work product

17   doctrine, common interest doctrine, or any other applicable privilege or immunity.

18         Subject to and without waiving the foregoing objections, Workday responds as follows:

19         After a reasonably diligent search, Workday has no non-privileged responsive documents

20   in its possession, custody, or control.

21   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

22         Workday incorporates each of its General Objections herein by reference. Workday

23   objects that this Request is vague and ambiguous, particularly with respect to its use of the

24   undefined terms "internal data," "impact," "AI," "ML," and "deployed on." Workday objects to

25   this Request as vague as to time. Workday objects to this Request to the extent it seeks sensitive,

26   confidential, or proprietary information or documentation. Workday further objects to this

27   Request to the extent it seeks information or documentation that is not relevant to the subject

28   matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible

- 23 -

1   evidence. Workday further objects to this Request as overbroad, unduly burdensome, and not

2   proportional to the needs of the case. Workday further objects to this Request to the extent that it

3   seeks information or documentation protected by the attorney-client privilege, work product

4   doctrine, common interest doctrine, or any other applicable privilege or immunity.

5        Subject to and without waiving the foregoing objections, Workday responds as follows:

6        After a reasonably diligent search, Workday has no non-privileged responsive documents

7   in its possession, custody, or control. Workday has produced documents sufficient to show

8   Workday's responsible AI program with respect to CSM, Spotlight, including documents that

9   describe non-privileged analyses with respect to CSM, Spotlight and Fetch.

10  **REQUEST FOR PRODUCTION No. 10**:

11       Produce any documents, including but not limited to electronic mail, created during the

12  development of the AI and ML utilized in recruiting, screening, and/or recommending applicants

13  for employment including but not limited to the software code development process.

14  **RESPONSE TO REQUEST FOR PRODUCTION No. 10:**

15       Workday incorporates each of its General Objections herein by reference. Workday

16  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

17  "AI," "ML," "utilized," "recruiting," "screening," "recommending," and "software code

18  development process." Workday objects to this Request to the extent it seeks sensitive,

19  confidential, or proprietary information or documentation, including that of third parties.

20  Workday further objects to this Request to the extent it seeks information or documentation that is

21  not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

22  discovery of admissible evidence. Workday further objects to this Request on the grounds that it

23  seeks "any documents…created during the development of AI and ML" and is, on its face,

24  overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further

25  objects to this Request to the extent that it seeks information or documentation protected by the

26  attorney-client privilege, work product doctrine, common interest doctrine, or any other

27  applicable privilege or immunity.

28       Subject to and without waiving the foregoing objections, Workday responds as follows:

- 24 -

1      Workday is willing to meet and confer concerning a reasonable scope of this Request.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3      Workday incorporates each of its General Objections herein by reference. Workday

4  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

5  "AI," "ML," "utilized," "recruiting," "screening," "recommending," and "software code

6  development process." Workday objects to this Request to the extent it seeks sensitive,

7  confidential, or proprietary information or documentation, including that of third parties.

8  Workday further objects to this Request to the extent it seeks information or documentation that is

9  not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

10 discovery of admissible evidence. Workday further objects to this Request on the grounds that it

11 seeks "any documents…created during the development of AI and ML" and is, on its face,

12 overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further

13 objects to this Request to the extent that it seeks information or documentation protected by the

14 attorney-client privilege, work product doctrine, common interest doctrine, or any other

15 applicable privilege or immunity.

16      Subject to and without waiving the foregoing objections, Workday responds as follows:

17 Workday will produce documents created during the development of CSM sufficient to show how

18 CSM works, how it is intended to be used, and any changes made to CSM over time, to the extent

19 those documents exist and can be located following a diligent and reasonable search.

20 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

21      Workday incorporates each of its General Objections herein by reference. Workday

22 objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

23 "AI," "ML," "utilized," "recruiting," "screening," "recommending," and "software code

24 development process." Workday objects to this Request to the extent it seeks sensitive,

25 confidential, or proprietary information or documentation, including that of third parties.

