# PLAINTIFFS' EXHIBIT 2

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**RESPONSES AND OBJECTIONS TO FIRST DOCUMENT PRODUCTION REQUEST BY OPT-INS FOR WORKDAY EMPLOYMENT** |

PROPOUNDING PARTY:    Opt-In Plaintiffs

RESPONDING PARTY:    Defendant WORKDAY, INC.

SET NUMBER:    ONE (1)

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Workday, Inc. responds to Opt-In Plaintiffs' First Set of Requests for Production dated December 2, 2025.

## **GENERAL OBJECTIONS**

These General Objections are incorporated by reference into each Response below as though fully set forth therein. No response to any individual Request for Production shall be deemed a waiver of any of Workday's objections.

1.      Workday responds to Plaintiffs' Requests based on the information and documents currently available to it, given that discovery in this case is ongoing. Nothing contained in these responses shall in any way limit Workday's ability to make all uses at trial or otherwise of the information or documents referenced herein or of any information, documents, or other evidence that may be discovered in the future. Workday reserves the right to amend its objections and responses upon completion of its factual investigation and search for responsive documents.

2.      Workday objects to Plaintiffs' Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest doctrine, and/or any other applicable privilege or protection. If supplying any of the requested information and/or documents would result in waiving any applicable privilege or objection based on any such privilege, Workday objects to providing the information and/or documents and will not do so. If Workday inadvertently produces any documents falling within any applicable privilege or protection, Workday does not intend to waive the applicable privilege or protection.

3.      Workday objects to Plaintiffs' Requests to the extent they are vague, ambiguous, confusing, overbroad in scope, unduly burdensome, oppressive, or seek information that is not relevant to the subject matter of this litigation or not proportional to the needs of the case.

4.      Workday objects to Plaintiffs' Requests to the extent that they seek documents and/or information that is protected from disclosure by the privacy rights of third-party non-litigants, or seek disclosure of information subject to confidentiality agreements or protective orders outside this litigation.

5.      Workday objects to Plaintiffs' Requests to the extent that they purport to require

Workday to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure and any applicable rule or statute.

6.      Workday objects to Plaintiffs' Requests to the extent they call for confidential and/or proprietary information.

7.      Workday objects to Plaintiffs' Requests to the extent they seek information beyond the applicable statute of limitations.

8.      Workday objects to Plaintiffs' Requests as compound, unduly burdensome, oppressive, and harassing because they fail to state the documents requests with specificity and specifically to the extent Plaintiffs duplicate requests, fail to differentiate requests from one another, or include multiple unrelated subparts for each request such that Workday must expend significant effort to untangle what it suspects Plaintiffs seek. Workday responds to Plaintiffs' Requests only as specifically identified and based on its understanding of otherwise unintelligible requests.

9.      Workday objects to Plaintiffs' definition of "Identify" as inappropriate and outside the scope of Requests for Production of Documents under Federal Rules of Civil Procedure 34. Workday only responds consistent with its obligations under the Federal Rules.

10.      Workday objects to Plaintiffs' definition of "Personnel Information" as overbroad and unduly burdensome. Workday's responses to Plaintiffs' requests including the term "Personnel Information" are limited to information about applicants who applied for roles at Workday and whose job applications were processed through Candidate Skills Match or Spotlight.

11.      Workday objects to Plaintiffs' definition of the term "feature" as overbroad, vague, and ambiguous. Workday's responses to Plaintiffs' Requests including the term "feature" address only the Workday products at issue.

12.      Workday objects to Plaintiffs' definition of "Workday" or "Defendant" as overbroad. Workday's responses herein are made only on behalf of itself.

13.      Workday objects to Plaintiffs' definition of the term "candidate" or "candidacy" as overbroad and unduly burdensome. Workday's responses to Plaintiffs' Requests including the term "candidate" or "candidacy" address only applicants for employment that are processed through Workday's products.

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

1    **RESPONSES TO REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 1:**

3         Produce and identify the application, recruitment, and hiring-related documents, data and/or

4    information of each person who applied to Workday to be hired or employed as a Workday

5    employee between September 24, 2020 and the present, or whose application to be hired or

6    employed as a Workday employee was active at any point between September 24, 2020 and the

7    present, including but not limited to any and all documents, data and/or individual and aggregate

8    information that identifies, states, shows and/or that otherwise discloses, infers or relates to the

9    following information for each such person:

10         (a)    their name, race, gender, birthdate, mail address, email address, phone number and

11    other contact information;

12         (b)    the jobs, positions and other job opportunities for which they applied or were

13    considered, including the dates they applied or were considered;

14         (c)    the scores, ranks or other metric or criterion applied or used in screening or

15    disposing of their application or candidacy for each such job or position;

16         (d)    the specific screening or selection procedure or criteria used or relied upon to

17    produce or apply such scores, ranks or other metric or criterion;

18         (e)    the persons's [*sic*] education, job history, prior experience and/or qualifications at the

19    time they applied or were considered; and

20         (f)    the disposition, outcome or result of their application or candidacy, including the

21    jobs or positions that they were hired or selected to fill, if any, and the dates they held such each

22    such job[s]or position[s];

23         (g)    the reason[s] that any such applicant or candidate was not selected or hired for any

24    Workday jobs or positions for which they applied or were considered for but not selected; and

25         (h)    any and all aggregate tabulation and/or analysis of the foregoing information, data,

26    records or other documentation in whole or in part, including, but not limited to, any and all "bias

27    audits," "statistical testing" and/or other tabulation and/or analysis of the disparate impact or effect of

28    such matters in whole or in part.

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-cv-00770-RFL]

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2          Workday incorporates by reference each of its General Objections as if fully stated herein.

3    Workday objects to this Request on the grounds that it is vague and ambiguous, including to the

4    extent it requests that Workday produce documents that "infer" information. Workday further

5    objects to this Request on the grounds that it is vague and ambiguous as to the terms "recruitment

6    and hiring-related documents, data and/or information," "aggregate information," "other job

7    opportunities," "scores," "ranks," "other metric or criterion applied or used," "specific screening

8    or selection criteria," "used or relied upon," "produce or apply," "aggregate tabulation," "bias

9    audits," "statistical testing," "tabulation and/or analysis" and "disparate impact or effect of such

10   matters." Workday objects to this Request to the extent it calls for an improper legal conclusion to

11   the extent it requests documents relating to "disparate impact." Workday objects to this Request on

12   the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request

13   on the grounds that it is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's

14   first set of requests for production of documents, and Plaintiffs waived their ability to obtain the

15   requested information by failing to file a motion to compel consistent with the Court's order.

16   Workday objects to this Request to the extent it seeks to compel Workday to take any action not

17   required by the Federal Rules of Civil Procedure. Workday objects to this Request to the extent it

18   seeks sensitive and confidential information protected by the privacy interests of third parties.

