# PLAINTIFFS' EXHIBIT 3

**From:** "Connell, Erin M." <econnell@orrick.com>
**Date:** December 29, 2025 at 12:11:20 PM CST
**To:** Bob Wiggins <rwiggins@wigginschilds.com>, "Elliott, Alexandria" <aelliott@orrick.com>
**Cc:** "Grundy, Kayla Delgado" <kgrundy@orrick.com>, "Totten, Julie A." <jatotten@orrick.com>, "Michaelidis, Chloe" <cmichaelidis@orrick.com>, Lee Winston <lwinston@winstoncooks.com>, Roderick Cooks <rcooks@winstoncooks.com>, "Wiggins, Ann" <awiggins@wigginschilds.com>, "Smith, Jenny" <jsmith@wigginschilds.com>, Bethany Neal <bneal@winstoncooks.com>, "Connell, Erin M." <econnell@orrick.com>
**Subject: RE: First Document Production  Request By Plaintiff Opti-Ins  Who Applied For Workday Employment 12 2 25.pdf**

Hi Bob,

I hope you are enjoying the holidays.

We are surprised by your suggestion of a formal stipulation with the court to extend discovery deadlines. Parties routinely agree to extend discovery deadlines without a court-filed stipulation. In fact, in this case, Plaintiffs and Workday have agreed to such extensions without a court-filed stipulation on multiple occasions. Moreover, you did not grant us the extension we requested – we asked for an extension for both objections and responses. You agreed only to extend our time to respond, but not our time to serve objections. We have been working with our client over the holidays to meet that deadline. We certainly don't need to file a stipulation under those circumstances.

As stipulated and agreed below, we will serve our objections on January 2nd (the date upon which they are actually due), and we will serve our responses on February 2.

Thanks,
Erin


**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Monday, December 29, 2025 7:37 AM
**To:** Elliott, Alexandria <aelliott@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Totten, Julie A.
<jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>;
Michaelidis, Chloe <cmichaelidis@orrick.com>; Lee Winston
<lwinston@winstoncooks.com>; Roderick Cooks
<rcooks@winstoncooks.com>; Wiggins, Ann
<awiggins@wigginschilds.com>; Smith, Jenny
<jsmith@wigginschilds.com>; Bethany Neal
<bneal@winstoncooks.com>
**Subject:** Re: First Document Production Request By Plaintiff Opti-Ins
Who Applied For Workday Employment 12 2 25.pdf

**[EXTERNAL]**


Hi Alexandria,

   I believe Rule 29 requires a  formal stipulation for the
below discovery extension to take effect, particularly given
the fact that our agreement to extend the time for
production does not extend or waive the January 2nd
deadline for serving objections. See e.g. *Richmark Corp. v.
Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992)
("It is well established that a failure to object to discovery
requests within the time required constitutes a waiver of
any objection.") (citing  *Davis v. Fendler,* 650 F.2d 1154,
1160 (9th Cir. 1981)). "[T]he failure to object . . . within the

time fixed . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981) (citing e.g., *Maness v. Meyers,* 419 U.S. 449, 466 (1975).

Bob

On Dec 22, 2025, at 2:08 PM, Elliott, Alexandria <aelliott@orrick.com> wrote:

Hi Bob,

Thank you, will do.

Thanks,

Ali

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Thursday, December 18, 2025 1:58 PM
**To:** Elliott, Alexandria <aelliott@orrick.com>
**Cc:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Lee Winston <lwinston@winstoncooks.com>; Roderick Cooks <rcooks@winstoncooks.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Smith, Jenny <jsmith@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>

**Subject:** Re: First Document Production Request By Plaintiff Opti-Ins Who Applied For Workday Employment 12 2 25.pdf

**[EXTERNAL]**

Hi Ali,

We can agree to an extension for production, but only if you serve whatever objections you may have by the current deadline without extension. We see no reason not to serve objections within the 30 days provided by Rule 34.

Bob

On Dec 18, 2025, at 3:25 PM, Elliott, Alexandria <aelliott@orrick.com> wrote:

Bob,

Workday requests an additional thirty days to respond to these requests, making our responses due February 2, 2026. Please let us know if Plaintiffs are amenable to an extension.

Thank you,

Ali

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Tuesday, December 2, 2025 2:16 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Lee Winston <lwinston@winstoncooks.com>; Roderick Cooks <rcooks@winstoncooks.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Smith, Jenny

<jsmith@wigginschilds.com>; Bethany Neal
<bneal@winstoncooks.com>
**Subject:** First Document Production Request By Plaintiff Opti-Ins Who
Applied For Workday Employment 12 2 25.pdf

**[EXTERNAL]**

Hi Kayla, et al.
Please answer and produce the attached document production
Requests  within 30  days of today's service date. Service  of
such discovery requests has also been made by depositing such
Requests in the U.S. Mail today.
 Bob