# PLAINTIFFS' EXHIBIT 5

**From:** Grundy, Kayla Delgado kgrundy@orrick.com    

**Subject:** Mobley v Workday; August 4 Meet and Confer Call Summary  **Date:** August 5, 2025 at 11:45 AM
**To:** Bob Wiggins rwiggins@wigginschilds.com, Jenny Smith jsmith@wigginschilds.com, Roderick Cooks rcooks@winstoncooks.com, Lee Winston lwinston@winstoncooks.com
**Cc:** Totten, Julie A. jatotten@orrick.com, Connell, Erin M. econnell@orrick.com, Michaelidis, Chloe cmichaelidis@orrick.com

Counsel,

Thank you for speaking with us yesterday. We are reaching out to summarize our discussion and confirm next steps.

We discussed Judge Lin's July 29th order. While Plaintiffs construe the July 29th order as ordering Workday to produce its customer lists, Workday disagrees. On the call, Workday read the section of Judge Lin's order asking the parties to "meet and confer regarding a timeline for Workday to produce its list of customers who have enabled those features." Workday explained that the Court directed the parties to meet and confer regarding a timeline for production after the Court enters an order requiring Workday to produce the customer lists, and Workday initiates the contractual notice process.

Workday reiterated its position that the customer lists are confidential under Workday's customer contracts, and that formal notice to customers—and an opportunity for them to object—must precede any disclosure of the customer lists. Workday informed Plaintiffs of its intention to have the customer list compiled before the next CMC. Workday agreed to include in the next CMC statement its proposal for the length of the customer notice period. Workday identified that another potential issue with the timeline is that there is uncertainty surrounding the possibility of customer intervention, what such intervention will look like, and how long it will take. Workday also emphasized that Workday, per the language of Judge Lin's order, is the party responsible for determining which customers meet the criteria for inclusion on the customer lists. Workday does not agree that Plaintiffs are entitled to the underlying data used to make these determinations. Workday further emphasized that the data to which it has access for purposes of determining which customers belong on the list is not the same detailed customer data needed to identify which individuals received which scores, or how those scores were communicated or used. That detailed data belongs to Workday's customers, not Workday.

With respect to data, Plaintiffs explained they are waiting for the customer lists before coming up with a plan on how to obtain data from Workday's customers. Workday emphasized Judge Lin's directive that it is Plaintiffs' burden to serve Rule 45 subpoenas on Workday's customers for this information. Plaintiffs indicated they would either be subpoenaing customers or bringing the issue before Judge Beeler (or both). Workday confirmed that Judge Beeler has not yet signed the parties' stipulation and there is nothing currently on calendar before her, although neither party has further insight into why.

In addition, the parties discussed aspects of a proposed notice plan. Workday asked Plaintiffs to propose a third-party administrator and Plaintiffs agreed. In response to questions from Workday, Plaintiffs stated they do not yet have preferences on the location of the publication and the other publication details Workday requested. Plaintiffs agreed to provide Workday with a proposed plan in the form of the initial draft of a joint case management statement by August 11, 2025. Workday expressed concern about the timing of preparing a joint statement given the August 20, 2025 deadline.

Finally, Workday questioned the viability of the current class certification briefing schedule, given the current state of the case. Plaintiffs indicated they may want to move their January filing deadline. Plaintiffs also requested that the parties create agendas in advance of future meet and confer calls. Workday agreed it makes sense for the parties to do so. We propose that moving forward, the party requesting the call provide an agenda at the time of the meeting request, and the other party can add to the agenda as appropriate.

We look forward to further discussing these issues.

Thank you,

Kayla

**Kayla Delgado Grundy** 

Attorney at Law
Pronouns: she/her/hers

Orrick
San Francisco
T 415-773-5537

