JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA DELGADO GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 779 5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DECLARATION OF KAYLA D. GRUNDY IN SUPPORT OF DEFENDANT WORKDAY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME**<br><br>Dept: 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

I, Kayla D. Grundy, declare as follows:

1. I am an attorney with Orrick, Herrington & Sutcliffe LLP, attorneys of record for Defendant Workday, Inc. ("Workday") in the above-captioned action, and a member of the Bar of the State of California. The facts set forth in this declaration I know to be true of my own personal knowledge, except where such facts are stated to be based on information and belief, and those facts I believe to be true. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. On August 4, 2025, the parties held a meet and confer videoconference call to discuss the Court's July 29, 2025 Order. The next day, August 5, 2025, I sent Plaintiffs' counsel an email summarizing that call. Plaintiffs did not respond to that summary email. Plaintiffs included a copy of my summary email in their filing, ECF No. 226-05. During the call, Workday inquired of Plaintiffs whether the parties should discuss the January 2026 class certification deadline. Plaintiffs responded that they may be interested in continuing that deadline but had not "put any thought" into that question. The parties did not further discuss the class certification deadline until December 2, 2025.

3. On December 2, 2025, Plaintiffs sent Workday an email seeking to extend the class certification deadline to May or June 2026. I responded to Plaintiffs' email that same day, confirming Workday did not agree to extend the schedule again. A true and correct copy of that email thread is attached as **Exhibit A.**

4. On December 4, 2025, Plaintiffs sent their proposed extended class certification schedule, even though Workday had already declined their proposal. A true and correct copy of that email is attached as **Exhibit B.**

5. On December 23, 2025, Plaintiffs resent their proposed schedule and requested Workday's position on the schedule. Workday responded on December 29, 2025, confirming its position had not changed since December 2, 2025. A true and correct copy of that email thread is attached as **Exhibit C.**

6. Workday responded to Plaintiffs' first requests for production of documents on November 18, 2024. The parties held a brief meet and confer call regarding Workday's responses,

1  and in particular, clarification on whether documents were being withheld on the basis of

2  privilege on January 10, 2025. Workday served its initial privilege log on January 21, 2025.

3  Plaintiffs provided their first substantive meet and confer letter concerning Workday's responses

4  on April 14, 2025. Following meet and confer discussions, Workday provided supplemental

5  discovery responses on July 3, 2025.

6    7. Workday provided further supplemental discovery responses on December 19,

7  2025. The purpose of these responses was to account for the changed scope of the case following

8  the Court's Order placing HiredScore features at issue.

9    8. As of December 15, 2025, Workday has produced 1,087 documents, amounting to

10 10,231 pages across 10 production volumes. Workday's first production of 42 documents was

11 made on December 23, 2024. Volume 2 (102 documents) was served on January 10, 2025.

12 Volume 3 (26 documents) was served on March 3, 2025. Volume 4 (74 documents) was served

13 on April 25, 2025. Volume 5 (424 documents) was served on May 9, 2025. Volume 6 (1

14 document) was served on October 7, 2025. Volume 7 (1 document) was served on October 15,

15 2025. Volume 8 (179 documents) was served on October 29, 2025. Volume 9 (136 documents)

16 was served on November 28, 2025. Volume 10 (102 documents) was served on December 15,

17 2025.

18    9. On December 16, 2025, Plaintiffs counsel emailed Workday and stated, for the

19 first time, that Plaintiffs did not have Volumes 4, 6, and 7 of Workday's production. A true and

20 correct copy of that email is attached hereto as **Exhibit D.** Workday's original transmittal emails

21 for these production volumes are attached hereto as **Exhibit E**. Workday re-served those

22 production volumes at Plaintiffs request. On December 22, 2025, Plaintiffs raised additional

23 questions about the data files transmitting Workday's prior productions, including as far back as

24 Volume 2. Workday promptly confirmed its prior productions were complete and accurate. A true

25 and correct copy of this email thread is attached hereto as **Exhibit F**.

26    10. Since Workday provided Plaintiffs with the Court-ordered customer list on

27 October 7, 2025, Plaintiffs have not served third party subpoenas on any Workday customers.

28

- 2 -

DECLARATION OF KAYLA D. GRUDNDY
ISO OPPOSITION TO MOTION TO CHANGE
TIME [3:23-CV-00770-RFL]

1      11.     Plaintiffs' motion to compel further discovery responses was due on July 11, 2025, consistent with the parties' stipulation to extend the original deadline set by the Court. ECF Nos. 140-41. On July 10, 2025, at Plaintiffs' request, Workday agreed to a further extension of time to September 26, 2025 for Plaintiffs to file their motion to compel. ECF No. 155. The Court never approved the further extension of time and, to Workday's knowledge, Plaintiffs never inquired with the Court concerning the status of the stipulation or their motion to compel. Plaintiffs did not file a motion either on July 11, 2025 or September 26, 2025. Plaintiffs never requested, and Workday never agreed to, a further extension of time on their discovery motion.

12.     Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the June 4, 2025 hearing held before the Court.

13.     Attached hereto as **Exhibit H** is a true and correct copy of excerpts from the August 27, 2025 hearing held before the Court.

14.     Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the January 6, 2026 hearing held before the Court.

15.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 12, 2026 in Concord, California.

*/s/ Kayla Grundy*
Kayla Grundy