UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>        Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER REQUIRING PLAINTIFFS' COUNSEL TO FILE REPLY EXPLAINING THEIR DELAY AND PLAN TO AVOID FUTURE DELAY, SUCH AS THROUGH ASSOCIATION OF ADDITIONAL COUNSEL**<br><br>Re: Dkt. No. 232 |

       This is an important case alleging use of biased artificial intelligence in hiring implicating potentially hundreds of millions of putative class members. Despite the scope and significance of the case, Plaintiffs' counsel appear to have done little to complete the discovery needed for their class certification motion, though their motion is due in two days. Counsel's conduct raises serious questions as to their likely adequacy to represent the proposed class and the collective, absent a significant change in their approach or a decision to associate other counsel.

       On June 4, 2025, the Court adopted the parties' proposed extension of the class certification deadlines in this case. (Dkt. No. 138.) Under the scheduling order, Plaintiffs' motion for class certification was due January 16, 2026. (*Id.*) One week before their class certification motion was due, Plaintiffs filed a Motion to Change Time, seeking to extend the class certification deadlines by six months. (Dkt. No. 232 ("Motion").) Plaintiffs assert that Workday's class certification-related production was delayed and/or incomplete, and as a result Plaintiffs have had to postpone "virtually all depositions." (*Id.* ¶¶ 4–6, 8–10.) For example,

1

Plaintiffs assert that they are still awaiting production of "bias audit documents, data and analysis," and that Workday produced a privilege log only "a few days ago." (*Id.* ¶¶ 6, 9.)

Workday responds by submitting evidence strongly suggesting that Plaintiffs' counsel has been asleep at the wheel for the past seven months with respect to discovery. (Dkt. No. 233.) For example, Plaintiffs have not issued any subpoenas to third parties, despite receiving a customer list from Workday on October 7, 2025, and repeatedly acknowledging that such discovery is central to their opposition to any decertification of the ADEA class. (*Id.* at 5–6.) Plaintiffs' counsel appears not to have reviewed, or even downloaded, entire volumes of produced documents for several months after receiving them, as evidenced by a belated request to have the volumes resent. (Dkt. Nos. 234-4 and 234-5.) Plaintiffs sought to compel Workday to produce certain "customer data and bias testing," but never submitted the supplemental briefing requested by Magistrate Judge Beeler. (Dkt. No. 130.) Although Plaintiffs imply that Judge Beeler informally stayed discovery, Judge Beeler's order reflects that she merely raised the possibility of overlap between merits issues and a discrete discovery dispute, and encouraged the parties to decide how to address that overlap. (Dkt. No. 136.) In response to this invitation, Plaintiffs ultimately did nothing.[1] Finally, with respect to the vast majority of allegedly delayed or withheld production, Plaintiffs have not sought to compel production despite the imminent class certification deadline.

In light of Plaintiffs' counsel's unenthusiastic pursuit of discovery and the prejudicial effect of their eleventh-hour Motion, it is a close call whether Plaintiffs have shown good cause under Federal Rule of Civil Procedure 16 to modify the case schedule. At the same time, Workday does not dispute that its planned productions remain ongoing (Dkt. No. 232 ¶ 8), and that the parties discussed—as early as August 2025—a modification of the class certification schedule. (*Id.* ¶ 14; Dkt. No. 232-7). Furthermore, both Plaintiffs and Workday previously

---

[1] On July 10, 2025, the parties filed a stipulation requesting that Judge Beeler extend their supplemental briefing deadlines by two and a half months. (Dkt. No. 155.) Judge Beeler did not rule on the stipulation, and Plaintiffs never filed the requested supplemental briefing.

represented to the Court that some portion of discovery would likely be contingent on finalizing the notice plan for the ADEA collective.  (Dkt. No. 148 at 12–13.)  Because the notice plan was finalized on December 2, 2025 (Dkt. No. 211), some form of extension to accommodate this discovery will likely be appropriate.

However, Plaintiffs' counsel have provided no details about their plan to complete discovery over the next six months or, indeed, why they believe the appropriate length of continuance to be six months.  They have not adequately explained what has caused the troubling delays detailed above, or their plan for avoiding such delays in the future.  The record raises the question of whether Plaintiffs' counsel intend to invest the resources required to complete the necessary discovery and/or to associate additional counsel who would do so.  Plaintiffs' counsel are **ORDERED** to file a reply brief of no more than seven pages addressing these issues by **January 21, 2026**.  The Court will take the matter under submission upon filing of the reply brief and issue a written order.  The deadline for Plaintiffs to file their Motion for Class Certification is **VACATED** and will be reset shortly.

**IT IS SO ORDERED.**

Dated: January 14, 2026

RITA F. LIN
United States District Judge