Lee D. Winston (admitted pro hac vice)
lwinston@winstoncooks.com
Roderick T. Cooks (admitted pro hac vice)
rcooks@winstoncooks.com
Bethany M. Logan (admitted pro hac vice)
Winston Cooks, LLC
420 20th Street North, Suite#2200
Birmingham, AL 35203
Telephone:    (205) 482-5174
Facsimile:    (205) 278-5876

Jay Greene
greeneattorney@gmail.com
Greene Estate, Probate, and Elder
Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215

Robert L. Wiggins, Jr. (admitted pro hac vice)
rwiggins@wigginschilds.com
Ann K. Wiggins (admitted pro hac vice)
awiggins@wigginschilds.com
Jennifer Wiggins Smith (admitted pro hac vice)
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone:    (205) 314-0500
Facsimile:    (205) 254-1500

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,*<br><br>V<br><br>WORKDAY, INC., *Defendant.* | Case No. 4:23-cv-00770-RFL<br><br>**PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE** |

## PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

**PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE**

The Court has requested Plaintiffs to provide their "plan to complete discovery over the next six months" and whether such plan has "the resources required to complete the necessary discovery [or] to associate additional counsel who would [help] do so." Order, ECF 235 at 3.  The Court's Order also requests Plaintiffs to address why they "believe the appropriate length of continuance to be six months," what caused past delays, and what is planned to, is "avoid[] such delays in the future." Id.

## I.  Plaintiffs' Plan Going Forward:

(a)    Beginning in 2024, Plaintiffs' counsel has retained and relied upon a consulting AI expert and a consulting statistical expert regarding facts, theories, discovery and other similar matters relevant to showing how AI algorithms and features screen or score applicants for employment, how such AI procedures have a disparate impact and perpetuate past societal and employer bias, how such practices are common to the putative class and subclasses alleged in Plaintiffs' Second Amended Complaint, and other similar questions. Plaintiffs' counsel has also retained and paid a social media and website expert to consult on the means of devising and disseminating electronic social media ads, notices and opt-in consent to join forms.

(b)    Beginning in Fall 2025, Plaintiffs' counsel have identified and talked with several lawyers, law firms and non-profit organizations about associating as co-counsel in this case. Plaintiffs' counsel are also in the midst of serious discussions with Vice President of Litigation, Louis Lopez, at AARP Foundation's litigation arm about associating as additional counsel for Plaintiffs.  Plaintiffs have permission to report the status of such discussions as follows: "Plaintiffs' counsel are in serious discussions with AARP Foundation about joining the Mobley v. Workday matter. If added, AARP Foundation is committed to assisting Plaintiffs' counsel in fully litigating the action, including completing the discovery needed for class certification. To this end, AARP Foundation would provide experienced attorneys and paralegals as well as financial and other

- 1 -
PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

resources for experts, depositions, and other litigation expenses. AARP Foundation regularly co-counsels high-impact class and collective action cases in federal and state courts across the country and will bring that expertise to this case to ensure timely and well-supported work product in this case."

(c)    Plaintiffs' counsel are also in the midst of similar discussions with another law firm and two other lawyers who have extensive experience in litigating disparate impact claims similar to that here.

(d)    Wiggins Childs has added three additional incumbent members of the firm to further assist in this case, and has five other incumbent attorneys available to assist when needed. The firm has also set aside a significant litigation fund to prosecute the class and individual claims in this case.

**II. Plaintiffs' Counsel Promptly Downloaded, Reviewed And Retained All Documents Produced By Workday**

The Court has directed Plaintiffs' counsel to address Workday's contention that they "appear to have done little to complete the discovery needed for their class certification motion" and "appear[] not to have reviewed, or even downloaded, entire volumes of produced documents for several months after receiving them, as evidenced by a belated request to have the volumes resent." ECF no. 235 at 1-2 (citing Dkt. Nos. 234-4 and 234-5). Counsels' attached Declarations show that not be true — "that all such volumes of documents transmitted by Workday were promptly downloaded into Wiggins Childs document control system and then reviewed and transmitted to [co- counsel] for further use and decision-making as needed."  R. Wiggins Decl. at  ¶3 (citing E-mail from Jenny Smith to Bob Wiggins transmitting contents of Workday's document production referred to as "Volume 4"); J. Smith  Decl. at  ¶7; L. Winston  Decl. at ¶1. The Wiggins Childs firm used that same downloading, review and control process for all documents produced by Workday,

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

including the lone document produced as Volume 6 and as Volume 7. Id. R. Wiggins Decl. at ¶¶3-4; J. Smith Decl. at ¶¶8-10. At no point did such attorneys ever fail to open, download, review, and retain any documents or volumes of documents produced by Workday. Id. Nor did they ever request that Workday resend any such documents or volumes of documents that it had previously transmitted to Wiggins Childs. Id. And the only time that occurred at Winston Cooks was the single occasion in December 2025 that Lee Winston addresses. See Winston Decl. at ¶2-4.

