# Exhibit 1

| | |
|---|---|
| 1 | Lee D. Winston (ASB: 6407O72L) |
| | *Admitted pro hac vice* |
| 2 | lwinston@winstoncooks.com |
| 3 | Roderick T. Cooks (ASB: 5819O78R) |
| | *Admitted Pro Hac Vice* |
| 4 | rcooks@winstoncooks.com |
| | Bethany Mae Logan (1360X15Z) |
| 5 | *Admitted Pro Hac Vice* |
| | bneal@winstoncooks.com |
| 6 | Winston Cooks, LLC |
| 7 | 420 20th Street North, Suite 2200 |
| | Birmingham, AL 35203 |
| 8 | |
| | Robert L. Wiggins, Jr. (ASB: 1754G63R) |
| 9 | *Admitted Pro Hac Vice* |
| | rwiggins@wigginschilds.com |
| 10 | Ann K. Wiggins (ASB: 7006i61a) |
| 11 | *Admitted Pro Hac Vice* |
| | awiggins@wigginschilds.com |
| 12 | Jennifer Wiggins Smith (ASB:9622E53S) |
| | *Admitted Pro Hac Vice* |
| 13 | jsmith@wigginschilds.com |
| 14 | Wiggins Childs Pantazis Fisher and Goldfarb |
| | 301 North 19th Street |
| 15 | Birmingham, AL 35203 |
| 16 | Jay Greene, JD, CPA |
| 17 | Greene Estate, Probate, and Elder Law Firm |
| | 447 Sutter Street, Suite 435 |
| 18 | San Francisco, CA 94108 |
| 19 | *Attorneys for the Plaintiff and Proposed Class and Collective Members* |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,* | Case No. 3:23-cv-00770-RFL |
| v. | **DECLARATION OF ROBERT L. WIGGINS, JR.** |
| WORKDAY, INC., *Defendant.* | Courtroom: 15 (18th Floor) Judge: Hon. Rita F. Lin |

**DECLARATION OF ROBERT L. WIGGINS, JR.**

0

# DECLARATION OF ROBERT L. WIGGINS, JR.

I, Robert L. Wiggins, Jr., declare as follows:

1. This Declaration addresses the Court's Order that Plaintiffs' counsel provide "details about their plan to complete discovery over the next six months" and whether such plan has "the resources required to complete the necessary discovery [or] associate additional counsel who would [help] do so." Order, ECF 235 at 3. It also addresses what caused past delays and what our plan is "for avoiding such delays in the future." *Id.*

2. **Plaintiffs 'Plan Going Forward:**

(a) Beginning in 2024, Plaintiffs 'counsel has retained and relied upon a consulting AI expert and a consulting statistical expert regarding facts, theories, discovery and other similar matters relevant to showing how AI algorithms and features screen or score applicants for employment, how such AI procedures have disparate impact and perpetuate past societal and employer bias, how such practices are common to the putative class and subclasses alleged in Plaintiffs 'Second Amended Complaint, and other similar questions. Plaintiffs 'counsel has also retained and paid a social media and website expert to consult on the means of devising and disseminating electronic social media ads, notices and opt-in consent to join forms.

(b) Beginning in Fall 2025, Plaintiffs' counsel identified and talked with several lawyers, law firms and non-profit organizations about associating as co-counsel in this case.

(c) Plaintiffs' counsel are in the midst of serious discussions with Vice President of Litigation, Louis Lopez, at AARP Foundation's litigation arm about associating as additional counsel for Plaintiffs. Plaintiffs have permission to report the status of such discussions as follows: "Plaintiffs' counsel are in serious discussions with AARP Foundation about joining the *Mobley v. Workday* matter. If added, AARP Foundation is committed to assisting Plaintiffs' counsel in fully litigating the action, including completing the discovery needed for class certification. To this end,

1
**DECLARATION OF ROBERT L. WIGGINS, JR.**

AARP Foundation would provide experienced attorneys and paralegals as well as financial and other resources for experts, depositions, and other litigation expenses. AARP Foundation regularly co-counsels high-impact class and collective action cases in federal and state courts across the country and will bring that expertise to this case to ensure timely and well-supported work product in this case." Plaintiffs intend to complete such association as soon as the parties' co-counsel agreement is ready to execute.

(d) Plaintiffs' counsel are also in the midst of similar discussions with another law firm and two other lawyers who have extensive experience in litigating disparate impact claims similar to those here.

(e) Wiggins Childs has added three additional incumbent attorneys of the firm to further assist in this case, for a total of six such attorneys plus five other incumbent attorneys available to assist when needed. The firm has also set aside a significant litigation fund to prosecute the class and individual claims in this case.

