UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WORKDAY, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER GRANTING MOTION TO CHANGE TIME**<br><br>Dkt. No. 232 |

　　　　Plaintiffs filed a Motion to Change Time, seeking a six-month extension of the class certification deadlines. (Dkt. No. 232.) The Court ordered Plaintiffs to explain their delay in pursuing discovery, and how they intend to avoid further delay if an extension of the class certification deadlines is granted. (Dkt. No. 235.) Having reviewed Plaintiffs' response, the Court remains concerned about the lack of discovery progress in this case. Plaintiffs appear to have abandoned their single motion to compel before it was fully resolved, and have no other pending discovery motions, despite asserting that they have not received critical information requested from Workday. Nor do Plaintiffs indicate that further discovery meet and confers are in progress. Plaintiffs dispute that they failed to promptly download certain volumes of documents produced by Workday, but Mr. Winston's December 16, 2025 email, copying fellow counsel (Dkt. No. 234-4), indicates at minimum a troubling lack of coordination between Plaintiffs' counsel. Plaintiffs generally attribute their delay to the need to focus on disputes regarding the notice process. While the notice-related disputes were complex, that does not excuse Plaintiffs' failure to meaningfully pursue discovery in parallel. Nor does it excuse their last-minute extension request. Although the description of ongoing efforts to associate additional counsel and invest more resources into the litigation is encouraging, counsel should be

forewarned that they will face an uphill battle in seeking further continuances, particularly if they do not show that they have moved forward with the discovery process.

While it is a close call, Plaintiffs have nonetheless shown good cause under Federal Rule of Civil Procedure 16 to modify the case schedule, for the reasons identified in the prior order. (Dkt. No. 235.) Plaintiffs' Motion to Change Time is **GRANTED**, and the following case deadlines are set:

| | |
|---|---|
| Class certification motion | July 16, 2026 |
| Last day to depose expert(s) disclosed with class certification motion | August 6, 2026 |
| Opposition to class certification motion, motion to decertify | September 11, 2026 |
| Last day to depose expert(s) disclosed with class certification opposition and motion to decertify | September 30, 2026 |
| Reply to class certification motion, opposition to motion to decertify | October 9, 2026 |
| Last day to depose expert(s) disclosed with opposition to motion to decertify | October 23, 2026 |
| Reply to motion to decertify | November 13, 2026 |
| Class certification hearing | December 8, 2026, at 10:00 a.m. |

**IT IS SO ORDERED.**

Dated: January 23, 2026

RITA F. LIN
United States District Judge

2