JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DEFENDANT WORKDAY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS**<br><br>Date:          February 24, 2026<br>Time:         10:00 A.M.<br>Courtroom:  15, 18th Floor<br>Judge:        Hon. Rita F. Lin<br><br>Second Amended Complaint: Jan. 7, 2026 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF POINTS ........................................................... 1

II. THE COURT SHOULD ADJUDICATE THE VIABILITY OF THE ADEA CLAIM ............................................................................................................................... 1

    A. THE COURT HAS DISCRETION TO CONSIDER WORKDAY'S ARGUMENTS ........................................................................................................ 1

    B. THE COURT SHOULD ADDRESS WORKDAY'S ARGUMENTS ON THE MERITS NOW ................................................................................................ 2

    C. THE LAW OF THE CASE DOES NOT PRECLUDE WORKDAY'S ARGUMENT ............................................................................................................ 4

III. THE ADEA LACKS A DISPARATE IMPACT CLAIM FOR APPLICANTS ................ 5

IV. PLAINTIFFS' FEHA CLAIMS MUST BE DISMISSED ................................................... 7

    A. PLAINTIFFS MISSTATE THEIR ALLEGATIONS ............................................ 7

    B. RATIFICATION IS INSUFFICIENT TO ESTABLISH EXTRATERRITORIAL APPLICATION OF FEHA ............................................ 7

    C. THIS COURT CAN AND SHOULD DISMISS PLAINTIFFS' FEHA CLAIMS NOW ........................................................................................................ 8

    D. ROWE'S WORKDAY APPLICATIONS DO NOT ESTABLISH A SUFFICIENT CALIFORNIA NEXUS ..................................................................... 9

V. PLAINTIFF HUGHES'S DISABILITY DISCRIMINATION CLAIM FAILS ................. 9

VI. PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES MUST BE DISMISSED ........... 9

VII. PLAINTIFFS' ALLEGATIONS RELATED TO AUTOMATED RECRUITMENT, PROMOTION, AND RETENTION OF EMPLOYEES SHOULD BE STRICKEN ........................................................................................................ 10

VIII. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Apple iPhone Antitrust Litigation*,
  846 F.3d 313 (9th Cir. 2017) .................................................................................... 1, 2, 3, 4

*B&G Foods N. Am., Inc. v. Embry*,
  2024 WL 1344676 (E.D. Cal. Mar. 29, 2024) ........................................................................ 1

*Brooks v. Caswell*,
  2016 WL 866303 (D. Or. Mar. 2, 2016) ................................................................................ 2

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) .................................................................................................. 4

*Cuviello v. City of Vallejo*,
  2020 WL 6728796 (E.D. Cal. Nov. 16, 2020) ........................................................................ 1

*Dodd-Owens v. Kyphon, Inc.*,
  2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ............................................................................ 8

*Gonsalves v. Infosys Techs., LTD*,
  2010 WL 1854146 (N.D. Cal. May 6, 2010) .......................................................................... 8

*Griggs v. Duke Power Co.*,
  1972 WL 215 (M.D.N.C. Sept. 25, 1972) .............................................................................. 5

*Griggs v. Duke Power Co.*,
  401 U.S. 424 (1971) ............................................................................................................ 5, 6

*Hill v. Workday, Inc.*,
  773 F. Supp. 3d 779 (N.D. Cal. 2025) .................................................................................... 8

*Kleber v. CareFusion Corp.*,
  914 F.3d 480 (7th Cir. 2019) ............................................................................................... 5, 6

*Kolstad v. Am. Dental Ass'n*,
  527 U.S. 526 (1999) ................................................................................................................ 9

*Kruska v. Perverted Just. Found. Inc.Org*,
  2010 WL 4791666 (D. Ariz. Nov. 18, 2010) .......................................................................... 2

*Lamie v. United States Tr.*,
  540 U.S. 526 (2004) ................................................................................................................ 6

