UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WORKDAY, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO STRIKE**<br><br>Re: Dkt. Nos. 237; 256 |

　　　　In 2023, Derek Mobley brought this action for employment discrimination against Workday, Inc., alleging that Workday's algorithm-based applicant screening tools discriminated against him and other similarly situated job applicants on the basis of race, age, and disability. After the Court ruled on two rounds of motions to dismiss, Mobley proceeded on claims for disparate impact discrimination based on race (under Title VII of the Civil Rights Act of 1964), based on disability (under the Americans with Disabilities Act ("ADA")), and based on age (under the Age Discrimination in Employment Act of 1967 ("ADEA")).

　　　　On January 6, 2026, the Court granted leave to amend the complaint to add three new named plaintiffs,[1] and to add claims for gender-based discrimination under Title VII and gender-, race-, and age-based discrimination under the California Fair Employment and Housing Act ("FEHA"). (Dkt. No. 230; Dkt. No. 231 ("SAC").) Workday now moves to dismiss and to strike portions of the Second Amended Complaint for failure to state a claim. (Dkt. No. 237.) The AARP and AARP Foundation ("AARP"), a nonprofit organization that advocates for

---

[1] The additional Plaintiffs are Jill E. Hughes, Sheilah Johnson-Rocha, and Faithlinh Rowe.

1

Americans who are over 50 years old, seeks leave to file an amicus brief related to the pending motion to dismiss. (Dkt. No. 256.) For the reasons explained below, the motion for leave to file an amicus brief is **GRANTED** and the motion to dismiss and to strike is **GRANTED IN PART AND DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Leave to File Amicus Brief***. AARP is granted leave to file its amicus brief. Workday argues the brief was untimely because it was filed after Workday filed its reply. However, Workday was given the opportunity to oppose both the motion and the merits of the amicus brief, and Workday does not explain how the short delay to allow it to file any opposition was unduly prejudicial. (Dkt. No. 259.) Therefore, leave will not be denied based on untimeliness or prejudice. Workday also argues that AARP is too closely aligned with Plaintiffs, is not impartial, and raises redundant arguments. But when a court exercises its discretion to allow an amicus to file a brief, the "salient question is whether such brief is helpful to the Court." *California v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). The brief provides helpful information about a number of relevant arguments. *Id.* The motion to file an amicus brief is granted.

***Motion to Dismiss ADEA Claims (Count IV)***. Workday seeks dismissal of Plaintiffs' ADEA claims on the basis that job applicants may not bring disparate impact claims under the ADEA.[2] The Court has previously rejected this argument, and reaches the same conclusion here. *See Mobley v. Workday, Inc.*, 740 F. Supp. 3d 796, 811 n.4 (N.D. Cal. 2024) ("[J]ob applicants may bring disparate impact claims under the ADEA for the reasons articulated in *Rabin v.*

---

[2] Plaintiffs argue that Workday waived this argument by failing to raise it—other than at oral argument—in its prior motions to dismiss. (Dkt. No. 250 at 7–9.) However, the Court has discretion to consider Workday's argument, and does so in the interest of juridical efficiency. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019). There is no indication of a "strategically abusive purpose" behind Workday's motion, and declining to reach the argument at this stage would simply delay resolution of the issue "for no apparent purpose." *Id.*

Citations to page numbers refer to ECF pagination.

*PricewaterhouseCoopers LLP*, 236 F. Supp. 3d 1126 (N.D. Cal. 2017).").

Workday argues that recent unsuccessful attempts to amend 29 U.S.C. § 623(a)(2)—the section of the ADEA governing disparate impact claims—to expressly include applicants for employment is evidence that Congress did not originally intend its protections to extend to job applicants. (Dkt. No. 237 at 14.) But "speculation about why a later Congress declined to adopt new legislation offers a particularly dangerous basis on which to rest an interpretation of an existing law a different and earlier Congress did adopt." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 670 (2020) (citation omitted). The amendment attempts do not provide a basis to reach a different conclusion on this issue.

Workday also argues that "*Rabin*'s reliance on *Chevron* deference is [] no longer valid" in light of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). (Dkt. No. 237 at 14.) But *Rabin*'s holding is not contingent on deference to agency interpretation, which it describes as "yet another reason to reject" the construction of the statute that Workday advocates. 236 F. Supp. 3d at 1132. Moreover, *Loper Bright* instructs that courts may continue to defer to agency interpretations under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Loper Bright*, 603 U.S. at 371. As *Rabin* observed, the Equal Employment Opportunity Commission ("EEOC"), has long interpreted the disparate impact provisions of the ADEA as applying to job applicants, going back to just a few months after the ADEA was signed into law, and has affirmed that interpretation through formal notice-and-comment rulemaking. 236 F. Supp. 3d. at 1132–33. Those conclusions are equally persuasive under *Skidmore* deference as under *Chevron* deference. The motion to dismiss the ADEA claim is denied.

***Motion to Dismiss FEHA Claims (Counts VII and VIII).***[3] Workday moves to dismiss Plaintiffs' FEHA claims because Plaintiffs "plead absolutely no connection to California," (Dkt. No. 237 at 15–16), and as a result Workday argues that Plaintiffs impermissibly seek to apply the

---

[3] Count VII also includes a federal claim under Title VII that is not addressed here, because it is not the subject of the motion to dismiss.

