Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC, 420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,*<br><br>v.<br><br>WORKDAY, INC., *Defendant.* | Case No. 3:23-cv-00770-RFL<br>**PLAINTIFFS' LETTER BRIEF IN SUPPORT OF COMPELLING DOCUMENT PRODUCTION**<br><br>Courtroom: B(15th Floor)<br>Magistrate Judge Laurel Beeler |

**PLAINTIFFS' LETTER BRIEF IN SUPPORT OF COMPELLING**
**DOCUMENT PRODUCTION**

## Plaintiffs' Letter Brief in Support of Compelling Document Production

**Discovery At Issue:** The Parties met and conferred on February 9, 2026 and March 6, 2026 regarding Workday's document production responses and objections. Exhs. A, B & C. The document requests at issue seek production of factual data and business records essential to determining the disparate impact of Workday's applicant screening and hiring procedures, including the underlying raw data and records on which those practices are based. *Id.*; *see also* Order, ECF 80 at 13-15 (finding that allegations regarding bias in Workday's <u>training data</u> plausibly support an inference that Workday's algorithmic tools disproportionately reject applicants based on race, age, or disability); Exh. C.

Workday has not claimed that such fact-based data and records are privileged except for the limited category it calls "bias testing data." *See* Exhs. B, E, F & G (Exh. G is an example of the Privilege Log served December 31, 2025, not the full Log); ECF No. 124 at 4 (Parties' Joint Letter May 2025). The requested data and records are by no means limited to "bias testing data," and Workday's Privilege Logs do not identify any other data or records it contends to be privileged.

**Burden Of Proof :** Workday fails to carry its burden of proof for the "bias testing data" that is the sole production for which it has preserved an objection. A responding party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981); *Tulsee Nathu v. City of Oakland*, 2022 WL 2716522, at *4 (N.D. Cal. 2022). "[T]he data underlying the statistical analysis is not protected from disclosure by the attorney-client privilege or the work-product doctrine." *Suboh v. Bellsouth Bus. Sys.*, 2004 U.S. Dist. LEXIS 31422, **24-25 (N.D. Ga. 2004) (citing *Upjohn*, 449 U.S. at 395); *accord Does v. Kaiser Found. Health Plan, Inc.*, 2025 U.S. Dist. LEXIS 47482, **7-8, 17-18 (N.D. Cal. 2025) ("The privilege protects only communications and not underlying facts."); *Stirratt v. Uber Techs., Inc.*, 2024 U.S. Dist. LEXIS 69329, *10 (N.D. Cal. 2024) (same). *See also Calendar Research LLC v. Stubhub, Inc.*, 2019 U.S. Dist. LEXIS 237001, *16 (C.D. Calf. 2019) (finding "Plaintiff is entitled to the audit report itself. The audit report appears to be solely a factual code analysis. Those underlying facts do not reflect legal advice, work product or confidential communications."); *Iacono v. IBM*, 2018 U.S. Dist. LEXIS 226184, **22-23 (C.D. Calf. 2018) (ordering production of "the underlying statistical data. . . nationwide"); *Simon v. G. D. Searle & Co.*, 816 F.2d 397, 402-403 (8th Cir. 1987) (holding that underlying "aggregate" data is not privileged — that "individual figures lose their identity when combined to create the aggregate information" and they don't become privileged "when communicated by the legal department to [another] department… simply because they include aggregate information based on the individual . . . figures.") (emphasis added). That is the case here.

The Supreme Court has likewise emphasized that plaintiffs in disparate impact cases should "have the benefit of these tools" through "liberal civil discovery rules" giving them "broad access to employers' records," including records that employers are required to "maintain . . . [to] disclose the impact which its tests and other selection procedures have upon employment opportunities" and the impact of "individual components of the selection process.'" *Ward's Cove Packing Co. v. Atonio*, 490 U.S. 642, 657-658 (1989) (citing 29 CFR §1607.4(A) & 4(c)); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 430-431 (1975) (holding that such provisions are "entitled to great deference."); *Bouman v. Block*, 940 F.2d 1211, 1225 (9th Cir. 1991) (noting that such "guidelines for the establishment of statistical proof" are "instructive.").

**Absent Privilege Log:** Workday's Privilege Log for Plaintiffs' *first* RFPs does not address or apply to the entirely separate, later-served *second* RFPs, which request underlying data and records for nine distinct AI-screening categories — including Candidate Skills Match, Fetch, Spotlight, and other AI-related features used in application screening, statistical bias testing, and adverse-impact

1
**PLAINTIFFS' LETTER BRIEF IN SUPPORT OF COMPELLING
DOCUMENT PRODUCTION**

analysis, *See* Exh. B; *see also* Exh. A & J at 2nd RFP Nos. 4, 8, 12, 13, 14, 17, 19, 20, 24-25. None of those data or records were addressed in Workday's Privilege Log objections. Exh. B, E, F & G. Nor has Workday produced any Privilege Log for Plaintiffs' second RFPs, as required within 14 days of any privilege objection, *i.e.,* by January 16, 2026. *See* Exh. I (email stipulating January 2, 2026 as Workday's objection deadline).

