Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC, 420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203
Jay Greene, JD, CPA
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,* <br><br> v. <br><br> WORKDAY, INC., *Defendant.* | Case No. 3:23-cv-00770-RFL <br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO WITHDRAW DOCUMENT ECF 268 -4** <br><br> Courtroom: B(15th Floor) <br> Magistrate Judge Laurel Beeler |

**PLAINTIFFS' ADMINISTRATIVE MOTION TO
WITHDRAW DOCUMENT ECF 268-4**

**PLAINTIFFS' ADMINISTRATIVE MOTION TO
WITHDRAW DOCUMENT ECF 268 -4**

Plaintiffs respectfully submit this Administrative Motion to Withdraw Document ECF 268-4 solely because Defendant Workday, Inc. designated the document at issue as "Confidential." Plaintiffs do not agree that the document qualifies for sealing or confidential treatment and reserve all rights to challenge the designation.

## I.   INTRODUCTION

Plaintiffs recently filed a letter brief attaching as Exhibit D (ECF 268-4) a document titled "AI Fact Sheet." Defendant previously produced this document in discovery with a "Confidential" designation. After Plaintiffs filed the document , Defendant for the first time asserted that the filing violated the Stipulated Protective Order and demanded that Plaintiffs withdraw the filing and seek to file it under seal. In the past the Defendant has not contested the filing of ECF 268-4.

To avoid unnecessary motion practice regarding the mechanics of filing and to comply with the procedures of Civil Local Rule 79-5, Plaintiffs file this administrative motion. Plaintiffs emphasize, however, that they do not concede that the document contains confidential information or that it satisfies the standards for sealing judicial records.

## II.   LEGAL STANDARD

There is a strong presumption of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Where documents are filed in connection with judicial proceedings, the party seeking sealing must provide "compelling reasons" supported by specific factual findings demonstrating that secrecy outweighs the public's right of access. *Id.* The Northern District of California has repeatedly emphasized that blanket confidentiality designations in discovery do not establish that a document may be sealed when filed with the Court. Civil Local Rule 79-5(c) further provides that:

"Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document is sealable."

Accordingly, Workday bears the burden of establishing that the document is properly sealable.

## III. THE DOCUMENT DOES NOT MEET THE STANDARD FOR FILING UNDER SEAL

Plaintiffs bring this motion only because Workday recently objected to its filing. Plaintiffs do not believe the document at issue meets the legal standard for sealing. Among other things:

1. The document is a general informational "AI Fact Sheet" describing Workday's technology.

2. The document has been filed, referenced and discussed extensively in discovery and motion practice. *See,* ECF 220-1 pgs. 34-39. Last night, for the first time, Defendant objected to the use of this document.

3. Defendant has designated virtually its entire document production as "Confidential," a practice courts have repeatedly criticized as improper over-designation.

Courts in this District have imposed sanctions where parties indiscriminately designate confidential documents rather than making individualized determinations. See, e.g., *Humphreys v. Regents of Univ. of Cal.*, 2006 WL 3020902, *2-*4 (N.D. Cal. 2006). For these reasons, Plaintiffs do not believe the document satisfies the "compelling reasons" standard required to seal judicial records.

## IV. THIS MOTION IS FILED SOLELY TO REMOVE DOCUMENT BASED ON WORKDAY'S REQUEST

Plaintiffs do not believe the document at issue is confidential or that it meets the standards required to seal judicial records. Plaintiffs are not the designating party and therefore do not have a basis to seek sealing of the document. Nevertheless, considering Defendant Workday's recent objection to the public filing, Plaintiffs request the withdrawal of the exhibit from the public docket pending resolution of whether the document must be filed under seal. Plaintiffs respectfully request that the Court require the designating party to demonstrate that the document is properly sealable under Civil Local Rule 79-5.

## V.   CONCLUSION

Plaintiffs respectfully request that the Court require the designating party to demonstrate that the document is properly sealable under Civil Local Rule 79-5. If Defendant fails to make the required showing, Plaintiffs respectfully request that the Court permit the exhibit to be refiled on the public docket.

Respectfully submitted,

/s/Roderick T. Cooks

| | |
|---|---|
| Lee D. Winston (ASB: 6407O72L) | Robert L. Wiggins, Jr. (ASB: 1754G63R) |
| *Admitted pro hac vice* | *Admitted Pro Hac Vice* |
| lwinston@winstoncooks.com | rwiggins@wigginschilds.com |
| Roderick T. Cooks (ASB: 5819O78R) | Ann K. Wiggins (ASB: 7006i61a) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| rcooks@winstoncooks.com | awiggins@wigginschilds.com |
| Bethany Mae Logan (ASB: 1360X15Z) | Samuel Fisher (ASB: 2675E68S) |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| bneal@winstoncooks.com | sf@wgginschilds.com |
| Winston Cooks, LLC | Jennifer Wiggins Smith (ASB:9622E53S) |
| 420 20th Street North, Suite 2200 | *Admitted Pro Hac Vice* |
| Birmingham, Alabama 35203 | jsmith@wigginschilds.com |
| Telephone: (205) 502-0970 | Nicki L. Lawsen (ASB: 2602C00K) |
| Facsimile: (205) 278-5876 | *Admitted Pro Hac Vice* |
| | nlawsen@wigginschilds.com |
| | Freddrick M. Moore (ASB: 7952L20o |
| | mmoore@wiggins childs.com |
| | *Admitted Pro Hac Vice* |
| | Wiggins Childs Pantazis Fisher and Goldfarb |
| | 301 North 19th Street |
| | Birmingham, Alabama 35203 |
| | Telephone: (205) 314-0500 |
| | Facsimile: 205) 254-1500 |

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

3
**PLAINTIFFS' ADMINISTRATIVE MOTION TO
WITHDRAW DOCUMENT ECF 268-4**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 11, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

    Jay Patrick Greene  jay@ greenelawfirm.com
    Julie Ann Totten    Jtotten@orrick.com, jponce@orrick.com
    Erin M. Connell    econnell@orrick.com
    Kyla Delgado Grundy  kgrundy@ orrick.com
    Alexandria R. Elliott (aelliott@orrick.com)

        s/*Roderick T. Cooks*
        Of Counsel

4
**PLAINTIFFS' ADMINISTRATIVE MOTION TO
WITHDRAW DOCUMENT ECF 268-4**