JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and others persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**DEFENDANT WORKDAY'S OPPOSITION TO PLAINTIFFS' LETTER BRIEF IN SUPPORT OF COMPELLING DOCUMENT PRODUCTION**<br><br>Courtroom:  B (15th Floor)<br>Judge:        Magistrate Judge Laurel Beeler<br><br>SAC Filed: January 7, 2026 |

Pursuant to the Court's Order, ECF No. 265, Workday submits this opposition to Plaintiffs' Letter Brief. Their requested relief should be denied in full.

**Meet and Confer Efforts**. Plaintiffs represent that the Parties met and conferred regarding the discovery issues in their Letter Brief on February 9 and March 6, 2026. While the parties did have conversations on those dates, Plaintiffs never identified the issues they now raise with the Court. *See* Ex. A (summary of February 9 call), Ex. B (summary of March 6 call).

**Discovery at Issue**. Plaintiffs describe the "discovery at issue" as seeking "production of factual data and business records essential to determining the disparate impact of Workday's applicant screening and hiring procedures, including the underlying raw data and records on which those practices are based." Letter Brief at 1. Plaintiffs then proceed to attach distorted excerpts of their discovery requests, *see id.* Exs. A, B, apparently requesting that the Court compel Workday to produce "all documents responsive to Plaintiffs' RFPs for which no valid privilege has been asserted." *Id.* at 2. Plaintiffs have not properly articulated what they seek to compel, particularly where Workday ***has produced*** documents responsive to the vast majority of Plaintiffs' requests. The only category of information that Plaintiffs conceivably seek within the scope of their Letter Brief for which Workday has not produced documents in its possession is related to Workday's bias testing. Workday has maintained that its bias testing is privileged from the inception of this litigation and Plaintiffs blatantly mischaracterize the record in asserting otherwise.

**Workday's Privilege Assertions**. Plaintiffs attach a purported excerpt of Workday's privilege log, representing that Workday served that log on December 31, 2025. Letter Brief ("Exh. G is an example of the Privilege Log served December 31, 2025"). Plaintiffs' representation is demonstrably false and intended to mislead this Court. Workday served the agreed-upon categorical privilege log excerpted in Exhibit G on March 13, 2025—well before this case was referred to Your Honor for resolution of discovery disputes. Workday served a revised, document-by-document, privilege log upon the conclusion of its document production consistent with this Court's Standing Order. Contrary to Plaintiffs' assertion that the privilege log does not justify Workday's claim of privilege, the log reflects hundreds of communications by and between counsel—both internal and outside counsel—with subject lines including "Privileged and Confidential – HS Bias Testing," "Call w/ Counsel Candidate Skills Match – Bias Testing," "Meeting with Counsel re: Bias Testing Plan," "Update from Legal for CSM," "Discuss BNH [an outside law firm] Candidate Skills Match Findings," and more. While Plaintiffs allege that the log "fails to carry Workday's burden of proof" on whether attorneys were involved and whether the primary purpose of the communication was to give legal advice, Workday's privilege log clearly identifies the attorneys to each communication and the subject of the communication. Finally, while Plaintiffs suggest Workday's Fact Sheet "confirms" that all AI screening and hiring procedures are operated and controlled by its business departments, not legal departments, Plaintiffs point to no statement within the Fact Sheet justifying their position.[1] Plaintiffs cannot credibly assert that Workday has not justified its assertions of privilege and the Court should not entertain their misleading arguments.

**Plaintiffs' Waiver**. Plaintiffs' Letter Brief seeks to compel the same bias testing data it moved to compel nearly a year ago, *see* ECF Nos. 124, 130, 133, 141, and this request is waived. This Court ordered Plaintiffs to file a brief regarding the same issues they raise now by May 30, 2025. ECF No. 130. The Court then extended Plaintiffs' briefing deadline twice, pursuant to the Parties' stipulation, resulting in a July 11, 2025 deadline. ECF Nos. 133, 141. The day before their brief was due, Plaintiffs filed a request to extend the schedule. ECF No. 155. The Court never ruled on that request and therefore, Plaintiffs' brief was due on July 11, 2025. *See* Local Rule 6-1(b) ("A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order."). Plaintiffs did not raise the issues again until February 2026.

---

[1] The Fact Sheet (Letter Brief Ex. D) is a document Workday produced in discovery and marked confidential pursuant to the Parties' protective order. Plaintiff nonetheless filed the Fact Sheet on the public docket.

