# EXHIBIT A

**Archived:** Friday, March 13, 2026 2:41:09 PM
**From:** Grundy, Kayla Delgado
**Sent:** Tue, 10 Feb 2026 05:41:38
**To:** Roderick T Cooks   Lee Winston   Bob Wiggins   Smith, Jenny   Bethany Neal   Malik Moore
**Cc:** Totten, Julie A.   Connell, Erin M.   Elliott, Alexandria   Michaelidis, Chloe
**Subject:** Summary of meet and confer call
**Importance:** Normal
**Sensitivity:** None

---

Counsel,

I am reaching out with a summary of this morning's meet and confer call. The parties met to discuss Workday's February 4, 2026 letter concerning opt-in plaintiffs' discovery responses, Workday's February 2, 2026 discovery responses, and a blog post.

- \* **Workday's February 4, 2026 Letter**. Plaintiffs clarified that they intend to provide substantive answers and documents in response to Workday's December 16, 2025 Special Interrogatories and Requests for Production by the response deadlines. Plaintiffs then shared their intention to respond on February 17, 2026 to the first half of the requests because February 14 is a weekend and February 16 is a holiday. Workday agreed that Plaintiffs could have until February 17, 2026 to respond.

- \* **Workday's February 2, 2026 Discovery Responses**. Plaintiffs sought clarification regarding when Workday would produce responsive documents. Workday clarified that it produced all the documents it agreed to produce and that the only outstanding information is applicant data that Workday previously informed Plaintiffs it would provide this month (i.e., on or before February 28, 2026). Plaintiffs stated they do not agree with this timing.

    Plaintiffs stated they have problems with every one of Workday's discovery responses and would be raising those issues with the court. When asked to lay out their positions in writing so that Workday could substantively respond, Plaintiffs declined and instead stated Workday can review its own responses and documents, as Plaintiffs' counsel had. Workday noted Plaintiffs' position on the issue and shared that meet and confer calls would be more productive if Plaintiffs identified their concerns in writing ahead of time.

- \* **Joint Discovery Letter**. Plaintiffs informed Workday they intend to proceed with a discovery dispute letter to Judge Beeler. Workday sought clarity on what topics Plaintiffs intend to raise in such a letter. Plaintiffs stated they would address revisiting the prior briefing and Workday's waiver argument, the timing of Workday's production, and Workday's assertions that it has already produced responsive documents. Plaintiffs also identified a number of requests by request number that they intend to address within these categories. While Plaintiffs did not originally agree that the Court has referred the case to Judge Beeler for all discovery, we understand that following review of the Order, Plaintiffs now agree. In discussing the process for raising a discovery dispute with Judge Beeler, the parties agreed that if Plaintiffs provide Workday with a draft of their portion of the discovery letter by the morning of Wednesday, February 11, 2026, that Workday would provide its portion of the letter by Tuesday, February 17, 2026.

- \* **Privilege Log**. Plaintiffs requested Workday provide a "readable" copy of the privilege log. When Workday asked for more information about the issue with the privilege log, Plaintiffs stated the size of the print was not legible, particularly when printed. Workday agreed to look into the issue.

- \* **Workday's Blog Post**. Plaintiffs raised concerns about a blog post Workday published in which Plaintiffs disagree with language that they assert portrays them as "liars." Plaintiffs stated this could have a "chilling effect." Workday requested Plaintiffs share the exact language that is causing concern and the basis for that concern, and Plaintiffs agreed to do.

Thanks,

Kayla

**Kayla Delgado Grundy**
Partner

Pronouns: she/her/hers

Orrick
San Francisco

T 415-773-5537
kgrundy@orrick.com



