# EXHIBIT B

**Archived:** Friday, March 13, 2026 2:41:38 PM
**From:** Grundy, Kayla Delgado
**Sent:** Mon, 9 Mar 2026 16:22:57
**To:** Bob Wiggins  Lee Winston  Roderick Cooks  Bethany Neal  Smith, Jenny
**Cc:** Totten, Julie A.  Connell, Erin M.  Elliott, Alexandria  Michaelidis, Chloe
**Subject:** Summary of March 6 Meet and Confer Call
**Importance:** Normal
**Sensitivity:** None

---

Hi Bob and Lee,

We are reaching out with a summary of Friday afternoon's call. The parties discussed Judge Beeler's March 4, 2026 discovery order in which the Court struck Plaintiffs' discovery letter since it was "not joint" and outlined an alternative process by which the parties could proceed with briefing the discovery dispute. *See* ECF No. 265.

Plaintiffs maintained that their February 23, 2026 draft of their discovery dispute letter and the March 2, 2026 as-filed version were not materially different. Workday disagrees. Plaintiffs did not agree that Judge Beeler struck Plaintiffs' filing for failing to follow her discovery dispute process. Instead, Plaintiffs interpreted Judge Beeler's Order as recognition that their discovery letter was being held "hostage" by Workday, which Workday disputes. The parties agreed that continued discussions about Plaintiffs' prior submission and whether it was proper or not are not productive. Plaintiffs confirmed they intend to make use of the alternative, sequential process Judge Beeler authorized.

Workday sought clarity on the subject matter of Plaintiffs' intended submission, asking if they planned to re-file the same content they filed with the Court on March 2nd. Plaintiffs declined to confirm, stating they could not say whether the forthcoming letter will be the same or different without taking an "inventory" of the prior submissions. Workday stated that the meet and confer requirement is not met where Plaintiffs cannot identify the subject matter of their submission.

Plaintiffs also inquired into the status of Workday's applicant data, and Workday informed Plaintiffs that they are very close to having the production prepared and would provide Plaintiffs with the data as soon as possible, likely on Monday. Plaintiffs inquired about the data about certain named individuals that has not yet been produced. This request was surprising to Workday because Workday has requested a unique identifier for these individuals, such as an email addresses or phone number, for quite some time and Plaintiffs have yet to respond. Plaintiffs stated that Workday "has that data." Workday represented again that it does not and communicated to Plaintiffs the Workday cannot respond until it has that additional identifying information from Plaintiffs. Plaintiffs did not commit to providing the identifying information.

Best,
Kayla

**Kayla Delgado Grundy**
Partner
Pronouns: she/her/hers

Orrick
San Francisco  ⊗
T 415-773-5537
kgrundy@orrick.com

