

March 23, 2026

Magistrate Judge Laurel Beeler
US District Court
Northern District of California
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Kayla Delgado Grundy**

**E** kgrundy@orrick.com
**D** +1 415 773 5537
**F** +1 415 773 5759

Re:     *Derek L. Mobley v. Workday, Inc.*
        Case No. 3:23-cv-00770-RFL
        Discovery Letter Brief Regard Plaintiffs' Deposition Plan

Dear Magistrate Judge Beeler:

Pursuant to the Court's Standing Order and ECF No. 265, Workday submits the following letter brief seeking a protective order concerning Plaintiffs' deposition plan. *See* Ex. A.

Respectfully Submitted,

Kayla Delgado Grundy

# EXHIBIT A

**Introduction**. Pursuant to the Court's Order, ECF No. 265, Workday submits this letter brief for a protective order. Plaintiffs intend to serve notices for 19 additional individual depositions and a Rule 30(b)(6) deposition with 67 topics. Plaintiffs have not justified taking 19 more depositions. Plaintiffs seek to depose an individual whom they already deposed, three attorneys, and an apex witness. Plaintiffs have demanded Workday provide dates next month and threatened to seek to compel the depositions. Separately, Plaintiffs' 30(b)(6) topics are overbroad, irrelevant, and disproportionate to the needs of the case under Rule 26(b)(1). Workday requests that the Court issue a protective order on these issues and (1) limit Plaintiffs to the presumptive ten-deposition maximum under Rule 30(a)(2)(A)(i) absent a showing of necessary, non-cumulative testimony Plaintiff seeks; (2) quash the second deposition of Kelly Trindel; (3) quash the three attorney depositions; (4) quash the deposition of Workday's Chief Privacy Officer; and (5) order the parties to meet and confer and substantially narrow the Rule 30(b)(6) notice to a reasonable number and scope of relevant topics.

**Meet and Confer Efforts**. Plaintiffs provided Workday a list of proposed deponents on March 13, 2026 and supplemented it on March 19, 2026. Workday raised initial concerns on March 18, 2026, and a more fulsome written response on March 22, 2026. Ex. 1. The parties held a videoconference on March 23, 2026. A summary of the parties' call is attached as Exhibit 2.

**Legal Standard.** Courts may issue protective orders for good cause to shield parties from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Discovery must be "proportional to the needs of the case," and courts must limit discovery whose "burden or expense . . . outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

**Number of Deponents Sought.** Rule 30(a)(2)(A)(i) caps depositions at ten per side absent a court order or stipulation. Before exceeding this limit, Plaintiffs must first take the ten allotted depositions to identify what, if anything, they still need. *See Premier Constr. & Remodel, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. EDCV182582JGBKKX, 2019 WL 8138041, at *5 (C.D. Cal. Nov. 14, 2019). To secure leave, Plaintiffs must make a "particularized showing" of the need for additional depositions. *See X One, Inc. v. Uber Techs., Inc.*, No. 16CV06050LHKSVK, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019). While Workday is willing to entertain a reasonable stipulation for Plaintiffs to obtain relevant, non-duplicative testimony, Plaintiffs have not attempted to justify the depositions. Plaintiffs have taken only two depositions in the three-year history of this case. Now, they seek to depose 19 individuals over the next six weeks. *See* Ex. 3 (list of proposed deponents). Plaintiffs have not identified the unique testimony each deponent would provide, nor can they. *See, e.g.*, *Dominguez v. Schwarzenegger*, No. C 09-2306 CW JL, 2010 WL 3341038, at *8 (N.D. Cal. Aug. 25, 2010) (leave denied where discovery is "unreasonably cumulative or duplicative" or where "burden or expense . . . outweighs its likely benefit."). Indeed, Plaintiffs seek to depose six software engineers who worked on the same product at the same time and whose testimony would be overlapping. They also seek to depose four people from Workday's Responsible AI team—again, without establishing how these individuals would offer non-duplicative testimony.  Plaintiffs cannot carry their burden to show a particularized need for 19 more depositions, and Workday is entitled to a protective order until they do.

