# EXHIBIT 1



March 22, 2026

***Via E-Mail***

Bob Wiggins
rwiggins@wigginschilds.com
Jenny Smith
jsmith@wigginschilds.com

Rod Cooks
rcooks@winstoncooks.com
Lee Winston
lwinston@winstoncooks.com

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Kayla Delgado Grundy**

**E** kgrundy@orrick.com
**D** +1 415 773 5537
**F** +1 415 773 5759

Re:      Plaintiffs' Intended Depositions

Dear Counsel:

We write in response to your March 13, 2026 and March 19, 2026 requests for depositions, including 19 individual depositions and a 30(b)(6) notice seeking a deposition on 67 topics. As detailed below, Workday has several concerns with respect to Plaintiffs' proposed deposition plan. While Workday is willing to meet and confer on these issues, absent agreement, Workday intends to seek a protective order from the Court.

## I.      Plaintiffs Have Not Justified The 19 Depositions They Seek

Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits each side to ten depositions absent leave of court or stipulation. Before a court may grant leave to exceed that limit, the requesting party must first take its ten allotted depositions to determine what additional discovery, if any, remains necessary. *See Premier Constr. & Remodel, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. EDCV182582JGBKKX, 2019 WL 8138041, at *5 (C.D. Cal. Nov. 14, 2019). Thereafter, the requesting party must make a "particularized showing" of the need for any additional depositions. *See X One, Inc. v. Uber Techs., Inc.*, No. 16CV06050LHKSVK, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019).

Plaintiffs seek more depositions than they are entitled to under the Federal Rules and have done nothing to justify the depositions. To date, Plaintiffs have taken only two depositions in this case. Notwithstanding that fact, they now seek to depose 19 individuals within the next six weeks, without identifying the unique, non-duplicative testimony that each proposed deponent would provide. Plaintiffs proposed list of deponents would necessitate duplicative and cumulative testimony—for example, Plaintiffs seek to depose at least five software engineers who worked on the same product during the same time period and whose testimony would substantially overlap. Similarly, Plaintiffs seek to depose five members of Workday's Responsible AI team, again without establishing how these individuals would offer non-cumulative testimony.

Workday is willing to entertain a reasonable stipulation to allow Plaintiffs to take more than ten depositions if Plaintiffs can demonstrate that additional depositions are necessary and that the testimony sought is not unreasonably cumulative or duplicative. However, Plaintiffs must first provide such justification, identifying



Bob Wiggins
Rod Cooks
March 22, 2026
Page 2

for each proposed additional deponent the unique testimony sought and why that testimony cannot be obtained through one of the other noticed depositions or through less burdensome means.

### II.    Plaintiffs May Not Take a Second Deposition of Kelly Trindel Without Leave of Court

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) expressly requires leave of court before a party may depose a witness who "has already been deposed in the case." Kelly Trindel is among Plaintiffs' 19 proposed deponents, and Ms. Trindel has already been deposed in this matter. Despite requests from Workday to explain why Plaintiffs believe they can depose Ms. Trindel again, Plaintiffs have not offered any justification for taking a second deposition; instead Plaintiffs have ignored the issue and threatened to "ask the Court to decide [this] stalemate." Courts generally disfavor second depositions and, absent a showing of need or good reason, will not require a deponent to appear a second time. *See Hinrichsen v. Bank of Am., N.A.*, No. 17CV219-DMS(RBB), 2018 WL 11649570, at *2 (S.D. Cal. June 5, 2018) ("Courts generally disfavor second depositions, and absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition.") (internal quotes omitted).

Workday does not agree to a second deposition of Ms. Trindel particularly where, as here, Plaintiffs have not attempted to justify it including through the identification of topics they intend to cover and an explanation of why those topics could not have been addressed during the prior deposition.

### III.    The Deposition of Three In-House Attorneys Is Improper

As Plaintiffs are well-aware, three of the 19 proposed deponents—Blane Mall, Michelle Law, and Christy Gately—are attorneys. The deposition of counsel is strongly disfavored and subject to heightened judicial scrutiny. Courts in the Ninth Circuit and elsewhere require a party seeking to depose an attorney to establish that: (1) no other means exist to obtain the information sought; (2) the information is relevant and non-privileged; and (3) the information is crucial to the requesting party's case preparation. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472 (N.D. Cal. 1998). This standard applies with equal force to in-house counsel. *See, e.g., Willer v. Las Vegas Valley Water Dist.*, 176 F.3d 486 (9th Cir. 1999) (protective order proper where plaintiff failed to meet *Shelton* test).

