# EXHIBIT 2

| | |
|---|---|
| **From:** | Grundy, Kayla Delgado |
| **Sent:** | Monday, March 23, 2026 7:19 PM |
| **To:** | Roderick Cooks; Lee Winston; Bob Wiggins; Bethany Neal; Malik Moore; Smith, Jenny; Nicki Lawsen; Fisher, Samuel; Wiggins, Ann |
| **Cc:** | Totten, Julie A.; Connell, Erin M.; Elliott, Alexandria; Michaelidis, Chloe; Cygnor, Jennifer |
| **Subject:** | Mobley v Workday; March 23 Call Summary |

Counsel,

I am following up with a summary of this afternoon's meet and confer call. The parties met to discuss Plaintiffs' proposed individual depositions, PMK topics, request for EEO-1 Forms, and opt-in discovery responses. The parties also discussed Workday's request regarding Workdaycase.com website and social media and the depositions of the named plaintiffs.

- **Plaintiff's Proposed Depositions**. Further to Workday's March 22, 2026 letter, Workday reiterated its objection to Plaintiff's nineteen proposed depositions for exceeding the presumptive limit of ten depositions without providing any justification. Plaintiffs did not agree to reduce the total number of depositions or articulate a reason why they should be entitled to more than ten depositions. Instead, Plaintiffs stated that their first set of names included 10 individuals, and Plaintiffs only added names in response to our objections. Plaintiffs did not agree to stage or sequence the depositions and continue to seek dates for those depositions to which Workday objects (including of Workday attorneys). Workday confirmed that it is continuing to coordinate dates with the proposed deponents but confirmed it views Plaintiffs' request for depositions holistically and as necessarily interrelated as the PMK deposition will likely impact individual depositions.

- **Scope of PMK Topics**. Workday communicated that the sheer number (67) of Plaintiff's 30(b)(6) topics is extensive but that it is working to designate appropriate individuals. Workday also communicated several key problems with the topics, particularly that the (1) topics do not differentiate between Workday as a software developer and Workday as an employer, that (2) topics must be limited to "AI Applicant Selection System" or "AASS" that Workday develops, and that (3) many topics concern Workday's bias testing that Workday has asserted privilege over and that is currently subject to a pending discovery motion. Plaintiff's counsel stated that they do not see a difference between Workday as an employer or a developer and did not agree with Workday that Plaintiff's theory of liability is only premised on an agency theory.

- **Opt-In Discovery Responses**. Workday sought clarification regarding when Plaintiffs would finish responding to Workday's outstanding December 16, 2026 discovery requests to the opt-in plaintiffs. Plaintiffs did not provide a date by which they would provide the remaining responses, stating that they are responding on a rolling basis. Plaintiffs also confirmed they have not yet provided any responsive documents and did not provide a date by which they would do so.

- **Depositions of Named Plaintiffs**. Workday informed Plaintiffs it seeks to take depositions of the four named Plaintiffs in May, as authorized by the Court with regards to the new claims in the case and any conduct post-dating earlier depositions. Please provide available dates.

- **Workdaycase.com website**. Further to its March 17, 2026 letter, Workday again requested that Plaintiffs take down or substantially revise the Workdaycase.com website so that the website is not inviting (and misleading) members of the public to complete an opt-in form past the opt-in deadline. Plaintiffs stated they might make some changes to the website, but declined to remove the "court authorized" seal, which Workday considers inappropriate.

1

- **Evaluation Data**. Workday reminded Plaintiffs that they agreed to provide a new definition of evaluation data on last Wednesday's meet and confer call. Plaintiffs did not recall doing so and instead stated their objection to Workday's response is that there is no meaningful distinction between a model and an algorithm for the purposes of defining evaluation data, citing unspecified literature on the issue. Workday disagreed that there is no distinction and requested Plaintiffs provide that literature so that counsel could further consult with its technical experts.

- **EEO-1 Forms**. Plaintiffs confirmed that Workday's position regarding the EEO-1 forms is consistent with what Workday articulated in its March 20, 2026 letter. In addition, however, we understand that many EEO-1 Reports, including Workday's, were recently made public in connection with a FOIA request to OFCCP. Accordingly, to the extent Plaintiffs disagree concerning relevance, that information is publicly available.

Thanks,

Kayla

**Kayla Delgado Grundy**
Partner
Pronouns: she/her/hers

Orrick
San Francisco

T 415-773-5537
kgrundy@orrick.com

