

March 23, 2026

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Kayla Delgado Grundy**

**E** kgrundy@orrick.com
**D** +1 415 773 5537
**F** +1 415 773 5759

Magistrate Judge Laurel Beeler
US District Court
Northern District of California
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *Derek L. Mobley v. Workday, Inc.*
         Case No. 3:23-cv-00770-RFL
         Discovery Letter Re Opt-In Discovery Responses

Dear Magistrate Judge Beeler:

Pursuant to the Court's Standing Order and ECF No. 265, Workday submits the enclosed two-page letter brief regarding Plaintiffs' responses to Workday's discovery requests. *See* Ex. A.

Respectfully submitted,

Kayla D. Grundy

# EXHIBIT A

**Introduction**. Pursuant to the Court's Order, Workday submits this letter brief to compel complete and compliant discovery responses to Workday's Requests for Production and Interrogatories on the Opt-In Plaintiffs (the "discovery requests"), the primary purpose of which is to determine eligibility to participate in the preliminarily certified age collective.

**Background and Relief Requested**. On December 16, 2025, Workday served discovery on 195 Plaintiffs that opted in to the age collective as of that date. The parties stipulated to response deadlines of February 17, 2026 and March 16, 2026 for the responses. Plaintiffs served "omnibus objections" on January 15, 2026, Ex. 1, but otherwise missed the deadlines and some Plaintiffs have still not responded. The responses Plaintiffs have served are wholly deficient. Ex. 2 (example responses). Workday requests that the Court order Plaintiffs to serve complete, verified, and compliant responses no later than April 15, 2026.

**Meet and Confer Efforts**. Workday responded to Plaintiffs' omnibus objections on February 4, 2026. Ex. 3. The Parties met and conferred on Workday's letter by videoconference on February 9, 2026. Ex. 4. Workday served a second letter on March 10, 2026. Ex. 5. The parties met and conferred on Workday's second letter via videoconference on March 23, 2026. Ex. 6. Plaintiffs have not agreed to remedy the deficient responses.

**Untimely and Incomplete Responses.** Despite extended deadlines from the Federal Rules' default 30-days, only 109 of 195 Opt-Ins have responded to Workday's requests, and no documents have been produced. Plaintiffs have also not committed to a date by which they will provide complete, compliant responses; instead responding only that they will be served on "a rolling basis."

**Scope of Discovery**. Plaintiffs object that Workday seeks "stage 2" discovery, but fail to acknowledge discovery has not been bifurcated. Plaintiffs also ignore that the Court already sanctioned much of this discovery. In rejecting Workday's request that Opt-In Plaintiffs complete a pre-opt-in eligibility form, the Court stated, "Workday's request to have opt-in plaintiffs complete the eligibility information is better framed as a discovery request." ECF No. 195 (permitting "use [of] the traditional forms of discovery" to obtain same information).

**Verifications.** The Federal Rules require interrogatory responses to be verified. Fed. R. Civ. P. 33(b)(3), (b)(5). Plaintiffs' responses are deficient because they are not verified.

**Boilerplate Objections and Incorporation by Reference.** Plaintiffs improperly include boilerplate objections (overbreadth, privacy, relevance, privilege, and failure to identify documents with sufficient particularity) and incorporate by reference all prior objections, violating the Federal Rules' requirement that parties object "with specificity." *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); *see, e.g. Herbalife Int'l of Am., Inc. v. Kamel*, No. CV216982MWFPVCX, 2023 WL 6193006, at *4 (C.D. Cal. July 20, 2023) (rejecting attempt to "incorporate by reference . . . general objections into each specific response"). Plaintiffs have not specified whether they are withholding documents in response to these objections. Workday is entitled to know the grounds upon which Plaintiffs are withholding documents or information.

