# EXHIBIT 1

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks  (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Ste. 2200
Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wioggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Jennifer Wiggins-Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER
AND GOLDFARB
301 North 19th Street
Birmingham, AL 35203

**Local Counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108

*Attorneys for the Plaintiffs and the Proposed Classes and Collective*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY, JILL E. HUGHES, SHEILAH JOHNSON-ROCHA, and FAITHLINH ROWE, for and on behalf of themselves and other persons similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>WORKDAY, INC.,<br><br>     Defendant. | Plaintiffs' General and Specific Objections to Defendant Workday, Inc.'s First Set of Request for Production of Documents |

**PLAINTIFFS' GENERAL AND SPECIFIC OBJECTIONS**
**TO DEFENDANT WORKDAY, INC.'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

COME NOW the Plaintiffs, Giovanna Cas Barreto, John Erwin Jr., Juan Fuentes, Theresa Gaal, Jill E. Hughes, Hameta Johnson, Rose Marie Johnson, Sheilah Johnson-Rocha, Vanessa Knight-Bell, Richard Lieb, Roger Mosley, Faithlinh Rowe, Eina Schroeder, Boyd Dedrick, Steve Hurry, Monica Kincade, Jacob McDaniel, Jennifer Molander, Torin Roher, Monique Vopat, Bridgette Warren, Charlie Watts, Russell Scott Beery, Vanessa Briddell-Johnson, Rob Budreau, Alan Ekland, Paul Felin, Beau Hill, Pam Lefkowitz, Christine McNerney, Lance Reutter, David Stephenson, Rosalinda Weiss, Jeremiah Slate, Kristina Effron, Gines Flaque, Stephanie Johnson, Israel Kloss, Illiana Murray, Roslyn Rich, Paul Richards, Gerald Jean-Louis, Jacqueline Christina Noguera, Bobbi Ohumukini, Elissa Torgeson, Adara Wallace, Shireen Belanger, Renard Burks, Kevin Coles, Nick James, Jenny Kanevsky, Teri Lancaster, Christine Mazur, Jeff Moder, Conswella Neshewat, Kingsely Onuchukwu, Aswann Peters, Michael Preston, Daniel Proia, Donald Thein, Dwayne Tucker, Julie O. Griffith, Brian K. Hamilton, Karin M. Kovacic, Kenneth Perkins, Sandra Stewart, David Strigel Sr., Jamie Abid, Todd Ashline, Danesha Chisholm, Robert J. Costa II, Robbin Dickson, Diana El-Berry, Sherrill Evans, Craig McDonald, Jenny Merritt, Remicha Nelson, Portia Oberkfell, Steven O'Shea, Mathieu Sanders, Hojin Robyn Song, Laciana Archer, Kimberly Bishop, April Brady, Tracie Bouye, Chris Burkhardt, Kevin Cristadoro, Davise Haskins, Tracey Honeycutt, Felicia Ives, Kelsey D. Kamp, Xante S. Mayes, Michael Mills, Kartrina Nelson, Kathleen Perry, Matthew Spool, Thomas Thornton, Gwen Whinnery, Chris Widdick, Todd Young, Karen Baskett, Jason Beaty, Benjamin Black, Leigh-Ann Carnegie, Stephen Todd DuClos, Marvin Elam, Dawn Ennis, Janice Flowers, Tony Fox, Lisa Randazzo Gibbons, Katelyn Gomes, Terri Green, Wilhelm Hannon, Tracey Harriott, Angel Harris, Cleve Harrison, Eric Ingram, Shravia Jackson, Kenyon Johnston, Dionne Joseph, Kate Griffiths Lambeth, Rita R. Lewis, Elizabeth Louis, Shanice Love, Robert McCammon, Connie Mendoza,

