# EXHIBIT 2

Lee D. Winston (ASB: 6407O72L), *Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R), *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z), *Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R), *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a), *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S), *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S), *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K), *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o), *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,* | ) ) ) )  Case No. 3:23-cv-00770-RFL |
| V | ) ) **PLAINTIFF'S RESPONSES TO** |
| WORKDAY, INC. *Defendant.* | ) **DEFENDANT'S SPECIAL** ) **INTERROGATORIES AND** ) **REQUESTS FOR PRODUCTION** ) **OF DOCUMENTS** ) |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

Comes Now, Paul Richards, ("the Plaintiff") and responds to Defendant's Special Interrogatories as follows:

**SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all entities for whom YOU have worked or currently work (whether as an employee, independent contractor, consultant or otherwise), including YOUR job titles, job descriptions, job responsibilities, total annual compensation, and the dates of YOUR employment, and the reasons YOUR employment with such entity terminated (if it terminated) since August 1, 2015.

**RESPONSE INTERROGATORY NO. 1:**

Plaintiff objects to this interrogatory because it is not limited to Workday or its customers or to employers who used the Workday applicant screening and hiring platform or who are otherwise relevant to the issues in this case. Plaintiff also objects to this interrogatory to the extent that it seeks work histories, job titles, job descriptions, job responsibilities, total annual compensation, dates of employment, and reasons for termination with "all entities" for whom Plaintiff has worked at any time "since August 1, 2015." *Id.* None of such questions or requests have any relation to the "targeted discovery" that the Court has allowed and limited to the collective decertification phase of this case. *Order,* ECF 128 at 20 ("The parties are directed to meet and confer and engage in further targeted discovery to resolve the remaining disputes."); *Order,* ECF 211 at pg. 2 (revised discovery schedule for collective decertification proceedings.

Plaintiff objects to this interrogatory based on the Court's prior determination that individual qualifications like those requested here are not an issue at the decertification stage of the case— that unlike a disparate treatment or wage-and-hour collective, "'qualification' is not an

element of [a] prima facie disparate impact claim." *Order* at 15-16 (ECF 128); *see also id* at 15 (holding: "It is unnecessary to examine each individual's qualifications, application volume, or rejection rate to determine if they are members of the collective. Whether Workday's AI recommendation system has a disparate impact on applicants over forty is a question that is addressed across the collective, not on a member-by-member basis." *Id.* at 15.) "Moreover, applicants do not need to show that they were qualified, got rejected, or would likely have succeeded in being hired for the job in order to have standing to bring a disparate impact claim for injunctive relief." *Id.* at 16.

Plaintiff also objects to this interrogatory based on the Court's ruling that the type of factors addressed in this interrogatory only become relevant at the remedial Stage II proceedings after a finding and judgment of liability at Stage I of a trial on the merits. *Order,* ECF 128 at 17 (finding that "the collective action could proceed first on a representative or group basis as to liability and injunctive relief, before moving into a damages phase on an individual basis."); *Teamsters v. United States*, 431 U.S. 324, 360-362, (1977) ("At the initial, 'liability' stage . . . the [plaintiff] is not required to offer evidence that each person for whom it will ultimately seek relief was the victim of the employer's discriminatory policy." Interrogatories directed to individual class members have been held improper when "used in stage one proceedings in which the focus is the broad pattern and practice at issue, not the merits of individual claims" — that such "[i]ndividual discovery. . . would normally be appropriate only at stage two of a Title VII suit, and then only rarely." *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1554 (11th Cir.), *cert. denied,* 479 U.S. 883 (1986) (citing *Teamsters v. United States*, 431 U.S. 324, 360-362, (1977)). "At the initial,

'liability' stage . . .  the [plaintiff] is not required to offer evidence that each person for whom it will ultimately seek relief was the victim of the employer's discriminatory policy." *Id.* at 360.[1]

For these reasons, Plaintiff objects to being required to answer the current Stage II merits-based discovery before it is even known if the collective prosecution of this case will be decertified.

