UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al., | Case No. 23-cv-00770-RFL (LB) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 268 |
| WORKDAY, INC., | |
| Defendant. | |

**INTRODUCTION**

The plaintiffs in this employment-discrimination case and putative class action are suing Workday, Inc., for utilizing an AI screening system that is more likely to deny applicants who are African American, suffer from disabilities, or are over forty years old.[1] The parties have discovery disputes. The plaintiffs moved to compel Workday to produce (1) all documents responsive to the plaintiffs' second request for production that lack a valid privilege (what the plaintiffs describe as "factual data and business records essential to determining the disparate impact of Workday's applicant screening and hiring procedures, including the underlying raw data and records on which those practices are based") and (2) a compliant privilege log. Workday responds that the

---

[1] First Am. Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-00770-RFL (LB)

information that the plaintiffs seek is privileged bias-testing data and that the plaintiffs have waived their ability to compel discovery by failing to brief the same issue in a prior letter brief.

The court can decide the matter without oral argument. Civil L.R. 7-1(b). By April 6, 2026, Workday must produce all non-privileged, responsive documents to the plaintiffs' second set of requests for production and a privilege log for any documents withheld, which presumably will include assertions of privilege over underlying bias-testing data. The court orders supplemental briefing on the issue of whether the underlying data is privileged.

### ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

The issues are (1) whether the plaintiffs have waived their ability to seek the requested discovery, (2) whether Workday has waived privilege for the requested discovery, and (3) if not, whether Workday has established that the requested discovery is privileged. Neither party has committed waiver, and the court orders additional briefing on the issue of whether the underlying data is privileged.

United States District Court
Northern District of California

First, Workday contends that by failing to file briefing requested by the court on the same issues in July 2025, the plaintiffs have waived their ability to move to compel this discovery.[2] The plaintiffs counter that Workday's argument improperly shifts the burden of establishing privilege from Workday to the plaintiffs and that Workday instead waived privilege by not submitting an updated privilege log in response to the court's order.[3]

The plaintiffs did not waive their ability to seek the discovery. The parties previously filed a joint letter brief in May 2025, where the plaintiffs sought production of Workday's data and reports, including "internal data regarding the impact of AI or ML deployed on applicants of color," audit documents, and applicant flow data from twelve other companies.[4] The court denied the discovery and ordered supplemental briefing on those disputes, allowing the parties to stipulate to a briefing schedule.[5] The court granted stipulations for the briefing schedule, which set the deadline for the plaintiff's brief as July 11, 2025.[6] On July 10, the parties stipulated to extend the schedule by one month.[7] The court did not address the stipulation, likely because the electronic filing system did not flag the stipulation with a "gavel," which brings the filing to the court's attention. Had the stipulation been "gaveled," the court would have granted it. With neither party at fault, there is no waiver. Workday's citation to out-of-district cases involving a lack of diligence by a party does not compel a different result.[8]

Second, the plaintiffs assert that Workday waived privilege for the underlying data and records for nine AI-screening categories because Workday did not file a privilege log for the second set of

---

[2] Def.'s Br. – ECF No. 270 at 3–4.

[3] Pls.' Br. – ECF No. 268 at 3.

[4] Disc. Letter Br. – ECF No. 124.

[5] Order – ECF No. 130.

[6] Orders – ECF No. 133, 141.

[7] Stipulation – ECF No. 155.

[8] Def.'s Br. – ECF No. 270 at 3 (citing *Unilin Beheer B.V. v. NSL Trading Corp.*, No. CV 14-2210 BRO (SSX), 2015 WL 12698283, at *3 (C.D. Cal. July 24, 2015); *Kenyon Energy, LLC v. Exyte Energy, Inc.*, No. CV 22-00534 HG-RT, 2024 WL 4011887, at *1 (D. Haw. July 26, 2024); *Patriot Rail Corp. v. Sierra R. Co.*, 2011 WL 3319579, at *2 (E.D. Cal. Aug. 1, 2011); *Exp.-Imp. Bank of Korea v. ASI Corp.*, No. CV162056MWFJPRX, 2018 WL 2718046, at *2 (C.D. Cal. May 29, 2018)).

ORDER – No. 23-cv-00770-RFL (LB)          3

United States District Court
Northern District of California

requests for production and Workday's initial privilege log does not cover them.[9] Workday responds that its privilege log reflects entries covering bias-testing data, it has "served a revised, document-by-documents, privilege log" on the plaintiffs consistent with the court's standing order, and the privilege log for the first set of requests for production covers the second set because the requests are "almost entirely duplicative."[10]

Workday did not waive privilege for the underlying data. The plaintiffs did not meaningfully challenge Workday's arguments about the sufficiency of its privilege logs in their reply.[11] Workday also made the argument that underlying data was privileged in the May 2025 letter brief for the first set of requests for production and asserts it again here.[12] That said, Workday must still produce a privilege log for the documents withheld from the second set of requests for production.[13] To the extent Workday's forthcoming privilege log asserts privilege over the underlying data requested by the plaintiffs, the parties must file supplemental briefing regarding the applicability of privilege.

United States District Court
Northern District of California

---

[9] Pl.'s Br. – ECF No. 268 at 2–3.

[10] Def.'s Br. – ECF No. 270 at 2–3.

[11] Pl.'s Reply – ECF No. 271.

[12] Disc. Letter Br. – ECF No. 124 at 4–5; Email, Ex. E to Pl.'s Br. – ECF No. 268-5 at 3 ("[W]e continue to maintain that the data underlying Workday's privileged bias testing is itself privilege[.]"); Def.'s Br. – ECF No. 270 at 3.

[13] *See* Standing Order – ECF No. 130-1 at 3.

**CONCLUSION**

Workday must produce all non-privileged, responsive documents to the plaintiffs' second set of requests for production and a privilege log for any documents it withholds, which presumably will include assertions of privilege over the underlying data, by April 6, 2026. The privilege issue should be addressed by motion on the ordinary five-week calendar under the local rules. The motion is due no later than two weeks after the production of the privilege log on April 6, 2026, meaning, by April 20, 2026, and should be noticed for a hearing on any available Thursday at least five weeks after filing.

**IT IS SO ORDERED.**

Dated: March 24, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California