Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC, 420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, <br> *Plaintiff,* <br><br> v. <br><br> WORKDAY, INC., <br> *Defendant.* | Case No. 3:23-cv-00770-RFL <br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL** <br><br> Courtroom: B, 15th Floor <br> Magistrate Judge Laurel Beeler |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL

Plaintiffs oppose Workday's untimely request to redact and seal the "AI Fact Sheet" attached to and incorporated within Plaintiffs' Second Requests for Production (ECF 220-1, p. 36), reproduced as ECF 276-2, Exh. A with Workday's proposed redactions.

## I. Workday Refused To Meet And Confer

Workday refused Plaintiffs' request to meet and confer about the confidentiality designation of the AI Fact Sheet — the document at the center of the current motion. *See* Exh. A. To avoid allowing this dispute to distract from the pending data discovery briefing (ECF Nos. 265, 268, 270–271), Plaintiffs voluntarily withdrew the AI Fact Sheet exhibit (ECF 268-4) pending resolution of that dispute. ECF 269. Workday continued to refuse to meet and confer even after that briefing concluded. Workday's current motion (ECF 276), is the first time Workday ever requested that Plaintiffs withdraw, redact, or seal the duplicate AI Fact Sheet now at issue (ECF 276-2). It has not claimed or shown otherwise.

## II. Workday Has Forfeited Any Claim To Seal Or Redact

*A. Workday Failed to Designate or Invoke the 21-Day Cure Right at the Deposition*

The Protective Order provides that the mechanism for protecting deposition testimony and exhibits: the designating party must "identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted." Doc. 101 §5.2(b). Where contemporaneous designation is impractical, the Order permits a party to invoke on the record — before the deposition concludes — a right to designate within 21 days. *Id.* Workday did neither. *See* Exh. B.

During the March 4, 2025 deposition of Kelly Trindel, Ph.D., Workday's counsel sat through extended examination of Exhibit 1 — the AI Fact Sheet — covering every phase of that Exhibit on a page-by-page basis without any confidentiality objection or 21-day reservation of designation rights. ECF 101, §5.2(b) That window closed more than a year ago.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

The 21-day cure period is not an automatic grace period — it is a conditional right that must be **affirmatively invoked on the record before the deposition concludes.** The Order's language is plain: "the Designating Party may invoke <u>on the record</u> (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days…" Doc. 101, §5.2(b) (emphasis added). That on-the-record invocation is not directory — it is the condition precedent to the right itself. Where counsel closes a deposition without invoking it, the right to cure never comes into existence, and the corollary provision treating transcripts as HC-AEO during that window never activates. *Id.* Workday's right to cure is forfeited.

The inadvertent-failure provision of Section 5.3 does not save Workday. That provision addresses accidental omissions — a missed bates-stamp, an overlooked transcript line. It has no application where, as here, counsel was present throughout, actively objecting, and made a deliberate choice not to designate. The examination of the AI Fact Sheet was the centerpiece of the deposition. There was nothing inadvertent about Workday's silence. In the face if that silence, §5.2(b), cuts both ways: it preserves an existing designation but cannot create one where none was made. The Fact Sheet was used as Exhibit 1 without any designation. It is now part of an open deposition record.

> B.    *Workday Also Failed to Assert Privilege Over the AI Fact Sheet, Compounding the Forfeiture*

Workday's failure extends beyond the confidentiality designation. Counsel never asserted privilege over the AI Fact Sheet at the Trindel deposition — and that silence independently forfeits any belated claim of protection. The deposition record makes Workday's selective conduct unmistakable. Counsel repeatedly asserted attorney-client privilege and work product protection over the *contents* of Workday's internal testing, instructing the witness not to answer questions about testing methodology, results, and whether disparities were detected. *See* Trindel Depo. at 62:8–25; 63:8–20; 113:21–25; 114:1–8.  Yet as Mr. Winston examined the AI Fact Sheet page by page — quoting its bias-testing representations, lifecycle approach, scoring methodology, and "How It

2

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

Works" section — counsel raised no privilege claim whatsoever. Workday knew how to assert privilege and chose to do so over internal testing while leaving the Fact Sheet fully exposed on the open record.

Courts hold that failure to object to the use of a document at a deposition waives any privilege claim over it, regardless of any claw-back or protective order provision. *FTC v. Amazon.com, Inc.*, 801 F. Supp. 3d 1213, 1220 (W.D. Wash. 2025) ("failure to timely object to the introduction of an exhibit waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure") (citing *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3654285, at *2 (D. Nev. July 5, 2016)); *see also Brown v. Google LLC*, 2022 WL 12039375, at **5–6 (N.D. Cal. Oct. 20, 2022) (waiver found where party objected to document "on the grounds of furthering improper attorney argument, without any effort to also assert that the [document] was privileged"). The *FTC v. Amazon* court further recognized that waiver is clear where — as here — the failure to object persists not merely for hours but through an entire deposition and for months beyond. 801 F. Supp. 3d at 1220–21. And Section 12 of the Protective Order's inadvertent-production provision governs only discovery documents, not exhibits examined openly at a deposition. Doc. 101, §12. The combination of no confidentiality designation, no privilege assertion, and no prompt claw-back notice leaves Workday with no procedural avenue to seal this document.

