# PLAINTIFFS' EXHIBIT A

**From:** "Grundy, Kayla Delgado" <kgrundy@orrick.com>
**Date:** March 11, 2026 at 3:29:14 PM CDT
**To:** Bob Wiggins <rwiggins@wigginschilds.com>
**Cc:** Roderick Cooks <rcooks@winstoncooks.com>, Lee Winston <lwinston@winstoncooks.com>, "Wiggins, Ann" <awiggins@wigginschilds.com>, Bethany Neal <bneal@winstoncooks.com>, Malik Moore <mmoore@wigginschilds.com>, Jay@jaygreenelawfirm.com, "Smith, Jenny" <jsmith@wigginschilds.com>, Nicki Lawsen <nlawsen@wigginschilds.com>, "Fisher, Samuel" <sf@wigginschilds.com>, "Totten, Julie A." <jatotten@orrick.com>, "Connell, Erin M." <econnell@orrick.com>, "Elliott, Alexandria" <aelliott@orrick.com>, "Michaelidis, Chloe" <cmichaelidis@orrick.com>
**Subject: RE: Protective Order**


Bob,

The time to meet and confer was *before* Plaintiffs filed Workday's confidential document on the public record consistent with the terms of the protective order. The only appropriate response at this stage is for Plaintiffs to withdraw the inappropriate filing and then proceed with whatever discussions you'd like to have about designations at a time when Workday's confidential information is not lingering on the public docket. Yet Plaintiffs are refusing to do so.

Accordingly, we must divert our attention to unexpected and costly motions to correct Plaintiff's violation of the protective order. We are not available to have a broader discussion about confidentiality until we are able to take the necessary actions to enforce the protective order. We are also taking steps to notify the court's filing clerk about the improperly filed document and to have it locked from public access pending our motion consistent with the NDCA procedures.

If you'd like to otherwise schedule a call, you are free to send over availability. I note I am out of the office for the remainder of this week and most of next week, but we'll do our best to set something up once our motion is filed.

---

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Wednesday, March 11, 2026 1:13 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Cc:** Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>;

Wiggins, Ann <awiggins@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Malik Moore <mmoore@wigginschilds.com>; Jay@jaygreenelawfirm.com; Smith, Jenny <jsmith@wigginschilds.com>; Nicki Lawsen <nlawsen@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>
**Subject:** Re: Protective Order


[EXTERNAL]

Kayla and all,

   We've already offered a reasonable way forward on this issue and would appreciate a response to our proposal.  It doesn't help to just get another ultimatum coupled with yet another refusal to meet and discuss solutions.

    It would help, for example, to know what you contend is confidential about the  Ai Fact Sheet exhibit. From the  multiple briefs, RFPs and other filings that have repeatedly quoted and discussed its content, the]at sheet has never been controversial, disputed or treated as confidential either in depositions or any other setting.  We don't think that's asking too much in light of the fact that your client has literally designated every single  document confidential.

   A mutual and candid discussion of the problems that overdesignations  cause for everyone, including the Court, would also help. That issue is not limited to this one document. We are concerned that such overdesignations go far beyond the AI Fact Sheet.

   On your request that we provide you an example of the unopposed public use or filing of the Fact Sheet, we are still in the process of identifying all of them. If it will help move the issue  forward, however, the ones that immediately come to mind and were most obvious were  the attachments to the second Requests For Production that were filed as exhibits without objection in December or January, and that have been actively used by both sides for the last three months in answering or enforcing the Requests that are prominently based on, and quote from, the AI Fact Sheet.
Bob




On Mar 11, 2026, at 1:46 PM, Grundy, Kayla Delgado <kgrundy@orrick.com> wrote:


Hi Bob,

The AI Fact Sheet is not a public document. I have no recollection of the document being filed (nor should it have been as it is plainly marked confidential). If you provide a docket number, I'll look into the issue further.

As to the remainder of your email, whether Plaintiffs agree with the confidential designation or not is irrelevant. Had Plaintiffs wished to contest the confidential designation, the protective order articulates the process to do so. Yet Plaintiffs never even raised the issue before violating the protective order. Plaintiffs may not ignore the designation and publicly file confidential documents.

I understand your email below to be a refusal to take the steps necessary to undo Plaintiffs' second violation of the protective order. Absent a prompt

confirmation from you of the specific docket number where this document was previously filed without objection, we will proceed with our motions.

---

**From:** Bob Wiggins <rwiggins@wigginschilds.com>
**Sent:** Wednesday, March 11, 2026 11:33 AM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Cc:** Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Malik Moore <mmoore@wigginschilds.com>; Jay@jaygreenelawfirm.com; Smith, Jenny <jsmith@wigginschilds.com>; Nicki Lawsen <nlawsen@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>
**Subject:** Re: Plaintiffs' Second Violation of Protective Order

[EXTERNAL]

Kayla,

We disagree with your accusation. Not only is the AI Fact Sheet a public document that is already part of the Court record, but there is no reason to credit your client's representation that it is confidential because it has marked 100% of its document production as "confidential" in violation of the Stipulated Protective Order and well known precedent. *See e.g., Humphreys v. Regents Univ. of Cal.*, 2006 U.S. Dist. LEXIS 79044, **1, 3-5, 8-9 (N.D. Calf. 2006) (granting sanctions for "over-designation of documents as confidential," finding that "[s]anctions are warranted against Defendants and their counsel for the over-designation" because "rather than individually reviewing the 18,162 pages of emails they produced for confidential information, [they] marked *everyone* as confidential, effectively shifting the costs of assessing the confidentiality of those documents to plaintiff.") (emphasis added); *see also THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (finding a designation of 79% of produced documents to be "absurdly high"); *In re Ullico, Inc. Litig.*, 237 F.R.D. 314, 317-318 (D. D. C. 2006) (relying on *THK Am.,* 157 F.R.D. at 645-646).

The parties' Stipulated Protective Order (ECF 101) states that the "Party . . . that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards" and that "[m]ass, indiscriminate, or routinized designations are prohibited." *Id.* at Sec. 5.1. It also provides that "[i]f it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation." *Id.* This email serves as that notice to withdraw all such designations pursuant to the foregoing standards and the remedies set forth in *Humphreys, supra,* and similar decisions.

To facilitate prompt resolution of this dispute, we are available to further discuss the disputed designations at your convenience. We also request that you provide an agreeable date and time to depose Rule (b)(6) your client's designated Rule 30 (b)(6) representative on the foregoing subjects and

3

designations of confidential documents. A formal notice of such deposition subjects under Rule 30(b)(6) is being prepared for service.
Bob

On Mar 11, 2026, at 12:21 PM, Bob Wiggins <rwiggins@wigginschilds.com> wrote:

The response is coming. You needn't worry about that.

On Mar 11, 2026, at 12:14 PM, Grundy, Kayla Delgado <kgrundy@orrick.com> wrote:

Counsel,

We have not yet received a response to my time-sensitive email below. Please confirm whether you are taking the required steps or not, so that we may respond accordingly.

Thank you,
Kayla

**From:** Grundy, Kayla Delgado
**Sent:** Tuesday, March 10, 2026 8:54 PM
**To:** Bob Wiggins <rwiggins@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Lee Winston <lwinston@winstoncooks.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Malik Moore <mmoore@wigginschilds.com>; Jay@jaygreenelawfirm.com; Smith, Jenny <jsmith@wigginschilds.com>; Nicki Lawsen <nlawsen@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>
**Cc:** Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>
**Subject:** Plaintiffs' Second Violation of Protective Order

4

Counsel,

We received service this evening of Plaintiffs' Letter In Support of Compelling Document Production. The letter includes several attachments. Exhibit D, a Workday Fact Sheet, is a document produced in discovery that was marked Confidential under the terms of the protective order. Notwithstanding that designation, Plaintiffs publicly filed Exhibit D. This is Plaintiffs' second violation of the protective order in as many weeks.

To address this, please promptly file a notice of withdrawal and contact the ECF filing clerk to inform them they should remove public access to that exhibit immediately consistent with the Court's procedures for inadvertent filing of confidential material. Absent confirmation of these steps being taken by tomorrow morning PT, Workday will proceed with filing a motion to seal and may also seek sanctions for Plaintiffs' carelessness with respect to confidential documents.

**Kayla Delgado Grundy**
Partner
Pronouns: she/her/hers

Orrick
San Francisco    <image001.jpg>

T 415-773-5537
kgrundy@orrick.com

<image004.png>

<image005.gif>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communic... received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Plea... the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy... https://www.orrick.com/Privacy-Policy to learn about how we use this information.

<image001.jpg>
<image005.gif>

5

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by la received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.