Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC, 420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, <br> *Plaintiff,* <br><br> v. <br><br> WORKDAY, INC., <br> *Defendant.* | Case No. 3:23-cv-00770-RFL <br> **PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO WORKDAY'S MOTION TO COMPEL OPT-IN DISCOVERY RESPONSES** <br><br> Courtroom: B (15th Floor) <br> Magistrate Judge Laurel Beeler |

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO WORKDAY'S MOTION TO COMPEL OPT-IN DISCOVERY RESPONSES**

**Introduction.** Plaintiffs oppose Workday's motion to compel opt-in discovery responses. Workday's motion mischaracterizes both the nature and adequacy of Plaintiffs' responses, ignores the Court's prior rulings limiting decertification-phase discovery, and—critically—is premised on an incomplete and outdated record. Plaintiffs have already served approximately **109** opt-in discovery responses—more than half of the 195 opt-ins on whom discovery was served—and are continuing to serve additional responses on a rolling basis. The motion should be denied.

**Background and Discovery Framework.** This ADEA collective action challenges Workday's AI-driven applicant screening tools for systemic disparate impact on applicants over age forty. The Court certified the collective on May 16, 2025 (ECF No. 128), holding that liability—whether Workday's AI disparately impacts applicants over forty—is to be "addressed across the collective, not on a member-by-member basis," and structured the case to proceed first on a representative basis as to liability, with individualized issues addressed later. Workday now seeks to circumvent that framework by compelling individualized work histories, application data, damages figures, and other Stage II information from all 195 opt-ins.

**I. Plaintiffs Have Acted in Good Faith and Substantially Complied.** Plaintiffs timely communicated their discovery plan, provided a date certain for initial responses, and committed to a structured rolling production consistent with Rule 34(b)(2)(B). See, Exh. A. Consistent with those representations, Plaintiffs have already served approximately **109** opt-in responses—with additional responses continuing. Plaintiffs have coordinated collection across numerous opt-ins and custodians, ensured responses are complete and accurate, and supplemented as required under Rule 26(e). Workday's premise of non-compliance misstates the record and warrants denial of the motion on that basis alone. Also, courts in this District recognize that requiring individualized discovery from every opt-in plaintiff undermines the purpose and utility of collective actions, and instead favor representative, group-based approaches to opt-in discovery. *Greist v. LendUS LLC,* 2026 WL 242226, at *2–3 (N.D. Cal. Jan. 29, 2026). Consistent with that principle — and to avoid the burden and redundancy of duplicative plaintiff-by-plaintiff responses to legally identical requests — Plaintiffs served omnibus objections on January 15, 2026, preserving all legal objections applicable to the collective as a whole. These objections provide adequate notice of Plaintiffs' grounds for objection without requiring individualized repetition of the same legal positions across hundreds of separate responses.

**II. The Pattern-or-Practice Framework Forecloses Individualized Discovery at This Stage.** This case proceeds as a pattern-or-practice action under, *inter alia*, the ADEA challenging a centralized, uniform policy—Workday's algorithmic screening system. ECF See, ECF 231, 1, 2, 6, 9, &11. Under the *Teamsters* framework, the liability phase turns exclusively on whether the defendant's discriminatory policy existed as a standard operating procedure—not on individualized determinations about any particular plaintiff. *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 360–61 (1977). Plaintiffs are not required at phase one to offer evidence that each person was individually a victim of the discriminatory policy; their burden is only to establish that such a policy existed. Id. at 360. Courts in this district applying the *Teamsters* framework to ADEA collective actions have consistently held that individualized inquiries are properly reserved for the remedial phase two, and that their prospect does not warrant decertification before trial. *Heath v. Google LLC,* 345 F. Supp. 3d 1152, 1174–75 (N.D. Cal. 2018). Because liability here will be established—or defeated—through common statistical and circumstantial evidence of a uniform algorithmic screening process applied to all class members, no individualized inquiry is necessary or appropriate at this stage. Under the *Teamsters* framework, pattern-or-practice cases proceed in two distinct phases: a liability phase in which plaintiffs establish through aggregate proof that discrimination was

1

the defendant's standard operating procedure, and a remedial phase in which individualized questions of relief are addressed. *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 360–61 (1977). At the liability phase, plaintiffs are not required to prove that each individual was a victim of the discriminatory policy — only that such a policy existed. Id. at 360. The employer's burden to rebut that showing is likewise common to the collective, not individualized. Id. Discovery and decertification proceedings must be evaluated through this lens. The *Leuthold* factors — disparate factual settings, available defenses, and fairness considerations — are assessed in light of what phase one actually requires, meaning that individualized differences among plaintiffs are largely irrelevant at the liability stage and do not justify decertification. *Leuthold v. Destination Am.,* 224 F.R.D. 462, 467 (N.D. Cal. 2004); *Heath v. Google LLC,* 345 F. Supp. 3d 1152, 1174–75 (N.D. Cal. 2018). Defendant's discovery requests improperly collapse the Teamsters two-phase structure by demanding plaintiff-specific merits inquiries that belong, if anywhere, in a phase two remedial proceeding — not at the liability stage of a certified collective action.

**III. Substantive Objections Are Well-Founded.** A. Interrogatories 1–5 Seek Stage II Information. These requests seek individualized work histories, employer identifications, application outcomes, and rejection facts the Court has already held need not be established at this stage. ECF 128 at 15–17.

**A. Interrogatory No. 2 Is a Structural Impossibility of Workday's Making.** Workday produced its customer list on an attorneys'-eyes-only basis, preventing disclosure to opt-ins, yet demands that opt-ins identify employers on that restricted list they applied to. Workday cannot simultaneously withhold this information and require Plaintiffs to supply it. Rule 26 does not permit such burden-shifting.

**B. Interrogatory No. 6 / Rule 33(d).** Plaintiffs acknowledge the technical deficiency in McDaniel's response and commit to producing the referenced documents and supplementing with required particularity. This is a curable deficiency, not grounds for compulsion.

**C. Birthdates and Damages (Nos. 8–9).** Plaintiffs will supplement any missing birthdates. Damages need not be calculated now—they will be addressed individually only after a liability determination, as the Court's order contemplated. ECF 128 at 17.

**D.    Verifications and Boilerplate Objections.** Workday's "boilerplate" objection argument is overstated. Plaintiffs' objections are specific and grounded in the Court's prior order (ECF No. 128), the AEO-related limitations affecting Interrogatories 2–5, the ADEA liability framework, and Rule 26(b)(1) proportionality—issues that apply uniformly across the opt-in group given Workday's identical, individualized requests. Plaintiffs will supplement on a rolling basis to clarify whether responsive information or documents exist and whether any are being withheld, consistent with Rules 33(b)(4) and 34(b)(2)(B). Plaintiffs also acknowledge that interrogatory responses must be verified under Rule 33(b)(3) and (b)(5) and will provide signed verifications for responding opt-ins, with additional responses and verifications to follow on a rolling basis.

**Conclusion.** For the foregoing reasons, the Court should deny Workday's motion. In the alternative, Plaintiffs request the Court: (1) adopt a representative opt-in discovery protocol consistent with *Greist v. Lendus*; (2) limit individual opt-in responses to information within opt-ins' actual knowledge relevant to decertification; (3) order Workday to release its customer list from AEO restrictions sufficient to enable responses to Interrogatories 2 and 3; and (4) permit Plaintiffs to supplement on a rolling basis through a Court-ordered schedule rather than compelling simultaneous full responses by April 15, 2026.

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO WORKDAY'S MOTION TO COMPEL OPT-IN DISCOVERY RESPONSES**

Respectfully submitted,

*/s/Roderick T. Cooks*

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wgginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
mmoore@wiggins childs.com
*Admitted Pro Hac Vice*
Wiggins Childs Pantazis Fisher and
Goldfarb
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**

Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

3

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO WORKDAY'S MOTION TO
COMPEL OPT-IN DISCOVERY RESPONSES**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Julie Ann Totten      Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell       econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott   aelliott@orrick.com

*s/Roderick T. Cooks*
Of Counsel

4

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO WORKDAY'S MOTION TO COMPEL OPT-IN DISCOVERY RESPONSES**