United States District Court<br>Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al., | Case No. 23-cv-00770-RFL (LB) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 279 |
| WORKDAY, INC., | |
| Defendant. | |

**INTRODUCTION**

The plaintiffs in this employment-discrimination case and putative class action are suing Workday, Inc., for utilizing an AI screening system that is more likely to deny applicants who are African American, suffer from disabilities, or are over forty years old.[1] The parties have discovery disputes. Workday moves to compel responses to its requests for production and interrogatories aimed at obtaining information about the opt-in plaintiffs' eligibility for the preliminarily certified age collective. The plaintiffs objected to the discovery primarily because the case will be decided under the *Teamsters* framework, which at stage one, only requires that the plaintiffs show whether

---

[1] First Am. Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

the defendant's alleged discriminatory policy existed as a standard operating procedure and not on individualized determinations about any particular plaintiff.

The court orders that the plaintiffs provide compliant responses to Workday's interrogatories and requests for production by April 15, 2026.

**ANALYSIS**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

Workday asserts that its interrogatories and requests for production are relevant because they seek information about the eligibility of the opt-in plaintiffs for the preliminarily certified age collective. The plaintiffs contend that their responses have been sufficient because (1) the district judge limited decertification-phase discovery, (2) under the *Teamsters* framework, individualized responses are not required until later in stage two, (3) the plaintiffs have served about 109 responses out of 195 opt-in plaintiffs, (4) requiring responses from all opt-in plaintiffs undermines the purpose of collective actions, and (5) their objections to the discovery are well founded,

United States District Court
Northern District of California

including that Workday improperly seeks stage-two information and the plaintiffs cannot provide a list of the employers they applied to when Workday's customer list has been designated attorney's eyes only.[2] Workday replies that the district judge did not order bifurcated discovery but instead stated at a June 2025 hearing that "the next step is that the parties need to do discovery on all of the opt-in plaintiffs."[3]

The requested discovery is relevant. Workday seeks the opt-in plaintiffs' birthdates, the jobs they applied for, their job qualifications, and the email addresses used to apply for jobs, which will help determine their eligibility to participate in the preliminarily certified age collective.[4]

The plaintiffs do not argue that burden prevents their responding but instead contend that the scope of discovery at this stage is limited by the district judge's order granting preliminary collective certification and the *Teamsters* framework. These arguments are not persuasive. The district judge's order contemplates that "[a]fter additional discovery, Workday would then have an opportunity to present evidence that the collective is not, in fact, similarly situated."[5] There is no statement in the order explicitly providing for bifurcated discovery.[6] The *Teamsters* framework relates to what the plaintiffs must prove at trial and does not preclude Workday's seeking discovery aimed at decertification.[7] *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (the district court had recently overruled the plaintiffs' objections to an order compelling discovery of their financial circumstances). For the same reasons, the plaintiffs' objections based on the *Teamsters* framework are not well founded.[8] Regarding the request for a list of employers the plaintiffs applied to, the plaintiffs can provide whatever information they recall.

---

[2] Opp'n – ECF No. 283.

[3] Reply – ECF No. 289 at 3.

[4] Mot. – ECF No. 279 at 3; Reply – ECF No. 289 at 3.

[5] Order – ECF No. 128 at 1.

[6] Reply – ECF No. 289 at 3.

[7] *Id.*

[8] *See* Opp'n – ECF No. 283 at 3.

ORDER – No. 23-cv-00770-RFL (LB)                3

United States District Court
Northern District of California

**CONCLUSION**

The plaintiffs must provide compliant responses to Workday's interrogatories and requests for production by April 15, 2026. This resolves ECF No. 279.

**IT IS SO ORDERED.**

Dated: March 31, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California