Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC, 420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK L. MOBLEY for and on behalf of himself and other persons similarly situated, <br> *Plaintiff,* <br><br> v. <br><br> WORKDAY, INC., <br> *Defendant.* | Case No. 3:23-cv-00770-RFL <br> **Plaintiffs' Reply To Workday's Opposition To Limiting Discovery To A Representative Sample Of Opt-In Plaintiffs** <br> Courtroom: B (15th Floor) <br> Magistrate Judge Laurel Beeler |

**Meet and Confer Efforts:** Contrary to Workday's representation, Plaintiffs consistently opposed serving individualized discovery for more than a representative sample of the opt-in plaintiffs as part of the parties' meet-and-confer efforts since February 9, 2026. *See* Exhs. A, B.

**Decertification And Collective Dismissal Come First:** Workday's proposal puts the cart before the horse. It serves no purpose to require thousands of individuals to respond to discovery on their "eligibility" to be members of a collective *individually* **before** it is known whether they will be dismissed *collectively* without need of any such individualized eligibility discovery. "If . . . decertification is granted, the . . . opt-in plaintiffs are dismissed . . . , and the original plaintiff is left to proceed alone." *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1110 (9th Cir. 2018).

The Court has previously emphasized that decertification is based on whether the collective itself is "similarly situated," not whether each individual member will prove to be "eligible" or otherwise "similarly situated" if the collective is **not** decertified. *See* Order at 16-17 (ECF 128). Proof of such *collective* similarity does not require discovery from more than a random sample of individual opt-in plaintiffs. *See* ECF 292. The Court has already found that the collective "need not be identical in all ways, because its members are alike **in the central way that matters:** they were allegedly required to compete on unequal footing due to Workday's discriminatory AI [features]." Order at 2 (ECF 128) (emphasis added); *id.* at 5. "The critical issue at the heart of [Plaintiffs'] claim is whether [Workday's] system has a disparate impact [that] is **susceptible to common proof** [and] **cuts across the proposed collective,** regardless of . . . natural variations in the qualifications or rejection rate for particular members of the proposed collective." *Id.* at 2. "[B]ecause the injury lies in the denial of an equal *opportunity* to compete, not the denial of the job itself, the Court need not inquire into the plaintiff's qualifications or lack thereof." *Id.* at 16-17. Applicants "do not need to show that they were qualified, got rejected, or would likely have succeeded in being hired in order to . . . bring a disparate impact claim for injunctive relief." Order at 16 (ECF 128) (citations omitted). Nor do they have to show they were otherwise "eligible" to opt-in in the type of "third-party" process Workday refers to. *See* Order at 4 (ECF 186) (rejecting such process, holding the Court "should not play a gatekeeping role with respect to an individual's ability to opt-in to this action."); ECF 180 at 4-8.

**All Opt-Ins Have Already Provided Their Birthday, Application & Contact Information**

Workday only proposes collective-wide discovery regarding opt-ins' birthdays and job application and contact information. ECF 294, p. 2. All 14,630 opt-ins, however, have already submitted signed attestations that sufficiently address such matters, including that "on or after September 24, 2020" they applied "for at least one employment opportunity *using Workday's application form* while . . . 40 or more years old." ECF 224-1, p. 1; Order at ECF 225 (emphasis added); ECF nos. 277 & 277-2-4 (lists of individual birth-years and opt-in dates). Additionally, Workday has the broader discovery responses to be provided by 195 opt-ins as well as its internal records of opt-ins' "using Workday's application form" and job platform. ECF 224-1; ECF 271(noting the Court's finding that "Workday hosts the applicant data and that its customer contracts . . . permit[] disclosure pursuant to a court order."); ECF 124, p.3 (same); ECF 170 at 3–4; Order, ECF 175 ¶3. Taken together, that provides sufficient evidence for the *collective* decertification proceedings and deadlines which are currently set to begin just a little more than three months from now (mid-July). *See* Order at ECF 242. Any additional individualized "eligibility" discovery would severely prejudice the parties' ability to meet the Court's deadlines. *Id.*

**Best Offer**: If decertification is denied, an additional 110 Opt-In Plaintiffs may be randomly and jointly selected to serve agreed-upon discovery requests, not to exceed 220 Opt-In Plaintiffs.

**Plaintiffs' Reply To Workday's Opposition To Limiting Discovery To A Representative Sample Of Opt-In Plaintiffs**

Respectfully submitted,

_s/Robert L. Wiggins, Jr._

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wgginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
mmoore@wiggins childs.com
*Admitted Pro Hac Vice*
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

2

**Plaintiffs' Reply To Workday's Opposition To Limiting Discovery To A Representative Sample Of Opt-In Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Julie Ann Totten     Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell      econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott   aelliott@orrick.com

*sRobert L. Wiggins, Jr.*
Of Counsel

3
**Plaintiffs' Reply To Workday's Opposition To Limiting Discovery To A Representative Sample Of Opt-In Plaintiffs**