# PLAINTIFFS' EXHIBIT B



March 10, 2026

*Via E-Mail*

Bob Wiggins
rwiggins@wigginschilds.com
Jenny Smith
jsmith@wigginschilds.com

Rod Cooks
rcooks@winstoncooks.com
Lee Winston
lwinston@winstoncooks.com

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Kayla Delgado Grundy**

**E** kgrundy@orrick.com
**D** +1 415 773 5537
**F** +1 415 773 5759

Re:    Deficiencies in Opt-In Plaintiffs' Responses to Workday's Special Interrogatories and Requests for Production

Dear Counsel:

We write concerning Plaintiffs' responses to date to Workday's Special Interrogatories (the "ROGs") and Requests for Production (the "RFPs") to Opt-In Plaintiffs served December 16, 2025.[1] Despite multiple extensions of time, Plaintiffs' responses remain incomplete. Although Workday addressed many deficiencies in Plaintiffs' objections in its February 4, 2026 meet-and-confer letter, Plaintiffs have failed to adapt their responses to address those concerns and in fact attempt to incorporate by reference those prior improper objections into these responses. Plaintiffs' responses are inadequate. Indeed, the number and scale of deficiencies call into question whether Plaintiffs' responses are made in good faith. Workday addresses these deficiencies in turn and expects that Plaintiffs will address them promptly and adapt future responses accordingly.

**I.    Plaintiffs' Responses Are Untimely**

Workday served its limited-scope discovery requests on the Opt-In Plaintiffs on December 16, 2025. On January 14, 2026—the day before the January 15, 2026 response deadline—Plaintiffs requested a 60-day extension of time to respond. Workday agreed to a 30-day extension for half

---

[1] Workday propounded both a set of requests for production and a set of interrogatories on each Opt-in Plaintiff. In responding, Plaintiffs have collapsed their responses to these distinct sets of discovery (which are based on different rules) together. Workday similarly responds collectively. To the extent Workday's position is specific to either the RFPs or ROGs, Workday specifies its position. Otherwise, the issues identified herein apply globally.



Bob Wiggins
Rod Cooks
March 10, 2026
Page 6

## IV.    The Responses Plaintiffs Served Are Deficient

While Plaintiffs' new objections are waived and therefore ineffective to justify withholding documents or information, even if such objections were timely, they cannot withstand scrutiny. Workday outlines the key issues with Plaintiffs' responses below.

### A.    Plaintiffs Cannot Withhold Discovery Based On Workday's Discovery Responses

Plaintiffs object to Workday's discovery requests on the grounds that:

> Workday waived the Request and its ability or right to obtain the requested information by failing to timely answer or produce the documents in response to Requests Plaintiffs served on December 2, 2025, and September 2024.

As an initial matter, this statement is factually inaccurate. Workday has complied with its discovery obligations, including by timely answering all discovery. But even if it hadn't, Plaintiffs' objection is legally baseless. A party's alleged failure to respond to discovery does not "waive" its right to propound its own discovery requests. *Edge Sys. LLC v. Ageless Serums LLC*, No. 220CV09669FLAPVCX, 2021 WL 4497505, at *3 (C.D. Cal. Aug. 20, 2021) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent.") (internal citations and quotations omitted); *Novitzky v. Transunion LLC*, No. 2:23-CV-04229-SPG-MAR, 2025 WL 1723168, at *4 (C.D. Cal. May 12, 2025) ("Numerous courts have held that Rule 26(d) prohibits a party from delaying or withholding discovery on the basis that the party has not obtained responses to its own discovery requests."). The appropriate remedy for discovery disputes is a motion to compel, not a retaliatory refusal to respond. This objection has no basis in the Federal Rules and Workday requests Plaintiffs confirm that no documents or information are being withheld as a result of this meritless objection.

### B.    Workday Is Entitled To Discovery From All Opt-In Plaintiffs

Plaintiffs object to Workday's "unilateral, non-random selection" of Plaintiffs, suggesting that the Northern District's precedent "favor[s] 'selection methods for the [opt-in] discovery group that decrease selection bias.'" ROG No. 1 (incorporated by reference into all other discovery responses). Plaintiffs ignore, however, that the Court already acknowledged Workday would



Bob Wiggins
Rod Cooks
March 10, 2026
Page 7

obtain discovery from **every** Opt-In Plaintiff as a result of Plaintiffs' refusal to participate in the third-party administrator process. In rejecting Workday's request that Opt-In Plaintiffs complete a pre-opt-in eligibility form, the Court stated, "Workday's request to have opt-in plaintiffs complete the eligibility information is better framed as a discovery request." ECF No. 195 (further stating that the parties "may simply use the traditional forms of discovery under the Federal Rules" to obtain the information contemplated by the opt-in eligibility form).

Workday did not randomly select the Opt-In Plaintiffs on whom to serve discovery; it served discovery on every Opt-In Plaintiff currently part of the collective and intends to serve similar requests on the remainder of the collective once identified. It is only through this discovery that Workday can determine whether the Opt-In Plaintiffs are properly part of the collective. There is no other basis to identify, for example, whether any particular Opt-In Plaintiff was even conceivably scored, screened, ranked, or sorted by HiredScore or CSM. Plaintiffs' case citations to other collective actions are inapposite. In those cases, there was no question whether opt-ins were in fact eligible to join the collective because notice was only sent to individuals who were, in fact, eligible. Indeed, in *Greist*, the court recognized that the appropriate scope of opt-in discovery depends on how much discovery is necessary to show that the collective is not similarly situated. *Greist v. Lendus LLC,* 2006 U.S. Dist. LEXIS 17734, *5-6 (N.D. Cal. Jan. 29, 2026) (Beeler, J.). Given the unique nature of this case—in which neither party knows whether Opt-In Plaintiffs are properly included in the collective—Workday is entitled to discovery from each and every Opt-In Plaintiff.

    **C.**    **Workday Is Entitled To Information About The Opt-In Plaintiffs' Employment History And Job Searches**

Plaintiffs object to Workday's request for job titles, job descriptions, job responsibilities, compensation, and dates of employment because that information only becomes "relevant at the remedial Stage II proceedings after a finding and judgment of liability at Stage I of a trial on the merits." ROG No. 1 (citing ECF No. 128 at 15-16).[4] Plaintiffs similarly object to Workday's requests for information about the Opt-In Plaintiffs' job searches because "the Court has already held that

---

[4] Plaintiffs incorporate this improper objection by reference into their responses to every other interrogatory and request for production.



Bob Wiggins
Rod Cooks
March 10, 2026
Page 14

We are happy to make ourselves available to discuss any of these issues, but request that Plaintiffs promptly correct the deficient responses.

Very truly yours,

Kayla Delgado Grundy