UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al., | Case No. 23-cv-00770-RFL (LB) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF No. 292 |
| WORKDAY, INC., | |
| Defendant. | |

The plaintiffs move for a protective order limiting individualized discovery of the conditionally certified opt-in plaintiffs to a representative sample pending resolution of decertification. They contend that individualized written discovery of all 14,071 opt-ins would be cumulative, duplicative, and disproportionate.[1]

Workday opposes the request, arguing that individualized discovery is needed to determine whether opt-ins fall within the collective definition and to prepare for decertification, pointing to the court's earlier order that the discovery requests are relevant.[2] It also contends that the dispute is premature because it has not served discovery and the parties have not conferred on the

---

[1] Disc. Letter Br. – ECF No. 292-1 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Opp'n – ECF No. 293 at 3 (citing Order – ECF No. 291 at 3).

ORDER – No. 23-cv-00770-RFL (LB)

United States District Court
Northern District of California

dispute.[3] Workday asserts that sampling is not appropriate because — unlike the ordinary FLSA and ADEA collective actions — this case requires individualized discovery about all opt-in plaintiffs, including whether they meet the collective definition of "individuals aged 40 or over who, from September 24, 2020, through the present, applied for job opportunities using Workday, Inc's job application platform and were denied employment recommendations."[4] Workday also challenged the plaintiffs' sampling plan: there is no basis to conclude that the 195 plaintiffs are representative.[5] It offers its best compromise of (1) seeking only birthdates, job titles, companies applied to (with the dates of application), and resumes for all opt-in plaintiffs and (2) a sample of 425 individuals (three percent of the population) if the plaintiffs are precluded from using evidence outside the sample to oppose certification.[6]

The plaintiffs respond that individualized discovery would be cumulative, duplicative, and not proportional to the needs of the case.[7] They want discovery limited to the sample of 195.[8]

The discovery is somewhat hypothetical: Workday has not requested the discovery, and the parties have not conferred on its scope. That said, the dispute is somewhat concrete given Workday's position about individualized discovery from all opt-in plaintiffs and a sample size of 425 individuals. On this record, the court orders the following.

First, for discovery from all opt-ins, the court cannot tell whether some of the information is available from opt-in forms or Workday's own records. The court does not understand why names and ages, for example, can't be cross referenced with Workday's or other records to obtain applications and resumes uploaded. At least conceptually, the discovery seems attainable without undue burden.

---

[3] *Id.*

[4] *Id.* (cleaned up).

[5] *Id.* at 4.

[6] *Id.*

[7] Disc. Letter Br. – ECF No. 292-1 at 2.

[8] *Id.* at 3.

United States District Court
Northern District of California

Second, for the sample size, the plaintiffs proposed an additional 110 opt-in plaintiffs, and Workday suggests a total of 425 (including the plaintiffs' 195).[9] A total of 425 seems reasonable for pre-certification discovery, and the plaintiffs cite no authority indicating otherwise. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." (cleaned up)).

With this guidance, the parties must meet and confer regarding (1) what information is available and in what form, (2) what information is needed and where it is located, and (3) the manner of selecting additional opt-ins for a representative sample comprising 425.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[9] Reply – ECF No. 295 at 2; Opp'n – ECF No. 294 at 4.

ORDER – No. 23-cv-00770-RFL (LB)                3