UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 23-cv-00770-RFL<br><br>**ORDER REGARDING JOINDER OF ADEA PLAINTIFFS**<br><br>Re: Dkt. No. 303 |

On March 23, 2026, Plaintiffs filed a Notice of Opt-In Plaintiffs' Consent to Join Pursuant to the Public Notice Process Approved by the Court.  (Dkt. No. 277 ("Notice").)  In the Notice, Plaintiffs advised the Court that more than 500 individuals had submitted their Consent to Join Form to Plaintiffs' counsel after the March 7, 2026 deadline.  (Dkt. No. at 277-1 ¶ 8, 277-3.)  The parties were asked to brief the issue of whether late joinder should be permitted.  (Dkt. No. 284.)  Having reviewed the parties' arguments (Dkt. No. 303), all individuals who submitted their Consent to Join Form on or before **April 14, 2026** will be permitted to join the litigation. *See In re Wells Fargo Home Mortg. Overtime Pay Litig*., No. 06-mdl-01770-MHP, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008); *Helton v. Factor 5, Inc.*, No. 10-cv-04927-SBA, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014).  Although these individuals have not made a good cause showing, joinder serves the interests of judicial efficiency and Workday has not shown any specific prejudice it will suffer if joinder is permitted as to individuals who submitted their form within 38 days of the deadline set by the Court.  Allowing joinder also furthers the goals of the Age Discrimination in Employment Act ("ADEA") of allowing collective actions to "lower individual costs to vindicate rights by the pooling of resources" and permit "efficient resolution" of claims.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Any individual who seeks to join the collective and who did not submit a Consent to Join

1

Form on or before April 14, 2026 must file an affidavit on the docket explaining the reason why their submission was untimely and seeking leave to join.  **Further leave to join will not be granted absent an individualized good cause showing**.  Workday has also indicated that the Opt-In Consent to Join Form hosted on the website workdaycase.com remains live, creating a risk that individuals will be misled into believing that they are timely seeking to join the litigation even though the deadline to join has passed.  Plaintiffs are **ORDERED** to disable public access to the website workdaycase.com by **April 15, 2026** to avoid confusion.

Plaintiffs were previously ordered to file "a single PDF document containing the first page of all of the opt-in consent to join forms they received." (Dkt. No. 211.)  Plaintiffs' March 23, 2026 filing does not comply with the Court's Order.  (*See generally* Dkt. No. 277.)  However, given the large volume of opt-ins, Plaintiffs are permitted to file the Consent to Join Forms via the Court's Box.com site.  Plaintiffs shall contact rflcrd@cand.uscourts.gov to receive a link, and **SHALL** upload all Consent to Join Forms for the individuals listed in Dkt. No. 277 or otherwise covered by this Order by **April 20, 2026**.  On that date, Plaintiffs shall serve on Workday all Consent to Join Forms that are uploaded, and **SHALL** file a notice on the docket indicating that they have complied with this Order and that members of the public may contact the Clerk of the Court to request access to a copy of the Consent to Join Forms, which will be part of the public record.

Any individual whose Consent to Join Form is not filed or uploaded to the Court's site and served on Workday has not satisfied the statutory criteria to become part of the conditionally certified ADEA collective.  29 U.S.C. § 216(b).

**IT IS SO ORDERED.**

Dated: April 14, 2026

RITA F. LIN
United States District Judge