Lee D. Winston (ASB: 6407O72L), *Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R), *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z), *Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200, Birmingham, AL 35203

Robert L. Wiggins, Jr. (ASB: 1754G63R), *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a), *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S), *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S), *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K), *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o), *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb, 301 North 19th Street, Birmingham, AL 35203

Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108
                    Attorneys for the Plaintiff and the Proposed Classes and Collective

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:23-cv-00770-RFL |
| | | PLAINTIFFS' OPPOSITION TO CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b) |
| Plaintiffs, | | Hearing:  May 12, 2026 |
| | | 10:00 a.m. |
| v. | | Courtroom: 15, 18th Floor |
| | | Judge: Hon. Rita F. Lin |
| WORKDAY, INC. | | |
| Defendant. | | |

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursuant to  Under 28 U.S.C. §1292 (b)**

**TABLE OF CONTENTS**

Page No.

Table of contents.................................................................................................................. i

Table Of Authorities .......................................................................................................... ii

Introduction...........................................................................................................................1

I.  Procedural Background ......................................................................................................2

II.  Legal Standard.................................................................................................................4

III.  Argument ......................................................................................................................4

    A.    Workday Has Failed To Timely Seek Certification Under §1292(b) .....................4

    B.    The Order Sought To Be Appealed Does Not Involve A Controlling Question
        Of Law ..................................................................................................................7

    C.    Interlocutory Review Would Not "Materially Advance" the Litigation ..............10

    D.    Even Assuming a "Substantial Ground for Difference of Opinion,"
        Certification Is Unwarranted.................................................................................12

IV.    Conclusion ...................................................................................................................14

CERTIFICATE OF SERVICE

**Plaintiffs' Opposition Certification Of Interlocutory Appeal Pursuant To 28 U.S.C. §1292 (b)**

# TABLE OF AUTHORITIES

**Page No(s).**

*Association of Mexican-American Educators v. California,*
231 F.3d 572 (9th Cir. 2000) ...............................................................................12

*Brecher v. Citigroup Glob. Markets, Inc.,*
No. 309CV1344AJBMDD, 2012 WL 12953433 (S.D. Cal. Mar. 6, 2012) .......................6

*Brockmeyer v. May,*
361 F.3d 1222 (9th Cir. 2004) ...............................................................................11

*Campbell v. City of Los Angeles,*
903 F.3d 1090, 1110 (9th Cir. 2018) .......................................................................9

*Christopher v. Stouder Memorial Hospital,*
936 F.2d 870, 875 (6th Cir. 1991), *cert. denied*, 116 L. Ed. 2d 749,
112 S. Ct. 658 (1991) (same) ...............................................................................13

*Couch v. Telescope Inc.,*
611 F.3d 629 (9th Cir. 2010) .................................................................................4

*Doe on behalf of Doe v. St. Joseph's Hosp.,*
788 F.2d 411 (7th Cir. 1986) ................................................................................13

*Fenters v. Yosemite Chevron,*
761 F. Supp. 2d 957 (E.D. Cal. 2010)......................................................................4

*Friedman v. 24 Hour Fitness USA, Inc.,*
2009 WL 545783 (C.D. Cal. Mar. 3, 2009).................................................................9

*General Tel. Co. of the Southwest v. Falcon,*
457 U.S. 147 (1982).............................................................................................8

*Gomez v. Alexian Bros. Hosp.,*
698 F.2d 1019 (9th Cir. 1983) ..............................................................................13

*In re Cement Antitrust Litig.,*
673 F.2d 1020 (9th Cir. 1981) ............................................................................1, 6

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,*
966 F. Supp. 2d 1031 (C.D. Cal. 2013) (same) ........................................................12

*James v. Price Stern Sloan, Inc.,*
283 F.3d 10646 (9th Cir. 2002) ..............................................................................4

*Johnson v. JP Morgan Chase Bank N.A.*,
  2019 U.S. DIST. LEXIS 77977 (C.D. Calf. 2019) ...............................................6

*Johnson v. Serenity Transportation, Inc.,*
  2017 WL 3168491 (N.D.Cal. 2017) ..............................................................11

*Kleber v. Carefusion Corporation*,
  914 F.3d 480 (7th Cir. 2019) ................................................................ *passim*

*Lillehagen v. Alorica, Inc.,*
  2014 WL 2009031 (C.D.Cal.2014) ...............................................................11

*Mateo v. M/S KISO,*
  805 F. Supp. 792 (N.D. Cal. 1992) ...............................................................11

*Pardazi v. Cullman Medical Center*,
  838 F.2d 1155 (11th Cir. 1988) .....................................................................13

*Rabin v. PricewaterhouseCoopers LLP*,
  2017 WL 11662124 (N.D. Cal. 2017) ..................................................... *passim*

*Rabin v. PricewaterhouseCoopers LLP,*
  236 F. Supp. 3d 1126 (N.D. Cal. 2017) .................................................. *passim*

*Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*,
  202 F.3d 957 (7th Cir. 2000) ..........................................................................6

*Rodman v. Safeway Inc.,*
  2015 U.S. Dist. LEXIS 80699, 2015 WL 3863653 (N.D. Cal. June 22, 2015)...................8

*Sibley Memorial Hospital v. Wilson*,
  160 U.S. App. D.C. 14, 488 F.2d 1338 (D.C. Cir. 1973) ...................................12

*Smith v. City of Jackson,*
  544 U.S. 228 (2005)......................................................................................12

*Spears v. Washington Mut. Bank FA,*
  2010 U.S. Dist. LEXIS 1454, 2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010) .............4, 6

*Swint v. Chambers Cnty. Comm'n,*
  514 U.S. 35 (1995)..........................................................................................4

*U.S. Rubber Co. v. Wright,*
  359 F.2d 784 (9th Cir. 1966) .........................................................................4

**Plaintiffs' Opposition Certification Of Interlocutory Appeal Pursuant To 28 U.S.C. §1292 (b)**

*Villareal v. R.J. Reynolds Tobacco Co.*,
    839 F.3d 958 (11th Cir. 2016) ................................................................. *passim*

*Wallis v. Centennial Ins. Co.*,
    2012 U.S. Dist. LEXIS 60951, 2012 WL 1552766 (E.D. Cal. May 1, 2012) ....................6

*Wang v. Zymergen, Inc.*,
    759 F.Supp.3d 1002 (N.D. Cal. 2024) ..............................................................11

*Weir v. Propst*
    915 F. 2d 283 (7th Cir. 1990) ........................................................................6

**Statutes:**

28 U.S.C. 1292(b) ............................................................................................ *passim*

29 U.S.C. §623 (a)(2) ....................................................................................*passim*

42 U.S.C. § 2000e-2(a)(1) and (a)(2) ................................................................*passim*

Americans With Disabilities Act ("ADA") ............................................................ *passim*

California's Fair Employment and Housing Act ("FEHA").................................................. *passim*

## PLAINTIFFS' OPPOSITION TO CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

### Introduction

Defendant asks this Court to invoke the extraordinary mechanism of 28 U.S.C. § 1292(b) based on nothing more than disagreement with the Court's ruling, recast as a purported "circuit split." That is not what §1292(b) permits. Interlocutory review is a "narrow" and "exceptional" departure from the final judgment rule, reserved for cases presenting a controlling, purely legal question whose immediate resolution would materially advance the termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026–27 (9th Cir. 1982). Defendant cannot satisfy any of those requirements.

First, the issue Defendant seeks to appeal is not a "pure" question of law. It cannot be resolved "quickly and cleanly" without engaging the factual record because Plaintiffs' claims do not present an abstract dispute limited to external job applicants. Rather, as pled in Count Four, this case challenges a unified, algorithmic system used to recruit, hire, promote, and retain workers across both external applicants and incumbent employees. Resolving Defendant's proposed question would therefore require fact-dependent determinations regarding the composition of the approximately 14,000-member collective—i.e., which claims involve external hiring, internal promotion, retention, or hybrid pathways—and how those categories intersect with Defendant's platform. Those are precisely the types of inquiries reserved for the decertification stage, not for interlocutory appeal.

Second, even assuming a legal question exists, it is not "controlling." This case rises or falls on a single course of conduct: Defendant's centralized, algorithmic screening system. Plaintiffs assert parallel claims under the ADEA, Title VII, ADA, and FEHA, all arising from that same system and requiring the same core discovery, expert analysis, and classwide proof. As courts

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

in this District have recognized—including in Rabin v. PricewaterhouseCoopers LLP, which addressed this very ADEA issue—certification is improper where the litigation will proceed in **substantially the same manner** regardless of the appellate outcome. Here, even a reversal would leave the bulk of the case intact and moving forward on overlapping claims and evidence.

Third, an interlocutory appeal would **not materially advance** this litigation—it would delay it. The same discovery into Defendant's systems, data, and decision-making processes will proceed regardless of the ADEA claim. Courts routinely manage large collectives through representative sampling, not individualized discovery, making Defendant's invocation of a 14,000-person collective a manufactured burden, not a basis for certification. Eliminating a single statutory theory would not streamline the case where the same facts, witnesses, and classwide issues remain.

Finally, Defendant's motion is untimely and strategically manufactured. The issue it now claims warrants "immediate" appellate intervention has been present for years. Yet Defendant chose not to raise it at the appropriate time, allowed the case to proceed through collective certification and notice, and now seeks to halt the litigation after nearly 14,000 individuals have joined. Section 1292(b) does not permit a party to create its own litigation posture and then invoke it as a basis for interlocutory review.

At bottom, Defendant seeks an advisory appellate ruling on a non-dispositive, fact-bound issue that will neither control nor materially advance this case. That is precisely the type of piecemeal appeal § 1292(b) forbids. The motion should be denied.

## I.    Procedural Background

Plaintiffs filed this action alleging that Defendant's hiring platform and related screening tools unlawfully discriminate against applicants on the basis of age, race, sex, and disability. The

operative complaint asserts claims under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and California's Fair Employment and Housing Act ("FEHA"), among other theories. ECF No. 287. Plaintiffs bring these claims on behalf of themselves and a putative class and collective of similarly situated applicants who were subjected to Defendant's centralized screening processes.

Defendant moved to dismiss Plaintiffs' claims, including Plaintiffs' ADEA disparate impact claim. ECF No. 301. In a prior order, this Court denied that motion in relevant part, holding—consistent with *Rabin v. PricewaterhouseCoopers LLP,* 236 F. Supp. 3d 1126 (N.D. Cal. 2017)—that § 623(a)(2) of the ADEA permits disparate impact claims by job applicants. ECF No. 267. The Court's ruling allowed Plaintiffs' claims to proceed across multiple statutory frameworks based on the same alleged conduct: Defendant's use of automated and standardized screening mechanisms to evaluate applicants.

Since then, Plaintiffs have identified a large group of opt-in plaintiffs (approximately 14,000), and the parties have engaged in discovery concerning Defendant's systems, policies, and practices, as well as the experiences of representative applicants. The claims asserted in this action—under the ADEA, Title VII, ADA, and FEHA—arise from overlapping factual allegations and will require substantially the same core discovery. Defendant now seeks certification under 28 U.S.C. § 1292(b) of the Court's ruling on the ADEA issue, arguing that interlocutory appeal is warranted based on purported disagreement among courts regarding whether § 623(a)(2) extends to job applicants. Defendant contends that resolution of that issue would materially advance the litigation. Plaintiffs oppose certification. As set forth below, Defendant fails to satisfy the stringent requirements of §1292(b), which is a **narrow and discretionary exception** to the final judgment rule reserved for exceptional circumstances. The Court's prior ruling does not present a certifiable

question, and interlocutory appeal would **not materially advance** the litigation, which will proceed in any event based on Plaintiffs' overlapping statutory claims and the shared factual record.

## II.    Legal Standard

A district court may, in its discretion, certify an order for interlocutory appeal if (1) it involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals"). Interlocutory appeals are approved only in rare circumstances because they are "a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). They are "not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966). As the moving party, Defendant here has the burden of showing that all three elements are met.  *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three §1292(b) requirements are met."). They have failed to do so.

## III.    Argument

### A.    Workday Has Failed To Timely Seek Certification Under §1292(b)

"The party seeking certification must act with 'diligence.'" *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) (finding delay of 78 days untimely); *Spears v. Washington Mut. Bank FA*, 2010 U.S. Dist. LEXIS 1454, at *4, 2010 WL 54755, at *2 (N.D. Cal.

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

Jan. 8, 2010) ( "[A] district judge should not grant an inexcusably dilatory request,'" finding that a two-and a-half month delay made §1292(b) certification untimely).

The question Workday now argues to require "immediate" appellate intervention—whether hiring applicants may bring disparate impact claims under the ADEA under *Villarreal*, *Kleber* or *Rabin* —has been present in this case since the original Complaint was filed on February 21, 2023 and has been well known throughout the nearly two years that the Court: (1) denied dismissal on that  ground nearly two years ago on July 12, 2024 (ECF 80); (2) granted certification of collective prosecution of such claims nearly a year ago, May 16, 2025 (ECF 128); and (3) granted nationwide  public notice of the right to join such collective prosecution four months ago in December, 2025 (ECF 211). *See* Exh. A (timeline from February 21, 2023 through April 10, 2026). At no point in that three-year period did Workday make any effort to seek the "immediate" §1292(b) appeal that it now argues to be of "critical" and decisive importance in this case. Nor did it ever make any effort to even file a timely Rule 12 motion to dismiss such collective age discrimination claims on the basis of Villarreal or Kleber during the three years from February 21, 2023 to January 21, 2026 (ECF 237) when it finally filed its first motion to dismiss on such grounds. Instead, Workday sat on that alleged grounds for dismissal for over three years, allowed 13,876 plaintiffs to join the collective, waited for the consent period to close before filing, and now seeks to have the Ninth Circuit belatedly intervene. The motion should be denied on this basis alone.[1]

---

[1] The attached chronology drawn from the docket shows Workday's made conscious decisions **not to file** a timely Rule 12  motion to dismiss Plaintiffs' collective ADEA  claims on the basis of *Villarreal* or  *Kleber* from February 21, 2023 to January 21, 2026 (ECF 237 third MTD) *or* to file a timely § 1292(b) motion to appeal from the Order denying dismissal on such grounds from the entry of that Order on July 12, 2024 (ECF 80) until March 27, 2026 (ECF  286) when Workday eventually filed the current such motion pursuant to  §1292(b) after a nearly two year delay. *See* timeline Exh. A .

5

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

Workday acknowledges that "Section 1292(b) provides a mechanism by which litigants can bring an **immediate appeal** of a non-final order." ECF 286 at 8 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1981)) (emphasis added);(quoting *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958-59 (7th Cir. 2000) (finding two month delay in filing for §1292(b) certification untimely); *Johnson v. JP Morgan Chase Bank N.A.*, 2019 U.S. DIST. LEXIS 77977, **11-14 (C.D. Cal. 2019) (finding "delay of nearly two and a half months" to be "inexcusably dilatory"); *Wallis v. Centennial Ins. Co.,* 2012 U.S. Dist. LEXIS 60951, 2012 WL 1552766, at **1-2 (E.D. Cal. May 1, 2012) (finding three-month delay rendered §1292(b) motion untimely); *Brecher v. Citigroup Glob. Markets, Inc.*, 2012 WL 12953433, at *6 (S.D. Cal. Mar. 6, 2012) (finding delay of 77 days untimely). "'[T]hough a district judge has the power to amend his orders at any time to certify for interlocutory appeal, '[t]he ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend. An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay.'" *Spears*, 2010 U.S. Dist. LEXIS 1454, at *4, 2010 WL 54755, at *2 (quoting *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (sixty-three days between interlocutory order and certification motion justified denial for lack of timeliness)).

Here, Workday's motion for §1292(b) certification has been delayed by years, not months. As shown above, courts in this Circuit have recognized that §1292(b) certification is inappropriate where the moving party's own conduct generated the circumstances it now claims justify an interlocutory appeal. The 14,000-plaintiff burden that Workday argues as a reason for emergency appellate intervention is a burden it created for itself by repeatedly deciding not to file a motion to dismiss based on *Villarreal* and *Kleber* until January 27, 2026.  Permitting Workday to

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

transform its own strategic delay into grounds for halting the collective prosecution of this case mid-stream would reward precisely the kind of gamesmanship §1292(b)'s narrow certification standard seeks to prevent. The premise of Workday's §1292(b) motion is that the Court and the parties should not have to bear the burden of discovery regarding 14,000 opt-in plaintiffs unless the Ninth Circuit first resolves an interlocutory appeal that it could have pursued in 2023. the Villarreal and Kleber conflict that it could have with *Rabin*. Had Workday raised that defense in its first motion to dismiss in July17, 2023 (ECF no. 17), the Court would have had the opportunity to address that issue before litigating the lengthy collective certification proceedings, before the seven-month notice-determination proceeding, and before the expensive and time consuming opt-in process and discovery decertification issues that are still being litigated for the remainder of this fourth year of the case. Instead, of timely filing and prosecuting the current motion, Workday actively pushed for the case to proceed through a lengthy collective certification process and seven-month notice-determination proceeding  before it eventually and belatedly moved for dismissal on the basis of *Villarreal* and *Kleber* in January 2026 after the collective opt-in process was already underway.

**B.**     **The Order Sought To Be Appealed Does Not Involve A Controlling Question Of Law**

The current ruling that the ADEA prohibits disparate impact in hiring does not involve a "controlling question of law" for the same reason found in *Rabin* — that "'even if the Ninth Circuit disagrees with the Court about the viability of their ADEA disparate impact claim, Plaintiffs still have California . . . disparate impact claims under FEHA." *Rabin v. PricewaterhouseCoopers LLP*, 2017 WL 11662124, at *4 (N.D. Cal. 2017); Cal. Code FEHA Regs., title 2, §11009(f) ("It is unlawful for an employer or other covered entity to use an automated-decision system or selection criteria . . .   that discriminates against an applicant or employee or a class of applicants or

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

employees on a basis protected by the Act.") "'Although the question is a legal one, it is not controlling, as the resolution of this question will not 'save time for the district court, and time and expense for the litigants.'" *Rabin*, 2017 WL 11662124, at *5 (quoting *Rodman v. Safeway Inc.*,2015 U.S. Dist. LEXIS 80699, 2015 WL 3863653, at *2 (N.D. Cal. June 22, 2015)). All 14,000+ Opt-In Plaintiffs have joined the same Complaint which pleads identical ADEA and FEHA hiring claims and requires the same collective-wide discovery.

Here, the disparate impact claim pled in Count Four of the operative Complaint alleges not only *hiring applicants'* disparate impact claims under both FEHA and ADEA, but also the promotion and retention disparate impact claims of *incumbent employees'* claims under those same two statutes. *See* Exh. B, ECF No. 231 at  ¶¶ 193,195, 198, 216, 220, 223.

The same AI-driven tools apply not only to external applicants, but also to   *employee applicants* seeking promotion or internal mobility. *Id. See General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 159, n. 15 (1982) ("If petitioner used a biased testing procedure to evaluate both applicants for employment and incumbent employees, a class action on behalf of every applicant or employee who might have been prejudiced by the test clearly would satisfy the commonality and typicality requirements of Rule 23(a).  Significant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, . . . .").

No such hybrid claims or twin statutes were addressed in *Villarreal* and *Kleber.* Both of those decisions address only traditional hiring relationships involving external applicants. They do not reach claims involving incumbent employees subject to the same decision-making system in promotion or retention contexts not just under the ADEA, but simultaneously under  FEHA in the

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

same way as in *Rabin* and *Friedman v. 24 Hour Fitness USA, Inc.* 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009).

The same is true here. Even if Plaintiffs' ADEA hiring claims were to be dismissed on appeal, that would still leave their parallel age-based hiring claims under FEHA and age-based promotion and retention claims under both the ADEA and FEHA, not to mention the parallel race, gender and disability claims proceeding against the same algorithmic disparate impact under Title VII and the ADA. A substantial amount of litigation would remain, and the case would move forward in materially the same manner. Resolving those separate but closely related claims requires the same work, discovery and factual determinations regarding Workday's application platform and AI screening —precisely the type of record-dependent and fact-dependent inquiries that are an improper basis for interlocutory appeal. The statutory preconditions of § 1292(b) are not satisfied where overlapping claims and discovery mean the litigation will proceed largely unchanged regardless of whether such a midstream appeal is successful or not.

In short, Defendant's proposed appeal is not a "pure" or "controlling" question of law capable of resolution without entanglement with the factual record. Because such a  midstream appeal is inseparable from multiple fact-dependent inquiries regarding the composition of the collective and the operation of Defendant's system—and because those inquiries are properly addressed at the collective decertification stage of the case—certification under § 1292(b) is improper. It serves no purpose to require 14,000 individuals to respond to discovery on their "eligibility" to be members of a collective *individually* **before** it is known whether they will be dismissed *collectively* without need of any such individualized eligibility discovery. "If . . . decertification is granted, the . . . opt-in plaintiffs are dismissed . . . , and the original plaintiff is left to proceed alone." *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1110 (9th Cir. 2018).

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

The Court has previously emphasized that decertification is based on whether the collective *as a whole* is "similarly situated," not whether each individual member will prove to be "eligible" or otherwise "similarly situated" if the collective is **not** decertified. *See* Order at 16-17 (ECF 128). Proof of such ***collective*** similarity does not require discovery from *every* individual opt-in plaintiffs. *See* ECF 292. The Court has already found that the collective "need not be identical in all ways, because its members are alike **in the central way that matters:** they were allegedly required to compete on unequal footing due to Workday's discriminatory AI [features]." Order at 2 (ECF 128) (emphasis added); *id.* at 5. "[B]ecause the injury lies in the denial of an equal *opportunity* to compete, not the denial of the job itself, the Court need not inquire into the plaintiff's qualifications or lack thereof," *id.* at 16-17, at the decertification stage of the case. Moreover*,* individual collective members "do not need to show that they were qualified, got rejected, or would likely have succeeded in being hired in order to . . . bring a disparate impact claim for injunctive relief." Order at 16 (ECF 128) (citations omitted).

### C.    Interlocutory Review Would Not "Materially Advance" the Litigation

Defendant's assertion that interlocutory review would "materially advance" this litigation because it "may result in the dismissal of thousands of opt-in plaintiffs" misstates both the record and the governing standard. First, as already shown, the elimination of *all* hiring claims under the ADEA would not eliminate *any* of the Opt-In Plaintiffs who brought those same hiring claims under the FEHA, and ***none*** of the many Opt-In Plaintiffs who brought parallel or hybrid promotion and retention claims under the ADEA are even being challenged or included in the proposed appeal. Second, the relevant inquiry under §1292(b) is not whether an appeal might reduce the number of plaintiffs, but whether it would materially alter the course of the litigation as a whole. Here it would not.

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

As shown in the Complaint and this Court's collective certification decision (ECF 128), this case challenges a single, centralized, algorithmic screening and selection system applied across the board in hiring, promotion, and retention of employees under the ADEA, FEHA, Title VII and ADA based on the same employment practices. Even under Defendant's preferred outcome, those claims—and the discovery, expert analysis, and classwide proof required to litigate them—remain unchanged regardless of the requested interlocutory appeal. *Rabin* 2017 WL 11662124, *2 (holding that § 1292(b) certification is improper if the case will proceed "in substantially the same manner regardless" of the appeal)..

Courts routinely deny certification in these circumstances, recognizing that interlocutory review is improper where "a substantial amount of litigation remains… regardless of the correctness of the Court's ruling." *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031, *7 (C.D.Cal.2014) ("Additionally, where "a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling ... arguments that interlocutory appeal would advance the resolution of th[e] litigation are unpersuasive."); *Wang v. Zymergen, Inc.*, 759 F.Supp.3d 1002, 1013 (N.D. Cal. 2024) ("[C]ertifying [one claim] will not materially advance termination of the litigation because the bulk of the case will move forward regardless of the outcome on appeal."); *See Johnson v. Serenity Transportation, Inc.*, 2017 WL 3168491, at *2 (N.D.Cal. 2017) (interlocutory appeal is improper when the appeal is only for certain claims and "will do nothing about the [other existing] claims … and thus will certainly delay the litigation"); *Mateo v. M/S KISO,* 805 F. Supp. 792, 800 (N.D. Cal. 1992) (holding an interlocutory appeal addressing "only one claim, not the entire suit" is improper because it "would have some impact on the case but would not be dispositive"), abrogated on other grounds by *Brockmeyer v. May*, 361

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursuant To 28 U.S.C.  §1292(b)**

F.3d 1222 (9th Cir. 2004); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1046 (C.D. Cal. 2013) (same).

> **D.      Even Assuming a "Substantial Ground for Difference of Opinion," Certification Is Unwarranted**

Defendant relies on *Kleber* and *Villarreal* to argue that a "substantial ground for difference of opinion" exists. Whatever disagreement exists in those two Circuits, the issue is not unsettled in this Circuit. Binding Ninth Circuit precedent has already decided that the term "individual" is not limited to "employees." *Association of Mexican-American Educators v. California,* 231 F.3d 572, 580-581 (9th Cir. 2000). The ADEA and Title VII are identical in making it unlawful for an employer "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive ***any individual*** of employment opportunities or otherwise adversely affect his status as an employee." 29 U.S.C. §623 (a)(2) and 42 U.S.C. §2000e-2(a)(2); *Smith v. City of Jackson* 544 U.S. 228, 233-234 (2005). In construing those terms, the Ninth Circuit has held that the term "individual" is "rooted in the text of Title VII" in the manner held in *Sibley Memorial Hospital v. Wilson*, 160 U.S. App. D.C. 14, 488 F.2d 1338, 1340-41 (D.C. Cir. 1973). *Id.* This Circuit holds that "although Title VII applies to 'employees', Congress extended the protections of the statute to '***any individual***'who suffers discrimination'" and "'' nowhere are there words of limitation that restrict references in the Act to 'any individual' as comprehending only an employee of an employer.'" *Association of Mexican-American Educators,* 231 F.3d 572, 580-581 (quoting *Sibley* at 1341; emphasis added). "[W]e agree that the D.C. Circuit's interpretation of the statutory text is the proper one in view of 'Congress' directive to read Title VII broadly so as to best effectuate its remedial purposes.'" *Id.* at 581. On that basis, the Court held that the defendant's test had disparate impact that "''interfered' with Plaintiffs' employment opportunities" even though they were not "employees" of the defendant. *Id.* "A direct employment relationship is not a prerequisite to Title

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C.  §1292(b)**

VII liability." *Id.* (quoting *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir. 1983) and *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 & n.3 (9th Cir. 1980) ("connection with employment need not necessarily be direct."). In *Gomez*, the Circuit "held that the defendant hospital could be held liable under Title VII for its discriminatory treatment of the plaintiff, notwithstanding the fact that the plaintiff was employed by a third party, if the defendant had interfered with the plaintiff's employment by that third party" *Id*. at 1021; *see also Pardazi v. Cullman Medical Center*, 838 F.2d 1155, 1156, n. 1 (11th Cir. 1988) (following *Sibley,* holding that a non-employee's claim "fits squarely within the language of Title VII, making it unlawful 'to discriminate against **any individual** with respect to his compensation, terms, conditions, or privileges of employment." (quoting 42 U.S.C. § 2000e-2(a)(1)") (emphasis added); *Doe on behalf of Doe v. St. Joseph's Hosp*., 788 F.2d 411, 422 (7th Cir. 1986) (holding "there are no indications that 'any individual 'should be read to mean only an employee of an employer."); *Christopher v. Stouder Memorial Hospital,* 936 F.2d 870, 875 (6th Cir. 1991), *cert. denied*, 116 L. Ed. 2d 749, 112 S. Ct. 658 (1991) (same).

*Rabin* similarly confirms that even a recognized circuit-level disagreement does not justify interlocutory review absent a showing that the issue is controlling and would materially advance the litigation. *Rabin,* 2017 WL 1162124, *2-3. There, the court denied certification because §1292(b) "must be construed narrowly" and applied only in "exceptional cases," and concluding that the remaining prongs were not satisfied. 2017 WL 11662124, at *1–3.

Defendant attempts to transform *Kleber* and *Villarreal* into a dispositive conflict that, standing alone, warrants interlocutory review. But those decisions—while reflecting that two circuits have adopted a narrower interpretation of § 623(a)(2)—do not compel certification. Courts within this District, including *Rabin* and this Court, have already considered and rejected that

13

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C. §1292(b)**

interpretation in favor of a broader reading of the statute. That intra-district consistency confirms that, whatever disagreement exists in two other Circuits, the issue is not so unsettled in this Circuit as to require immediate appellate intervention—particularly where, as here, the litigation will proceed in substantially the same manner regardless of how that question is resolved. Nor does the asserted "split" arise in a context comparable to this case. *Kleber* and *Villarreal* addressed traditional, bilateral hiring relationships between a single employer and individual applicants. This case, by contrast, challenges a centralized, algorithmic screening system operating across multiple employers and large applicant pools. The alleged discrimination is systemic, arising from standardized tools that evaluate and filter applicants at scale. That materially different context was not before the courts in *Kleber* or *Villarreal*, and their reasoning does not map cleanly onto the issues presented here.

Accordingly, even assuming the existence of a "substantial ground for difference of opinion," Defendant has not identified the kind of exceptional, case-dispositive uncertainty that § 1292(b) is designed to address. Certification is therefore unwarranted.

## IV.    Conclusion

Workday's request is not about advancing this litigation-it is about delaying it. After years of inaction, multiple adverse rulings, and the close of the opt-in period, Workday now seeks interlocutory review of an issue it long chose not to pursue. Section 1292(b) does not permit certification under these circumstances. The motion should be denied.

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C. §1292(b)**

Respectfully submitted,

*s/Lee D. Winston*
Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

*s/Robert L. Wiggins, Jr.*
Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sf@wgginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o
mmoore@wiggins childs.com
*Admitted Pro Hac Vice*
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435, San Francisco, CA 94108
Telephone: (415) 905-0215

15

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursuant To 28 U.S.C.  §1292(b)**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026. I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Julie Ann Totten      Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell      econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott aelliott@orrick.com

s/Robert L. Wiggins, Jr.
Of Counsel

**Plaintiffs' Opposition To Certification Of Interlocutory Appeal Pursunt To 28 U.S.C. §1292(b)**