Lee D. Winston
*Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203

**Local Counsel:**
Jay Greene, JD, CPA
Greene Estate, Probate, and Elder
Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr.
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samule Fisher, Jr.
*Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Lori Kisch
*Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell
*Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish
*Admitted Pro Hac Vice*
jswedish@wigginschilds.com
Nicki Leili Lawsen
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, JILL E. HUGHES, SHEILAH JOHNSON-ROCHA, and FAITHLINH ROWE. on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> WORKDAY, INC., <br><br> *Defendant.* | Case No. 3:23-cv-00770-RFL <br><br><br> Judge: Hon. Laurel Beeler, United States Magistrate Judge <br><br><br> **PLAINTIFFS ADMINISTRATIVE MOTION TO STAY FURTHER SUBMISSIONS ON ECF NO.296 PENDING THE COURT'S RULING ON THE PARALLEL ISSUES SET TO BE HEARD ON MAY 28. 2026, OR IN THE ALTNERNATIVE, FOR A BRIEF EXTENSION OF TIME\** |

Plaintiffs respectfully move, pursuant to Civil Local Rule 7-11, for entry of an administrative order staying further briefing and submissions on the Court's Order entered April 7, 2026 (ECF No. 296), pending the Court's ruling on the parallel issues raised by the pending motion to compel set to be heard on April 28, 2026, or, in the alternative, a brief extension of time to serve their oppositions to two letter briefs served by Workday on May 19, 2026. As grounds for these requests, Plaintiffs state the following:

1. Workday has simultaneously served two letter briefs on opt-in discovery disputes that address issues that are closely related to the pending motion to compel (ECF No. 310) that has already been fully briefed and is set to be heard on May 28. Workday served its 2-page letter briefs based on the discovery dispute arising from the Court's Order entered April 7, 2026 (ECF No. 296), without first making any effort to meet and confer with Plaintiffs' counsel as required by the Court's Standing Order 2.2. Workday unilaterally served that letter brief without the required meeting and then refused Plaintiffs request to stay or extend the short 3-day period for response until after the parties' lead counsel had first personally met and conferred as the Court requires. *See* Declaration of Lee Winston, Exh. C (email documenting Workday's refusal and its response).

2. On March 31, 2026, the parties filed a Joint Letter addressing Plaintiffs' motion for a protective order limiting service of individualized discovery to a representative sample of the approximately 14,071 opt-in plaintiffs presently before the Court on a conditional basis. ECF No. 292-1. ECF No. 292-1. Plaintiffs sought "entry of a protective order limiting individualized discovery to a representative sample of the 14,071 [individuals] who have opted in to this case on a conditional basis." ECF No. 292-1, at 1. Plaintiffs also requested "entry of a protective order that prohibits any additional individualized discovery directed to opt-in plaintiffs going forward" beyond the 195 sets of individualized production requests and interrogatories already served and answered. *Id.* at 2.

3. Defendant Workday responded with its "best offer." ECF No. 296 at 2 (noting that Workday "offers its best compromise of (1) seeking only birthdates, job titles, companies applied to (with the dates of application), and resumes for all opt-in plaintiffs and (2) a sample of 425

individuals (three percent of the population) if the plaintiffs are precluded from using evidence outside the sample to oppose certification.") (citing ECF No. 293 at 4).

4. The Court determined in response that "[t]he discovery is somewhat hypothetical" and that "[o]n this record, the court orders the following. First, for discovery from all opt-ins, the court cannot tell whether some of the information is available from opt-in forms or Workday's own records. The court does not understand why names and ages, for example, can't be cross referenced with Workday's or other records to obtain applications and resumes uploaded. At least conceptually, the discovery seems attainable without undue burden. With this guidance, the parties must meet and confer regarding (1) **what information is available and in what form, (2) what information is needed and where it is located, and (3) the manner of selecting additional opt-ins for a representative sample comprising 425."** ECF No. 296 at 2-3 (emphasis added). *Compare id. with* ECF No. 310 at 2, § E, p.13, §F, pp. 16-20; ECF No. 321 at §I, p. 1; § II p. 2, § VI, pp. 12-13.

5. Pursuant to that instruction, the parties met and conferred on the questions posed by the Court on April 14, 2026, and narrowed the dispute as far as they were able to do so, albeit without being able at that juncture to fully resolve each of the three questions posed by the Court. Plaintiffs agreed to provide the full names and birthdates of the opt-in plaintiffs but expressed concerns regarding the logistics of obtaining the remaining information that would require each opt-in to identify the employers that used Workday's AI software to screen their applications. That question had already proved impossible to answer without Workday first producing the applicant data showing which opt-ins were screened and scored by its AI software. That same question is a central issue in the briefing that the Court ordered beginning the following week (April 20, 2026 to May 11, 2026) and to be heard next Thursday, May, 28, 2026. It is also the same question that had already proved impossible to answer in response to the 195 sets of interrogatories and production requests that Workday had already served on individual opt-ins. *See* Winston Declaration at ¶¶ 6-10 and Exh A.

6. The principal interrogatory and objection at issue in Workday's proposed letter brief is "Special Interrogatory No. 2" which requests "[f]or each opt-in Plaintiff, identify all jobs to which YOU have applied for employment since August 2020 with employers YOU allege used Workday's or Hired Score's, software, including the name of the employer, the name of the job, and the date of YOUR application." Winston Declaration, Exh. B (excerpted from Plaintiffs Responses and Objections to Defendant Workday Inc's Interrogatories to all Opt-In Plaintiffs, Set One (served May 15th)). The named Plaintiff "objected on the grounds that the information sought is . . . already within Defendant's possession" and that the interrogatory erroneously assumes that "Plaintiffs can independently identify which employers used Workday's or HiredScore's software, information uniquely within Defendant's own possession and control." The response further states that the Plaintiffs "[do] not have personal knowledge of employers who used Workday's or Hired Score's software or when they may have done so since August 2020" and they "cannot currently identify which employers they applied to that enabled or used particular software tools because Workday has improperly withheld that information and precluded Plaintiffs 'attorneys from divulging [that information] by marking [it] confidential 'attorney's eyes only.'" *Id.* The confidentiality and possession, custody and control of such documents and data are the central questions at issue in the motion to compel already briefed and set to be heard  next week.

7. More specifically, the questions the Court directed the parties to address in connection with ECF No. 296 are parallel to and substantially overlap with the issues set for hearing on May 28, 2026. Both concern the question of what information about applicants to Workday customers who use its AI products is in Workday's possession, custody, or control. In the context of the motion to compel, Workday broadly asserts that it cannot be compelled to produce customer data because, among other reasons, such production is inconsistent with its customer contracts. *See generally*, ECF 315 at 19-21. The court's decision on this fully briefed question will bear directly on one of the central questions regarding ECF No. 296 and discovery regarding the opt-in plaintiffs – whether Workday can obtain information from its own servers about which employers who use Workday's artificial intelligence screening products the opt-in Plaintiffs applied to.

8. Requiring the parties to complete further briefing and submissions on ECF No. 296 before the Court rules on issues to be presented on May 28 risks duplicative briefing, inconsistent positions, and the expenditure of party and judicial resources on questions the May 28 hearing may resolve or reframe. A brief administrative stay would conserve those resources and ensure that any further submissions on ECF No. 296 are informed by the Court's ruling on the parallel issues.

9. An administrative stay of this kind is appropriately sought under Civil Local Rule 7-11, which governs miscellaneous administrative requests not otherwise addressed by the Local Rules. The requested relief is limited and time-bounded: Plaintiffs seek only to defer further submissions on ECF No. 296 until the Court rules on the motion set to be heard on May 28, 2026. Workday will suffer no prejudice from a stay of such limited duration, and the stay will promote the just, speedy, and inexpensive determination of overlapping discovery questions. *See* Fed. R. Civ. P. 1.

10. In the alternative, Plaintiffs request a brief extension of time, until Tuesday, May 26, to serve their responses to two letter briefs served by Workday on May 19 relating to the ECF No. 296 issues. On May 19, 2026, at the close of business in Plaintiffs' counsel's time zone, Workday served two separate discovery letters, each directed to discovery concerning all of the 15,000 plus opt in plaintiffs. Although styled as separate letters, they address different aspects of the same overarching dispute: the scope, timing, and structure of opt in discovery (including opt in forms, metadata, and individualized discovery/sampling). By proceeding in parallel, Workday has effectively expanded its page limits and briefing opportunities beyond what the Court contemplated in ECF No. 293, while requiring Plaintiffs to prepare multiple responses on a compressed timetable.

11. Prior to May 19, the last communication Plaintiffs received from Workday regarding one letter motion concerning the opt-in sampling plan occurred on April 17, 2026, and Plaintiffs had received no communication about the primary issue in the second letter brief, which relates to discovery responses served by Plaintiffs on May 15, 2026.

12. On Thursday, May 21, 2026, the parties held a meet and confer. The meet and confer revealed that the parties had different understandings of the status of the issues surrounding the

sampling plan. On those issues, Plaintiffs proposed that the parties take one week to discuss potential resolution and narrow the issues in dispute or, in the alternative, a requested brief extension to prepare their responses consistent with the Court's procedure. Workday did not dispute that discussing the issues over the next week could be productive but declined to withdraw its letter brief to allow the parties to focus on resolution. Workday also declined to consent to Plaintiffs request for an extension of time to serve its oppositions. *See generally* Winston Declaration, ¶¶ 11-15 and Exh. C (email summarizing meet and confer).

13. Notwithstanding Workday's positions regarding the status of these disputes, Plaintiffs were surprised to be served with letter briefs on May 19 regarding the sampling plan and their May 15 discovery responses, for which no meet and confer that complies with this Court's rules had occurred. Significantly, Workday did not dispute that Plaintiffs timely responded to Workday's April 15, 2026 discovery requests with objections. Plaintiffs further attempted to resolve the issues surrounding the discovery requests, explaining that they were not permissible given prior briefing on the issues and this Court's Order of April 7, 2026. Plaintiffs also tried to address any other issues subject to the letter briefs, relaying that it would provide certain information requested by Workday, by a date certain, but Workday was not receptive to Plaintiffs' offer to address the issues without burdening the Court.

14. Therefore, after having given serious consideration to the issues and attempting to resolve them in good faith, and those efforts having been unsuccessful, Plaintiffs request a brief extension of time to serve their responses to Workday's leeter briefs served on May 19, if the Court declines to enter an administrative stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an administrative order staying further briefing and submissions on ECF No. 296, including Workday's May 19 letter briefs, pending the Court's ruling on the parallel issues set for hearing on April 28, 2026, or grant the Plaintiffs an extension of time to May 26, 2026, to serve responses to Workday's May 19 letter briefs.

5

Respectfully submitted,

| | |
|---|---|
| Robert L. Wiggins, Jr. | Lee D. Winston |
| Ann K. Wiggins | Roderick T. Cooks |
| WIGGINS CHILDS PANTAZIS | Bethany Mae Logan |
| FISHER & GOLDFARB, LLC | WINSTON COOKS, LLC |

Counsel for Plaintiffs.

Respectfully submitted,

s/ Lee D. Winston

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

 /s Robert L. Wiggins, Jr.

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500

**Local counsel:**
Jay Greene, JD, CPA
greenattorney@gmail.com
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Telephone: (415) 905-0215

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Jay Patrick Greene   jay@ greenelawfirm.com
Julie Ann Totten      Jtotten@orrick.com, jponce@orrick.com
Erin M. Connell      econnell@orrick.com
Kyla Delgado Grundy  kgrundy@ orrick.com
Alexandria R. Elliott (aelliott@orrick.com)

s/ Meredith Burrell_____ _____
Of Counsel
Wiggins Childs Pantazis Fisher and Goldfarb
301 North 19th Street
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: 205) 254-1500