UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK L. MOBLEY, et al.,

        Plaintiffs,

    v.

WORKDAY, INC.,

        Defendant.

Case No.  23-cv-00770-RFL

**NOTICE OF TENTATIVE OPINION**

Re: Dkt. No. 301

A hearing on Workday's Motion to Dismiss is set for **June 15, 2026 at 1:30 p.m.** via Zoom videoconference.  Having reviewed the parties' briefing, the Court would find it useful to have oral argument as to its tentative opinion that the FEHA applies to the alleged discriminatory conduct at issue, for the reasons further explained below.  In the interest of efficiency, the hearing will be limited to this issue.

Workday argues that its liability as an agent under the FEHA turns on the liability of its customers:  Essentially, if its employer-customer would be outside of the FEHA's reach with respect to a particular employment decision, then Workday is too. (Dkt. No. 301 at 18[1] ("It is undisputed that out-of-state plaintiffs could not sue out-of-state employers under the FEHA for employment decisions made outside of California.").)  However, Workday's argument appears at odds with the FEHA's concept of agency liability, as described by the California Supreme Court in *Raines v. U.S. Healthworks Medical Group*, 534 P.3d 40 (Cal. 2023).  As *Raines* explains, Workday is not subject to derivative liability under the FEHA based on its employer-customer's liability; instead, it is directly liable for its "own engagement in FEHA-regulated activities on the

---

[1] Citations to page numbers refer to ECF pagination.

1

employer's behalf." *Id.* at 53. As the California Supreme Court explained, its "rule holding that the business-entity agents of an employer can be held liable for FEHA violations neither delegates the employer's FEHA obligations nor abrogates the employer's FEHA liability. . . . it [] increases the number of defendants that might share liability for the plaintiff's damages." *Id.*

As the *Raines* court explains, holding business-entity agents like Workday liable for their *own* discriminatory conduct within the scope of the FEHA is consistent with public policy and the "remedial purposes" of the FEHA. *Id.* at 52 (citing Cal. Gov't Code § 12993(a)). First, it may well be that the employer has no knowledge of the agent's discriminatory practices. Second, business-entity agents will frequently provide their services to many employers, opening the door to systemic industry-wide discriminatory practices. Therefore, it makes sense to impose liability under California law on the "entity that is most directly responsible for the FEHA violation," and "that is in the best position to implement industry-wide policies that will avoid FEHA violations." *Id.*

Workday argues that if its operations in California alone subject it to liability under the FEHA, this would amount to an impermissibly exterritorial application, converting the California statute "into a national employment discrimination statute." (Dkt. No. 313 at 11.) In support, Workday cites *Campbell v. Arco Marine, Inc.*, where the California Court of Appeals declined to apply the FEHA to alleged sexual harassment of a non-California resident that had occurred on the high seas, because there was no evidence that anyone in California had participated in or ratified the alleged misconduct towards the non-California resident. 50 Cal. Rptr. 2d 626, 631– 32 (Cal. Ct. App. 1996). The *Campbell* court explained that "the FEHA imposes no residency requirement on either the employer or the person aggrieved and no limitation based on where the conduct occurred" but "[a]t some point, a line must be drawn between those situations where the law applies and those where it does not." *Id.* at 632. The Court then held that the FEHA "should not be construed to apply to non-residents employed outside the state when the tortious conduct did not occur in California." *Id.* at 633. Those principles appear to confirm the FEHA's applicability to the alleged conduct here. Plaintiffs allege that Workday designs, develops, and

operates tools from California that allegedly evaluate, rank, and reject job applications in a discriminatory fashion on behalf of employers nationwide.  That appears to be sufficient to plausibly allege that Workday engages in tortious discriminatory conduct in California to carry out duties that it has been delegated by its employer-customers within the meaning of *Campbell*. *See, e.g.*, *Sims v. Worldpac Inc.*, No. 12-cv-05275-JSW, 2013 WL 663277, at *3–4 (N.D. Cal. Feb. 22, 2013) (out-of-state resident stated a claim under the FEHA where decision to terminate him was allegedly made by an individual working in California).

Workday also argues that the Court should reason by analogy to the choice-of-law analysis in products liability cases.  *See Chen v. Los Angeles Truck Centers, LLC*, 255 Cal. Rptr. 3d 559 (Ct. App. 2019).  Those cases, however, do not shed light on the key issue of the FEHA's text, structure, or intent, in interpreting the statute's reach.  The FEHA's stated purpose is to "provide effective remedies that will both *prevent and deter unlawful employment practices* and redress the adverse effects of those practices on aggrieved persons."  Cal. Gov't Code § 12920.5 (emphasis added).  That reflects an intent to stop wrongful conduct by employers and their agents, and not just to provide compensation to aggrieved workers.

At the hearing, each side will have an opportunity to address the tentative, with Workday having the first opportunity to respond.  The parties **shall not** file written responses to this notice.

**IT IS SO ORDERED.**

Dated: May 27, 2026

RITA F. LIN
United States District Judge

3