**Plaintiffs Objections to Location Changes for Re-Opened Depositions**

Plaintiffs Jill Hughes, and Sheilah Johnson-Rocha object to Defendant Workday, Inc.'s deposition notices requiring them appear in person at Orrick's San Francisco office for their reopened depositions on June 18, and June 17, respectively.

These notices concern reopened depositions, not full, first-time depositions. In the January 6, 2026 Court hearing, Workday requested leave to reopen certain depositions only to address newly added claims. Plaintiffs did not object to reopening for those limited purposes, but they did not agree to change the location for the depositions that began by Zoom ECF. 230, Exh B- Excerpt from January 6, 2026 hearing.

As to Ms. Hughes, Workday requested leave to reopen her deposition because it had only deposed her on the age claim. Exh. B: 18:8-13. Plaintiffs did not object to a limited reopening as to the new claims. Id. 18:22-23. Ms. Hughes's original deposition had been conducted remotely and left open for follow-up. Exh. A-Hughes Transcript, pg. 249. Requiring Ms. Hughes to now travel to San Francisco is inconsistent with the remote format in which her deposition was started and the limited purpose for which Workday sought reopening.

Ms. Johnson-Rocha's deposition history further confirms that remote testimony is appropriate and workable. She has already appeared for deposition twice by Zoom without issue. Workday sought leave to reopen her deposition for the same limited reason as Ms. Hughes: to ask about newly added claims that were not part of the case when she was previously deposed. Exh. B at 18:8-13. Workday identifies no problem with Ms. Johnson-Rocha's prior remote examinations and no reason why a third, limited deposition session must occur in person.

The amended notices are unduly burdensome and disproportionate. They are limited reopened examinations of witnesses who have already sat for deposition, including by Zoom. Requiring out-of-state Plaintiffs to travel to California for limited follow-up questioning would impose unnecessary expense, disruption, and burden, particularly where the parties have already shown that remote depositions are workable in this case. Workday identifies no prejudice from proceeding by Zoom and no reason why the same format used for the prior remote depositions cannot be used for the reopened portions.

Federal Rule of Civil Procedure 26(b)(1) requires discovery to be proportional to the needs of the case, considering, among other things, the importance of the discovery, the parties' resources, and whether the burden or expense outweighs its likely benefit. Rule 26(c) authorizes the Court to protect a party or person from undue burden or expense, including by specifying terms for discovery. Rule 30(b)(4) expressly permits depositions to be taken by remote means. Here, remote depositions are the proportional and efficient procedure. The reopened depositions will concern only narrow additional topics. Requiring travel to San Francisco would add substantial burden without any corresponding discovery benefit.

Workday's approach is also inconsistent with the procedural posture of the reopened depositions. The Court permitted additional examination to address newly added issues; it did not authorize Workday to impose materially different conditions from those governing the prior

depositions. A reopened deposition is a limited continuation, not a new deposition that resets the place, manner, and burden of appearance.

Plaintiffs therefore request that the Court order the reopened depositions of Ms. Hughes, and Ms. Johnson-Rocha proceed remotely by Zoom or a comparable videoconference platform. Plaintiffs are available to meet and confer regarding remote-deposition logistics and will cooperate to ensure the depositions proceed efficiently, including with respect to exhibits, court-reporter arrangements, and video recording.

**Workday's Response to Plaintiffs' Position**

On June 10, 2026, the parties resolved the dispute as to Ms. Hughes who has now agreed to appear in San Francisco for her deposition,[1] leaving only one remaining dispute: whether Ms. Johnson-Rocha may insist her deposition proceed remotely. She cannot.

"The general rule with respect to the location of depositions is that the plaintiff must produce its witnesses in the district in which the plaintiff instituted the action, unless the plaintiff has shown financial hardship or inability to attend the deposition in that district." *RePet, Inc. v. Zhao*, No., 2018 WL 9802098, at *3 (C.D. Cal. Jan. 16, 2018) (*citing Aerocrine AB v. Apieron Inc*., 267 F.R.D. 105, 108 (D. Del. 2010)). To be excused, Plaintiff must "persuasively demonstrate" that travel would be "practically impossible" or "otherwise [] fundamentally unfair." *See Fenerjian v. Nong Shim Co., Ltd*, No. 13CV04115WHODMR, 2016 WL 1019669, at *3 (N.D. Cal. Mar. 15, 2016).

Ms. Johnson-Rocha's justifications for demanding a virtual deposition are that (1) she has already appeared for a deposition twice via Zoom, that (2) "a reopened deposition is a limited continuation, not a new deposition that resets the place, manner and burden of appearance," and that (3) "[r]equiring out-of-state Plaintiffs to travel to California for limited follow-up questioning would impose unnecessary expense, disruption, and burden." None are valid.

With respect to the first point, Plaintiffs' argument ignores that at the time Ms. Johnson-Rocha was originally deposed, it was necessarily a limited deposition because Ms. Johnson-Rocha was an Opt-In Plaintiff relevant only to the pending age claim. Since that time, Ms. Johnson-Rocha has joined the case as an individual and representative plaintiff bringing far broader claims on behalf of herself and a proposed nationwide class and invoking the jurisdiction of the Northern District of California. The circumstances are substantively different—namely, that since her last deposition, Ms. Johnson-Rocha made the decision to affirmatively bring claims in this District against Workday. She must now appear. *RePet, Inc.*, 2018 WL 9802098, at *3; *see also Hill v. Workday, Inc.*, Case No. 2:23-cv-06558-PHK, ECF No. 129, at *4 (N.D. Cal.

[1] The Parties also separately resolved a dispute concerning Mr. Mobley's continued deposition where Workday agreed to proceed remotely because Mr. Mobley has previously appeared for deposition in San Francisco. The same is not true for Ms. Hughes or Ms. Johnson-Rocha and accordingly, Workday is entitled to their depositions in San Francisco.

Jul. 30, 2025) ("general presumption that the Plaintiff may be deposed here in the Northern District of California because [s]he chose this forum.").

Plaintiffs argue that Workday cannot change the form of a deposition where it is "reopened" as opposed to a "new" deposition. Plaintiffs cite no authority for the proposition that a prior deposition is enough to overcome the presumption that a named plaintiff appear in the jurisdiction where they are bringing suit and Judge Lin made no such finding when she granted Plaintiffs' motion to amend the complaint to permit Ms. Johnson-Rocha to become a named, representative plaintiff.

Finally, Ms. Johnson-Rocha's vague assertions of expense, disruption, and burden are exactly the arguments that courts routinely reject in commanding a plaintiff to appear in her chosen forum. *See e.g., Fenerjian*, 2016 WL 1019669, at *3 (the "usual difficulties and inconveniences in attending an out-of-state deposition" do not warrant an exception to the general rule); *Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, 2024 WL 778395, at *2 (N.D. Cal. Feb. 26, 2024) ("issues of time and money present ordinary concerns attendant to travel" that will not excuse deposition attendance in the forum); *Hill v. Workday*, ECF No. 129, at *5 ("Where, as here, a plaintiff's claim of undue hardship or exceptional or compelling circumstances is devoid of detail or fails to provide basic information about their circumstances, they fail to prove exceptional or compelling circumstances to justify their refusal to travel to their chosen forum."). Ms. Johnson-Rocha identifies no financial hardship, no physical inability to travel, and no exceptional circumstance—only the ordinary inconvenience of appearing in the forum she chose, which is insufficient as a matter of law. Ms. Johnson-Rocha should appear in San Francisco for her deposition noticed for June 17, 2026.[2]

[2] Although Plaintiffs have not requested to move the deposition date, Workday objects to any future argument that the deposition date should be altered if Ms. Johnson-Rocha is ordered to appear in person. Workday served a deposition notice on May 18, 2026 indicating the deposition would take place in person. Workday issued that notice after Plaintiffs confirmed on May 12, 2026 that Plaintiffs were available and after Workday had been requesting availability since March 23, 2026. The deposition should proceed in person as scheduled.

**Plaintiffs' Reply Regarding Ms. Johnson-Rocha's Reopened Deposition**

Through the meet and confer process, the parties, as noted, resolved disputed deposition location issues for Mr. Mobley and Ms. Hughes. The dispute that remains is for the location of Sheliah-Johnson Rocha's deposition.

Plaintiffs do not dispute the general rule that a plaintiff may ordinarily be deposed in the forum where she chose to sue. But Ms. Johnson-Rocha is not resisting a first deposition. Workday has already deposed her twice in this case, both times remotely, and it does not contend those examinations were ineffective, incomplete, or prejudicial because they occurred by Zoom. As an opt-in plaintiff, Ms. Johnson-Rocha made an affirmative decision to join a case in this district and Workday has shown that it can successfully complete her deposition twice via Zoom.

The reopened deposition is a narrow continuation of prior testimony, not a new deposition that resets all conditions of appearance. Workday sought leave to reopen depositions only to address newly added claims. It did not seek reopening because remote examination had failed, because exhibits could not be handled remotely, or because in-person testimony was necessary to assess credibility. Nor did the Court authorize Workday to impose materially different conditions than those governing Ms. Johnson-Rocha's prior depositions.

Workday's effort to discount Ms. Johnson-Rocha's prior deposition testimony because she was then an opt-in plaintiff is misplaced. Workday already extensively examined Ms. Johnson-Rocha, this limited reopened deposition should not be transformed into a first deposition in a new location.

The presumption that a plaintiff will appear in person does not override Rules 26(b)(1), 26(c), and 30(b)(4). Discovery must remain proportional to the needs of the case, and the Court may protect parties from undue burden and expense by specifying the manner of deposition. Here, requiring Ms. Johnson-Rocha to travel to San Francisco for this limited reopened examination would impose meaningful burden and expense for testimony that has largely been completed. Because she resides out of state, appearing in person would require travel and approximately three days away from work, without any identified benefit over the remote format that has already been used successfully. Sworn testimony is no less sworn because it is received by videoconference rather than in person, and Workday identifies no concrete prejudice from proceeding remotely here. Rule 30(b)(4) expressly permits depositions by remote means.

Workday's authorities do not compel a different result. They address the ordinary rule for a plaintiff's initial deposition in the chosen forum, not the format of a limited reopened deposition after Ms. Johnson-Rocha has already appeared twice remotely without issue.

Because Ms. Johnson-Rocha has already appeared twice remotely, because the reopened deposition is limited, and because Workday has shown no case-specific need for an in-person appearance, Plaintiffs respectfully request that the Court order Ms. Johnson-Rocha's reopened deposition to proceed remotely by Zoom or similar videoconference, and that her remote appearance satisfy her obligations for this deposition.