# EXHIBIT B

**Pages 1 - 24**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Rita F. Lin, Judge

DEREK L. MOBLEY, et al., )
)
Plaintiffs, )
)
VS. ) **NO. C 23-00770 RFL**
)
WORKDAY, INC., )
)
Defendant. )
)

San Francisco, California
Tuesday, January 6, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
WINSTON COOKS, LLC
420 20th Street - Suite 435
San Francisco, California 94108
**BY: LEE D. WINSTON, ATTORNEY AT LAW**

For Defendant:
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105
**BY: ERIN M. CONNELL, ATTORNEY AT LAW**

Remotely Reported: Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
U.S. District Court - Official Reporter

to move forward with class certification -- it -- we are prejudice because these are gender discrimination claims that are being added to the case just a few weeks before their motion for class certification is due.

And while we -- so, we are in a rock and a hard place. And simply because we are choosing to keep the schedule, there is still prejudice to Workday in the sense that we are going to need to depose them. And if Your Honor does adopt the tentative, we would ask for leave to re-open the depositions of Miss -- we have not yet deposed Ms. Rowe but Ms. Hughes and Ms. Johnson Rocha, because we only deposed them on the age claim. We did not ask them questions on the other claims because they are not part of the lawsuit.

**THE COURT:** Just to be clear, would Plaintiffs object to that?

**MR. WINSTON:** Well, they showed them their EEOC charges. So, they knew that the EEOC charges were out there.

**THE COURT:** So, you are saying you would object to -- if I allowed you to add a gender discrimination claim, would you object to allowing Workday to re-open the depositions of those Plaintiffs to ask about the new claims?

**MR. WINSTON:** As to the new claims, no, we would not object.

**MS. CONNELL:** So, again, you know, we are not saying they have no legal recourse. We are saying that they don't

meet the standard for joining this lawsuit.

The other point that I want to just underscore -- and it is a point that we made in our papers -- is that Plaintiffs did not move under Rule 16. They don't even argue under Rule 16. And under Supreme Court precedent, *United States versus Sineneng-Smith*, which is a case we cite in our papers -- the party presentation principle, I mean, that should be dispositive. They moved under the wrong standard. And even in reply, they didn't even try to say "in the alternative we meet the Rule 16 standard," and we think that's dispositive here.

They didn't move under the right standard and they didn't make any arguments that go to that standard. So, for that reason as well, we think the motion to amend should be denied.

With regard to Mr. Mobley, I already articulated why we do think that it is prejudicial to allow him to amend simply because Your Honor is finding that the other individuals were diligent.

Again, we disagree with that because it is not their motion. It is -- the only person whose diligence is relevant here is Derek Mobley's, and he did not move by the deadline. He is bound by the deadline and he doesn't have good cause for having waited until a year past the deadline to seek to bring these new causes of action, to bring in three new Plaintiffs and to amend his own claims, to add State law claims that he could have brought since the inception of this lawsuit.

So, for all of those reasons, we dispute the Court's tentative and particularly because they didn't even move under the right standard.

**MR. WINSTON:** I would only respond in terms of whether we could have gotten a right to sue letter earlier or we were obligated to get one earlier. They have an affirmative defense in this case that -- of noncompliance with administrative standards, and filing the EEOC charge and getting the right to sue is part of that process.

**THE COURT:** Thank you-all for the argument. I am adopting the tentative for the reasons I originally stated. I recognize the issue raised by Workday; that new Plaintiffs could have sought a right to sue letter from the EEOC at an earlier process and begun the administrative process at an earlier stage but diligence looks at whether the -- once all of the elements of a claim are available and the claim has accrued, whether -- whether the new Plaintiffs moved promptly to add themselves to the lawsuit. And I think once they developed the ability to sue, they moved promptly to add themselves to the lawsuit.

I don't see the diligence standard as applying to the administrative process or to, you know, other actions that individuals are taking before they have accrued the right to sue.

So, I do think the new Plaintiffs have met the diligence

standard. I'm not even sure -- as Workday accurately notes -- that it is fair to apply the diligence standard to them since they were not even part of this lawsuit before, but I can understand the point that for them to join this lawsuit, Plaintiffs' Counsel ought to have been diligent in adding them. So, assuming the diligence standard applies to the new Plaintiffs, I believe that it has been met.

And then for the reasons I stated earlier, I don't think there is a sufficient basis in terms of prejudice to preclude them from bringing suit based on prejudice to Workday.

I recognize that there will likely need to be more discovery to make sure that the parties have everything they need -- particularly Workday -- to oppose class certification, but it appears that the scope of that discovery is fairly limited and can be completed on the existing schedule putting aside the question of whether there are other discovery problems that require extension of the schedule.

And then with respect to Mr. Mobley, I do think he meets the good cause standard for the reasons I said before. And then once he is in the case, the FEHA and Title VII disparate impact claims overlap to an extent that I don't see there being a lot of additional discovery that would be needed as to Mr. Mobley asserting a FEHA claim in addition to his existing Title VII and ADEA claim. So, I don't see Rule 15 as barring Mr. Mobley's claim either.