Lee D. Winston, *Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks, *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan, *Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876


**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER
LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEREK L. MOBLEY; FAITHLINH ROWE; JILL E. HUGHES; AND SHEILAH JOHNSON-ROCHA,** on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>**WORKDAY, INC.**<br><br>     Defendant. | **Case No. 3:23-cv-00770-RFL-LB**<br><br>**PLAINTIFFS' OPPOSITION TO WORKDAY'S DISCOVERY LETTER BRIEF RE OPT-IN DISCOVERY (ECF NO. 344)**<br><br>Courtroom: 15, 18th Floor<br><br>Judge: Hon. Rita F. Lin<br><br>Third Amended Complaint Filed: March 27, 2026 |

Workday's letter brief was served and filed in violation of the Local Civil Rule 37.1 and this Court's standing order. Workday served its letter on Plaintiffs on June 11, 2026, the same day Workday filed it with the Court. *See* ECF No. 344-7 at 3 (email serving revised letter). [1] Although Workday had served a different version of this letter brief on Plaintiffs twice, *see* Exh. A (Burrell Dec.) at ¶¶ 3, 7, the June 11 letter raised a new issue that was not the subject of the earlier letters and that the parties have never discussed together in a meet and confer. *See id.*, ¶¶ 3, 11, 14-18 and Section III, *infra*. Workday nevertheless demanded that Plaintiffs provide a response the same day, instead of in accordance with this Court's 5-day schedule or the shorter time frame Plaintiffs offered. *See* ECF No. 344-7 at 2-3. Plaintiffs objected to the inclusion of a new issue as procedurally improper and requested Workday to narrow its letter to present the matters the parties agreed were ripe for decision. Exh. A, ¶ 18. Workday's decision to unilaterally inject a new issue, demand a same-day response, and file the letter regardless of Plaintiffs' objection, is inexplicable. Its two-page explanatory cover letter is also inappropriate and prejudicial, as it expands Workday's page limit in an effort to excuse its disregard for this Court's processes.

## I.   **Workday Has Not Established That Discovery Should Be Compelled**

Workday seeks to compel further responses to discovery served to "All Opt-In Plaintiffs" on April 15, 2026, requesting the more than 15,000 Opt-In Plaintiffs to identify all jobs to which they have applied with employers they allege "used Workday's or HiredScore's software" since August 2020, and all versions of their resumes submitted for those jobs (ECF No. 344-5, Interrogatory 2; ECF No. 344-4, RFP No. 1). Workday asserts that "this Court authorized" this discovery in ECF No. 296. It did not. Workday also asserts that Plaintiffs consented to service of this discovery. They did not. The Court should deny Workday's motion.

*A.    Workday Sought Discovery Without Engaging in the ECF No. 296 Process*:

The sequence leading to this dispute matters. ECF No. 296 was issued in response to Plaintiffs' request for a protective order to prevent disproportionate individualized discovery. In issuing ECF No. 296, the Court did not make a finding about the appropriate scope of individualized discovery but instead ordered the parties to meet and confer about "what information is available and in what form," "what information is needed and where it is located," and "the manner of selecting additional opt-ins for a representative sample comprising 425." ECF No. 296 at 3. The Court did not order Plaintiffs to answer discovery for all opt-ins and did not authorize Workday to serve discovery on all opt-ins. In response to ECF No. 296, Workday summarily informed Plaintiffs in writing that, based on its own longstanding litigation position, no information is available to it other than through the opt-in Plaintiffs, and thereafter served written discovery concerning the entire opt-in population. Workday and/or its customers have access to applications submitted through Workday's platform, but the record shows no effort by Workday to consider gathering information it needs from its own systems or by seeking customer consent. Workday contends that Plaintiffs agreed to the service of this mass discovery, but Plaintiffs' request to see in writing the scope of individualized information Workday would seek does not equate to agreement to answer discovery for every opt-in. Understanding the scope of individual discovery Workday would seek was relevant to Plaintiffs' consideration of proportionality, burden, and sample parameters. It was not consent to service on all opt-ins. Workday chose to formally serve the discovery rather than share it with Plaintiffs for discussion. Workday complains that Plaintiffs did not state in advance whether they would provide substantive answers in response to Workday's unauthorized discovery so that Workday could take the issue directly to the Court. Workday's belief that it was entitled to file a preemptive motion against unserved discovery answers belies any contention that it intended to work in good faith with Plaintiffs on the scope of this discovery.

---

[1] Pinpoint citations to the Electronic Case File (ECF) refer to the ECF-generated pagination.

1

B. *Interrogatory 2 and RFP Are Disproportionate and Improper*

***First***, Workday is not entitled to individual discovery from *every* opt-in, even if limited in scope, to make "a preliminary assessment of whether each . . .might satisfy the collective definition." ECF No. 355 at 3. This notion conflates the process of collective decertification, which can properly be based on a sample, with the entirely separate concept of individual eligibility if decertification is denied. Workday is entitled to discovery that will afford it a "reasonable opportunity" to identify bases for decertification. *Greist v. LendUS, LLC*, No. 24-cv-02411, 2026 U.S. Dist. LEXIS 17734 at *5 (N.D. Cal. Jan. 29, 2026). This Court already found that a sample of 425 Opt-In Plaintiffs "seems reasonable" for individual discovery at this stage. ECF No. 296 at 3. Workday's Interrogatory 2 and RFP 1 are the type of mass individualized discovery courts limit in collective actions because it creates burden out of proportion to its likely benefit, particularly before decertification. *See Greist,* 2026 U.S. Dist. LEXIS 17734 at *5; *Cranney v. Carriage Servs.*, No. 2:07-cv-01587, 2008 U.S. Dist. LEXIS 113606 at *14-17, (D. Nev. June 16, 2008) (denying individual discovery of all plaintiffs in FLSA collective action); *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354 (S.D. Ohio 2006) (same). *See also* ECF No. 292-1 at 2 (citing cases). The fact that discovery is not formally bifurcated does not deprive this Court of its authority to manage phases of the discovery process based on Rule 26.

***Second***, Plaintiffs served *timely* objections and responses indicating that Plaintiffs do not know which employers "may have used Workday's or HiredScore's software" because "that information has been denied [them] throughout this proceeding thus far," including their exclusion from "the limited information made available to [their] attorneys . . . on only a *strict* 'attorney's eyes only' basis." ECF No. 344-5 at 10. Workday relies on ECF No. 291 to assert that the Court has rejected this argument, but the context of ECF No. 291 matters. A finding of what scope of discovery is reasonable and appropriate for 195 opt-ins does not translate to the appropriate discovery to 15,000+ opt-ins. If any parallel exists to ECF No. 291, it is to the sample of 425 that the Court found reasonable in ECF No. 296.

***Third***, Workday cites no authority permitting it to serve on "All Opt-In Plaintiffs" a single, omnibus set of interrogatories and requests for production. Federal Rules of Civil Procedure 33 and 34 authorize a party to serve discovery "on any other party," and the responding obligation is tied to "the party to whom the request is directed." *See* Fed R. Civ. P. 33(a)(1) and (b)(1)(A); 34(a) and (b)(2)(A). An informal process to gather information could serve any legitimate needs Workday has at this stage, but Workday rejected Plaintiffs' proposal. *See* Exh. A, ¶¶ 13-15.

## II.     There Is No Ripe Dispute About the 425-Person Sample

Although Workday's initial letter raised a dispute about the 425-person sample, that dispute was limited and is resolved. *See* Exh. A, ¶¶ 11. Workday injected a new dispute about "the implications of the sample" in its filed letter. Workday did not deny that the dispute was new and that the parties had not conferred on it, nor did it even endeavor explain what it believed the Parties' disagreement about sample implications entailed. *See* ECF No. 344-7 at 2-6 (June 11 emails among Burrell, Grundy and Elliot). Instead, it falsely asserts that Plaintiffs "propose that they may produce evidence from *any* Opt-In Plaintiff, including those for whom they refused to provide discovery responses." ECF No. 344-1 at 3, Plaintiffs made no such proposal, which is further evidence that this dispute is not ripe. *See* Exh. A, ¶¶ 15. Under Local Rule 37.1, this dispute cannot "be entertained" due to Workday's failure to confer in person before briefing the issue and the court should not address it.

## III. Proposed Compromise: Plaintiffs proposed a method of collecting the information Workday seeks via a questionnaire to all opt-in plaintiffs. Plaintiffs' proposal for informal collection is reflected in an email attached to Workday's motion. ECF No. 344-7 at 8.

2

Dated: June 15, 2026                    Respectfully submitted,

                                        /s/ *Meredith L. Burrell*

Lee D. Winston (ASB: 6407O72L)          Robert L. Wiggins, Jr., Admitted Pro Hac Vice
*Admitted pro hac vice*                 rwiggins@wigginschilds.com
lwinston@winstoncooks.com               Ann K. Wiggins, Admitted Pro Hac Vice
Roderick T. Cooks (ASB: 5819O78R)       awiggins@wigginschilds.com
Admitted Pro Hac Vice                   Samuel Fisher, Jr, Admitted Pro Hac Vice
rcooks@winstoncooks.com                 sf@wigginschilds.com
Bethany Mae Logan (ASB: 1360X15Z)       Jennifer Wiggins-Smith, Admitted Pro Hac Vice
Admitted Pro Hac Vice                   jsmith@wigginschilds.com
bneal@winstoncooks.com                  Nicki Leili Lawsen, Admitted Pro Hac Vice
Winston Cooks, LLC                      nlawsen@wigginschilds.com
420 20th Street North, Suite 2200       Freddrick M. Moore, Admitted Pro Hac Vice
Birmingham, Alabama 35203               mmoore@wigginschilds.com
Telephone: (205) 502-0970               WIGGINS CHILDS PANTAZIS FISHER
Facsimile: (205) 278-5876               & GOLDFARB, LLC
                                        301 North 19th Street
                                        Birmingham, Alabama 35203
LOCAL COUNSEL:                          Telephone: (205) 314-0500
Jay Greene                              Facsimile: (205) 254-1500
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435            Lori Kisch, Admitted Pro Hac Vice
San Francisco, CA 94108                 lkisch@wigginschilds.com
Phone 415-905-0215                      Meredith L. Burrell, Admitted Pro Hac Vice
greeneattorney@gmail.com                mburrell@wigginschilds.com
                                        Jennifer M. Swedish, Admitted Pro Hac Vice
                                        jswedish@wigginschilds.com
                                        WIGGINS CHILDS PANTAZIS FISHER
                                        & GOLDFARB
                                        1050 Connecticut Avenue NW, Suite 500
                                        Washington, DC 20036
                                        Telephone: (205) 314-0500
                                        Facsimile: (205) 254-1500

3

Opposition to Letter Brief Re Opt-In Discovery
[3:23-cv-00770]

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF filers and that they will be served by the CM/ECF system:

Jay Patrick Greene          jay@greenelawfirm.com
Julie Ann Totten           jtotten@orrick.com, jponce@orrick.com
Erin M. Connell            econnell@orrick.com
Kayla Delgado Grundy       kgrundy@orrick.com
Alexandria R. Elliott      aelliott@orrick.com

*s/ Meredith Burrell*
Of Counsel
Wiggins Childs Pantazis Fisher & Goldfarb
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

4

Opposition to Letter Brief Re Opt-In Discovery
[3:23-cv-00770]