# EXHIBIT A

Lee D. Winston, *Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks, *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan, *Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876


**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER
LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500


Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Attorneys for the Plaintiff and Proposed Class and Collective Members*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEREK L. MOBLEY; FAITHLINH ROWE; JILL E. HUGHES; AND SHEILAH JOHNSON-ROCHA,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WORKDAY, INC.**<br><br>Defendant. | **Case No. 3:23-cv-00770-RFL-LB**<br><br>**DECLARATION OF MEREDITH L. BURRELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO WORKDAY'S LETTER BRIEF REGARDING OPT-IN DISCOVERY**<br><br>Courtroom: 15, 18th Floor<br><br>Judge: Hon. Rita F. Lin |

I, Meredith L. Burrell, declare and states as follows:

1.      I am an attorney at Wiggins, Childs, Pantazis, Fisher, & Goldfarb, and I am one of the attorneys of record for Plaintiffs in this matter. I am duly admitted to practice before this Court *pro hac vice* in this case. I make this declaration based on my own personal knowledge in support of Plaintiffs' Opposition to Defendant Workday, Inc.'s Letter Brief Regarding Opt-In Discovery, filed on June 11, 2026 (ECF No. 344). If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.      On May 15, 2026, Plaintiffs served timely objections and responses to Defendant Workday's, Inc.'s Request for Production to All Opt-In Plaintiffs, Set One and to Defendant Workday, Inc.'s Interrogatories to All Opt-In Plaintiffs, Set One. Plaintiffs' objections and responses are attached to Workday's letter brief at ECF No. 344-4 (RFP response) and 344-5 (interrogatory responses).

3.      On May 19, 2026, Workday served a discovery letter brief purporting to initiate this Court's discovery dispute letter process with regard to Plaintiffs' discovery responses. Prior to serving that letter brief, Workday had neither identified alleged deficiencies in Plaintiffs' discovery responses in writing nor sought to meet and confer regarding the deficiencies that are the subject of the current letter. Through that letter, Workday sought to have Court (1) order Plaintiffs to respond to the discovery requests identified in Paragraph 2 above for all of the more than 15,000 Opt-In Plaintiffs; and (2) permit Workday to conduct additional discovery on a random sample of 425 Opt-In Plaintiffs, separate from the 195 Opt-Ins already served.

4.      Also on May 19, Workday served a second discovery letter brief raising related issues regarding opt-in discovery. The second letter raised disputes over discovery concerning the opt-in forms and associated metadata the Plaintiffs collected through the workdaycase.com platform. These disputes concerned a separate set of discovery requests, Workday, Inc.'s Request for Production Nos. 41-43, Set Three, served on named Plaintiff Derek Mobley.

5.      At Plaintiffs' initiation, the Parties met by video on May 21 to discuss both discovery letters. During that meeting, Plaintiffs requested Workday to withdraw the letter briefs and proposed that the Parties discuss and endeavor to narrow the issues in dispute over a period of one week. When Workday declined this proposal, Plaintiffs requested Workday's consent for an extension of time to serve its responses to both letter briefs. Workday declined to consent to this request.

6.      Thereafter, Plaintiffs requested an administrative stay or, in the alternative, an extension of one business day, to Tuesday, May 23, to serve its responses to the discovery letter. *See* ECF No. 334. This Court granted Plaintiffs' request for a stay, instructing that no further discovery disputes be filed until after it issued an order on discovery motions that, at the time, were set for hearing on May 28, 2026. *See* ECF No. 335.

7.      On June 1, 2026, following issuance of ECF No. 340, Workday re-served the same letter briefs it had served on May 19. Workday did not seek to meet and confer regarding re-service of these letters.

8.      Also on June 1, 2026, Plaintiffs supplemented their response to Workday's Interrogatories to All Opt-In Plaintiffs, Set One and to Workday's Request for Production Nos. 41-43, Set Three, including providing a supplemental production.

9.      On June 4, 2026, Plaintiffs requested a meet and confer to determine whether the scope of the disputes were narrowed by their discovery supplementation, and to endeavor to have the Parties substantively discuss Workday's discovery served to all Opt-Ins before the matter was submitted to the Court. *See* ECF No. 344-7 at 21.[1]

10.     The Parties met to discuss these issues on June 9, and continued discussions after that meeting by email on June 9 and 10 to endeavor to resolve or narrow issues in dispute. *See*

---

[1] Pinpoint citations to the Electronic Case File (ECF) refer to the ECF-generated pagination.

*generally,* ECF No. 344-7 at 7-21. The Parties reached agreements during that process that resulted in withdrawal of Workday's second discovery letter (described in Paragraph 4 above).

11.     The Parties also reached agreement regarding several issues raised in Workday's letter underpinning the current dispute. First, the Parties agreed that, subject to some additional work relating to data cleaning, there was no longer a dispute regarding Plaintiffs' response to Interrogatory No. 1 to all Opt-Ins. Second, the Parties reached agreement on all the issues concerning the 425-person sample that were raised in Workday's May 19 and June 1 versions of the letter. Specifically, Plaintiffs agreed to the terms that Workday's letter had asked the Court to order – that the sample be random and that it exclude the 195 Opt-In Plaintiffs as to whom Workday had already conducted individual discovery.

12.     The Parties exchanged written proposals regarding an informal method to collect information from all of the more than 15,000 Opt-In Plaintiffs that might resolve the dispute regarding Workday's Interrogatory 2 and RFP 1 to all Opt-In Plaintiffs. The Parties did not reach agreement on such a proposal.

13.     Plaintiffs' last proposal to Workday regarding informal collection of information from the Opt-In Plaintiffs is included in the exhibits to Workday's motion at ECF No. 344-7 at 8. As set forth in the email from Lori Kisch at 1:10 p.m., Plaintiffs proposed to collect information by sending a written inquiry to the Opt-In Plaintiffs requesting them to identify, based on their memory and other documents and information available to them, the employers to whom they applied for employment using a Workday application platform since September 24, 2020, and following that inquiry to provide responsive information to Workday on a rolling basis every two weeks. *See* ECF No. 344-7 at 8.

14.     In exchanging their written proposals for this informal process, both Plaintiffs and Workday included terms limiting individual discovery outside the sample. The Parties did not discuss these particular terms during their June 9 meeting or at any other time prior to Workday's June 11 filing. *See id.* at 12, 11, and 8 (proposals in sequence).

15. In the last proposal, which Workday rejected without further written discussion, Plaintiffs proposed that Workday would be entitled to additional individual discovery, beyond the 425-person sample, of any individual whom Plaintiffs identified that they may wish to rely on. *Id.* at 8.

16. Following the Parties' failure to reach agreement, Plaintiffs inquired whether Workday would revise its brief in light of the agreements the Parties had reached so that only issues that still remained in dispute would be presented to the Court. Plaintiffs offered to respond to such a revision on a shorter schedule than the Court's regular process permits. *See id.* at 6-7 (Email from Burrell to Grundy at 6:09 p.m.). Plaintiffs indicated that the dispute Workday initially raised regarding the 425-person sample had been resolved. *Id.*

17. Workday responded that it would slightly revise its letter but that it did not agree that the revision should affect Plaintiffs' ability to respond to the letter on the same day. *Id.* at 6 (Email from Grundy to Burrell at 2:03 a.m.). Workday also acknowledged that the Parties had agreed to a 425-person random sample, but stated that they disagreed about "the implications of the sample moving forward in the litigation." *Id.*

18. Plaintiffs informed Workday that any issue regarding the "implications of the sample" were separate from the issues raised in its original discovery letter, and that they should not be included in a revised letter because the Parties had not discussed the issue. *See id.* at 5 (Burrell email to Grundy at 7:26 a.m.) (noting expansion of issues and the need to meet and confer). Plaintiffs repeatedly requested that Workday submit a properly narrowed letter that presented only the issues ripe for the Court's determination. *See id.* at 4 (Burrell email at 8:54 a.m.); 2 (Burrell email at 1:39 p.m.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2026 in Washington, DC.

*/s/ Meredith L. Burrell*
Meredith L. Burrell

BURRELL DECL. ISO OPPOSITION TO DISCOVERY LETTER
REGARDING OPT-IN DISCOVERY
CASE NO. 3:23-CV-00770-RFL-LB