UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>WORKDAY, INC.,<br><br>              Defendant. | Case No. 23-cv-00770-RFL (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 350 |

The parties dispute whether plaintiff Johnson-Rocha (who lives outside of California) must appear in person at Orrick's San Francisco office for a reopened deposition on June 17 when her two prior depositions were taken remotely. The plaintiffs contend that the notice is unduly burdensome and disproportionate because (1) Johnson-Rocha's two prior depositions were taken remotely with no issues, (2) forcing her to travel to San Francisco would "impose unnecessary expense, disruption, and burden," (3) Workday has not pointed to any prejudice it would suffer with a remote deposition, (4) a reopened deposition does not reset the place and manner that was initially noticed, and (5) the court only authorized reopening the deposition, not imposing different conditions.[1]

---

[1] Disc. Letter Br. – ECF No. 350-1 at 1–2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-00770-RFL (LB)

Workday responds that (1) the circumstances are different because the plaintiff was an opt-in plaintiff during the prior remote depositions but is now an individual and representative plaintiff, (2) the plaintiffs' arguments fail to meet their burden of showing that travel would be "practically impossible" or "fundamentally unfair," and (3) they cite no authority preventing Workday from changing the forum for a reopened deposition.[2] *See Fenerjian v. Nong Shim Co.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *3 (N.D. Cal. Mar. 15, 2016).

The plaintiffs reply that the presumption that a plaintiff will appear in person to a deposition does not override the rules that discovery must be proportional and not impose an undue burden.[3]

The court orders that plaintiff Johnson-Rocha appear in person at her deposition.

"A party who wants to depose a person by oral questions . . . must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Fenerjian*, 2016 WL 1019669, at *2 (cleaned up). The general rule that a plaintiff will be required to be available for examination in the district in which suit was brought "appears to be based not only upon the fact that Plaintiffs choose the forum but also upon pragmatic considerations. . . . This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-3477-CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sep. 17, 1999) (cleaned up).

To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins v. Premier Nutrition Corp.*, No. C-13-01271-RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014).

---

[2] *Id.* at 2–3.

[3] *Id.* at 4.

Simply put, the plaintiffs do not dispute the general rule that a plaintiff must appear at her deposition in person but offer (1) no facts demonstrating that travelling would cause her undue hardship or exceptional or compelling circumstances and (2) no case law requiring a different result. The court orders that plaintiff Johnson-Rocha appear in person at her deposition on June 17. This order resolves ECF No. 350.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California