JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     (415) 773-5700
Facsimile:     (415) 773-5759

Attorneys for Defendant
WORKDAY, INC

Lee D. Winston (Admitted Pro Hac Vice)
lwinston@winstoncooks.com
Roderick T. Cooks (Admitted Pro Hac Vice)
rcooks@winstoncooks.com
WINSTON COOKS LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
Telephone:     (205) 482-5174
Facsimile:     (205) 278-5876
[additional plaintiffs' counsel listed on signature block]

Attorneys for Plaintiff DEREK L. MOBLEY

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKDAY, INC.<br><br>Defendant. | Case No.  3:23-cv-00770-RFL<br><br>~~STIPULATED~~ SOURCE CODE ORDER |

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue an order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential source code material that will be exchanged (from "Producing Party" to "Receiving Party", as each term is defined in the Protective Order) pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Source Code Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Source Code Order does not create entitlement to file confidential information under seal;

WHEREAS, the Parties acknowledge that this Source Code Order is to be read in conjunction with and as a supplement to the Stipulated Protective Order entered in this action on November 27, 2024 (Dkt. 101) ("Protective Order"); and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential source code the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential source code, this Court finds good cause for issuance of an appropriately tailored confidentiality order regarding source code governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Source Code Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Source Code Order—shall adhere to the following terms:

1.    A Party may designate extremely sensitive Protected Material, as that term is defined in the Protective Order, as "HIGHLY CONFIDENTIAL – SOURCE CODE" if the

United States District Court
Northern District of California

2

material represents confidential, proprietary, or trade secret computer code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs ("Source Code Material"), and disclosure of that material to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not Source Code Material but may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Protective Order. If documents are produced or made available for inspection that contain both Source Code Material and material that is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL," or otherwise non-confidential, the Receiving Party may request the documents also be produced with the Source Code Material redacted and the documents marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," if applicable. If the parties have a dispute regarding such a request, the Receiving Party shall follow the procedures outlined in Section 6 of the Protective Order.

2.    For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a) Source Code Material, to the extent any Producing Party makes it available for inspection, shall be made available in native format. Access to a Party's Source Code Material shall be provided only on a "standalone" computer (that is, the computer(s) may not be linked to any other network, including a local area network ("LAN"), an intranet or the Internet) (the "Source Code Computer"). This standalone "Source Code Computer" should be connected to an external monitor, an external keyboard, and an external mouse. The hardware and software specifications of the Source Code Computer (e.g., processor speed, RAM, operating system,

monitor, compatible IDE and any dependencies) shall be commensurate with those of computers used by the Producing Party to review source code in the ordinary course of business. Additionally, the Source Code Computer may be kept and inspected only at the offices of the Producing Party, the offices of the Producing Party's outside counsel or its vendors, or other location mutually agreed upon by the Producing Party and the Receiving Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the Source Code Computer; and the Source Code Computer shall be available for inspection through the final resolution of this case, including any remand after appeal, subject to reasonable scheduling and the inspection procedures set forth in this Order.

(b) The Receiving Party shall restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m, Monday through Friday, local time where the Source Code Computer is physically located, excluding any local holidays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's reasonable request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The Receiving Party shall provide the Producing Party with notice of its intent to inspect the Source Code Computer at least seven business days prior to first inspection and four (4) business days for any non-contiguous subsequent inspection. The notice may state that the review will continue from day-to-day as needed. The Receiving Party shall provide the name(s) of the individual(s) who will be attending the inspection in writing to the Producing Party consistent with Section 7.4 of the Protective Order. All authorized persons inspecting the Source Code Computer shall, on each day they view the Source Code Computer, sign a log that will include the names of persons who enter the secured room to view the Source Code Computer and the time when they enter and depart. Proper identification of all authorized persons shall be provided by the

United States District Court
Northern District of California

Receiving Party prior to any access to the secure inspection room or the secured Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification;

(d) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer. The Receiving Party's personnel are prohibited from bringing outside electronic devices, including but not limited to phones, computers, recording devices, flash drives, cameras, or other hardware into the room with the Source Code Computer. The hosting facility for the Producing Party shall provide a secure location to store personal electronic devices;

(e) The Receiving Party shall be entitled to take handwritten notes relating to the Source Code Materials but may not copy the Source Code Materials into such notes. Any such notes shall not include copies or reproductions of portions of the Source Code Material; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. The Producing Party shall not review the substance of the notes at any time. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(f) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any inspection to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material;

(g) Unless otherwise agreed in advance by the Parties in writing, following each

day on which inspection is done under this protocol, the Receiving Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secure inspection room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Nothing in the foregoing prohibits the Receiving Party from designating items left in the room as privileged under paragraph 13 of the Protective Order;

(h) The Producing Party shall reasonably attempt to provide telephone and internet access in a room separate from the room housing the Source Code Computer chosen by the Producing Party that is within close proximity to the secure source code review room. A reviewer shall be permitted to access the internet and use a personal cell phone in that room;

(i) The Producing Party shall load its Source Code Material in a text-searchable file format, as it is kept in the ordinary course of business, on the Source Code Computer. The Receiving Party may request that the Producing Party install licensed software, including ordinary offline tools for code search, indexing, file comparison, dependency review, and navigation, on the Source Code Computer that is reasonably necessary to assist with review of the Producing Party's Source Code Material. The Receiving Party shall submit a written list of requested tools to the Producing Party, identifying each tool by name and version and providing only such information as is reasonably necessary to permit the Producing Party to assess technical compatibility, security, and licensing requirements. Such request shall be subject to the approval of the Producing Party, which shall not be unreasonably withheld. To allow the Producing Party reasonable time to prepare the Source Code Computer, the Receiving Party must provide the Producing Party the computer medium (e.g., CD, DVD, USB drive, or FTP) containing the requested software tools and required licenses at least ten (10) business days in advance of the inspection. The Producing Party will install and confirm installation of said software on the Source Code Computer prior to the inspection. = Review shall proceed by static inspection in the first instance. The Source Code Computer shall not be configured to compile or execute any Source

6

United States District Court
Northern District of California

Code Material, and the Receiving Party shall not attempt to compile or execute any Source Code Material on the Source Code Computer absent a separate written agreement of the Parties or order of the Court. No large language model, generative AI tool, or similar software shall be installed on or accessible from the Source Code Computer. The Source Code Computer shall not be connected to, or provide access to, any production system, database, data warehouse, customer data, customer instance, or application programming interface of the Producing Party. Nothing in this Order shall preclude the Receiving Party from later requesting limited compilation, execution, or other dynamic review of specific Source Code Material upon a showing that static review is inadequate for a specific issue. Any such request shall be narrowly tailored and must identify the specific Source Code Material, the proposed form of dynamic review, the proposed inputs and outputs, the proposed environment, the persons who would participate, the proposed duration, and accompanied by proposed safeguards. Thereafter, counsel and a technical expert from each side shall meet and confer in good faith regarding the request and proposed safeguards. If the Parties are unable to reach agreement, they may bring the issue to the Court's attention in accordance with the Court's procedures. Nothing in this paragraph constitutes agreement that any dynamic review, code execution, API access, database access, system-level observation, or functional testing is technically feasible, appropriate, proportional, or required, and all Parties reserve their rights to seek or oppose any such request.

(j) Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to five (5) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 7.3(b) of the Protective Order;

---

[1] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's support personnel within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that each outside person has signed the Non-Disclosure Agreement and been disclosed under the terms of the Protective Order.

United States District Court
Northern District of California

(k) A Receiving Party may include Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Document"), provided that the Source Code Documents are also designated "HIGHLY CONFIDENTIAL – SOURCE CODE", restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. The Receiving Party shall only include such excerpts or portions of Protected Material as reasonably necessary for the purposes for which such Protected Material is used. To the extent Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted or attached as exhibit(s) in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE", or (2) those pages containing quoted Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(l) Except as set forth in paragraph 2(r) below, no electronic copies of printouts of Source Code Material (as described in paragraph 2(m)) shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used;

(m) The Receiving Party shall be permitted to request a reasonable number of printouts of Source Code Material. Requested excerpts shall be reasonably tailored to the needs of the case. The Receiving Party will use reasonable efforts to limit requests to targeted portions of Source Code Material, but may request contiguous lines only where reasonably necessary to demonstrate functionality, show the relationship among code segments, or permit fair and accurate expert analysis. The Receiving Party shall not request printouts for the purpose of circumventing review on the Source Code Computer. The Receiving Party shall not request entire files, modules,

repositories, or other bulk printouts absent a particularized showing of reasonable necessity. The Receiving Party may initially request up to 50 pages of Source Code Material per Producing Party. The Receiving Party may in good faith request additional printouts upon a showing of reasonable need, and the Parties shall meet and confer in good faith regarding any such request. All printouts shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the reasonableness, scope, or volume of any requested printouts pursuant to the dispute-resolution procedure in Section 6 of the Protective Order. The Producing Party shall not unreasonably withhold printouts that are reasonably necessary for the purposes identified above.

The Receiving Party shall maintain a log of all such files that are printed and of any individual who has inspected any portion of the Source Code Material in electronic or paper form. All printouts shall be given to the Producing Party for inspection by placing the files requested to be printed in a folder designated for such printouts on the Source Code Computer and identifying the files by file path, file name, and line numbers, and will notify the Producing Party of a request to print those pages. Within five (5) business days of such request, the Producing Party shall provide five (5) bates-stamped paper copies of such unobjected pages to the receiving party. A Receiving Party may in good faith request additional printouts. The Parties agree to meet and confer in good faith regarding any dispute as to the reasonableness of requested printouts before seeking relief from the Court.

(n) The Producing Party may challenge the amount of requested Source Code Material printouts pursuant to the dispute resolution procedure and timeframes set out in Section 6 of the Protective Order;

(o) Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated as "HIGHLY CONFIDENTIAL -

9

SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts as outlined in 2(k);

(p) Should such printouts be transferred back to electronic media as permitted in paragraphs 2(l) and 2(r), such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(q) If the Receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport (e.g., a hotel prior to a Court proceeding or deposition), provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(r) Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may be transported by the Receiving Party only at the direction of a person authorized under paragraph 2(j) above to another person authorized under paragraph 2(j) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, flash memory "stick," or external hard drive) via hand carry, Federal Express or other similarly reliable courier. Source Code Material, and printouts or excerpts thereof, may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Printouts of Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 2(q) above and is at all times subject to the transport and labeling restrictions set forth herein. But, for those purposes only, printouts of the Source Code Materials may be loaded onto a non-networked, stand-alone computer; and

(s) All copies of any Protected Material designated "HIGHLY CONFIDENTIAL –

10

SOURCE CODE" in whatever form shall be securely destroyed if they are no longer reasonably necessary in this Action (e.g., extra copies at the conclusion of deposition). Copies of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(t) Within fourteen (14) business days after the conclusion of the Receiving Party's initial source code inspection, the Receiving Party's expert(s) shall provide a written certification to the Producing Party identifying: (A) the Source Code Material reviewed (by directory, module, or file path); (B) the software tools used during the inspection; and (C) the total hours spent reviewing. Such certification shall be designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall not constitute a waiver of any privilege or work-product protection. The certification is limited to the foregoing categories and shall not require disclosure of any expert opinions, mental impressions, analyses, or conclusions;

(u) In the event that any Party or person subject to this Order discovers or has reason to believe that Source Code Material has been disclosed, accessed, copied, transmitted, retained, or used in a manner not authorized by this Order, that Party shall: (A) promptly notify the Producing Party in writing, and in no event later than forty-eight hours after discovery of the suspected breach; (B) take reasonable steps to retrieve, quarantine, or prevent further unauthorized disclosure or use of any improperly disclosed or retained material; and (C) cooperate in good faith in any investigation and/or remediation of the suspected breach.

(v) All persons who access Source Code Material pursuant to this Order consent to the Court's exercise of its full authority to impose sanctions for any material, intentional violation of this Order. Nothing in this paragraph predetermines the availability of any particular sanction or remedy, and all Parties reserve their rights to seek or oppose any relief relating to an alleged material, intentional violation;

(w) Nothing in this Source Code Order shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Source Code

United States District Court
Northern District of California

United States District Court
Northern District of California

Order shall control for any Source Code Material made available for inspection.

(x) This Order governs the inspection of Source Code Material only. It does not address, limit, or expand any Party's rights or obligations with respect to other categories of discovery, including but not limited to requests for data, datasets, applicant-level information, or any form of functional testing or code execution. Any request for functional testing, code execution, or system-level observation beyond what is provided for in this Order shall be addressed through a separately agreed-upon protocol or by motion to the Court, and nothing in this Order shall be deemed to constitute a waiver of any Party's right to seek, or to oppose, any such request.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 15, 2026

JULIE A. TOTTEN
ERIN M. CONNELL
KAYLA D. GRUNDY
ALEXANDRIA R. ELLIOT
Orrick, Herrington & Sutcliffe LLP

By: _Julie Totten_
JULIE A. TOTTEN
Attorneys for Defendant
WORKDAY, INC.

Dated: June 15, 2026

LEE D. WINSTON
RODERICK T. COOKS
Winston Cooks LLC

By: _/s/ Lee Winston_
LEE D. WINSTON
Attorneys for Plaintiff Derek L. Mobley

12

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER
LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

I hereby attest that the concurrence in the filing of this document has been obtained from Lee D. Winston, Attorney for Plaintiff Derek L. Mobley.

Dated: June 15, 2026

_____
*Julie Totten*
JULIE A. TOTTEN

13

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____June 19, 2026_____   _____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California