UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>    Defendant. | Case No.  23-cv-00770-RFL<br><br><br>**ORDER DENYING MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)**<br><br>Re: Dkt. No. 286 |

Defendant Workday, Inc. seeks certification of an interlocutory appeal of the Court's order holding that 29 U.S.C. § 623(a)(2) of the Age Discrimination in Employment Act ("ADEA") authorizes disparate impact claims brought by job applicants.  (Dkt. No. 286 ("Motion").)  Plaintiffs oppose the motion.  (Dkt. No. 307.)  Having considered the parties' arguments, the Motion is **DENIED**.

A court may certify an appeal of an interlocutory order only it finds that three factors are present: (1) That the "order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

The first two Section 1292(b) factors are met.  Whether or not disparate impact claims may be brought by job applicants under Section 623(a)(2) is a question of law on which there is substantial ground for difference of opinion.  *Compare Kleber v. CareFusion Corp.*, 914 F.3d 480 (7th Cir. 2019) (en banc), *with Rabin v. PricewaterhouseCoopers LLP*, 236 F. Supp. 3d

1

1126 (N.D. Cal. 2017).  However, at this stage of the litigation, it no longer appears that an immediate appeal would materially advance the ultimate termination of the litigation.

The applicability of Section 623(a)(2) to job applicants asserting disparate impact claims was first raised by Workday two years ago, at a hearing on Workday's motion to dismiss.  (Dkt. No. 76 at 29–31.)[1]  Although the argument was waived, the Court reached the merits in its order and found that job applicants can bring disparate impact claims under Section 623(a)(2).  *Mobley v. Workday, Inc.*, 740 F. Supp. 3d 796, 811 n.4 (N.D. Cal. 2024).  The case then proceeded through provisional certification of the ADEA collective, the development of a notice plan for the ADEA collective—in a process that required expenditure of significant party and judicial resources—and public notice that resulted in thousands of opt-ins to the provisionally certified ADEA collective.  Discovery as to the ADEA claims has been ongoing during this entire time, and Workday's decertification motion is due in less than a month.

At this late stage of the case, it no longer appears likely that an immediate appeal would advance the ball for the parties.  This is especially true given that litigation will continue as to materially similar claims brought under the California Fair Employment and Housing Act for the reasons explained in the order on Workday's Motion to Dismiss and to Strike the Third Amended Complaint.  (Dkt. No. 360.)  And, if the appeal were to affirm the existing ruling, the termination of the litigation would be delayed.  In either event, the Ninth Circuit could be burdened with a second appeal when the case concludes.  Adding to the probable judicial inefficiency of Workday's request is the fact that Plaintiffs have since amended their complaint. The Ninth Circuit has expressed disapproval for the certification of a motion to dismiss order when the plaintiff has subsequently amended the operative pleadings.  *See Ocean S. v. County of Los Angeles*, 2026 WL 1362108, *2 n.2 (9th Cir. Jan. 8, 2024) (stating that "presenting us with arguments focused on a complaint that had been superseded in the district court by a later amended complaint introduced substantial inefficiency on appeal and has likely delayed the

---

[1] Citations to page numbers refer to ECF pagination.

entire proceeding" and "should be avoided").

Therefore, although receiving further clarity on this issue could benefit the parties and the public, that clarity is best pursued through a post-judgment appeal.  The Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 2, 2026

RITA F. LIN
United States District Judge