Lee D. Winston, *Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks, *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan, *Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER
LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Attorneys for the Plaintiffs and Proposed Class and Collective Members*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEREK L. MOBLEY; FAITHLINH ROWE; JILL E. HUGHES; AND SHEILAH JOHNSON-ROCHA,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WORKDAY, INC.**<br><br>Defendant. | **Case No. 3:23-cv-00770-RFL-LB**<br><br>**DECLARATION OF MEREDITH L. BURRELL IN SUPPORT OF MOTION TO CHANGE TIME PURSUANT TO CIVIL L.R. 6-1 AND 6-3(a) TO EXTEND CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION SCHEDULE**<br><br>Courtroom: 15, 18th Floor<br><br>Judge: Hon. Rita F. Lin<br><br>Third Amended Complaint Filed: March 27, 2026 |

I, Meredith L. Burrell declare and state as follows:

1.    I am an attorney at Wiggins, Childs, Pantazis, Fisher, & Goldfarb (WCPFG), and I am one of the attorneys of record for Plaintiffs in this matter. I am duly admitted to practice before this Court *pro hac vice* in this case. I make this declaration based on my own personal knowledge in support of Plaintiffs' Reply in Support of Motion to Change Time Pursuant to Civil L.R. 6 and 6-3(a). If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

**Discovery Prior to 2026**

2.    Plaintiffs' records indicate that they received the following document productions from Workday:

| Production Volume | Service Date | Document Count | Page Count | Cumulative Page Count |
|---|---|---|---|---|
| 1 | 12/23/2024 | 42 | 2,931 | 2,931 |
| 2 | 1/10/2025 | 102 | 790 | 3,721 |
| 3 | 2/28/2025 | 26 | 162 | 3,883 |
| 4 | 4/25/2025 | 74 | 396 | 4,279 |
| 5 | 5/9/2025 | 424 | 424 | 4,703 |
| 6 | 10/7/2025 | 1 | 9 | 4,712 |
| 7 | 10/15/2025 | 1 | 1 | 4,713 |
| 8 | 10/29/2025 | 179 | 2,007 | 6,720 |
| 9 | 11/28/2025 | 136 | 2,409 | 9,129 |
| 10 | 12/15/2025 | 102 | 1,103 | 10,232 |
| 11 | 2/3/2026 | 7 | 18 | 10,250 |
| 12 | 3/10/2026 | 15 | 15 | 10,265 |
| 13 | 4/15/2026 | 15 | 15 | 10,280 |
| 14 | 5/28/2026 | 10 | 10 | 10,290 |

BURRELL DECL. ISO REPLY ISO MOT. TO CHANGE TIME FOR CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION BRIEFING CASE NO. 3:23-CV-00770-RFL-LB

1

| 15 | 6/10/2026 | 7 | 149 | 10,439 |
| 16 | 6/29/2026 | 3 | 75 | 10,514 |

3.     Based on Plaintiffs' term search of Workday's document production for the terms "HiredScore," "Spotlight," and "Fetch," Workday began producing documents regarding HiredScore and its Spotlight and Fetch products in production Volume 8 on October 29, 2025, and the bulk of documents relevant to those products were produced in Volumes 9 and 10 in November and December of 2025. These documents are significant to Plaintiffs' class certification briefing.

**Bias Audit Data and Applicant Flow Data**

4.     During the June 18 deposition of Veena Calambur, a true and accurate excerpt of which is attached as Exhibit A, Workday instructed Calambur not to answer questions about the bias audits that Workday later produced to Plaintiffs on June 29.  In addition to the instructions not to answer cited in the Declaration of Robert Wiggins, ECF No.374 ("Wiggins Decl."), ¶ 37, Workday also gave additional privilege-based instructions not to answer. *See* Ex. A, Calambur Dep. At 40:3-44:10.

5.     At the 30(b)(6) deposition of Workday on July 2, 2026, a true and accurate excerpt of which is attached as Exhibit B, Workday's designee Dr. Kelly Trindel testified that ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████ Ex. B, Trindel 30(b)(6) Dep. at 142:7-15; *see also id.* at 6 (Index of Exhibits identifying Exhibits 3, 4, and 5). *See also* 30(b)(6) Dep. of David Wachtel, a true and accurate excerpt of which is attached as Exhibit C, at 277:7-279:22. (███████████████████████ ███████████████████████████).

6.     Trindel's testimony also addressed availability of Workday's internal bias evaluation reports to Workday customers. Specifically, Trindel testified that ███████████

BURRELL DECL. ISO REPLY ISO MOT. TO CHANGE TIME FOR CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION BRIEFING CASE NO. 3:23-CV-00770-RFL-LB

2

████████████████████████████████████████████████████████

████████    *See* Ex. B at 48:11-50:3. The earliest report was available as of April 2025. *See* Wiggins Decl., ¶ 35 and Ex. K thereto.

7.    Contrary to Workday's assertions, it did not present a 30(b)(6) designee who was prepared to testify about the results of these internal bias audit evaluations. Dr. Trindel was Workday's designee for this topic. During the deposition, Dr. Trindel testified that ████████ ████████████████████████████████████████, Ex. B, Trindel 30(b)(6) Dep. at 93:18-20, ████████████████████, *id.* 79:12-15. Moreover, to prepare to serve as Workday's designee on this topic, Dr. Trindel ████████████████████████ ████████████████████████████████████████, *id.* at 86:6-93:20, despite Workday being on notice for more than one month before her deposition. Rather, Dr. Trindel's only preparation involved ████████████████████████ ████████████████████████████████████████████ ████████████████ *Id.* at 21:24-22:6, 23:8-16, 86:9-93:20. As a result, Dr. Trindel repeatedly testified that she was not familiar with ████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ *id.* at 139:20-23, 144:9-13; ████████████████████████████████████, *id.* at 144:16-145:9; ████████████████████████████████ ████████████, *id.* at 145:10-20.

8.    Even if Dr. Trindel had been prepared to testify fully regarding the audits, the production of the bias evaluation documents two days before the 30(b)(6) deposition was not sufficient to permit adequate preparation by Plaintiffs to conduct examination regarding the substance of methodologies, analyses, and conclusions in the reports, including through consultation with its experts regarding the analyses prepared collectively by several Workday data scientists.

BURRELL DECL. ISO REPLY ISO MOT. TO CHANGE TIME FOR CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION BRIEFING CASE NO. 3:23-CV-00770-RFL-LB

3

9. On three occasions in advance of the 30(b)(6) depositions, and in response to Workday's stated concerns regarding preparing witnesses on all of Plaintiffs' topics, Plaintiffs offered to narrow the topics for the designees appearing before the class certification deadline and address other topics later. Workday did not engage with that request. *See* Ex. D at 1 (6/15/26 Kish email at 1:06 pm stating "We of course remain willing to work with you on the date and topics so that the witnesses are fully prepared."); 2-3 (6/11/26 Kisch email at 10:58 am stating that Plaintiffs remain willing to narrow the topics for the upcoming 30(b)(6) designees; 6/9/26 Kisch email at 2:28 p.m. stating that "if there are any issues . . . preparing a witness on all topics by [the noticed date], we can narrow the topics and then at a later date address other topics). Instead of working with Plaintiffs, Workday objected that it would only present witnesses to testify "generally" about many of the topics in Plaintiffs' notice. *See* Ex. E at 2 (discussing Workday's objection that that it will present witnesses to provide "general testimony" about the topics).

10. Even after producing the three bias audit evaluations at issue, Workday maintained that it could properly have continued to withhold them based on the wording of its discovery responses. *See* Wiggins Decl., ¶ 39 and Ex B thereto. To date, Workday has not responded to Plaintiffs' July 1 inquiry requesting information about whether, notwithstanding Judge Beeler's order (ECF No. 280) , Workday is withholding other non-privileged bias audit documents on the ground that it already produced documents "sufficient to show" how bias audit evaluations are conducted. Wiggins Decl., Ex. B (7/1/26 Burrell email at 10:35 pm).

**Third Party Discovery**

11. Workday asserts that it is not aware of any customers who indicated in response to Plaintiffs' subpoenas that the information should be sought from Workday, but Plaintiffs submitted a declaration on this topic at ECF No. 321-8 that identifies some of the customers who made this assertion. That declaration was cited in support of Plaintiffs' Motion. *See* Wiggins Decl., ¶¶ 47-48.

12. More recently, Plaintiffs received objections to their third-party subpoena to Workday customer Moody's Corporation, a true and accurate copy of which is attached as Exhibit F. Moody's objected to Plaintiffs' request for applicant flow data on the ground that it "seeks

BURRELL DECL. ISO REPLY ISO MOT. TO CHANGE TIME FOR CLASS CERTIFICATION AND COLLECTIVE DECERTIFICATION BRIEFING CASE NO. 3:23-CV-00770-RFL-LB

4

documents that are equally available from Defendant Workday, Inc. or from another party to the litigation." Ex. F at Objection p. 7 (text highlighted for ease of reference). Plaintiffs are awaiting other subpoena responses.

Executed this 10th day of July, 2025, Washington, D.C.

/s/ Meredith L. Burrell

Meredith L. Burrell

.