United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br>Plaintiffs,<br>v.<br>WORKDAY, INC.,<br>Defendant. | Case No. 23-cv-00770-RFL (LB)<br>**DISCOVERY ORDER**<br>Re: ECF No. 366 |

The plaintiffs moved the district judge for relief from the court's order denying their motion to compel production of Workday's customers' data, contending that the court's analysis focused solely on whether Workday controlled the data and not whether it had actual possession.[1] The district judge vacated the portion of the court's order denying production of the data and remanded for a decision on the possession issue, determining that while possession was not "the focus of the parties' argument[s]," the plaintiffs had not waived the issue and the court had not directly addressed it.[2] The district judge stated that the parties "shall not file any additional briefing or evidence unless instructed to do so" by this court.[3] The plaintiffs moved for leave to supplement

[1] Mot. – ECF No. 351. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 366.

[3] *Id.*

the record with Workday bias-evaluation reports and deposition testimony by a Workday data scientist.[4] Workday opposed.[5]

The plaintiffs argued in their motion for relief from the court's order that Workday has possession of its customers' data because (1) Workday "ingests and actively analyses the data" on its servers, (2) the Master Subscription Agreement and Innovation Services Addendum grant Workday certain licensing rights to incorporate customer data into its services, (3) Workday has provided "self-authorized production of such applicant data to at least four external third-party entities in the last three years," and (4) Workday has admitted that "through aggregated transactional data, [it] can identify whether CSM scores have been generated in a customer's tenant."[6] Workday responded that the plaintiffs have not established Workday's possessing its' customers' data where (1) the data is owned by the customers and lives on "password-protected customer tenants that Workday is contractually prohibited from freely accessing," (2) it would be inconsistent for a court to hold that an entity that does not control data possesses it, and (3) the Stored Communications Act prohibits Workday from producing customer data.[7]

Having considered the parties' arguments in the original motion to compel and the motion for relief from the court's order, the court determines that the plaintiffs have not met their burden of showing that Workday has actual possession of its customers' data where it resides on segregated, password-protected customer tenants that Workday is contractually prohibited from freely accessing.

The Federal Rules of Civil Procedure require a party served with a subpoena for records to produce those records that are in its "possession, custody or control." Fed. R. Civ. P. 45(a). "Regarding 'possession' of a document, courts typically refer to a party's 'actual possession' or 'physical possession' (or even 'actual physical possession')." *Nugent v. Secretlab US, Inc.*,

---

[4] Admin. Mot. – ECF No. 370.

[5] Opp'n – ECF No. 371.

[6] Mot. – ECF No. 351 at 7–9; *see* Mot. – ECF No. 310 at 22–27 (making similar arguments); Reply – ECF No. 321 at 13–14 (same).

[7] Opp'n – ECF No. 363 at 3–4, 6.

No. 22-cv-08944-RFL (PHK), 2024 WL 4331812, at *4 (N.D. Cal. Sep. 27, 2024) (cleaned up). "It has been noted that the rule is broadly construed to encompass both actual and constructive possession." *Id.* (cleaned up). Further, "[a] party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative." *Stone v. Vasquez*, No. 1:05-CV-1377-JAT, 2009 WL 2581338, at *1 (E.D. Cal. Aug. 20, 2009).

The plaintiffs point to examples of what they contend shows Workday's possessing its customers' data, but they have not cited case law determining that a party possesses data stored on its servers when technical barriers prevent full access. The one case the plaintiffs do cite (*Nugent*) in arguing for possession is not only distinguishable but supports the opposite conclusion.

The plaintiff in *Nugent* moved to compel Secretlab US to produce documents owned by its parent company, Secretlab SG. The court noted that there were no separate procedures or credentials required for Secretlab US personnel to access any Secretlab SG documents on their server, making it so that "any employee or representative of Secretlab US [could] access the full range of documents of Secretlab SG at any given time without encountering any restrictions." *Id.* at *7. In finding that Secretlab US possessed its parent company's files, the court reasoned that "[t]he absence of individualized login credentials or compartmentalized access reinforces the conclusion that Secretlab US has actual possession and custody of the documents stored on the shared server of Secretlab SG." *Id.* The court rejected Secretlab US's argument that it should not be found to have possession of Secretlab SG's documents because of the "separation of roles . . . delineated in the Distribution agreement" because "nothing in that Agreement imposes limitations on the way the Secretlab SG computer files are stored in the cloud and imposes no technological restrictions on" access by Secretlab US. *Id.* at *8.

The circumstances in *Nugent* look nothing like the arrangement between Workday and its customers: Workday's customers are not wholly owned subsidiaries of Workday, and Workday does not have open access to customer data, which is segregated and password protected. The plaintiffs cite no case where similar facts resulted in a court's finding actual possession, and the

reasoning from *Nugent* suggests that the technical barriers between Workday and its customers' data cuts against a finding of possession.

Thus, the plaintiffs have not met their burden of establishing possession by Workday of its customers' data, and the court denies the plaintiff's motion because Workday does not have actual possession, custody, or control of its customers' data. The documents and deposition testimony that the plaintiffs moved to submit would not change the result. The court denies the motion.

**IT IS SO ORDERED.**

Dated: July 12, 2026

LAUREL BEELER
United States Magistrate Judge