Lee D. Winston, *Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks, *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan, *Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876


**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER
LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Attorneys for the Plaintiffs and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEREK L. MOBLEY; FAITHLINH ROWE; JILL E. HUGHES; AND SHEILAH JOHNSON-ROCHA,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WORKDAY, INC.**<br><br>Defendant. | **Case No. 3:23-cv-00770-RFL-LB**<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 368)**<br><br>Courtroom: 15, 18th Floor<br><br>Judge: Hon. Rita F. Lin<br><br>Fourth Amended Complaint Filed: July 10, 2026 |

## I.   INTRODUCTION AND RELIEF SOUGHT

Pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil Local Rule 72-2, Plaintiffs seek relief from the Magistrate Judge's June 27, 2026, Discovery Order (ECF No. 368) ("Order 368"), entered on June 29, 2026, to the extent it compels the more than 15,000 opt-in plaintiffs to respond to Workday's Interrogatory No. 2 and Request for Production No. 1. The Order is erroneous and contrary to law because it (1) is inconsistent with decisions regarding discovery in collective ADEA actions and nullifies the 425-person representative sample the court established after Plaintiffs sought a protective order; (2) erroneously premised on an asserted concession by Plaintiffs; (3) is inconsistent with Rules 33 and 34 of the Federal Rules of Civil Procedure; (4) requires opt-in plaintiffs to answer discovery whose defining predicate — which employers "used Workday's or HiredScore's software" — is information Workday has withheld from those very individuals on an attorneys'-eyes-only basis. Plaintiffs respectfully request that the Court set aside Order 368 in part and limit individualized discovery of opt-in plaintiffs to the 425-person random sample to which the parties have agreed in principle, or, in the alternative, order the informal questionnaire process Plaintiffs proposed. *See* ECF No. 344-7 at 8.

### Statement of The Case and Course of Proceedings

In March 2026, the Plaintiffs moved for a protective order limiting individualized discovery of the conditionally certified opt-in plaintiffs to a representative sample of the over 15,000 respondents to the Court's notice of opt-in rights. ECF No. 292. In addressing the dispute, the Magistrate Judge's resulting Order found that the court "cannot tell whether some of the information is available from opt-in forms or Workday's own records" and did not "understand why names and ages, for example, can't be cross referenced with Workday's or other records to obtain applications and resumes uploaded. At least conceptually, the discovery seems attainable without undue burden." Order, ECF No. 296 at 2. The Court also determined that "[a] total of 425 seems reasonable for pre-certification discovery." ECF No. 296 at 3.

On May 15, 2026, Plaintiffs timely served objections to: (1) Workday's Request for Production No. 1, seeking all resumes submitted by each of the over 15,000 opt-in plaintiffs to employers who used Workday's or HiredScore's AI software since August 2020, and (2) Special

Interrogatory No. 2, seeking all jobs applied for with employers who used Workday's or HiredScore's AI software since August 2020, including the name of the employer, the name of the job, and the date of application. ECF Nos. 344-4, 344-5 (Plf. Obj. to RFP & Interrogs).

After extensive discussions between the parties during which Plaintiffs diligently tried to reach consensus or narrow the issues requiring the Court's intervention, Workday filed the current motion to compel on June 1, 2026. The Court found that Workday's counsel had taken the position at the parties' meet-and-confer that Workday "did not have possession, custody, or control of this data (which belonged to its customers) and that '[t]he opt-in plaintiffs are the only parties in possession of the information necessary to determine whether they preliminarily meet the collective definition." ECF No. 368 at 3 (citing ECF No. 344-2 at 4).[1] The Court dismissed authority limiting individual discovery prior to decertification in ADEA collective actions on the ground that such cases do not "forbid" mass individualized discovery, and implied that Plaintiffs' conceded that mass discovery is appropriate by answering an interrogatory not at issue in the briefing. *See id.* at 5-6. The Court acknowledged: "To the extent that the opt-in plaintiffs' not knowing which employers used Workday's or HiredScore's software contributes to burden, the opt-in plaintiffs cannot be compelled to provide information they do not have." Order, ECF No. 368 (citing Plf. Opp., ECF No. 355 at 3).

## II.    STANDARD OF REVIEW

A district judge must set aside a magistrate judge's nondispositive order, or any part of it, that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when, on the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Grimes v. City & County of San*

---

[1] Workday's possession of and ability to access applicant data at the customer level is the subject of a separate motion on which the Magistrate Judge issued an order on July 13, 2026 (ECF No. 394). Plaintiffs are evaluating that order and anticipate seeking further review to fully address the record evidence regarding Workday's possession of the data within the meaning of Federal Rule of Civil Procedure 34. Plaintiffs note here that Order 368 credited the notion that Workday does not have access to the information based only on counsel's representations rather than record evidence.

*Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). The "contrary to law" standard permits independent review of the magistrate judge's legal conclusions. Both prongs are met here.

## III.    ARGUMENT

### A.    The Order Is Erroneous Because It Nullifies the 425-Person Sampling Framework and Is Contrary to Law

ECF No. 296 determined that "[a] total of 425 seems reasonable for pre-certification discovery." ECF No. 296 at 3. The parties thereafter agreed in principle to a random sample of 425 additional opt-in plaintiffs. ECF No. 355-1 at 5 (¶ 11); ECF No. 368 at 3. Order 368 renders that framework meaningless: if Workday may take substantive written discovery — employment applications and every version of every resume submitted over nearly six years — from all 15,000-plus opt-in plaintiffs, the sample limits nothing. Representative sampling is the established mechanism for managing collective-action discovery precisely because mass individualized discovery "creates burden out of proportion to its likely benefit." *Greist v. LendUS, LLC*, No. 24-cv-02411-AMO (LB), 2026 WL 242226, at *1 (N.D. Cal. Jan. 29, 2026); *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587-RLH-PAL, 2008 WL 2457912, at *2 (D. Nev. June 16, 2008); *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006). At this stage, Workday is not entitled to individual discovery from every opt-in, even if limited in scope, to make "a preliminary assessment of whether each . . . might satisfy the collective definition." ECF No. 355 at 3. This notion conflates the process of collective decertification, which can properly be based on a sample, with the entirely separate concept of individual eligibility if decertification is denied. Workday is entitled to discovery that will afford it a "reasonable opportunity" to identify bases for decertification. *Greist,* 2026 U.S. Dist. LEXIS 17734 at *5 (explaining that determining the appropriate scope of discovery at this stage requires a balancing that does not undermine the purpose of the collective but affords the defendant a "reasonable opportunity" to identify defenses and bases for decertification).

Order 368 dismissed Plaintiffs' authorities as not "forbid[ding]" individualized discovery, ECF No. 368 at 6, but some of the cases in fact denied a defendant's request for discovery of all opt-in plaintiffs in collective actions. *See, e.g. Cranney,* 2008 U.S. Dist. LEXIS 113606, *15 (D.

Nev. June 16, 2008) (denying defendant's demand for individual discovery of 206 opt-in plaintiffs and agreeing with "the rationale of the courts which have imposed reasonable limitations on individualized discovery"); *Smith,* 236 F.R.D. at 357 (same and denying request for discovery of 1,500 individual opt-in plaintiffs). Further, the discussion of cases that permitted individual discovery did not involve anything close to the scale of opt-in plaintiffs at issue here. *See id.* at 13-14 (discussing cases where individual discovery was permitted for collectives ranging in size from 49 plaintiffs to 306 plaintiffs). This Court has inherent authority to manage discovery and determine burden and proportionality based on the phase of the case, and the burden inherent in the discovery of information at this scale, prior to denial of decertification, is unjustified.

**B.    Order Erroneously Treats Plaintiffs' Voluntary Productions and Proposal for Informal Compliance as Determinative of Proper Scope**

The only other analysis supporting Order 368 is that Plaintiffs undercut their own arguments regarding burden and proportionality by providing some discovery about each Opt-In. Specifically, Order 368 concludes that by providing a response to Special Interrogatory 1, Plaintiffs have somehow conceded that broader individual discovery is appropriate. *See* ECF No. 368 at 5-6. But Special Interrogatory 1 was not part of the dispute before the Court, so the Court reached its conclusion without any regard for the difference in burden and proportionality at this stage between that request – which was answerable based on information collected on the opt-in forms themselves--and the disputed questions which require additional inquiry to 15,000 individuals. *See* ECF 344-5 at 8 (seeking name, date of birth, and city and state of residence for each opt-in plaintiff). Additionally, this demonstrates that Plaintiffs did not, as Order 368 suggests, ignore that ECF 296 contemplated some discovery of all opt-in plaintiffs.

**C.    The Order Is Contrary to Law Because Rules 33 and 34 Do Not Authorize Omnibus Service on 15,000 Individuals**

Rules 33 and 34 authorize service of interrogatories and document requests "on any other party," and the answering obligation runs to "the party to whom the request is directed." Fed. R. Civ. P. 33(a)(1), (b)(1)(A); Fed. R. Civ. P. 34(a), (b)(2)(A). In a collective ADEA action, every person who opts in to the collective is individually a party. *See Campbell v. city of Los Angeles,*

90 F.3d 1090, 1104 (9th Cir. 2018). Workday cited no authority — and Order 368 identified none — permitting a single omnibus set of discovery requests directed to "All Opt-In Plaintiffs" as a collective body. Nor have Plaintiffs been able to identify any such authority. The discovery is improper in form, which is one reason Plaintiffs proposed to seek the information Workday requested and provide it through means other than formal discovery responses. *See* Declaration of Meredith Burrell (ECF No. 355-1), ¶¶ 12013; ECF No. 344-7 at 8.

**D.**    **Order 368 Is Internally Inconsistent and Compels Answers the Opt-In Plaintiffs Cannot Give**

Order 368 itself acknowledges that "the opt-in plaintiffs cannot be compelled to provide information they do not have." ECF No. 368 at 6. Yet Special Interrogatory No. 2 and RFP No. 1 are defined entirely by that unknowable predicate: they demand identification of applications to, and resumes submitted to, employers that "used Workday's or HiredScore's software" since August 2020. ECF No. 368 at 3. Which employers licensed Workday's or HiredScore's tools is information within Workday's exclusive knowledge, produced in this litigation only on a strict attorneys'-eyes-only basis from which the opt-in plaintiffs themselves are excluded. ECF No. 344-5 at 10. The Order thus simultaneously compels responses and concedes that the responding individuals lack the information that defines the responses. Compelling 15,000-plus individuals to answer discovery whose scope they are contractually and by protective order forbidden to know is clear error, and the resulting responses can serve no purpose other than to manufacture purported deficiencies for decertification briefing.

**IV.    CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court set aside Order 368 to the extent it compels responses to Workday's Special Interrogatory No. 2 and Request for Production No. 1 from all opt-in plaintiffs, and order that individualized discovery of the opt-in plaintiffs proceed through the 425-person random sample contemplated by ECF No. 296, or, in the alternative, through the informal questionnaire process Plaintiffs proposed, ECF No. 344-7 at 8, with responsive information provided to Workday on a rolling basis.

Dated: July 13, 2026

Respectfully submitted,

/s/ Meredith L. Burrell
Meredith L. Burrell *(admitted pro hac vice)*

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (ASB: 1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North, Suite 2200
Birmingham, Alabama 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

**LOCAL COUNSEL:**
Jay Greene
Greene Estate, Probate, and Elder Law Firm
447 Sutter Street, Suite 435
San Francisco, CA 94108
Phone 415-905-0215
greeneattorney@gmail.com

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing document with the United States District Court for the Northern District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF filers and that they will be served by the CM/ECF system:

Jay Patrick Greene          jay@greenelawfirm.com
Julie Ann Totten            jtotten@orrick.com, jponce@orrick.com
Erin M. Connell             econnell@orrick.com
Kayla Delgado Grundy        kgrundy@orrick.com
Alexandria R. Elliott       aelliott@orrick.com

*s/ Meredith L. Burrell*
Of Counsel