JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA DELGADO GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DEREK L. MOBLEY, JILL E. HUGHES, SHEILAH JOHNSON-ROCHA, and FAITHLINH ROWE, on behalf of themselves and all other similarly situated, | Case No. 3:23-cv-00770-RFL |
|---|---|
| Plaintiffs, | **DEFENDANT WORKDAY, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT** |
| v. | |
| WORKDAY, INC., | |
| Defendant. | |

Defendant Workday, Inc. ("Workday") hereby answers Plaintiffs Derek L. Mobley, Jill E. Hughes, Sheilah Johnson-Rocha and Faithlinh Rowe's ("Plaintiffs") Fourth Amended Class Action Complaint ("FAC") as follows:

## NATURE OF COMPLAINT

As to the paragraphs contained in the section of the FAC entitled "Nature of Complaint," Workday admits that it provides human resource management services to its customers which include medium and large organizations that span a diverse array of industries, including those referenced in the FAC. Workday admits that, by at least one calculation, customers used Workday's software to process 2.2 million job requisition transactions in May 2023, representing nearly 22% of all U.S. job openings that month. As to the remainder of the allegations in the "Nature of Complaint," Workday denies the allegations, or lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies the allegations.

## JURISDICTION AND VENUE

1. As to paragraph 1 of the FAC, Workday admits that this Court has jurisdiction over Plaintiffs' claims but denies that Workday is a covered entity under the statutes cited therein.

2. As to paragraph 2 of the FAC, Workday admits that Congress has passed anti-discrimination laws. Workday denies that these laws govern Plaintiffs' claims against it based on the allegations set forth in the FAC because Workday is not an entity to which the statutes cited in paragraph 2 apply.

3. As to paragraph 3 of the FAC, Workday admits that it maintains its principal place of business in Pleasanton, California, within the Northern District of California. Workday lacks information sufficient to form a belief about the truth of the allegation that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and on that basis, Workday denies these allegations.

4. As to paragraph 4 of the FAC, Workday admits that its headquarters is located in California. Workday denies the remaining allegations in paragraph 4.

## PARTIES

5. As to paragraph 5 of the FAC, Workday lacks information sufficient to form a belief

1

about the truth of the allegations, and on that basis, Workday denies them.

6.    As to paragraph 6 of the FAC, Workday admits that Jill Hughes filed a consent to join form in this action. Workday denies that its "automated screening tools . . . disproportionately exclude female, disabled, and over-forty applicants." Workday lacks information sufficient to form a belief about the truth of the remainder of the allegations, and on that basis, Workday denies them.

7.    As to paragraph 7 of the FAC, Workday admits that Sheilah Johnson-Rocha filed a consent to join form in this action. Workday denies that its "automated screening tools . . . disproportionately exclude African American, female, and over-forty applicants." Workday lacks information sufficient to form a belief about the truth of the remainder of the allegations, and on that basis, Workday denies them.

8.    As to paragraph 8 of the FAC, Workday admits that Plaintiff Rowe has applied to positions with Workday itself and filed a consent to join form in this action. Workday denies that its "automated screening tools . . . disproportionately exclude female and over-forty applicants." Workday lacks information sufficient to form a belief about the truth of the remainder of the allegations, and on that basis, Workday denies them.

9.    As to paragraph 9 of the FAC, Workday denies the allegations therein.

## CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII, THE ADEA AND THE ADAAA

10.    As to paragraph 10 of the FAC, Workday admits Plaintiff Mobley satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 10.

11.    As to paragraph 11 of the FAC, Workday admits that Plaintiff Hughes satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 11.

12.    As to paragraph 12 of the FAC, Workday admits that Plaintiff Hughes satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 12.

13.    As to paragraph 13 of the FAC, Workday admits that Plaintiff Johnson-Rocha

satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 13.

14. As to paragraph 14 of the FAC, Workday admits that Plaintiff Johnson-Rocha satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 14.

15. As to paragraph 15 of the FAC, Workday admits that Plaintiff Rowe satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 15.

16. As to paragraph 16 of the FAC, Workday admits that Plaintiff Rowe satisfied the administrative prerequisites to bring a disparate impact claim. Except as expressly admitted, Workday denies each and every allegation in paragraph 16.

## CLASS ACTION ALLEGATIONS

17. As to paragraph 17 of the FAC, the allegations concerning the federal rules under which Plaintiffs bring their claims, the subclasses of individuals they seek to represent, and the legal theories underlying their claims are legal conclusions to which no response is required, and on that basis, Workday denies them. Workday further denies each and every other allegation in paragraph 17.

**A. Common Questions of Law and Fact**

18. As to paragraph 18 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

19. As to paragraph 19 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**B. Typicality**

20. As to paragraph 20 of the FAC, whether Plaintiffs' claims are typical is a legal conclusion to which no response is required, and on that basis, Workday denies them. Workday otherwise denies each and every allegation in paragraph 20.

21. As to paragraph 21 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

**C. Numerosity and Impracticability of Joinder**

22. As to paragraph 22 of the FAC, whether the putative class is sufficiently numerous and whether joiner is impracticable are legal conclusions to which no response is required, and on that basis, Workday denies them. Workday otherwise denies each and every allegation in paragraph 22.

**D. Adequacy of Representation**

23. As to paragraph 23 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**E. Efficiency of Class Prosecution of Common Claims**

24. As to paragraph 24 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**F. Certification is Sought Pursuant to Fed. R. Civ. P. 23(b)(2)**

25. As to paragraph 25 of the FAC, Plaintiffs' theory of certification is a legal conclusion to which no response is required, and on that basis, Workday denies them. Workday otherwise denies each and every allegation in paragraph 25.

**G. Alternatively, Certification is Sought Pursuant to Fed. R. Civ. P. 23(b)(3)**

26. As to paragraph 26 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**H. Alternatively, Certification is Sought Pursuant to Fed. R. Civ. P. 23(c)(4) for Injunctive and Declaratory Relief**

27. As to paragraph 27 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**I. Alternatively, Certification is Sought Pursuant to Fed. R. Civ. P. 23(c)(4) for Class Wide Liability**

28. As to paragraph 28 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

**J. Punitive Damages May Alternatively be Certified Pursuant to Fed. R. Civ. P. 23(b)(2)**

29. As to paragraph 29 of the FAC, the allegations contain only legal conclusions to

which no response is required, and on that basis, Workday denies them.

**CLAIMS OF REPRESENTATIVE PLAINTIFFS**

**A. Derek Mobley**

30.    As to paragraph 30 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

31.    As to paragraph 31 of the FAC, Workday admits that its customers include Fortune 500 companies. Except as expressly admitted, Workday denies each and every allegation in paragraph 31.

32.    As to paragraph 32 of the FAC, Workday denies the characterization that it "controls" any application pathway to third-party employers. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

33.    As to paragraph 33 of the FAC, Workday deniesthe characterization that it collects, structures, and evaluates applicant data using common backend systems.

34.    As to paragraph 34 of the FAC, Workday denies that it dictates the information collected by third-party employers. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

35.    As to paragraph 35 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

36.    As to paragraph 36 of the FAC, Workday denies that it offers or administers any assessments and/or personality tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

37.    As to paragraph 37 of the FAC, Workday denies that it offers or administers any assessments or tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

38.    As to paragraph 38 of the FAC, Workday denies that it offers or administers any assessments or tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

39. As to paragraph 39 of the FAC, Workday denies that it offers or administers any assessments or tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

40. As to paragraph 40 of the FAC, Workday denies that it offers or administers any assessments or tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

41. As to paragraph 41 of the FAC, Workday denies that it offers or administers any assessments or tests. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

42. As to paragraph 42 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

43. As to paragraph 43 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

44. As to paragraph 44 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

45. As to paragraph 45 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

46. As to paragraph 46 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

47. As to paragraph 47 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

48. As to paragraph 48 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

49. As to paragraph 49 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

50. As to paragraph 50 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

51. As to paragraph 51 of the FAC, Workday lacks information sufficient to form a

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

belief about the truth of the allegations, and on that basis, Workday denies them.

52.     As to paragraph 52 of the FAC, Workday denies that there is any centralized decision-making mechanism within its platform. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

53.     As to paragraph 53 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

**B.  Jill E. Hughes**

54.     As to paragraph 54 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

55.     As to paragraph 55 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

56.     As to paragraph 56 of the FAC, Workday denies the characterization of Workday's "hiring systems" as "the primary gateway for sourcing, recruiting, and applicant screening." Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

57.     As to paragraph 57 of the FAC, Workday denies the allegations therein.

58.     As to paragraph 58 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

59.     As to paragraph 59 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

60.     As to paragraph 60 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

61.     As to paragraph 61 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

62.     As to paragraph 62 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

63.     As to paragraph 63 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

64.    As to paragraph 64 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

**C.  Sheilah Johnson-Rocha**

65.    As to paragraph 65 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

66.    As to paragraph 66 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

67.    As to paragraph 67 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

68.    As to paragraph 68 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

69.    As to paragraph 69 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

70.    As to paragraph 70 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

**D.  FaithLinh Rowe**

71.    As to paragraph 71 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

72.    As to paragraph 72 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

73.    As to paragraph 73 of the FAC, Workday admits that Plaintiff Rowe applied to positions with Workday itself. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

74.    As to paragraph 74 of the FAC, Workday admits that Plaintiff Rowe applied to positions with Workday itself. Workday denies the characterizations of its platform as "centralized" and "automated."

75.    As to paragraph 75 of the FAC, Workday admits Plaintiff Rowe was not selected for any of the positions to which she applied at Workday. Workday otherwise lacks information

- 8 -

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

76.    As to paragraph 76 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

77.    As to paragraph 77 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

78.    As to paragraph 78 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

79.    As to paragraph 79 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

80.    As to paragraph 80 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

81.    As to paragraph 81 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

82.    As to paragraph 82 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

83.    As to paragraph 83 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

84.    As to paragraph 84 of the FAC, Workday denies that its software is uniformly designed, developed, maintained, and controlled from Pleasanton, California. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

85.    As to paragraph 85 of the FAC, Workday denies the allegations therein.

86.    As to paragraph 86 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

**HOW ALGORITHMIC DISCRIMINATION WORKS**

87.    As to paragraph 87 of the FAC, Workday denies the allegations therein.

88.    As to paragraph 88 of the FAC, Workday lacks information sufficient to form a

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

belief about the truth of the allegations, and on that basis, Workday denies them.

89.     As to paragraph 89 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

90.     As to paragraph 90 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

91.     As to paragraph 91 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

92.     As to paragraph 92 of the FAC, Workday denies that it operates a platform-as-a-service model. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

93.     As to paragraph 93 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

94.     As to paragraph 94 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

95.     As to paragraph 95 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

96.     As to paragraph 96 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

97.     As to paragraph 97 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

98.     As to paragraph 98 of the FAC, Workday denies each and every allegation.

99.     As to paragraph 99 of the FAC, Workday denies the allegations therein.

100.     As to paragraph 100 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

101.     As to paragraph 101 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

102.     As to paragraph 102 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

103.    As to paragraph 103 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

104.    As to paragraph 104 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

105.    As to paragraph 105 of the FAC, Workday denies the allegations therein.

106.    As to paragraph 106 of the FAC, Workday denies the allegations therein.

107.    As to paragraph 107 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

108.    As to paragraph 108 of the FAC, Workday denies the allegations therein.

109.    As to paragraph 109 of the FAC, Workday denies the allegations therein.

110.    As to paragraph 110 of the FAC, Workday denies the allegations therein.

111.    As to paragraph 111 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

112.    As to paragraph 112 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

113.    As to paragraph 113 of the FAC, Workday denies the allegations therein.

114.    As to paragraph 114 of the FAC, Workday denies the allegations therein because it does not offer or administer any speech analysis or computer based assessments as described in this paragraph.

115.    As to paragraph 115 of the FAC, Workday denies that it offers any tools that analyze gaps in work, leaves of absence, tenure patterns, and attendance related indicators. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

116.    As to paragraph 116 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

117.    As to paragraph 117 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

118.    As to paragraph 118 of the FAC, Workday denies the allegations therein.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

119.    As to paragraph 119 of the FAC, Workday denies the allegations therein.

120.    As to paragraph 120 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

121.    As to paragraph 121 of the FAC, Workday admits that its customers can configure their software to disposition applicants based on specified criteria set by the customer. Except as expressly admitted, Workday denies the allegations in paragraph 121.

122.    As to paragraph 122 of the FAC, Workday denies that its software ranks applicants based on likelihood of success in the role. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

123.    As to paragraph 123 of the FAC, Workday denies that its software reproduces or amplifies historical disparities as described in paragraph 123. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

124.    As to paragraph 124 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

125.    As to paragraph 125 of the FAC, Workday admits that employers can purchase third-party features. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

126.    As to paragraph 126 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

127.    As to paragraph 127 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

128.    As to paragraph 128 of the FAC, Workday admits that employers can use some of its products to permit incumbent employees to make referrals or recommendations. As to the remaining allegations in paragraph 128, Workday denies them.

129.    As to paragraph 129 of the FAC, Workday denies the allegations therein.

130.    As to paragraph 130 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

## A. Agency and Control

131.    As to paragraph 131 of the FAC, Workday denies the allegations therein.

132.    As to paragraph 132 of the FAC, Workday denies the allegations therein.

133.    As to paragraph 133 of the FAC, Workday denies the allegations therein.

134.    As to paragraph 134 of the FAC, Workday denies the allegations therein.

135.    As to paragraph 135 of the FAC, Workday denies the allegations therein.

## B. Common Policy and Classwide Impact

136.    As to paragraph 136 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

137.    As to paragraph 137 of the FAC, Workday denies the allegations therein.

138.    As to paragraph 138 of the FAC, Workday denies the allegations therein.

139.    As to paragraph 139 of the FAC, Workday denies the allegations therein.

140.    As to paragraph 140 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

## C. Claims

141.    As to paragraph 141 of the FAC, Workday denies the allegations therein.

142.    As to paragraph 142 of the FAC, Workday denies the allegations therein.

143.    As to paragraph 143 of the FAC, Workday denies the allegations therein.

144.    As to paragraph 144 of the FAC, Workday denies the allegations therein.

### COUNT ONE

### Intentional Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964

145.    As to paragraph 145 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Additionally, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

## COUNT TWO

**Disparate Impact Discrimination on the Basis of Race and Sex in Violation of Title VII of the Civil Rights Act of 1964 and Disability in Violation of the ADAAA of 2008**
**Class Representatives Derek L. Mobley, Jill E. Hughes, Sheilah Johnson-Rocha, and FaithLinh Rowe**

146. As to paragraph 146 of the FAC, Workday incorporates its responses to the paragraphs referenced in paragraph 146.

147. As to paragraph 147 of the FAC, Workday admits that it hired an external auditor to conduct testing of HiredScore's Spotlight feature from a sample of ten large customers . Workday denies the characterization of this audit as a "bias audit." Workday otherwise denies the allegations contained therein or lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

148. As to paragraph 148 of the FAC, Workday denies that its products have a disparate impact against women. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

149. As to paragraph 149 of the FAC, Workday admits that it represented in a February 26, 2024 press release that "[t]he combined Workday and HiredScore offering will help companies make their talent acquisition efforts more efficient by streamlining and expediting hiring processes through automated notifications, guided experiences, and recommended action items, all in their flow of work." Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

150. As to paragraph 150 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

151. As to paragraph 151 of the FAC, Workday admits that it represented on February 26, 2024 that "[t]he combination of Workday Talent Management, Workday Skills Cloud, and HiredScore's Talent Orchestration solutions, will provide customers with a comprehensive, transparent, and intelligent talent acquisition and internal mobility offering, helping them better address their ever-evolving people needs" and that "Workday and HiredScore will provide a combined offering that will better enable recruiters to use data to connect talent to open

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

opportunities. This includes solutions that assist with identifying candidates whose skills and experience most closely match a customer's open jobs". Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

152. As to paragraph 152 of the FAC, Workday denies the allegations contained therein.

153. As to paragraph 153 of the FAC, Workday admits that prior to its acquisition of HiredScore in April 2024, HiredScore was an existing Workday partner and that Workday supported an integration that allowed data to flow between the Workday Recruiting platform and HiredScore's separately owned and operated software, thereby enabling information from HiredScore to reach Workday's customers using that integration. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

154. As to paragraph 154 of the FAC, Workday admits that it acquired HiredScore in April 2024. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

155. As to paragraph 155 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

156. As to paragraph 156 of the FAC, Workday denies the allegations contained therein.

157. As to paragraph 157 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

158. As to paragraph 158 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

159. As to paragraph 159 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

160. As to paragraph 160 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

161. As to paragraph 161 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

162. As to paragraph 162 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

163. As to paragraph 163 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

164. As to paragraph 164 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

165. As to paragraph 165 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

166. As to paragraph 166 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

167. As to paragraph 167 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

168. As to paragraph 168 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

169. As to paragraph 169 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

170. As to paragraph 170 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

171. As to paragraph 171 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

172. As to paragraph 172 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

173. As to paragraph 173 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

174. As to paragraph 174 of the FAC, Workday admits that Plaintiff Rowe applied for positions with Workday. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

175. As to paragraph 175 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

176. As to paragraph 176 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

177. As to paragraph 177 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

178. As to paragraph 178 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

179. As to paragraph 179 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

180. As to paragraph 180 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

181. As to paragraph 181 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

182. As to paragraph 182 of the FAC, Workday denies the allegations contained therein.

183. As to paragraph 183 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

184. As to paragraph 184 of the FAC, Workday denies the allegations contained therein.

185. As to paragraph 185 of the FAC, Workday denies the allegations contained therein.

186. As to paragraph 186 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

187. As to paragraph 187 of the FAC, Workday denies the allegations contained therein.

188. As to paragraph 188 of the FAC, Workday denies the allegations contained therein.

189.    As to paragraph 189 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

## COUNT THREE

### Intentional Discrimination
### Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(1)

190.    As to paragraph 190 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Additionally, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

## COUNT FOUR

### Disparate Impact Discrimination Age Discrimination in Employment Act of 1967,  29 U.S.C. §§ 623(a)(2) Class Representatives Derek L. Mobley, Jill E. Hughes, Sheilah Johnson-Rocha, and FaithLinh Rowe

191.    As to paragraph 191 of the FAC, Workday incorporates its responses to the paragraphs referenced in paragraph 191.

192.    As to paragraph 192 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

193.    As to paragraph 193 of the FAC, Workday admits that it said in a February 26, 2024 press release that "[t]he combined Workday and HiredScore offering will help companies make their talent acquisition efforts more efficient by streamlining and expediting hiring processes through automated notifications, guided experiences, and recommended action items, all in their flow of work." Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

194.    As to paragraph 194 of the FAC, Workday denies the allegations contained therein.

195.    As to paragraph 195 of the FAC, Workday admits that it stated on February 26, 2024 that "[t]he combination of Workday Talent Management, Workday Skills Cloud, and HiredScore's Talent Orchestration solutions, will provide customers with a comprehensive, transparent, and intelligent talent acquisition and internal mobility offering, helping them better

DEFENDANT WORKDAY, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

address their ever-evolving people needs" and that "Workday and HiredScore will provide a combined offering that will better enable recruiters to use data to connect talent to open opportunities. This includes solutions that assist with identifying candidates whose skills and experience most closely match a customer's open jobs". Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

196.    As to paragraph 196 of the FAC, Workday denies the allegations contained therein.

197.    As to paragraph 197 of the FAC, Workday admits that prior to its acquisition of HiredScore in April 2024, HiredScore was an existing Workday partner and that Workday supported an integration that allowed data to flow between the Workday Recruiting platform and HiredScore's separately owned and operated software, thereby enabling information from HiredScore to reach Workday's customers using that integration. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

198.    As to paragraph 198 of the FAC, Workday admits that it acquired HiredScore in April 2024. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

199.    As to paragraph 199 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

200.    As to paragraph 200 of the FAC, Workday denies the allegations contained therein.

201.    As to paragraph 201 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

202.    As to paragraph 202 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

203.    As to paragraph 203 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

204.    As to paragraph 204 of the FAC, Workday lacks information sufficient to form a

- 19 -

belief about the truth of the allegations, and on that basis, Workday denies them.

205.    As to paragraph 205 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

206.    As to paragraph 206 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

207.    As to paragraph 207 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

208.    As to paragraph 208 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

209.    As to paragraph 209 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

210.    As to paragraph 210 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

211.    As to paragraph 211 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

212.    As to paragraph 212 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

213.    As to paragraph 213 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

214.    As to paragraph 214 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

215.    As to paragraph 215 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

216.    As to paragraph 216 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

217.    As to paragraph 217 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

218.    As to paragraph 218 of the FAC, Workday denies the allegations contained

therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

219. As to paragraph 219 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

220. As to paragraph 220 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

221. As to paragraph 221 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

222. As to paragraph 222 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

223. As to paragraph 223 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

224. As to paragraph 224 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

225. As to paragraph 225 of the FAC, Workday denies the allegations contained therein.

**COUNT FIVE**

**Intentional Discrimination 42 U.S.C. § 1981**

226. As to paragraph 226 of the FAC, the Court dismissed Plaintiff's intentional discrimination claims. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless, Workday denies the allegations.

**COUNT SIX**

**Aiding and Abetting Race, Disability, and Age Discrimination  Cal. Gov. Code §12940(I)**

227. As to paragraph 227 of the FAC, the Court dismissed Plaintiff's aiding and abetting claim. *See* Dkt No. 80. Therefore, these allegations are irrelevant. Nevertheless,

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

Workday denies the allegations.

## COUNT SEVEN

**Basis of Gender in Violation Title VII of the Civil Rights Act of 1964 and California Fair Employment and Housing Act (FEHA) Gov. Code § 12940 et seq.**

228.    As to paragraph 228 of the FAC, Workday incorporates its responses to the paragraphs referenced in paragraph 228.

229.    As to paragraph 229 of the FAC, Workday admits that its headquarters and principal place of business is located at 6110 Stoneridge Mall Road, Pleasanton, California. Workday otherwise denies the allegations in paragraph 229, including the characterization of its AI tools as applicant-screening systems.

230.    As to paragraph 230 of the FAC, Workday denies the allegations contained therein.

231.    As to paragraph 231 of the FAC, Workday admits that its Skills Cloud technology was trained using Workday's proprietary datasets containing over 200 million people profiles and customer data contributions. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

232.    As to paragraph 232 of the FAC, Workday admits that it maintains its headquarters and principal place of business in California. Workday otherwise denies the allegations in paragraph 232, including that the design, development, and operation of its AI-related features occurs exclusively from its California operations and facilities.

233.    As to paragraph 233 of the FAC, Workday denies the allegations contained therein.

234.    As to paragraph 234 of the FAC, Workday denies the allegations contained therein.

235.    As to paragraph 235 of the FAC, Workday denies the allegations contained therein.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

236.    As to paragraph 236 of the FAC, Workday admits that Plaintiff Rowe has applied to positions with Workday itself. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

237.    As to paragraph 237 of the FAC, Workday admits that Plaintiff Rowe has applied to positions with Workday itself. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

238.    As to paragraph 238 of the FAC, Workdayd admits that Plaintiff Rowe was not selected for the Workday positions to which she applied. Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

239.    As to paragraph 239 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

240.    As to paragraph 240 of the FAC, Workday denies the allegations contained therein.

241.    As to paragraph 241 of the FAC, Workday denies the allegations contained therein.

242.    As to paragraph 242 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

243.    As to paragraph 243 of the FAC, Workday denies that its platform operates as the exclusive gateway for employment opportunities in both California and throughout the United States. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

244.    As to paragraph 244 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

245.    As to paragraph 245 of the FAC, Workday admits that it maintains its headquarters and principal place of business in Pleasanton, California. Workday otherwise denies the allegations contained therein or lacks information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

246. As to paragraph 246 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

247. As to paragraph 247 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

248. As to paragraph 248 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

249. As to paragraph 249 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

250. As to paragraph 250 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

251. As to paragraph 251 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

252. As to paragraph 252 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

253. As to paragraph 253 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

254. As to paragraph 254 of the FAC, Workday admits that it maintains its headquarters and principal place of business in California. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

255. As to paragraph 255 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

256. As to paragraph 256 of the FAC, Workday admits that it hired an external auditor to conduct testing of HiredScore's Spotlight feature and such testing utilized a sample of data between September 2023 and September 2024 from ten customers. Workday denies the characterization of this audit as a "bias audit." Workday otherwise denies the allegations contained therein.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

257.    As to paragraph 257 of the FAC, Workday denies the allegations contained therein.

258.    As to paragraph 258 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

259.    As to paragraph 259 of the FAC, Workday admits that it stated in a February 26, 2024 press release that "[t]he combined Workday and HiredScore offering will help companies make their talent acquisition efforts more efficient by streamlining and expediting hiring processes through automated notifications, guided experiences, and recommended action items, all in their flow of work." Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

260.    As to paragraph 260 of the FAC, Workday denies the allegations contained therein.

261.    As to paragraph 261 of the FAC, Workday admits that it stated on February 26, 2024 that "[t]he combination of Workday Talent Management, Workday Skills Cloud, and HiredScore's Talent Orchestration solutions, will provide customers with a comprehensive, transparent, and intelligent talent acquisition and internal mobility offering, helping them better address their ever-evolving people needs" and that "Workday and HiredScore will provide a combined offering that will better enable recruiters to use data to connect talent to open opportunities. This includes solutions that assist with identifying candidates whose skills and experience most closely match a customer's open jobs". Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

262.    As to paragraph 262 of the FAC, Workday denies the allegations contained therein.

263.    As to paragraph 263 of the FAC, Workday admits that prior to its acquisition of HiredScore in April 2024, HiredScore was an existing Workday partner and that Workday supported an integration that allowed data to flow between the Workday Recruiting platform and HiredScore's separately owned and operated software, thereby enabling information from

- 25 -

HiredScore to reach Workday's customers using that integration. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

264. As to paragraph 264 of the FAC, Workday denies the allegations therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

265. As to paragraph 265 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

266. As to paragraph 266 of the FAC, Workday denies the allegations contained therein.

267. As to paragraph 267 of the FAC, Workday denies the allegations contained therein.

268. As to paragraph 268 of the FAC, Workday denies the allegations contained therein.

269. As to paragraph 269 of the FAC, Workday denies the allegations contained therein.

270. As to paragraph 270 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

## COUNT EIGHT

**Disparate Impact Discrimination on the Basis of Race, Gender, and Age in violation of the California Fair Employment and Housing Act (FEHA) Gov. Code § 12940 et seq.**

271. As to paragraph 271 of the FAC, Workday incorporates its responses to the paragraphs referenced in paragraph 271.

272. As to paragraph 272 of the FAC, Workday admits that it hired an external auditor to conduct testing of HiredScore's Spotlight feature and such testing utilized a sample of data between September 2023 and September 2024 from ten customers. Workday denies the characterization of this audit as a "bias audit." Workday otherwise denies the allegations contained therein.

273. As to paragraph 273 of the FAC, Workday denies the allegations contained therein.

- 26 -

274.     As to paragraph 274 of the FAC, Workday denies that its software has a disparate impact against women. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

275.     As to paragraph 275 of the FAC, Workday admits that it represented in a February 26, 2024 press release that "[t]he combined Workday and HiredScore offering will help companies make their talent acquisition efforts more efficient by streamlining and expediting hiring processes through automated notifications, guided experiences, and recommended action items, all in their flow of work." Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

276.     As to paragraph 276 of the FAC, Workday denies the allegations contained therein.

277.     As to paragraph 277 of the FAC, Workday admits that it stated on February 26, 2024 that "[t]he combination of Workday Talent Management, Workday Skills Cloud, and HiredScore's Talent Orchestration solutions, will provide customers with a comprehensive, transparent, and intelligent talent acquisition and internal mobility offering, helping them better address their ever-evolving people needs" and that "Workday and HiredScore will provide a combined offering that will better enable recruiters to use data to connect talent to open opportunities. This includes solutions that assist with identifying candidates whose skills and experience most closely match a customer's open jobs". Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

278.     As to paragraph 278 of the FAC, Workday denies the allegations contained therein.

279.     As to paragraph 279 of the FAC, Workday admits that prior to its acquisition of HiredScore in April 2024, HiredScore was an existing Workday partner and that Workday supported an integration that allowed data to flow between the Workday Recruiting platform and HiredScore's separately owned and operated software, thereby enabling information from HiredScore to reach Workday's customers using that integration. Workday otherwise lacks

- 27 -

information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

280.    As to paragraph 280 of the FAC, Workday admits that it acquired HiredScore in April 2024. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

281.    As to paragraph 281 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies these allegations.

282.    As to paragraph 282 of the FAC, Workday denies the allegations contained therein.

283.    As to paragraph 283 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

284.    As to paragraph 284 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

285.    As to paragraph 285 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

286.    As to paragraph 286 of the FAC, Workday admits that Plaintiff Rowe has applied to positions with Workday itself. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

287.    As to paragraph 287 of the FAC, Workday admits that Plaintiff Rowe has applied to positions with Workday itself and was not selected for those positions. Workday otherwise lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

288.    As to paragraph 288 of the FAC, Workday denies the allegations contained therein.

289.    As to paragraph 289 of the FAC, Workday lacks information sufficient to form a belief about the truth of the allegations, and on that basis, Workday denies them.

290.    As to paragraph 290 of the FAC, Workday denies the allegations contained therein.

291. As to paragraph 291 of the FAC, Workday denies the allegations contained therein. The allegations further contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

292. As to paragraph 292 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

293. As to paragraph 293 of the FAC, Workday denies the allegations contained therein.

294. As to paragraph 294 of the FAC, Workday denies the allegations contained therein.

295. As to paragraph 295 of the FAC, Workday denies the allegations contained therein.

296. As to paragraph 296 of the FAC, Workday denies the allegations contained therein.

297. As to paragraph 297 of the FAC, the allegations contain only legal conclusions to which no response is required, and on that basis, Workday denies them.

## AFFIRMATIVE DEFENSES

Workday alleges the below affirmative defenses to the FAC, without conceding that it bears the burden of proof or persuasion as to any one of them. Furthermore, all such defenses are pleaded in the alternative, are based upon information and belief, and do not constitute an admission of liability, or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

1. As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action against Workday upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitations.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

### THIRD AFFIRMATIVE DEFENSE

3.      As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are barred, in whole or in part, because Plaintiffs and/or members of the putative class, failed to exercise reasonable care and diligence to mitigate any damages, and to the extent of such failure, any damages awarded should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

4.      As to the FAC and each cause of action therein, Workday alleges that the FAC and each purported cause of action therein, is barred, in whole or in part, by the equitable doctrines of estoppel, laches, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.      As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are barred in that no conduct by or attributable to Defendant was either the cause in fact, legal cause, or the proximate cause of any injury or damages allegedly suffered by Plaintiffs and/or the putative class.

### SIXTH AFFIRMATIVE DEFENSE

6.      As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are barred because allowing this matter to proceed as a class and/or representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights under both the United States and California Constitutions.

### SEVENTH AFFIRMATIVE DEFENSE

7.      As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, are not proper for treatment as a class action because Plaintiffs cannot satisfy the requirements for a class action.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As to the FAC and to each cause of action therein, Workday alleges that the FAC, and each purported cause of action therein, fails because Workday is not an agent of any

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

employer or an indirect employer.

## NINTH AFFIRMATIVE DEFENSE

9. As to the FAC and to each cause of action therein, Workday alleges that to the extent that discrimination was a motivating factor in the decisions affecting employment for Plaintiffs and/or the putative class, Workday alleges that legitimate reasons, standing alone, would have resulted in the same employment decisions.

## TENTH AFFIRMATIVE DEFENSE

10. As to the FAC and to each cause of action therein, Workday alleges that all employment decisions made regarding Plaintiffs and/or the putative class were made for non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As to the FAC and to each cause of action therein, Workday alleges that any alleged action that it took with respect to Plaintiffs and/or the putative class was privileged and job-related and consistent with business necessity.

## TWELFTH AFFIRMATIVE DEFENSE

12. As to the FAC and to each cause of action therein, Workday alleges that it at all times acted without malice, in good faith, and with reasonable grounds for believing its actions did not violate the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As to the FAC and to each cause of action therein, Workday alleges Plaintiffs fail to state facts sufficient to support an award of exemplary, punitive, and/or liquidated damages against Workday. Moreover, any award of punitive damages in this case would violate the due process, equal protection, and excessive fines provisions of the California and United States Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As to the FAC and to each cause of action therein, Workday alleges that Plaintiffs and/or the putative class are not entitled to equitable relief because they failed to avail themselves of or exhaust plain, adequate, or complete remedies of law available to them.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    As to the FAC and to each cause of action therein, Workday alleges that Plaintiffs lack standing to seek injunctive relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    As to the FAC and to each cause of action therein, Workday alleges Plaintiffs lack standing to assert the legal rights or interests of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As to the FAC and to each cause of action therein, Workday alleges that Plaintiffs and/or the putative class members have failed, in whole or in part, to exhaust their administrative remedies in a timely manner.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As to the FAC and each cause of action therein, Workday asserts that the claims of Plaintiffs and/or the putative class members may be subject to arbitration agreement(s), meaning the claims must proceed on an individual basis through arbitration and not on a class basis.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    As to the FAC and each cause of action therein, Workday asserts that the claims of Plaintiffs and/or the putative class members are barred by payment, setoff, and/or accord and satisfaction.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    As to the FAC and each cause of action therein, Workday alleges that the claims of Plaintiffs and/or the putative class members are barred by the doctrine of settlement and release.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As to the FAC and each cause of action therein, Workday alleges that the FAC is barred by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    As to the FAC and to each cause of action therein, and specifically as to the

claims asserted under the ADEA, Workday alleges that any employment practice challenged by Plaintiffs and/or the putative class was based on reasonable factors other than age within the meaning of 29 U.S.C. § 623(f)(1).

<strong><u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u></strong>

23. As to the FAC and to each federal cause of action therein, Workday alleges that any recovery of damages by Plaintiffs and/or the putative class is limited or barred by the applicable statutory caps and limitations on damages, including those set forth in 42 U.S.C. § 1981a.

<strong><u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u></strong>

24. As to the FAC and to each cause of action therein, Workday alleges that to the extent Plaintiffs and/or the putative class suffered harm (which Workday denies), such harm was caused by an intervening or superseding cause.

<strong><u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u></strong>

25. As to the FAC and to each cause of action therein, Workday alleges that Plaintiffs' and/or the putative class are not similarly situated to one another for purposes of maintaining a collective action.

<strong><u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u></strong>

26. As to the FAC and to each cause of action therein, Workday alleges that application of California law to Plaintiffs' nationwide claims and/or the claims of the putative class violate the United States Constitution, including but not limited to the Due Process Clause, the Full Faith and Credit Clause, and the Commerce Clause.

<strong><u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u></strong>

27. As to the FAC and to each cause of action therein, Workday alleges that Plaintiffs and/or the putative class cannot satisfy the robust causality requirement required to establish that a specific employment practice actually caused any alleged disparities.

<strong><u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u></strong>

28. As to the FAC and to each cause of action therein, Workday alleges Plaintiffs and/or the putative class lack standing to assert claims under California law for themselves or

- 33 -

others.

## RIGHT TO ASSERT ADDITIONAL DEFENSES AS DISCOVERED

29.     Workday alleges that the FAC does not describe the claims or facts being alleged with sufficient particularity to permit Workday to ascertain which other defenses may exist. Workday will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Workday respectfully requests that:

1. The FAC be dismissed with prejudice and that Plaintiffs and the putative class members take nothing thereby;

2. Judgment be entered in favor of Workday and against Plaintiffs on all causes of action;

3. Plaintiffs not be permitted to represent the putative class members;

4. Workday be awarded attorneys' fees and costs of suit; and

5. For such other and further relief as the court deems just and proper.


Dated: July 15, 2026                           ORRICK, HERRINGTON & SUTCLIFFE LLP


By:     _/s/ Kayla Delgado Grundy_
           Erin M. Connell
           Julie A. Totten
           Kayla Delgado Grundy
           Alexandria Elliott
           Attorneys for Defendant
           WORKDAY, INC.

DEFENDANT WORKDAY, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT
[3:23-CV-00770-RFL]