# A3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEREK MOBLEY, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>DECLARATION OF ROBERT L. WIGGINS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL<br><br>Judge: Hon. Rita F. Lin<br>Hearing Date: [March 9, 2027] |

**DECLARATION OF ROBERT L. WIGGINS, JR.**

I, Robert L. Wiggins, Jr., declare as follows:

1. I am an attorney licensed to practice law and a member of the law firm Wiggins Childs Pantazis Fisher & Goldfarb, LLC ("Wiggins Childs"). I make this declaration in support of Plaintiffs 'motion for class certification and for appointment of class counsel under Rule 23(g). The facts stated here are within my personal knowledge, and if called as a witness I could and would testify competently to them.

***Background and Experience***

2. I am a member of the Bar of the State of Alabama and admitted to practice before various federal district courts, the United States Courts of Appeals for the Fourth, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits, and the Supreme Court of the United States.

3. For more than fifty years my practice has been devoted principally to the prosecution of employment discrimination class actions and other complex employment litigation on behalf of plaintiffs.

4. In 1975, I became class counsel for the class of African-American employees in *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157 (5th Cir. 1978), cert. denied, 439 U.S. 1115 (1979), appeal after remand, 681 F.2d 1259 (11th Cir. 1982). appeal after remand, 721 F.2d 315 (11th Cir. 1983), cert. denied sub nom., 467 U.S. 1243 (1984). Similar to the current litigation, my representation of the class in *Pettway* involved claims and remedies challenging a series of rule-based employment policies and practices that perpetuated historical racial discrimination from the pre-1964 segregation era into the present. *Id.* The former Fifth Circuit ordered and repeatedly enforced extensive classwide injunctive relief against such discriminatory practices, 576 F.2d at 1165-11t8,1185-1188, 1192-1210, and also structured a classwide method of determining damages on a classwide basis rather than the "quagmire of hypothetical judgments" inherent to individual-by-individual determinations of economic loss. *Id.* 576 F.2d at 1210-1213. The Ninth Circuit relied on *Pettway's* classwide damage methodology and principles in *Domingo v. New England Fish Co.* 727 F.2d 1429, 1444-1445, (9th Cir. 1984), as have other Circuit and District courts.

5. I have also been class counsel for the plaintiff class in *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) which was litigated and appealed as a Rule 23(b)(3) class. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014). The Supreme Court's affirmance of the lower courts' class certification and classwide damage methodology involved statistical and representative evidence similar to that required in this case, as did my role as class counsel for the African-American workers in *Brown v. Nucor Corp.*, 576

F.3d 149 (4th Cir. 2009), and 785 F.3d 895 (4th Cir. 2015), and class counsel for the nationwide class of female employees in *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105 (4th Cir. 2013) class certified on remand, 2016 U.S. Dist. LEXIS 105267 (W.D.N.C. June 24, 2016). Both *Brown* and *Scott* reversed denials of class certification of claims against disparate impact of prior experience criteria that perpetuated historical discrimination similar to that here.

6. I have served as lead counsel in more than 75 reported appellate decisions challenging race and sex discrimination on a class and individual basis. Representative examples include:

*Holmes v. Continental Can Co.*, 706 F.2d 1144 (11th Cir. 1983)

*Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986)

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008);

*Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169 (11th Cir. 2005), *affirmed*, 550 U.S. 618 (2007) (overturned by Congressional enactment of the Lillie Ledbetter Fair Pay Act of 2009);

*In re Employment Discrimination Litigation Against the State of Alabama,* 198 F.3d 1305 (11th Cir. 1999) (holding that disparate impact claims and remedies are not unconstitutional);

*Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir. 1984)

*Howard v. International Molders & Allied Workers Union, etc., Local # 100*, 779 F.2d 1546 (11th Cir. 1986)

*Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)

*Beavers v. American Cast Iron Pipe Co.*, 975 F.3d 792 (11th Cir. 1992)

*Chaney v. Southern R. Co.*, 847 F.2d 718 (11th Cir. 1988)

*Keenan v. American Cast Iron Pipe Co.*, 707 F.2d 1274 (11th Cir. 1983)

*McGinnis v. Ingram Equipment Co.*, 888 F.2d 109 (11th Cir. 1989)

*Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982)

7. I also served as class counsel in two long-running civil rights class actions in the Middle District of Alabama: *Reynolds v. Alabama Department of Transportation*, No. 85-T-665-N (M.D. Ala.), litigated over more than two decades, see, e.g., *Reynolds v. Alabama DOT*, 996 F. Supp. 1156 (M.D. Ala. 1998); and *United States v. Flowers*, 372 F. Supp. 2d 1319 (M.D. Ala. 2005), and 444 F. Supp. 2d 1192 (M.D. Ala. 2006).

8. In *Womack v. Dolgencorp, Inc.*, No. 2:06-cv-00465-VEH-RRA (N.D. Ala.), the court appointed me as class counsel under Rule 23(g) for a class of more than 20,000 salaried store managers, finding that "Class Counsel is qualified and experienced in this type of litigation and has diligently pursued this matter on behalf of the class members." Order at 4-5 (ECF No. 455).

9. In *Burroughs v. Honda Manufacturing of Alabama, LLC*, 3 F. Supp. 3d 1277, 1295 (N.D. Ala. 2014), the court found that I am "regarded as one of the deans of the plaintiff's employment bar in this district," and that my "reputation for successfully representing plaintiffs in difficult and complex cases, as well as class actions, is well known to the court." *Id.*

***Additional Counsel***

10. Wiggins Childs has approximately thirty-five attorneys who practice primarily in employment-related class actions and litigation, supported by paralegals and document-review resources for large productions.

11. Ann Wiggins has submitted a separate Declaration about her role and experience.

12. Jennifer Wiggins Smith is an experienced litigator with more than 20 years of legal experience representing plaintiffs in complex litigation and class actions. Since joining Wiggins Childs in 2002, she has served as both an associate and shareholder, building

extensive experience in developing, managing, and litigating sophisticated matters on behalf of her clients. Ms. Smith has played a significant role in the prosecution of complex, high-stakes litigation involving a broad range of legal and factual issues. Her representative matters include *In re: Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406, U.S. District Court for the Northern District of Alabama, Master File No. 2:13-CV-20000-RDP; *Isaiah Evans, et al. v. United States Pipe & Foundry Company, Inc., et al.*, No. 1:05-cv-01017-KOB (N.D. Ala.); and *In re: Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD). Throughout her career, Ms. Smith has demonstrated a strong commitment to advocating for plaintiffs and pursuing meaningful results in complex and challenging litigation.

13. Meredith L. Burrell is an experienced civil rights litigator with more than 25 years of federal litigation experience, including 20 years enforcing federal employment discrimination laws at the U.S. Department of Justice's Civil Rights Division, where she served as Principal Deputy Chief of DOJ's Employment Litigation Section from February 2022 through May 2025. She developed and supervised complex individual discrimination cases and pattern-or-practice and disparate impact matters; negotiated and defended large-scale consent decrees; and managed every phase of high-impact investigations and litigation. She has extensive experience in matters involving employment testing and the development of job-related employee selection processes. Her representative employment discrimination matters include *United States v. Baltimore County Police Department,* 1:19-cv-02465 (D. Md.); *United States v. Mobile County Sheriff's* Office, 1;21-cv-00114 (S.D. Ala.); and *United States v. City of New York*, No. 07-cv-2067 (E.D.N.Y.)., Ms. Burrell also has experience handling complex litigation in DOJ's Civil Division, where she represented

the United States in qui tam actions under the False Claims Act for three years and was a member of the team that litigated DOJ's landmark RICO action against the major tobacco manufacturers, *United States v. Philip Morris, et al.*, including through a nine-month bench trial.

14. Jennifer M. Swedish is a seasoned employment discrimination litigator with over 20 years of legal experience, including more than 15 years enforcing federal employment discrimination laws at the U.S. Department of Justice's Civil Rights Division, where she served as a Trial Attorney and a Deputy Chief from September 2009 through May 2025. She has deep expertise in pattern-or-practice and disparate impact employment discrimination law, including developing and litigating complex enforcement actions and negotiating large-scale consent decrees. Her representative employment discrimination matters include *United States v. State of Michigan & Michigan Department of Corrections*, No. 2:16-cv-12146 (E.D. Mich.), *United States v. South Dakota Department of Social Services*, No.5:15-cv-5079 (D.S.D.), and *United States v. City of New York*, No. 07-cv-2067 (E.D.N.Y.).

15. Clare Geller is an experienced employment and civil rights attorney with over 20 years of experience leading systemic civil rights investigations and litigation at the U.S. Department of Justice's Civil Rights Division, where she served as a Deputy Chief of DOJ's Employment Litigation Section for over ten years. She has led and supervised disparate impact and disparate treatment employment discrimination cases from inception through completion, handling all investigation and litigation stages. She has worked extensively with expert witnesses to develop expert reports and challenge opposing experts 'opinions and has examined both fact and expert witnesses at depositions and trial. Her representative

systemic employment discrimination cases include *United States v. Rhode Island Department of Corrections*, 14-cv-78, (D. R.I.), *United States v. Baltimore County, Maryland*, 23-cv-02418, (D. Md.), and *United States v. City of New York* No., 07-cv-2067, (E.D.N.Y.).

16. Lori Kisch is an experienced employment and civil rights attorney with over 25 years of experience litigating systemic civil rights investigations and litigation, 17 of which was at the U.S. Department of Justice's Civil Rights Division, where she served most recently as a Special Litigation Counsel of DOJ's Employment Litigation Section, and prior to that, for eight years with Wiggins, Childs working almost exclusively on Title VII class cases and FLSA collective actions. At DOJ she led and supervised complex pattern or practice disparate impact and disparate treatment employment cases handling all aspects of the investigations and litigation. She supervised and led negotiations on large-scale consent decrees, including the development of job-related employee selection procedures. She has worked extensively with experts including I/O psychologists and statisticians in investigations, litigation, and post-consent decree implementation. At Wiggins, Childs, Ms. Kisch represented clients in class cases including a Title VII race discrimination case against the Baltimore Gas & Electric Company. She also participated in trial and appellate litigation in wage & hour FLSA collective actions, including *Tum v. Barber Foods*, resulting in a unanimous Supreme Court decision on behalf of Plaintiffs. Her representative systemic employment discrimination cases include *United States v. Pennsylvania State Police, 14-cv-1474 (M. D. Pa.), and United States v. Massachusetts Department of Corrections, 09-cv-11623 (D. Ma.).*

17. Wiggins Childs has committed and will continue to commit the attorneys, paralegals, and financial resources necessary to prosecute this case to a successful conclusion.

18. This case is being prosecuted on a wholly contingent basis. Neither I, nor my firm or co-counsel has any interest adverse to the proposed class-and subclasses. Nor do we have any relationship with Workday, its customer, or other persons or entities whose interests conflict with those of the putative class or subclasses, or any agreement or relationship of any kind that limits our prosecution of these claims.

19. Based on the experience and resources set forth above, I believe that the named Plaintiffs and their counsel will fairly and adequately protect the interests of the proposed class and subclasses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2026.

ROBERT L. WIGGINS, JR.