# A4

Lee D. Winston (ASB: 6407O72L)
*Admitted pro hac vice*
lwinston@winstoncooks.com
Roderick T. Cooks (ASB: 5819O78R)
*Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan (1360X15Z)
*Admitted Pro Hac Vice*
bneal@winstoncooks.com
420 20th Street North, Suite 2200
Birmingham, Alabama 35203

**Local Counsel**
Jay Greene, JD, CPA
greenattorney@gmail.com
GREENE ESTATE, PROBATE, AND ELDER LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr. (ASB: 1754G63R)
*Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins (ASB: 7006i61a)
*Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher (ASB: 2675E68S)
*Admitted Pro Hac Vice*
sfisher@wigginschilds.com
Jennifer Wiggins Smith (ASB:9622E53S)
*Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki L. Lawsen (ASB: 2602C00K)
*Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore (ASB: 7952L20o)
*Admitted Pro Hac Vice*
mmoore@wigginschilds.com
Wiggins Childs Pantazis Fisher and and Goldfarb
301 North 19th Street
Birmingham, AL 35203

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
Wiggins Childs Pantazis Fisher & Goldfarb
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Attorneys for the Plaintiff and the Proposed Classes and Collective

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,
Plaintiffs,

v.

WORKDAY, INC.
Defendant.

Case No. 3:23-cv-00770-RFL

**DECLARATION OF ANN K. ANN K. WIGGINS**

Courtroom: 15, 18th Floor
Judge: Hon. Rita F. Lin

**HEARING: March 9, 2027**

**DECLARATION OF ANN K. WIGGINS**

Pursuant to 28 U.S.C. § 1746, I, Ann K. Wiggins, declare as follows:

1. I am a shareholder of Wiggins Childs Pantazis Fisher & Goldfarb, LLC and counsel for Plaintiffs in this action. [I have been admitted to this Court pro hac vice. (ECF No. 123) I make this declaration in support of Plaintiffs' motion for class certification and for appointment of class counsel. The facts stated here are within my personal knowledge.

2. I have practiced law since 1986. I am a graduate of Washington and Lee University School of Law (J.D. 1986). I am a member of the Bar of the State of Alabama and am admitted to practice before the United States District Courts for the Northern and Middle Districts of Alabama, the United States Court of Appeals for the Eleventh Circuit, and the Supreme Court of the United States.

3. I have worked as an associate and shareholder of Wiggins Childs and its predecessors since my graduation from law school. The focus of my forty-year practice has been the prosecution of class litigation and individual litigation in employment discrimination, wage and hour, and civil rights. I have served as counsel in more than sixty cases, including more than thirty reported appellate decisions. I have served as counsel of record in many representative actions, a few examples are: *Brown v. Nucor Corp.*, 785 F.3d 895 (4th Cir. 2015); *Brown v. Nucor Corp.*, 576 F.3d 149 (4th Cir. 2009); *Moore v. Norfolk Southern*, No. CV-93-C-0133-S (N.D. Ala.); *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725 (11th Cir. 1988); and *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792 (11th Cir. 1992), and 164 F. Supp. 2d 1290 (N.D. Ala. 2001). The reported decisions do not reflect the full course of that work. In *Cox*, for example, I worked on the case after it returned to the district court following remand, and our firm actively litigated the class claims from that point

until the case was ultimately settled. In *Beavers*, the case settled after a two-week class action trial that resulted in a jury verdict for the class on race and sex discrimination. I also served as counsel in two long-running civil rights class actions in the Middle District of Alabama: *Reynolds v. Alabama Department of Transportation*, No. 85-T-665-N (M.D. Ala.), litigated over more than two decades, see, e.g., *Reynolds v. Alabama DOT*, 996 F. Supp. 1156 (M.D. Ala. 1998); and *United States v. Flowers*, 372 F. Supp. 2d 1319 (M.D. Ala. 2005), and 444 F. Supp. 2d 1192 (M.D. Ala. 2006).

4. In *Brown v. Nucor Corp.*, No. 2:04-cv-22005-DCN (D.S.C.), I served as lead counsel with Robert L. Wiggins, Jr. throughout the case, from the filing of the initial EEOC charges through final approval of a $22.5 million class settlement seventeen years later. I participated in all phases of that litigation, including legal research and briefing in the district court and the court of appeals; drafting, reviewing, and editing pleadings; drafting and responding to discovery; taking and defending depositions; hearings and oral argument; analysis of discovery and statistical data; analysis of named plaintiff and class member claims; work with expert witnesses; settlement; and communication with the named plaintiffs and class members. In approving the settlement, Judge Norton found that "Class Counsel have demonstrated an exceptional level of skill," and that "[w]ithout these efforts, it is highly unlikely that the class could have obtained any relief whatsoever." Final Order at 14, 17 (Feb. 22, 2018) (ECF No. 616).

5. In *Burroughs v. Honda Manufacturing of Alabama, LLC*, 3 F. Supp. 3d 1277, 1295 (N.D. Ala. 2014), the court identified me among the "highly regarded and skilled attorneys in labor and employment-related litigation" at Wiggins Childs.

6. In this action I have participated in all phases of the litigation, including extensive legal research on a variety of subjects; the preparation of, and responses to, numerous motions; party and third-party discovery concerning Workday's automated screening tools and the bias audits of those tools; work with and preparation of expert witnesses, including consultation on their analyses; deposition preparation and examination; and the preparation of the present motion for class certification.

7. I have no interest adverse to the proposed class, and I am not aware of any conflict between the named Plaintiffs and absent class members. I have committed and will continue to commit the time and resources necessary to prosecute this case through trial and any appeal, on a wholly contingent basis.

8. Based on my experience, I believe that Plaintiffs' counsel are qualified, experienced, and able to conduct this litigation, and that they will fairly and adequately protect the interests of the proposed class[es].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2026.

Ann K. Wiggins

ANN K. WIGGINS