# D1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**DEREK L. MOBLEY; JILL E. HUGHES; SHEILAH JOHNSON-ROCHA; and FAITHLINH ROWE,** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**WORKDAY, INC.**

Defendant.

**Case No. 3:23-cv-00770-RFL**

**DECLARATION OF DEREK L. MOBLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Courtroom: 15, 18th Floor

Judge: Hon. Rita F. Lin

I, Derek L. Mobley, declare as follows:

1. I am over the age of eighteen and competent to testify to the matters stated in this declaration. I make this declaration based on facts personally known to me. Where I describe my belief or understanding, I am describing my own experience as an applicant, and I am not offering expert testimony about Workday's internal software, artificial intelligence, or machine-learning systems.

2. I am a Plaintiff in *Mobley et al. v. Workday, Inc.*, Case No. 3:23-cv-00770-RFL, pending in the United States District Court for the Northern District of California. I submit this declaration in support of Plaintiffs' Motion for Class Certification.

3. On August 24, 2026, I filed a complaint against Workday, Inc. with the California Civil Rights Department, alleging a violation of the California Fair Employment and Housing Act, California Government Code § 129490 et seq.

4. I am a resident of Charlotte, North Carolina.

## I. MY BACKGROUND

5. I was born in 1974. At all times relevant to this declaration, I was over the age of forty. I am African American. I have one or more documented disabilities: I have been diagnosed with depression and anxiety.

## II. MY QUALIFICATIONS

6. I hold a Bachelor of Arts *cum laude* in Finance from Morehouse College, and I earned an associate's degree with highest honors in Network Systems Administration from ITT Technical Institute. I also hold a professional certification in Server+.

7. I have more than 10 years of professional experience in insurance, customer service, information technology, and finance, including serving as a Contract Driver for Uber Technologies, an Advanced Solutions Engineer for Hewlett Packard Enterprise, an Insurance Callbacks Representative for EAN Services, Inc. (Enterprise Rental Car), a Support Specialist, Level 1A Manager for AT&T Digital Life, a Contact Representative for the United States Internal Revenue Service, and a Special Assets Manager/Commercial Credit Analyst for Capitol City Bank & Trust Company.

8. I am currently employed by Allstate Insurance, where I have worked since October 2019. In my current role as a Catastrophe Controller, I help manage the flow of catastrophe-related property claims from the time they are reported through assignment, handling, and follow-up within the catastrophe workflow. At Allstate, "catastrophe" refers to situations involving multiple homes or properties damaged in a single incident where the total expected cost exceeds $1 million.

9. Since starting to work at Allstate in October 2019, I have been promoted internally twice: I was first promoted in approximately 2020, and I was promoted again to my current position in approximately July 2021.

10. During my tenure at Allstate, I have received multiple merit increases. I was also selected to remain in my role when my group went through a layoff process.

11. Each promotion, merit increase, and selection to remain at Allstate required interviews and human interaction. Those experiences confirmed to me that when a human being reviews my qualifications and speaks with me, I can compete successfully for employment opportunities.

12. Based on my education, work history, and professional experience, I believe I am well qualified for the positions to which I applied through Workday, Inc.'s online job-application platform.

## III. MY APPLICATIONS VIA WORKDAY, INC.'S JOB-APPLICATION PLATFORM

13. Since at least 2017, I have applied for more than 100 positions through Workday, Inc's online job-application platform. Examples of employers to which I have applied using the platform include, but are not limited to, Cardinal Health, Comcast, Duke Energy, Equifax, Expedia, Fiserv, GE Health Care, Hewlett Packard Enterprise, NCR Corporation, OneMain Financial, PNC, Quicken Loans, ResMed, Sedgwick, The Cigna Group, Uline, Unum, Walmart, and others.

14. In the charge of discrimination I filed with the U.S. Equal Employment Opportunity Commission, I estimated that as of June 3, 2021, I had applied for at least 80 to 100 positions that used Workday as a screening tool since 2018.

15. Many of the employers to which I applied used Workday's platform to receive and process my applications. I understood that these applications were processed through Workday because the application platforms were Workday-branded; for example, Workday branding was visible in the footer or website interface, and the term “myworkday.com” was in the URL. I also understood that these applications were processed through Workday because the confirmation and rejection emails I received came from sender addresses at the myworkday.com domain.

16. Most often, I encountered Workday when I responded to job postings on websites such as LinkedIn, Indeed, Monster, or an employer's career site, and then I was redirected to the employer's specific page on Workday's platform.

17. Applying to a position through Workday's platform typically required me to create or use login credentials, upload a resume, provide structured information about my education and work history, answer application questions, and submit the application through the Workday

platform. If I wanted to apply for a job that used that system, I did not have any practical ability to bypass Workday and insist on direct review by a recruiter or hiring manager.

18. The resumes and application materials I submitted through the Workday platform reflected my education at Morehouse College, a historically Black college, as well as my professional history, years of experience, and other information relevant to the jobs for which I applied. I understand those materials were the information available to be processed through the Workday platform.

19. In some applications, I was required to complete assessments or personality-type questions as part of the hiring process. For example, on or about August 31, 2019, I applied for an Associate Customer Care Specialist position with Duke Energy through Workday and completed a required assessment. The confirmation email I received from Duke Energy noted my application, but I never heard back from the company after completing the assessment. Additionally, both Cigna and Unum required me to take assessments as part of their processes when I applied for positions with those employers.

20. I did not control how the Workday platform processed my applications after I submitted them. I do not know what score, ranking, filter, assessment result, dispositioning rule, or other automated process was applied to any application I submitted. I never received any meaningful information explaining how any of my applications were evaluated.

## IV. WORKDAY'S HANDLING OF MY APPLICATIONS: REPEATED REJECTIONS AND LACK OF MEANINGFUL HUMAN REVIEW

21. The applications I have submitted through the Workday platform have produced a consistent pattern of rejection or lack of response across different industries, employers, jobs, and years.

22. I have typically applied for positions through the Workday platform that matched my background. In the majority of instances, I believe I have met or exceeded the stated requirements based on my education, experience, and work history.

23. In my experience, the typical result of my Workday-submitted applications has been either a rejection notice or no response at all.

24. Regardless of the position to which I have applied, I have often received rejection notices shortly after applying, sometimes within hours or a day of submitting my application. For example, on March 31, 2019, I applied for a Claim Support Representative position with Fiserv through Workday. The following morning, on April 1, 2019, at approximately 9:40 a.m., fiserv@myworkday.com sent me a rejection email. (Attachment A at Mobley Doc. Produc. 3.) I also applied for a Customer Support Representative position with ResMed through Workday on January 9, 2024. On January 11, 2024, at 3:52am, resmed@myworkday.com sent me a rejection email. The rejection stated that ResMed had "decided to pursue other candidates who more closely match the job requirements of this position." (Attachment A at Mobley Doc. Produc. 11.) These rejections arrived far too quickly for any person to have meaningfully reviewed my applications.

25. The timing of the ResMed rejection was consistent with a pattern I had experienced before: a rejection notice sent at an unusual time, including late at night, overnight, or on weekend without any human contact or meaningful explanation.

26. In some instances, I received rejection notices suggesting I did not meet minimum qualifications even though, based on the posted requirements and my background, I believed I met or exceeded those requirements.

27. Of the applications I submitted through the Workday platform, I was either rejected or did not receive a response for nearly all of them. I do not recall being contacted by a human or receiving an interview in response to any of my applications. I also did not receive any individualized feedback that would allow me to understand why I was rejected or how I could correct anything in a future application.

28. Moreover, I have rarely known whether a job I applied for has been filled or whether the position has remained open or has been reposted. As an applicant, that information is generally not available to me.

29. I do not claim to know the internal names of Workday's software features or exactly how Workday's algorithms, models, scoring tools, or integrations work. What I know from my own experience is the result: when Workday was the gateway or appeared to be part of the screening process, I was repeatedly rejected without meaningful human contact, meaningful explanation, or an opportunity to correct or challenge the decision.

30. My experience applying through the Workday platform stands in stark contrast to my experience when human beings evaluated my candidacy. When my applications were reviewed by human recruiters and hiring managers, I repeatedly advanced to final-round interviews and received offers. I was fortunate to obtain my current position with Allstate Insurance before the company adopted Workday. Despite demonstrating my success as an Allstate employee for the past five-plus years, I believe that I would not have been hired by Allstate, if I had been required to apply via the Workday platform. None of the employers that I applied to through the Workday platform ever contacted me to recommend that I apply for other positions with them. If I had been contacted, I would have applied for the recommended positions.

31. Although I have done my best to provide an accurate representation of my applications via the Workday platform, it must be noted that an applicant like me does not necessarily have access to a complete history of his applications through Workday. In some instances, the Workday platform has not preserved a complete history of my applications to a given company. For example, when I log on to my company-specific portal on the Workday platform, the portal may not show a past application, may show only a limited history, or may retain my applications for only a period of time. Because of the number of applications and the way these systems operate, an applicant like me cannot always reconstruct every application from the Workday platform alone.

## V. DETERRENCE AND HARM

32. Because my applications have been repeatedly rejected through the Workday platform, I have become discouraged from applying for jobs that use Workday. The pattern of rejections has made continuing to apply through Workday feel futile.

33. When I see that an employer uses Workday, I often decide not to continue with the application. Based on my experience, I expect the same result: rejection or no response.

34. However, because employers in my field and geographic area commonly use Workday's application platform, I may have no choice but to submit future job applications through that platform.

35. I continue wanting better employment. I want to use my qualifications to obtain stable work, improve my compensation, and advance my career.

36. My job-search activity has become much more limited recently because of my past experience with Workday and the frustration caused by repeated rejections, as well as the demands of my current job.

37. The repeated rejections have caused me to lose employment opportunities, income, and career advancement opportunities. They have also caused frustration, discouragement, and emotional distress.

## VI. COMMON EXPERIENCE, TYPICALITY, AND CLASSWIDE RELIEF

38. My experience with the Workday platform was not limited to a single employer, a single job posting, or one isolated hiring decision. I experienced a similar pattern across multiple employers and about a hundred positions, spanning multiple industries and time periods.

39. From my perspective as an applicant, the common feature was Workday, Inc's online job-application platform. For the majority of my applications, I was required to submit information through the platform; I had no practical ability to control how the platform evaluated that information; and I generally was not told how any screening, ranking, scoring, or dispositioning decision was made.

40. I believe my claims are typical of the claims of other applicants in the protected groups I seek to represent – African Americans and disabled applicants – because my claims arise from the same use of Workday's AI-based applicant recruitment, screening, rejection, scoring, ranking, shortlisting, or recommendation process and candidate-selection tools, including HiredScore Spotlight, Fetch, and Candidate Skills Match.

41. I seek relief that would benefit the class as a whole, including declaratory relief, injunctive relief, changes to Workday's screening practices, and appropriate monetary relief for applicants harmed by the challenged process.

## VII. ADEQUACY AND WILLINGNESS TO SERVE

42. I am willing to serve as a class representative for the subclasses and claims that correspond to my protected characteristics and experience. I understand that this role requires me to protect the interests of absent class members and not place my personal interests ahead of theirs.

43. I do not have any conflict with the class members I seek to represent. My interests are aligned with theirs: to challenge Workday's employment practices and obtain relief that makes Workday's process fairer for applicants.

44. I have participated in this litigation by communicating with counsel, providing information, searching for and producing documents available to me, responding to discovery, appearing for deposition, and remaining available to assist counsel. I have appeared for two depositions in this matter, on December 4, 2024, and on June 16, 2026.

45. I understand that my lawyers handle legal filings and legal strategy, but I also understand my responsibility to provide truthful information, participate in discovery, assist counsel, and make decisions in the best interests of the class.

46. I am prepared to continue participating in this case, including by responding to additional reasonable requests for information, providing trial testimony if required, reviewing major developments with counsel, and considering settlement or class-wide relief issues with the

interests of the class in mind.

47. Attachment A is a true and correct copy of the documents related to my applications through the Workday platform referenced in my declaration.

48. I respectfully submit this declaration in support of Plaintiffs' Motion for Class Certification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 9/14/2026, at Charlotte, North Carolina.

Signed by:
Derek L Mobley
11437FD7EB31415...

DEREK L. MOBLEY

# ATTACHMENT A

**From:** Derek Mobley
**To:** Roderick Cooks
**Subject:** Fwd: Application Status Update from Fiserv

---------- Forwarded message ---------
From: **Workday fiserv** <fiserv@myworkday.com>
Date: Mon, Apr 1, 2019, 9:40 AM
Subject: Application Status Update from Fiserv
To: [redacted]>

Dear Derek ,
Thank you for your interest in the Client Support Representative position. While you have many positive attributes, unfortunately you have not been chosen for further consideration. We hope that you'll consider other opportunities with Fiserv. Please visit our career page at https://www.careers.fiserv.com/ to see the latest openings and join our Talent Network. Thank you for your interest in Fiserv, and best wishes for a successful career search.

The Fiserv Recruiting Team

Business Process: Job Application: Derek Mobley - R-10107425 Client Support Representative on 03/31/2019
Subject: Derek Mobley - R-10107425 Client Support Representative
Workday

This email was intended for [redacted]

# Fwd: New WORKDAY DECLINE ResMed application update for Customer Support Representative

Derek Mobley [redacted]
Thu 1/11/2024 8:08 AM
To:Roderick Cooks <rcooks@winstoncooks.com>

Hey Rod:

Turned down again via the Workday Platform just today. And look at the time 3:52 AM!!

---------- Forwarded message ---------
From: **Workday** <resmed@myworkday.com>
Date: Thu, Jan 11, 2024 at 3:52 AM
Subject: ResMed application update for Customer Support Representative
To: [redacted]

Dear Derek ,

Thank you for your interest in employment with ResMed in our Customer Support Representative position. We genuinely appreciate all who invest time to pursue a new career opportunity with us.

At this time, we've decided to pursue other candidates who more closely match the job requirements of this position.

We understand that this may be disappointing news, however your relationship with ResMed doesn't end here. We will maintain your records and should a position open that matches your qualifications, please feel free to apply. We also encourage you to visit our website and follow us via our LinkedIn page to keep track of new opportunities.

Again, thank you for your interest and we wish you the absolute best of luck in your search!

Thank you,
ResMed Talent Acquisition team

Business Process: Job Application: Derek Mobley - JR_028414 Customer Support Representative on 01/09/2024
Subject: Derek Mobley - JR_028414 Customer Support Representative
Click here to view the notification details.