# D10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**DEREK L. MOBLEY; JILL E. HUGHES; SHEILAH JOHNSON-ROCHA; and FAITHLINH ROWE,** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**WORKDAY, INC.**

Defendant.

**Case No. 3:23-cv-00770-RFL**

**DECLARATION OF RENARD BURKS**

Courtroom: 15, 18th Floor

Judge: Hon. Rita F. Lin

I, Renard Burks, declare as follows:

1. I am over the age of 18 and a resident of Rowlett, Texas. I have personal knowledge of the facts stated in this declaration.

2. I am an opt-in plaintiff in *Mobley et al. v. Workday, Inc.*, Case No. 3:23-cv-00770-RFL, pending in the United States District Court for the Northern District of California.

3. I was born on [redacted] 1971. At all times relevant to this declaration, I was over the age of forty. I am African American. I have one or more documented disabilities: my disabilities include diabetes and anxiety.

**4.** At some point between September 24, 2020, and the present, I have actively applied for employment with numerous companies.

**5.** Many of the employers to which I applied used Workday, Inc.'s online job-application platform to receive and process my applications. I understood that these applications were processed through Workday because the application portals were Workday-branded and the confirmation and rejection emails I received came from sender addresses at the myworkday.com domain (for example, ascentgl@myworkday.com, broadcom@myworkday.com, citi@myworkday.com, deckers@myworkday.com ensemblehp@myworkday.com, fmr@myworkday.com, gaig@myworkday.com, garlandtx@myworkday.com,

iqvia@myworkday.com, kyndryl@myworkday.com, mckesson@myworkday.com, my7elevenhr@myworkday.com,pnc@myworkday.com, sedgwick@myworkday.com, swa@myworkday.com, toyota@myworkday.com, vizient@myworkday.com).

6. During this period, I submitted nearly 25 applications to approximately 20 employers using the Workday platform. These included, but are not limited to, applications to 7-Eleven, American Airlines, AT&T, Broadcom, Citi, City of Garland, Deckers Brands, Ensemble Health Partners, Fidelity Investments, Great American Insurance Company, IQVIA, Kyndryl, McKesson, NVIDIA, PNC, Sedgwick, Southwest Airlines, Toyota, USAA, Vizient, and others.

7. In submitting these applications, I provided my work history, education, skills, and a resume through the Workday application system.

8. I am well qualified for the positions to which I applied. I hold a Bachelor of Science in Electrical Engineering Technology from Prairie View A&M University. I hold multiple professional certifications, including a Professional Scrum Product Owner (PSPO) certification, a Professional Scrum Master (PSM), a Lean Six Sigma Green Belt (LSSGB), COBIT 2019, an ITIL Foundation certification, HIPAA certification, and Bloodborne Pathogen certification. I have more than three decades of professional experience in product ownership, product management, Agile development, digital transformation, cybersecurity, and information technology. For many of the positions to which I applied through Workday, I met or exceeded the stated minimum qualifications.

9. Of the applications I submitted through the Workday platform, I was either rejected or received no response for nearly all of them. I do not recall receiving any interviews or offers through any application that I submitted through the Workday platform.

10. Many of the rejections I received through the Workday platform appeared to be automated and generated without any human review of my application.

11. My experience applying through the Workday platform stands in stark contrast to my experience when human beings evaluated my candidacy. When my applications were reviewed by human recruiters and hiring managers, I repeatedly advanced in hiring processes and received favorable responses. For example, in October 2025, a recruiter at Globant who had reviewed my application personally notified me that the hiring process was paused for logistical reasons and confirmed that my "profile truly stood out" and that the decision was "not related to your qualifications or performance." Separately, in October 2025, a recruiter from Optomi contacted me regarding a Product Owner role with Toyota Motors, stating that she had reviewed my background and that I had "great experience that aligns very well with this role," and submitted me for the position. Finally, in December 2025, I applied for a Product Owner position with Yoh Consulting. I received an interview and ultimately an offer, which I accepted.

12. None of the employers that I applied to through the Workday platform ever contacted me to recommend that I apply for other positions with them. If I had been contacted, I would have applied for the recommended positions.

13. Based on my experience, I believe that Workday's screening of my applications affected my ability to be considered for these jobs on equal footing with other applicants and that my age, race, and disability could have been factors in this screening.

14. I continue to seek employment and intend to apply for jobs in the future. Because employers in my field and geographic area commonly use Workday's application platform, I intend to and expect to submit future job applications through that platform.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 9/9/2026, at Rowlett, Texas.

DocuSigned by:
Renard Burks
0EFFA0623275437...

RENARD BURKS