# T5

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
ERIN M. CONNELL (STATE BAR NO. 223355)
econnell@orrick.com
KAYLA D. GRUNDY (STATE BAR NO. 300513)
kgrundy@orrick.com
ALEXANDRIA R. ELLIOTT (STATE BAR NO. 320293)
aelliott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
WORKDAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. MOBLEY, for and on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORKDAY, INC.,<br><br>Defendant. | Case No. 3:23-cv-00770-RFL<br><br>**RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant WORKDAY, INC.

SET NUMBER: ONE (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Workday, Inc. hereby responds and objects to Plaintiffs' Requests for Admissions (the "Requests"), dated June 15, 2026.

**GENERAL OBJECTIONS**

1. Workday responds to the Requests based on the information currently available to it, given that discovery in this case is ongoing. Nothing contained in these responses shall in any way limit Workday's ability to make all uses at trial or otherwise of the information referenced herein or of any information or other evidence that may be discovered in the future. Further discovery, independent investigation, and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth. Workday has made its best effort to respond accurately to the Requests, but reserves the right to amend its objections and responses. The responses contained herein are made in a good faith effort to comply with the Federal Rules of Civil Procedure but are in no way deemed to prejudice Workday with respect to further discovery, research, and analysis.

2. Workday objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest doctrine, and/or any other applicable privilege or protection. If supplying any of the requested information would result in waiving any applicable privilege or objection based on any such privilege or protection, Workday objects to providing such information and will not do so. If Workday inadvertently discloses any information falling within any applicable privilege or protection, Workday does not intend to waive the applicable privilege or protection and expressly reserves the right to claw back any such inadvertent disclosure.

3. Workday objects to the Requests to the extent they are vague, ambiguous, confusing, overbroad in scope, unduly burdensome, oppressive, premature, or seek information that is not relevant to the subject matter of this litigation or not proportional to the needs of the case.

4. Workday objects to the Requests to the extent that they seek information that is

protected from disclosure by the privacy rights of third-party non-litigants, or seek disclosure of information subject to confidentiality agreements or protective orders outside this litigation.

5. Workday objects to the Requests to the extent that they purport to require Workday to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure and any applicable rule or statute.

6. Workday objects to the Requests to the extent they call for confidential, proprietary, and/or trade secret information.

7. Workday objects to the Requests as compound, unduly burdensome, oppressive, and harassing because they fail to state the requests with specificity and specifically to the extent Plaintiffs duplicate requests, fail to differentiate requests from one another, or include multiple unrelated subparts for each request such that Workday must expend significant effort to untangle what it suspects Plaintiffs seek. Workday responds to the Requests only as specifically identified and based on its understanding of otherwise unintelligible requests.

8. Workday objects to the Requests as unduly burdensome and duplicative to the extent that they seek information already within Plaintiffs' possession, custody, or control, or already sought by other discovery requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to and without waiving any of its General Objections, and incorporating each of them by reference into each response below, Workday responds specifically to Plaintiffs' individual Requests as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Workday offers software used by customers to receive and process job applications.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous, including the phrase "receive and process job applications."

**REQUEST FOR ADMISSION NO. 25:**

Admit that whether Candidate Skills Match disproportionately screens out members of a protected group is a question capable of being evaluated using statistical methods applied across groups of applicants, rather than only one applicant at a time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases “disproportionately screens out,” “protected group,” and “statistical methods.” Workday further objects to this Request on the grounds that it improperly seeks an admission on a legal question rather than facts. Workday also objects to this Request on the grounds that it lacks foundation and assumes facts not in evidence regarding the functionality of Candidate Skills Match. Candidate Skills Match does not “screen out” applicants; it provides data points that customers may use, if at all, in whatever manner they choose.

Subject to and without waiving these objections, Workday responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, prior to the launch of Candidate Skills Match on September 11, 2021, Workday did not perform any statistical testing for adverse impact based on age with respect to Candidate Skills Match.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases “statistical testing,” “adverse impact,” and “based on age.” Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday

admits that it conducted testing of Candidate Skills Match at the direction of counsel for the purpose of facilitating the provision of legal advice. Except as expressly admitted herein, denied.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, during calendar year 2022, Workday did not perform any statistical testing for adverse impact based on age with respect to Candidate Skills Match.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases "statistical testing," "adverse impact," and "based on age." Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday admits that it conducted testing of Candidate Skills Match at the direction of counsel for the purpose of facilitating the provision of legal advice. Except as expressly admitted herein, denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that, during calendar year 2023, Workday did not perform any statistical testing for adverse impact based on age with respect to Candidate Skills Match.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases "statistical testing," "adverse impact," and "based on age." Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to

facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday admits that it conducted testing of Candidate Skills Match at the direction of counsel for the purpose of facilitating the provision of legal advice. Except as expressly admitted herein, denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that, during calendar year 2024, Workday did not perform any statistical testing for adverse impact based on age with respect to Candidate Skills Match.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases "statistical testing," "adverse impact," and "based on age." Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday admits that it conducted testing of Candidate Skills Match at the direction of counsel for the purpose of facilitating the provision of legal advice. Except as expressly admitted herein, denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that, through December 31, 2024, Workday did not perform any statistical testing for adverse impact based on age with respect to Fetch or Spotlight.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms and phrases "through December 31, 2024," "statistical testing," "adverse impact," and "based on age." Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the

grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday admits that Workday's non-privileged testing of Fetch and Spotlight is based on applicant's self-disclosed demographic data. Because applicants do not disclose their age as part of the application process, Workday's non-privileged testing did not include an age variable. Except as otherwise stated, denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Workday has not performed any statistical testing for adverse impact based on age with respect to any Workday AI product used to evaluate, rank, score, sort, prioritize, recommend, screen, or reject job applicants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms "statistical testing," "adverse impact," "based on age," and "Workday AI product." Workday further objects to this Request to the extent it implies that Workday is required to take any action not required by law. Workday also objects to this Request on the grounds that it lacks foundation and assumes facts not in evidence regarding Workday's products and features, including what they are capable of doing and how they may be used by customers. Workday further objects to this Request on the grounds that it seeks to have Workday take a position on matters protected by the attorney-client privilege, work product doctrine, or other applicable privilege, including analyses conducted at the direction of counsel to facilitate the provision of legal advice.

Subject to and without waiving these objections, Workday responds as follows: Workday admits that Workday's non-privileged testing of Fetch and Spotlight is based on applicant's self-disclosed demographic data. Because applicants do not disclose their age as part of the application process, Workday's non-privileged testing did not include an age variable. Except as

otherwise stated, denied

**REQUEST FOR ADMISSION NO. 32:**

Admit that applicants who submit job applications on the Workday platform submit those applications through the same Workday-operated platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Workday incorporates by reference each of its General Objections as if fully stated herein. Workday objects to this Request on the grounds that it is vague and ambiguous including the terms "job applications," "Workday platform," and "same Workday-operated platform." Workday further objects to this Request on the grounds that it lacks foundation, is unintelligible as drafted, and presupposes that there is a single platform through which all applicants submit applications, rather than to individual Workday customers. Workday also objects to this Request to the extent it implies that applicants submit application data to Workday rather than to Workday's customers.

Subject to and without waiving these objections, Workday responds as follows: Denied.

Dated: July 31, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ *Kayla Grundy*
Julie A. Totten
Erin M. Connell
Kayla Delgado Grundy
Attorneys for Defendant
WORKDAY, INC.

**PROOF OF SERVICE**

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105-2669. On July 31, 2026, I caused to be served the following document(s):

**WORKDAY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

By Electronic Service: On the interested parties in this action by transmitting true and correct copies of the document identified above in Portable Document Format ("pdf") via electronic mail ("e-mail") from the email address aelliott@orrick.com to the email addresses as follows.

Lee Winston
lwinston@winstoncooks.com
Roderick Cooks
rcooks@winstoncooks.com
Bethany Neal
bneal@winstoncooks.com
Winston Cooks, LLC
420 20th Street North
Suite #2200
Birmingham, AL 35203

Jay Greene
greeneattorney@gmail.com
JAY GREENE LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr.
rwiggins@wigginschilds.com
Ann K. Wiggins
awiggins@wigginschilds.com
Jennifer W. Smith
jsmith@wigginschilds.com
Nicki L. Lawsen
nlawsen@wigginschilds.com
Samuel Fisher
sf@wigginschilds.com
Lori Kisch
lkisch@wigginschilds.com
Malik Moore
mmoore@wigginschilds.com
Jennifer Swedish
jswedish@wigginschilds.com
Meredith Burrell
mburrell@wigginschilds.com
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 31, 2026.

/s/ *Alexandria Elliott*
Alexandria Elliott