WIGGINS CHILDS
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

THE KRESS BUILDING · 301-19TH STREET NORTH · BIRMINGHAM, ALABAMA 35203
205-314-0500 MAIN · 205-254-1500 FAX · www.wigginschilds.com

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
RACHEL LEE McGINLEY
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
CHRISTINA MALMAT
ERIC C. SHEFFER
NICKI L. LAWSEN

TIMOTHY B. FLEMING**
TERRILL W. SANDERS
LORI B. KISCH***
JENNIFER M. SWEDISH****
MEREDITH L. BURRELL*****
OF COUNSEL

ROBERT F. CHILDS, JR.
(1947-2018)

*Licensed only in FL & KS
**Licensed only in DC
***Licensed in Maryland & DC
****Licensed in New York & DC
*****Licensed in Maryland only

September 25, 2026

Magistrate Judge Laurel Beeler
U.S. District Court
Northern District of California
Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Derek L. Mobley, et al. v. Workday, Inc.*,
Case No: No. 3:23-cv-00770-RFL Plaintiffs' Letter Brief Seeking a Protective Order

Dear Magistrate Judge Beeler:

Pursuant to ECF No. 293 and this Court's Standing Order, Plaintiffs submit the enclosed Discovery Letter Brief.

Respectfully submitted,

/s/ Meredith L. Burrell
Meredith L. Burrell

**PLAINTIFFS' EXHIBIT A**

Without any advance consultation, without leave of Court, and without a stipulation from Plaintiffs, Defendant served deposition notices on thirty-eight (38) putative class members, on Monday, September 21, 2026, purporting to schedule all 38 depositions of individuals who submitted declarations in support of Plaintiffs motion for class certification to occur over the next two and half weeks. Whether Workday should be granted leave to exceed ten depositions is addressed in Plaintiffs' response to Workday's letter motion, filed concurrently. This motion addresses defects that Workday's motion does not mention at all. Civil Local Rule 30-1 required Defendant to confer with Plaintiffs' counsel about scheduling before noticing any of these depositions; Defendant did not do so. Federal Rule of Civil Procedure 30(a)(2)(A)(i) required Defendant to obtain leave of Court or a stipulation before noticing more than ten depositions; Defendant did neither, and instead unilaterally noticed nearly four times that number. In addition, the four-business-day notice period for 38 depositions in two and one-half weeks is facially unreasonable and imposes an undue burden on Plaintiffs' counsel and the passive class members. Plaintiffs therefore move for a protective order striking or quashing 38 deposition notices and requiring that any future notices comply with Rule 30(a)(2)(A)(i) and Civil Local Rule 30-1.

**Meet and Confer**

After receiving the improperly served deposition notices, Plaintiffs requested that Workday withdraw them and initiate a proper meet and confer consistent with the Local Rules or state its availability for a meet and confer regarding an anticipated motion for a protective order. *See* Exhibit 1 at 2. On September 23 the Parties met and discussed potential agreement regarding the number and timing of depositions. Workday's September 24 summary of the meet and confer records that Plaintiffs "suggested they would agree to five declarant depositions," that Workday asked "whether Plaintiffs would agree to 20," that Plaintiffs "said 20 seemed high, but they would confer internally," and that "[t]he Parties agreed to continue discussions by email today." Notwithstanding its acknowledgement of the Parties' agreement to continue conferring, Workday also asserted that it "underst[ood] that we will not reach agreement" and would "serve our motion this afternoon." Neither during the meet and confer nor in its email summary did Workday specify what relief it intended to seek in a motion. Workday then served a letter brief seeking relief from the 10-deposition limit.

**Workday's Notices Violate Local Rule 30-1**

Civil Local Rule 30-1 is unambiguous: before noticing the deposition of a party or a witness affiliated with a party, the noticing party "***must confer about the scheduling of the deposition with opposing counsel***." N.D. Cal. Civ. L.R. 30-1 (emphasis added). The 38 declarants are passive class members represented, for purposes of the class certification proceedings and this litigation, by Plaintiff's counsel; they are witnesses affiliated with a party within the meaning of the Rule. Defendant was therefore required to confer with Plaintiffs' counsel about the scheduling of each deposition before serving notice. Workday also did not consider the passive class members nonparties for whom scheduling a meet and confer could occur after service, because service on nonparties requires a subpoena, which Workday did not include. *See* Civ. Local Rule 30-1 (allowing scheduling meet and confer to occur after service of a subpoena on a nonparty). Under any construction of Local Civil Rule 30-1, Workday did not comply. Defendant served all 38 notices simultaneously, unilaterally selecting dates and times for each deposition without any prior communication to Plaintiffs' counsel regarding availability, scheduling conflicts, or logistics. This precisely the conduct Local Rule 30-1 intends to prevent: unilateral scheduling that disregards the convenience of witnesses, counsel, and the orderly conduct of discovery.

**Workday's Notices Violate F.R.C.P. 30**

Rule 30(a)(2)(A)(i) presumptively limits each side to ten depositions absent leave of court or a stipulation of the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). Workday's 38 noticed depositions

exceed that limit nearly four times over. Workday has already taken seven depositions and has noticed the depositions of Plaintiffs' three expert witnesses, which will exhaust the established limit of ten. In this circumstance, the requirement of leave or stipulation is not a formality that can be satisfied after the fact, and it is not excused merely because the proposed deponents are declarants in support of a pending motion. To the contrary, where a party wishes to depose a large number of individuals beyond the presumptive limit, Rule 30(a)(2)(A)(i) requires it to make that showing to the Court in advance, so that the Court can weigh the request against the Rule 26(b)(1) proportionality factors—including the burden on the witnesses, the marginal value of additional depositions beyond the first ten, and the relationship between the discovery sought and the claims and defenses at issue. The Parties have acknowledged this standard by stipulation in this case. *See* ECF No. 384-1 and 278 at 3-4.

Rule 23 requires Plaintiffs to prove commonality and typicality, and that proof comes from class members. Passive class members are not normally subject to discovery. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) (An absent class member "is not required to do anything" and "may sit back and allow the litigation to run its course."). Workday's position — that these declarants "injected themselves into this litigation"— would make the act of supplying the evidence Rule 23 demands the very thing that forfeits the protection of absent status. The Eleventh Circuit rejected the equivalent maneuver in *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir.), *cert. denied*, 479 U.S. 883 (1986). Even where courts have permitted depositions of passive class members who have submitted declarations in support of class certification, there is not an unqualified right to depose every putative class member who is a declarant, untethered to other limits on numerosity, burden, and proportionality of discovery. *See, e.g. Vasquez v. Leprino Foods Co.,* No. 1:17-cv-00796-AWI-BAM, 2019 U.S. Dist. LEXIS 165801, at *6 (E.D. Cal. Sept. 25, 2019) (permitting depositions of five of 33 declarants who had not been previously identified as potential witnesses). A party seeking to exceed the number of depositions must still show a particularized and specific need for such depositions, an effort Workday did not even purport to undertake in asserting an unqualified right to depose every declarant. Although Workday has asserted the depositions are "tailored" to cross examining the declarations, no such tailoring is evident on the face of the deposition notices or otherwise.

Because Workday noticed nearly four times the presumptive per-side limit without leave of Court or a stipulation, the notices are improper in their entirety and the Court should strike or quash them and issue an immediate stay pending resolution of Workday's related motion for relief from the ten-deposition limit.

**<u>Protection Is Also Warranted Because the Notices Present an Undue Burden</u>**

A protective order is independently warranted under Rule 26(c) because the notices are manifestly unreasonable. Defendant has set 38 depositions to occur within approximately two and one-half weeks, four per day, beginning only four business days after service of the notices, and during a period when expert depositions are already being taken in this case. As a practical matter, this schedule would require Plaintiff's counsel to prepare dozens of lay witnesses for depositions, many of them individuals with no prior litigation experience, while simultaneously preparing for and defending expert depositions, on a timeline that affords no meaningful opportunity to do so properly. To Workday's assertion that Plaintiffs should have known that that Workday would seek these depositions, Plaintiffs note that in August, Workday rejected a proposal that the Parties mutually agree to expand the number of depositions, in which Plaintiffs expressly noted that they expected Workday may wish to take more than ten depositions. *See* Exhibit 3. In light of Workday's refusal to entertain such a proposal in a timely manner, combined with the fact that Workday has already taken individual discovery from every declarant, *see* Exhibit 1 at 2, there is no reason Plaintiffs should have expected that Workday would insist on a rushed and unreasonable schedule now.

**Workday's Response**

## I. INTRODUCTION

Plaintiffs seek an order "striking or quashing 38 deposition notices and requiring that any future notices comply with Rule 30(a)(2)(A)(i) and Civil Local Rule 30-1." But no such order is needed. Whether Workday may proceed with depositions of the party plaintiff declarants is already before the Court in Workday's motion for relief, served before Plaintiffs prepared their current request. Workday has also agreed to meet and confer before setting additional depositions consistent with the Local Rule. Despite these undisputed facts, Plaintiffs filed this Motion to (1) circumvent the two-page limit on their opposition to Workday's motion; (2) burden Workday with duplicative briefing during its short window to prepare its opposition to Plaintiffs' 45-page Motion for Class Certification and nearly 1,000 pages of supporting documents; and (3) attempt to embarrass Workday through implications of Rule violations when Plaintiffs themselves have repeatedly disregarded this Court's Local Rules. The Court should disregard Plaintiffs' later-filed discovery dispute and admonish Plaintiffs for abusing the discovery motion process.

## II. BACKGROUND

On September 14, 2026, Plaintiffs filed their Motion for Class Certification (ECF No. 418) (the "Motion"), attaching 38 declarations from opt-in plaintiffs and putative class members to the declaration of Meredith Burrell (ECF No. 419). On September 21, 2026, Workday noticed the depositions of the 38 declarants. On the afternoon of September 22, 2026, Plaintiffs requested a call to discuss the notices and the parties met via videoconference on September 23, 2026. During the meet and confer, Workday did not demand the declarants appear on the originally noticed dates and expressed willingness to discuss the number, scope, and timing of depositions. Plaintiffs, however, refused to produce any declarant before October 16, 2026, citing counsel availability and the lack of availability from their clients, and insisted on mutuality of any agreement. On the morning of September 24, 2026, Workday informed Plaintiffs that the mutuality prerequisite was a nonstarter and that Workday would seek the Court's guidance. Workday served its motion the same day.

Plaintiffs served this Motion the following afternoon, September 25, 2026. On Monday, September 28, 2026, Workday responded to express confusion about Plaintiffs' Motion given Workday's pending motion. Workday confirmed that it did not expect any declarants to appear on the noticed dates and intended to await the Court's guidance. Workday also confirmed that it would align on deposition dates before issuing future notices. Nevertheless, Plaintiffs refused to withdraw the current Motion. *See* Exhibit A.

## III. ARGUMENT

### A. The Parties Have Met and Conferred

Plaintiffs assert that the deposition notices violate Civil Local Rule 30-1 because the parties did not meet and confer before serving them. This argument is moot. Before either party served a letter brief, the parties engaged in a substantive meet and confer regarding dates and witness availability. The parties were unable to reach agreement, and that substantive dispute is already before the Court. *See First Resort, Inc. v. Herrera*, 2014 WL 589054, at *6 (N.D. Cal. Feb. 14, 2014) (allegation of Local Rule 30-1 violation mooted because "the parties have met and conferred since the filing of the respective joint letter").

### B. The Requested Depositions Are Consistent with Rules 26 and 30

As discussed in Workday's motion for relief from the deposition limit, the Rule 26(b)(2) factors weigh in favor of granting Workday's requested relief. The Court will assess the Rule 26 factors

in connection with Workday's motion and should disregard Plaintiffs' attempt to extract additional pages in violation of this Court's specially set discovery motion practice for this matter. ECF No. 335. In short, the discovery is not cumulative or duplicative; there are no less burdensome means of obtaining this information because Workday cannot access each declarant's specific knowledge; Workday could not have obtained this discovery earlier; and the burden of conducting these depositions is outweighed by the importance of guaranteeing Workday's right to defend itself against the pending motion for class certification.

Plaintiffs cite a non-binding Eleventh Circuit case for the proposition that deposing declarants runs contrary to the evidentiary burden under Rule 23. This argument should be disregarded. Courts in the Ninth Circuit consistently permit depositions of individuals who submitted declarations in support of class certification because those individuals "injected themselves" into the litigation. *See, e.g., Vega v. DNC Parks & Resorts at Asilomar, Inc.*, 2023 WL 2617044, at *5 (E.D. Cal. Mar. 23, 2023) (listing cases).

### C. Any Burden is Outweighed by the Importance of the Issues in this Litigation

Workday's interest in defending itself outweighs any minor burden on Plaintiffs. Workday has the right to gather evidence to refute Plaintiffs' claims, particularly in opposition to a motion for class certification. By submitting declarations, Plaintiffs concede that the declarants' information is relevant to their claims.

Plaintiffs fail to address that they have ***fourteen*** counsel of record in this case. Additionally, Plaintiffs have already represented to the Court that they have additional resources available at their fingertips. *See* ECF No. 238. Workday is not seeking 7-hour depositions of each declarant, but rather, has proposed depositions limited in both duration and scope to minimize burden. Courts in the Ninth Circuit routinely recognize the appropriateness of depositions under such circumstances. *See Aldapa v. Fowler Packing Co., Inc.*, 2019 WL 2635947, at *7 (E.D. Cal. June 27, 2019) (no burden where absent class members submitted declarations); *see also Barnes*, 2012 WL 13060044, at *2 (burden alleviated by limiting length of depositions); *Vasquez v. Leprino Foods Co.*, 2019 WL 4670871, at *4 (E.D. Cal. Sept. 25, 2019) (four-hour cap per deposition); *Haro v. Walmart, Inc.*, No. 121CV00239ADASKO, 2022 WL 6224202, at *4 (E.D. Cal. Oct. 6, 2022) (three-hour cap per Zoom deposition); *Barnes*, 2012 WL 13060044, at *2 (35-hour collective cap for nine declarant depositions).

Plaintiffs continue to insist that Workday's deposition notices took them by surprise, but such surprise is not credible.[1] Deposing individuals who filed declarations in support of class certification is commonplace and routinely permitted. *See Vega*, 2023 WL 2617044, at *5-6 (permitting defendant to depose all putative class member declarants because "each declarant proffers testimony about their personal experiences").

## IV. CONCLUSION

Plaintiffs' Motion is either moot or duplicative. Workday respectfully requests that the Court disregard it.

---

[1] Neither is Plaintiffs' complaint about the Local Rules credible. While Workday strives to comply with all Court rules, it promptly corrected itself and met and conferred with Plaintiffs. Plaintiffs, on the other hand, regularly flout this Court's Local Rules and Standing Orders. As just one recent example, notwithstanding Judge Lin's Standing Order requiring all timely filings be submitted by 5:00pm, Plaintiffs filed their Motion for Class Certification near midnight, depriving Workday of hours of potential review time. Plaintiffs cannot demand strict compliance while not complying themselves.

## PLAINTIFFS' REPLY

**Plaintiffs' Motion is Not Moot:** Workday is mistaken in representing that the relief sought in this motion was "already before the Court in Workday's motion for relief served before Plaintiffs prepared their current request" (*supra* at p. 3). Plaintiffs' motion was served on Friday afternoon, September 25, 2026, only *after* Workday *refused to withdraw* the notices which **required** Plaintiffs to attend four of those 38 depositions the next business day if they did not timely seek a protective order. The Ninth Circuit and Rule 37(d) place the risk of not seeking a protective order, and the risk of sanctions under Rule 37(d), on the deponent. *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 U.S. Dist. LEXIS 14786, at *6-7, 2013 WL 438669 (D. Nev. Feb. 1, 2013) (it is incumbent on noticed party to move for protection rather than fail to appear). Workday's conduct left Plaintiffs with no choice but to quickly seek to meet and confer regarding their need for a protective order. The parties spoke on September 23 and agreed to continue discussions by email. Pl. Exhibit 2. The next morning, Workday declared agreement impossible and announced a motion "this afternoon," without identifying the relief it would seek. *Id.* Workday thus used the conference Plaintiffs requested on a protective order to satisfy a conferral obligation it had before serving the notices, and ended it while Plaintiffs were still considering their position. Def. Exhibit A at 4.

If any motion was to be withdrawn, it should have been Workday's motion to compel deposition notices that it now argues to have been withdrawn, admits to having been improper under two different Rules, and which never sought the same relief as this motion. Workday opposes Plaintiffs' motion as 'moot" and because the parties supposedly conferred "regarding dates and witness availability . . . [b]efore either party served a letter brief." *Id.* That, however, is not the rule violation at issue; it only underscores the violation and confirms why the relief sought here is needed and not moot. Workday's motion only seeks to *excuse* its admitted violations of the Rules, not provide a protective order against further violations. Voluntary cessation moots a dispute only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Based on the unreasonable number and unreasonable time frame Workday still seeks for the depositions, it is not "absolutely clear" that future scheduling will proceed on a mutual basis. *See* Pl. Exhibit 4 (seeking 19 depositions between October 13 and October 22).

**Workday Has Not Made a Sufficient Showing of Need:** Plaintiffs offered five depositions first, with any further depositions to be addressed if Workday could then show they would not be duplicative. Def. Exhibit A at 2. This is similar to (but more generous than) the standard to which the Parties previously agreed regarding Plaintiffs' deposition plan, when Workday moved for a protective order on the ground that Plaintiffs "**intend to serve** notices for 19 additional individual depositions," arguing that this should not be allowed because: "Plaintiffs **must first take the ten allotted depositions to identify what, if anything, they still need.** . . .To secure leave, [the movant] must make a "particularized showing" of the need for additional depositions. ECF No. 278 (citations omitted). Workday requested an order "(1) limiting Plaintiffs to the presumptive ten-deposition maximum under Rule 30(a)(2)(A)(i) absent a showing of necessary, non-cumulative testimony." *Id.* at 3. The parties agreed to that precondition to seeking more than ten depositions. *See id.* and ECF No. 374-5 at 2. Here, Workday has not shown that depositions beyond ten would not be "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). The declarations were submitted to show that the declarants' experiences are common, and Workday's only showing is that it believes it is entitled to cross-examine all declarants, irrespective of discovery limits courts routinely impose in similar circumstances. *See Vasquez v. Leprino Foods, Co.*, 2019 U.S. Dist. LEXIS 165801, at *6 (E.D. Cal. Sept. 25, 2019).

**Conclusion**: Plaintiffs respectfully request that the Court (1) declare the September 21 notices void; (2) require that any future notice comply with Rule 30(a)(2)(A)(i) and Civil L.R. 30-1; and (3) set a reasonable time frame for conducting any ordered depositions, including at least through November 3, 2026, subject to witness availability and substitution if necessary.

# EXHIBIT 1

**From:** Meredith Burrell
**To:** "Grundy, Kayla Delgado"; Elliott, Alexandria; Totten, Julie A.; Connell, Erin M.; Michaelidis, Chloe; Cygnor, Jennifer
**Cc:** Workday Plaintiff Attorneys
**Subject:** RE: Mobley v. Workday - deposition notices
**Date:** Wednesday, September 23, 2026 9:46:00 AM
**Attachments:** image001.png

Thanks, Kayla. We will send an invitation for 2:30-3:00 Pacific today. While we appreciate that Workday now says it will meet and confer regarding the deposition notices and scheduling, today's meet and confer is necessary on an expedited basis because Workday did not meet and confer in advance of service of the notices, necessitating a prompt determination of whether Plaintiffs will need to seek a protective order. Since you haven't indicated that Workday will withdraw the notices to allow for the discussion between the parties and the scheduling consultation with the declarants that should have occurred in advance of service, our discussion today will be to determine whether Plaintiffs need to move for a protective order with respect to the timing and number of depositions Workday seeks.
Thanks,
Meredith

---

**From:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Sent:** Wednesday, September 23, 2026 12:14 AM
**To:** Meredith Burrell <mburrell@wigginschilds.com>; Elliott, Alexandria <aelliott@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Workday Plaintiff Attorneys <workdaypltfattys@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - deposition notices

Hi Meredith,

We are happy to meet and confer with you about the deposition notices and to coordinate regarding scheduling, as necessary. I could make myself available at 11am or between 2-3pm tomorrow (Wednesday).

---

**From:** Meredith Burrell <mburrell@wigginschilds.com>
**Sent:** Tuesday, September 22, 2026 1:33 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Workday Plaintiff Attorneys <workdaypltfattys@wigginschilds.com>
**Subject:** Mobley v. Workday - deposition notices

**[EXTERNAL]**

Counsel,

We are in receipt of the thirty-eight deposition notices you served last night, purporting to set depositions of all the putative class members who submitted declarations in support of Plaintiffs' class certification motion to take place over the next two and a half weeks. The notices are improper because, among other reasons, they were served in violation of the Court's local rule requiring a meet and confer regarding scheduling before a deposition notice is served, and because they seek depositions in excess of the limit of 10 per side that remains in place in this case. Even absent these issues, the schedule proposed is untenable in light of the anticipated schedule for Workday's depositions of Plaintiffs' experts and the fact that many depositions have been set with less than one week's notice, some with as little as four business days' notice.

All of the individuals to whom Workday issued notices already answered individual discovery propounded by Workday, and their declarations are based on information that was produced in response to that discovery months ago, so the apparent assertion of exigent timing is unjustified. This is true as well for the two declarants on whom Workday served RFPs in addition to deposition notices. *See* documents produced bearing GBARRETO and LEFKOWITZ Bates prefixes (as noted in her declaration, Pam Lefkowitz changed her surname to Derdiger) and interrogatory responses Castanheira.pdf (for Ms. Barreto) and Lefkowitz.pdf (for Ms. Derdiger). If Workday had consulted Plaintiffs through the required meet and confer process before serving their deposition notices, we would have relayed this information.

While Plaintiffs are willing to discuss an approach to the discovery Workday seeks via these notices, we do not agree to proceed based on Workday's unilateral and improper notices. We request that Workday withdraw the notices and initiate a proper meet and confer so that the parties can discuss an appropriate and reasonable approach to this discovery that is consistent with the rules. Otherwise, we intend to seek a protective order and request your availability this afternoon and tomorrow morning to meet and confer regarding a protective order.

Thank you,
Meredith

Meredith L. Burrell
Of Counsel
1050 Connecticut Ave. NW

WIGGINS CHILDS
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

Suite 500
Washington, DC 20036
Direct: (205) 771-5585
mburrell@wigginschilds.com • www.wigginschilds.com

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT 2

**From:** Grundy, Kayla Delgado
**To:** Lori Kisch; Meredith Burrell; Workday Plaintiff Attorneys; Roderick Cooks; Lee Winston
**Cc:** Totten, Julie A.; Connell, Erin M.; Elliott, Alexandria; Cygnor, Jennifer; Michaelidis, Chloe
**Subject:** Mobley v. Workday - follow-up re deposition notices
**Date:** Thursday, September 24, 2026 4:04:00 PM
**Attachments:** image002.png

Counsel,

Thank you for the call yesterday. I write with a summary of the call and the update we committed to providing today on Workday's position.

**First,** by way of summary, we discussed Workday's deposition notices for the 38 individuals who submitted declarations in support of Plaintiffs' class certification motion. I explained that Workday is entitled to take these depositions. They are specifically tailored to the declarations filed last week. Plaintiffs chose to submit these 38 declarations in support of their motion, and therefore Workday is entitled to pressure test their testimony. The subject matter of their written testimony (and any testimony they give in deposition) is relevant to whether the declarants' claims are common, and whether they are similarly situated. Plaintiffs argued that their deposition testimony would be cumulative. This position is meritless. Again, it was Plaintiffs who chose to file the 38 declarations. Plaintiffs cannot now be heard to argue the testimony is cumulative. More fundamentally, testimony about one declarant's experiences applying to jobs allegedly with one or more of Workday's customers is not cumulative of testimony by different declarants regarding their separate experiences. They are different people who applied to different jobs, and Workday is entitled to depose them. Workday noticed the depositions for only half a day, and I confirmed on the call that Workday is willing to limit them further to a stipulated number of hours on the record. Workday also is willing to limit the depositions to cover only the subject matter contained in the declarations filed with the Court.

Plaintiffs emphasized "mutuality" in any agreement between the parties; in other words, that Workday agree to an equal number of depositions for each side. This proposed agreement is not tenable or consistent with law. As we explained, Workday has never taken a firm "no" position on Plaintiffs exceeding FRCP 30's presumptive ten depositions. Our consistent position has been that Plaintiffs must take the first ten, assess what remains, and the parties can determine whether additional depositions are warranted, and if so, how many and for which witnesses. Indeed, Workday has not yet filed its Opposition to Plaintiffs' Motion for Class Certification, nor its Motion for Decertification. Accordingly, Plaintiffs do not even know how many declarations will be at issue for Workday witnesses. Workday's position is entirely consistent with the law, which states that the Court "must" grant leave for additional depositions so long as the request is consistent with Rule 26. FRCP 30(a)(2).

Plaintiffs suggested they would agree to five declarant depositions but are unlikely to agree to 38. Workday questioned what Plaintiffs' upper limit would be and specifically asked whether Plaintiffs would agree to 20. Plaintiffs said 20 seemed high, but they would confer internally.

With respect to timing, Plaintiffs stated that depositions cannot begin before October 19 because of counsels' competing obligations and the need to prepare the witnesses. Workday stated that it is willing to coordinate regarding scheduling and will not insist on a deposition immediately, but disagrees it is appropriate to schedule only after October 19 in light of the case schedule and the fast-approaching deadline for Workday's Opposition and Motion.

Moreover, Plaintiffs have a large number of lawyers who have appeared in this case and who could handle such depositions. These declarants submitted sworn declarations in support of a contested motion and it was entirely foreseeable that Workday would depose them. Accordingly, and as a compromise between Plaintiffs' October 19 and Workday's September 28 starting positions, Workday asked Plaintiffs to include the week of October 12 in their outreach to collect availability. Plaintiffs declined to begin depositions on October 12, but acknowledged October 16 might be feasible, subject to declarant availability. Plaintiffs agreed to get back to us on whether anything can be scheduled before the 16th. Workday confirmed that while it was willing to entertain the week of October 12 for the first depositions as part of a global compromise, it does not agree such timing is appropriate.

With respect to scheduling, Plaintiffs also noted they intend to take at least four, but maybe more, depositions of Workday in the next "month or so." We will have to discuss Plaintiffs' request at another time, but disagree that it is appropriate for Plaintiffs to seek fact depositions in the middle of class certification briefing.

The Parties agreed to continue discussions by email today to determine whether we can reach agreement or need court involvement. We have not yet heard further from you, but in light of your comments regarding the need for a mutual agreement, we understand that we will not reach agreement. We do not agree to wait to begin depositions until October 19 in light of the briefing schedule. We also do not agree to any purported stipulation regarding "mutuality" for the number of depositions Plaintiffs may take, as Plaintiffs' position is not consistent with the law. Workday has no intention of blocking Plaintiffs from taking depositions to which they are entitled, but because we have not filed any declarations in support of Workday's forthcoming Opposition and Motion, it is impossible to say how many depositions are warranted, and for whom and for what length of time. We will serve our motion this afternoon.

Best,
Kayla

**Kayla Delgado Grundy**
Partner
Pronouns: she/her/hers

Orrick
San Francisco
T 415-773-5537
kgrundy@orrick.com

orrick

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy

# EXHIBIT 3

**From:** Elliott, Alexandria
**To:** Meredith Burrell; Grundy, Kayla Delgado; Totten, Julie A.; Connell, Erin M.; Michaelidis, Chloe; Cygnor, Jennifer
**Cc:** Allen, Karen; Bob Wiggins; Fisher, Samuel; Jen Swedish; Jernigan, Dian; Lori Kisch; Malik Moore; Smith, Jenny; Wiggins, Ann; Wiggins, Traci; Lee Winston; Roderick Cooks; Bethany Neal; Maddie Epstein
**Subject:** RE: Mobley v. Workday - third party discovery and depositions
**Date:** Monday, August 10, 2026 10:34:57 AM
**Attachments:** image003.png
image004.png

---

Hi Meredith,

Thank you for sending these. We noticed that the subpoena titled "Target_Notice of Subpoena" is actually another copy of the Southwest subpoena. Can you please confirm whether there is a separate Target subpoena, and if so, provide it?

As to Plaintiffs' request for a stipulation regarding additional depositions, our position is unchanged. On March 26, 2026, the parties agreed that Plaintiffs would take the ten depositions allotted to them under the Federal Rules before seeking additional depositions, and in exchange, Workday would withdraw its motion for a protective order. That agreement contemplated that, following Plaintiffs' completion of their allotted depositions under the Federal Rules, the parties would meet and confer in good faith to determine whether additional depositions are justified. That is the framework within which the parties agreed to proceed, and it remains Workday's position. Workday remains willing to reconsider the need for additional depositions once Plaintiffs have completed ten depositions. At that point, the parties can meet and confer regarding whether Plaintiffs have demonstrated a need for additional depositions that could not have been addressed through the depositions already taken.

Thank you,

Ali

**Alexandria Elliott**
Senior Associate

Orrick
Sacramento
T 916/329-7975
aelliott@orrick.com

---

**From:** Meredith Burrell <mburrell@wigginschilds.com>
**Sent:** Wednesday, August 5, 2026 3:13 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Allen, Karen <kallen@wigginschilds.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lori Kisch <lkisch@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>; Lee Winston

<lwinston@winstoncooks.com>; Roderick Cooks <rcooks@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Maddie Epstein <mepstein@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - third party discovery and depositions

**[EXTERNAL]**

Counsel,

We amended the compliance locations for the subpoenas to General Motors and NVIDIA provided last week. I've attached an updated subpoena form and deposition notice for those customers. The other documents in those packages were unchanged. In addition, attached please find notice of additional third-party discovery requests, for which Plaintiffs intend to initiate service tomorrow, August 6.

When can you advise us of Workday's position regarding Plaintiffs' proposal for enlarging the number of depositions?

Thank you,
Meredith

---

**From:** Meredith Burrell
**Sent:** Friday, July 31, 2026 1:21 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Allen, Karen <KAllen@wigginschilds.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <DJernigan@wigginschilds.com>; Lori Kisch <lkisch@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Meredith Burrell <mburrell@wigginschilds.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Roderick Cooks <rcooks@winstoncooks.com>; Bethany Neal <bneal@winstoncooks.com>; Maddie Epstein <mepstein@wigginschilds.com>
**Subject:** Mobley v. Workday - third party discovery and depositions

Counsel,

Attached please find notice of third-party discovery requests, for which Plaintiffs intend to initiate service on Monday, August 3. The requested discovery includes deposition requests, and Plaintiffs will meet and confer with the customers and with Workday regarding deposition scheduling consistent with Civil Local Rule 30-1.

If the depositions sought in the attached subpoenas proceed as scheduled, Plaintiffs will have taken ten depositions in the case. Plaintiffs intend to serve additional requests for third party discovery on Workday customers, including requests to take their oral depositions or depositions on written questions pursuant Federal Rules 30 and 31. Such depositions will result in more than ten depositions being taken by the Plaintiffs. While Plaintiffs do not waive any right to argue that a limit of ten depositions should not apply in case of this scale and complexity, and in particular the scale of necessary third-party discovery, we would like to endeavor to reach an agreement about customer depositions rather than engage in motions practice.  Will Workday enter a stipulation regarding customer depositions that permits Plaintiff to notice customer depositions notwithstanding the deposition limit set forth in Rules 30 and 31?

Separately, Plaintiffs believe the parties should confer regarding an enlargement of the number of depositions available for party-witnesses and experts in light of the ongoing discovery needs of this case. In a case of this scale, it is reasonable to stipulate to a number of depositions in excess of ten. While a demonstration of need is necessary for a court to permit excess depositions over an objection, it should not be necessary to transpose that standard onto the parties' efforts to cooperate in making reasonable stipulations regarding discovery. We assume that Workday may wish to depose a number of plaintiffs who are members of the opt-in collective and may have a reasonable need to exceed the presumptive limit of ten depositions.

Plaintiffs propose that the parties stipulate that each side can take up to 25 depositions, exclusive of expert and third-party depositions, without prejudice to their right to seek leave of the court to take additional depositions on an appropriate showing of need after meeting and conferring with the other side. Plaintiffs also propose that the Parties stipulate that they can depose any expert witness designated pursuant to Rule 26, notwithstanding any otherwise-stipulated limit. Regarding third-party depositions, the Parties' needs are not congruent. Plaintiffs intend to pursue customer discovery, which Workday has insisted is necessary. At least based on discovery as of this writing, Plaintiffs have no information from Workday that would inform an evaluation of which customers on Workday's Customer List possess relevant information and no information to make informed judgments about related discovery limitations. For that reason, we seek the separate stipulation regarding customer discovery described above.

Please let us know Workday's position on these issues. Because the parties are already planning to schedule a meet and confer next week to address both sides' discovery requests, we propose this topic be added to the agenda for that meet and confer if the

parties cannot reach agreement before then. We will reach out with proposed dates for the meet and confer once we have an opportunity to assess the volume of Workday's production scheduled for today.

Thank you,
Meredith

WIGGINS CHILDS
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

Meredith L. Burrell
Of Counsel
1050 Connecticut Ave. NW
Suite 500
Washington, DC 20036
mburrell@wigginschilds.com • www.wigginschilds.com

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT A

**From:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Sent:** Wednesday, September 30, 2026 2:55 PM
**To:** Meredith Burrell <mburrell@wigginschilds.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - Plaintiffs letter brief re: deposition notices

Hi Meredith,

To the extent Plaintiffs wish to provide context to the Court to consider in ruling on Workday's motion, the appropriate place to do that is in Plaintiffs' opposition, not an entirely new motion that is moot from the start. Indeed, the explanation below further underscores the improper purpose of Plaintiffs' motion which is not to in fact obtain a protective order—because Workday is demanding nothing from Plaintiffs that they need be protected from—but to obtain additional pages on their opposition to Workday's motion. Workday is asking the Court to advise on how many depositions of Plaintiffs' declarants are appropriate—we think it is all of them and Plaintiffs appear to take the position the appropriate number is five. Once the Court resolves that dispute, the parties will have guidance on next steps. Plaintiffs' apparent emphasis on the notices themselves misses the point—the issue is a substantive, not a procedural one.

To the extent Plaintiffs seek assurances that Workday will confer with Plaintiffs about the dates of any compelled depositions, we have already provided it. Along those lines, however, we hope and expect Plaintiffs have already begun collecting availability from the declarants for possible deposition dates. That process should not wait until the Court's ruling as any meet and confer on dates will need to take place promptly upon receipt of the Court's order given the time sensitivity of the depositions at issue.

For this same reason, Plaintiffs proposal is unworkable. The parties' prior stipulation was made in the context of a years-long discovery process. And, at the time of the stipulation, Plaintiffs had months to complete their discovery and take depositions (which Plaintiffs ultimately did not pursue for several months following the stipulation). The same is not true here. Workday has limited time to prepare its opposition to Plaintiffs' motion, including cross examination of its declarants who provided testimony for the first time on September 14. Five of the almost-40 declarations is insufficient as we already discussed and with a filing deadline weeks away, it is simply not practical to move forward with five now and figure out the rest later; such a plan plainly prejudices Workday. If Plaintiffs will agree to depositions for half of the declarants (19), for which the deponents will be identified exclusively by Workday, to begin October 13 and conclude by October 22 we will withdraw our motion.

**From:** Meredith Burrell <mburrell@wigginschilds.com>
**Sent:** Wednesday, September 30, 2026 11:08 AM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - Plaintiffs letter brief re: deposition notices

**[EXTERNAL]**

Hi Kayla,

We disagree that our motion is frivolous. Plaintiffs are prepared to withdraw their request for a protective order only as part of a mutual withdrawal involving the portion of Workday's letter seeking to compel the noticed depositions. This requires Workday's written confirmation that the September 21 notices are void, that any future deposition notices will issue only after conferral under Civil L.R. 30-1, and that its pending letter brief is limited to Workday's request for relief from the ten-deposition limit. Otherwise, if Workday's position is that the Court should decide the status of the notices, the Court should have the context of our request for a protective order when making that decision.

I also want to clarify the statement in my email regarding revisiting mutuality. What I intended to communicate is that Plaintiffs are willing to revisit our position that the parties should agree to a mutual expansion of the ten-deposition limit. We understand your position to be that a party has the right to cross examine declarants on the contents of their declaration and evidence, and, at the same time, that specific decisions on the number of depositions must be evaluated in context. We appreciate that you acknowledged when we spoke last Wednesday that this general principle would apply to our cross examination of your declarants as well. While we agree in principle regarding the right to cross-examine declarants, we disagree that the right should be absolute and untethered to other discovery limits, and we believe the parties' March stipulation regarding Plaintiffs' deposition plan provides useful guidance. *See* ECF 374-5 (email exchange regarding stipulation).

When we spoke last Wednesday, we offered that Workday could depose five of the declarants. As a starting point, this remains our position, except that we are now offering that without requiring a mutual agreement from Workday that Plaintiffs can have five additional depositions. Each deposition would be limited to two hours and to the contents of the declaration, taken remotely during the deponent's local business hours unless otherwise agreed on an individual basis, and on dates set by agreement beginning October 16. If after taking five depositions, Workday would like to take more of the declarants' depositions, the principles of the Parties' March stipulation would apply: Once Workday has taken the five declarants' depositions and exceeded its 10 depositions permitted under the FRCP, the parties can engage in the substantive analysis contemplated by the stipulation to assess whether Workday can take

additional depositions. Plaintiffs reserve the right to seek to depose any declarants Workday submits in opposition to class certification on the same principle.

Given the deadline for Plaintiffs' response, please let us know today if Workday is amenable to this approach, along with full mutual withdrawal of the pending discovery letters. Absent agreement, Plaintiffs will serve their response.

Thanks,
Meredith

---

**From:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Sent:** Tuesday, September 29, 2026 7:45 PM
**To:** Meredith Burrell <mburrell@wigginschilds.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - Plaintiffs letter brief re: deposition notices

Hi Meredith,

The communications include our meet and confer call, as well as my follow-up correspondence that explained we would defer to the Court on how to handle the depositions. Workday is not—and has never suggested—it expects the witnesses to appear at the noticed dates while its motion is pending. The invocation of the discovery dispute process itself makes that apparent. Through that lens, a motion for a protective order associated with depositions Workday will only pursue consistent with a Court order is frivolous, as is any motion directed at any alleged violation of Court rules that has no impact on Plaintiffs. To the extent Plaintiffs seek some assurance Workday will meet and confer prior to the issuance of deposition notices in the future, we can agree. But we do not agree that there has been any prejudice to Plaintiffs here. However, we understand Plaintiffs intend to pursue their motion in any case and will respond accordingly.

We also disagree with Plaintiffs' characterization of the meet and confer process. Workday met with Plaintiffs and good faith to explore whether an agreement was possible, including with respect to the number and scope of the depositions. Plaintiffs were clear—and your email below also makes clear—that *any agreement* must be predicated on mutuality. Workday does not agree and based on Plaintiffs' own representations further discussion would be futile. Given the very short time Workday has to complete depositions, Workday declines to engage in Plaintiffs' delay. Workday remains open to discussing a possible agreement on the number of depositions that will move forward, but will not entertain "mutuality" at this time for the reasons previously described. If Plaintiffs have an unconditional offer for Workday to consider on the number of depositions it will agree to, please make it and we can discuss further.

---

**From:** Meredith Burrell <mburrell@wigginschilds.com>
**Sent:** Tuesday, September 29, 2026 9:11 AM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor,

Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - Plaintiffs letter brief re: deposition notices

**[EXTERNAL]**

Hi Kayla,

Thank you for withdrawing the deposition notices. I am not sure what communication you are referring to when you state that "we have already stated we will not proceed with the depositions as noticed pending resolution of Workday's motion with the Court." We requested withdrawal in my email to you last Tuesday and did not receive any confirmation or agreement to that request in your subsequent communications. We did not understand the notices to be withdrawn at the time we served the letter brief. If your position is that our request for a protective order is mooted by the withdrawal of the notices as stated in your email yesterday, we do not understand why the portion of Workday's motion seeking to compel depositions based on those notices is not also mooted. Is Workday now only pursuing the portion of its motion seeking relief from the 10-deposition limit? Does Workday consider the deposition notices a nullity?

Our motion for a protective order seeks relief not only from the notices themselves, if they are still pending in "abeyance," but also from Workday's conduct in pursuing the depositions, which involved violation of multiple applicable rules. Absent a complete denial of Workday's motion to compel, a decision on that motion would not, in and of itself, address all of the concerns raised in Plaintiffs' request for a protective order, which seeks to assure that future notices are issued in accordance with Local Rule 30-1. To the degree that Workday's motion to compel is still pending and is granted, it is appropriate for the Court to consider the issues raised in our request for a protective order in tandem, rather than in response to a future motion that could be necessitated if unilateral deposition notices are issued again. Your email contains no assurance that Workday intends to follow the Local Rule 30-1 following the Court's decision.

The assertion that our motion is for an improper purpose is unfounded. For the reasons described above, we do not intend to withdraw our letter brief at this time. We are, however, are open to continuing the discussion we'd intended to have after last week's meet and confer. Workday's unilateral termination of the meet and confer last week occurred while Plaintiffs were still considering their position regarding the discovery Workday seeks. We are willing to continue that discussion and determine if it is possible for both parties to withdraw their letter briefs, including revisiting the approach to mutuality that we discussed last week. If you are open to such a discussion, please let us know.

Thank you,
Meredith

**From:** Grundy, Kayla Delgado <kgrundy@orrick.com>
**Sent:** Monday, September 28, 2026 11:44 AM
**To:** Meredith Burrell <mburrell@wigginschilds.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** RE: Mobley v. Workday - Plaintiffs letter brief re: deposition notices

Hi Meredith,

We will review and provide our response, but note that we have already stated we will not proceed with the depositions as noticed pending resolution of Workday's motion with the Court. Accordingly, a motion to seek a protective order on deposition notices Workday is not pursuing is frivolous. It is not clear to me whether there is a misunderstanding on this point or if Plaintiffs are in fact seeking a protective order on notices that are already in abeyance pending the Court's order. To the extent there is any confusion on that point, Workday confirms it has withdrawn the deposition notices pending resolution of the parties' dispute. Absent confirmation you are withdrawing the letter, we will respond as Judge Beeler's process requires and reserve all rights in that regard as Plaintiffs' motion seems targeted to serve the improper purpose of harassing Workday and straining resources while Workday prepares its opposition to class certification.

Best,
Kayla

---

**From:** Meredith Burrell <mburrell@wigginschilds.com>
**Sent:** Friday, September 25, 2026 4:16 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Connell, Erin M. <econnell@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>
**Cc:** Aaron M Ray <aray@wigginschilds.com>; Allen, Karen <kallen@wigginschilds.com>; Bethany Neal <bneal@winstoncooks.com>; Bob Wiggins <rwiggins@wigginschilds.com>; Clare F Geller <cgeller@wigginschilds.com>; Fisher, Samuel <sf@wigginschilds.com>; Jen Swedish <jswedish@wigginschilds.com>; Jernigan, Dian <djernigan@wigginschilds.com>; Lee Winston <lwinston@winstoncooks.com>; Lori Kisch <lkisch@wigginschilds.com>; Maddie Epstein <mepstein@wigginschilds.com>; Malik Moore <mmoore@wigginschilds.com>; Meredith Burrell <mburrell@wigginschilds.com>; Roderick Cooks <rcooks@winstoncooks.com>; Smith, Jenny <jsmith@wigginschilds.com>; Wiggins, Ann <awiggins@wigginschilds.com>; Wiggins, Traci <twiggins@wigginschilds.com>
**Subject:** Mobley v. Workday - Plaintiffs letter brief re: deposition notices

**[EXTERNAL]**

Counsel,

Please see the attached letter brief in connection with the deposition notices Workday served on Monday.

Thank you,
Meredith

WIGGINS CHILDS
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

Meredith L. Burrell
Of Counsel
1050 Connecticut Ave. NW
Suite 500
Washington, DC 20036
Direct: (205) 771-5585
mburrell@wigginschilds.com • www.wigginschilds.com

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

# EXHIBIT 4

**From:** Elliott, Alexandria
**To:** Wiggins, Ann; Grundy, Kayla Delgado; Michaelidis, Chloe; Cygnor, Jennifer; Totten, Julie A.; Connell, Erin M.
**Cc:** Workday Plaintiff Attorneys
**Subject:** RE: Plainitffs" Response to Workday's letter motion for relief from the deposition limit and to compel the depositions of 38 declarants.
**Date:** Thursday, October 1, 2026 7:03:39 PM
**Attachments:** image002.png

---

Ann,

Thank you for sending Plaintiffs' opposition. As Kayla mentioned in her email to Meredith yesterday, if Plaintiffs will agree to depositions for half of the declarants (19), for which the deponents will be identified exclusively by Workday, to begin October 13 and conclude by October 22 we will withdraw our motion. Absent such an agreement, we need to proceed with our motion in light of the limited time Workday has to prepare its opposition to class certification.

Thank you,

Ali

**Alexandria Elliott**
Senior Associate

Orrick
Sacramento
T 916/329-7975
aelliott@orrick.com

orrick

---

**From:** Wiggins, Ann <awiggins@wigginschilds.com>
**Sent:** Thursday, October 1, 2026 1:34 PM
**To:** Grundy, Kayla Delgado <kgrundy@orrick.com>; Elliott, Alexandria <aelliott@orrick.com>; Michaelidis, Chloe <cmichaelidis@orrick.com>; Cygnor, Jennifer <jcygnor@orrick.com>; Totten, Julie A. <jatotten@orrick.com>; Connell, Erin M. <econnell@orrick.com>
**Cc:** Workday Plaintiff Attorneys <workdaypltfattys@wigginschilds.com>
**Subject:** Plainitffs' Response to Workday's letter motion for relief from the deposition limit and to compel the depositions of 38 declarants.

**[EXTERNAL]**

Counsel:

Attached are Plaintiffs' response to Workday's letter brief and the supporting declaration and exhibits. Plaintiffs remain hopeful that this dispute can be resolved without the

Court's intervention. We are willing to continue to meet and confer to reach agreement on the number of declarant depositions and on their dates, times, and length. Please let us know whether Workday is willing to do so and, if so, your availability this week or next.

This offer is made without waiver of Plaintiffs' positions set out in the attached response, including that the September 21 notices are void.

Thank you,

Ann K. Wiggins

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.