United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DEREK L. MOBLEY, et al.,<br>Plaintiffs,<br>v.<br>WORKDAY, INC.,<br>Defendant. | Case No. 23-cv-00770-RFL (LB)<br>**DISCOVERY ORDER**<br>Re: ECF Nos. 430, 434 |

## INTRODUCTION

The plaintiffs in this conditionally certified ADEA collective action claim that Workday's applicant-screening tools discriminate against job applicants who are forty and older.[1] On September 14, 2026, they moved for class certification and supported the motion with declarations from thirty-eight opt-in plaintiffs.[2] A week later, without conferring about scheduling, Workday noticed all thirty-eight depositions for the two weeks beginning September 28.[3] Workday now moves for leave to exceed the ten-deposition limit and to compel the depositions: all thirty-eight

[1] Order – ECF No. 128. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 418; Decls. – ECF Nos. 419-10 to 419-47.

[3] Wiggins Decl. – ECF No. 430 at 7–8 (¶¶ 2–3).

or, alternatively, nineteen that it selects, taken between October 13 and 22.[4] The plaintiffs oppose the motion, move for a protective order declaring the notices void, and offer five depositions as a compromise.[5]

The issues are (1) whether Workday may depose the declarants, (2) whether the defects in the notices or Workday's not having first exhausted its ten depositions bars relief, and (3) on what terms the depositions proceed.

Workday may depose fifteen declarants that it selects, for two hours each, remotely, limited to the contents of the declarations, between October 15 and 30, 2026, on dates set by agreement of the parties. A party that offers a witness's sworn statement on a contested motion must expect that the witness will be cross-examined, but thirty-eight depositions in the middle of the briefing schedule are more than the motion needs. The September 21 notices did not comply with Civil Local Rule 30-1 and have no further effect: the depositions proceed under this order, not under the notices. Each motion is granted in part and denied in part.[6]

## STATEMENT

More than 15,000 people have opted into the ADEA collective.[7] The plaintiffs also assert Title VII, ADA, and FEHA claims on behalf of putative Rule 23 classes.[8] The thirty-eight declarants joined the case as opt-in plaintiffs between June 2 and December 1, 2025. Each answered Workday's written discovery (eleven interrogatories and nine document requests) and, after the court ordered compliant responses, served amended responses on April 15, 2026. Workday has not

---

[4] Disc. Letter Br. – ECF No. 430 at 3–4, 21.

[5] *Id.* at 5–6; Disc. Letter Br. – ECF No. 434 at 3–4, 7.

[6] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

[7] Disc. Letter Br. – ECF No. 430 at 6, 21.

[8] *Id.* at 5.

challenged the amended responses.[9] Workday has deposed six or seven fact witnesses and set the depositions of the plaintiffs' three experts for October 7 and 9.[10]

The declarations are, in Workday's words, "structurally similar": each recounts the declarant's job-application history, experience and qualifications, and interactions with Workday's platform.[11] On the evening of September 21, 2026, Workday emailed thirty-eight deposition notices to the plaintiffs' counsel. It had not conferred about scheduling or sought a stipulation or leave to exceed ten depositions.[12] The notices set up to four depositions a day, at 9:00 a.m. and 1:00 p.m. Pacific time, on every business day from September 28 through October 9. Thirty of the declarants live in the Eastern or Central time zone. Two notices attached document requests.[13]

The plaintiffs objected the next day and asked Workday to withdraw the notices.[14] Counsel conferred on September 23. The plaintiffs offered five depositions, Workday asked about twenty, the plaintiffs said that they would confer internally, and the parties agreed to continue by email. By Workday's account, the plaintiffs also said that depositions could not begin before October 19 (though October 16 might be feasible) and asked that any agreement allow each side the same number of depositions. The next afternoon, Workday wrote that it understood that the parties would not agree and served its letter brief.[15] The plaintiffs served their letter brief seeking a protective order on September 25. On September 28, sixteen minutes before the first noticed deposition, Workday wrote that it "has withdrawn the deposition notices pending resolution of the parties' dispute."[16]

---

[9] Wiggins Decl. – ECF No. 430 at 9 (¶ 6); Order – ECF No. 291.

[10] The plaintiffs' papers give both numbers. *Compare* Wiggins Decl. – ECF No. 430 at 10 (¶ 9) (six witnesses, three of them twice), *with* Disc. Letter Br. – ECF No. 434 at 4 (seven depositions). The difference does not affect the outcome.

[11] Disc. Letter Br. – ECF No. 430 at 3.

[12] Wiggins Decl. – ECF No. 430 at 8 (¶ 3); *see* Disc. Letter Br. – ECF No. 434 at 6 n.1 (Workday "promptly corrected itself and met and conferred").

[13] Wiggins Decl. – ECF No. 430 at 7–10 (¶¶ 2, 8); Chart, Ex. 3 to Wiggins Decl. – ECF No. 430 at 17.

[14] Email, Ex. 1 to Wiggins Decl. – ECF No. 430 at 12.

[15] Email, Ex. 2 to Disc. Letter Br. – ECF No. 434 at 13–14.

[16] Wiggins Decl. – ECF No. 430 at 10 (¶ 10); Email, Ex. 4 to Wiggins Decl. – ECF No. 430 at 20.

United States District Court
Northern District of California

The parties' positions have since narrowed. The plaintiffs no longer insist on reciprocity. They offer five depositions, each limited to two hours and to the contents of the declaration, taken remotely during the declarant's local business hours, on dates set by agreement beginning October 16 and running through at least November 3, with more depositions only on a further showing.[17] Workday accepts the two-hour limit and the limit on scope, will schedule the depositions by agreement, remotely and during local business hours, will withdraw the document requests, and will confer before noticing depositions in the future.[18] It asks for all thirty-eight depositions or, alternatively, nineteen that it alone selects, taken between October 13 and 22.[19] Workday's opposition to class certification is due November 10, 2026.[20]

## ANALYSIS

### 1. Workday May Depose a Sample of the Declarants

The first issue is whether Workday may depose the declarants at all.

A party may obtain discovery of nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party needs leave to take a deposition that would result in more than ten depositions, and the court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). The court must limit discovery that is unreasonably cumulative or duplicative, that can be obtained from a more convenient or less burdensome source, or that the requesting party has had ample opportunity to obtain. Fed. R. Civ. P. 26(b)(2)(C). Absent class members, by contrast with parties, ordinarily are not subject to discovery: they may "sit back and allow the litigation to run its course." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985); *Deluca v. Farmers Ins. Exch.*, No. 17-cv-00034-EDL, 2018 WL 11436065, at *1–2 (N.D. Cal. Dec. 21, 2018).

---

[17] Email, Ex. A to Disc. Letter Br. – ECF No. 434 at 22; Disc. Letter Br. – ECF No. 430 at 6; Disc. Letter Br. – ECF No. 434 at 7.

[18] Disc. Letter Br. – ECF No. 430 at 4, 21; Email, Ex. 4 to Wiggins Decl. – ECF No. 430 at 18.

[19] Disc. Letter Br. – ECF No. 430 at 21.

[20] Order – ECF No. 395.

The absent-class-member rule does not shield the declarants, for two reasons. First, they are not absent. Each affirmatively joined the case as an opt-in plaintiff on the ADEA claim, has the status of a party on that claim, and has answered individual written discovery. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018). The plaintiffs point out that the court's earlier orders addressed only written discovery from the opt-ins, but they do not contend that those orders barred depositions of opt-ins who later testify.[21] Second, as to the Rule 23 claims, a putative class member who gives sworn testimony in support of certification has not sat back. Courts in this circuit regularly allow depositions of such declarants. *See, e.g.*, *Barnes v. Equinox Grp.*, No. C 10-03586 LB, 2012 WL 13060044, at *2 (N.D. Cal. June 14, 2012); *Vega v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-ADA-SAB, 2023 WL 2617044, at *5–6 (E.D. Cal. Mar. 23, 2023); *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2019 WL 4670871, at *4 (E.D. Cal. Sep. 25, 2019). The plaintiffs agree "in principle regarding the right to cross-examine declarants."[22] Their concern that a deposition penalizes class members for supplying the evidence that Rule 23 requires is answered by the limits that both sides accept: two hours, by video, on what the declarant said. That is an ordinary incident of testifying, and nothing suggests that Workday is trying to shrink a class.

The Rule 26 limits do not bar the depositions either, though they bear on how many are warranted. The testimony is relevant: the plaintiffs put it before the district judge. Written discovery is not a substitute, because interrogatory answers prepared with counsel do not test a declaration the way that questioning does. And Workday could not have known before September 14 which of more than 15,000 opt-ins would be declarants. But the plaintiffs are right that Workday does not need all thirty-eight. The declarations were offered to show a common experience, and Workday itself describes them as structurally similar. Whether that similarity holds up under questioning can be tested with a fair sample. The burden of more is real: counsel must prepare lay witnesses in four time zones while making rolling productions for the collective

---

[21] Disc. Letter Br. – ECF No. 430 at 5 (citing ECF Nos. 291, 296, 368).

[22] Email, Ex. A to Disc. Letter Br. – ECF No. 434 at 22.

every two weeks and responding to discovery served on a 425-person sample of opt-ins.[23] *See Vasquez*, 2019 WL 4670871, at *4 (allowing depositions of some, not all, of thirty-three declarants).

Workday may depose a sample of the declarants.

**2. Neither the Notices nor the Ten-Deposition Practice Bars Relief**

**2.1 The September 21 Notices**

The plaintiffs contend that there is nothing to compel because the notices are either withdrawn or void.

Before noticing the deposition of a party or a witness affiliated with a party, the noticing party must confer with opposing counsel about scheduling. Civil L.R. 30-1. A deposition notice must give reasonable written notice. Fed. R. Civ. P. 30(b)(1). A party served with a notice is not excused from appearing unless it has a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2).

Workday did not confer before it served the notices, and it does not contend otherwise. Thirty-eight depositions, four a day, starting four business days after service, was also not a reasonable schedule. But the remedy for a scheduling violation is a proper schedule, not the loss of relevant discovery. No deposition went forward, Workday has confirmed that none will proceed as noticed, and the parties have since conferred at length.[24] *See First Resort, Inc. v. Herrera*, No. CV 11–5534 SBA (KAW), 2014 WL 589054, at *6 (N.D. Cal. Feb. 14, 2014) (later conferral mooted a Local Rule 30-1 objection). The withdrawn-or-void dilemma is academic. Rule 30(a)(2)(A)(i) authorizes the request for leave that Workday makes, and the depositions will proceed under this order on dates set by conferral. To remove any doubt, the September 21 notices and their document requests have no further effect.

---

[23] Wiggins Decl. – ECF No. 430 at 9 (¶¶ 7–8); Order – ECF No. 415.

[24] Disc. Letter Br. – ECF No. 430 at 21; Emails, Ex. A to Disc. Letter Br. – ECF No. 434 at 21–25.

United States District Court
Northern District of California

Two related points remain. First, the plaintiffs' motion was not frivolous. When they served it, depositions were noticed for the next business day and Workday had not withdrawn the notices, so Rule 37(d)(2) put the burden on the plaintiffs to seek protection. Workday's request that the court admonish them is denied.[25] Second, Workday has agreed to confer before noticing depositions in the future, and this order requires it.

**2.2 The Ten-Deposition Practice**

The plaintiffs next contend that Workday must take its ten depositions before asking for more, as Workday itself insisted when the plaintiffs sought additional depositions.[26]

A party seeking more than ten depositions must make a particularized showing of need, and courts generally do not grant leave until the party has used the ten that it has. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). The practice exists so that the party can show what the first ten depositions did not yield. It is not in the text of Rule 30.

The practice's purpose is served here. Workday has taken six or seven depositions and will take three more, of the plaintiffs' experts, by October 9. It will be at or near ten before the first declarant is deposed. Its showing is particular: it wants to cross-examine identified witnesses about identified declarations filed in support of a motion that it must oppose by a fixed date. Taking five depositions and then returning for leave to take more, as the plaintiffs propose, does not fit that schedule. The plaintiffs' point about consistency is fair, and it cuts both ways: the same approach will apply if the plaintiffs seek to depose declarants whom Workday offers in opposition, as Workday has acknowledged.[27]

---

[25] Disc. Letter Br. – ECF No. 434 at 5.

[26] Disc. Letter Br. – ECF No. 430 at 6 (citing ECF Nos. 278, 374-5); Email, Ex. 3 to Disc. Letter Br. – ECF No. 434 at 16.

[27] Email, Ex. A to Disc. Letter Br. – ECF No. 434 at 22.

United States District Court
Northern District of California

**3. The Terms of the Depositions**

The remaining issue is the terms. The governing standard is the proportionality inquiry under Rule 26(b)(1) and (b)(2)(C) described above, and the court may for good cause specify the terms of discovery to protect a party or person from undue burden. Fed. R. Civ. P. 26(c)(1)(B).

**3.1 Number**

Workday may depose fifteen declarants. Five (the plaintiffs' number) is too small a share of thirty-eight to test whether the declarants' accounts are in fact common, particularly when the briefing schedule gives Workday no practical chance to return for more. Nineteen (Workday's alternative) is more than the plaintiffs' counsel can reasonably prepare and defend in the time available alongside their other obligations in the case. Fifteen is about forty percent of the declarants and thirty hours of testimony, and it is within the range that courts have allowed for declarants on a certification motion. *See Barnes*, 2012 WL 13060044, at *2 (nine declarants); *Vega*, 2023 WL 2617044, at *5–6 (seventeen).

**3.2 Selection**

Workday selects the fifteen. The point of the depositions is cross-examination, and a sample chosen by, or negotiated with, the party that offered the testimony would test little. To address the plaintiffs' concern about availability, Workday must identify its fifteen declarants and three alternates, in order of preference, by noon on October 9, 2026. By 5:00 p.m. on October 13, 2026, the plaintiffs must give Workday the dates and times that each selected declarant is available. If a selected declarant is unavailable for the entire period, the plaintiffs must say so and why, and the next alternate takes that declarant's place.

**3.3 Timing**

The depositions will take place between October 15 and 30, 2026. Workday's proposed window (October 13 to 22) opens on the third court day after this order and would require two depositions on nearly every day. The plaintiffs' proposal (October 16 through at least November 3) leaves Workday a week before its opposition is due. A window that closes on October 30 gives the plaintiffs twelve business days to present fifteen witnesses and gives Workday eleven days to

use the transcripts. No more than two depositions may be set on a day, and not at the same time, unless the parties agree otherwise.

**3.4 Remaining Terms**

The parties agree on the rest, and the court adopts their agreement. Each deposition is limited to two hours on the record and to the contents of the declaration, and will be taken remotely during the declarant's local business hours unless the declarant prefers another time. There will be no document requests. Because the questioning is limited to what each declarant said, the plaintiffs' concern that the declarants cannot see Workday's customer list (designated Attorneys' Eyes Only) is not a reason to limit the depositions further.[28]

The plaintiffs ask that each declarant deposition count toward Workday's ten. The simpler course is to set the total. Workday may take the fifteen declarant depositions in addition to the fact depositions that it has taken and the three expert depositions. It may take any other deposition, including of another declarant, only by stipulation or with leave on a particularized showing of why the depositions allowed were not enough.

## CONCLUSION

The court grants in part and denies in part Workday's motion for relief from the deposition limit and to compel (ECF No. 430) and the plaintiffs' motion for a protective order (ECF No. 434), as follows.

1. Under Rule 30(a)(2)(A)(i), Workday has leave to depose fifteen of the thirty-eight declarants, in addition to the fact depositions that it has taken and the depositions of the plaintiffs' three experts. Its request to depose all thirty-eight, or nineteen, is denied.

2. Workday selects the deponents. By noon on October 9, 2026, it must identify fifteen declarants and three alternates in order of preference. By 5:00 p.m. on October 13, 2026, the plaintiffs must give Workday the dates and times that each selected declarant is available. If a

[28] *Id.* at 6.

United States District Court
Northern District of California

selected declarant is unavailable for the entire period in paragraph 3, the plaintiffs must say so and why, and the next alternate takes that declarant's place.

3. The depositions will take place between October 15 and 30, 2026, on dates set by agreement. No more than two may be set on a day, and not at the same time, unless the parties agree otherwise.

4. Each deposition is limited to two hours on the record and to the contents of the declarant's declaration, and will be taken remotely during the declarant's local business hours unless the declarant prefers another time. There will be no document requests.

5. The September 21, 2026 notices and their document requests have no further effect. Workday's request to compel compliance with them, and the plaintiffs' request to quash them, are denied as moot.

6. Workday must confer under Civil Local Rule 30-1 before noticing the deposition of any opt-in plaintiff or putative class member. It may take further depositions only by stipulation or with leave on a particularized showing.

7. Workday's request that the court admonish the plaintiffs is denied.

This resolves ECF Nos. 430 and 434.

**IT IS SO ORDERED.**

Dated: October 6, 2026



LAUREL BEELER
United States Magistrate Judge