United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DEREK L. MOBLEY, et al.,

Plaintiffs,

v.

WORKDAY, INC.,

Defendant.

Case No. 23-cv-00770-RFL (LB)

**DISCOVERY ORDER**

Re: ECF No. 442

## INTRODUCTION

Workday, Inc. moves for a protective order deferring two categories of discovery until November 10, 2026, when its opposition to the plaintiffs' motion for class certification and its motion to decertify the ADEA collective are due: (1) its response to the plaintiffs' October 9, 2026 letter identifying six categories of allegedly deficient document production, and (2) the deposition of David Dahan, a Workday data scientist who lives in Israel.[1] Workday contends that responding now, during the fifty-seven days it has to oppose certification, is an undue burden and that a short delay will not prejudice the plaintiffs. The plaintiffs respond that (1) the discovery is overdue on requests served months ago, (2) they raised five of the six categories before they moved for class

[1] Disc. Letter Br. – ECF No. 442 at 3–4, 8. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

United States District Court
Northern District of California

certification, (3) they need the discovery for their own certification briefing, and (3) they have already agreed to take Mr. Dahan's deposition after November 10.[2]

The court denies the motion. A party seeking a protective order must show specific prejudice or harm. Workday's showing is that it is busy: it must oppose certification and move to decertify by November 10 while taking depositions and preparing expert reports. But the discovery at issue is its production for requests served in June 2026 and earlier, including contracts that Workday said in August it would produce, and a meet-and-confer response that the court's standing order requires. The plaintiffs have similar briefing burdens, and the court has held them to their discovery obligations. The request to defer Mr. Dahan's deposition is moot because the plaintiffs have agreed not to take it before November 10.

## STATEMENT

The district judge set the class-certification schedule in July 2026: (1) the plaintiffs' motion by September 14; (2) Workday's opposition and its motion to decertify by November 10; (3) the plaintiffs' reply by December 8 and their opposition to decertification by January 6, 2027; and (4) a hearing on March 9, 2027.[3] The plaintiffs filed their motion on September 14 with declarations from thirty-eight opt-in plaintiffs.[4] Discovery in the case is not bifurcated between certification and the merits. Workday told the plaintiffs on August 27 that it "does not limit itself in any respect as to what motions it may bring or at what time."[5] During this time period, the court ordered the plaintiffs to produce written discovery from the more than 15,000 opt-in plaintiffs every two weeks through November 30, and to present fifteen of the declarants for deposition between October 15 and 30.[6]

The plaintiffs served the Hughes and Rowe interrogatories and their Third Set of requests for

---

[2] Disc. Letter Br. – ECF No. 442 at 5–6.

[3] Order – ECF No. 395.

[4] Mot. – ECF No. 418; Decls. – ECF Nos. 419-10 to 419-47.

[5] Wiggins Decl. – ECF No. 443-1 at 6 (¶ 9).

[6] Orders – ECF No. 415, 435.

production on June 12, 2026. Request No. 14 seeks the full contract documents, including service-specific addenda, for every customer on the Customer List that Workday produced under an earlier order. Workday served objections on July 13. On August 4, it served further responses stating that, after giving its customers contractual notice, it "will produce" the master subscription agreements and order forms for the customers on the Customer List.[7] It then produced its principal contract volumes between August 21 and September 18. About two-thirds of the pages Workday has produced in the case were produced after July 31, 2026, and the August 21 volume was the first to include a HiredScore Addendum, the contract document that governs customers' use of the HiredScore features at issue.[8] The plaintiffs wrote about the contract production and the Addendum on August 21, 28, and 31. Workday answered on September 2 and 7 that its productions were complete and that it would not supplement them.[9]

On October 9, the plaintiffs sent Workday an eight-page letter identifying six categories of allegedly unproduced documents and information: (1) customer contracts; (2) HiredScore Addenda and related documents; (3) records that Workday described in its answers to the Hughes interrogatories, verified on August 24; (4) data held in HiredScore instances, including preservation of that data; (5) records of Workday's hiring process, requested by the opt-in plaintiffs in December 2025; and (6) the February 2024 audit. They asked for a written response by October 16 and complete production by October 23.[10] The plaintiffs had raised five of the six categories with Workday before September 14. The sixth (category three) concerns records that Workday first described in the August 24 answers.[11] Workday does not dispute that chronology. It says that the parties conferred about the HiredScore issues in the August 31 and September 7 letters and that the plaintiffs then "sat on" its response for a month.[12]

---

[7] Wiggins Decl. – ECF No. 443-1 at 2–3 (¶¶ 3, 6).

[8] *Id.* at 4–5 (¶ 7).

[9] *Id.* at 6–8 (¶¶ 9–13).

[10] Disc. Letter Br. – ECF No. 442 at 3; Wiggins Decl. – ECF No. 443-1 at 8–9 (¶ 15).

[11] Wiggins Decl. – ECF No. 443-1 at 8–9 (¶ 15).

[12] Disc. Letter Br. – ECF No. 442 at 8.

United States District Court
Northern District of California

On October 2, the plaintiffs asked Workday for dates between October 22 and 30 to depose Mr. Dahan, who verified Workday's interrogatory answers in April, is identified in Workday's Rule 26 disclosures, and filed a declaration in this case in September. On October 9, Workday responded that Mr. Dahan lives in Israel and that any deposition must proceed under the Hague Convention.[13]

The parties conferred by video on October 16. Workday asked the plaintiffs to defer all discovery unrelated to the certification motion until after November 10. As to the October 9 letter, Workday's counsel at first declined to discuss it and then took "discrete questions." She said that Workday had produced a significant number of contracts but that she could not represent that the production was complete or say when it would be.[14] The plaintiffs offered to take Mr. Dahan's deposition after November 10 and asked for the earliest available date. Workday gave none, and on October 23 it wrote that it would "further discuss whether a deposition of Mr. Dahan is necessary or appropriate (or practical) once Workday's briefing is complete."[15] Workday served its letter brief the afternoon of the October 16 call.[16]

In its reply, Workday narrows its request to the two categories described above. It no longer relies on the plaintiffs' expert depositions, which are complete, or on the source-code review, which the parties are negotiating. It also states that its document production is "substantially complete."[17] Nine attorneys have appeared for Workday, five of them on October 19.[18]

Workday filed the letter brief without the plaintiffs' supporting declaration and exhibits. The plaintiffs filed the declaration and the non-confidential exhibits the next day and moved to seal six exhibits that Workday designated confidential.[19]

---

[13] Wiggins Decl. – ECF No. 443-1 at 9, 11–12 (¶¶ 16, 19).

[14] *Id.* at 9–10 (¶ 16); Meet-and-Confer Summary, Ex. B – ECF No. 443-3 at 4.

[15] Wiggins Decl. – ECF No. 443-1 at 9–10 (¶ 16).

[16] *Id.* at 10 (¶ 16); Disc. Letter Br. – ECF No. 442 at 5.

[17] Disc. Letter Br. – ECF No. 442 at 6, 8.

[18] Wiggins Decl. – ECF No. 443-1 at 12 (¶ 20); Notices – ECF Nos. 437–441.

[19] Disc. Letter Br. – ECF No. 442 at 1, 7; Notice – ECF No. 443; Admin. Mot. – ECF No. 444. The court considered the declaration and the exhibits filed at ECF No. 443. It did not need the sealed exhibits to decide the motion and will address the sealing motion separately when it is briefed.

United States District Court
Northern District of California

## ANALYSIS

The court may, for good cause, issue an order to protect a party from undue burden or expense, including by forbidding discovery or by specifying its terms, "including time." Fed. R. Civ. P. 26(c)(1)(A)–(B). The party seeking protection must show that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The court must limit discovery if the burden outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). The question is whether Workday has shown that responding to the October 9 letter before November 10 is an undue burden.

### 1. Workday Has Not Shown Good Cause to Defer Its Response to the October 9 Letter

Workday has not made that showing, for three reasons.

First, the burden is modest and is Workday's regardless of the briefing schedule. The October 9 letter is a meet-and-confer letter about requests served in June 2026 and December 2025. The court's standing order requires the parties to confer before they bring a dispute to the court, and answering the letter is that conferral. Workday answered the plaintiffs' August 31 letter about the HiredScore Addendum in four pages on September 7, and it can answer the October 9 letter the same way. To the extent the letter asks for customer data that the court has held Workday does not possess, Workday can say so in a sentence, as it did in September.[20] Part of what the letter seeks, moreover, is production that Workday promised on August 4 and that its counsel said on October 16 was not complete. A party's obligation to finish a production it has promised does not pause while the party briefs a motion.

Second, the burden Workday identifies is the briefing window, and that burden falls on both sides. The plaintiffs are producing opt-in discovery every two weeks through November 30 and presented fifteen declarants for deposition in the second half of October, all while preparing to answer Workday's opposition and decertification motion. The court imposed those obligations with the briefing schedule in mind. Workday itself told the plaintiffs in August that discovery is

[20] *See* Orders – ECF Nos. 340, 394.

not bifurcated and that it would not limit the motions it brings or when it brings them. It also has nine lawyers of record. The work of answering a letter and completing a promised production during the same window is not an undue burden.

Third, the timing is not the plaintiffs' doing. Workday's argument that the plaintiffs had three years to take this discovery and waited until after filing their motion describes the age of the case, not the age of the requests. The plaintiffs served the Third Set on June 12, 2026, and raised five of the six categories in letters between August 21 and 31, before the September 14 motion. The sixth (category three) concerns records that Workday first disclosed in interrogatory answers verified August 24. Workday produced two-thirds of its pages after July 31, including the first HiredScore Addendum on August 21 and contracts through September 18. The October 9 letter followed the production, not the motion.

Workday's authorities do not change the result. *Committee for Immigrant Rights* and *In re Hayes* stayed discovery pending motions that could have ended the case: a motion to dismiss raising immunity and jurisdiction, and a summary-judgment motion. *Comm. for Immigrant Rts. v. County of Sonoma*, No. CV 08-4220 PJH, 2009 WL 10692620, at *2–3 (N.D. Cal. Apr. 20, 2009); *In re Hayes*, No. C10-5116BHS, 2010 WL 11685131, at *4 (W.D. Wash. Aug. 25, 2010), *aff'd*, 465 F. App'x 684 (9th Cir. 2012). A stay in that setting can avoid discovery that may never be needed. Class certification is not dispositive: whatever the district judge decides, the case and its discovery continue. *Ellis* holds that a party moving for class certification must present its evidence in the opening motion, not on reply. *Ellis v. J.P. Morgan Chase & Co.*, No. 12-cv-03897-YGR, 2015 WL 9178076, at *5 (N.D. Cal. Dec. 17, 2015). Whether the plaintiffs may use any of this discovery on reply is for the district judge. Their opposition to decertification is not due until January 6, and nothing in *Ellis* limits what they may use for that.

Also, pragmatically, denying the stay compels nothing. It leaves the parties where the rules and the court's standing order put them. And under the court's letter-brief process, an opposition is due five business days after the opening brief and a reply three business days after that, so no

dispute about the October 9 letter could be briefed, much less decided, before November 10.[21] What Workday would give up by the denial is the time to answer a letter and, at most, to write a two-page opposition. That is not the specific prejudice that Rule 26(c) requires.

**2. The Request to Defer the Dahan Deposition Is Moot**

Workday asked the court to defer Mr. Dahan's deposition until it files its briefs on November 10. On October 16, the plaintiffs agreed not to take the deposition before then. The plaintiffs' concession gives Workday the relief it sought, and the request is moot.

The parties disagree about more than timing: Workday says that Mr. Dahan can be deposed only under the Hague Convention and has not committed to produce him after November 10, and the plaintiffs say that he is a managing agent whom Workday must produce. Neither side has asked the court to decide that dispute, and the court does not decide it. If it ripens after the parties confer, it can be raised through the standing order's letter-brief process.

**CONCLUSION**

The court denies Workday's motion for a protective order (ECF No. 442). The request to defer Mr. Dahan's deposition is denied as moot.

This resolves ECF No. 442.

**IT IS SO ORDERED.**

Dated: October 31, 2026

LAUREL BEELER
United States Magistrate Judge

[21] Order – ECF No. 335.