Lee D. Winston, *Admitted Pro Hac Vice*
lwinston@winstoncooks.com
Roderick T. Cooks, *Admitted Pro Hac Vice*
rcooks@winstoncooks.com
Bethany Mae Logan, *Admitted Pro Hac Vice*
bneal@winstoncooks.com
WINSTON COOKS, LLC
420 20th Street North, Suite 2200
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

**Local Counsel:**
Jay Greene, JD, CPA
GREENE ESTATE, PROBATE, AND ELDER LAW FIRM
447 Sutter Street, Suite 435
San Francisco, CA 94108

Robert L. Wiggins, Jr., *Admitted Pro Hac Vice*
rwiggins@wigginschilds.com
Ann K. Wiggins, *Admitted Pro Hac Vice*
awiggins@wigginschilds.com
Samuel Fisher, Jr, *Admitted Pro Hac Vice*
sf@wigginschilds.com
Jennifer Wiggins-Smith, *Admitted Pro Hac Vice*
jsmith@wigginschilds.com
Nicki Leili Lawsen, *Admitted Pro Hac Vice*
nlawsen@wigginschilds.com
Freddrick M. Moore, *Admitted Pro Hac Vice*
mmoore@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 North 19th Street
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Lori Kisch, *Admitted Pro Hac Vice*
lkisch@wigginschilds.com
Meredith Burrell, *Admitted Pro Hac Vice*
mburrell@wigginschilds.com
Jennifer M. Swedish, *Admitted Pro Hac Vice*
jswedish@wigginschilds.com
Clare F. Geller, *Admitted Pro Hac Vice*
cgeller@wigginschilds.com
WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

*Attorneys for the Plaintiffs and Proposed Class and Collective Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**DEREK L. MOBLEY; FAITHLINH ROWE; JILL E. HUGHES; AND SHEILAH JOHNSON-ROCHA,** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**WORKDAY, INC.**

Defendant.

**Case No. 3:23-cv-00770-RFL**

**LOCAL RULE 79-5(f)(3) DECLARATION OF JENNIFER M. SWEDISH**

Courtroom: 4, 17th Floor

Judge: Hon. Rita F. Lin

I, Jennifer M. Swedish, declare and states as follows:

1. I am an attorney at Wiggins, Childs, Pantazis, Fisher, & Goldfarb, and I am one of the attorneys of record for Plaintiffs in this matter. I am licensed in the District of Columbia and the States of New York and Virginia, and I am duly admitted to practice before this Court *pro hac vice* in the above captioned action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of Defendant Workday, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal.

3. Plaintiffs seek an order sealing the materials as listed below:

| Document | Portions Plaintiffs Seek to be Filed Under Seal | Designating Party |
|---|---|---|
| Grundy Decl., Ex. 8: Excerpts of Deposition of Stephen Duclos (10/19/2026) (ECF Nos. 451-8; 494-1) | Plaintiffs seek to seal a portion of ECF No. 451-8, which is narrowly tailored to redact only the declarant's sensitive personal health information.<br><br>Attached to this Declaration as **Exhibit A**, Plaintiffs provide a version of ECF No. 451-8 that redacts this information. | Plaintiffs |
| Grundy Decl., Ex. 10: Excerpts of Deposition of Dedrick Boyd (10/20/2026) (ECF Nos. 451-10; 494-2) | Plaintiffs seek to seal a portion of ECF No. 451-8, which is narrowly tailored to redact only the declarant's sensitive personal health information.<br><br>Attached to this Declaration as **Exhibit B** Plaintiffs provide a version of ECF No. 451-8 that redacts this information. | Plaintiffs |

| | | |
|---|---|---|
| Grundy Decl., Ex. 14: Excerpts of Deposition of Tracie Bouye (10/24/2026) (ECF Nos. 451-14; 494-4) | Plaintiffs seek to seal a portion of ECF No. 451-14, which is narrowly tailored to redact only the declarant's current employment information.<br><br>Attached to this Declaration as **Exhibit C** Plaintiffs provide a version of ECF No. 451-14 that redacts this information. | Plaintiffs |
| Grundy Decl., Ex. 19 Excerpts of Deposition of Remicha Nelson (10/29/2026) (ECF Nos. 451-19; 494-6) | Plaintiffs seek to seal a portion of ECF No. 451-19, which is narrowly tailored to redact only the employer to whom declarant unsuccessfully applied.<br><br>Attached to this Declaration as **Exhibit D** Plaintiffs provide a version of ECF No. 451-19 that redacts this information. | Plaintiffs |
| Grundy Decl., Ex. 22: Excerpts of Deposition of Scott Nestler (10/30/2026) (ECF Nos. 451-22; 494-7) | Plaintiffs seek to seal a portion of ECF No. 451-22, which is narrowly tailored to redact only the declarant's home address, current employment information, and sensitive personal health information.<br><br>Attached to this Declaration as **Exhibit E**, Plaintiffs provide a version of ECF No. 451-22 that redacts this information. | Plaintiffs |
| Grundy Decl., Appendix F: Table containing deposition excerpts | Plaintiffs seek to seal a portion of ECF No. 451, Appendix F, which is narrowly tailored to redact | Plaintiffs |

| | | |
|---|---|---|
| (ECF Nos. 451, Appendix F; 494-8) | only the declarants' current employment information.<br><br>Attached to this Declaration as **Exhibit F**, Plaintiffs provide a version of ECF No. 451, Appendix F, that redacts this information. | |
| Grundy Decl., Appendix G: Table containing deposition excerpts<br>(ECF Nos. 451, Appendix G; 494-8) | Plaintiffs seek to seal a portion of ECF No. 451, Appendix G, which is narrowly tailored to redact only the declarants' sensitive personal health information, and current employment information.<br><br>Attached to this Declaration as **Exhibit F**, Plaintiffs provide a version of ECF No. 451, Appendix G, that redacts this information. | Plaintiffs |

4. In the Ninth Circuit, a party seeking to seal a judicial record must either meet the good cause standard applicable to non-dispositive motions or the more stringent compelling reasons standard applicable to dispositive motions, which the court describes as a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The issue before this Court is whether to seal materials Plaintiffs marked confidential that Workday attached to its Opposition to Plaintiff's Motion for Class Certification, ECF No. 449, and its Motion for Decertification of the ADEA Collective, ECF No. 450. The good cause standard governs Workday's decertification motion. See *Heath v. Google LLC*, No. 15-CV-01824-BLF, 2018 U.S. Dist. LEXIS 105128, 2018 WL 11465387, at *5 (N.D. Cal. June 22, 2018) (collecting cases holding that "motions to decertify collective actions are non-dispositive motions to which the 'good cause' standard applies"). "The

Ninth Circuit has not yet addressed whether . . . a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and courts in this district have reached different conclusions." *Herskowitz v. Apple, Inc.*, Nos. 12-CV-02131-LHK, 12-CV-03124-LHK, 2014 U.S. Dist. LEXIS 109437, 2014 WL 3920036, at *6 (N.D. Cal. Aug. 7, 2014) (internal quotation marks and citation omitted). The District Court for the Northern District of California found that "the vast majority of other courts within this circuit have applied the good cause standard to class certification motions," but it acknowledged "there may be circumstances in which a motion for class certification is case dispositive." *Id.* (internal quotation marks and citation omitted). The Court should apply the good cause standard to Plaintiffs' designations because class certification is not dispositive of Plaintiffs' claims and because the information Plaintiffs seek to seal is not germane to the issues the Court must consider in deciding whether to certify Plaintiffs' claims for class treatment. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 764 (N.D. Cal. 2025) (applying the good cause standard "[w]here the material is 'unrelated to the merits of the case'").

5. During the October 19, 2026, deposition of Stephen Duclos, Lori Kisch, Counsel for Plaintiffs, designated the entire transcript as confidential subject to more specific designations consistent with the terms of the governing Protective Order. Plaintiffs submitted their confidentiality designations on November 9, 2026.

6. During the October 20, 2026, deposition of Dedrick Boyd, Lee Winston, Counsel for Plaintiffs, designated the entire transcript as confidential subject to more specific designations consistent with the terms of the governing Protective Order. Plaintiffs submitted their confidentiality designations on November 13, 2026.

7. During the October 24, 2026, deposition of Tracie Bouye, Lee Winston, Counsel for Plaintiffs, designated the entire transcript as confidential subject to more specific designations consistent with the terms of the governing Protective Order. Plaintiffs submitted their confidentiality designations on November 13, 2026.

8. During the October 29, 2026, deposition of Remicha Nelson, Clare Geller, Counsel for Plaintiffs, designated the entire transcript as confidential subject to more specific designations consistent with the terms of the governing Protective Order. Plaintiffs timely submitted their confidentiality designations on November 9, 2026.

9. During the October 30, 2026, deposition of Scott Nestler, Clare Geller, Counsel for Plaintiffs, designated the entire transcript as confidential subject to more specific designations consistent with the terms of the governing Protective Order. Plaintiffs timely submitted their confidentiality designations on November 9, 2026.

10. Protecting sensitive personal health information, such as the medical and health information Plaintiffs seek to redact in several exhibits, meets at least the good cause standard; in fact, courts often consider it to be a compelling reason for sealing records. *See Evans v. Presidio Trust*, Case No. 19-cv-08025-HSG, 2020 U.S. Dist. LEXIS 185309 (N.D. Cal. Oct. 6, 2020) ("Plaintiff has provided a compelling reason for sealing the selected portions of ¶2 because it contains personal information about Plaintiff's health history.") (citing *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966, 2015 U.S. Dist. LEXIS 12228, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015) ("Plaintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal")). Plaintiffs seek the least restrictive means, redacting just the testimony at issue, to protect the declarants' privacy. *See* Ex. A (Grundy Decl., Ex. 8: Excerpts of Deposition of Stephen Duclos (10/19/2026) (ECF Nos. 451-8; 494-1)); Ex. B (Grundy Decl., Ex. 10: Excerpts of Deposition of Dedrick Boyd (10/20/2026) (ECF Nos. 451-10; 494-2)); Ex. E (Grundy Decl., Ex. 22: Excerpts of Deposition of Scott Nestler (10/30/2026) (ECF Nos. 451-22; 494-7)), and Ex. F (Grundy Decl., Appendix G: Table containing deposition excerpts: Excerpts of deposition of Dedrick Boyd (10/30/2026) (ECF Nos. 451, Appendix G; 494-8)).

11. Redacting a declarant's home address, as Plaintiffs propose in Exhibit E (Grundy Decl., Ex. 22: Excerpts of Deposition of Scott Nestler (10/30/2026) (ECF Nos. 451-22; 494-7)),

satisfies even the more stringent compelling reasons standard, because disclosure would invade a substantial privacy interest that outweighs the strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (upholding, under the compelling interest standard, "redactions related to the home addresses . . . of law enforcement officers and [Plaintiff]"). Plaintiffs seek the least restrictive means, redacting just the home address stated, to protect the declarant's privacy.

12. Protecting from disclosure declarants' testimony regarding current employment information, including the identities of their current employers and their efforts to obtain alternative employment, as Plaintiffs seek in several exhibits, amounts to at least good cause, if not also the more stringent compelling reasons standard. Under Federal Rule of Civil Procedure 26(c), a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery."). The unnecessary publication of declarants' current employers and testimony regarding any efforts to seek alternative employment could lead the declarants to experience retaliation from their current employers. Plaintiffs acknowledge that such concern is necessarily potential and that Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an employee or applicant because that person opposed a practice made unlawful by Title VII or filed a charge, testified, assisted, or participated in a Title VII investigation, proceeding or hearing. *See* 42 U.S.C. § 2000e-3. Nevertheless, because such testimony could lead these court files to "'become a vehicle for improper purposes,' such as the use of records to gratify private spite," Plaintiffs contend it should be redacted under at least the good cause standard, if not the more stringent compelling interest standard. *Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets”). Plaintiffs seek the least restrictive means, redacting just the employers’ names and the testimony at issue, to protect the declarants from retaliation. *See* Ex. C (Grundy Decl., Ex. 14: Excerpts of Deposition of Tracie Bouye (10/24/2026) (ECF Nos. 451-14; 494-4)); Ex. E (Grundy Decl., Ex. 22: Excerpts of Deposition of Scott Nestler (10/30/2026) (ECF Nos. 451-22; 494-7)); Ex. F (Grundy Decl., Appendix F: Table containing deposition excerpts, excerpts of depositions of Tracie Bouye & Scott Nestler (ECF Nos. 451, Appendix F; 494-8)); Ex. F (Grundy Decl., Appendix G: Table containing deposition excerpts: Excerpts of depositions of Tracie Bouye (10/24/2026) (ECF Nos. 451, Appendix G; 494-8)).

13. Finally, the good cause standard is also satisfied by redacting the name of an employer to whom a declarant unsuccessfully applied, when such employer’s name was not affirmatively raised in the declaration. The employer’s name is private to the declarant applicant, and such information need not be publicized to consider the parties’ motions. Under Federal Rule of Civil Procedure 26(c), a district court may issue “any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.” *See also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (“A ‘good cause’ showing will suffice to seal documents produced in discovery.”). Plaintiffs seek the least restrictive means, redacting just the employer’s name, to protect the declarant’s privacy and prevent embarrassment. *See* Ex. D (Grundy Decl., Ex. 19 Excerpts of Deposition of Remicha Nelson (10/29/2026) (ECF Nos. 451-19; 494-6)).

14. Given the confidential nature of the material contained in the table above and the harm disclosure would cause to the declarants as described in Plaintiffs’ narrowly tailored sealing requests, legitimate public and private interests warrant sealing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2026, in Washington, DC.

*/s/ Jennifer M. Swedish*
Jennifer M. Swedish