26 Workday further objects to this Request to the extent it seeks information or documentation that is

27 not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the

28 discovery of admissible evidence. Workday further objects to this Request on the grounds that it

- 25 -

1  seeks "any documents…created during the development of AI and ML" and is, on its face,

2  overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further

3  objects to this Request to the extent that it seeks information or documentation protected by the

4  attorney-client privilege, work product doctrine, common interest doctrine, or any other

5  applicable privilege or immunity.

6      Subject to and without waiving the foregoing objections, Workday responds as follows:

7  Workday will produce documents created during the development of CSM, Spotlight, and Fetch

8  sufficient to show how CSM, Spotlight, and Fetch work, how they are intended to be used, and

9  any changes made to CSM, Spotlight, and Fetch over time, to the extent those documents exist

10  and can be located following a diligent and reasonable search.

11  **REQUEST FOR PRODUCTION NO. 11:**

12      Produce a list of all inputs into any software code designed for the recruitment, evaluation,

13  analysis and/or recommendation of applicants to Workday customers.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15      Workday incorporates each of its General Objections herein by reference. Workday

16  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

17  "inputs" "recruitment," "evaluation," "analysis," and "recommendation." Workday objects to this

18  Request to the extent it seeks sensitive, confidential, or proprietary information or documentation,

19  including that of third parties. Workday further objects to this Request to the extent it seeks

20  information or documentation that is not relevant to the subject matter of the instant suit and is

21  not reasonably calculated to lead to the discovery of admissible evidence. Workday further

22  objects to this Request to the extent that it seeks information or documentation protected by the

23  attorney-client privilege, work product doctrine, common interest doctrine, or any other

24  applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it

25  seeks information or documentation that is in the possession, custody, or control of entities other

26  than Workday, including information or documentation that is equally available to Plaintiff via

27  third-party discovery.

28

1    Subject to and without waiving the foregoing objections, and construing "software code

2  designed for the recruitment, evaluation, analysis and/or recommendation of applicants" to mean

3  CSM, Workday responds as follows:

4    Subject to entry of a protective order, and without agreeing that this Request accurately

5  describes CSM, Workday will produce documents sufficient to show the inputs considered by

6  CSM.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8    Workday incorporates each of its General Objections herein by reference. Workday

9  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

10  "inputs" "recruitment," "evaluation," "analysis," and "recommendation." Workday objects to this

11  Request to the extent it seeks sensitive, confidential, or proprietary information or documentation,

12  including that of third parties. Workday further objects to this Request to the extent it seeks

13  information or documentation that is not relevant to the subject matter of the instant suit and is

14  not reasonably calculated to lead to the discovery of admissible evidence. Workday further

15  objects to this Request to the extent that it seeks information or documentation protected by the

16  attorney-client privilege, work product doctrine, common interest doctrine, or any other

17  applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it

18  seeks information or documentation that is in the possession, custody, or control of entities other

19  than Workday, including information or documentation that is equally available to Plaintiff via

20  third-party discovery.

21    Subject to and without waiving the foregoing objections, and construing "software code

22  designed for the recruitment, evaluation, analysis and/or recommendation of applicants" to mean

23  CSM, Spotlight and Fetch, Workday responds as follows:

24    Without agreeing that this Request accurately describes CSM, Spotlight, or Fetch,

25  Workday will produce documents sufficient to show the inputs considered by CSM, Spotlight,

26  and Fetch.

27  **REQUEST FOR PRODUCTION NO. 12:**

28    Produce a list of all inputs removed from the software code and the reason for removals.

- 27 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2       Workday incorporates each of its General Objections herein by reference. Workday

3  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

4  "inputs," "software code," and "removals." Workday objects to this Request to the extent it seeks

5  sensitive, confidential, or proprietary information or documentation, including that of third

6  parties. Workday further objects to this Request to the extent it seeks information or

7  documentation that is not relevant to the subject matter of the instant suit and is not reasonably

8  calculated to lead to the discovery of admissible evidence. Workday further objects to this

9  Request to the extent that it seeks information or documentation protected by the attorney-client

10  privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

11  immunity.

12       Subject to and without waiving the foregoing objections, and construing "software code"

13  to mean CSM, Spotlight, and Fetch, Workday responds as follows:

14       After a reasonably diligent search, Workday has no non-privileged, responsive documents

15  in its possession, custody, or control.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17       Workday incorporates each of its General Objections herein by reference. Workday

18  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

19  "inputs," "software code," and "removals." Workday objects to this Request to the extent it seeks

20  sensitive, confidential, or proprietary information or documentation, including that of third

21  parties. Workday further objects to this Request to the extent it seeks information or

22  documentation that is not relevant to the subject matter of the instant suit and is not reasonably

23  calculated to lead to the discovery of admissible evidence. Workday further objects to this

24  Request to the extent that it seeks information or documentation protected by the attorney-client

25  privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

26  immunity.

27       Subject to and without waiving the foregoing objections, and construing "software code"

28  to mean CSM, Spotlight, and Fetch, Workday responds as follows:

1   After a reasonably diligent search, Workday has no non-privileged, responsive documents

2   in its possession, custody, or control.

3   **REQUEST FOR PRODUCTION NO. 13:**

4   Produce log of all software changes to AI/ML designed for the recruitment, evaluation,

5   analysis and/or recommendation of applicants.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7   Workday incorporates each of its General Objections herein by reference. Workday

8   objects that this Request is vague and ambiguous, particularly with respect to its use of the

9   undefined terms "log," "software changes" "AI/ML," "recruitment," "evaluation," "analysis," and

10  "recommendation." Workday objects to this Request to the extent it seeks sensitive, confidential,

11  or proprietary information or documentation. Workday further objects to this Request to the

12  extent it seeks information or documentation that is not relevant to the subject matter of the

13  instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

14  Workday further objects to this Request on the grounds that it is overbroad, unduly burdensome,

15  and not proportional to the needs of the case. Workday further objects to this Request to the

16  extent that it seeks information or documentation protected by the attorney-client privilege, work

17  product doctrine, common interest doctrine, or any other applicable privilege or immunity.

18  Subject to and without waiving the foregoing objections, Workday responds as follows:

19  Despite the fact that Workday disagrees with the characterization of its products, Workday

20  will produce non-privileged documents sufficient to show changes made to CSM, subject to entry

21  of a protective order.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

23  Workday incorporates each of its General Objections herein by reference. Workday

24  objects that this Request is vague and ambiguous, particularly with respect to its use of the

25  undefined terms "log," "software changes" "AI/ML," "recruitment," "evaluation," "analysis," and

26  "recommendation." Workday objects to this Request to the extent it seeks sensitive, confidential,

27  or proprietary information or documentation. Workday further objects to this Request to the

28  extent it seeks information or documentation that is not relevant to the subject matter of the

- 29 -

1    instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

2    Workday further objects to this Request on the grounds that it is overbroad, unduly burdensome,

3    and not proportional to the needs of the case. Workday further objects to this Request to the

4    extent that it seeks information or documentation protected by the attorney-client privilege, work

5    product doctrine, common interest doctrine, or any other applicable privilege or immunity.

6         Subject to and without waiving the foregoing objections, Workday responds as follows:

7         Despite the fact that Workday disagrees with the characterization of its products, Workday

8    has produced non-privileged documents sufficient to show changes made to CSM, Spotlight and

9    Fetch.

10   **REQUEST FOR PRODUCTION NO. 14:**

11        Produce any audit documents performed by an independent auditor for bias regarding

12   Workday's AI and/or ML.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14        Workday incorporates each of its General Objections herein by reference. Workday

15   objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

16   "audit," "independent auditor," "bias," and "AI and/or ML." Workday objects to this Request to

17   the extent it seeks sensitive, confidential, or proprietary information or documentation, including

18   that of third parties. Workday further objects to this Request to the extent it seeks information or

19   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

20   calculated to lead to the discovery of admissible evidence. Workday further objects to this

21   Request on the grounds that it seeks "any audit documents" and is, on its face, overbroad, unduly

22   burdensome, and not proportional to the needs of the case. Workday further objects to this

23   Request to the extent that it seeks information or documentation protected by the attorney-client

24   privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

25   immunity. Finally, Workday objects to this Request to the extent that it seeks information or

26   documentation that is in the possession, custody, or control of entities other than Workday,

27   including information or documentation that is equally available to Plaintiff via third-party

28   discovery.

1    Subject to and without waiving the foregoing objections, and construing "Workday's

2    AI/ML" to mean CSM, Workday responds as follows:

3    After a reasonably diligent search, Workday has no non-privileged, responsive documents

4    in its possession, custody, or control.

5    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6    Workday incorporates each of its General Objections herein by reference. Workday

7    objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

8    "audit," "independent auditor," "bias," and "AI and/or ML." Workday objects to this Request to

9    the extent it seeks sensitive, confidential, or proprietary information or documentation, including

10   that of third parties. Workday further objects to this Request to the extent it seeks information or

11   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

12   calculated to lead to the discovery of admissible evidence. Workday further objects to this

13   Request on the grounds that it seeks "any audit documents" and is, on its face, overbroad, unduly

14   burdensome, and not proportional to the needs of the case. Workday further objects to this

15   Request to the extent that it seeks information or documentation protected by the attorney-client

16   privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

17   immunity. Finally, Workday objects to this Request to the extent that it seeks information or

18   documentation that is in the possession, custody, or control of entities other than Workday,

19   including information or documentation that is equally available to Plaintiff via third-party

20   discovery.

21   Subject to and without waiving the foregoing objections, and construing "Workday's

22   AI/ML" to mean CSM, Spotlight, and Fetch Workday responds as follows:

23   After a reasonably diligent search, Workday has no non-privileged, responsive documents

24   in its possession, custody, or control with respect to CSM and Fetch. With respect to Spotlight, in

25   light of New York City Local Law 144 of 2021 (hereinafter "NY Local Law 144"), Workday

26   engaged an external consultant to conduct testing of Spotlight using the impact ratios approach

27   described in NY Local Law 144. That testing is available at this link

28   https://www.workday.com/en-us/legal/responsible-ai-and-bias-mitigation.html.

1    **REQUEST FOR PRODUCTION NO. 15:**

2         Produce any audit documents performed internally for bias regarding Workday's AI

3    and/or ML.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

5         Workday incorporates each of its General Objections herein by reference. Workday

6    objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

7    "audit," "performed," "bias," and "AI and/or ML." Workday objects to this Request to the extent

8    it seeks sensitive, confidential, or proprietary information or documentation, including that of

9    third parties. Workday further objects to this Request to the extent it seeks information or

10   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

11   calculated to lead to the discovery of admissible evidence. Workday further objects to this

12   Request on the grounds that it seeks "any audit documents" and is, on its face, overbroad, unduly

13   burdensome, and not proportional to the needs of the case. Workday further objects to this

14   Request to the extent that it seeks information or documentation protected by the attorney-client

15   privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

16   immunity.

17        Subject to and without waiving the foregoing objections, and construing "Workday's AI

18   and/or ML" to mean CSM, Workday responds as follows:

19        After a reasonably diligent search, Workday has no non-privileged, responsive documents

20   in its possession, custody, or control.

21   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

22        Workday incorporates each of its General Objections herein by reference. Workday

23   objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

24   "audit," "performed," "bias," and "AI and/or ML." Workday objects to this Request to the extent

25   it seeks sensitive, confidential, or proprietary information or documentation, including that of

26   third parties. Workday further objects to this Request to the extent it seeks information or

27   documentation that is not relevant to the subject matter of the instant suit and is not reasonably

28   calculated to lead to the discovery of admissible evidence. Workday further objects to this

1  Request on the grounds that it seeks "any audit documents" and is, on its face, overbroad, unduly

2  burdensome, and not proportional to the needs of the case. Workday further objects to this

3  Request to the extent that it seeks information or documentation protected by the attorney-client

4  privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

5  immunity.

6        Subject to and without waiving the foregoing objections, and construing "Workday's AI

7  and/or ML" to mean CSM, Spotlight, and Fetch, Workday responds as follows:

8        After a reasonably diligent search, Workday has produced documents that describe non-

9  privileged analyses with respect to CSM, Spotlight and Fetch.

10 **REQUEST FOR PRODUCTION NO. 16:**

11       All documents reflecting compliance or compatibility with civil rights laws from the date

12 of the initiation of the creation of Workday's AI/ML that is offered to customers to assist in the

13 hiring of applicants [*sic*]

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

15       Workday incorporates each of its General Objections herein by reference. Workday

16 objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

17 "compliance," "compatibility," "initiation of the creation," "AI/ML," and "assist." Workday

18 objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

19 documentation, including that of third parties. Workday further objects to this Request to the

20 extent it seeks information or documentation that is not relevant to the subject matter of the

21 instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

22 Workday further objects to this Request on the grounds that it seeks "all documents" and is, on its

23 face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday

24 further objects to this Request to the extent that it seeks information or documentation protected

25 by the attorney-client privilege, work product doctrine, common interest doctrine, or any other

26 applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it

27 seeks information or documentation that is in the possession, custody, or control of entities other

28

1   than Workday, including information or documentation that is equally available to Plaintiff via

2   third-party discovery.

3         Subject to and without waiving the foregoing objections, Workday responds as follows:

4         After a reasonably diligent search, Workday has no non-privileged, responsive documents

5   in its possession, custody, or control.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

7         Workday incorporates each of its General Objections herein by reference. Workday

8   objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

9   "compliance," "compatibility," "initiation of the creation," "AI/ML," and "assist." Workday

10   objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

11   documentation, including that of third parties. Workday further objects to this Request to the

12   extent it seeks information or documentation that is not relevant to the subject matter of the

13   instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

14   Workday further objects to this Request on the grounds that it seeks "all documents" and is, on its

15   face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday

16   further objects to this Request to the extent that it seeks information or documentation protected

17   by the attorney-client privilege, work product doctrine, common interest doctrine, or any other

18   applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it

19   seeks information or documentation that is in the possession, custody, or control of entities other

20   than Workday, including information or documentation that is equally available to Plaintiff via

21   third-party discovery. Workday objects to this Request on the grounds that it calls for a legal

22   conclusion to the extent that it assumes the civil rights laws apply to Workday as a software

23   vendor. Workday objects that this Request is unduly burdensome insofar as it would seem to

24   require that the entire case be tried in writing.  That is not the purpose of discovery; rather,

25   discovery is intended to eliminate surprise and promote resolution short of trial. If Plaintiff seeks

26   information regarding some specific act, then Plaintiff should seek such information specifically,

27   rather than "all documents reflecting compliance. . . from the date of the initiation of the creation

28   of Workday's AI/ML".

1    Subject to and without waiving the foregoing objections, and construing "Workday's

2    AI/ML" to mean CSM, Spotlight, and Fetch, Workday responds as follows:

3    After a reasonably diligent search, and notwithstanding that Workday would not consider

4    such documents as "reflecting compliance or compatibility with civil rights laws," Workday has

5    produced documents sufficient to show its responsible AI program.

6    **REQUEST FOR PRODUCTION NO. 19:**

7    All application for patents regarding software code for screening, categorization, ranking

8    and/or recommendation for applicants for employment.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10    Workday incorporates each of its General Objections herein by reference. Workday

11    objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or

12    documentation, including that of third parties. Workday further objects to this Request to the

13    extent it seeks information or documentation that is not relevant to the subject matter of the

14    instant suit and is not reasonably calculated to lead to the discovery of admissible evidence.

15    Workday further objects to this Request on the grounds that it seeks "[a]ll application[s] for

16    patents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of

17    the case. Workday further objects to this Request to the extent that it seeks information or

18    documentation protected by the attorney-client privilege, work product doctrine, common interest

19    doctrine, or any other applicable privilege or immunity. Finally, Workday objects to this Request

20    to the extent that it seeks information or documentation that is in the possession, custody, or

21    control of entities other than Workday, including information or documentation that is equally

22    available to Plaintiff via third-party discovery.

23    Subject to and without waiving the foregoing objections, and construing "software code

24    for screening, categorization, ranking and/or recommendation for applicants" to mean CSM,

25    Workday responds as follows:

26    After a reasonably diligent search, and without agreeing that this Request accurately

27    describes CSM, Workday has no non-privileged, responsive documents in its possession, custody,

28

or control, as Workday did not apply to any patents specifically for CSM. To the extent

Workday's existing patents might apply to and protect CSM, those patents are publicly available.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Workday incorporates each of its General Objections herein by reference. Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request on the grounds that it seeks "[a]ll application[s] for patents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity. Finally, Workday objects to this Request to the extent that it seeks information or documentation that is in the possession, custody, or control of entities other than Workday, including information or documentation that is equally available to Plaintiff via third-party discovery.

Subject to and without waiving the foregoing objections, and construing "software code for screening, categorization, ranking and/or recommendation for applicants" to mean CSM, Spotlight, and Fetch, Workday responds as follows:

After a reasonably diligent search, and without agreeing that this Request accurately describes CSM, Spotlight, or Fetch Workday has no non-privileged, responsive documents in its possession, custody, or control, as Workday did not apply to any patents specifically for CSM, Spotlight, or Fetch. To the extent Workday's existing patents might apply to and protect CSM, Spotlight, or Fetch, those patents are publicly available.

**REQUEST FOR PRODUCTION NO. 20:**

All document [*sic*] reflecting the inputs, the relative importance placed on those inputs, and, if applicable, other parameters for the models in order to [*sic*] improve the accuracy of the

1  prediction or classification of Workday AI in the evaluation of employment applicants for

2  Workday customers.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4      Workday incorporates each of its General Objections herein by reference. Workday

5  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

6  "inputs," "relative importance," "parameters," "models," "Workday AI," and "evaluation."

7  Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary

8  information or documentation, including that of third parties. Workday further objects to this

9  Request to the extent it seeks information or documentation that is not relevant to the subject

10  matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible

11  evidence. Workday further objects to this Request on the grounds that it seeks "[a]ll document[s]"

12  and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case.

13  Workday further objects to this Request to the extent that it seeks information or documentation

14  protected by the attorney-client privilege, work product doctrine, common interest doctrine, or

15  any other applicable privilege or immunity.

16      Subject to and without waiving the foregoing objections, and construing "Workday AI" to

17  mean CSM, Workday responds as follows:

18      Subject to entry of a protective order, Workday will produce documents sufficient to show

19  the inputs and the way in which those inputs are considered with respect to CSM. For the

20  avoidance of doubt, Workday does not concede this Request accurately describes CSM, including

21  because CSM does not evaluate employment applicants for customer, but instead compares the

22  skills extracted from employers' job postings and the skills extracted from resumes or

23  applications that applicant submit to any particular job posting, and generates a score for

24  applicants based on the extent to which the skills match.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

26      Workday incorporates each of its General Objections herein by reference. Workday

27  objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

28  "inputs," "relative importance," "parameters," "models," "Workday AI," and "evaluation."

1  Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary

2  information or documentation, including that of third parties. Workday further objects to this

3  Request to the extent it seeks information or documentation that is not relevant to the subject

4  matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible

5  evidence. Workday further objects to this Request on the grounds that it seeks "[a]ll document[s]"

6  and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case.

7  Workday further objects to this Request to the extent that it seeks information or documentation

8  protected by the attorney-client privilege, work product doctrine, common interest doctrine, or

9  any other applicable privilege or immunity.

10      Subject to and without waiving the foregoing objections, and construing "Workday AI" to

11  mean CSM, Spotlight, and Fetch, Workday responds as follows:

12      Workday has produced documents sufficient to show the inputs and the way in which

13  those inputs are considered with respect to CSM, Spotlight, and Fetch. For the avoidance of

14  doubt, Workday does not concede this Request accurately describes CSM, Spotlight, or Fetch.

15  Instead, CSM compares the skills extracted from employers' job postings and the skills extracted

16  from resumes or applications. CSM generates a score for applicants based on the extent to which

17  the skills match. Spotlight compares a candidate's application materials to the job requisition to

18  identify the degree of overlap between a candidate's qualifications and the job requisition's

19  requirements. Spotlight generates a score for applicants based on the degree of overlap. The Fetch

20  Feature generates a list of 8 leads for a given job requisition, and the Dynamic Fetch Feature

21  generates a list of individuals who match the requirements, as defined by the employer, for a job

22  requisition.

23  **REQUEST FOR PRODUCTION No. 23:**

24      All Documents, Communications, and Information concerning each algorithmic tool(s)

25  that Workday provides to customers and/or uses on their behalf uses to sort, screen, label, route,

26  track, estimate, or categorize applicants in any manner that affects or influences how employment

27  applications for Workday customers, including the speed with which any Workday algorithmic

28  tools processes [*sic*]

- 38 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the terms and phrases "algorithmic tool(s)" and "affects or influences how employment applications for Workday customers." Workday objects that this Request is nonsensical. Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it seeks information or documentation protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Workday responds as follows:

Workday is willing to meet and confer with Plaintiff to better understand what documents he intends to seek with this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Workday incorporates each of its General Objections herein by reference. Workday objects that this Request is vague and ambiguous, particularly with respect to its use of the terms and phrases "algorithmic tool(s)" and "affects or influences how employment applications for Workday customers." Workday objects that this Request is nonsensical. Workday objects to this Request to the extent it seeks sensitive, confidential, or proprietary information or documentation, including that of third parties. Workday further objects to this Request to the extent it seeks information or documentation that is not relevant to the subject matter of the instant suit and is not reasonably calculated to lead to the discovery of admissible evidence. Workday further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Workday further objects to this Request to the extent that it

1    seeks information or documentation protected by the attorney-client privilege, work product

2    doctrine, common interest doctrine, or any other applicable privilege or immunity.

3        Subject to and without waiving the foregoing objections, Workday responds as follows:

4        Workday does not use any algorithmic tools on behalf of its customers, nor do any of

5    Workday's algorithmic tools affect employment applications. CSM compares skills across

6    applications and job requisitions and issues a match score. That score does not itself cause job

7    applications to be processed any differently than a job application without a score. Whether and

8    how customers use those scores is a customer and/or job-specific question that Workday cannot

9    answer. Accordingly, Workday has no responsive documents in its possession, custody, or

10   control.

11   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

12       Workday incorporates each of its General Objections herein by reference. Workday

13   objects that this Request is vague and ambiguous, particularly with respect to its use of the terms

14   and phrases "algorithmic tool(s)" and "affects or influences how employment applications for

15   Workday customers." Workday objects that this Request is nonsensical. Workday objects to this

16   Request to the extent it seeks sensitive, confidential, or proprietary information or documentation,

17   including that of third parties. Workday further objects to this Request to the extent it seeks

18   information or documentation that is not relevant to the subject matter of the instant suit and is

19   not reasonably calculated to lead to the discovery of admissible evidence. Workday further

20   objects to this Request on the grounds that it is overbroad, unduly burdensome, and not

21   proportional to the needs of the case. Workday further objects to this Request to the extent that it

22   seeks information or documentation protected by the attorney-client privilege, work product

23   doctrine, common interest doctrine, or any other applicable privilege or immunity.

24       Subject to and without waiving the foregoing objections, and without conceding that this

25   Request accurately describes CSM, Spotlight, or Fetch, Workday responds as follows:

26       Workday does not use any algorithmic tools on behalf of its customers, nor do any of

27   Workday's algorithmic tools affect employment applications. CSM, Spotlight, and Fetch do not

28   themselves cause job applications to be processed any differently than a job application without a

- 40 -

1    score. Whether and how customers use those scores is a customer and/or job-specific question

2    that Workday cannot answer. Nevertheless, Workday has produced relevant, non-privileged

3    documents sufficient to show the development, testing, functionality, and use of CSM, Spotlight,

4    and Fetch. Workday has also produced relevant, non-privileged documents sufficient to show the

5    Skills Embedding Model with respect to CSM and customer feedback and relationships with

6    respect to CSM, Spotlight, and Fetch.

7    Dated: December 19, 2025                              ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9                                                          By: _____

10                                                                JULIE A. TOTTEN
                                                                Attorneys for Defendant
11                                                               WORKDAY, INC.

DEFENDANT'S SECOND SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S RFPs, SET ONE