19   Workday objects to this Request on the grounds that it seeks documents that are not relevant to any

20   party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to

21   this Request on the grounds that it seeks "any and all" documents and is, on its face, overbroad,

22   unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request

23   on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive,

24   and not proportional to the needs of the case, including because it is not limited to applicant data

25   for applicants who were issued scores via CSM or Spotlight and because it seeks information about

26   a candidate's gender when gender is not at issue in this case. Workday objects to this Request on

27   the ground that it fails to identify the documents it seeks with sufficient particularity. Workday

28   objects to this Request to the extent it seeks information protected from disclosure by the attorney-

client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

Separately for each of the following opt-in parties to this case who applied to be hired for a Workday job or position since September 24, 2020—Jason Adams, Diana El-Berry, Anthony Fox, Cynthia Monfredi, Katrina Nelson, Roger Mosley, David Stephenson, Denise Russell, Elizabeth Louis, Kenyon Johnston, Michael Street, Tracey Harriott, Theresa Gal, Shanice Love, Leigh-Ann Carnegie, Stephen Duclos, John Erwin, Jr., Felicia Ives, Dionne Joseph, Noah Westwind, Tunde Adedoyin, Steve Hurry and Christopher Phelan—produce and identify for each such person any and all records, documents, data and/or other individual and aggregate categories of information set forth in Request For Production #1 (a-h) above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request to the extent it is duplicative of Request No. 1. Workday objects to this Request on the grounds that it is vague and ambiguous, including to the extent it requests that Workday produce documents that "infer" information. Workday further objects to this Request on the grounds that it is vague and ambiguous, including the terms "job or position" and to the extent it incorporates the terms "recruitment and hiring-related documents, data and/or information," "aggregate information," "other job opportunities," "scores," "ranks," "other metric or criterion applied or used," "specific screening or selection criteria," "used or relief upon," "produce or apply," "aggregate tabulation," "bias audits," "statistical testing," "tabulation and/or analysis," and "disparate impact or effect of such matters." Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests documents relating to "disparate impact." Workday objects to this Request to the extent any of these individuals have not applied to work at Workday since September 24, 2020 and/or to the extent Plaintiffs have not provided sufficient identifying information to determine whether, when, and for which role(s) the individual applied to work at Workday. Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it

is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to this Request on the grounds that it seeks "any and all" records and documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

Produce and identify any and all records, data, information, analysis, "bias audits" and other related documents that shows, tends to show, or relates to the assessment or documentation of the adverse or disparate impact or effect of your Candidate Skills Match ("CSM") algorithm or feature, and/or other Workday AI-related algorithm(s) or feature(s), including Fetch and/or Spotlight, on Workday's on race, gender, age or disability, including, but not limited to, any such adverse impact or disparities in recruiting, screening, scoring, ranking, hiring, promoting or retaining Workday employees, in whole or in part at any point in time before or after September 24, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by the Plaintiffs in this action. Workday objects to this Request on the grounds that it is confusing, vague, and ambiguous, including as to the terms/phrases "information," "analysis," "bias audits," "other related documents," "adverse or disparate impact or effect," "adverse impact or disparities in recruiting," and "in whole or in part." Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent

it requests documents relating to "adverse impact" and "disparate impact." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request to the extent it seeks sensitive and confidential information protected by the privacy interests of third parties. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to this Request on the grounds that it seeks "any and all" records and documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it seeks documents related to "disparities in recruiting, screening, scoring, ranking, hiring, promoting, or retaining Workday employees" at any time "before or after September 24, 2020," when this dispute is limited to the scoring, sorting, screening, or ranking of applicants for employment by CSM, Spotlight, or Fetch after September 24, 2020. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 4:**

Produce and identify any and all records, data, information, analysis, "bias audits" or other documents that identify, show, tend to show, disclose, describe or list Workday's jobs, positions, departments and other organizational units for which applicants or candidates are screened, scored, ranked, hired, promoted, retained or evaluated on the basis of either Candidate Skills Match, Fetch, Spotlight or any other Workday AI-related feature or algorithm in whole or in part at any point in time, including, but not limited to, any and all aspects of the following:

1          (a)      their name, race, gender, birthdate, mail address, email address, phone number and

2    other contact information;

3          (b)      any and all data and information used by or for Workday to conduct "bias audits"

4    or otherwise assess, tabulate, quantify and/or analyze whether there are racial, gender, age or

5    disability differences in the impact or effect of Workday's AI features or algorithm[s] on

6    recruiting, hiring, promoting or retaining Workday employees generally and/or for specific

7    Workday jobs, job classifications positions, components or functions;

8          (c)      any and all such "bias audits" and other analysis conducted by or for Workday to

9    assess, tabulate, quantify and/or determine such adverse or disparate impact on Workday's

10   applicants and/or employees generally and for specific Workday jobs, job classifications,

11   positions, components and/or functions;

12         (d)      any and all analysis conducted by or for Workday which found, suggested or

13   inferred any such adverse or disparate impact on Workday's applicants and/or employees generally

14   and/or for specific Workday jobs, job classifications, positions, components and/or functions;

15         (e)      any and all documents, records, data, information, analysis, or "bias audits" that

16   identify and/or describe the specific duties, qualifications and components of Workday's jobs or

17   positions that (i) have been assessed, scored, ranked or otherwise screened or affected by

18   Workday's AI features or algorithm[s]; and/or (ii) have been found or inferred to have had adverse

19   or disparate impact or effect on applicants and/or candidates for such jobs or positions or for

20   components of the screening, scoring, ranking and processing for such jobs and positions.

21         (f)      any and all documents, records, data, information, analysis, or "bias audits" which

22   identify, show, tend to show and/or describe how Workday's AI features or algorithm[s] assess,

23   score, rank, or otherwise screen applicants or candidates for specific Workday jobs and positions,

24   and/or specific knowledge, skills, abilities, job experience or personal characteristic's [*sic*] of

25   Workday's jobs, positions and functions;

26         (g)      any and all records, data, information, analysis, "bias audits" or other documents

27   that identify and/or show the "Aggregated Data", statistical data and/or other "deidentified" data

28   that discloses, describes or lists the the [*sic*] applications, CVs, resumes and/or other information

that Workday has received from, or as part of or through, its job application platform, and/or any aspect of Workday's AI or other tools, products, services, algorithms, criteria, scores, ranks or other means of considering or processing information about Workday's applicants or candidates for employment as Workday employees ("screening and selection criteria and procedures"), including, but not limited to, all such analysis, quantification, tabulation or data based in whole or in part on race, gender, age or disability, and/or differences in the adverse impact, effect or "bias" of such screening and selection procedures based in whole or in part on race, gender, age or disability at any point in time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is unintelligible as drafted. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by the Plaintiffs in this action. Workday objects to this Request on the grounds that it is confusing, vague, and ambiguous, including to the extent it requests that Workday produce documents that "infer" or "tend to show" information and for example, that it requests that Workday produce documents that "identify . . . Workday's jobs, positions, departments, and other organizational units" including but not limited to "their name, race, gender, birthdate, mail address, email address, phone number and other contact information." Workday further objects to this Request on the grounds that it is vague and ambiguous as to the terms "organizational units," "job classifications, positions, components and/or functions," "personal characteristics," "adverse or disparate impact," and "Aggregated Data, statistical data, and/or other 'deidentified data.'" Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests documents relating to "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to this Request to the extent it seeks to compel Workday to take any action

not required by the Federal Rules of Civil Procedure. Workday objects to this Request to the extent it seeks sensitive and confidential information protected by the privacy interests of third parties. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it seeks documents related to how individuals are "screened, scored, ranked, hired, promoted, retained, or evaluated" by "Candidate Skills Match, Fetch, Spotlight, or any other Workday AI-related feature or algorithm" when this dispute is limited to the scoring, sorting, screening, or ranking of applicants for employment by CSM, Spotlight, or Fetch after September 24, 2020. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 5:**

Produce and identify any and all records, data, information, analysis, "bias audits" or other documents that identify, show, tend to show, disclose, describe or list each Workday's screening, selection or recruitment procedures that use, includes or rely upon artificial intelligence, in whole or in part, including, but not limited to, each and every Workday product, service, platform, algorithm, function and/or other procedure or component that, includes or relies upon artificial intelligence in screening, selecting, recruiting or retaining applicants, candidates or employees for Workday jobs or positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to this

1    Request on the grounds that it is vague and ambiguous, including to the extent it requests that

2    Workday produce documents that "tend to show" information, and as to the terms "screening,"

3    "selection," "recruiting procedures," "artificial intelligence," "product," "service," "platform,"

4    "algorithm," "function," "other procedure or component," "screening," "selecting," "recruiting,"

5    and/or "retaining." Workday objects to this Request on the grounds that it is compound,

6    conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it is

7    duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for

8    production of documents, and Plaintiffs waived their ability to obtain the requested information by

9    failing to file a motion to compel consistent with the Court's order. Workday objects to this Request

10   to the extent it seeks to compel Workday to take any action not required by the Federal Rules of

11   Civil Procedure. Workday objects to this Request to the extent that it seeks confidential, trade

12   secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or

13   confidential and protected from disclosure by applicable law. Workday objects to this Request on

14   the grounds that it is overbroad and seeks documents that are neither relevant to the subject matter

15   of this action nor reasonably calculated to lead to the discovery of admissible evidence, including

16   to the extent it seeks information about "recruiting" and "retaining" applicants, candidates, or

17   employees and seeks information about any product or feature that predates the class period.

18   Workday objects to this Request on the grounds that it seeks "any and all" records or documents

19   and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case.

20   Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly

21   burdensome, and/or oppressive, and not proportional to the needs of the case, including to the extent

22   it seeks information about "recruiting" and "retaining" applicants, candidates, or employees and

23   seeks information about any product or feature that predates the class period. Workday objects to

24   this Request on the ground that it fails to identify the documents it seeks with sufficient

25   particularity. Workday objects to this Request to the extent it seeks information protected from

26   disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any

27   other applicable privilege or immunity.

28

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

1    **REQUEST FOR PRODUCTION NO. 6:**

2          Produce and identify any and all documents, records, data or other information which

3    identifies, discloses or lists Workday's official and/or colloquial name or other means of identifying

4    each Workday product, service, platform, algorithm, function and/or other screening, selection or

5    recruitment procedure or component, including, but not limited to, those that use, include or rely

6    upon artificial intelligence to hire, employ, promote or retain Workday employees.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8          Workday incorporates by reference each of its General Objections as if fully stated herein.

9    Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

10   and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to this

11   Request on the grounds that it is vague and ambiguous, including as to the terms "colloquial name,"

12   "other means," "artificial intelligence," "service," "platform," "algorithm," "function," and/or

13   "procedure or component." Workday objects to this Request on the grounds that it is compound,

14   conjunctive, and/or disjunctive. Workday objects to this Request to the extent it seeks to compel

15   Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects

16   to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or

17   commercially sensitive information that is privileged and/or confidential and protected from

18   disclosure by applicable law. Workday objects to this Request on the grounds that it seeks

19   documents that are not relevant to any party's claims or defenses, and it is not proportional to the

20   needs of the case, including to the extent it seeks information about recruiting, promoting,

21   employing, or retaining applicants, candidates, or employees and seeks information about any

22   product or feature that predates the class period. Workday objects to this Request on the grounds

23   that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome,

24   and not proportional to the needs of the case. Workday objects to this Request on the grounds that

25   it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional

26   to the needs of the case, including to the extent it seeks information about recruiting, promoting,

27   employing, or retaining applicants, candidates, or employees, seeks information about any product

28   or feature that predates the class period, and expressly extends the scope of the request beyond the

1  use of artificial intelligence. Workday objects to this Request on the ground that it fails to identify

2  the documents it seeks with sufficient particularity. Workday objects to this Request to the extent

3  it seeks information protected from disclosure by the attorney-client privilege, work product

4  doctrine, common interest doctrine, or any other applicable privilege or immunity.

5  **REQUEST FOR PRODUCTION NO. 7:**

6      Produce and identify any and all documents, records, data or other information which

7  identifies, discloses or lists the following for each of Workday's AI-related screening, selection or

8  recruitment procedures, components, platforms, products, services, and/or features: (a) the name,

9  race, gender, age, and/or disability of each Workday applicant, candidate and/or employee who has

10  been scored, ranked, screened or otherwise assessed pursuant to such AI-related procedures in

11  whole or in part; (b) the resulting scores, ranks and/or other assessments of each such person

12  pursuant to each such AI-related tool or procedure; (c) the particular Workday product, service,

13  platform and/or algorithm which produced such score, rank or assessment for each such person;

14  and (d) the dates and time period that Workday used, included or relied upon each such AI-related

15  screening, selection or recruitment procedureor [*sic*] component.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17      Workday incorporates by reference each of its General Objections as if fully stated herein.

18  Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

19  and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to this

20  Request on the grounds that it is vague and ambiguous, including as to the terms "AI-related,"

21  "screening," "selection," "recruitment procedures," "components," "platforms," "products,"

22  "services," "features," "Workday applicant, candidate and/or employee," "scored," "ranked,"

23  "screened," "assessed," "scores," "ranks," "assessments," "tool," "procedure," "platform,"

24  "algorithm," and "procedureor." Workday objects to this Request on the grounds that it is

25  compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it

26  seeks documents that are not relevant to any party's claims or defenses, and it is not proportional

27  to the needs of the case, overbroad as to time and/or scope, unduly burdensome and/or oppressive,

28  and not proportional to the needs of the case, including to the extent it seeks information about

gender, which is not at issue in this case, and information that predates the class period. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity. Workday objects to this Request to the extent it seeks sensitive and confidential information protected by the privacy interests of third parties.

**REQUEST FOR PRODUCTION NO. 8:**

Produce and identify any and all documents, records, data or other information which identify, disclose or list the components or aspects of Workday's application, screening or selection process which use or have been based on or affected by its AI-related features or algorithm[s]. Including, but not limited to: (a) the Workday jobs or positions which are filled, in whole or in part, on the basis of each such AI features or components; algorithm[s]; (b) the results of any "bias audits" or other analysis of the adverse or disparate impact or effect [*sic*] the impact or effect of each such AI feature or component; (c) how each such AI feature or component assesses, scores, ranks, or otherwise screens applicants or candidates for specific Workday jobs and positions; (d) how each such AI feature or component assesses, scores, ranks, or otherwise screens specific knowledges, skills, abilities, job experiences or personal characteristics for such Workday jobs, positions and "deidentified" data which shows or is related to whether such features or components have disparate inpact [*sic*] or effect on Workday's applicants or candidates for employment as Workday employees based in whole or in part on race, gender, age or disability at any point in time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is unintelligible as drafted. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to

other requests propounded by Plaintiffs in this action. Workday objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "aspects of," "Workday's application, screening or selection process," "based on," "affected by," "AI-related," "features or components; algorithm[s],""components," "bias audits," "adverse or disparate impact," "effect the impact," "effect of each such AI feature or component," "assesses," "scores," "ranks," "screens," "knowledges," "personal characteristics," and 'deidentified data.'" Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests documents relating to "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it seeks information about gender, which is not at issue in this case, and is not cabined to the class period. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it seeks information about gender, which is not at issue in this case, and is not cabined to the class period. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 9:**

Produce and identify any and all documents, records, data or other information which identify, disclose or list the Workday products, services, platforms, algorithms and components which do not use, include or rely upon artificial intelligence in screening, selecting, recruiting or retaining applicants, candidates or employees for Workday jobs or positions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "products, services, platforms, algorithms and components." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it seeks information related to the "recruiting or retaining" of applicants and about products and features not at issue in this dispute. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it seeks any and all documents about products that are expressly not at issue in this dispute and is not cabined to the class period and expressly extends the scope of the request beyond the use of artificial intelligence. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 10:**

Produce and identify any and all documents, records, data or other information which identify, disclose or list Workday's screening, selection or recruitment procedures that have been developed on the basis if [*sic*] or subject to Workday's policies, practices and protocols set forth in its "AI Fact Sheet" (as defined above) See Exh. A, Workday "AI Fact Sheet," (WORKDAY_MOB_00002741-00002746).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Workday incorporates by reference each of its General Objections as if fully stated herein.

1   Workday objects to this Request on the grounds that it is unintelligible as drafted. Workday objects

2   to this Request on the grounds that it is vague and ambiguous, including as to the request that

3   Workday produce documents that identify procedures "that have been developed on the basis if or

4   subject to Workday's policies, practices and protocols set forth in its 'AI Fact Sheet.'" Workday

5   further objects to this Request on the grounds that it is vague and ambiguous as to the terms

6   "selection or recruitment procedures." Workday objects to this Request to the extent that it seeks

7   confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is

8   privileged and/or confidential and protected from disclosure by applicable law. Workday objects

9   to this Request on the grounds that it seeks documents that are not relevant to any party's claims or

10   defenses, and it is not proportional to the needs of the case, including because it seeks information

11   about products not at issue in this case, is not cabined to the class period, and exceeds the scope of

12   the dispute by seeking information about "recruitment." Workday objects to this Request on the

13   grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly

14   burdensome, and not proportional to the needs of the case. Workday objects to this Request on the

15   grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and

16   not proportional to the needs of the case, including because it seeks information about products not

17   at issue in this case, is not cabined to the class period, and exceeds the scope of the dispute by

18   seeking information about "recruitment." Workday objects to this Request to the extent it seeks to

19   compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday

20   objects to this Request on the ground that it fails to identify the documents it seeks with sufficient

21   particularity. Workday objects to this Request as confusing and nonsensical to the extent the

22   referenced Exhibit A does not describe or purport to describe any of Workday's "policies, practices

23   or protocols" and also to the extent Exhibit A describes a single Workday feature. Workday objects

24   to this Request to the extent it seeks information protected from disclosure by the attorney-client

25   privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

26   immunity.

27   **REQUEST FOR PRODUCTION NO. 11:**

28       Produce and identify any and all documents, records, data or other information which

1    identify, disclose or list the components of Workday's screening, selection or recruitment

2    procedures that that have been developed on the basis of, or subject to, Workday's applicant

3    "Recruitment Privacy Statement" attached as Exhibit B hereto.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5           Workday incorporates by reference each of its General Objections as if fully stated herein.

6    Workday objects to this Request on the grounds that it is unintelligible as drafted. Workday objects

7    to this Request on the grounds that it is vague and ambiguous, including as to the request that

8    Workday produce documents that identify procedures "that have been developed on the basis of,

9    or subject to, Workday's applicant 'Recruitment Privacy Statement.'" Workday further objects to

10   this Request on the grounds that it is vague and ambiguous as to the terms "selection or recruitment

11   procedures." Workday objects to this Request to the extent that it seeks confidential, trade secret,

12   proprietary, financial, and/or commercially sensitive information that is privileged and/or

13   confidential and protected from disclosure by applicable law. Workday objects to this Request on

14   the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is

15   not proportional to the needs of the case, including because it seeks information about products not

16   at issue in this case, is not cabined to the class period, and exceeds the scope of the dispute by

17   seeking information about "recruitment." Workday objects to this Request on the grounds that it

18   seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and

19   not proportional to the needs of the case. Workday objects to this Request on the grounds that it is

20   overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to

21   the needs of the case, including because it seeks information about products not at issue in this case,

22   is not cabined to the class period, exceeds the scope of the dispute by seeking information about

23   "recruitment," and is related only to Workdays own job applicants and not its customers' job

24   applicants which are at issue in this case. Workday objects to this Request to the extent it seeks to

25   compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday

26   objects to this Request on the ground that it fails to identify the documents it seeks with sufficient

27   particularity. Workday objects to this Request to the extent it seeks information protected from

28   disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any

1   other applicable privilege or immunity.

2   **REQUEST FOR PRODUCTION NO. 12:**

3       In regard to the provision in your "Recruitment Privacy Statement" for hiring Workday

4   employees (Exh. B) stating that Workday uses "AI tools that assist us to process personal

5   information for the recruitment [of Workday] employees," to "empower our talent acquisition team

6   members" and "to review job applications, CVs and resumes and schedule interview times and

7   availability" (Exh. B), produce and identify the documents, records, data or other information

8   which identify, disclose and/ or describe the following:

9       (a)    the "AI tools that assist us to process personal information for the recruitment [of

10  Workday] employees," to "empower our talent acquisition team members" and "to review job

11  applications, CVs and resumes and schedule interview times and availability." *Id.*

12      (b)    the applications, CVs, resumes and or other information that Workday reviewed,

13  considered or processed as part of such "AI tools that assist us to process personal information for

14  the recruitment [of Workday] employees," *id.,* including, but not limited to, such applicants'

15  names, race, gender, birthdate, disabilities, date of application, contact information and other data

16  or information that Workday reviewed, considered or processed;

17      (c)    the data, information, records or documents that analyze, show or tend to show

18  whether such "AI tools" have adverse or disparate impact, effect or "bias" related, to race, gender,

19  age or disability in whole or in part at any point in time since Workday began using each such AI

20  tools, including, but not limited to any and all "Aggregated Data", statistical data and/or other

21  "deidentified" data, documents or information which permits or may permit analysis of the

22  disparate impact or effect of such Workday "AI tools."

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24      Workday incorporates by reference each of its General Objections as if fully stated herein.

25  Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

26  and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request

27  is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for

28  production of documents, and Plaintiffs waived their ability to obtain the requested information by

failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI tools," "assist," "process," "personal information," "recruitment of," "review job applications, CVs and resumes," "reviewed," "considered," "processed," "analyze," "show," "tend to show," "adverse or disparate impact" "effect," "bias," "'Aggregated Data,' statistical data and/or other 'deidentified' data" and "disparate impact or effect" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests documents relating to "adverse or disparate impact." Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it seeks information about products not at issue in this case, is not cabined to the class period, and exceeds the scope of the dispute by seeking information about "recruitment." Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it seeks information about products not at issue in this case, is not cabined to the class period, and exceeds the scope of the dispute by seeking information about "recruitment." Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request as vague and confusing to the extent it misrepresents purported quotations from the referenced document. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

**REQUEST FOR PRODUCTION NO. 13:**

In regard to the statement in Workday's "Recruitment Privacy Statement" (Exh. B) that it uses "AI grading" as "one of several factors. . . where we have particularly high volumes of applicants, [and] it is not possible for every CV/resume or application to be reviewed by a member of the talent acquisition team during initial sifting stages" and/or when the applicant "do[es] not meet the minimum job requirements." (Exh. B), produce and identify the documents, records, data or other information which identify, disclose and/ or describe: (a) such AI grading or scoring factors and how they are used in reviewing applicants' CV/resume and/or application "during initial sifting stages" and/or when the applicant "do[es] not meet the minimum job requirements," id.; (b) the nature and content of such AI grading or scoring factors and/or "minimum job requirements"; (c) the AI grading or scoring process; (d) the "minimum job requirement" process; (e) the persons whose applications for Workday employment were reviewed or assessed "during initial sifting stages" on the basis of "minimum job requirements"; (f) the disparate impact, effect or "bias" of such AI grading or scoring factors and/or "minimum job requirements" based om [*sic*] race, gender, age or disability, in whole or in part, including, but not limited to, any and all "Aggregated Data", statistical data and/or other "deidentified" data, documents or information on which such analysis or determination was based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI grading or scoring factors," "initial sifting stages," "minimum job requirements," "disparate

impact," "effect," "bias," "'Aggregated Data,' statistical data and/or other 'deidentified' data," "analysis," and "determination" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests documents relating to "disparate impact." Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request as vague and confusing to the extent it misrepresents purported quotations from the referenced document. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 14:**

In regard to Workday's statement that its "talent acquisition team uses . . . AI generated grades to help shortlist and prioritize applications in the recruitment process," (Exh. B , entitled "AI generated grades to shortlist and prioritize applications"), produce and identify the documents, records, data or other information which identify, disclose and/ or describe:

(a)     all such "AI generated grades to help shortlist and prioritize applications in the recruitment process" *id.* and how such "AI generated grades . . . help shortlist and prioritize applications in the recruitment process," *id.*

(b)     the persons whose application[s] for Workday employment were reviewed or assessed on the basis of such "AI generated grades [used] to help shortlist and prioritize applications

1    in the recruitment process" *id.* in whole or in part, including such person's name, race, gender,

2    birthdate, disabilities, personal contact information, date of application, and Workday jobs applied

3    for and/or obtained, and;

4         (c)    the disparate impact, effect or "bias" of such "AI generated grades [used] to help

5    shortlist and prioritize applications in the recruitment process" *id.* in whole or in part, including,

6    but not limited to, any and all "Aggregated Data", statistical data and/or other "deidentified" data,

7    information, records or documents related to such anaysis ir [*sic*] determination.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

9         Workday incorporates by reference each of its General Objections as if fully stated herein.

10   Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

11   and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request

12   is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for

13   production of documents, and Plaintiffs waived their ability to obtain the requested information by

14   failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs'

15   quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings

16   broader, different, or inconsistent with Workday's intended usage. This objection is directed to

17   Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI

18   generated grades," "shortlist," "prioritize," "recruitment process", "reviewed," "assessed,"

19   "disparate impact," "effect," "bias," "'Aggregated Data,' statistical data and/or other 'deidentified'

20   data," "anaysis ir," and "determination" are undefined in this Request and are susceptible to

21   multiple reasonable interpretations depending on context. Workday objects to this Request to the

22   extent it calls for an improper legal conclusion to the extent it requests documents relating to

23   "disparate impact." Workday objects to this Request to the extent that it seeks confidential, trade

24   secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or

25   confidential and protected from disclosure by applicable law. Workday objects to this Request on

26   the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is

27   not proportional to the needs of the case, including because it is not cabined to the class period.

28   Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly

1   burdensome, and/or oppressive, and not proportional to the needs of the case, including because it

2   is not cabined to the class period. Workday objects to this Request to the extent it seeks to compel

3   Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects

4   to this Request as vague and confusing to the extent it misrepresents purported quotations from the

5   referenced document, including because there is no section of Exhibit B "entitled 'AI generated

6   grades to shortlist and prioritize applications.'" Workday objects to this Request on the ground that

7   it fails to identify the documents it seeks with sufficient particularity. Workday objects to this

8   Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

9   work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

10  **REQUEST FOR PRODUCTION NO. 15:**

11          In regard to your stated contention that "Candidate Skills Match was trained on Workday

12  Skills Cloud ontology as well as Workday proprietary datasets" (Exh. A, Workday "AT Fact

13  Sheet," (WORKDAY_MOB_00002743), produce and identify the documents, records, data or

14  other information which identify, disclose and/ or describe such "Workday Skills Cloud ontology,"

15  such "Workday proprietary datasets" and all other data and information on which your "Candidate

16  Skills Match was trained on." *Id.*

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18          Workday incorporates by reference each of its General Objections as if fully stated herein.

19  Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

20  and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to

21  Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply

22  meanings broader, different, or inconsistent with Workday's intended usage. This objection is

23  directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted term

24  "trained on" is undefined in this Request and is susceptible to multiple reasonable interpretations

25  depending on context. Workday objects to this Request to the extent that it seeks confidential, trade

26  secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or

27  confidential and protected from disclosure by applicable law. Workday objects to the entirety of

28  this Request on the grounds that it is unduly burdensome and oppressive because it is calculated to

annoy and harass, including because Workday has already produced documents sufficient to describe Workday Skills Cloud Ontology and the training data for the Skills Embedding Model. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 16:**

In regard to the statement in your "AI Fact Sheet" that "Candidate Skills Match" and/or "Workday Skills Cloud" and ontology are "trained using Workday proprietary datasets containing over 200 million people profiles and customer data contributions" (WORKDAY_MOB_00002743), produce and identify all such "Workday proprietary datasets containing over 200 million people profiles and customer data contributions" *id.* all such "Workday Skills Cloud," "ontology," and all iterations of such "Candidate Skills Match," *id.* and all other AI-related products, services, platforms or algorithms on which have been trained on, built or established.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI-related products, services, platforms or algorithms," "trained on," "built," and "established" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to the entirety of

1    this Request on the grounds that it is unduly burdensome and oppressive because it is calculated to

2    annoy and harass, including because Workday has already produced documents sufficient to

3    describe Workday Skills Cloud Ontology and the training data for the Skills Embedding Model.

4    Workday objects to this Request to the extent it seeks to compel Workday to take any action not

5    required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground

6    that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this

7    Request to the extent is misquotes or misrepresents the document upon which it relies. Workday

8    objects to this Request to the extent it seeks information protected from disclosure by the attorney-

9    client privilege, work product doctrine, common interest doctrine, or any other applicable privilege

10   or immunity.

11   **REQUEST FOR PRODUCTION NO. 17:**

12           In regard to your stated contention that "Workday performed statistical testing in

13   accordance with established legal standards in order to identify and help mitigate  impermissible

14   bias in Candidate Skills Match" (WORKDAY_MOB_00002745), produce and identify: (a) all

15   such "statistical testing" that "Workday performed . . . in accordance with established legal

16   standards in order to identify and help mitigate impermissible bias in Candidate Skills Match," *id*.;

17   (b) all other AI-related products, services, platforms, algorithm[s] or components for which such

18   "statistical testing" was performed; (c) all "Workday proprietary datasets, customer data

19   contributions and other data and information used or relied upon in performing such "statistical

20   testing in accordance with established legal standards in order to identify and help mitigate

21   impermissible bias in Candidate Skills Match," *id*.; (d) all such "statistical testing" methodologies

22   used or applied "to identify and help mitigate impermissible bias in Candidate Skills Match," *id.*

23   (e) all such "established legal standards"; (f) all such "mitigat[ion] [of] impermissible bias in

24   Candidate Skills Match," *id*.; (g) all such "bias," impact, and/or effect identified, detected or

25   "mitigated," *id.* in relation to such "statistical testing"; and (h) the statistical significance and/ or

26   degree of such "bias," disparate impact, and/or differences both before and after such "mitigation"

27   efforts; you contend it was "mitigated" and after you you [*sic*] contend it was "mitigated." *Id.*

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2      Workday incorporates by reference each of its General Objections as if fully stated herein.

3  Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

4  and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request

5  is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for

6  production of documents, and Plaintiffs waived their ability to obtain the requested information by

7  failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs'

8  quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings

9  broader, different, or inconsistent with Workday's intended usage. This objection is directed to

10  Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "statistical

11  testing," "established legal standards," "impermissible bias," "bias," "mitigation" "AI-related

12  products, services, platforms, algorithms, components," and "methodologies" are undefined in this

13  Request and are susceptible to multiple reasonable interpretations depending on context.  Workday

14  objects to this Request to the extent it calls for an improper legal conclusion to the extent it requests

15  documents relating to "disparate impact." Workday objects to this Request on the grounds that it is

16  compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it

17  seeks documents that are not relevant to any party's claims or defenses, and it is not proportional

18  to the needs of the case, including to the extent it seeks information about "statistical testing" on

19  products not at issue in this litigation and is not cabined to the class period. Workday objects to this

20  Request on the grounds that it seeks "all documents" and is, on its face, overbroad, unduly

21  burdensome, and not proportional to the needs of the case. Workday objects to this Request on the

22  grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and

23  not proportional to the needs of the case, including to the extent it seeks information about

24  "statistical testing" on products not at issue in this litigation and is not cabined to the class period.

25  Workday objects to this Request to the extent it seeks to compel Workday to take any action not

26  required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground

27  that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this

28  Request to the extent it seeks sensitive and confidential information protected by the privacy

interests of third parties. Workday objects to this Request on the grounds that it seeks information not in Workday's possession, custody, or control. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 18:**

In regard to your stated contention that because "the risk of impermissible bias is a material consideration for ML use cases that evaluate individuals for employment opportunities, Workday took a variety of actions during the product design lifecycle aimed at mitigating these risks, including targeted design decisions and statistical testing designed to detect and mitigate impermissible bias" (WORKDAY_MOB_00002744), produce and identify any and all documents, records, data or other information which identify, disclose and/ or describe (a) such "actions during the product design lifecycle aimed at mitigating these risks, including targeted design decisions and statistical testing designed to detect and mitigate impermissible bias."*id.*; (b) such "mitigation" and/or "targeted design decisions and statistical testing designed to detect and mitigate impermissible bias," *id.* ; and (c) the statistical significance and/ or degree of such "statistical testing designed to detect and mitigate impermissible bias," id. both before and after such mitigation efforts. *Id.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "impermissible bias," "material consideration," "product design lifecycle," "mitigate," "statistical

testing," and "targeted design decisions" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 19:**

In regard to the provision in your "Recruitment Privacy Statement" for hiring Workday employees (Exh. B) which states that Workday "use[s] AI tools to process job applications to support its recruitment process," that "[w]e receive very large volumes of applications and candidates, and to process these we use AI tools that help our recruiters identify and evaluate how closely candidate applications and resumes/CVs align with a given job requisition," and that such "AI-powered tooling helps to improve consistency, accuracy and speed in the recruitment process" (Exh. B, entitled "Extracting Matches From Application"), produce and identify any and all documents, records, data or other information which identify, disclose and/ or describe: (a) all such "AI tools" used "to process job applications to support [Workday's] recruitment process." *id*..; (b) all such "AI tools that help our [Workday] recruiters identify and evaluate how closely candidate applications and resumes/CVs align with a given job requisition," *id*..; (c) all such "AI-powered tooling helps to improve consistency, accuracy and speed in the recruitment process"' *id*.; (d) all data and/or analysis which shows or infers that the foregoing "AI tools" or "AI-powered tooling" have adverse or disparate impact or "bias" on the basis of race, gender, age, disability or any other factor. *Id.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Workday incorporates by reference each of its General Objections as if fully stated herein.

Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "process," "AI-powered tooling," "recruitment process," "AI tools," and "bias" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday further objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "adverse or disparate impact." Workday objects to the entirety of this Request on the grounds that it is unduly burdensome and oppressive because it is calculated to annoy and harass, including because Plaintiffs have propounded numerous requests seeking the same documents. Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it seeks documents showing an "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to

identify the documents it seeks with sufficient particularity. Workday objects to this Request as vague and confusing to the extent it misrepresents purported quotations from the referenced document, including because there is no section of Exhibit B "entitled 'Extracting Matches From Application.'" Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 20:**

In regard to the provision in your "Recruitment Privacy Statement" for hiring Workday employees (Exh. B) which states that Workday's "AI tooling extracts personal information from within candidate applications and resumes, CVs that are relevant to the open role such as information you have disclosed about your skills, experience, location, and education as applicable" and that such AI tools "then work out how closely this personal information matches the requirements of the role available, and assigns a suggested grade reflecting how close the match is, for example: "candidate exceeds", "meets" or "does not meet some or all the basic qualifications" (Exh. B), produce and identify all such documents, records, data or other information which identify, disclose and/ or describe: (a) such "AI tooling" which "extracts personal information from within candidate applications and resumes/CVs that are relevant to the open role such as information . . . about [applicants] skills, experience, location, and education as applicable," (Exh. B); (b) all such AI tools which "work out how closely this personal information matches the requirements of the role available, and assigns a suggested grade reflecting how close the match is, for example: 'candidate exceeds,' 'meets'or 'does not meet some or all the basic qualifications'" (Exh. B); (c) all such data and/or analysis which shows or infers whether such AI-powered "extractions'" and "matches" have adverse or disparate impact or "bias" based on race, gender, age, disability or any other factor. *Id.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request

is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents, and Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI tooling," "personal information," "candidate applications and resumes/CVs," "relevant," "AI tools," "extractions," "matches," and "bias" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to the entirety of this Request on the grounds that it is unduly burdensome and oppressive because it is calculated to annoy and harass, including because Plaintiffs have propounded numerous requests seeking the same documents. Workday objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "adverse or disparate impact," and "bias." Workday objects to this Request to the extent it calls for an improper legal conclusion to the extent it seeks documents showing an "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request on the grounds that it seeks "all documents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it is not cabined to the class period. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

1  from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine,

2  or any other applicable privilege or immunity.

3  **REQUEST FOR PRODUCTION NO. 21:**

4        In regard to the provision in your "Recruitment Privacy Statement" for hiring Workday

5  employees (Exh. B) stating that Workday "seek[s] assurances from third parties that may provide

6  AI tools before any deployment, alongside due diligence reviews," *id.* produce and identify any

7  and all documents, records, data or other information which identify, disclose and/ or describe: (a)

8  all such AI tools and "assurances from third parties," *id.*; (b) what such "assurances" were given

9  and who gave them; (c) what "due diligence reviews" occurred; and (c) which such "AI tools" had

10  adverse or disparate impact or "bias" on the basis of race, gender, age, disability or any other factor.

11  *Id.*

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

13        Workday incorporates by reference each of its General Objections as if fully stated herein.

14  Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative,

15  and/or identical to other requests propounded by Plaintiffs in this action. For example, this Request

16  is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for

17  production of documents, and Plaintiffs waived their ability to obtain the requested information by

18  failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs'

19  quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings

20  broader, different, or inconsistent with Workday's intended usage. This objection is directed to

21  Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "AI tools,"

22  "assurances from third parties," "due diligence reviews," "adverse or disparate impact," and "bias"

23  are undefined in this Request and are susceptible to multiple reasonable interpretations depending

24  on context. Workday objects to this Request on the grounds that it is vague and ambiguous,

25  including as to the terms "adverse or disparate impact," and "bias." Workday objects to this Request

26  to the extent it calls for an improper legal conclusion to the extent it seeks documents showing an

27  "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound,

28  conjunctive, and/or disjunctive. Workday objects to this Request on the grounds that it seeks

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case, including because it is not cabined to the products at issue in this case, products developed by Workday, or the class period. Workday objects to this Request on the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request on the grounds that it is overbroad as to time and/or scope, unduly burdensome, and/or oppressive, and not proportional to the needs of the case, including because it is not cabined to the products at issue in this case, products developed by Workday, or the class period. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 22:**

In regard to the statement in your "AI Fact Sheet" that "for legal, ethical, and diversity and inclusion reasons, many customers want or need to proactively and independently assess the tools they use in making employment decisions" and "might want to create a custom report to extract data for their own assessment [based on the following] class reporting fields (CRFs) that are relevant to the Job Application Business Object":

- Skills Match Score*
- Skills Match Score Details*
- Skills Matched*
- Gender
- Race
- Stage.

1  (WORKDAY_MOB_00002743), produce and identify any and all documents, records, data or

2  other information which identify, disclose and/ or describe (a) who and how "many customers . .

3  independently assess[ed] the tools they use[d] in making employment decisions," *id*., (b) which

4  such customers "create[d] a custom report to extract data for their own assessment [based on the

5  foregoing] class reporting fields (CRFs)" (c) which such "class reporting fields" had adverse oe

6  [*sic*] disparate impact on the basis of race, gender, age, disability or any other factor; and (d) who

7  made such determination and on what basis.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9       Workday incorporates by reference each of its General Objections as if fully stated herein.

10  Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent

11  Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended

12  usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document

13  itself. The quoted terms "legal, ethical, and diversity and inclusion reasons," "assess,"

14  "assessment," and "adverse or disparate impact," are undefined in this Request and are susceptible

15  to multiple reasonable interpretations depending on context. Workday objects to this Request to the

16  extent it calls for an improper legal conclusion, including to the extent it seeks documents regarding

17  "adverse or disparate impact." Workday objects to this Request on the grounds that it is compound,

18  conjunctive, and/or disjunctive. Workday objects to this Request to the extent that it seeks

19  confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is

20  privileged and/or confidential and protected from disclosure by applicable law. Workday objects

21  to this Request to the extent it seeks sensitive and confidential information protected by the privacy

22  interests of third parties. Workday objects to this Request on the ground that the information sought

23  is in the possession of, known to, or otherwise equally available to the propounding party. Workday

24  objects to this Request to the extent it seeks to compel Workday to take any action not required by

25  the Federal Rules of Civil Procedure. Workday objects to this Request on the grounds that it seeks

26  information not in Workday's possession, custody, or control. Workday objects to this Request on

27  the grounds that it seeks "any and all" records or documents and is, on its face, overbroad, unduly

28  burdensome, and not proportional to the needs of the case. Workday objects to this Request to the

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 23:**

Produce and identify all documents which show, or tend to show, infer or otherwise support your contention that "Workday implements robust risk management practices to test our AI tools for fairness and to mitigate bias and similar risks," as stated in Workday's "Recruitment Privacy Statement," Exh. B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "robust risk management practices," "test," "AI tools," "fairness," "mitigate," and "bias," are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to this Request on the grounds that it seeks "all documents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request on the ground that it fails to identify the documents it seeks with sufficient particularity. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 24:**

Produce and identify:

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-cv-00770-RFL]

(a)    all "test[s] for indirect discrimination under both statistical and practical significance in line with existing legal standards" referred to in your attached "AI Fact Sheet" (Exh. A at. WORKDAY_MOB_00002745);

(b)    all "multi-phased rounds of testing, with successive iterations of the product, and remediation of detected bias by adjusting the match score threshold definitions" and that "[w]ith each successive round, Workday saw improvements to the testing results" referred to in your AI Fact Sheet (Exh.A at WORKDAY_MOB_00002745); (WORKDAY_MOB_00002745)

(c)    all "initial ethics and bias assessment[s] [of] whether the ML tool might give rise to impermissible bias: for example, whether the tool has the potential to create material inequities with respect to employment or financial opportunities" Exh.A at WORKDAY_MOB_00002744;

(d)    all tests or assessments in which "[t]ools] deemed at risk for impermissible bias during the initial assessment proceed through a series of review steps before and after being made available in Production" Exh.A at WORKDAY_MOB_00002744;

(e)    all tests, standards and/or calculations of "statistical and practical significance" you utilized or applied. Exh. A at WORKDAY_MOB_00002745;

(f)    the "statistical and practical significance" that resulted from any of such calculations or statistical testing. Exh. A at WORKDAY_MOB_00002745;

(g)    all testing, analysis and data related to your contention that "[u]ltimately, Workday arrived at definitions of the match scores that appropriately mitigated adverse results in alignment with established legal practices" Exh.A at WORKDAY_MOB_00002745;

(h)    all "Model QA" and "Model Testing" in which the "model is tested routinely in Workday internal testing environments and undergoes QA testing anytime the model is updated" Exh.A at WORKDAY_MOB_00002743

(i)    all testing and analysis when such "Model QA" and "Model Testing" are "validated by defining a set of real-world job requisitions and creating job applications that include complete resumes, and measuring the Normalized Discounted Cumulative Gain (NDCG) score against the expected results"Exh.A at WORKDAY_MOB_00002743;

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

(j)    all "testing. . . done by changing relevant information (Key Model Inputs) such as adding or removing skills qualifications on the job requisition, and explicit skills on the job application, to ensure that the changes produce the expected result" Exh.A at WORKDAY_MOB_0000274;

(k)    all "group testing where stakeholders performed functional and end-to-end testing has been completed to validate feature functionality" Exh. A at WORKDAY_MOB_00002743.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. For example, Plaintiffs' Request is duplicative of at least Requests 9 and 15 from Plaintiff Derek Mobley's first set of requests for production of documents. Plaintiffs waived their ability to obtain the requested information by failing to file a motion to compel consistent with the Court's order. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "indirect discrimination," "statistical and practice significance," "legal standards," "multi-phased rounds of testing," "remediation," "detected bias," "impermissible bias," "material inequities," "employment or financial opportunities," "assessment," "tests, standards, and/or calculations," "mitigated adverse results," "Model QA," "Model Testing," "expected result," and "functional end-to-end testing" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request on the grounds that it seeks "all documents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of

1    Civil Procedure. Workday objects to this Request to the extent it seeks information protected from

2    disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any

3    other applicable privilege or immunity. Subject to and without waiving the aforementioned

4    objections, Workday responds as follows:

5         Workday's bias testing of CSM was conducted at the direction of counsel for the purpose

6    of informing legal advice and is protected by the attorney-client privilege and attorney work product

7    doctrines. Workday has produced documents sufficient to describe any non-privileged information

8    about the bias testing of CSM.

9    **REQUEST FOR PRODUCTION NO. 25:**

10        Produce and identify all documents which show, or tend to show, infer or otherwise support

11   the following contentions in your "AI Fact Sheet" attached hereto as Exhibit A:

12        (a)    that Workday "reviewed the ML model inputs to confirm that the fields weren't

13   likely to give rise to impermissible bias against a protected class." Workday's "AI Fact Sheet,"

14   Exh. A at WORKDAY_MOB_00002745;

15        (b)    that "Workday uses a lifecycle review process that evaluates a ML product based

16   on the development phase, the maturity of the product, and the susceptibility of a tool to

17   impermissible bias" and that such "lifecycle approach provides for iterative assessment of ML

18   offerings as they evolve." Exh. A at WORKDAY_MOB_00002744;

19        (c)    that Workday's "decisions that are made throughout the design and development

20   of a ML tool can affect the likelihood that the tool's output contains impermissible bias" Exh. A at

21   WORKDAY_MOB_00002744;

22        (d)    that Workday "establish[ed] a baseline understanding of how the ML tool performs

23   against real-world data" Exh. A at WORKDAY_MOB_00002745;

24        (e)    that to "best simulate the environment in which the ML tool is expected to perform,

25   Workday leveraged customer-contributed data to form the test data sets . . . consisting of thousands

26   of real-world job requisitions and millions of job applications" in order to "perform statistical

27   testing for impermissible bias with respect to candidate gender, race, and disability" Exh. A at

28   WORKDAY_MOB_00002745;

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-cv-00770-RFL]

(f)    that "standard legal practices don't anticipate or require a total absence of bias" Exh. A at WORKDAY_MOB_00002745;

(g)    that "Workday is confident that its testing and mitigation process is consistent with best practices, legal standards, and our commitments to ethical ML" Exh. A at WORKDAY_MOB_00002745;

(h)    that "Workday recognizes that bias evaluation for machine learning tools is inherently an ongoing process" WORKDAY_MOB_00002745;

(i)    that "Workday will continue to assess Candidate Skills Match for impermissible bias through continued monitoring and statistical testing at defined intervals and before the release of material changes to the feature" Exh. A at WORKDAY_MOB_00002745;

(j)    that Workday "make[s] the Candidate Skills Match feature available through the Innovation Services (IS) framework, described by the Innovation Services Addendum (ISA) and related exhibits" and that "[t]hese documents explain the processes that Workday has implemented as a Data Processor to support our customers and their regulatory requirements" Exh. A at WORKDAY_MOB_00002745;

(k)    that Workday's "Innovation Services framework gives customers transparency and control over their data and expedites their ability to take advantage of new Workday ML features and products" Exh. A at WORKDAY MOB 00002745;

(l)    Workday's "model uses Skills Cloud and skill embeddings to identify or derive skills and to discern related skillsWORKDAY_MOB_00002743) [*sic*];

(m)    "Workday reviews the Skills Cloud ontology and skill embeddings for updates on a regular cadence" Exh. A at WORKDAY MOB 00002743;

(n)    that "core underpinnings such as the Skills Cloud and skill embeddings are reviewed at a regular cadence to prevent both data and concept drift" Exh. A at WORKDAY_MOB_00002743;

(o)    that performance of the model will be monitored against a growing corpus of validation datasets" Exh. A at WORKDAY_MOB_00002743;

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]

(p)    Workday's "feature doesn't leverage implicit or explicit feedback (for example, request and response payloads or user clicks) to train or monitor the performance of the model" Exh. A at WORKDAY_MOB_00002743;

(q)    that "[t]he Candidate Skills Match feature uses the Workday Job framework to invoke internal machine learning APIs on an hourly basis to compute the score category" and "doesn't consider skill proficiency or strength in score calculations" and "for a limited set of use cases, Workday uses real-time calls to API calls for score computations" Exh. A at WORKDAY_MOB_00002744;

(r)    Workday's feature "only considers Skills Cloud skills and doesn't consider tenanted skills as part of the [score]," "doesn't consider skill proficiency or strength in score calculations," and "Worker data (for internal candidates) such as performance reviews, and feedback, isn't considered in score calculations," Exh. A at WORKDAY_MOB_00002744;

(s)    "Workday's ML offerings are designed to amplify, not replace, human decision making by providing recommendations and predictions that help people make better informed decisions" Exh. A at WORKDAY_MOB_00002744;

(t)    that "Workday's customers are "responsible for understanding and complying with any legal obligations arising from their use of Candidate Skills Match, including any required assessment, testing, or documentation under applicable laws" Exh. A at WORKDAY_MOB_00002744.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the ground that it is unreasonably cumulative, duplicative, and/or identical to other requests propounded by Plaintiffs in this action. Workday objects to Plaintiffs' quotation and paraphrase of Workday materials to the extent Plaintiffs contend or imply meanings broader, different, or inconsistent with Workday's intended usage. This objection is directed to Plaintiffs' usage in the Request, not to the underlying document itself. The quoted terms "impermissible bias," "lifecycle review process," "evaluates," "iterative assessment," "real-world data," "customer-contributed data," "test data sets," "statistical testing," "standard legal practices,"

"testing and mitigation process," "bias evaluation," "regular cadence," "validation datasets," "train," and "internal machine learning APIs" are undefined in this Request and are susceptible to multiple reasonable interpretations depending on context. Workday objects to this Request on the grounds that it is compound, conjunctive, and/or disjunctive. Workday objects to this Request to the extent it calls for an improper legal conclusion. Workday objects to this Request to the extent that it seeks confidential, trade secret, proprietary, financial, and/or commercially sensitive information that is privileged and/or confidential and protected from disclosure by applicable law. Workday objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses, and it is not proportional to the needs of the case. Workday objects to this Request on the grounds that it seeks "all documents" and is, on its face, overbroad, unduly burdensome, and not proportional to the needs of the case. Workday objects to this Request to the extent it seeks to compel Workday to take any action not required by the Federal Rules of Civil Procedure. Workday objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

Dated: January 2, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  */s/ Julie A. Totten*
                                              Julie A. Totten
                                              Erin M. Connell
                                              Kayla Delgado Grundy
                                              Attorneys for Defendant
                                              WORKDAY, INC.

RESPONSE TO FIRST DOCUMENT
PRODUCTION REQUEST [3:23-CV-00770-RFL]