Throughout the past twelve months, Plaintiffs' counsel have actively reviewed and used such discovery and document production in both litigating the collective certification and opt-in notice for Plaintiffs' age-based claims and litigating class certification of Plaintiffs Title VII claims under Rule 23. R. Wiggins Decl. at ¶4. The level of staffing and resources provided by Plaintiffs' counsel proved sufficient to meet the Court's deadlines that led to collective certification of Plaintiffs' age discrimination claims on May 16, 2025 (ECF 128), as well as the many unanticipated deadlines and proceedings that dominated the Parties' time and attention for the seven months it took to litigate the notice dissemination issues that were eventually resolved in the last of many Orders on that subject entered December 23, 2025 (ECF 225). Id. That extra litigation of such notice issues intruded, however, on the Parties' ability to meet their respective deadlines on the remaining Rule 23 class certification deadlines and ADEA collective decertification deadlines as early as last July. R. Wiggins Decl. at ¶¶5-6. That was apparent to both sides when they met and conferred on August 4, 2025 to address various on-going disputes about notice that had already consumed too much time and attention in part of May and most of June and July, 2025. Id. During the course of that meeting, the Parties made it clear to each other that the time being required by such notice issues was unexpectedly making it difficult to turn their full attention to class certification and collective decertification issues and that they no longer believed that such schedules were viable and needed to be revised. Id. Workday specifically stated that fact and

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

Plaintiffs' counsel agreed that the existing January 16, 2026, deadline for filing class certification and collective decertification motions needed to be moved. Id. (citing ECF 232, Exh. 5; see also Order, ECF 235 at 2 (noting that "Workday does not dispute that . . . the parties discussed—as early as August 2025—a modification of the class certification schedule.") (citing Dkt. No. 232, ¶14; Dkt. No. 232-7).

The Parties' concur that nothing different was ever said for the next four months from August 4th through early December. Id. see also, ECF 234, Grundy Decl. at ¶2 ("The parties did not further discuss the class certification deadline until December 2, 2025."); Order, ECF 235 at 2. Throughout those four months, Plaintiffs' counsel continued to prepare for class certification under the existing schedule but also relied on the fact that both sides favored extending the existing class certification if it proved prejudicial in the way both Parties feared in August. R. Wiggins Decl. at ¶¶6-7.

That continued to be the case on December 1st when Workday itself moved to file a motion to stay the proceedings and existing deadlines scheduled in relation to the ADEA collective and decertification. Id. at ¶8 (comparing ECF 209, 210, 211 with Orders at ECF nos. 93, __. (class certification and collective decertification schedule).  At the same time, Plaintiffs sought extension of the whole schedule rather than just the half Workday sought. Id. Over the next four days, each side exchanged and negotiated those reciprocal extensions and stays over the next several days until the Court denied Workday's stay request sua sponte on December 5, 2025. Id. (citing Order, ECF 216). Plaintiffs sent Workday their proposed class certification schedule extension on December 4th and again on December 23rd, but received no response until December 29, 2025. Id.

### III. Plaintiffs' Service Of More Than 30 Third Party Subpoenas Has Shown That Serving More Such Subpoenas Would Not Be Helpful At This Time

The Court has similarly requested Plaintiffs' counsel to reply to Workday's contention that they have "not engaged in third party discovery" from Workday's employer-customers despite

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

"repeatedly acknowledging that such discovery is central to their opposition to any decertification of the ADEA class." ECF 233 at 4 (citing  Id. at 5–6.); ECF 235.

In serving more than 30 such third-party subpoenas, Plaintiffs' counsel learned that Workday's customers do not typically have any documents related to Workday's applicant platform and screening process. Plaintiffs have also learned from their AI consultant expert and document production that Workday's AI features are trained on aggregate data taken from many different employers and sources and therefore document production unique to a single employer customer does not have much value compared to the aggregate statistical database that Workday owns and uses for such training. See e.g., Workday "AI Fact Sheet" at WORKDAY_MOB_00002743-00002744 (explaining that Workday's AI features are "trained using Workday proprietary datasets containing over 200 million people profiles and customer data contributions," not non-aggregate data from individual Workday customers). For these reasons, Plaintiffs' counsel has not "acknowledged" or found that "third-party discovery is central to their opposition to any decertification of the ADEA class." (ECF 235) Nor do Plaintiffs believe that further third-party subpoenas should be served given the facts and advice currently known. Instead of such subpoenas, Plaintiffs elected instead to serve Workday with a 30-day Rule 34 request to produce its aggregate training datasets used to train its AI features and applicant screening process.

Also, Workday stipulated that the Motion to Compel briefing should occur after the notice was resolved. In the parties' joint stipulation seeking additional time for briefing (ECF No. 155), the parties expressly agreed: "The Parties agree with the Court that it would be most efficient that the notice plan be resolved prior to further briefing on additional discovery matters." (ECF No. 155, p. 2.).  Disputes over the notice plan continued throughout the fall culminating in Workday's December 2025 request to completely stay notice pending rulings from the United States Supreme Court. Workday also stated that it would provide a privilege log that complied with the standing

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

order prior to briefing.  Earlier privilege logs were not in compliance and those issues were raised with counsel.  The privilege log did not arrive until December 31, 2025.  Workday also represented that they no longer had the data used to conduct bias testing obviating the need for a Motion To Compel on that topic.  Recently counsel held a meet and confer regarding concerning renewing the briefing and other discovery issues.

*Respectfully submitted,*

s/Roderick T. Cooks
Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

s/Robert L. Wiggins, Jr.
Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Jay Patrick Greene   jay@ greenelawfirm.com
Julie Ann Totten      Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell      econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott (aelliott@orrick.com)

*s/Roderick T. Cooks.*
Of Counsel

PLAINTIFFS' REPLY BRIEF ON CLASS CERTIFICATION SCHEDULE