3.    I have personal knowledge regarding whether "Plaintiffs' counsel appear to have done little to complete the discovery needed for their class certification motion" and "appear[] not to have reviewed, or even downloaded, entire volumes of produced documents for several months after receiving them, as evidenced by a belated request to have the volumes resent." ECF no. 235 at 1-2 (citing Dkt. Nos. 234-4 and 234-5.). Based on my participation in such matters, I know that all such volumes of documents transmitted by Workday were promptly downloaded into the Wiggins Childs document control system and then reviewed and transmitted to me for further use and decision-making as needed. We used that same downloading, review and control process for when we received the single document that Workday calls "Volume 6" as well as the single document that Workday confusingly calls "Volume 7" of its production. *See* ECF 234 at ¶8 (Grundy Decl*.,* ¶8 stating that "Volume 6 (1 document) was served on October 7, 2025 [and] Volume 7 (1 document) was served on October 15, 2025"). At no point did I or any other Wiggins Childs attorney fail to

2
**DECLARATION OF ROBERT L. WIGGINS, JR.**

download, review, and log in those or any other documents that Workday produced. Nor did any Wiggins Childs attorney ever request that Workday resend any such "Volumes" of documents. Workday only claims that our co-counsel, Mr. Winston, did so on a single occasion in December 2025. *Id.* at ¶9.

4. Throughout the past twelve months, Plaintiffs' counsel have actively reviewed and used such discovery and document production in both litigating the collective certification and opt-in notice for Plaintiffs' age-based claims and litigating class certification of Plaintiffs Title VII claims under Rule 23. The level of staffing and resources provided to litigate such matters proved sufficient in meeting the Court's deadlines that led to collective certification of Plaintiffs' age discrimination claims on May 16, 2025 (ECF 128) and in meeting the many deadlines and unanticipated proceedings that proved necessary to resolve the numerous notice and opt-in dispute issues that dominated the Parties' time and attention for the seven months it took to achieve final approval to disseminate such notice on December 23, 2025 (ECF 225).

5. When the Parties met and conferred on August 4, 2025 in compliance with the Court's Order to address various aspects of the still unresolved notice dissemination issues that had already consumed part of May and most of June and July. During the course of such meeting, both sides made it clear to each other that the time required by such notice issues was affecting the Parties' ability to turn their full attention to the then-current schedule and deadlines on class certification and related discovery disputes that needed to be addressed. Both sides also made it clear that they no longer believed that such schedules were viable and needed to be rethought. Workday specifically stated that fact, as did Plaintiffs' counsel in stating that the existing deadline for filing class certification and collective decertification motions by January 16, 2026 needed to be moved. *See e.g.,* ECF 155, Exh. 5; ECF 232, Exh. 5; Order, ECF 235 at 2 (noting that "Workday does not dispute that . . . the parties discussed—as early as August 2025—a modification of the class certification schedule." (Citing Dkt. No. 232, ¶ 14; Dkt. No. 232-7). Neither Party expressed their position on

3
**DECLARATION OF ROBERT L. WIGGINS, JR.**

1  this issue as mere "inquiries." *Id*. *see also* ECF 232, Exh. 5 (Workday's email to Plaintiffs August 4,
2  2025).

3      6.   The Parties did not further discuss the class certification deadline until December 2,
4  2025 *See* ECF 234, Grundy Decl. at ¶2 ("The parties did not further discuss the class certification
5
6  deadline until December 2, 2025."); Order, ECF 235 at 2-7.

7      7.   Consequently, throughout those four months from August 4th to December 2nd,
8  Plaintiffs' counsel continued to understand that Workday did not oppose extension of the
9  approaching class certification schedule and that neither side had expressed any reservations about
10 such extension at any of the many joint Case Management Conferences, meet-and-refer discussions,
11
12 and resulting Case Management Statements that occurred throughout those four months of intensive
13 interaction between the Parties and the Court.

14     8.   That understanding also continued to be the case in December when Workday itself
15 moved on December 1st to extend and stay the proceedings on the half of such schedule that sets the
16 deadlines for certification and decertification of the ADEA collective and related issues such as
17 notice of such matters. *Compare* ECF 209, 210, 211. Workday immediately sought Plaintiffs'
18
19 agreement to stay and extend that half of the existing schedule and Plaintiffs countered with the
20 proposed extension of the whole schedule that the Parties' supported at their case management
21 conference on August 4th. The Parties exchanged and negotiated those reciprocal extensions and
22 stays over the next several days. On December 4th, Workday specifically requested Plaintiffs to send
23 it the written deadline revisions so it could consider and discuss the new dates internally, and it never
24 rejected such revisions before the Court denied its stay request on December 5, 2025. (Order, ECF
25 216).

26     9.   At the same time, Plaintiffs' counsel drafted a motion to grant that same proposed
27 extension of the class certification schedule, but did not file it before it became clear on December
28 29, 2025 that Workday would oppose the schedule I sent it on December 4th and my co-counsel, Lee

4
**DECLARATION OF ROBERT L. WIGGINS, JR.**

Winston, sent it again December 23, 2025. By that time, the Court entered its Order instructing the Parties to state their positions on whether the existing class certification schedule may need to be revised in light of the then-pending motion to amend the Complaint and, if so, to submit a proposed new schedule before the upcoming hearing of such motion to amend. Order at ECF 222. Plaintiffs responded to such Order by submitting the same proposed class certification schedule discussed with Workday (*cf.* ECF 226). In light of the Court's Order questioning whether such schedule may need revision, Plaintiffs decided to hold it their separate motion to revise such schedule until after the Court ruled on that issue in connection with the pending motion to amend the Complaint. *Cf.* ECF nos. 226 and 232.

I declare under penalty of perjury under the laws of the State of Alabama that the foregoing is true and correct, and that this declaration was executed on January 21, 2026 in Birmingham, Alabama.

> *s/Robert L. Wiggins, Jr.*
> Robert L. Wiggins, Jr.