*Leaser v. Prime Ascot, L.P.*,
  2024 WL 3011226 (E.D. Cal. June 12, 2024) ........................................................................ 1

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Loper Bright Enters. v. Raimondo*,
　603 U.S. 369 (2024) .................................................................................................. 6

*Morris v. Walmart, Inc.*,
　2024 WL 3784113 (D. Mont. Aug. 13, 2024) ........................................................... 4

*Nor-Cal Moving Servs. v. Paylocity Corp.*,
　2025 WL 2921849 (N.D. Cal. Oct. 15, 2025) .......................................................... 10

*Pascal v. Concentra, Inc.*,
　2020 WL 4923974 (N.D. Cal. Aug. 21, 2020) ........................................................... 2

*Penk v. Or. State Bd. of Higher Educ.*,
　816 F.2d 458 (9th Cir. 1987) ..................................................................................... 9

*Penn v. Stumpf*,
　308 F. Supp. 1238 (N.D. Cal. 1970) ........................................................................... 6

*Power Probe Grp., Inc. v. Innova Elecs. Corp.*,
　670 F. Supp. 3d 1143 (D. Nev. 2023) ........................................................................ 2

*Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*,
　2018 WL 6268878 (N.D. Cal. Nov. 29, 2018) ........................................................... 1

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
　360 F. Supp. 3d 1039 (S.D. Cal. 2019) ................................................................. 4, 6

*Sandoval v. County of Sonoma*,
　2015 WL 1926269 (N.D. Cal. Apr. 27, 2015) ........................................................... 9

*Santiago v. DeJoy*,
　2020 WL 6118528 (N.D. Cal. Oct. 16, 2020) .......................................................... 10

*Schechner v. CBS Broad., Inc.*,
　2010 WL 2794374 (N.D. Cal. July 15, 2010) .......................................................... 10

*Schneider v. Cal. Dep't of Corr.*,
　151 F.3d 1194 (9th Cir. 1998) .................................................................................. 10

*Sivakova v. Am. Honda Motor Co.*,
　2025 WL 2324632 (C.D. Cal. July 17, 2025) ........................................................ 2, 4

*Smith v. City of Jackson*,
　544 U.S. 228 (2005) ............................................................................................. 5, 6

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, 2016 WL 10570248 (C.D. Cal. Aug. 17, 2016) ............................................. 2

**State Cases**

*Campbell v. Arco Marine, Inc.*,
   42 Cal. App. 4th 1850 (1996) ........................................................................................... 7, 8

*Diamond Multimedia Sys., Inc. v. Superior Ct.*,
   19 Cal. 4th 1036 (1999) ........................................................................................................ 8

**Federal Statutes**

29 U.S.C. § 623(a)(2) ............................................................................................................... 5, 6

42 U.S.C. § 1983 .......................................................................................................................... 6

Americans with Disabilities Act ("ADA") .................................................................................. 9

Age Discrimination in Employment Act ("ADEA") .......................................................... *passim*

**State Statutes**

Cal. Civ. Code § 3294 ............................................................................................................... 10

**Federal Rules of Civil Procedure**

Rule 1 ...................................................................................................................................... 1, 4

Rule 12(b)(6) ............................................................................................................................... 2

Rule 12(c) .................................................................................................................................... 3

Rule 12(f) .................................................................................................................................. 10

Rule 12(g) .................................................................................................................................... 2

Rule 12(h)(2) ............................................................................................................................... 4

I.       **INTRODUCTION AND SUMMARY OF POINTS**

Not only does the Court have authority to consider the arguments made in Workday's Motion to Dismiss, but the Court should also grant the Motion, as Plaintiffs fail to rebut Workday's substantive arguments. With respect to Plaintiffs' ADEA claim, the Ninth Circuit has rejected the bright line procedural bar Plaintiffs ask this Court to adopt. Instead, for practical reasons, it encourages courts to address live legal disputes on the merits, rather than delay them to later in the litigation. Plaintiffs do not even attempt to address Workday's statutory interpretation arguments, and the case law they cite is demonstrably outdated or inapposite. Plaintiffs' claims under California's Fair Employment and Housing Act ("FEHA") fare no better. Indeed, their attempt to justify application of California law with facts found nowhere in the Second Amended Complaint ("SAC") concedes their pleading is deficient. And even if the SAC included the allegations Plaintiffs make in their Opposition, they are still insufficient. The Court also should dismiss Plaintiff Hughes's individual claim and Plaintiffs' prayer for punitive damages as insufficiently pled and strike immaterial allegations related to recruitment, promotion, and retention.

II.      **THE COURT SHOULD ADJUDICATE THE VIABILITY OF THE ADEA CLAIM**

   A.   **The Court Has Discretion to Consider Workday's Arguments**

In *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 318 (9th Cir. 2017), the Ninth Court gave clear guidance to district courts that refusing to consider arguments contained in 12(b)(6) motions because they were not briefed in a prior 12(b)(6) motion "can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* Indeed, since that decision, district courts in this circuit routinely do exactly what Workday is asking the Court to do here. *See, e.g.*, *B&G Foods N. Am., Inc. v. Embry*, 2024 WL 1344676, at *2 (E.D. Cal. Mar. 29, 2024) ("district courts often exercise their discretion to consider new [12(b)(6)] arguments in the interest of judicial economy" and "considering the merits of defendants' motion"); *Cuviello v. City of Vallejo*, 2020 WL 6728796, at *5 (E.D. Cal. Nov. 16, 2020) ("Drawing on the 'practical wisdom' of other district courts before it . . . this court will reach the merits of defendants' [12(b)(6)] motion[.]"); *Leaser v. Prime Ascot, L.P.*, 2024 WL 3011226, at *4 (E.D. Cal. June 12, 2024) ("[T]he Court exercises its discretion to rule on the 12(b)(6) Motion."); *Salinas Valley Mem'l Healthcare*

1  *Sys. v. Monterey Peninsula Horticulture, Inc.*, 2018 WL 6268878, at *4 (N.D. Cal. Nov. 29, 2018) (recognizing Ninth Circuit's "flexible approach to Rule 12(g) that focuses on judicial efficiency" and considering defendant's 12(b)(6) arguments on the merits); *Kruska v. Perverted Just. Found. Inc.Org*, 2010 WL 4791666, at *3 (D. Ariz. Nov. 18, 2010) ("a court has discretion to hear a successive Rule 12(b)(6) motion if it is not filed to cause delay and if it may expedite final disposition of the proceedings").

Plaintiffs argue that Workday "misinterprets" *In re Apple*. Opp. at 2. Not so. To the contrary, Plaintiffs ask the Court to ignore it, by citing to cases that either ***predate*** or fail to acknowledge it. Opp. at 1-2; *see Townsend Farms v. Goknur Gida Madderleri Enerji Imalat Ithalat Ihracat Ticaret Ve Sanayi A.S.*, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016) (predating *In re Apple*); *Pascal v. Concentra, Inc.*, 2020 WL 4923974 (N.D. Cal. Aug. 21, 2020) (relying on *Townsend Farms* and cases that predate *In re Apple*); *Brooks v. Caswell*, 2016 WL 866303, at *2 (D. Or. Mar. 2, 2016) (predating *In re Apple*); *Power Probe Grp., Inc. v. Innova Elecs. Corp.*, 670 F. Supp. 3d 1143, 1146 (D. Nev. 2023) (overlooking *In re Apple* and holding "[i]t appears the Ninth Circuit has not previously weighed in on this issue"); *Sivakova v. Am. Honda Motor Co.*, 2025 WL 2324632, at *4 (C.D. Cal. July 17, 2025) (failing to acknowledge *In re Apple*). The Court should reject Plaintiffs' invitation to ignore controlling Ninth Circuit precedent by relying on outdated case law.

**B.  The Court Should Address Workday's Arguments on the Merits Now**

Not only does *In re Apple* confirm the Court has discretion to consider Workday's arguments, but it counsels the Court *should* consider them, rather than force the parties to go through another round of legal briefing at the summary judgment stage (which, as explained below, would be Workday's next opportunity to raise them). Plaintiffs attempt to distinguish in *In re Apple* because Apple previously made the argument at issue in its third motion to dismiss, but the district court declined to consider it. Opp at 2. The court's holding, however, focused on the fact that Apple could have raised the argument in its first or second motion to dismiss, but did not. *In re Apple*, 846 F.3d at 320. More importantly, it was not cabined only to procedurally identical situations. Instead, the Ninth Circuit identified reasons why courts might, as a general matter, consider "late-filed" 12(b)(6) motions on the merits—both as a matter of judicial economy and consistent with the

purpose of the Federal Rules—so long as the motions were not filed for "any strategically abusive purpose." *Id.*

Plaintiffs do not argue, nor does the procedural history suggest, that Workday filed this motion for a "strategically abusive purpose." To the contrary, Workday has consistently maintained its position that the ADEA does not authorize a disparate impact claim for job applicants, including at the hearing on Workday's last motion to dismiss (in response to a question from the Court at oral argument), as an affirmative defense in its Answer, and in multiple case management statements. *See, e.g.*, ECF Nos. 87, 96, and 104. Now that Plaintiffs have amended their complaint, Workday sensibly took the opportunity to brief this important legal issue (for the first time) rather than wait until a motion for summary judgment. Plaintiffs cannot now claim prejudice given Plaintiffs *chose* to amend their complaint ***more than a year past the deadline***. The Court should consider the fully briefed arguments and address the viability of the ADEA claim now. *See In re Apple*, 846 F.3d at 320 (advising that waiting to raise issue in a Rule 12(c) motion or asserting the defense at trial, would "delay[]resolution of the . . . question, and would [] do[] so for no apparent purpose").

Plaintiffs' Opposition misrepresents the relevant procedural history. When Workday filed its first motion to dismiss, Plaintiffs alleged ***only*** that Workday is an employment agency—not an agent. *See* ECF No. 1. The ADEA does not provide for a disparate impact claim against employment agencies ***at all*** (even for employees), and Workday made that argument. *See* ECF No. 17. In Plaintiffs' First Amended Complaint, Plaintiffs added the allegation that Workday is an agent. *See* ECF No. 47. Not only has no district court in the Ninth Circuit previously held that a third-party business entity (as opposed to a person) could be an "agent" for purposes of employer liability under the ADEA, but Workday also argued in its second motion to dismiss that Plaintiffs failed to plead facts sufficient to show that Workday is an agent. *See* ECF No. 50. At oral argument, the Court asked Workday whether a finding that Workday is an agent would lead to liability under the employer prong of the ADEA. *See* ECF No. 41. The Court's question indicated to Workday that the Court was inclined to deny Workday's motion with respect to Plaintiffs' agency theory of liability, which prompted Workday at that time to raise the argument that the ADEA does not authorize a disparate impact claim for applicants (even under the employer prong).

1    Particularly given the novel nature of Plaintiffs' theory of liability as to Workday under the ADEA, the Court should exercise its discretion to address this important issue on the merits. Again, *In re Apple* is instructive. There, the Ninth Circuit recognized that Apple did not seek to dismiss plaintiffs' claims for lack of statutory standing in either of its first two motions to dismiss. 846 F.3d at 319. Rather than reject the arguments in a subsequent motion as "late," the Ninth Circuit chose to follow the "practical wisdom" of the Third and Tenth Circuit, as well as several other district courts in the Ninth Circuit, and addressed the arguments on the merits rather than "relegating defendants to the three procedural avenues specified in Rule 12(h)(2)," which "can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* at 318. Similarly, the Court should consider Workday's arguments on the merits now, given it is fully briefed and avoids further delay on an important legal issue central to this litigation.

### C.    The Law of the Case Does Not Preclude Workday's Argument

Plaintiffs alternatively argue that the law of the case doctrine forecloses Workday's ADEA argument. This is incorrect. Plaintiffs' own cited authority confirms that the law of the case doctrine is inapplicable here. *See Sivakova*, 2025 WL 2324632, at \*4 (citing *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1038 (9th Cir. 2018) ("We conclude that it was error to apply the law of the case doctrine on a motion to dismiss an amended complaint.")). Setting aside that Plaintiffs' authority does not support their position, there is ample authority holding that Workday need not seek reconsideration here. *See, e.g.*, *Morris v. Walmart, Inc.*, 2024 WL 3784113, at \*5 (D. Mont. Aug. 13, 2024) (court is "not bound by any law of the case in resolving [a 12(b)(6)] motion, even if the amended complaint is substantially the same as the initial complaint"); *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 360 F. Supp. 3d 1039, 1046 (S.D. Cal. 2019) (law of the case does not preclude the court from addressing a motion to dismiss on the merits, even if it presents issues already ruled upon). In any case, courts may revisit prior orders at any time prior to entry of final judgment. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001) (recission of order did not violate the law of the case doctrine because "[t]he doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order" since it is "discretionary" and "in no way 'a limit on [a court's] power.'").

## III. THE ADEA LACKS A DISPARATE IMPACT CLAIM FOR APPLICANTS

Tellingly, Plaintiffs do not even address Workday's arguments based on the plain language of the ADEA because they cannot. The statutory language is clear. It states an employer may not "limit, segregate, or classify ***his employees***" where that conduct "***adversely affect[s] his status as an employee***, because of such individual's age." 29 U.S.C. § 623(a)(2) (emphasis added). This language does not reach job applicants. Indeed, if Congress wanted to extend section 623(a)(2) to job applicants, it could have done so, just as it did when it amended Title VII by extending this exact same language to cover to job applicants. In fact, with respect to the ADEA, Congress repeatedly has *rejected* attempts to expand the ADEA in this way. Mot. at 6-7. Where Congress took action in one instance (amending Title VII to explicitly protect job applicants) and intentionally and repeatedly failed to take the same action in another (by refusing to amend the ADEA), that conduct must be afforded meaning. Plaintiffs offer no alternative explanation because there is none—the ADEA does not permit a disparate impact claim by job applicants.

Plaintiffs contend that section 623(a)(2) reaches beyond its text because a series of inapposite cases, and a lone, non-binding district court opinion, said so. Plaintiffs are wrong. First, Plaintiffs overread *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971). *Griggs* did not decide the viability of job applicant claims because all the plaintiffs in *Griggs* were employees. *See Griggs v. Duke Power Co.*, 1972 WL 215, at *1 (M.D.N.C. Sept. 25, 1972) (entering injunction on remand to cover only present and future "employees" of Duke Power); *Kleber v. CareFusion Corp.*, 914 F.3d 480, 485 (7th Cir. 2019) ("Nowhere in *Griggs* did the Court state that its holding extended to job applicants."). Plaintiffs' reliance on stray sentences and dicta in *Griggs* is thus misplaced. Indeed, had *Griggs* reached applicants, there would have been no need for Congress to amend Title VII to expressly include them. *See* Mot. at 6. Plaintiffs' contention that this amendment was "merely declaratory," Opp. at 7-8, relegates an amendment by Congress to a "meaningless act," *Kleber*, 914 F.3d at 486, and ignores that the Supreme Court could not have answered a question not presented.

Plaintiffs similarly overread *Smith v. City of Jackson*, 544 U.S. 228, 266 (2005). First, all plaintiffs in *Smith* were also employees, so this question was not presented in that case. 544 U.S. at

230. Second, the Court in *Smith* expressly noted the distinction between employees and applicants in section 623(a)(1) and (a)(2). Focusing on "key textual differences between § 4(a)(1) … and 4(a)(2)," the Court's plurality noted that section (a)(2), "[u]nlike … paragraph (a)(1) … focuse[s] on [the employer's] employees generally—and the individual employee who adversely suffers because of those actions." *Id.* at 236 n.6 (Stevens, J., plurality). Justice O'Connor separately agreed with this reading, noting that "Section 4(a)(2), of course, does not apply to 'applicants for employment' at all—it is only § 4(a)(1) that protects this group." *Id.* at 266 (O'Connor, J., concurring, joined by Kennedy & Thomas, JJ.). Seven Supreme Court Justices thus expressly noted that section 4(a)(2) protects only employees and not applicants. *See Kleber*, 914 F.3d at 485.

Perhaps recognizing that *Smith* and *Griggs* do not support their argument, Plaintiffs cite another inapposite case in search of support, *Penn v. Stumpf*, 308 F. Supp. 1238 (N.D. Cal. 1970). Opp. at 8. Plaintiffs claim *Penn* "held that applicants may properly challenge the disparate impact of hiring tests and other criteria well before the 1972 amendment of [Title VII]." *Id.* But that case involved a ***constitutional*** discrimination claim under 42 U.S.C. § 1983, and the court never interpreted the relevant language in Title VII or the ADEA. 308 F. Supp. at 1239-40. Thus, *Penn* is irrelevant.

*Rabin* also does not change the analysis. *Rabin* is a non-binding decision that stands alone against the plain text of the statute and the weight of contrary authority, including the only federal circuits to have reached this question, as well as the Justices' clearly contrary interpretation in *Smith*. And, this Court benefits from hindsight that *Rabin* did not have. **First**, another circuit sitting en banc ***also*** has now rejected *Rabin*'s (and Plaintiffs') reading of the statute. *See Kleber*, 914 F.3d at 488. **Second**, since *Rabin*, Congress repeatedly has rejected attempts to amend the ADEA to provide for applicant disparate impact claims. *See* Mot. at 6-7. **Third**, federal courts are no longer required to defer to agency interpretations of federal statutes. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). In any event, this Court should not follow *Rabin* because its holding contradicts the plain language of the ADEA, which does not provide for a disparate impact claim for applicants. *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) (when the language in a statute is clear, the Court's "sole function" is to "enforce it according to its terms"); 29 U.S.C. § 623(a)(2).

## IV. PLAINTIFFS' FEHA CLAIMS MUST BE DISMISSED

### A. Plaintiffs Misstate Their Allegations

Plaintiffs contend their FEHA claims are proper because Workday "formulated, controlled, and executed" discriminatory hiring decisions "in California." Opp. at 11. Plaintiffs also state that Workday "designed, trained, governed, and deployed a centralized screening system from California that controls access to employment opportunities nationwide." *Id.* But **none** of those allegations appear in the SAC. Accordingly, Plaintiffs concede their claim is insufficiently pled. Indeed, the *only* connection Plaintiffs plead to California is that Workday is headquartered here, SAC ¶¶ 3, 8, and that Workday "engages in or ratifies illegal conduct" from California, SAC ¶ 18. These allegations are conclusory and insufficient as a matter of law, and the other allegations Plaintiffs identify in support of their argument are themselves untethered to California.

### B. Ratification Is Insufficient to Establish Extraterritorial Application of FEHA

California laws do not apply extraterritorially. Mot. at 8-9 (citing cases). California courts have rejected the view that a California "employer" is subject to California law universally, regardless of the location of the harm. *See Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996) (no FEHA application where tortious conduct took place outside California).

Plaintiffs do not contest that a California nexus must be more than where a company is headquartered, *see Campbell*, 42 Cal. App. 4th at 1858-59, but instead attempt to manufacture a California-connection by introducing allegations of ratification that appear nowhere in the SAC. Plaintiffs only (conclusory) reference to ratification in the SAC is that the "Northern District of California is the most logical forum" because the "Defendant's home office is here and it engages in or ratifies illegal conduct adversely affecting the Plaintiff here." SAC ¶ 18. In their fifty-five-page SAC, Plaintiffs say nothing about what "illegal conduct" occurs in California, whether or how Workday ratifies that conduct, or any connection between Plaintiffs and California. A single conclusory line to defend Plaintiffs' forum choice cannot support the application of FEHA to job applicants outside of California applying to jobs that are outside of California.

Moreover, *Campbell* rejected the idea that ratification alone is sufficient to support the extraterritorial application of California law. 42 Cal. App. 4th at 1858-59 (applying FEHA where

the "most that can be said is that the [alleged unlawful] decision . . . was either made or ratified in Long Beach" "would raise serious constitutional concerns"). The Court should similarly reject Plaintiffs' overbroad view of California law that not only raises constitutional questions but would also have far-reaching implications for all California-based companies.

Plaintiffs' cited case, *Sims v. Worldpac Inc.*, illustrates why Plaintiffs' allegations fail to support a ratification theory. 2013 WL 663277, at *3 (N.D. Cal. Feb. 22, 2013). *Sims* pled far more detailed allegations of ratification: the plaintiff identified by name the three individuals who engaged in the alleged conduct, did "more than merely imply that [the individuals] worked in [defendant's] headquarters in Newark, California," and alleged the individuals were actually in California when making the allegedly unlawful decisions. *Id.* Here, Plaintiffs have made no such allegations. Plaintiffs' only other support for the extraterritorial application of FEHA is a wholly irrelevant case addressing the extraterritorial reach of securities law. *See Diamond Multimedia Sys., Inc. v. Superior Ct.*, 19 Cal. 4th 1036 (1999). Plaintiffs' allegations are insufficient to invoke FEHA.

### C. This Court Can and Should Dismiss Plaintiffs' FEHA Claims Now

Plaintiffs next argue that Workday's extraterritoriality arguments are "fact issues not resolvable on a motion to dismiss," but that argument is untenable. Plaintiffs' conclusory ratification claims are not entitled to deference, even at the pleadings stage. *See Hill v. Workday, Inc.*, 773 F. Supp. 3d 779, 797 (N.D. Cal. 2025) (dismissing FEHA claims with prejudice where "the FAC does not allege sufficient facts (as opposed to mere conclusions) that any significant aggregation of material elements of Plaintiff's causes of action occurred or were sufficiently ratified by identified persons in California"); *Gonsalves v. Infosys Techs., LTD*, 2010 WL 1854146, at *5-6 (N.D. Cal. May 6, 2010) (dismissing plaintiff's claims without leave to amend where plaintiff made a "formulaic, conclusory, blanket recitation of 'ratification'"); *Dodd-Owens v. Kyphon, Inc.*, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007). Courts routinely dismiss FEHA claims on extraterritoriality grounds where the allegations are as sparse and conclusory as they are here. And in most cases, plaintiffs must plead application of California law from the beginning. Here, Plaintiffs seek to plead new claims almost three years into this litigation, following substantial discovery, and yet offer nothing more than vague, conclusory, unsupported allegations.

### D. Rowe's Workday Applications Do Not Establish a Sufficient California Nexus

Finally, Plaintiffs argue that even if the other Plaintiffs' FEHA claims are insufficiently pled, Plaintiff Faithlinh Rowe's allegation that she "applied directly to Workday itself and that her applications were screened and rejected by Workday's automated hiring system" is enough to establish a California nexus under FEHA. Opp. at 12. Not so. Plaintiff Rowe is a Texas resident, and she does not allege that she applied for a job at Workday in California or that the employment decision was made in California. The California Civil Rights Department's routine right to sue letter is irrelevant, particularly where the CRD did not investigate and never affirmed their jurisdiction or the applicability of FEHA to Rowe's claims (and where Plaintiffs did not file a proper request for judicial notice). Plaintiff Rowe's FEHA claim must also be dismissed.

## V. PLAINTIFF HUGHES'S DISABILITY DISCRIMINATION CLAIM FAILS

Plaintiffs' Opposition fundamentally misunderstands Workday's argument about Hughes's disability discrimination claim. Workday moved to dismiss this claim because she fails to allege sufficient facts to support her claim. Mot. at 11. Plaintiffs do not respond to this argument but instead argue the Court can redefine the class to get around it. Opp. at 12-13. Plaintiffs miss the mark. Indeed, their own cases confirm that while they can narrow their class definition, they cannot expand it. *See Sandoval v. County of Sonoma*, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015); *Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458 (9th Cir. 1987). In any case, Workday did not move to strike the class definition. It moved to dismiss ***Hughes's*** disability discrimination claim, as she alleges Workday's "assessments" and "personality tests" screen out individuals with "mental health disorders" and "cognitive impairments" without pleading that she was subjected to one of these tests or suffers from one of these disabilities. Plaintiffs do not—and cannot—solve for the fact that they've alleged *zero* facts to support Hughes's claim that Workday's software discriminated against her because of her physical disabilities, and her claim must be dismissed.

## VI. PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES MUST BE DISMISSED

Plaintiffs' prayer for punitive damages should also be dismissed. Plaintiffs cannot recover punitive damages for their federal claims. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30, 534 (1999) (punitive damages not available for disparate impact claims under Title VII and ADA);

*Santiago v. DeJoy*, 2020 WL 6118528, *3 (N.D. Cal. Oct. 16, 2020) ("punitive damages are not available at all under the ADEA" (citing *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009)). While FEHA case law is less developed, courts have concluded that, as under federal law, disparate impact claims do not give rise to punitive damages. *See Schechner v. CBS Broad., Inc.*, 2010 WL 2794374, at *11 (N.D. Cal. July 15, 2010). To the extent the Court disagrees, Plaintiffs have not pled facts sufficient to support a claim that Workday acted with fraud, oppression, or malice, as required by California law. *See* Cal. Civ. Code § 3294. It is Plaintiffs' *allegations*, not Opposition arguments made without citation, that are controlling. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (a court cannot consider allegations raised solely in an opposition when ruling on a 12(b)(6) motion). Plaintiffs do not plausibly allege Workday's state of mind in their SAC, and their request for punitive damages must be dismissed.[1]

## VII. PLAINTIFFS' ALLEGATIONS RELATED TO AUTOMATED RECRUITMENT, PROMOTION, AND RETENTION OF EMPLOYEES SHOULD BE STRICKEN

Beyond asserting that Rule 12(f) motions are disfavored, Plaintiffs do not defend their "recruitment, promotion, and retention" allegations. Instead, Plaintiffs buttress Workday's point by stating that the "core issue" is Workday's alleged "*hiring* practices." Opp. at 15 (emphasis added). Plaintiffs' claims challenge Workday's AI-powered software as it relates to hiring—not to recruitment, promotion or retention. In Plaintiffs' only cited authority (a one paragraph decision denying a motion to strike), the defendant conceded the materiality of the allegations. *Nor-Cal Moving Servs. v. Paylocity Corp.*, 2025 WL 2921849, at * 1 (N.D. Cal. Oct. 15, 2025). Workday makes no such concession here. Workday's motion to strike should be granted.

## VIII. CONCLUSION

For the reasons provided herein, the Court should dismiss Plaintiffs' ADEA and FEHA claims with prejudice. It should similarly dismiss Plaintiff Hughes's disability discrimination claim and Plaintiffs' request for punitive damages. Finally, the Court should strike any mentions to discrimination in recruitment, promotion, or retention.

---

[1] Plaintiffs cite an Eleventh Circuit case for the proposition that a disparate impact can itself show intent to discriminate, Opp. at 14, but this proposition has no bearing on whether Plaintiffs can recover punitive damages.

Dated: February 11, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Erin M. Connell*_____
JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOTT
Attorneys for Defendant
WORKDAY, INC.