FEHA extraterritorially.  *See Campbell v. Arco Marine, Inc.*, 50 Cal. Rptr. 2d 626, 628 (Ct. App. 1996) (holding that the FEHA did not apply to non-residents where "the tortious conduct took place out of [California]'s territorial boundaries").  In response, Plaintiffs point to the allegations in the SAC that "Workday is located [in California], the acts complained of occurred in . . . California," and Workday "engages in or ratifies illegal conduct" from California.  (SAC ¶¶ 3, 18.)  In their opposition brief, Plaintiffs argue that Workday "designed, trained, governed, and deployed a centralized screening system from California," and as a result Workday participated in the alleged discriminatory acts from California.  (Dkt. No. 250 at 17.)  However, those allegations do not appear in the complaint.

While participation by an actor residing in California in alleged unlawful conduct can provide a basis for someone with no other California connections of their own to state a claim under the FEHA, there must be sufficient factual allegations in the complaint to show a nexus between California and the allegedly unlawful conduct.  *See Paparella v. Plume Design, Inc.*, No. 22-cv-01295-WHO, 2022 WL 2915706, at *4 (N.D. Cal. July 25, 2022) (collecting cases). As pled the SAC lacks any non-conclusory factual allegations of what unlawful conduct took place in California.[4]  *See, e.g., id.* at *4–5 (dismissing FEHA claim with leave to amend where the complaint lacked allegations of where the discriminatory conduct took place); *Loza v. Intel Americas, Inc.*, No. 20-cv-06705-WHA, 2020 WL 7625480, at *4 (N.D. Cal. Dec. 22, 2020) (holding that allegations regarding the location of a company's principal place of business were insufficient "in the absence of any allegation that any [of defendant's] employees at [the] Santa Clara main office is tied to the decision to terminate plaintiff").  Therefore, Workday's motion to dismiss Plaintiffs' FEHA claims is granted.  Dismissal is with leave to amend, because Plaintiffs' opposition brief states facts that, if alleged in the complaint, would be sufficient to establish the requisite nexus to California.

---

[4] This remains true with respect to Rowe.  (Dkt. No. 250 at 18.)  Even if she allegedly "applied directly to Workday," there are no allegations of what unlawful conduct took place in California.

*Motion to Dismiss Hughes's ADA Claim (Count II).*[5]  The SAC alleges that Hughes is a "cancer survivor with a current asthma diagnosis," with professional experience including "Senior Medical Writer, Project Manager, [] Scientific Director," and other, similar roles.  (SAC ¶¶ 31–32.)  The SAC alleges that Hughes was rejected from hundreds of positions, often through automated rejection emails.  (*Id.* ¶¶ 33–37; 176–79.)  Hughes asserts that she was subject to discrimination on the basis of her disabilities under the meaning of the ADA.  (*Id.* at Count II.)  However, there are no factual allegations in the SAC describing how Workday allegedly discriminates against applicants on the basis of physical disabilities, as opposed to mental health disorders or cognitive impairments.  For example, the SAC alleges that Workday uses "assessments and personality tests" that are "likely to reveal . . . cognitive impairments," "anxiety," and "depression."  (*Id.* ¶¶ 78–82.)  Similarly, the SAC alleges that factors like attending a historically Black college can be used by AI screening tools as a proxy for race, that extensive work experience can be used as a proxy for age, and alleges the existence of statistical evidence that Workday' AI screening tools have a disparate impact on the basis of race and gender.  (*Id.* ¶¶ 77, 154, 156.)  In contrast, there are no allegations describing what screening tools or proxies are allegedly used to identify asthma or a prior cancer diagnosis (or any other physical disability), nor are there allegations of the existence of statistical evidence supporting disparate impact on the basis of physical disability.  Therefore, as alleged, Hughes has failed to state a claim under the ADA against Workday.  Dismissal is with leave to amend, because it is not clear whether amendment would be futile.

*Motion to Dismiss Prayer for Relief.*  Rule 12(b)(6) does not "authorize[ ] dismissal of a prayer for damages in a pleading." *Kev & Cooper, LLC v. Furnish My Place, LLC*, No. 20-cv-01509, 2021 WL 6618745, at *3 (C.D. Cal. Nov. 28, 2021); *see also Muldoon v. DePuy Orthopaedics, Inc.*, No. 15-cv-02723-PJH, 2024 WL 3522204, at *15 (N.D. Cal. July 23, 2024)

---

[5] Count II also includes a claim under Title VII that is not addressed here, because it is not the subject of the motion to dismiss.

(collecting cases).  Therefore, Workday's motion to dismiss Plaintiffs' prayer for punitive damages is denied.

*Motion to Strike*.  Workday moves to strike allegations in the SAC that relate to recruitment, promotion, or retention of employees because "Plaintiffs make no factual allegations to support any claims related to discrimination in recruitment, promotion, or retention."  (Dkt. No. 237 at 6, 19.)  Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are disfavored and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Workday has not carried its burden under Rule 12(f).  The SAC alleges that the tools Workday uses in the context of recruitment, promotion, and retention are intertwined with its applicant screening tools.  (*See, e.g.*, SAC ¶¶ 156–60.)  Therefore, it is not clear that these allegations have no possible bearing on the subject matter of the litigation.  The motion to strike is denied.

*Conclusion*.  For the reasons described above, Workday's motion to dismiss and to strike is **GRANTED WITH LEAVE TO AMEND** with respect to Counts VII and VIII (as to all Plaintiffs) and Count II (as to Hughes), and is **DENIED** in all other respects.  If Plaintiffs wish to file a Third Amended Complaint correcting the deficiencies identified above, they shall do so by <u>**March 27, 2026**</u>.  Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed, and the case will proceed on the remaining claims only.

IT IS SO ORDERED.

Dated: March 6, 2026

RITA F. LIN
United States District Judge