Even Workday's Log limited to Plaintiffs' first RFPs fails to carry Workday's burden of proof on the essential elements that: (a) attorneys were actually involved in generating the underlying data or in attorney-client communications at the pre-bias-audit stage; (b) "the primary purpose of the communication [was] to give or receive legal advice, as opposed to business advice," *In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1057-58 (N.D. Cal. 2025); or (c) such communications "were made and maintained in confidence," *BDO*, 876 F.3d at 696. Workday's own AI Fact Sheet and Recruitment Privacy Statement confirm that all AI screening and hiring procedures are operated and controlled by its business departments, not its legal department. *See* Exh. D; Exh. J at 2nd RFP nos. 13-14, 17, 19-20, 24-25.

**Waiver:** Workday's waiver argument does not substitute for satisfying its burden of proof or its obligation to comply with the Court's privilege log requirements. *See* Order, ECF 130. It argues Plaintiffs "waived" further briefing of the attorney-client privilege (ECF 124), but Workday never produced the supplemental privilege log the Court ordered as the basis for that additional briefing. *See* Order, ECF 130 (June 2, 2025); ECF Nos. 133, 136, 141. Workday acknowledged this fact in a July 10, 2025 email stating it was "working on a further revised privilege log consistent with Judge Beeler's requirements" and expected to produce it "in advance of" the briefing schedule—yet it did not produce any compliant log until December 31, 2025, more than six months after the Court's Order on June 2nd. Exh. E (July 10, 2025); ECF No. 232-10. That delay was the sole waiver here—not any action by Plaintiffs.

Such proof-of-privilege obligations cannot be shifted to Plaintiffs, because doing so would "invert[] the burden of proof, requiring the [Plaintiffs] to prove that [Workday] improperly asserted the attorney-client privilege." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). The Ninth Circuit and this Court have consistently held that "the party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication." *Tulsee Nathu*, 2022 WL 2716522, at *7; *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1227 (9th Cir. 2025).

Workday cannot waive that burden and its log obligations through litigation tactics. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 647-48 (D. Nev. 2010); *LD v. United Behavioral Health*, 2022 U.S. Dist. LEXIS 180719 (N.D. Cal. 2022).

**Possession And Control:** Workday cannot credibly contend that it lacks possession or control of the underlying "aggregate" or "statistical" disparate impact data requested. Section 3.6 of its Master Agreement with customer-employers stipulates that Workday "**owns the aggregated and statistical data** derived from the operation of the Service." Section 3.1 similarly provides that "Workday and its licensors *own* all right, title and interest in and to the Service, Documentation, and other Workday Intellectual Property Rights."  As owner, Workday necessarily has possession and control of the data and documents at issue.

**Relief Requested:** Plaintiffs respectfully requests that the Court: (1) order Workday to produce all documents responsive to Plaintiffs' RFPs for which no valid privilege has been asserted within 14 days; (2) order Workday to produce a compliant privilege log for the second RFPs within 14 days; and (3) reject Workday's waiver defense in its entirety as inapplicable to discovery requests for which it has asserted no privilege or that postdate the prior proceedings on which it relies.

Respectfully submitted,

*s/Robert L. Wiggins, Jr.*

| | |
|---|---|
| Lee D. Winston (ASB: 6407O72L) | Robert L. Wiggins, Jr. (ASB: 1754G63R) |
| *Admitted pro hac vice* | *Admitted Pro Hac Vice* |
| lwinston@winstoncooks.com | rwiggins@wigginschilds.com |
| Roderick T. Cooks (ASB: 5819O78R) | Ann K. Wiggins (ASB: 7006i61a) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| rcooks@winstoncooks.com | awiggins@wigginschilds.com |
| Bethany Mae Logan (ASB: 1360X15Z) | Samuel Fisher (ASB: 2675E68S) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| bneal@winstoncooks.com | sf@wgginschilds.com |
| Winston Cooks, LLC | Jennifer Wiggins Smith (ASB:9622E53S) |
| 420 20th Street North, Suite 2200 | *Admitted Pro Hac Vice* |
| Birmingham, Alabama 35203 | jsmith@wigginschilds.com |
| Telephone: (205) 502-0970 | Nicki L. Lawsen (ASB: 2602C00K) |
| Facsimile: (205) 278-5876 | *Admitted Pro Hac Vice* |
| | nlawsen@wigginschilds.com |
| | Freddrick M. Moore (ASB: 7952L20o) |
| | mmoore@wiggins childs.com |
| | *Admitted Pro Hac Vice* |
| | Wiggins Childs Pantazis Fisher and Goldfarb |
| | 301 North 19th Street |
| | Birmingham, Alabama 35203 |
| | Telephone: (205) 314-0500 |
| | Facsimile: 205) 254-1500 |

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 10, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

    Jay Patrick Greene   jay@ greenelawfirm.com
    Julie Ann Totten   Jtotten@orrick.com, jponce@orrick.com
    Erin M. Connell   econnell@orrick.com
    Kyla Delgado Grundy  kgrundy@ orrick.com
    Alexandria R. Elliott (aelliott@orrick.com)

                      s/*Robert L. Wiggins, Jr.*
                      Of Counsel