Plaintiffs' failure to file a discovery motion in accordance with the Court's order precludes them from raising this issue now. *See Unilin Beheer B.V. v. NSL Trading Corp.*, No. CV 14-2210 BRO (SSX), 2015 WL 12698283, at *3 (C.D. Cal. July 24, 2015) ("Undue delay in filing a motion to compel may be a sufficient ground for denying the motion."); *Kenyon Energy, LLC v. Exyte Energy, Inc*., No. CV 22-00534 HG-RT, 2024 WL 4011887, at *1 (D. Haw. July 26, 2024) ("[motion to compel] fails in its entirety because, by waiting six months to raise discovery challenges to objections Plaintiffs interposed on September 29, 2023, Defendant failed to act with appropriate diligence"); *Patriot Rail Corp. v. Sierra R. Co.*, 2011 WL 3319579, at *2 (E.D. Cal. 2011) (even if motion to compel was filed within deadline set by court, six-month delay in filing motion showed lack of diligence and made motion untimely); *Exp.-Imp. Bank of Korea v. ASI Corp.*, No. CV162056MWFJPRX, 2018 WL 2718046, at *2 (C.D. Cal. May 29, 2018) (denying motion to compel where "Plaintiff declined or failed to follow the Court's instructions in filing its supplemental brief," and therefore "forfeited its right to have its motion heard on the merits.").

Plaintiffs' assertion that the Court ordered Workday to produce a supplemental privilege log "as the basis for the additional briefing" is also false. The Court never entered any order about a privilege log, and as Workday told Plaintiffs' counsel at the time, its revised privilege log had "no bearing on [Plaintiffs'] forthcoming motion." Letter Brief, Ex. E. Plaintiffs never told Workday they disagreed, and if they did, they should have raised the issue with the Court. Ultimately, Workday served a privilege log compliant with this Court's rules in December 2025 (eleven business days after the last of its document production), and Plaintiffs' claim that their dilatory behavior should be excused is without merit.[2]

**Data Underlying Workday's Bias Testing**. While Plaintiffs claim data underlying Workday's analyses is not privileged, they ignore that Workday's counsel curated the data—making that selection of data attorney work product. *See, e.g., Suboh v. Bellsouth Bus. Sys. Inc.*, No. 03-cv-996, 2004 WL 5550100, at *9 (N.D. Ga. Nov. 17, 2004) (the specific information an attorney asked to be compiled for a report is privileged). More fundamentally, Plaintiffs do not need to invade the privilege to conduct their own disparate impact analysis for this case. Workday recently produced its own applicant data which can be used as a data source of a disparate impact analysis.

**Privilege Log Supporting Workday's Second RFP Responses**. Plaintiffs allege that Workday did not serve a privilege log addressing its second set of RFPs. Plaintiffs' second set of discovery requests are almost entirely duplicative of their first set. Indeed, the vast majority of Workday's responses confirm that Workday has already produced the responsive, nonprivileged documents it agreed to produce. Given the extensive overlap, Workday's privilege log applies equally to the present discovery requests. Plaintiffs' argument to the contrary is meritless.

**Workday's Possession & Control of "Aggregate" or "Statistical Data."** Plaintiffs take out of context a reference to aggregate statistical data from Workday's contracts with its customers. As Workday has repeatedly explained to Plaintiffs, the "aggregated and statistical data" referenced in some of Workday's contracts is not applicant data and could not be used to perform a disparate impact analysis. Rather, this data is "observability data" (also commonly referred to as system usage or telemetry data), which provides summary level insights into actions taken by customers within their Workday application. It consists of information such as date, server role, task process ID, and runtime that can be used to detect customer issues and understand product usage. This data cannot identify the applicant, the job, or the score the applicant received, if any. Such "aggregated and statistical data" is simply not what Plaintiffs want it to be and is not responsive to their requests. Furthermore, Plaintiffs also made and abandoned this request ***ten*** months ago. *Compare* ECF No. 124 at 4 *with* ECF No. 260 at 4. As with their request for bias testing data, their request is waived.

**Conclusion**. Workday requests that the Court deny Plaintiffs any relief.

---

[2] To the extent the Court is inclined to reach the merits of Plaintiffs' arguments, Workday requests that the Court (again) order additional briefing on these issues. *See* ECF No. 130.

Dated: March 13, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Julie A. Totten
Erin M. Connell
Kayla D. Grundy
Alexandria R. Elliott
Attorneys for Defendant
WORKDAY, INC.