**Second Deposition of Kelly Trindel.** Rule 30(a)(2)(A)(ii) requires leave of court when "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). One of Plaintiffs' twenty proposed deponents—Kelly Trindel—already has been deposed. Plaintiffs neither sought nor obtained leave to take a second deposition of Ms. Trindel and have offered no justification for doing so. Re-deposing Ms. Trindel subjects Workday to duplicative burden and expense, and the Court should prohibit Plaintiffs from doing so. *See Hinrichsen v. Bank of Am., N.A.*, No. 17CV219-DMS(RBB), 2018 WL 11649570, at *2 (S.D. Cal. June 5, 2018) ("Courts generally disfavor second depositions, and absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition.") (internal quotes omitted).

**Attorney Depositions.** Three proposed deponents—Blane Mall, Michelle Law, and Christy Gately—are attorneys. Deposing counsel is strongly disfavored and subject to heightened judicial scrutiny. To obtain a deposition of an attorney, this Circuit requires a showing that: (1) no other means exist to obtain the information; (2) the information is relevant and non-privileged; and (3) the information is crucial to case preparation. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see also Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472 (N.D. Cal. 1998) (applying the *Shelton* test); *American Cas. Co. of Reading, Penn. v. Kreiger*, 160 F.R.D 582 (S.D. Cal. 1995) (same); *Bybee Farms LLC v. Snake River Sugar Co*., 2008 WL 820186, at *7 (E.D. Wash. 2008) ("*Shelton* applies to depositions of inhouse counsel as well as to opposing trial counsel"). Plaintiffs cannot satisfy this standard. They have not identified what information they seek from these attorneys, why it cannot be obtained through other means, or why it is crucial to their claims. The risk of invading attorney-client privilege and work product is substantial, and the burden of litigating privilege disputes in real time would be severe. The Court should prohibit Plaintiffs from deposing Workday's in-house counsel. *See, e.g., Willer v. Las Vegas Valley Water Dist*., 176 F.3d 486 (9th Cir. 1999) (protective order proper where plaintiff failed to meet *Shelton* test); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76, 77 (D. Or. 1995) (granting motion to quash subpoena to senior in-house attorney because defendant failed to meet *Shelton* test); *In re Sause Bros. Ocean Towing*, 144 F.R.D. 111, 116-17 (D. Or. 1991) (granting protective order where defendant failed to demonstrate good cause to take deposition of Canada's inside counsel).

**Apex Doctrine**. Plaintiffs seek to depose Workday's Chief Privacy and Digital Trust Officer, Barbara Cosgrove, an apex witness. Ms. Cosgrove cannot be deposed unless Plaintiffs first establish that she: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means have been exhausted. *See Est. of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (granting motion for protective order preventing apex deposition and holding that "a purpose to harass or annoy may be inferred where there is no showing the high-ranking official has relevant and personal knowledge about the facts at issue."). Again, Plaintiffs have not even attempted to justify Ms. Cosgrove's deposition (nor could they), and their attempt to depose Ms. Cosgrove should be quashed.

**Rule 30(b)(6) Notice.** Plaintiffs' Rule 30(b)(6) notice lists 67 separate topics. *See* Ex. 4 (list of topics). Rule 30(b)(6) requires the noticing party to describe examination matters with "reasonable particularity," and courts must limit discovery that is "unreasonably cumulative or duplicative" or whose burden outweighs its benefit. Fed. R. Civ. P. 30(b)(6); Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs' proposed topics reach matters untethered to the issues in this case and would require Workday to identify, prepare, and produce corporate representatives on an extraordinary breadth of subjects—an obligation that is unreasonable, disproportionate, and inconsistent with Rule 30(b)(6). As one example, Plaintiffs request witnesses on Workday's discovery processes in this case. Ex. 4 (topics 36-38, 60-66). "Discovery into another party's discovery process is disfavored," and generally, "courts only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient." *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019); *Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (collecting cases). The Court should order Plaintiffs to substantially reduce both the number and scope of topics to those that are clearly relevant and proportionate.

**Conclusion.** For the foregoing reasons, Workday respectfully requests that the Court issue a protective order: (1) limiting Plaintiffs to the presumptive ten-deposition maximum under Rule 30(a)(2)(A)(i) absent a showing of necessary, non-cumulative testimony Plaintiff seeks from additional witnesses; (2) quashing the second deposition of Kelly Trindel; (3) quashing the three attorney depositions; (4) quashing the deposition of Workday's Chief Privacy Officer; and (5) substantially narrowing the Rule 30(b)(6) notice to a reasonable number of relevant topics.