Plaintiffs have not identified the information they seek from these three attorneys, why that information cannot be obtained through other means, or why it is crucial to their claims. Plaintiffs' vague assertion that "[t]here are many questions that each of the three witnesses will be asked that obviously involve no such privilege" is plainly insufficient. The risk of invading attorney-client privilege and work product is substantial, and Plaintiffs' proposal that the parties litigate such privilege in real time during the deposition is not justifiable. Indeed, the fact that two of these three attorneys appear repeatedly on Workday's privilege log



Bob Wiggins
Rod Cooks
March 22, 2026
Page 3

suggests Plaintiffs want to depose **specifically** to ask about privileged issues, which underscores the need for Court involvement if Plaintiff continue to insist on deposing Workday's counsel.

### IV.     The Deposition of Barbara Cosgrove Is Barred by the Apex Doctrine

Plaintiffs also seek to depose Barbara Cosgrove, Workday's Chief Privacy and Digital Trust Officer — an executive at the apex of Workday's corporate hierarchy. The apex doctrine prohibits the deposition of a high-ranking corporate officer unless the requesting party first establishes that the officer: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case; and (2) that other, less intrusive means of discovery have been exhausted. *See Liberty Mutual Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 (1992). Courts have held that it is an abuse of discretion to permit the deposition of a corporate officer at the apex of the corporate hierarchy absent a reasonable indication of the officer's personal knowledge of the case and absent exhaustion of less intrusive discovery methods.

Plaintiffs have made no attempt to justify Ms. Cosgrove's deposition. They have not identified what unique firsthand knowledge she possesses that is not available from other witnesses, nor have they demonstrated that they have exhausted less intrusive discovery methods.

### V.     Plaintiffs' 30(b)(6) Topics Are Overbroad, Irrelevant, and Disproportionate

Plaintiffs' Rule 30(b)(6) notice contains 67 separate topics. Rule 30(b)(6) requires the noticing party to describe examination matters with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). As written, Plaintiffs' proposed topics reach matters untethered to the issues in this case and would require Workday to identify, prepare, and produce corporate representatives on an extraordinary breadth of subjects—an obligation that is unreasonable, disproportionate, and inconsistent with the requirements of Rule 30(b)(6).

By way of example, topics 36–38 and 60–66 seek testimony regarding Workday's discovery processes in this litigation. Discovery into another party's own discovery process is strongly disfavored, and courts permit such discovery only where there is a specific and demonstrated indication that a party's discovery has been insufficient or deficient." *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019); *Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (collecting cases). Indeed, Workday alerted Plaintiffs to these concerns in a meet and confer letter on March 12, 2026 with respect to written discovery, before Plaintiffs provided their proposed topics. Plaintiffs have made no such showing here. This is but one illustration of the broader problem with Plaintiffs' notice, which, taken as a whole, is not proportional to the needs of this case under Rule 26(b)(1).

Additionally, several of Plaintiffs' proposed topics do not lend themselves to competent testimony and are better addressed through other forms of discovery. For example, Plaintiffs seek information about the total number of job applications scored and a breakdown of those applications by score category, the frequency



Bob Wiggins
Rod Cooks
March 22, 2026
Page 4

with which certain scores have been generated, and specific information about as-yet-unnamed plaintiffs and their application process. It is not reasonable to expect that an individual could competently testify concerning such details, particularly in light of the multiple other topics upon which Plaintiffs expect testimony.

As another example, Plaintiffs propound several topics concerning Workday's bias testing, model testing, and "statistical methodology." Workday has repeatedly asserted that its testing is privileged. While Plaintiffs are free to explore the basis for that assertion of privilege, Plaintiffs already deposed Kelly Trindel on this topic quite extensively in March 2025. Furthermore, Workday's privilege assertion is already the subject of Plaintiffs' motion practice and accordingly, any further deposition concerning Workday's privileged bias testing is premature pending the Court's ruling on that motion. Plaintiffs seek additional privileged information, too, including for example, communications made to Workday senior leaders regarding "legal risk."

Throughout the proposed topics, Plaintiffs also conflate Workday as a software developer and Workday as an employer. Workday construes all of Plaintiffs topics to seek information from Workday in its role as a software developer, the sole basis for which Workday is a defendant in this lawsuit.

This list is not exhaustive of Workday's concerns regarding Plaintiffs' proposed topics but demonstrate the overbreadth of Plaintiffs' notice.

### VI.    Conclusion

We look forward to discussing these issues further. If Plaintiffs continue to insist on pursuing depositions that are not warranted, authorized or appropriate under the Federal Rules of Civil Procedure and applicable case law, Workday will have no choice but to seek assistance from the Court.

Very truly yours,

Kayla Delgado Grundy