**Failure to Identify Forthcoming Productions.** Plaintiffs state that they will produce documents "limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality." This response violates Federal Rule 34(b)(2)(B). Plaintiffs are not permitted to leave Workday "guessing whether the producing party has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections." *Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 2965316, at *1 (S.D. Cal. July 1, 2014). Plaintiffs must clearly state whether they will be producing responsive documents, and if so, what documents they intend to produce. *Li v. Merck & Co.*, 2025 WL 429013, at *3 (N.D. Cal. Feb. 7, 2025) (holding that discovery responses must indicate what is being withheld based on the objections).

**Waived Objections.** Plaintiffs failed to timely respond to Workday's requests, even following an extension. Ex. 5 at 1-3. Accordingly, Plaintiffs' objections are waived.[1]

**Meritless Objections.** Plaintiffs' objections are meritless. As one example, Plaintiffs object that Workday "waived the Request or right to obtain the requested information" by failing to timely respond to Plaintiffs' discovery requests. This objection is both factually false and legally baseless. A party's alleged failure to respond to discovery does not "waive" its right to propound its own discovery requests. *Edge Sys. LLC v. Ageless Serums LLC*, No. 220CV09669FLAPVCX, 2021 WL 4497505, at *3 (C.D. Cal. Aug. 20, 2021) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent.") (internal quotes omitted); *Novitzky v. Transunion LLC*, No. 2:23-CV-04229-SPG-MAR, 2025 WL 1723168, at *4 (C.D. Cal. May 12, 2025) ("Rule 26(d) prohibits a party from delaying or withholding discovery on the basis that the party has not obtained responses to its own discovery requests."). This objection is baseless.[2]

**Facially Absurd Responses.** Plaintiffs state they have "no knowledge or information" responsive to interrogatories that plainly fall within the scope of their own knowledge, including information about their work history, employment applications, and alleged damages. *See* Ex. 2 (Richards Interrogatories Nos. 1-5 and 9 at 2-11, 14). Not only are these responses deficient, they do not convey good faith participation in the discovery process. When responding to interrogatories, a party must provide information under its custody and control. *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004). "Interrogatories directing a plaintiff to state facts supporting contentions in his complaint are entirely appropriate." *Subramani v. Wells Fargo Bank, N.A.*, No. 13-CV-01605-SC, 2014 WL 7206888, at *2 (N.D. Cal. Dec. 18, 2014) (internal quotes omitted). Discovery obligates plaintiffs to furnish information supporting their claims; they cannot "sidestep this obligation by providing no response whatsoever" until they receive information from Workday. *Horonzy v. Corr. Corp. of Am.*, No. 1:11-CV-00246-BLW, 2013 WL 3148674, at *11 (D. Idaho June 19, 2013). "That is not how discovery works." *Id.*

Similarly, although Plaintiffs necessarily allege that they were discriminated against based on age, in response to Interrogatory No. 8 (asking for their birthdate), multiple opt-ins do not provide their date of birth. *See* Ex. 2 (Richards Interrogatory No. 8 at 13-14). This is improper.

**Improper Application of Rule 33(d).** Plaintiffs respond to Interrogatory No. 6 (seeking information about Plaintiffs' employment applications) by saying "Pursuant to Fed. R. Civ. P. 33(d), the information requested in this interrogatory regarding job applications can be determined by examining documents produced." Ex. 2 (McDaniel Interrogatory No. 6 at 12-13). But Plaintiffs have not produced any documents, and even if they had, Plaintiffs' response would still not comply with Rule 33(d). *See Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) ("the records must be specified 'in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained'" and the response must "specify where in the records the answers could be found.").

**Conclusion**. For the foregoing reasons, Workday respectfully requests that this Court enter an order compelling all Opt-In Plaintiffs to serve complete, verified, and compliant responses to Workday's Special Interrogatories and Requests for Production by April 15, 2026.

---

[1] At the very least, any objections not made as part of Plaintiffs' "omnibus objections" are waived.
[2] Workday addresses in detail the other many deficiencies with Plaintiffs' discovery responses in meet-and-confer letters, attached as Exhibits 3 and 5.

WORKDAY'S LETTER BRIEF TO COMPEL
OPT-IN DISCOVERY RESPONSES
[ 3:23-CV-00770-RFL]