Michele Meyer, Cynthia Monfredi, Melissa Moreno, Annette Moscato, Aaron Munter, Corey Niner, Daniel Phelps, Shelly Pink, Kelle Raskin, Denise Russell, Mili Shah, Stacy Shak, Ed Shorts, Lisa Smith, Shannon Smotherman, Michael Street, Leonard Vraniak, Robert Warren, James Williams, Jason Adams, Michelle Arnold, Donald Bowcutt, Emily Bruno, Patricia Xavier-Burns, Christopher Callahan, Siobhan Clancy, Karla Clark, Lori Folson, Mark Forrest, Whitney Goodrum, Melissa Jones, Kim Kennihan, Brian Martin, Angela Morris, Katherine Mueller-White, Nathan Neckel, Scott T. Nestler, Ocilia Newby, Debra Porter, Russ Thomas, Joseph Sokolowski, Carol Trester, Noah Westwind, Bill Wirtz, Michael L. Woddson, Dawn Adams, Charlotte Bradley, Frank Comer, Rhonda Dreggors-Newport, Monique Johnson, Shari Sibley, Lee Vormelker, Amy Wood, Karen Buckner, Barry Burr, Theresa Giasson, Patricia Lewis, Thomas Mapp, David McNair, Christopher Phelan, Amit Umre, Daphne Bolden, Kristen Crigler, Carrie Goldstein, Amber Higgins, Charles Gary Rogers, Colin Sibley, Anita Thompson, and Avanti Webb (collectively, "Plaintiffs"), by and through undersigned counsel, and respond and object to Defendant Workday, Inc.'s First Set of Requests for Production of Documents as follows:

## **PLAINTIFFS' OMNIBUS OBJECTIONS**

1. Plaintiffs object to Defendant Workday, Inc.'s Requests for Production ("Requests") to the extent they seek documents that are irrelevant, not proportional to the needs of the case, duplicative, unduly burdensome, harassing, vague, ambiguous, overbroad, or premature, in violation of Federal Rule of Civil Procedure 26(b)(1).

2. Plaintiffs object to the Requests to the extent they seek documents protected by the attorney–client privilege, work-product doctrine, joint-defense/common-interest doctrine,

or any other applicable privilege or immunity. Any inadvertent disclosure shall not constitute a waiver.

3. Plaintiffs object to the Requests to the extent they seek documents uniquely within Defendant's possession, custody, or control, including but not limited to documents concerning the design, training, testing, validation, weighting, scoring, ranking, auditing, or deployment of Defendant's proprietary algorithmic or AI-driven systems.

4. Plaintiffs object to the Requests to the extent they improperly seek expert analyses, technical explanations, statistical proof, or causation theories prior to expert discovery and disclosures under Rule 26(a)(2).

5. Plaintiffs object to the Requests to the extent they seek individualized proof where Plaintiffs allege discrimination arising from common, centralized, and uniform practices subject to common proof under Rule 23.

6. Plaintiffs object to the Requests to the extent they seek documents more readily available to Defendant, Defendant's clients, or third parties, or that require Plaintiffs to compile documents in a manner Defendant can do itself.

7. Plaintiffs object to the Requests to the extent they are vague or ambiguous, including use of undefined terms such as "AI," "algorithmic decision making," "screened," "ranked," "qualified," or "used," without reasonable limitations.

8. Plaintiffs object to the Requests to the extent they seek private, confidential, or sensitive personal information—including medical records, disability documentation, dates of birth, login credentials, or financial information—without adequate justification or safeguards.

9.  Plaintiffs object to the Requests to the extent they seek documents outside the applicable limitations period or impose an unreasonable temporal scope.

10. Plaintiffs object to the Requests to the extent they seek narrative explanations or compilations of facts better suited to interrogatories or depositions.

11. Plaintiffs object to the Requests to the extent they assume facts not established, mischaracterize Plaintiffs' allegations, or improperly shift Defendant's burden.

12. Plaintiffs object to the Requests to the extent they seek damages documentation or mitigation evidence prematurely.

13. Plaintiffs object to the Requests to the extent they seek documents concerning communications with Defendant's customers, recruiters, or third parties that are speculative or unavailable to Plaintiffs.

14. Plaintiffs object to the Requests to the extent they are cumulative of discovery already produced or to be produced.

15. Plaintiffs object to the Requests to the extent they seek every document supporting Plaintiffs' claims, which improperly invades attorney work product and trial strategy.

16. Plaintiffs object to the Requests to the extent they require exhaustive production of all job applications, resumes, or employment records without proportional limitation.

17. Plaintiffs reserve the right to assert additional objections and to supplement or amend these responses.

18. The Plaintiffs object to the Requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiffs, so as to in

effect deny the Plaintiffs the information requested and needed by the Plaintiffs to response to these requests.

19. The Plaintiffs object to the Requests to the extent they seek to discover "core" work products, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiffs, rather than seeking this information from the Defendant.

20. The Plaintiffs object to the Requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

21. The Plaintiffs object to these Requests to the extent that the Defendant is seeking to make them into a bill of particulars.

22. The Plaintiffs objects to the Requests to the extent they seek to require Plaintiffs' counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiffs' counsel, as well as any communications between Plaintiffs and Plaintiffs' counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

23. The Plaintiffs object to the Requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiffs further objects to these interrogations and document requests to the extent that the information and/or

6

documentation called for, if any, are privileged and are not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure.

24. The Plaintiffs object to the Requests to the extent that they seek information and/or documentation that are equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiffs.

25. The Plaintiffs object to the Requests to the extent they exceed the requirements of Rules 26, 30, or 34 of the Fed. R. Civ. P.

26. The Plaintiffs object to the Requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

27. The Plaintiffs object to the Requests to the extent they require the Plaintiffs to disclose "each and every" fact or piece of knowledge possessed by the Plaintiffs as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized."

28. The Plaintiffs object to the Requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

29. The Plaintiffs object to the Requests to the extent that they seek to require the Plaintiffs' attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

30. The Plaintiffs object to the Requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

31. The Plaintiffs object to the Requests to the extent that they seek information and/or documentation from the Plaintiffs regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

32. The Plaintiffs object to the Requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiffs which burden is not commensurate with the professed result sought.

33. The Plaintiffs object to the Requests to the extent they improperly seek individualized, applicant-specific documents concerning why particular opt-in Plaintiffs were not hired, including individualized hiring decisions, resume evaluations, interview notes, and alleged non-discriminatory explanations. In an ADEA collective action under 29 U.S.C. § 216(b), pre-decertification discovery is limited to whether Plaintiffs were subjected to a common hiring policy, screening mechanism, or decision-making process.

34. The Plaintiffs object to the Requests to the extent they require Plaintiff-by-Plaintiff adjudication of hiring decisions and defenses prior to decertification, effectively collapsing the two-step collective action framework and forcing premature mini-trials on the merits. Such discovery is improper before the Court determines whether Plaintiffs are similarly situated.

35. The Plaintiffs object to the Requests as overbroad, unduly burdensome, and disproportionate to the needs of the case under Rule 26(b)(1) because they seek individualized documents from numerous opt-in Plaintiffs at a stage where discovery is properly confined to common issues.

36. The Plaintiffs object to the Requests because the breadth and individualized nature of Defendant's Requests threaten to chill participation in this ADEA collective action by imposing onerous and intrusive document-production obligations on opt-in Plaintiffs before decertification.

Without waiving the foregoing objections, Plaintiffs respond as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL complaints made by YOU against ANY employer OR potential employer, whether formal OR informal, alleging discrimination, retaliation, harassment, OR ANY other alleged inappropriate OR unlawful conduct.

**RESPONSE:**

Plaintiffs object to this Request as overbroad, unduly burdensome, intrusive, and not proportional to the needs of the case under Rule 26(b)(1). The Request seeks documents wholly unrelated to Defendant Workday, Inc., its hiring platform, or its alleged centralized and uniform screening practices, and instead improperly targets Plaintiffs' personal litigation histories and background conduct. Plaintiffs further object because the Request constitutes an impermissible attempt to obtain propensity, character, or credibility evidence concerning Plaintiffs, which is not discoverable at this stage and is irrelevant to whether Defendant's hiring systems and practices violate the ADEA, Title VII, or the ADAAA.

In addition, the Request improperly seeks individualized background discovery where Plaintiffs allege discrimination arising from common, centralized, and algorithmically mediated decision-making, and where discovery is properly confined—particularly at the pre-certification stage—to common policies, practices, and mechanisms rather than Plaintiff-specific histories.

Plaintiffs further object that the Request is harassing and chilling, and would deter participation by opt-in plaintiffs in this collective and class action by imposing disproportionate and unnecessary burdens.   Plaintiffs reserve all rights to produce responsive, non-privileged documents, if any, only after Defendant narrows this Request or the Court determines the proper scope of individualized discovery.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that EVIDENCE ANY filing OR COMMUNICATION between YOU AND ANY governmental agency concerning discrimination, retaliation, harassment, OR ANY other alleged inappropriate OR unlawful workplace conduct, including but not limited to filings OR communications between YOU AND the U.S. Equal Employment Opportunity Commission AND/OR ANY other equivalent state agency.

**RESPONSE:**

Plaintiffs object to this Request as overbroad, cumulative, and disproportionate under Rule 26(b)(1). To the extent responsive documents exist, they are already in Defendant's possession, obtainable directly from public agencies, or have been produced or will be produced in the ordinary course.   Plaintiffs further object to the extent the Request seeks communications protected by the attorney–client privilege or work-product doctrine, including communications with counsel in connection with agency proceedings.   Plaintiffs also object because the Request seeks individualized agency materials unrelated to the common proof issues central to this case and thus exceeds the proper scope of discovery at this stage.   Subject to and without waiving these objections, Plaintiffs reserve the right to produce non-privileged, responsive documents, if any, following appropriate narrowing, sequencing, and extension

.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS from YOUR social media accounts OR internet postings that reference WORKDAY OR that EVIDENCE OR relate to ANY incident OR event on which YOU base ANY of YOUR claims in this lawsuit, including, but not limited to, postings, messages, comments, videos, OR entries on Facebook, Instagram, Twitter, LinkedIn, Reddit, TikTok, Snapchat, YouTube, blogs, wikis, AND other social media sites.

**RESPONSE:**

Plaintiffs object to this Request as grossly overbroad, unduly intrusive, and not proportional under Rule 26(b)(1). The Request seeks wholesale access to Plaintiffs' social-media activity without any meaningful temporal, subject-matter, or relevance limitation, and improperly sweeps in private communications, constitutionally protected expression, and personal information wholly unrelated to the claims or defenses in this action. Plaintiffs further object because the Request constitutes an impermissible fishing expedition premised on speculation that Plaintiffs' social-media content may undermine their claims, without any threshold showing of relevance. Plaintiffs also object to the extent the Request seeks login credentials, private account access, or non-public content, which is improper and routinely rejected by courts. Plaintiffs reserve the right to produce narrowly tailored, non-privileged, public content that directly references Defendant Workday and is directly relevant, if any, subject to reasonable limitations and protective safeguards.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show YOUR work history in the last ten years, including ANY jobs held by YOU, contracts worked on by YOU, OR consulting work done by YOU, including each of the following: the job or assignment held, the dates of employment OR work

performed (e.g., offer letter, job description, contract), the reasons for termination (if applicable) (e.g., resignation, layoff, or termination notice), YOUR job performance (e.g., performance reviews, informal written feedback, reprimands), AND YOUR compensation AND benefits (e.g., W-2, 1099, paystubs).

**RESPONSE:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and not proportional. The Request seeks expansive employment, performance, and compensation records far beyond what is relevant to Defendant's alleged discriminatory hiring practices, and far exceeds what is necessary to assess damages or mitigation at this stage.  Plaintiffs further object because much of the requested information is cumulative of resumes, publicly available employment records, or documents already produced or to be produced, and because the Request improperly demands sensitive compensation and benefits information without adequate justification. Plaintiffs also object because the Request seeks individualized employment history evidence that is not relevant to the common proof issues driving liability in this case.  Subject to and without waiving these objections, Plaintiffs reserve the right to produce limited, non-privileged documents sufficient to show employment history for mitigation purposes, if and when such discovery becomes appropriate.

**REQUEST FOR PRODUCTION NO. 5:**

ALL job applications, including but not limited to resumes AND cover letters, that YOU have submitted in an effort to obtain employment since August 2020.

**RESPONSE:**

Plaintiffs object to this Request as facially overbroad, unduly burdensome, and disproportionate. The Request seeks every job application submitted by Plaintiffs to any

employer, regardless of whether Defendant's platform was involved, and regardless of relevance to the claims at issue. Plaintiffs further object because the Request improperly seeks Plaintiff-by-Plaintiff adjudication of hiring outcomes, rather than discovery directed to Defendant's centralized screening tools, scoring mechanisms, and common practices. Plaintiffs also object because the Request would require onerous reconstruction of years of job-search activity, much of which is equally available to Defendant or third-party platforms and imposes burdens far out of proportion to any probative value. Plaintiffs reserve all rights pending narrowing to applications involving Defendant's systems, appropriate sequencing, and extension.

**REQUEST FOR PRODUCTION NO. 6:**

ALL versions of YOUR resume that have existed since August 2020, including drafts, regardless of whether the version was submitted to an employer in an effort to gain employment.

**RESPONSE:**

Subject to and without waiving Plaintiffs' objections—including that the Request is overbroad to the extent it seeks internal drafts never used or shared—Plaintiffs will produce final, non-privileged resume versions actually submitted in connection with relevant applications, following an agreed extension and subject to appropriate confidentiality protections.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS that relate to YOUR application process with ANY employer since August 2020, including (but not limited to) employment applications, letters to prospective employers OR contractors, interview requests, job offer letters, job rejection letters, AND ANY other COMMUNICATIONS with potential employers OR contractors, recruiters, job placement OR job referral entities. For the avoidance of doubt, this Request includes applications submitted directly to an employer as well as any applications submitted through a third-party job search

platform such as Indeed, Monster, LinkedIn, Career Builder, or any similar platforms.

**RESPONSE:**

Plaintiffs object to this Request as sweeping, unduly burdensome, and not proportional. The Request seeks every communication with any employer or recruiter, regardless of whether Defendant's platform was used, and regardless of relevance to Defendant's conduct.  Plaintiffs further object because the Request seeks documents equally or more readily available to Defendant or third-party platforms, and improperly shifts to Plaintiffs the burden of reconstructing information Defendant can obtain itself.  Plaintiffs also object because the Request improperly collapses the collective-action framework by forcing individualized mini-trials of hiring decisions before the Court determines whether Plaintiffs are similarly situated.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS that YOU contend suggest YOUR age, disability, and/or race played a role in the decision whether OR not to select YOU for hire since August 2020, including ANY statement, action, conduct OR behavior by ANY employee, representative OR agent of WORKDAY OR HIREDSCORE that YOU contend was discriminatory, harassing OR otherwise unlawful.

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks expert opinion, statistical inference, causation analysis, or legal conclusions, which are not discoverable from lay plaintiffs and are properly the subject of expert discovery under Rule 26(a)(2).  Plaintiffs further object to the extent the Request seeks private medical or disability documentation, which is highly sensitive and not proportional absent a heightened showing of relevance and safeguards.  Plaintiffs also object because the Request assumes Plaintiffs possess direct evidence of discrimination, despite

Plaintiffs' allegations that discrimination arises from opaque, algorithmic, and centralized systems controlled by Defendant. Plaintiffs reserve the right to produce non-privileged, non-medical documents reflecting communications or notices received, if any.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS referenced in YOUR responses to WORKDAY's Special Interrogatories, Set One.

**RESPONSE:**

Plaintiffs object to this Request as premature, duplicative, and improperly circular, because Plaintiffs' interrogatory responses are not yet complete and may be supplemented following extensions, narrowing, or Court rulings. Plaintiffs further object to the extent the Request is used to bootstrap objections into waiver or force premature production. Subject to and without waiving objections, Plaintiffs will produce responsive documents, if any, in accordance with Rule 26(e) and the agreed discovery schedule.

**Dated: January 15, 2026.**

Respectfully submitted,

*/s/Roderick T. Cooks*
Roderick T. Cooks *(admitted pro hac vice)*
Lee Winston *(admitted pro hac vice)*
Attorney for the Plaintiffs

**OF COUNSEL**

Lee D. Winston *(admitted pro hac vice)*
lwinston@winstoncooks.com
State of Alabama Bar No.:6407O72L
Roderick T. Cooks *(admitted pro hac vice)*
rcooks@winstoncooks.com
State of Alabama Bar No.:5819O78R
Winston Cooks, LLC
420 20th Street North
Suite#2200
Birmingham, AL 35203
Telephone:     (205) 502-0970
Facsimile:     (205) 278-5876

Robert L. Wiggins, Jr. *(admitted pro hac vice)*
rwiggins@wigginschilds.com
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone:     (205) 314-0500
Facsimile:     (205) 254-1500

**LOCAL COUNSEL:**
Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215
greeneattorney@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on all persons listed below via ELECTRONIC MAIL:

Erin M. Connell          econnell@orrick.com

Julie Ann Totten          jtotten@orrick.com

Kayla Delgado Grundy          kgrundy@orrick.com, kdelgado@orrick.com

Alexandria R. Elliott          aelliott@orrick.com

Done this the **15th** day of **January 2026**.

*s/Roderick T. Cooks*
Of Counsel

16