Plaintiff further objects to Workday' unilateral, non-random selection of the Plaintiff and nearly 200 other opt-in discovery plaintiffs to respond to this set of interrogatories and document requests *without any effort* to comply with this District's precedent favoring "selection methods for the [opt-in] discovery group that decrease selection bias." *Greist v. Lendus LLC,* 2006 U.S. Dist. LEXIS 17734, * 5-6 (N.D. Cal. January 29, 2026) (Beeler, J.).[2] There are now well more than 10,000 signed Consents To Join ready to be filed on the date the Court has set for such simultaneous filing. See Order, ECF 211 at 1. Plaintiff objects to answering this interrogatory or set of interrogatories and document requests absent the type of random selection process the Court required in Greist, supra, by which "each party may select one third" of a set percentage of the total opt-ins and "the final third [is] randomly selected through means agreed upon by the parties," or set by the Court. Greist, 2006 U.S. Dist. LEXIS 17734, * 7.

---

[1] Once a discriminatory policy is found at Stage I, classwide injunctive and declaratory relief is entered without any further proceedings or evidence. *Teamsters,* 431 U.S. at 361; *see also  Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1554 (11th Cir. 1986, *cert. denied,* __ U.S. __). Individual remedial questions arise only *after* a judgment has been entered against defendant's discriminatory  policy and automatically establishes a legal presumption "that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy." *Teamsters,* 431 U.S. at 362; *see also  Wal-Mart*, 564 at 352, fn. 7; *Cox,* 784 F.2d at 1554, 1559-1560. *see also Wal-Mart*, 564 U.S. at 352 fn. 7 (reiterating that finding a general policy of employment discrimination "will support a rebuttable inference that all class members were victims of the discriminatory practice, and will justify 'an award of prospective relief', such as 'an injunctive order against continuation of the discriminatory practice.'") (quoting *Teamsters*, 431 U.S. at 336, 362).

[2] *See also Wellens* v. Daiichi Sankyo Inc., No. C-13-00581-WHO (DMR), 2014 U.S. Dist. LEXIS 177877, 2014 WL 7385990, at *3-4 (N.D. Cal. Dec. 29, 2014)). Ribota v. Cnty. of San Bernardino, No. EDCV 20-505-JGB (KKx), 2022 U.S. Dist. LEXIS 206578, 2022 WL 16894856, at *3-4 (C.D. Cal. Oct. 3, 2022) (faulting the defendant for failing "to address why its proposal to specifically select deponents will not result in selection bias"); Santos v. United Parcel Serv. Inc. (Ohio), No. 18-cv-03177-EMC, 2020 U.S. Dist. LEXIS 216176, 2020 WL 6784220, at *4 (N.D. Cal. Nov. 18, 2020) (samples should "be truly random" and avoid "selection bias"); Ribota, 2022 WL 16894856, at *4.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all jobs to which YOU have applied for employment since August 2020 with employers YOU allege used WORKDAY'S or HIREDSCORE'S software, including the name of the employer, the name of the job, the date of YOUR application, and the qualifications required for the job.

**RESPONSE INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory to the extent it requires knowledge about which Workday customers enable or use Workday's or HiredScore's software that Workday has refused to provide to the Plaintiff or allow Plaintiff's attorneys to disclose to the Plaintiff or anyone else. Plaintiff objects to the interrogatory because it inquires into knowledge and facts that Workday has provided to Plaintiff's counsel on a confidential "attorney's eyes only" basis that specifically excludes the Plaintiff. Without that withheld information, Plaintiff cannot determine which employers "used Workday's or HiredScore's software" or "the name of the employer, the name of the job, the date of [an] application [to such employer], and the qualifications required for the job." Interrogatory #2 *supra.*

Even if that essential information had not been withheld, any attorney-client communication of such privileged knowledge could not be disclosed in an answer to this interrogatory. Plaintiff's counsel is not a party to this case and has no obligation or right to answer for the Plaintiff or in lieu of the Plaintiff's own answer. Nor is there any reason for Plaintiff's

counsel to do so because they know only what Workday told them and already knows for itself. As such, Plaintiff objects to the interrogatory because it only seeks information and/or documentation regarding matters about which the Defendant already has knowledge and is otherwise privileged.

Plaintiff also objects to the extent that the interrogatory and related documents are uniquely within Defendant's exclusive possession, custody, or control, including but not limited to documents concerning the design, training, testing, validation, weighting, scoring, ranking, auditing, or deployment of Defendant's proprietary algorithmic or AI-driven systems and which Workday customers use such software.

Plaintiff further objects to the extent that the interrogatory seeks "the qualifications required for the job" with such an unknown employer "who used Workday's or HiredScore's software." Interrogatory # 2 *supra.* Not only has the Plaintiff been deprived of the information necessary to answer such questions for the reasons stated in response to Interrogatory #1 above, but the Court has already held that such individualized qualifications are not a factor to be considered in the decertification phase of this case. Plaintiff adopts, incorporates and restates the above objections to Interrogatory no.1 on this subject as if such objection was fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. *See* Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive this interrogatory.

**SPECIAL INTERROGATORY NO. 3:**

Of the jobs identified in response to Interrogatory No. 2 IDENTIFY all jobs for which YOU were contacted by the employer or a representative of the employer after submission of YOUR application for employment, including the name of the PERSON(S) who contacted YOU, the dates of contact, and the purpose of the contact.

**RESPONSE INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory because it is not limited to Workday or its customers in seeking information about the "jobs identified in response to Interrogatory No. 2 . . . for which [Plaintiff was] contacted by the employer or a representative of the employer after submission of [an] application for employment, including the name of the persons who contacted [Plaintiff], the dates of contact, and the purpose of the contact." Id.   Interrogatory #3, *supra*. Plaintiff objects to this interrogatory to the extent it requires knowledge about which Workday customers enable or use Workday's or HiredScore's software that Workday has refused to provide to the Plaintiff or allow Plaintiff's attorneys to disclose to the Plaintiff or anyone else.  Plaintiff objects to the interrogatory because it inquires into knowledge and facts that Workday has provided to Plaintiff's counsel on a confidential "attorney's eyes only" basis that specifically excludes the Plaintiff. Without that withheld information, Plaintiff cannot determine which employers "used Workday's or HiredScore's software" or the "jobs identified in response to Interrogatory No. 2 . . . for which [Plaintiff was] contacted by the employer or a representative of the employer after submission of [an] application for employment, including the name of the persons who contacted [Plaintiff], the dates of contact, and the purpose of the contact." RFP #3, *supra*.

Even if that essential information had not been withheld, any attorney-client communication of such privileged knowledge could not be disclosed in answer to this

7

interrogatory. Plaintiff's counsel is not a party to this case and has no obligation or right to answer for the Plaintiff or in lieu of the Plaintiff's own answer. Nor is there any reason for Plaintiff's counsel to do so because they know only what Workday told them and already knows for itself. As such, Plaintiff objects to the interrogatory because it only seeks information and/or documentation regarding matters about which the Defendant already has knowledge and is otherwise privileged.

Plaintiff also objects to the extent that the interrogatory and related documents are uniquely within Defendant's exclusive possession, custody, or control, including but not limited to documents concerning the design, training, testing, validation, weighting, scoring, ranking, auditing, or deployment of Defendant's proprietary algorithmic or AI-driven systems and which Workday customers use such software.

In support of such objections, Plaintiff adopts, incorporates and restates the above objections to interrogatory no. 1 and 2 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 4:**

For each job identified in response to Interrogatory No. 2, state all facts supporting YOUR contention that YOUR application was rejected due to "algorithmic decision making," if YOU so contend.

**RESPONSE INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory because it seeks information about the "jobs identified in response to Interrogatory No. 2" for which Plaintiff has no knowledge for the reasons already stated in response to Interrogatory nos. 2 and 3, supra. For those same reasons, Plaintiff objects to being asked "[f]or each job identified in response to Interrogatory No. 2, [to] state all facts supporting [Plaintiff's] contention that [Plaintiff's] application was rejected due to 'algorithmic decision making,'" Interrogatory # 4, supra. Plaintiff objects to this interrogatory to the extent it requires knowledge about which Workday customers use its "'algorithmic decision making'" services or tools that the Plaintiff has been denied knowing about, and that Workday has refused to allow Plaintiff's attorneys to disclose to the Plaintiff or anyone else. That condition specifically excludes the Plaintiff.

Not only has the Plaintiff been deprived of the information necessary to answer this interrogatory, but the Court has already held that such matters are not a factor to be considered in the remaining decertification phase of this case. None of such questions or requests have any relation to the "targeted discovery" that the Court has allowed and limited to the collective decertification phase of this case. Order, ECF 128 at 19-20 ("The parties are directed to meet and confer and engage in further targeted discovery to resolve the remaining disputes."); Order, ECF 211 at 1. (discovery schedule for collective decertification proceedings.)

In support of such objections, Plaintiff adopts, incorporates and restates the above objections to interrogatory no. 1 and 2 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Plaintiff also objects to the extent that the interrogatory and related documents are uniquely within Defendant's exclusive possession, custody, or control, including but not limited to

documents concerning the design, training, testing, validation, weighting, scoring, ranking, auditing, or deployment of Defendant's proprietary algorithmic or AI-driven systems and which Workday customers use such software.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY ANY PERSON whom YOU understood to be an employee or representative of WORKDAY or HIREDSCORE who interviewed YOU, communicated with YOU, or obtained information from YOU and describe the time period of that PERSON'S involvement and the substance of that PERSON'S communications with YOU.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory because it seeks information about the matters set forth above that Workday has precluded Plaintiff knowing, including the current questions about employers who may use Workday's or HiredScore's applicant screening procedures or tools. For the reasons already stated about such matters in response to Interrogatory nos. 1, 2, 3 and 4 above, Plaintiff objects to the current questions about "identifying any person whom [Plaintiff] understood to be an employee or representative of Workday or HiredScore" in processing Plaintiffs' applications in the manner challenged in this case. Workday denied Plaintiff any opportunity of knowing about such matters and refused to allow Plaintiff's attorneys to disclose such AI users to the Plaintiff or anyone else. That condition specifically excluded the Plaintiff.

Not only has the Plaintiff been deprived of the information necessary to answer this interrogatory, but the Court has already held that such matters are not a factor to be considered in the remaining decertification phase of this case. None of such questions or requests have any relation to the "targeted discovery" that the Court has allowed and limited to the collective decertification phase of this case. Order, ECF 128 at 19-20 ("The parties are directed to meet and confer and engage in further targeted discovery to resolve the remaining disputes."); Order, ECF 211 at 1 (discovery schedule for collective decertification proceedings.)

In support if such objections, Plaintiff adopts, incorporates and restates the above objections to interrogatory no. 1 and 2 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Plaintiff also objects to the extent that the interrogatory and related documents are uniquely within Defendant's exclusive possession, custody, or control, including but not limited to documents concerning the design, training, testing, validation, weighting, scoring, ranking, auditing, or deployment of Defendant's proprietary algorithmic or AI-driven systems and which Workday customers use such software.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY ANY entities with which YOU have applied for employment since August 2020 that YOU do not allege use WORKDAY'S or HIREDSCORE'S software, the date of YOUR

application, the position to which YOU applied, and the result of the application process, including whether YOU were screened by a recruiter, interviewed for a position, offered the job, or whether there was some other disposition of the application.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff provides the following answer: After reasonable inquiry, I lack knowledge or information sufficient to respond to this Interrogatory and, therefore, cannot answer at this time.

**SPECIAL INTERROGATORY NO. 7:**

If YOU contend that YOU were not hired or were not appropriately scored, screened, sorted, or ranked by AI for any jobs due to a disability, your race, or your age, IDENTIFY every disability YOU allege that YOU have or have had, including the dates of each disability and how such disability limited one or more major life activities or your ability to work, and/or your race, and/or your age.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General

Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff provides the following answers: My resume makes my age readily available information based on the year that I graduated college. Since I am over the age of 40, companies that use Workday's software use this as a factor when considering me for employment. Consequently, I have been immediately rejected by such companies even though I am a highly qualified candidate for the positions I applied for.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY YOUR full name, date of birth, the city and state where YOU live, all email addresses YOU use or have used to apply for jobs since August of 2020, and all usernames for any accounts with services such as Indeed, LinkedIn, Career Builder, Monster, or similar platforms you used to search for or apply to jobs since August of 2020.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff

13

provides the following answers: Full Name: Paul Richards; Residence: Lake Stevens, WA 98258; Emal: Paulrichardssent@gmai.com; LinkedIn: https://www.linkedin.com/in/paulrichardsent/

**SPECIAL INTERROGATORY NO. 9:**

State the total amount of income, benefits, and/or earning capacity that YOU have lost to date that YOU contend is a result of Defendant's alleged actions and IDENTIFY the DOCUMENTS YOU reviewed to determine such number. After reasonable inquiry, I lack knowledge or information sufficient to respond to this Interrogatory and, therefore, cannot answer at this time.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff provides the following answers:  after reasonable inquiry, I lack knowledge or information sufficient to respond to this Interrogatory and, therefore, cannot answer at this time.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all YOUR efforts to obtain employment since August 1, 2020, including but not limited to all internet searches YOU conducted for this purpose, headhunters, recruiters, and executive search firms YOU contacted, applications YOU submitted (to the extent not already identified in response to Interrogatory Nos. 2 and 6), recruiting events and career fairs YOU

Lee D. Winston (ASB: 6407O72L), *Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R), *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z), *Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R), *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a), *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S), *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S), *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K), *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o), *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, *Plaintiff,* <br><br> V <br><br> WORKDAY, INC. *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:23-cv-00770-RFL <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

Comes Now, Jacob R McDaniel, ("the Plaintiff") and responds to Defendant's Special Interrogatories as follows:

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY all entities for whom YOU have worked or currently work (whether as an employee, independent contractor, consultant or otherwise), including YOUR job titles, job descriptions, job responsibilities, total annual compensation, and the dates of YOUR employment, and the reasons YOUR employment with such entity terminated (if it terminated) since August 1, 2015.

### RESPONSE INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory because it is not limited to Workday or its customers or to employers who used the Workday applicant screening and hiring platform or who are otherwise relevant to the issues in this case. Plaintiff also objects to this interrogatory to the extent that it seeks work histories, job titles, job descriptions, job responsibilities, total annual compensation, dates of employment, and reasons for termination with "all entities" for whom Plaintiff has worked at any time "since August 1, 2015." *Id.* None of such questions or requests have any relation to the "targeted discovery" that the Court has allowed and limited to the collective decertification phase of this case. *Order,* ECF 128 at 20 ("The parties are directed to meet and confer and engage in further targeted discovery to resolve the remaining disputes."); *Order,* ECF 211 at pg. 2 (revised discovery schedule for collective decertification proceedings.

Plaintiff objects to this interrogatory based on the Court's prior determination that individual qualifications like those requested here are not an issue at the decertification stage of the case— that unlike a disparate treatment or wage-and-hour collective, "'qualification' is not an

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff has no knowledge or information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY ANY entities with which YOU have applied for employment since August 2020 that YOU do not allege use WORKDAY'S or HIREDSCORE'S software, the date of YOUR application, the position to which YOU applied, and the result of the application process, including whether YOU were screened by a recruiter, interviewed for a position, offered the job, or whether there was some other disposition of the application.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff provides the following answer:

Pursuant to Fed. R. Civ. P. 33(d), the information requested in this interrogatory regarding job applications can be determined by examining documents produced as part of the Plaintiff's

12

document production. The burden of deriving or ascertaining the requested information is substantially the same for both parties.

Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff will produce or make responsive documents available for inspection.

**SPECIAL INTERROGATORY NO. 7:**

If YOU contend that YOU were not hired or were not appropriately scored, screened, sorted, or ranked by AI for any jobs due to a disability, your race, or your age, IDENTIFY every disability YOU allege that YOU have or have had, including the dates of each disability and how such disability limited one or more major life activities or your ability to work, and/or your race, and/or your age.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff adopts, incorporates and restates the above objections to interrogatory nos. 1-5 as if such objections were fully stated herein. Plaintiff also incorporates by reference each General Objection to this set of interrogatories as if those objections were fully stated herein. See Omnibus Objections Plaintiff served January 15, 2026.

Subject to and without waiving the aforementioned objections, Plaintiff responds as follows: Construing this Request to seek information limited to the scope of such objections and Workday's own discovery objections and definition of relevance and proportionality, Plaintiff provides the following answers:

██/1980

**SPECIAL INTERROGATORY NO. 8:**

13