> C.    *Sealing a Document Already in the Public Record Cannot Satisfy the Applicable Standard*

The substance of the AI Fact Sheet — the bias-testing representations, the "How It Works" description, the lifecycle approach to ML bias — is already embedded in the public deposition transcript through Trindel's testimony. Sealing the exhibit but leaving the transcript accomplishes nothing except to obscure the link between the document and witness admissions.

Workday argues its motion to seal is non-dispositive and therefore subject only to the good cause standard. That argument fails. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

1096–97 (9th Cir. 2016) made clear that the right of public access "does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." 809 F.3d at 1101. The AI Fact Sheet is Workday's own customer-facing document describing how its Candidate Skills Match tool was built, how it was trained, and how Workday evaluates it for bias — the precise subject matter of Plaintiffs' discrimination claims. Trindel's deposition testimony on those topics, drawn directly from the Fact Sheet, is already part of the public record. A document this central to the merits is unquestionably more than tangentially related to the case, and the compelling-reasons standard applies. *See id.* *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (standard "is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order").

Workday cannot meet that standard. The burden is its alone. *Kamakana*, 447 F.3d at 1178. It must articulate "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Id.* Reliance on a blanket protective order designation — which Workday never even made as to this document — is not a compelling reason that rebuts the presumption of access. *Id.* at 1183–84. Mere conclusory assertions of competitive harm or confidentiality, unsubstantiated by specific examples, will not suffice. *Ctr. for Auto Safety*, 809 F.3d at 1097 (records may not be sealed on the basis of "hypothesis or conjecture"). Workday's failure to take any protective step at the deposition — the precise moment the Order required action — is itself evidence that no particularized harm from disclosure exists. A party that does not bother to protect material when it has every opportunity to do so cannot later manufacture urgency before this Court. The sealing motion should be denied.

### D. The Quagliato Declaration Does Not Satisfy the Compelling Reasons Standard

Workday mistakenly relies Michael Quagliato's declaration that the AI Fact Sheet contains "confidential and proprietary business information," ECF 276-4, ¶¶2–4, but The compelling reasons

4

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

standard demands "specific factual findings" — not category labels and speculative harm. *Kamakana*, 447 F.3d at 1178–79; *Ctr. for Auto Safety*, 809 F.3d at 1097. He identifies no specific competitor, no specific piece of information that is genuinely secret, and no concrete mechanism by which competitive harm would actually materialize. Nor does the declaration identify specific portions of the AI Fact Sheet that warrant protection, as required for any sealing order to be "narrowly tailored." Civ. L.R. 79-5(c)(1). Courts evaluate claimed confidentiality efforts against actual conduct. *Brown v. Google LLC*, 2022 WL 12039375, at \*5–6 (N.D. Cal. Oct. 20, 2022); *FTC v. Amazon.com, Inc.*, 801 F. Supp. 3d 1213, 1220 (W.D. Wash. 2025). A boilerplate declaration fails that test. *Kamakana*, 447 F.3d at 1178. Workday never properly designated the AI Fact Sheet as confidential to begin with. Since producing it on December 23, 2024, Workday has treated it — along with ***every*** other document it has produced in this case — as "confidential," marking 100% of its production without individual review or justification. "Mass, indiscriminate, or routinized designations are prohibited." Doc. 101, §5.1; *Humphreys v. Regents Univ. of Cal.*, 2006 U.S. Dist. LEXIS 79044, at \*1, \*\*3–5, \*\*8–9 (N.D. Cal. 2006) (prohibiting over-designation where ***every*** document as confidential, "effectively shifting the costs of assessing the confidentiality of those documents to plaintiff"); *see also THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (designation of 79% of designations "absurdly high"); *In re Ullico, Inc. Litig.*, 237 F.R.D. 314, 317–318 (D.D.C. 2006).

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

Respectfully submitted,

*s/Robert L. Wiggins, Jr.*

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wgginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
mmoore@wiggins childs.com
*Admitted Pro Hac Vice*
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

6
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

## CERTIFICATE OF SERVICE

I hereby certify that on  March 24, 2026, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Julie Ann Totten      Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell      econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott   aelliott@orrick.com

*s/Robert L. Wiggins, Jr.*
Of Counsel

7
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL**